# EXHIBIT A

1 SUMMER J. WYNN (240005)(swynn@cooley.com)
2 MARY KATHRYN KELLEY (170259) (mkkelley@cooley.com)
  MEGAN L. DONOHUE (266147) (mdonohue@cooley.com)
3 LINH K. NGUYEN (305737) (lknguyen@cooley.com)
  COOLEY LLP
4 4401 Eastgate Mall
  San Diego, CA 92121
5 Telephone: (858) 550-6000
  Facsimile: (858) 550-6420
6
  Attorneys for *Amici Curiae*
7
                  UNITED STATES DISTRICT COURT
8
                SOUTHERN DISTRICT OF CALIFORNIA
9

10  Ms. L.,                              | Case No. 3:18-cv-00428-DMS-
                                         | MDD
11              *Petitioner-Plaintiff*,
                                         | **BRIEF BY *AMICI CURIAE* IN
12          v.                           | SUPPORT OF PLAINTIFF'S
                                         | HABEAS CORPUS PETITION
13  U.S. Immigration and Customs         | AND COMPLAINT FOR
    Enforcement ("ICE"); U.S. Department of | DECLARATORY AND
14  Homeland Security ("DHS"); U.S.      | INJUNCTIVE RELIEF**
    Customs and Border Protection ("CBP");
15  U.S. Citizenship and Immigration Services | Date:    May 4, 2018
    ("USCIS"); U.S. Department of Health and | Time:    1:30 p.m.
16  Human Services ("HHS"); Office of    | Dept.    13A
    Refugee Resettlement ("ORR"); Thomas | Judge:   Hon. Dana M. Sabraw
17  Homan, Acting Director of ICE; Greg
    Archambeault, San Diego Field Office
18  Director, ICE; Joseph Greene, San Diego
    Assistant Field Office Director, ICE, Otay
19  Detention Facility; Kirstjen Nielsen,
    Secretary of DHS; Jefferson Beauregard
20  Sessions III, Attorney General of the
    United States; Kevin K. McAleenan,
21  Acting Commissioner of CBP; L. Francis
    Cissna, Director of USCIS; Pete Flores,
22  San Diego Field Director, CBP; Fred
    Figueroa, Warden, Otay Mesa Detention
23  Center; Alex Azar, Secretary of the
    Department of Health and Human Services;
24  Scott Lloyd, Director of the Office of
    Refugee Resettlement,
25
                *Respondents-Defendants*.
26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................ 1

II.    IDENTITY AND INTERESTS OF *AMICI* ......................................... 1

III.   DISCUSSION ..................................................................................... 2

     **A.**    Family Separation Within Immigration Detention is Unconscionable, Needlessly Traumatizes Children and Families and Must Be Avoided. ........................................................... 2

     **B.**    Government Action Involuntarily Separating Children from Parents Who Pose No Risk of Harm to Them is Unconscionable and Contradicts Accepted Nationwide Child Welfare Practices and International Law. ....................................... 3

         1.    State Statutes Allow Families to be Separated Only Under Extreme Circumstances and Require States to Maintain the Family Unit Whenever Possible. ................................... 4

         2.    Federal Law Allows States to Separate Families Only Under Certain Extreme Circumstances and Requires States to Preserve Familial Relationships Whenever Possible. ................... 8

         3.    Professional Standards for Child Welfare Workers Emphasize the Importance of Family Integrity. ........................... 9

         4.    Unnecessarily Separating Children from Their Parents Also Contradicts International Law. ...................................... 10

             a.    The Rights of the Child and the "Best Interests" Test. ...... 11

             b.    Parental Rights Include the Right of Parents to Be With and Care For Their Children. ................................... 11

             c.    International Treaties Provide Comprehensive Protections to Families. ....................................... 12

     **C.**    Government Action Involuntarily Separating Children from Their Parents Who Pose No Risk of Harm to Them is Unconscionable and Unconstitutional. ...................................... 13

IV.   CONCLUSION ................................................................................ 15

Cooley LLP
Attorneys At Law
San Diego

i

Memo. Of P&A by *Amicus Curiae* iso Pltf's Habeas Corpus Petition & Complaint for Declaratory and Injunctive Relief Case No.: 3:18-cv-00428-DMS-MDD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aristotle P. v. Johnson*,
721 F. Supp. 1002 (N.D. Ill. 1989) ................................................... 14, 15

*Brian A. v. Sundquist*,
149 F. Supp. 2d 941 (M.D. Tenn. 2000) ................................................ 15

*Connor B. v. Patrick*,
771 F. Supp. 2d 142 (D. Mass. 2011) ................................................... 14

*Duchesne v. Sugarman*,
566 F.2d 817 (2d Cir. 1977) .............................................................. 13

*Eric L. v. Bird*,
848 F. Supp. 303 (D.N.H. 1994) ......................................................... 15

*Griswold v. Connecticut*,
381 U.S. 479 (1965)........................................................................ 13

*Hodgson v. Minnesota*,
497 U.S. 417 (1990)........................................................................ 13

*Kenny A. v. Perdue*,
218 F.R.D. 277 (N.D. Ga. 2003) ......................................................... 14

*Lassiter v. Dep't of Soc. Servs.*,
452 U.S. 18 (1981).......................................................................... 14

*Roberts v. United States Jaycees*,
468 U.S. 609 (1984)..................................................................... 13, 14

*Santosky v. Kramer*,
455 U.S. 745 (1982)........................................................................ 14

*Smith v. City of Fontana*,
818 F.2d 1411 (9th Cir. 1987), *overruled on other grounds by*
*Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) .............................. 14

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-DDD

*Stanley v. Illinois,*
    405 U.S. 645 (1972)................................................................................14

*White v. Davis,*
    13 Cal. 3d 757 (1975)............................................................................13

*Kenny A. ex rel. Winn v. Perdue,*
    2004 WL 5503780 (N.D. Ga. Dec. 13, 2004) ........................................9

**Statutes**

42 U.S.C.
    § 671(a)(15)(B) (2014) ............................................................................8
    § 671(a)(15)(B)(i)-(ii) (2014) ..................................................................8
    § 671(a)(19) (2014) ..................................................................................8
    § 672(a)(2)(A)(i)-(ii) (2010) ....................................................................8

ALA. CODE
    § 12-15-312(b) (West 2008) .....................................................................6
    § 12-15-312(c) (West 2008) .............................................................4, 5, 7

ALASKA STAT. ANN.
    § 47.10.086 (West 2016) ...................................................................4, 5, 6
    § 47.10.086(c) (West 2016) ......................................................................7

ARIZ. REV. STAT. ANN.
    § 8-822 (West 2016) ..............................................................................4, 5
    § 8-846 (West 2017) ..............................................................................6, 7

ARK. CODE. ANN.
    § 9-27-303 (West 2017) ............................................................................7
    § 9-27-328 (West 2013) ...................................................................4, 5, 6, 7

CAL. WELF. & INST. CODE § 361.5 (West 2017)...............................4, 5, 6, 7

COLO. REV. STAT.
    § 19-1-115(6) (West 2010) ........................................................................6
    § 19-1-115(7) (West 2010) .....................................................................5, 7
    § 19-3-401 (West 2017) .............................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-DDD

