CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation (OIL)
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director, OIL District Court Section
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125 / 7183
619-546-7751 (fax)

Attorneys for Federal Respondents-Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L,<br><br>Petitioner-Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>Hon. Dana M. Sabraw<br><br>**RESPONDENT-DEFENDANTS' RESPONSE IN OPPOSITION TO PETITIONER-PLAINTIFF'S MOTION TO EXPEDITE PRELIMINARY INJUNCTION SCHEDULE** |

Petitioner Ms. L has moved to expedite the briefing schedule for her March 3, 2018 motion for preliminary injunction [ECF Doc. 21], which would require Respondents to file their response by March 9, 2018. [ECF Doc. 14-1.] Briefing should not be expedited given facts not disclosed to this Court about the status of Petitioner's removal proceedings, plus recent developments in those proceedings that resulted in Petitioner's release[1] from ICE detention yesterday evening. Efforts are also underway to expeditiously resolve current doubts about whether Petitioner is the mother of S.S. to the satisfaction of the Office of Refugee Resettlement ("ORR") of the U.S. Department of Health and Human Services ("HHS").[2]

Petitioner is currently under a January 26, 2018 *final* order of removal and repatriation to Angola or, in the alternative, to the Democratic Republic of Congo ("DRC"). At her January 26, 2018 hearing before an Immigration Judge ("IJ"),[3] Petitioner withdrew her asylum application, requested that the IJ designate Angola as the country of her removal and repatriation, and waived appeal. The removal order therefore became final. *See* 8 C.F.R. § 1241.1(b), and ICE began efforts to repatriate Petitioner to either Angola or DRC.

Pending such efforts, Petitioner was until yesterday detained by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1231(a)(2). Non-party "S.S.", her putative daughter, continues to be in the care of ORR pending S.S.'s removal proceedings, pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C. § 1232(b)(3). *See also* 6 U.S.C. § 279(g)(2) (definition of unaccompanied child).

///

///

---

[1] Because Petitioner is under final order of removal, she has mistakenly requested "parole" in her petition-complaint. [*See* ECF Doc. 1, paras. 54 and 72-74 (count IV).] ICE's authority to detain/parole is under 8 U.S.C. § 1225, but after final order of removal, the authority to detain/release is under 8 U.S.C. § 1231.

[2] The facts set forth in this pleading are based on information that has been supplied to the undersigned and are, to the best of the undersigned's knowledge, accurate as of the time of this filing. Supporting documentation will be provided in a future briefing.

[3] The undersigned is in the process of obtaining a transcript of the hearing.

S.S. was initially referred by ICE to ORR care due to ICE's suspicions about Petitioner's claim to be her mother. Based upon the referral from ICE, ORR complied with its statutory obligation to place S.S. in a facility with available space that could provide her with care and custody in the least restrictive setting available, and that took into account her child welfare needs. [*See* Declaration of Julissa Portales Banzon ("Banzon Declaration"), paras. 5 & 6.]

On February 26, 2018, Petitioner commenced this case, asking this Court either to order her and S.S.'s release from custody or to order their detention together, failing to inform this Court that Petitioner was under final order of removal at the time.

On February 28, 2018, two days after Petitioner commenced this case, Petitioner's immigration attorney, Ms. Elizabeth Lopez, filed a motion to reconsider Petitioner's removal order before the IJ. The motion to reconsider remains pending.

On March 3, 2018, Petitioner filed her motion for preliminary injunction in this case.[4]

On March 5, 2018, Ms. Lopez submitted a request to ICE to stay Petitioner's removal given her pending motion to reconsider.

On March 6, 2018 (yesterday), ICE granted the stay request.

That same day, given the new circumstances, ICE released Petitioner from detention to Ms. Lopez.

Efforts are also underway to verify whether Petitioner and S.S. are mother and daughter. In the best interests of S.S., who is in ORR care, not ICE detention, she will not be released to Petitioner until parentage has been established to ORR's satisfaction, and ORR can follow its ordinary release policies and procedures for safely releasing a child to a suitable sponsor, including a parent.

///

---

[4] Petitioner's motion for preliminary injunction includes the March 1, 2018 declaration of her immigration counsel Ms. Lopez who provides some information about the removal proceedings, but does not mention that Petitioner was subject to the January 26, 2018 final order of removal or that, on February 28, 2018, she had filed a motion to reconsider the removal order. [ECF Doc. 21-1 at 90-92.]

There are several facts contained in the record, which have raised serious doubts about Petitioner's identity and her country of origin which, as a result, have raised doubts about the claimed parent-child relationship, and ORR needs, among other things, to resolve those doubts. Given the minimal documentation available of the alleged parent-child relationship, which includes only a student identification card for S.S. with the Petitioner's name on it, ORR will require DNA testing of the Petitioner and S.S. S.S.'s appointment to collect DNA (by swabbing) was scheduled for today, March 7, 2018.

Apart from the fact that Petitioner's claims lack merit given that she was subject to a final order of removal when she commenced this case,[5] additional information supplied here, plus new developments, should allay any concerns that expedited briefing is needed on Petitioner's motion for a permanent injunction.

ORR must still act in S.S.'s best interests to follow its release policies and procedures before releasing S.S. to a sponsor such as her putative mother, Ms. L. First and foremost, before releasing S.S. to Ms. L, consistent with the authority of the TVPRA, ORR must be assured of Ms. L's identity and of a verifiable parent-child relationship between Ms. L and S.S. *See* 8 U.S.C. § 1232(c)(3)(A); *ORR Guide to Children Entering the United States Unaccompanied* (ORR Guide), at Sec. 1.1 (Summary of Policies for Placement and Transfer of Unaccompanied Alien Children in ORR Care Provider Facilities), *available at* https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied (last visited Mar. 6, 2018); *see also* Banzon Declaration, paras. 9 & 10.

///

///

---

[5] In addition, as will be explained further in future briefing, Petitioner and S.S. were separated because Petitioner, as an arriving alien, was subject to detention pending removal proceedings, *see Jennings v. Rodriguez*, -- S. Ct. --, 2018 WL 1054878, at *5 (Feb. 27, 2018), making S.S. an unaccompanied child who had to be transferred to the care of ORR/HHS, as explained above. Apart from the fact that there is no constitutional right of detainees to be housed with family members, *see, e.g., Milan-Rodriguez v. Sessions*, No. 16–cv–01578–AWI–SAB–HC, 2018 WL 400317, at *8-10 (C.D. Cal. Jan. 12, 2018), and apart from the fact that there is limited space available in ICE's family residential centers, ICE's family unit decided that joint detention at such a center was not a viable option given legitimate questions about Petitioner's identity and her relationship to S.S., which remain unresolved.

| | | |
|---|---|---|
| 1 | DATED: March 7, 2018 | Respectfully submitted, |
| 2 | | ADAM L. BRAVERMAN<br>United States Attorney |
| 3 | | |
| 4 | | s/ *Samuel W. Bettwy*<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney |

CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
Civil Division, U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney

Attorneys for Respondents-Defendants