CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 616-0473
Fax: (202) 616-8962

ADAM L. BRAVERMAN
Acting United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
CAROLINE J. PRIME
Assistant U.S. Attorney
California Bar No. 220000
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125 / 7183
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MS. L., et al. | Case No. 18-cv-428 DMS MDD |
| Petitioner-Plaintiff, | HEARING DATE: May 4, 2018 Hon. Dana M. Sabraw |
| vs. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | **RESPONDENT-DEFENDANTS' OPPOSITION TO PETITIONERS-PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| Respondents-Defendants. | |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ....................................1

      A.    Ms. L........................................................1

      B.    Ms. C. ......................................................3

III.  ARGUMENT ..........................................................5

      A.    Legal Standard...............................................5

      B.    Plaintiffs fail to Meet the Rule 23(a) Requirements ..........6

            1.  Plaintiffs are Not Adequate Class Representatives ..................6

            2.  The Proposed Class fail to satisfy the commonality
                requirement of Rule 23(a)(2) and typicality
                requirement of Rule 23(a)(3) .....................................8

                a.  Plaintiffs have failed to meet the commonality
                    requirement of Rule 23(a)(2)..........................9

                b.  Plaintiffs have failed to meet the typicality
                    requirements of Rule 23(a)(3) ........................11

      C.    Certification is not proper under Rule 23(b)(2) .................12

IV.   CONCLUSION...........................................................15

18cv428

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>CASES</u>

3

*Amchem Prods, Inc. v. Windsor*,

4
    521 U.S 591 (2016) ...........................................................................................8

5

*Brandon v. National R.R. Passenger Corp. Amtrack*,

6
    2013 WL 800265 (C.D. Cal. Mar. 1, 2013) ........................................................7

7

*Briseno v. ConAgra Foods, Inc.*,

8
    844 F.3d 1121 (9th Cir. 2017) ....................................................................13,14

9

*DG ex rel. Stricklin v. Devaughn*,

10
    594 F.3d 1188 (10th Cir. 2010) ........................................................................9

11

*Dittimus-Bey v. Taylor*,

12
    244 F.R.D. 284 (D.N.J. 2007) ..........................................................................7

13

*Easterlin . Conn Dept. Of Corr.*,

14
    265 F.R.D. 45, at 52 (D. Conn. 2010) ............................................................11

15

*Ellis v. Costco Wholesale Corp.*,

16
    657 F.3d 970 (9th Cir. 2011) ............................................................................9

17

*Fallick v. Nationwide Mut. Ins. Co.*,

18
    162 F.3d 410 (6th Cir. 1998) ............................................................................6

19

*Gen. Tel. Co. of Sw. v. Falcon*,

20
    457 U.S. 147 (1982) .......................................................................................5, 9

21

*Gonzalez v. City of Waterbury*,

22
    No. 3:06-cv-89 (CFD), 2008 WL 747666 (D. Conn. Mar. 18, 2008).................12

23

*Gonzalez v. Comcast Corp.*,

24
    2012 U.S. Dist. LEXIS 196 (E.D. Cal. Jan. 3, 2012)...........................................14

25

*Gratz v. Bollinger*,

26
    539 U.S. 244 (2003) ..........................................................................................6

27

28

18cv428

*Greeley v. KLM Royal Dutch Airlines*,
 85 F.R.D. 697 (S.D.N.Y. 1980) ..............................................................8

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ............................................................8, 9

*Heffelfinger v. Electronic Data Sys. Corp.*,
 2008 WL 8128621 (Jan. 7, 2008) ....................................................14, 15

*In re Google AdWords Litigation*,
 No. 5:08–CV–3369 EJD, 2012 WL 28068 (N.D. Cal. Jan. 5, 2012) ..................15

*Jennings v. Rodriguez*,
 583 U.S.—,138 S.Ct. 830 (Feb. 27, 2018) ......................................12, 13

*Leyva v. Medline Indus. Inc.*,
 716 F.3d 510 (9th Cir. 2013) .................................................................5

*Lightbourn v. Cnty. of El Paso, Tex.*,
 118 F.3d 421 (5th Cir. 1997) .................................................................9

*Lightfoot v. District of Columbia*,
 273 F.R.D. 314 (D.D.C. 2011) ...............................................................9

*McKenzie v. Ellis*,
 No. 10CV1490-LAB AJB, 2012 WL 4050297 (S.D. Cal. Sept. 13, 2012) ..........8

*Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.)*,
 471 F.3d 24 (2d Cir. 2006) ..................................................................11

*Morgan v. Metro. Dist. Comm'n*,
 222 F.R.D 220 (D. Conn. 2004) ...........................................................11

*Nguyen Da Yen v. Kissinger*,
 70 F.R.D. 656 (N.D. Cal. 1976) ............................................................9

*Norman v. Connecticut State Bd. of Parole*,
 458 F.2d 497 (2d Cir. 1972) .................................................................7

*O'Connor v. Boeing North American, Inc.*,
   184 F.R.D. 311  (C. D. Cal. 1988)................................................................15

*Probe v. State Teachers' Ret. Sys.*,
   780 F.2d 776 (9th Cir. 1986) .................................................................14

*Reno v. American–Arab Anti–Discrimination Comm.*,
   525 U.S. 471 (2000) ...............................................................................13

*Saravia, et al. v. Sessions*, et al.,
   280 F. Supp. 3d 1168 (N.D. Cal. 2017).................................................7

*Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016) ...............................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ........................................................................*passim*

*Walker v. Asea Brown Boveri, Inc.*,
   214 F.R.D. 58 (D. Conn. 2003) .............................................................11

*Williams v. Oberon Media, Inc.*,
   468 F. App'x 768 (9th Cir. 2012)..........................................................15

*Yokoyama v. Midland Nat'l Life Ins. Co.*,
   594 F.3d 1087 (9th Cir. 2010) .................................................................6

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .................................................................5

## **STATUTES**

6 U.S.C. § 279(g)(2)........................................................................2, 4, 11

8 U.S.C. § 1225a .......................................................................................4

8 U.S.C. § 1225(b) ....................................................................................2

18cv428

8 U.S.C. § 1229a ...................................................................................4

8 U.S.C. § 1232(b)(3) ......................................................................2, 4, 11

8 U.S.C. § 1232(c)(3) ...........................................................................3

8 U.S.C. § 1232(c)(3)(A) .......................................................................3

8 U.S.C. § 1325 ...................................................................................4

## RULES

Fed. R. Civ. P. 23 ..........................................................................1, 5, 6

Fed. R. Civ. P. 23(a) ......................................................................5, 6, 9

Fed. R. Civ. P. 23(a)(2) ........................................................................8

Fed. R. Civ. P. 23(a)(4) ......................................................................7, 8

Fed. R. Civ. P. 23(b)(2) ............................................................1, 5, 13, 15

## REGULATIONS

8 C.F.R. § 1241.1(b) ...........................................................................3

## OTHER AUTHORITIES

*Class Certification in the Age of Aggregate Proof*,
    84 N.Y.U. L. Rev. 97 (2009) ................................................................9

Moore, James, *Moore's Federal Practice: a Treaties on the Federal Rules
    of Civil Procedure* ..........................................................................15

## I.      INTRODUCTION

The Government respectfully submits this memorandum of law in opposition to Plaintiffs' motion for class certification. This case involves two named Plaintiffs, Ms. C. and Ms. L. —each of whom had been detained at an immigration detention facility but have since been released—and who attempt to challenge, as a class action, the separation of purported family units by the Department of Homeland Security. The Court should deny Plaintiffs' request for class certification because Plaintiffs fail to meet the requirements of Federal Rule of Civil Procedure 23.

As a threshold matter and as set forth more fully in Respondents' motion to dismiss and opposition to the motion for preliminary injunction, Plaintiffs' claims are moot. Specifically, as of this date, both Ms. L. and Ms. C. have been released from custody, Ms. L. has been reunited with her daughter, and Ms. C. is in the process of seeking reunification with her son. In addition, Ms. C.'s case also should be dismissed for lack of venue. The Court should therefore deny Plaintiffs' motion to certify a class because:  (1) Plaintiffs' proposed representatives are inadequate class representative because their individual claims are moot and, in the case of Ms. C., not properly before this Court; (2) Plaintiffs fail as to both commonality and typicality with respect to the proposed class where they cannot establish a common question of law; and (3) Plaintiffs fail to meet the requirement of Rule 23(b)(2) of demonstrating that declaratory relief is appropriate for the class as a whole. Accordingly, Plaintiffs' motion should be denied.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

