Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

*Attorneys for Petitioners-Plaintiffs*      *Admitted Pro Hac Vice*
*Additional counsel on next page*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L. et al.,<br><br>        *Petitioners-Plaintiffs,*<br><br>    v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"); et al.,<br><br>        *Respondents-Defendants.* | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: June 26, 2018<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>NO HEARING DATE |

Spencer E. Amdur (SBN 320069)
Stephen B. Kang (SBN 292280)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*samdur@aclu.org*
*skang@aclu.org*

1    1.  The government asserts that Plaintiffs are raising new claims against the

2  zero-tolerance policy and Executive Order.  Dkt. 79, at 5-10.  But Plaintiffs

3  continue to challenge the same family separation practice, and they continue to seek

4  reunification of those already separated.  Dkt. 48-1, at 19; Dkt. 32, at 11-12.  The

5  zero-tolerance policy simply increased the number of people subject to that

6  practice; it did not alter the substance of Plaintiffs' challenge, and indeed, Ms. C.

7  was prosecuted.

8    2.  Defendants state that it may not be possible to place a parent with a

9  "violent or significant criminal history" in family detention.  Lorenzen-Strait

10  Decl., Dkt. 80-1, at 5 (distinguishing "minor crimes").  But if, in the future, in an

11  individual case, a parent is determined genuinely to be a danger to others, and

12  release of the family is truly not an option, and there is no suitable detention center

13  for the family, then the government can assert those circumstances as a basis for

14  separating the family at that time, and the Court's Order can of course leave that

15  possibility open.

16

17  Dated: June 26, 2018                    Respectfully Submitted,

18                                          */s/ Lee Gelernt*

19  Bardis Vakili (SBN 247783)              Lee Gelernt*
    ACLU FOUNDATION OF SAN                  Judy Rabinovitz*
20  DIEGO & IMPERIAL COUNTIES               Anand Balakrishnan*
21  P.O. Box 87131                          AMERICAN CIVIL LIBERTIES
    San Diego, CA 92138-7131                UNION FOUNDATION
22  T: (619) 398-4485                       IMMIGRANTS' RIGHTS PROJECT
23  F: (619) 232-0036                       125 Broad St., 18th Floor
    *bvakili@aclusandiego.org*              New York, NY 10004
24                                          T: (212) 549-2660
25  Spencer E. Amdur (SBN 320069)           F: (212) 549-2654
    Stephen B. Kang (SBN 292280)            *lgelernt@aclu.org*
26  AMERICAN CIVIL LIBERTIES                *jrabinovitz@aclu.org*
    UNION FOUNDATION                        *abalakrishnan@aclu.org*
27  IMMIGRANTS' RIGHTS PROJECT
28  39 Drumm Street

1    San Francisco, CA 94111
     T:  (415) 343-1198
2    F:  (415) 395-0950                    *Admitted Pro Hac Vice
3    samdur@aclu.org
     skang@aclu.org
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2018, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt, Esq.

18cv0428