CONN. GEN. STAT. ANN.
  § 17a-101g (West 2017) ............................................................... 4, 5
  § 17a-111b (West 2015) ............................................................... 6, 7
  § 46b-129 (West 2017) .................................................................. 6

D.C. CODE ANN.
  § 4-1301.07 (West 2001) .............................................................. 4, 5
  § 4-1301.09a (West 2012) ............................................................ 6, 7

DEL. CODE ANN. tit. 13,
  § 1103 (West 2012) ...................................................................... 7
  § 2512 (West 2009) .................................................................... 4, 5

DEL. CODE ANN. tit. 29, § 9003 (West 2015) ................................... 6

FLA. STAT. ANN.
  § 39.402 (West 2017) ............................................................... 4, 5, 6
  § 39.521 (West 2017) ................................................................... 7

GA. CODE. ANN.
  § 15-11-133 (West 2014) ............................................................ 4, 5
  § 15-11-202 (West 2013) ................................................................ 6
  § 15-11-203 (West 2014) ................................................................ 7

HAW. REV. STAT. ANN.
  § 587A-8 (West 2010) .................................................................... 5
  § 587A-26 (West 2010) .................................................................. 6
  § 587A-28 (West 2011) ............................................................... 4, 7

IDAHO CODE ANN.
  § 16-1602(5) (West 2017) ............................................................... 7
  § 16-1608 (West 2005) ................................................................. 4, 5
  § 16-1615 (West 2016) .................................................................... 6
  § 16-1619(6) (West 2016) ............................................................... 5
  § 16-1619(6)(d) (West 2016) ........................................................... 7

ILL. COMP. STAT. ANN.
  405/2-5 (West 1988) ..................................................................... 5
  405/2-10 (West 2017) .................................................................... 4
  505/5 (West 2017) ...................................................................... 6, 7

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-DDD

IND. CODE ANN.
§ 31-34-2-3 (West 1997) ........................................................ 4, 5
§ 31-34-21-5.5 (West 2012) .......................................................... 6
§ 31-34-21-5.6 (West 2016) .......................................................... 7
§ 232.79 (West 2001) ................................................................. 5

IOWA CODE ANN. § 232.102 (West 2017) .................................. 4, 6, 7

KAN. STAT. ANN. § 38-2255 (West 2013) .............................. 4, 5, 6, 7

KY. REV. STAT. ANN.
§ 610.127 (West 2013) ........................................................... 4, 5, 7
§ 620.020 (West 2010) ........................................................ 4, 5, 6, 7
§ 620.130 (West 1998) ................................................................ 6

LA. CHILD CODE ANN.
art 619 (2014) ........................................................................... 4
art 621 (2006) ........................................................................... 5
art 626 (2014) ........................................................................... 6
art 672.1 (2012) ......................................................................... 7

MASS. GEN. LAWS. ANN. ch. 119 § 29C (West 2010) ................. 4, 5, 6, 7

MD. CODE ANN. CTS. & JUD. PROC.
§ 3-812(b) (West 2015) ............................................................... 7
§ 3-814 (West 2001) ............................................................... 4, 5
§ 5-525(e) (West 2016) ............................................................... 6

ME. REV. STAT. ANN. TIT. 22 § 4036-B (West 2016) .................. 4, 5, 6, 7

MICH. COMP. LAWS ANN.
§ 712A.14b (West 2012) .............................................................. 5
§ 712A.18f (West 2016) ............................................................... 6
§ 712A.19a (West 2016) .............................................................. 7
§ 722.628 (West 2017) ................................................................ 4

MINN. STAT ANN.
§ 260.012 (West 2012) ........................................................ 4, 6, 7
§ 260C.175 (West 2010) .............................................................. 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

v

MEMO. OF P&A BY AMICUS CURIAE ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-DDD

MISS. CODE ANN.
    § 43-15-13 (West 2017) ........................................................................ 4
    § 43-21-603(7) (West 2016) .............................................................. 5, 7
    § 43-21-603(7)(b) (West 2016) ............................................................ 6
    § 43-21-609 (West 2017) ...................................................................... 6

MO. ANN. STAT.
    § 210.125 (West 1982) ......................................................................... 4
    § 211.183 (West 2014) ................................................................. 4, 5, 6, 7

MONT. CODE ANN.
    § 41-3-423 (West 2007) ................................................................. 4, 6, 7
    § 41-3-427 (West 2011) ........................................................................ 5

NEB. REV. STAT. § 43-283.01 (West 2017) ......................................... 4, 5, 6, 7

N.H. REV. STAT. ANN.
    § 169-C:6(I) (West 2016) ..................................................................... 4
    § 169-C:6-b (West 2017) N.J ...................................................... 4, 5, 6, 7

N.J. STAT. ANN. § 30:4C-11.1 (West 1999) ............................................... 6

N.M. STAT ANN. § 32A-4-22 (West 2016) ........................................ 4, 5, 6, 7

N.Y. FAM CT. ACT
    § 1022(C)(iii) (McKinney 2005) ........................................................... 5
    § 1028(b) (McKinney 2010) ................................................................ 4

N.Y. SOC. SERV. LAW
    § 358-a(3)(a) (McKinney 2017) ............................................................ 6
    § 358-a(3)(b) (McKinney 2017) .................................................... 4, 5, 7

NEV. REV. STAT. ANN. § 432B.393 (West 2017) ............................... 4, 5, 6, 7

N.C. GEN. STAT. ANN.
    §7B-507 (West 2015) ........................................................................... 6
    § 7B-903 (West 2015) ................................................................... 4, 5, 7

N.D. CENT. CODE. § 27-20-32.2 (West 2017) ................................. 4, 5, 6, 7

OHIO. REV. CODE ANN. § 2151.419 (West 2014) .......................... 4, 5, 6, 7

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

vi

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-DDD

OKLA. STAT. tit 10A,
 § 1-1-102 (West 2014)..................................................................6
 § 1-4-807 (West 2015)..................................................................6
 § 1-4-809 (West 2012)..........................................................4, 5, 7

OR. REV. STAT. ANN. § 419B.340 (West 2003)........................4, 5, 6, 7

Tit. 23. PA. STAT. AND CONS. STAT. ANN. § 6373 (West 1994) ...................6

Tit. 42. PA. STAT. AND CONS. STAT. ANN.
 § 6332 (West 2002) ..................................................................4, 5, 7
 § 6351 (West 2015) ..................................................................4, 5, 7

R.I. REV. STAT. ANN. § 40-11-12.2 (West 1998)...................4, 5, 6, 7

S.C. CODE ANN.
 § 63-7-720 (2017)........................................................................6
 § 63-7-1640 (2017)...........................................................4, 5, 6, 7

S.D. CODIFIED LAWS
 § 26-7A-12 (1996)........................................................................5
 § 26-8A-21 (1998)........................................................................6
 § 26-8A-21.1 (2012).........................................................4, 5, 7

TENN. CODE. ANN.
 § 37-1-166 (2013)..............................................................4, 5, 6, 7
 § 37-1-404(a) (1987)....................................................................5

TEX. FAM CODE ANN.
 § 262.101 (West 2017)..................................................................6
 § 262.102 (West 2017)..........................................................4, 5, 7