A.      Ms. L.

Ms. L. claims to be a citizen of the Democratic Republic of the Congo, who sought admission to the United States on November 1, 2018 at the San Ysidro, California Port of Entry. Amended Complaint, ECF No. 32, ¶¶ 10, 40. She was accompanied by her daughter S.S. *Id.* ¶ 40. When she arrived at the port of entry Ms. L. had no identity documents other than the Mexican exit visa issued to her, and she stated that her identity documentation had been lost during her travel to the United States. *See* Declaration of Mario Ortiz ("Ortiz

Decl."), ECF No. 46-1, ¶ 5; ECF No. 50 at 12. Ms. L. stated that she wished to seek asylum, and CBP officers therefore referred her for a credible fear interview with a USCIS asylum officer and transferred her to ICE custody. *Id.* ¶¶ 40-41. Pending that interview, Ms. L. was subject to mandatory detention. 8 U.S.C. § 1225(b). Because Ms. L. had no identity documents, ICE had no way to immediately confirm whether S.S. was, in fact, Ms. L.'s daughter, so it could not place Ms. L. and S.S. in an ICE family residential center. Accordingly, ICE detained Ms. L. at the Otay Mesa Detention Center. *Id.* ¶ 41. Because Ms. L. was subject to mandatory detention by ICE, S.S. had "no parent or legal guardian in the United States . . . available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Therefore, in accordance with the Trafficking Victims Protection Reauthorization Act (TVPRA), S.S. was transferred to the custody of the Office of Refugee Resettlement (ORR). 8 U.S.C. § 1232(b)(3); Amended Complaint ¶ 42; ECF 57-1, Decl. of Jallyn N. Sualog ¶ 3.

S.S. was housed by ORR in a non-secure shelter care facility licensed by the State of Illinois to provide residential care to children. ECF No. 57-1, Sualog Decl. ¶ 9. The facility is one which is capacitated to shelter young children such as S.S. and is routinely used for such children. *Id.* The facility is unique in that it provides developmentally appropriate care which is culturally sensitive to many young children like S.S. from diverse non-Central American countries such as the Congo, Guinea, Nepal, Haiti, Kyrgyzstan, China, Vietnam, India, Bangladesh, and Romania. *Id.* At the facility, S.S. received many services, including case management, clinical, educational and medical services throughout the duration of her stay in ORR care. *Id.*

On November 17, 2017, a USCIS asylum officer conducted a credible fear interview for Ms. L. Amended Complaint ¶ 41; ECF No. 50 at 20. The asylum officer determined that Ms. L had met the credible fear threshold to have her asylum application heard by an immigration judge. Amended Complaint ¶ 41; ECF No. 50 at 20. Ms. L appeared, unrepresented, before Immigration Judge Halliday-Roberts and was granted a continuance until January 26, 2018, to seek legal representation. ECF No. 50 at 25. On January 26, 2018, Ms. L appeared again, unrepresented, before the immigration judge, stating her desire to

continue without an attorney. ECF No. 50 at 26. The immigration judge ordered that Ms. L be removed from the United States. ECF No. 50 at 28, 31. Ms. L waived appeal, and so her removal order became immediately final. *See* 8 C.F.R. § 1241.1(b).

Ms. L. remained in ICE detention pending her removal from the United States pursuant to the final order of removal. On February 28, 2018, Ms. L., represented by counsel, filed a motion to reconsider her removal order with the immigration court. ECF No. 50 at 33-47. On March 5, 2018, Ms. L. submitted a request to ICE to stay her removal given her pending "Motion to Reconsider and possible Motion to Reopen or Appeal to [Board of Immigration Appeals]." ECF No. 50 at 48-49. On March 6, 2018, ICE granted the request for stay of removal. *Id*. That same day, ICE released Ms. L from detention. Amended Complaint ¶ 41.

In order to facilitate the reunification process, ORR took steps to verify whether Ms. L and S.S. were mother and daughter by conducting a DNA test, and on March 12, 2018 received results showing that they are. ECF No. 44. ORR also made the TVPRA-mandated "determination that the proposed custodian is capable of providing for the child's physical and mental well-being." 8 U.S.C. § 1232(c)(3)(A); *see also* ORR Guide §§ 2.2, 2.7.8; Status Report, Mar. 19, 2018, ECF No. 49; 8 U.S.C. § 1232(c)(3). On March 16, 2018, ORR released S.S. into Ms. L.'s custody.