UTAH CODE ANN.
 § 62A-4a-203 (West 2008)............................................................6
 § 78A-6-306(10)(a)(i) (West 2017)..............................................6
 § 78A-6-306(12) (West 2017)...................................................5, 7
 § 78A-6-312 (West 2017)..............................................................4

VA. CODE ANN.
 § 16.1-278.2 (West 2017)....................................................4, 5, 6, 7
 § 16.1-278.4 (West 2017)..............................................................6
 § S 16.1-252 (West 2017)..............................................................5

VT. STAT. ANN. tit. 33 § 5102 (West 2017) ........................................................ 4, 5, 6, 7

W. VA. CODE. ANN.
   § 49-4-602 (West 2015) ............................................................................... 4, 5, 7
   § 49-4-604 (West 2016) ...................................................................................... 6

WASH. REV. CODE
   § 13.34.050(West 1983) ....................................................................................... 5
   § 13.34.130 (West 2013) ...................................................................................... 6
   § 13.34.130(5) (West 2013) ........................................................................... 4, 5, 7

WIS. STAT. ANN. § 48.355 (West 2017) ................................................................ 4, 6, 7

WYO. STAT. ANN.
   § 14-3-429(a)(iv) (West 2013) ............................................................................. 6
   § 14-3-440 (West 2009) ........................................................................................ 6
   § 14-3-440(b)-(c) (West 2009) ....................................................................... 4, 5, 7

**Other Authorities**

Convention on the Rights of the Child art. 16, Nov. 20, 1989, 1577
   U.N.T.S. 3 ....................................................................................... 10, 11, 12, 13

G.A. Res. 217 (III) A, Universal Declaration of Human Rights (Dec. 10,
   1948) ......................................................................................................... 10, 12

International Covenant on Civil and Political Rights art. 17, Dec. 16,
   1966, 999 U.N.T.S. 171 ........................................................................... 10, 12, 13

Organization of American States, American Convention on Human
   Rights art. 11, Nov. 22, 1969, O.A.S.T.S. No. 36, 1144 U.N.T.S. 123 ..... 10, 12, 13

The African Charter on the Rights and Welfare of the Child art. 10, July
   11, 1990, OAU Doc. CAB/LEG/24.9/49 (1990) ....................................... 10, 12, 13

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

## I.   INTRODUCTION

The family unit is one of the most fundamental cornerstones of society.  Absent circumstances in which a child is in danger, parents' rights to nurture and care for their children are sacrosanct. The right to family integrity is codified in policy and law, federal and state, domestic and international, but it arises from natural law and is universal to all people. In the case before this Court, Ms. L's seven-year-old daughter S.S. was taken from her and sent to live with strangers across the country. This unconscionable family separation[1] of Ms. L and S.S. offends fundamental constitutional rights, flies in the face of universal federal and state statutory standards, and threatens one of the most sacred social units: the family.

This brief will discuss (i) the trauma imposed by family separation, (ii) the limited circumstances in which family separation is permitted by child welfare laws and under the rubric of international law,[2] and (iii) constitutional law limits on the federal government's rights to separate families.

## II.   IDENTITY AND INTERESTS OF *AMICI*

As more fully set forth in *Amici's* Motion for Leave to File Brief as *Amici Curiae* in Support of Plaintiff's Habeas Corpus Petition and Complaint for Declaratory and Injunctive Relief, *Amici* are a group of advocacy and nonprofit legal aid organizations and child welfare professionals dedicated to protecting the legal rights of children. Each has extensive legal and practical experience in issues regarding family separation and children living apart from their families. *Amici* are unanimous in their conviction that the unnecessary separation of children from their families in this context causes serious and irreparable harm to children.

---

[1] The term "family separation" is used herein to describe circumstances where the government removes children from their parents in immigration detention when there is no allegation of parental abuse or neglect.

[2] Though these sources of law do not directly apply here, *Amici* submit that they will provide helpful background to the Court regarding the fact that family separation is only authorized in extreme circumstances.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

## III.   DISCUSSION

### A.   Family Separation Within Immigration Detention is Unconscionable, Needlessly Traumatizes Children and Families and Must Be Avoided.

Family separation is often devastating to vulnerable children. Experts have repeatedly identified the "significant psychological and emotional consequences" that the separation of families causes in children.[3] These damaging effects are both short and long term. For example, the American Academy of Pediatrics urges authorities to "exercise caution to ensure that the emotional and physical stress children experience as they seek refuge in the United States is not exacerbated by the additional trauma of being separated from their siblings, parents or other relatives and caregivers."[4] Even the Department of Homeland Security's Advisory Committee on Family Residential Centers has concluded that "the separation of families for purposes of immigration enforcement or management, or detention is *never* in the best interest of children."[5]

Children who are separated from their parents, especially young children, experience traumatic stress even if they are eventually reunified with their family.[6]

---

[3] *See* Declaration of Linh Nguyen in support of Motion for Leave to File Brief of *Amici Curiae* ("Nguyen Decl."), Exhibit B (Kids in Need of Defense, *Targeting Families: How ICE Enforcement Against Parents and Family Members Endangers Children*, at p. 13 (citing Exhibit C (Am. Academy of Pediatrics, *AAP Statement Opposing Continued Federal Efforts to Tear Apart Immigrant Families* (June 30, 2017)))); *see also* Exhibit D (Linton JM, Griffin M, Shapiro AJ, AAP Council on Community Pediatrics, *Detention of Immigrant Children*. Pediatrics, at pp. 6-7 (April 2017) (discussing research finding "high rates of posttraumatic stress disorder, anxiety, depression, suicidal ideation, and other behavioral problems" among un-accompanied immigrant children who are detained and noting the vulnerability of children who have experienced trauma and violence to additional trauma and fear)).

[4] Nguyen Decl., Exhibit E (Am. Academy of Pediatrics, *AAP Statement Opposing Separation of Mothers and Children at the Border* (March 4, 2017)); *see also* Exhibit D (Linton JM, Griffin M, Shapiro AJ, AAP Council on Community Pediatrics. *Detention of Immigrant Children*, Pediatrics (April 2017)).

[5] *Id.*, Exhibit F (Department of Homeland Security: Immigration and Customs Enforcement, *Report of the ICE Advisory Committee on Family Residential Centers*, at p. 2 (Sept. 20, 2016) (emphasis added)).

[6] *See id.*, Exhibit G (Dube SR, Cook ML, Edwards VJ, *Health-related Outcomes of Adverse Childhood Experiences in Texas*, 2002, Preventing Chronic Disease., vol. 7 no. 3 (May 2010)).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

Traumatic stress can "disrupt the development of brain architecture and other organ systems and increase the risk of stress-related diseases and cognitive impairment well into the adult years."[7] Thus, the trauma that a child experiences when needlessly separated from a parent may have life-long consequences.[8]

In light of the devastating short and long-term effects of family separation on children's emotional, psychological, and physical well-being, it is not surprising that healthcare professionals and child welfare professionals have all urged the administration to avoid subjecting children to this unnecessary trauma.[9] Thus, separation of Ms. L and S.S. needlessly traumatizes them and could have long lasting negative consequences.