B.    Ms. C.

On August 26, 2017, at approximately 6 pm local time, a Border Patrol Agent from the El Paso Sector observed two individuals crossing the U.S./Mexico border into the United States, on foot, approximately eight miles east of the Santa Teresa Port of Entry.  ECF No. 57-2, Declaration of Manuel Ibarbo ("Ibarbo Decl."), ¶ 2.  The agent approached the two individuals in his marked Border Patrol vehicle, and identified himself.  *Id*. ¶ 3. The two individuals were Ms. C., and her minor son, J., who both admitted to being citizens of Brazil with no immigration documentation to lawfully be present, or lawfully remain in, the United States. *Id*. Both were arrested and transported to the Santa Teresa, New Mexico Border Patrol station for processing.  *Id*.

After being arrested by Border Patrol, Ms. C. stated that she feared returning to her home country. Amended Complaint ¶ 55; ECF No. 57-2, Ibarbo Decl., ¶ 4. Ms. C. was prosecuted for illegally entering the United States under 8 U.S.C. § 1325, and was sentenced to serve time in criminal custody. Amended Complaint ¶¶ 56-57. Because Ms. C. was prosecuted and sentenced to jail time, J. had "no parent or legal guardian in the United States . . . available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Therefore, in accordance with the TVPRA, J. was transferred to the custody of ORR. 8 U.S.C. § 1232(b)(3); Amended Complaint ¶ 56.

Ms. C. has since been found to have credible fear, and placed in removal proceedings under 8 U.S.C. § 1229a. *Id.* ¶ 55. After her release from criminal custody, ICE took her into custody. *Id.* ¶ 57. On April 5, 2018, Ms. C. had a bond hearing before an immigration judge and was ordered released from custody on a $3000 bond, and subject to GPS monitoring by DHS. *See* ECF No. 57-3, Order of the Immigration Judge. Ms. C. has since been released from custody. ORR is currently following the steps under the TVPRA to provide for the reunification of Ms. C. and J. ECF No. 57-1 ¶ 14.

Relevant here, on March 9, 2018, Plaintiffs filed a Motion for Class Certification, asking the Court to certify a class as follows:

> All Adult parents nationwide who (1) are or will be detained in immigration custody by the Department of Homeland Security, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, absent a demonstration in a hearing that the parent is unfit or presents a danger to the child.

Plaintiffs note that this class definition "concerns only the time in which Ms. C. and other class members are separated from their children while the parent is in immigration custody, and not the period of separation while the parent is in jail for a criminal conviction." ECF No. 35-1.

### III. ARGUMENT

Plaintiffs fail to meet the requirements of Rule 23(a) and Rule 23(b)(2). The Court should therefore deny Plaintiffs' motion to certify a class in its entirety.

A. <u>Legal Standards</u>

"Class certification is governed by Federal Rule of Civil Procedure 23. Under Rule 23(a), the party seeking certification must demonstrate, first, that. (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 345; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Here, Plaintiffs seek to certify a class under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360.

Rule 23 "does not set forth a mere pleading standard." *Id.* at 350. Rather, "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350–51 (internal quotation omitted). "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). This is because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (internal quotation

omitted). Nonetheless, the ultimate decision regarding class certification "involve[s] a significant element of discretion." *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090 (9th Cir. 2010).

B. Plaintiffs Fail to Meet the Rule 23(a) Requirements[1]

1. Plaintiffs are Not Adequate Class Representatives

Certification is not appropriate unless Plaintiffs identify an adequate class representative. As of this filing, however, Plaintiffs lack a suitable representative necessary for class certification. Fed. R. Civ. P. 23(a). A named representative whose claims are not justiciable or legally valid is in no position to sustain his or her own claims and thus cannot prosecute the action vigorously on behalf of the class. *See Gratz v. Bollinger*, 539 U.S. 244, 262–63 (2003) (noting that, as long as plaintiff has standing to seek injunctive relief against the defendant, the proper scope of the injunction against the defendant is potentially a Rule 23 "adequacy" problem rather than a standing problem); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("Threshold individual standing is a prerequisite for all actions, including class actions. A potential class representative must demonstrate individual standing vis-as-vis [sic] the defendant; he cannot acquire such standing merely by virtue of bringing a class action. . . . Once his standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure.") (internal citations omitted).