**B.** **Government Action Involuntarily Separating Children from Parents Who Pose No Risk of Harm to Them is Unconscionable and Contradicts Accepted Nationwide Child Welfare Practices and International Law.**

In the context of child welfare, the federal and state governments have codified the legal right to family unity and have enacted procedural protections and programs to prevent the unnecessary separation of families. Similarly, international law prohibits unnecessary family separation as a violation of fundamental human rights. Such enactments demonstrate the universality of the belief that family separation should occur only where there are compelling reasons why a child may not safely remain in the custody of her parents.

---

[7] *Id.*, Exhibit H (Am. Academy of Pediatrics, *Adverse Childhood Experiences and the Lifelong Consequences of Trauma*, at p. 2 (2014)).

[8] *See id.*, Exhibit G (Dube SR, Cook ML, Edwards VJ, *Health-related Outcomes of Adverse Childhood Experiences in Texas, 2002*, Preventing Chronic Disease., vol. 7 no. 3 (May 2010)).

[9] *See id.*, Exhibit I (*Urgent Appeal from Experts in Child Welfare, Juvenile Justice and Child De-velopment to Halt Any Plans to Separate Children from Parents at the Border*, Jan. 23, 2018); Exhibit J (*Letter from Lucille Roybal-Allard, et.al to Sec'y Kirstjen M. Nielsen*, Feb. 8, 2018); Exhibit K (*Letter from Caryl M. Stern, et. al. to Sec'y Kirstjen M. Nielsen*, Feb. 2, 2018).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS CORPUS PETITION & COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

### 1. State Statutes Allow Families to be Separated Only Under Extreme Circumstances and Require States to Maintain the Family Unit Whenever Possible.

Every state in the country has enacted laws that allow children to be removed from their parents' care only when circumstances exist that endanger the life and well-being of the child.  The circumstances under state laws that justify family separation include physical or sexual abuse, abandonment, and the debilitating mental illness of the parent.[10]

Additionally, children cannot be separated from their parents without court approval unless the child is at "imminent" risk of harm.[11] Situations that may justify

---

[10] *See* ALA. CODE § 12-15-312(c) (West 2008); ALASKA STAT. ANN. § 47.10.086 (West 2016); ARIZ. REV. STAT. ANN. § 8-822 (West 2016); ARK. CODE. ANN. § 9-27-328 (West 2013); CAL. WELF. & INST. CODE § 361.5 (West 2017); COLO. REV. STAT. § 19-3-401 (West 2017); CONN. GEN. STAT. ANN § 17a-101g (West 2017); DEL. CODE ANN. tit. 13, § 2512 (West 2009); D.C. CODE ANN. § 4-1301.07 (West 2001); FLA. STAT. ANN. § 39.402 (West 2017); GA. CODE. ANN. § 15-11-133 (West 2014); HAW. REV. STAT. ANN. § 587A-28 (West 2011); IDAHO CODE ANN. § 16-1608 (West 2005); 705 ILL. COMP. STAT. ANN. 405/2-10 (West 2017); IND. CODE ANN. § 31-34-2-3 (West 1997); IOWA CODE ANN. § 232.102 (West 2017); KAN. STAT. ANN. § 38-2255 (West 2013); KY. REV. STAT. ANN. § 620.020 (West 2010); KY. REV. STAT. ANN. § 610.127 (West 2013); LA. CHILD CODE ANN. art 619 (2014); ME. REV. STAT. ANN. tit. 22, § 4036-B (West 2016); MD. CODE ANN. CTS. & JUD. PROC. § 3-814 (West 2001); MASS. GEN. LAWS. ANN. ch. 119 § 29C (West 2010); MICH. COMP. LAWS ANN. § 722.628 (West 2017); MINN. STAT ANN. § 260.012 (West 2012); MISS. CODE ANN. § 43-15-13 (West 2017); MO. ANN. STAT. § 211.183 (West 2014); MONT. CODE ANN. § 41-3-423 (West 2007); NEB. REV. STAT. § 43-283.01 (West 2017); NEV. REV. STAT. ANN. § 432B.393 (West 2017); N.H. REV. STAT. ANN. § 169-C:6-b (West 2017) N.J. STAT. ANN. § 30:4C-11.2 (West 2012); N); N.M. STAT ANN. § 32A-4-22 (West 2016); N.Y. Soc. Serv. LAW § 358-a(3)(b) (McKinney 2017); N.C. GEN. STAT. ANN. § 7B-903 (West 2015); N.D. CENT. CODE. § 27-20-32.2 (West 2017); OHIO. REV. CODE ANN. § 2151.419 (West 2014); OKLA. STAT. tit 10A, § 1-4-809 (West 2012); OR. REV. STAT. ANN. § 419B.340 (West 2003); tit. 42. PA. STAT. AND CONS. STAT. ANN. § 6332 (West 2002); tit. 42. PA. STAT. AND CONS. STAT. ANN. § 6351 (West 2015); R.I. REV. STAT. ANN. § 40-11-12.2 (West 1998); S.C. CODE ANN. § 63-7-1640 (2017); S.D. CODIFIED LAWS § 26-8A-21.1 (2012); TENN. CODE. ANN. § 37-1-166 (2013); TEX. FAM CODE ANN. § 262.102 (West 2017); UTAH CODE ANN. § 78A-6-312 (West 2017); VT. STAT. ANN. tit. 33 § 5102 (West 2017); VA. CODE ANN. § 16.1-278.2 (West 2017); WASH. REV. CODE § 13.34.130(2) (West 2013); W. VA. CODE. ANN. § 49-4-602 (West 2015); WIS. STAT. ANN. § 48.355 (West 2017); WYO. STAT. ANN. § 14-3-440(b)-(c) (West 2009).

[11] *See e.g.*, FLA. STAT. ANN. § 39.402 (West 2017); MO. ANN. STAT. § 210.125 (West 1982); N.H. REV. STAT. ANN. § 169-C:6(I) (West 2016); N.Y. FAM. CT. ACT § 1028(b)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS CORPUS PETITION & COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

immediate removal of the child typically involve endangerment of the health or welfare of the child, alleged abuse or neglect of the child, and the subjection of the child to sexual exploitation.[12] Even with that finding, state law may require that the court also make a finding that the removal is in the best interest of the child before removal is appropriate.[13]

---

(McKinney 2010); S.D. CODIFIED LAWS § 26-7A-12 (1996); TENN. CODE. ANN. § 37-1-404(a) (1987); VA. CODE ANN. § S 16.1-252 (West 2017); WASH. REV. CODE § 13.34.050(West 1983); W. VA. CODE. ANN. § 49-4-602 (West 2015).