As an initial matter, Ms. L. and Ms. C. are inadequate class representatives for the proposed class because their individual claims are moot for the reasons explained in the Government's motion to dismiss, and opposition brief to Plaintiffs' motion for preliminary injunction. *See also* ECF No. 52. Specifically, both Ms. L. and Ms. C. have been released

---

[1] Because it is difficult to ascertain exactly who would fall into Plaintiffs' proposed class, Respondents do not at this time challenge whether the proposed class meets the numerosity requirement of Rule 23(a)(1), but reserve the right to do so in the future should grounds arise for such a challenge.

from ICE detention, and Ms. L. has been reunified with S.S., while Ms. C. is in the late stages of the reunification process. Because their claims have been rendered moot, both named Plaintiffs are not a part of the very class they seek to represent, and thus cannot demonstrate the adequacy requirement of Rule 23(a)(4). *Cf. Norman v. Connecticut State Bd. of Parole*, 458 F.2d 497 (2d Cir. 1972) (where the claims of the named plaintiff were rendered moot, dismissing action without prejudice on the grounds of inadequate representation, but first allowing thirty days for another member of the class to seek leave to intervene). Moreover, it should be noted that Ms. L.'s claims became moot on March 6, 2018, before Plaintiffs' Amended Complaint or Motion for Class Certification were ever filed.[2] *See* ECF No. 46 at 7.

Ms. C. also fails as an adequate class representative because this Court lacks venue over her claims. Each named plaintiff in a putative class action must independently establish that the Court has venue over her claims. *See Saravia, et al. v. Sessions*, et al., 280 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017) ("At least in most instances, the rule in a proposed class action is that each named plaintiff must independently establish venue."). Ms. C. was detained in the Western District of Texas (and was detained there at the time the Amended Complaint was filed), and her claims have absolutely no nexus to the Southern District of California. Because this Court does not have venue over any of Ms. C.'s claims, she fails as an adequate class representative.

---

[2] Because Ms. L.'s claims were moot before the filing of the Amended Complaint and the Motion for Class Certification, her class claims are not saved by the inherently transitory doctrine. The inherently transitory exception to mootness cannot resurrect this class action because plaintiffs' claims for injunctive relief were moot by the time the amended complaint was filed. *Cf. Dittimus-Bey v. Taylor*, 244 F.R.D. 284, 289 (D.N.J. 2007) (noting that the case fits into that narrow class of claims that are inherently transitory where the case "presented a live controversy when the Complaint and Amended Complaint were filed"); *Brandon v. National R.R. Passenger Corp. Amtrack*, 2013 WL 800265, *3-5 (CD. Cal. March 1, 2013) (dismissing class action claims as moot when plaintiff had received all unpaid meal and rest premiums and business expenses). Ms. C.'s claims are likewise not saved by inherently transitory doctrine, where the Court does not have venue over any of Ms. C.'s claims,

The adequacy requirement serves to protect the due process rights of absent class members who will be bound by the judgment. *Greeley v. KLM Royal Dutch Airlines*, 85 F.R.D. 697, 700 (S.D.N.Y. 1980). A determination of legal adequacy is two-fold: (1) that the proposed representative plaintiff and his or her counsel do not have any conflicts of interest with the proposed class; and (2) that they will prosecute this action vigorously on behalf of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). In order to satisfy Rule 23(a)(4), "a class representative *must* be part of the class and possess *the same interest* and suffer the same injury as the class members." *Amchem Prods, Inc v. Windsor*, 521 U.S 591 at 625-26 (2016) (emphasis added).

As applied to this case, Plaintiffs fail to meet their burden to demonstrate how Ms. L. and Ms. C. can vigorously prosecute this action challenging DHS's lawful immigration enforcement and detention decisions, where their claims are not properly before this Court. *See McKenzie v. Ellis*, No. 10CV1490-LAB AJB, 2012 WL 4050297, at *8 (S.D. Cal. Sept. 13, 2012) (noting petitioner was "particularly unqualified to represent the claims of any other prisoners at [] because his own claim for prospective relief is moot"). Because there is no reason to believe that the named Plaintiffs maintain any interest aligned with the interests of putative class members, nor can Plaintiffs meet their burden to establish that they would fairly and adequately protect the rights and interests of potential class members, this Court should deny Plaintiffs' motion to serve as class representatives.

>    2. The Proposed Class fail to satisfy the commonality requirement of Rule 23(a)(2) and typicality requirement of Rule 23(a)(3).