[12] *See* ALA. CODE § 12-15-312(c) (West 2008); ALASKA STAT. ANN. § 47.10.086 (West 2016); ARIZ. REV. STAT. ANN. § 8-822 (West 2016); ARK. CODE. ANN. § 9-27-328 (West 2013); CAL. WELF. & INST. CODE § 361.5 (West 2017); COLO. REV. STAT. § 19-1-115(7) (West 2010); CONN. GEN. STAT. ANN § 17a-101g (West 2017); DEL. CODE ANN. tit. 13, § 2512 (West 2009); D.C. CODE ANN. § 4-1301.07 (West 2001); FLA. STAT. ANN. § 39.402 (West 2017); GA. CODE. ANN. § 15-11-133 (West 2014); HAW. REV. STAT. ANN. § 587A-8 (West 2010); IDAHO CODE ANN. § 16-1608 (West 2005); 705 ILL. COMP. STAT. ANN. 405/2-5 (West 1988); IND. CODE ANN. § 31-34-2-3 (West 1997); IOWA CODE ANN. § 232.79 (West 2001); KAN. STAT. ANN. § 38-2255 (West 2013); KY. REV. STAT. ANN. § 620.020 (West 2010); KY. REV. STAT. ANN. § 610.127 (West 2013); LA. CHILD CODE ANN. art 621 (2006); ME. REV. STAT. ANN. tit. 22, § 4036-B (West 2016); MD. CODE ANN. CTS. & JUD. PROC. § 3-814 (West 2001); MASS. GEN. LAWS. ANN. ch. 119 § 29C (West 2010); MICH. COMP. LAWS ANN. § 712A.14b (West 2012); MINN. STAT ANN. § 260C.175 (West 2010); MISS. CODE ANN. § 43-21-603(7) (West 2016); MO. ANN. STAT. § 211.183 (West 2014); MONT. CODE ANN. § 41-3-427 (West 2011); NEB. REV. STAT. § 43-283.01 (West 2017); NEV. REV. STAT. ANN. § 432B.393 (West 2017); N.H. REV. STAT. ANN. § 169-C:6-b (West 2017) N.J. STAT. ANN. § 30:4C-11.2 (West 2012); N.M. STAT ANN. § 32A-4-22 (West 2016); N.Y. Soc. Serv. LAW § 358-a(3)(b) (McKinney 2017); N.C. GEN. STAT. ANN. § 7B-903 (West 2015); N.D. CENT. CODE. § 27-20-32.2 (West 2017); OHIO. REV. CODE ANN. § 2151.419 (West 2014); OKLA. STAT. tit 10A, § 1-4-809 (West 2012); OR. REV. STAT. ANN. § 419B.340 (West 2003); tit. 42. PA. STAT. AND CONS. STAT. ANN. § 6332 (West 2002); tit. 42. PA. STAT. AND CONS. STAT. ANN. § 6351 (West 2015); R.I. REV. STAT. ANN. § 40-11-12.2 (West 1998); S.C. CODE ANN. § 63-7-1640 (2017); S.D. CODIFIED LAWS § 26-8A-21.1 (2012); TENN. CODE. ANN. § 37-1-166 (2013); TEX. FAM CODE ANN. § 262.102 (West 2017); UTAH CODE ANN. § 78A-6-306(12) (West 2017); VT. STAT. ANN. tit. 33 § 5102 (West 2017); VA. CODE ANN. § 16.1-278.2 (West 2017); WASH. REV. CODE § 13.34.050 (West 2013); W. VA. CODE. ANN. § 49-4-602 (West 2015); WIS. STAT. ANN. § 48.355 (West 2017); WYO. STAT. ANN. § 14-3-440(b)-(c) (West 2009).

[13] *See, e.g.,* N.Y. FAM CT. ACT 1022(C)(iii) (McKinney 2005) (providing that the court must consider "whether continuation in the child's home would be contrary to the best interests of the child" before issuing a temporary removal order); IDAHO CODE ANN. § 16-1619(6) (West 2016) (mandating the court make "detailed written findings" showing "continuation of residence in the home would be contrary to the welfare of the child and that vesting legal custody with the department or other authorized agency would be in

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

Finally, even when these circumstances are present, prior to removal, all states require the government to make "reasonable efforts" to preserve the family and prevent the removal of the child from the home.[14] Reasonable efforts include, but are not limited to, services such as counseling, family therapy, and transportation assistance.[15] Such

_____

the best interests of the child"); MISS. CODE. ANN. § 43-21-603(7)(b) (West 2016) (requiring the court find prior to removal that continued "residence within [a child's] own home would be contrary to the welfare of the child and that the placement of the child in foster care is in the best interests of the child"); WYO. STAT. ANN. § 14-3-429(a)(iv) (West 2013) (providing that the court find "clear and convincing evidence that to return the child to the child's home would not be in the best interest of the child").

[14] ALA. CODE § 12-15-312(b) (West 2008); ALASKA STAT. ANN. § 47.10.086 (West 2016); ARIZ. REV. STAT. ANN. § 8-846 (West 2017); ARK. CODE. ANN. § 9-27-328 (West 2013); CAL. WELF. & INST. CODE § 361.5 (West 2017); COLO. REV. STAT. § 19-1-115(6) (West 2010); CONN. GEN. STAT. ANN § 46b-129 (West 2017); CONN. GEN. STAT. ANN § 17a-111b (West 2015); DEL. CODE ANN. tit. 29, § 9003 (West 2015); D.C. CODE ANN. § 4-1301.09a (West 2012); FLA. STAT. ANN. § 39.402 (West 2017); GA. CODE. ANN. § 15-11-202 (West 2013); HAW. REV. STAT. ANN. § 587A-26 (West 2010); IDAHO CODE ANN. § 16-1615 (West 2016); 20 ILL. COMP. STAT. ANN. 505/5 (West 2017); IND. CODE ANN. § 31-34-21-5.5 (West 2012); IOWA CODE ANN. § 232.102 (West 2017); KAN. STAT. ANN. § 38-2255 (West 2013); KY. REV. STAT. ANN. § 620.020 (West 2010); KY. REV. STAT. ANN. § 620.130 (West 1998); LA. CODE CHILD. ANN. art 626 (2014); ME. REV. STAT. ANN. tit. 22, § 4036-B (West 2016); MD. CODE ANN. FAM. LAW § 5-525(e) (West 2016); MASS. GEN. LAWS. ANN. ch. 119 § 29C (West 2010); MICH. COMP. LAWS ANN. § 712A.18f (West 2016); MINN. STAT ANN. § 260.012 (West 2012); MISS. CODE ANN. § 43-21-609 (West 2017); MO. ANN. STAT. § 211.183 (West 2014); MONT. CODE ANN. § 41-3-423 (West 2007); NEB. REV. STAT. § 43-283.01 (West 2017); NEV. REV. STAT. ANN. § 432B.393 (West 2017); N.H. REV. STAT. ANN. § 169-C:6-b (West); N.J. STAT. ANN. § 30:4C-11.1 (West 1999); N.M. STAT ANN. § 32A-4-22 (West 2016); N.Y. Soc. Serv. LAW § 358-a(3)(a) (McKinney 2017); N.C. GEN. STAT. ANN. §7B-507 (West 2015); N.D. CENT. CODE. § 27-20-32.2 (West 2017); OHIO. REV. CODE ANN. § 2151.419 (West 2014); OKLA. STAT. tit 10A, § 1-1-102 (West 2014); OKLA. STAT. tit 10A, § 1-4-807 (West 2015); OR. REV. STAT. ANN. § 419B.340 (West 2003); tit. 23. PA. STAT. AND CONS. STAT. ANN. § 6373 (West 1994); R.I.  REV. STAT. ANN. § 40-11-12.2 (West 1998); S.C. CODE ANN. § 63-7-720 (2017); S.C. CODE ANN. § 63-7-1640 (2017); S.D. CODIFIED LAWS § 26-8A-21 (1998); TENN. CODE. ANN. § 37-1-166 (2013); TEX. FAM CODE ANN. § 262.101 (West 2017); UTAH CODE ANN. § 62A-4a-203 (West 2008); UTAH CODE ANN. § 78A-6-306(10)(a)(i) (West 2017); VT. STAT. ANN. tit. 33 § 5102 (West 2017); VA. CODE ANN. § 16.1-278.4 (West 2017); VA. CODE ANN. § 16.1-278.2 (West 2017); WASH. REV. CODE § 13.34.130 (West 2013); W. VA. CODE. ANN. § 49-4-604 (West 2016); WIS. STAT. ANN. § 48.355 (West 2017); WYO. STAT. ANN. § 14-3-440 (West 2009).