Plaintiffs' request to certify a class also fails as to both commonality and typicality. Rule 23(a)(2) requires that Plaintiffs establish that "there are questions of law or fact common to the class." Thus, litigants seeking class certification must show that a court would be able to fairly and efficiently resolve the issue raised by the class "in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide

proceeding to generate common answers apt to drive the resolution of the litigation." *Id*. at 2551 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131-32 (2009)).  Rule 23(a)'s commonality and typicality requirements occasionally merge, as both serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff and the class claims are so interrelated that the interests of the class members would be fairly and adequately protected in the named plaintiffs absence.  *Wal-Mart Stores, Inc*., 131 S. Ct. at 2551 n.5 (quoting *Falcon*, 457 U.S. at 157-58).  When the typicality requirement pairs with the commonality requirement the focus because "the similarity between the named Plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997).

### a.  Plaintiffs have failed to meet the commonality requirement of Rule 23(a)(2).

Although "[t]he existence of shared legal issues with divergent factual predicates is sufficient [to establish commonality]," *Hanlon*, 150 F.3d at 1019, commonality cannot be established where there is wide factual variation requiring individual adjudications of each class member's claims. *See Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 663–64 (N.D. Cal. 1976). Further, Plaintiffs' "allegations of systemic violations of the law . . . will not automatically satisfy Rule 23(a)'s commonality requirement." *See*, *e.g. Lightfoot v. District of Columbia*, 273 F.R.D. 314, 324 (D.D.C. 2011) (decertifying a class for failure to meet the commonality required by Rule 23(a)(2)) (quoting *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010)). Instead, the Court must examine the merits of the claims as necessary to determine whether there is a "common pattern or practice that could affect the class as a whole." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011).

Plaintiffs attempt to meet their burden to demonstrate commonality simply by asserting the legal standards governing commonality and then listing four legal claims that they state are common to the proposed class. Plaintiffs allege that the common issues raised by all class members are: 1) a due process right to family integrity; 2) a constitutional claim

of whether the government may separate them from the minor children without any hearing and demonstration that they are unfit parents; 3) an Administrative Procedures Act (APA) claim as to whether it is arbitrary and capricious for the government to separate a parent and a child without providing a reasoned explanation; and 4) whether, if the government were to provide a reason for separation, the Due Process Clause permits Defendants to separate purported families without providing some kind of pre-deprivation process.  ECF 35-1, at 17.

As the Supreme Court instructed in *Wal-Mart*, Plaintiffs must do more to demonstrate commonality than merely allege that they and the proposed class have suffered violations of the same provisions of law.  564 U.S. at 349-350.  Moreover, Plaintiffs cannot simply identify questions that are common to the entire class.  *Id*. at 350 ("'What matters to class certification . . . is not the rising of common 'questions' . . ., but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'") (internal quotations omitted).  Here, Plaintiffs fail to establish commonality because they do not address or demonstrate that any purported common questions will "generate common answers apt to drive resolution of the litigation."  *Id*.  Put another way, Plaintiffs cannot establish that common facts apply to each purported class member, meaning there are not sufficient "common answers," because family separation may result from a variety of different fact-specific scenarios that would be unique to each purported family unit.

The individual cases of each named Plaintiff exemplify the failure of the proposed class to identify a "common pattern or practice" that necessarily generates common answers that would drive resolution of this litigation. In the case of Ms. C., the separation of a parent and child occurred when Ms. C. was prosecuted for a criminal offense as a result of crossing the U.S.-Mexico border between the ports of entry unlawfully, and subject to a period of criminal custody. J. could not also be placed into criminal custody, and Ms. C.'s prosecution and criminal custody rendered her unavailable to provide care and custody to J., rendering him an unaccompanied alien child (UAC). Therefore, he was transferred into the care and

custody of ORR in accordance with the TVPRA. *See* 6 U.S.C. § 279(g)(2); 8 U.S.C. § 1232(b)(3). In the case of Ms. L., the separation of a parent and child occurred because there was insufficient information to confirm the claimed relationship.  *See* 6 U.S.C. § 279(g); 8 U.S.C. § 1232(b)(3).