[15] See, e.g., KY. REV. STAT. ANN. § 620.020 (West 2010) ("'Reasonable efforts' means the exercise of ordinary diligence and care by the department to utilize all preventive and reunification services available to the community… which are necessary to enable

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS CORPUS PETITION & COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CASE NO.: 3:18-cv-00428-DMS-MDD

1  reasonable efforts are required except in the presence of very specific aggravating

2  circumstances, such as physical or sexual abuse, abandonment, and the debilitating

3  mental illness of the parent.[16]

4       These state statutes reflect the universal belief that a child should remain with her

5  parent unless doing so would be severely detrimental to the child's welfare, and, even

6  then, separation should be a last resort.

7

8

---

9  the child to safely live at home."); Neb. Rev. Stat. § 43-283.01 (West 2017)
10  (discussing "reasonable efforts to preserve and reunify the family"); S.C. Code Ann. §
   63-7-1640 (2017) (same).
11  [16] Ala. Code § 12-15-312(c) (West 2008); Alaska Stat. Ann. § 47.10.086(c) (West
12  2016); Ariz. Rev. Stat. Ann. § 8-846 (West 2017); Ark. Code. Ann. § 9-27-303 (West
   2017); Cal. Welf. & Inst. Code § 361.5 (West 2017); Colo. Rev. Stat. § 19-1-115(7)
13  (West 2010); Conn. Gen. Stat. Ann § 17a-111b (West 2015); Del. Code Ann. tit. 13,
   § 1103 (West 2012); D.C. Code Ann. § 4-1301.09a (West 2012); Fla. Stat. Ann. §
14  39.521 (West 2017); Ga. Code. Ann. § 15-11-203 (West 2014); Haw. Rev. Stat. Ann.
15  § 587A-28 (West 2011); Idaho Code Ann. § 16-1619(6)(d) (West 2016); Idaho Code
   Ann. § 16-1602(5) (West 2017); 20 Ill. Comp. Stat. Ann. 505/5 (West 2017); Ind.
16  Code Ann. § 31-34-21-5.6 (West 2016); Iowa Code Ann. § 232.102 (West 2017);
   Kan. Stat. Ann. § 38-2255 (West 2013); Ky. Rev. Stat. Ann. § 620.020 (West 2010);
17  Ky. Rev. Stat. Ann. § 610.127 (West 2013); La. Child Code Ann. art 672.1 (2012);
18  Me. Rev. Stat. Ann. tit. 22, § 4036-B (West 2016); Md. Code Ann. Cts. & Jud. Proc.
   § 3-812(b) (West 2015); Mass. Gen. Laws. Ann. ch. 119 § 29C (West 2010); Mich.
19  Comp. Laws Ann. § 712A.19a (West 2016); Minn. Stat Ann. § 260.012 (West 2012);
   Miss. Code Ann. § 43-21-603(7) (West 2016); Mo. Ann. Stat. § 211.183 (West 2014);
20  Mont. Code Ann. § 41-3-423 (West 2007); Neb. Rev. Stat. § 43-283.01 (West 2017);
21  Nev. Rev. Stat. Ann. § 432B.393 (West 2017); N.H. Rev. Stat. Ann. § 169-C:6-b
   (West 2017) N.J. Stat. Ann. § 30:4C-11.2 (West 2012); N); N.M. Stat Ann. § 32A-
22  4-22 (West 2016); N.Y. Soc. Serv. Law § 358-a(3)(b) (McKinney 2017); N.C. Gen.
   Stat. Ann. § 7B-903 (West 2015); N.D. Cent. Code. § 27-20-32.2 (West 2017); Ohio.
23  Rev. Code Ann. § 2151.419 (West 2014); Okla. Stat. tit 10A, § 1-4-809 (West 2012);
24  Or. Rev. Stat. Ann. § 419B.340 (West 2003); tit. 42. Pa. Stat. and Cons. Stat. Ann.
   § 6332 (West 2002); tit. 42. Pa. Stat. and Cons. Stat. Ann. § 6351 (West 2015); R.I.
25  Rev. Stat. Ann. § 40-11-12.2 (West 1998); S.C. Code Ann. § 63-7-1640 (2017); S.D.
   Codified Laws § 26-8A-21.1 (2012); Tenn. Code. Ann. § 37-1-166 (2013); Tex. Fam
26  Code Ann. § 262.102 (West 2017); Utah Code Ann. § 78A-6-306(12) (West 2017);
   Vt. Stat. Ann. tit. 33 § 5102 (West 2017); Va. Code Ann. § 16.1-278.2 (West 2017);
27  Wash. Rev. Code § 13.34.130 (West 2013); W. Va. Code. Ann. § 49-4-602 (West
28  2015); Wis. Stat. Ann. § 48.355 (West 2017); Wyo. Stat. Ann. § 14-3-440(b)-(c)
   (West 2009).

Cooley LLP
Attorneys At Law
San Diego

7

Memo. Of P&A by Amicus Curiae iso Pltf's Habeas
Corpus Petition & Complaint for Declaratory and
Injunctive Relief Case No.: 3:18-cv-00428-DMS-MDD

1

2

    **2.**    **Federal Law Allows States to Separate Families Only Under Certain Extreme Circumstances and Requires States to Preserve Familial Relationships Whenever Possible.**

3

    Federal statutes are similarly protective of the parent-child relationship. While

4

acknowledging that removing a child from the physical and legal custody of her natural

5

parents may be in the child's best interest under certain circumstances, federal law

6

requires that states preserve that relationship whenever possible and appropriate.

7

    To qualify for federal funding for child welfare and child protection services,

8

states must employ "reasonable efforts . . . to preserve and reunify families." 42 U.S.C.

9

§ 671(a)(15)(B) (2014). In the absence of evidence that the child is in immediate danger,

10

states must attempt "to prevent or eliminate the need for removing the child from the

11

child's home" and "to make it possible for a child to safely return to the child's home."

12

42 U.S.C. § 671(a)(15)(B)(i)-(ii) (2014). Similarly, federal law allows states to keep a

13

child separated from her parents under only two circumstances – first, when the parent

14

or legal guardian of the child has voluntarily placed the child in state care, or second,

15

upon a judicial determination "that continuation in the home from which removed

16

would be contrary to the welfare of the child and that reasonable efforts [to avoid

17

separation, as defined above] have been made." 42 U.S.C. § 672(a)(2)(A)(i)-(ii) (2010).