These two very different scenarios are a clear example that the "common" legal questions proffered by Plaintiffs ignore the different immigration and law enforcement considerations and actions that may result in the separation of a purported family unit. Thus, Plaintiffs' proposed common legal questions are based on an incorrect presumption of common facts that plainly are not present for the two named Plaintiffs, let alone present for all class members. *See Wal-Mart*, 564 U.S. at 349 (finding that recitation of questions is "not sufficient to obtain class certification"). More specifically, Plaintiffs seek to assert the common injury of "family separation," without acknowledging that such separation arises from many different factual situations, and so to evaluate this injury the Court would need to examine these widely varying array of factual situations. *Wal-Mart Stores, Inc.,* 564 U.S. at 349–50; *Miles v. Merrill Lynch & Co.* (*In re Initial Pub. Offerings Sec. Litig.*), 471 F.3d 24, 41 (2d Cir. 2006) (commonality determinations "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement").  Because any analysis of the injury of separation requires a case-by-case evaluation, Plaintiffs' motion for class certification should be denied. As noted *supra*, the distinctions in the various potential class member's facts that underlie each potential claim prevent a finding of a "common pattern or practice." Accordingly, Plaintiffs have failed to meet their burden to establish the commonality requirements of Rule 23(a)(2), and their motion should be denied.

> **b.  *Plaintiffs have failed to meet the typicality requirements of Rule 23(a)(3).***

Rule 23(a)(3)'s typicality requirement requires Plaintiffs' to demonstrate that "'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Easterling v. Conn. Dept. of Corr.*, 265 F.R.D.45, at 52 (D. Conn. 2010) (quoting *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 63 (D. Conn. 2003)). As one court recently observed, a plaintiff must allege

the specific circumstances that caused the harm, as well as that "these circumstances are the same for the rest of the proposed class members." *Gonzalez v. City of Waterbury*, No. 3:06-cv-89 (CFD), 2008 WL 747666, at *2 (D. Conn. Mar. 18, 2008) (dismissing Plaintiffs' complaint for, inter alia, failure to satisfy the typicality requirement of Rule 23(a)). Here, however, Plaintiffs simply assert that the typicality requirement is met for the same reasons that they assert the class presents common questions of law and fact. They then conclude that, "as with commonality, any factual differences between Plaintiffs and proposed class members are not material enough to defeat typicality." ECF 35-1, at 20.

As discussed above, the need for individualized determinations to evaluate Plaintiffs' claims makes clear that Plaintiffs have not and cannot meet the typicality requirement of Rule 23(a)(3). Contrary to Plaintiffs' assertion, the factual variations in individual cases are exactly why typicality cannot be established in this case. Moreover, because of the uniqueness of each Plaintiffs' claims, they cannot possibly establish that they are typical of any putative class members. Instead, courts have consistently held that class certification is not appropriate under such circumstances. *See Morgan v. Metro. Dist. Comm'n*, 222 F.R.D 220, 231 (D. Conn. 2004), (finding lack of commonality and typicality where class members vary greatly regarding their individual circumstances so that fact finder will have to consider each of named Plaintiffs' claims on case-by-case basis).

C.   Certification is not proper under Rule 23(b)(2).

Finally, the Court should deny certification because Plaintiffs fail to meet the requirement of Rule 23(b)(2). To certify a class under Rule 23(b)(2), Plaintiffs must show that "declaratory relief is available to the class as a whole" and that the challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."[3] *Wal-Mart Stores, Inc.*, 564 U.S. at 360. Accordingly, under Rule

_____

[3] In a recent decision, the Supreme Court questioned the propriety of litigating certain due process claims as a class. Specifically, the Supreme Court held that "[s]ection 1252(f)(1) thus 'prohibits federal courts from granting classwide injunctive relief against the operation of §§ 1221-123[2].'" *Jennings v. Rodriguez*, 583 U.S.—,138 S.Ct. 830, 851 (Feb. 27, 2018)

23(b)(2), Plaintiffs must prove that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs cannot meet their burden of demonstrating that the factual differences in the class are unlikely to bear on the individual's entitlement to declaratory relief.

As a threshold matter, Plaintiffs' proposed class is deficient in its definition, such that it makes final injunctive relief inappropriate for the proposed class as a whole. Although the Ninth Circuit held Rule 23 does not contain a separate "ascertainability" element requiring movants to proffer an administratively feasible way to identify putative class members at the motion for class certification stage. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124, n.4 (9th Cir. 2017). However, the Court recognized that other objections to class certification sometimes referred to under the rubric of "ascertainability" were still valid. The Court explained that "we have addressed the types of alleged definitional deficiencies other courts have referred to as 'ascertainability' issues ..., through analysis of Rule 23's enumerated requirements." *Id.* at 1124, n.4. It is therefore relevant here to consider that the Court did not abandon the "definitional deficiencies" and policy considerations underlying the concept of "ascertainability;" it simply chose to address them under the rubrics of the express requirements of Rule 23. *See Briseno*, 844 F.3d at 1124, n.4; *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) (recognizing that a class must not be vaguely defined and must be "sufficiently definite to conform to Rule 23")).