18

    Additionally, recognizing the importance of maintaining family connections for

19

children who are in foster care, federal law encourages states to place children who are

20

in foster care with other family members when their parents are unable to care for them

21

and requires, as a condition of receiving federal funding, that each state have a state

22

plan which "provides that the State shall consider giving preference to an adult relative

23

over a non-related caregiver when determining a placement for a child, provided that

24

the relative caregiver meets all relevant State child protection standards." 42 U.S.C. §

25

671(a)(19) (2014).

26

    In short, federal law recognizes that removing a child from the care of her parents

27

is a last resort and that states must endeavor to avoid subjecting vulnerable children to

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

this extreme trauma whenever possible. And when danger to the child necessitates removal, federal law requires that states attempt to minimize the trauma to the child by placing the child with other family members.

In sum, like state laws, federal law recognizes the significant harm inflicted on children who are unnecessarily removed from their parent's care and requires that states separate families only in extreme conditions and after making efforts to preserve the family unit.

### 3. Professional Standards for Child Welfare Workers Emphasize the Importance of Family Integrity.

Nationally accepted professional child welfare standards reinforce the importance of maintaining family unity whenever possible. These standards – created by groups of professionals based on their years of experience – are incorporated into individual state practices and "form a reliable basis for evaluating the performance of a state's child welfare system." *Kenny A. ex rel. Winn v. Perdue*, 2004 WL 5503780, at *12 (N.D. Ga. Dec. 13, 2004). For example, the Child Welfare League of America, a leading network of public and private child welfare agencies advancing policies and best practices in the field emphasizes that children have "the right to live with their families of origin" unless it is deemed "harmful" to the child.[17]  Similarly, the Council on Accreditation (COA), an international human service accrediting organization, highlights the "growing emphasis in the field on the importance of maintaining children in their home with their families."[18]

Furthermore, even when a child is considered "vulnerable,"[19] COA does not recommend automatic removal but prioritizes instead, the stabilization of the family

---

[17] *Id.*, Exhibit L (Child Welfare League of America, *National Blueprint for Excellence in Child Welfare*, Standards of Excellence, at p. 28 (2013)).

[18] *Id.*, Exhibit M (Council on Accreditation, PA-CFS 10: Services for Parents).

[19] *Id.* (COA defines a child to be unsafe when children are "vulnerable to a threat and caregivers are unable or unwilling to protect the children." Children are defined as no longer vulnerable when "no threats of danger exist, or when caregivers are capable of controlling or managing any threats that do exist.").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

"with preventive support and in-home services" in order to "mitigate risk and encourage positive functioning, even under stressful or adverse circumstances."[20]

These professional standards also affirm the rationale behind the state and federal child welfare laws described above—it is in a child's best interest to remain with her parent whenever possible. Thus, the unnecessary and unsanctioned family separation of Ms. L and S.S. contradicts not only state and federal practices, but also professional best practices for child welfare.

### 4.   Unnecessarily Separating Children from Their Parents Also Contradicts International Law.

Unnecessary family separation violates long-standing, internationally accepted human rights: the right to privacy and family life, rights of the child, the right to have the child's "best interests" prioritized, parental rights, and the rights of the family. International law uniformly upholds the precept that the primary consideration in any custody decision should be the best interests of the child.

For instance, the right to family integrity is part of the right to privacy, enshrined in numerous international conventions.[21] For example, Article 12 of the Universal Declaration of Human Rights states: "No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation. Everyone has the right to the protection of the law against such interference or attacks." This fundamental protection for family relationships appears throughout international law.

---

[20] *Id.*

[21] G.A. Res. 217 (III) A, Universal Declaration of Human Rights (Dec. 10, 1948) (hereinafter "Universal Declaration of Human Rights"); *see also* International Covenant on Civil and Political Rights art. 17, Dec. 16, 1966, 999 U.N.T.S. 171 (hereinafter "ICCPR"); Organization of American States, American Convention on Human Rights art. 11, Nov. 22, 1969, O.A.S.T.S. No. 36, 1144 U.N.T.S. 123 (hereinafter "American Convention"); Convention on the Rights of the Child art. 16, Nov. 20, 1989, 1577 U.N.T.S. 3, (hereinafter "Convention on the Rights of the Child"); and the African Charter on the Rights and Welfare of the Child art. 10, July 11, 1990, OAU Doc. CAB/LEG/24.9/49 (1990) (hereinafter the "African Charter on the Rights and Welfare of the Child").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

### a. The Rights of the Child and the "Best Interests" Test.

Children's right to remain with their families is enshrined in the 1989 Convention on the Rights of the Child.[22] The Preamble to the Convention describes the family as the "natural environment for the growth and well-being of all its members and particularly children," and further states that "the child, for the full and harmonious development of his or her personality, should grow up in a family environment, in an atmosphere of happiness, love and understanding."[23] Each child has the right "as far as possible . . . to know and be cared for by his or her parents,"[24] and "to preserve his or her identity, including . . . family relations . . . without unlawful interference."[25] Article 9, ¶ 1 specifically prohibits the separation of children from their parents unless "such separation is necessary for the best interests of the child," such as instances in which either the parents are divorced or separated or the child is in danger from abuse or neglect.[26]

### b. Parental Rights Include the Right of Parents to Be With and Care For Their Children.

In addition to protecting the rights of children to be with their parents, international law also protects the rights of parents to be with and care for their children. Parental rights are, in fact, extensively recognized by the Convention on the Rights of

---

[22] Although the United States has not ratified the Convention on the Rights of the Child, the language used in the Convention demonstrates the universality of the belief that governments should not separate families unnecessarily.

[23] Convention on the Rights of the Child, *supra* note 21, Preamble at page 1.

[24] Convention on the Rights of the Child, *supra* note 21, at art. 7, ¶ 1.

[25] Convention on the Rights of the Child, *supra* note 21, at art. 8, ¶ 1.

[26] Convention on the Rights of the Child, *supra* note 21, at art. 9, ¶ 1. Art. 9, ¶ 1 only allows states to remove children from their families in order to protect them from abuse or neglect, and when they have complied with a procedural requirement of judicial review. Art. 9, ¶ 1 is commonly interpreted as imposing the requirement that the judicial review must take place *before* the child is removed. Art. 9, ¶ 2 further specifies that "all interested parties" shall have a right to participate in proceedings pursuant to art. 9, ¶ 1. This procedural right "has been compared with Article 14(1) of the ICCPR," a provision generally outlining due process protections for any individual whose legally protected rights are at stake. Sharon Detrick, A Commentary on the United Nations Convention on the Rights of the Child 174 (1999).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

the Child. For example, Article 18 states: "Parents or, as the case may be, legal guardians, have the primary responsibility for the upbringing and development of the child. The best interests of the child will be their basic concern."[27] The Convention on the Rights of the Child also details parental rights to guide children in the exercise of their own rights, the right to state-provided information in the event of separation (which could be used to support reunification), and the right to travel across national borders to visit children.[28]

The Convention on the Rights of the Child is no outlier in this respect—numerous other treaties recognize the sacred and fundamental right of parents to care for their children. The Universal Declaration of Human Rights, the ICCPR, the African Charter on the Rights and Welfare of the Child, and the European and American Conventions all recognize the right of all parents to create families and be responsible for raising their children.[29]

### c. International Treaties Provide Comprehensive Protections to Families.

Finally, there are comprehensive protections for preserving the integrity of the family unit enshrined in international treaties. Article 16, ¶ 3 of the Universal Declaration of Human Rights states: "The family is the natural and fundamental group unit of society and is entitled to protection by society and the State." Article 23, ¶ 1 of the ICCPR and Article 17, ¶ 1 of the American Convention contain the same language, and the Preamble to the Convention on the Rights of the Child protects the family as

---

[27] Convention on the Rights of the Child, *supra* note 21, at art. 18.