As such, the *Briseno* decision does not relieve Plaintiffs from defining their proposed class clearly, objectively, and in terms that permit identification of the putative class

---

(citing *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, at 481 (2000)). The Court further questioned "whether a Rule 23(b)(2) class action litigated on common facts is an appropriate way to resolve respondents' Due Process Clause claims." *Id.* at 852. The Supreme Court remanded that question to the Ninth Circuit directing that "the Court of Appeals should consider on remand whether it may issue classwide injunctive relief based on respondents' constitutional claims." *Id.* at 851.

18cv428

members, without resorting to individualized inquiries. In reality, though, in order to determine who is a member of Plaintiffs proposed class, it is necessary to conduct an individual analysis of each case because, as Plaintiffs explained, their proposed class *only* includes the time period "while a parent is in immigration custody, and not the period of separation while the parent is in jail for criminal conviction." ECF 35-1, at 11. And relevant to the 23(b)(2)inquiry, Plaintiffs seek to enjoin the legitimate operations of DHS.

An example of the problems with Plaintiffs' proposed class definition is found in the case of Ms. C. The separation of Ms. C. and J. occurred when Ms. C. was remanded to criminal custody for prosecution, and subsequently convicted and sentenced to criminal custody. As a result her son was transferred to the custody of ORR, as she was unable to provide care for him. It is unclear at what point Ms. C. would become a member of Plaintiffs' proposed class—whether at the point she was referred for prosecution by CBP, or later when she was released from criminal custody and detained by ICE in an immigration detention facility. At the time that Ms. C. was transferred to ICE custody, J. was already in ORR custody, and thus Ms. C.'s ability to avail herself of the injunctive relief Plaintiffs are requesting would have already passed. This is but one example of the ways in which Plaintiffs' proposed class definition precludes this Court from being able to grant relief that would be applicable to the class as a whole.

Simply put, a class also cannot be certified where the definition requires the court to evaluate the facts and circumstances of each individual class member's arrest and detention to determine membership. *See Gonzales v. Comcast Corp.*, 2012 U.S. Dist. LEXIS 196, at *61; 63-64 (E.D. Cal. Jan. 3, 2012). Without a more precise definition here, it is impossible to determine who might be a member of Plaintiffs' putative class. This by itself renders the class action "unmanageable virtually by definition," *see Heffelfinger v. Electronic Data Sys. Corp*, 2008 WL 8128621, at *5 (Jan. 7, 2008); 5 Moore's Federal Practice, § 23.21[3][c], and makes Plaintiffs' class definition unworkable. Plaintiffs thus fail to propose a class definition that is "'precise, objective, and presently ascertainable.'" *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311 at 319 (C. D. Cal. 1988). For this reason alone, this

Court should deny Plaintiffs' request to certify a class in this case. *See Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 771 (9th Cir. 2012) (unpublished) (class motion was properly denied because the proposed members were not "precise, objective or presently ascertainable").

For all of these reasons, Plaintiffs fail to satisfy their burden for certification of a class under Rule 23(b)(2), which requires them to demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As the Supreme Court held in *Wal-Mart*, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." 564 U.S. at 360. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id*. (internal quotation omitted). Plaintiffs fail to meet their burden of demonstrating that the factual differences in the class are unlikely to bear on the individual's entitlement to declaratory relief. *See In re Google AdWords Litigation,* No. 5:08–CV–3369 EJD, 2012 WL 28068 *16 (N.D. Cal. Jan. 5, 2012) (finding proposed class is not "sufficiently cohesive to warrant adjudication by representation"). Plaintiffs have not and cannot demonstrate that the common legal issue may be resolved as to all class members simply by virtue of their membership in the class, and thus their motion for class certification should be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for class certification.

DATED: April 20, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-0473
nicole.murley@usdoj.gov

ADAM L. BRAVERMAN
Acting United States Attorney

s/ *Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

CAROLINE J. PRIME
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

16                                                18cv428

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L., et al. | Case No. 18-cv-428 DMS MDD |
| Petitioner-Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I am not a party to the above-entitled action. I have caused service of the accompanying RESPONDENT-DEFENDANTS' OPPOSITION TO PETITIONERS-PLAINTIFFS' MOTION FOR CLASS CERTIFICATION on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 20, 2018

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice

*Attorney for Respondents-Defendants*

1