[28] Convention on the Rights of the Child, *supra* note 21, at art. 14, ¶ 2; Convention of the Rights of the Child Article, *supra* note 21, at art. 9, ¶ 4; Convention on the Rights of the Child, *supra* note 21, at art. 10.

[29] Universal Declaration of Human Rights, *supra* note 21, at art. 16, ¶ 1; ICCPR, *supra* note 21, at art. 23, ¶ 2; African Charter on the Rights and Welfare of the Child, *supra* note 21, at art. 10, art. 20; Council of Europe, European Convention for the Protection of Human Rights and Fundamental Freedoms art. 12, Nov. 4, 1950, 213 U.N.T.S. 221; American Convention, *supra* note 21, at art. 17, ¶ 2.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

1   the "fundamental group of society." Article 18 of the African Charter describes the

2   family as "the natural unit and basis of society" and requires the state to protect it.

3       Thus, the separation of S.S. and Ms. L contradicts comprehensive international

4   legal protections protecting the right to privacy and family life, rights of the child, the

5   right to have the child's "best interests" prioritized, parental rights, and the rights of the

6   family.

7       **C.   Government Action Involuntarily Separating Children from Their Parents Who Pose No Risk of Harm to Them is Unconscionable and Unconstitutional.**

8

9       Finally, the right to family unity is a fundamental human right recognized by both

10  the U.S. Constitution and various state constitutions.[30] Federal courts have repeatedly

11  interpreted the Bill of Rights and the due process clauses of the U.S. Constitution to

12  protect this right.  *See, e.g.*, *Roberts v. United States Jaycees*, 468 U.S. 609, 618-20

13  (1984) ("[B]ecause the Bill of Rights is designed to secure individual liberty, it must

14  afford the formation and preservation of [the family] a substantial measure of sanctuary

15  from unjustified interference by the State."); *Griswold v. Connecticut*, 381 U.S. 479,

16  496 (1965) (The Ninth Amendment protects "fundamental personal rights" such as the

17  right to raise a family, even "though [it is] not specifically mentioned in the

18  Constitution").

19      A basic tenet of the right to family unity is that it "encompasses the reciprocal

20  rights of both parent and children." *Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir.

21  1977).  As such, both parents and children are entitled to freedom from unwarranted

22  interference in the parent-child relationship. *Hodgson v. Minnesota*, 497 U.S. 417, 484

23  (1990) ("[P]arents have a liberty interest, protected by the Constitution, in having a

24  reasonable opportunity to develop close relations with their children."); *Smith v. City of*

25

26

27  [30] For example, California's constitution recognizes the right to privacy as an

28  "inalienable right[]" that protects, among other things, the rights of families.  *White v. Davis*, 13 Cal. 3d 757, 773-74 (1975).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

*Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999).

The U.S. Supreme Court has consistently recognized that a parent's desire to care for her child is an "important interest" that "undeniably warrants deference and, absent a powerful countervailing interest, protection." *See, e.g., Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981); *Stanley v. Illinois*, 405 U.S. 645, 650-52 (1972). Thus, for instance, when a state seeks to sever permanently the legal relationship between a parent and child, it must follow "procedures meeting the requisites of the Due Process Clause." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). These procedures must be "fundamentally fair." *Lassiter*, 452 U.S. at 33; *see also Santosky*, 455 U.S. at 753-54.

The U.S. Supreme Court has unequivocally recognized that "[f]amily relationships, by their nature, involve deep attachments and commitments," provide necessary "emotional enrichment," and are "central to any concept of liberty." *See Roberts*, 468 U.S. at 619. As such, the federal government has a duty under the First, Fifth, and Ninth Amendment to protect vulnerable children and their parents from being needlessly separated by the government.

These constitutional standards apply to children in government custody, such as foster children. Federal courts have recognized that children in foster care have a constitutional right to family integrity and association. *See, e.g., Kenny A. v. Perdue*, 218 F.R.D. 277, 296 (N.D. Ga. 2003) ("The constitutional right to family integrity encompasses the right of children in foster care to have meaningful contact with their siblings and parents…"). Placing siblings in separate placements, and then failing to provide them with visits on a reasonable basis would "violate[] their right to freedom of association under the First Amendment . . . ." *See Aristotle P. v. Johnson*, 721 F. Supp. 1002, 1005 (N.D. Ill. 1989); *Connor B. v. Patrick*, 771 F. Supp. 2d 142, 163-64 (D. Mass. 2011) (First and Ninth Amendment violation where "[foster] children are denied *any meaningful contact* with family members") (emphasis in original). The state may only deprive foster children of their family relationships for "compelling reasons."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD

1   *Brian A. v. Sundquist*, 149 F. Supp. 2d 941, 956 (M.D. Tenn. 2000); *Eric L. v. Bird*, 848

2   F. Supp. 303, 307 (D.N.H. 1994) (the state "may intervene in the relationship between

3   parent[s] and child" only if "constitutionally adequate procedures are followed").

4   Additionally, the state must establish that the interest cannot be achieved using less

5   restrictive means. *Aristotle P.*, 721 F. Supp. at 1006.

6          These fundamental rights and their interpretation in the foster care setting provide

7   helpful context to aid the Court in its Due Process analysis in the instant case.

8   **IV.     CONCLUSION**

9          For these reasons, the separation of Ms. L and S.S. is an unconscionable

10   overreach of government power violating fundamental principles of fairness, including

11   substantive due process rights under U.S. constitutional law, and threatens one of our

12   most fundamental social constructs, the family.  It also needlessly traumatizes Ms. L.

13   and S.S. and violates nation-wide child welfare practice and international law.  As such,

14   *Amici* urge the Court to find for the Plaintiff.

15

16

17   / / /

18

19

20   / / /

21

22

23   / / /

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Diego

15

Memo. Of P&A by *Amicus Curiae* iso Pltf's Habeas
Corpus Petition & Complaint for Declaratory and
Injunctive Relief Case No.: 3:18-cv-00428-DMS-MDD

Dated:  March 2, 2018                    COOLEY LLP


_____
                                        */s/ Summer Wynn*

SUMMER J. WYNN

Attorney for *Amici Curiae*

Children's Rights; Children's Defense
Fund; Children's Law Center of Minnesota;
Dr. Luis Zayas; First Star, Inc.; Foster
Children's Project of the Legal Aid Society
of Palm Beach County; Juvenile Law
Center; Lawyers for Children: Legal
Counsel for Youth and Children; Pegasus
Legal Service for Children; Prof. Michael J.
Dale; The American Academy of Social
Work and Social Welfare; The Center for
Children & Youth Justice; The Children's
Advocacy Institute; Women's Refugee
Commission

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16

MEMO. OF P&A BY *AMICUS CURIAE* ISO PLTF'S HABEAS
CORPUS PETITION & COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF CASE NO.: 3:18-CV-00428-DMS-MDD