CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 616-047
 Fax: (202) 616-8962

ADAM L. BRAVERMAN
Acting United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
CAROLINE J. PRIME
Assistant U.S. Attorney
California Bar No. 220000
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893

*Attorneys for Federal Respondents- Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L., et al., | ) |
| | ) |
| Plaintiffs/Petitioners | ) Case No.: 3:18-cv-00428-DMS |
| | ) |
| v. | ) |
| | ) |
| U.S. IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, et al., | ) |
| | ) |
| Respondents/Defendants. | ) |
| | ) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**

I.      Plaintiffs and Defendants (collective, the "Parties") in the above captioned action *Ms. L., et al., v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 3:18-cv-00428-DMS ("Litigation" or "Action") recognize that information about putative or confirmed class members and their children exchanged by the Parties in the Litigation for the purpose of facilitating compliance with the Court's preliminary injunction order may include private information related to individuals in the custody and care of the United States Government and that such materials may reasonably, in good faith, be confidential and protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure.

II.     The Parties desire to enter into this stipulation to facilitate the exchange of documents and information while protecting against the unauthorized disclosure of confidential documents and information.

IV. The Parties believe good cause exists for approving the stipulation because it seeks to protect against injury caused by the dissemination of protected materials. The materials to be protected include personally identifiable information, the disclosure of which could be prohibited by the Privacy Act or other law. However, the Privacy Act provides, as an exception, that such materials may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested materials pursuant to the Privacy Act and Fed. R. Civ. P. 26(c). The parties also seek to protect other personal information regarding putative or confirmed class members or their children.

## Stipulation

NOW, THEREFORE, the Parties stipulate and agree, through their undersigned counsel, to the following terms and conditions to govern the

1  production of information that the producing party reasonably and in good faith

2  deems confidential, and request that the Court enter a protective order (hereafter

3  "Protective Order" or "Order") consistent with the terms of this stipulation.

4      **1.    Scope.**  The following terms govern with respect to class information

5  exchanged by the Parties in the Litigation for the purpose of facilitating compliance

6  with the Court's preliminary injunction order (collectively "Protected Material").

7      **2.    Protected Material.**  The categories of Protected Material include:

8          **a.**    Information, documents or tangible things protected by the

9  Privacy Act, 5 U.S.C. § 552a, *et seq*., or information that would be covered by the

10  Privacy Act if the subject of the information had been a U.S. citizen or a person

11  lawfully admitted for permanent residence.

12          **b.**    Personally Identifying Information (PII), Protected Health

13  Information (PHI), and any information that is protected or restricted from

14  disclosure by statute or regulation.

15          **c.**    All other protected documents, information or tangible things

16  not identified above that the parties agree in writing or the Court orders qualify for

17  protection under Federal Rule of Civil Procedure 26(c).

18          **d.**    Defendants do not waive their right to assert other or further

19  privileges over the information and redact such information.   For instance,

20  Defendants may withhold or redact information that is protected by statute for

21  which no exceptions permitting disclosure apply or exist or information that is

22  subject to a claim of privilege or exemption from disclosure such as withholding

23  classified national security information the Deliberative Process Privilege, Law

24  Enforcement Privilege, Attorney-Client Privilege or Attorney Work Product.

25      **3. Designations.**  It shall be the duty of the party producing the Protected

26  Material ("Producing Party") to give notice of material that is to be considered

27  covered by this Protective Order in the manner set forth in paragraphs 5, 8 and 11

28  below.  Protected Material may be designated as "PROTECTED MATERIAL" if

the Producing Party believes in good faith that such material is covered by this Protective Order. A Party may designate material that it obtained from a Third Party pursuant to this Protective Order, if it believes in good faith that it qualifies as Protected Material under this Order.

**4.     Duties.**   The duty of the Party or Parties receiving the Protected Material ("Receiving Party") and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Protected Material shall be designated by the Producing Party, subject to the provisions of this Order, with the designation of "PROTECTED MATERIAL." No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party as "PROTECTED MATERIAL," except as provided for in this Protective Order or as further ordered by the Court.

**5.     Method Of Designation.**   Each page of any material the Producing Party wishes to designate as Protected Material must be labeled PROTECTED MATERIAL, at the time the material, or a copy thereof, is provided to the Receiving Party.  In the case of material contained in or on media other than paper, the Producing Party shall affix such a label to the material or use its best efforts to identify the material as Protected Material and affix the applicable designation.

**6.     Access To Protected Material.**   Only the following persons shall have access to or retain material designated as PROTECTED MATERIAL pursuant to this Order:

        **a.**     The Court and its official personnel;

        **b.**     Counsel for any Party and any of Defendants' personnel with whom Counsel for Defendants determines it is appropriate to share such information for the purpose of this litigation. For the purposes of this Protective Order, "Counsel" means the attorneys representing the Parties for this Action,

1    including paralegals, office clerks, secretaries, and other support staff assisting

2    those attorneys, working on the Action;

3          **c.**      For information designated as PROTECTED MATERIAL

4    relating to an individual member of the class, to the individual class member and

5    counsel who represent individual class members, or any prospective counsel that is

6    evaluating whether to take on the representation of a class member.  The individual

7    class member and counsel shall only be provided PROTECTED MATERIAL

8    relating to the individual class member, and the individual may not be provided any

9    information pertaining to other class members. Prospective counsel must execute

10   Exhibit A, the Acknowledgment Regarding the Order before receiving this limited

11   PROTECTED MATERIAL;

12         **d.**      Outside experts, consultants retained by the Receiving Party's

13   Counsel to assist in this Litigation (and the experts' or consultants' staff whose

14   duties and responsibilities require access to such materials);

15         **e.**      Court reporters and translators;

16         **f.**      Outside litigation support personnel retained by Counsel to

17   assist in the preparation and/or litigation of the Action, including contract attorneys

18   or outside copying service vendors or electronic document management vendors;

19         **g.**      Any person not otherwise covered by subparagraph (a), (b), (c),

20   or (d) who was involved in the preparation of such material or who received or

21   reviewed such material for purposes other than this Action or who has been alleged

22   to have received or reviewed such material for purposes other than this Action;

23         **h.**      Witnesses at deposition not otherwise covered by subparagraphs

24   (a), (b), (c) or (d);

25         **i.**      Persons whom the Producing Party agrees in writing or on the

26   record at a deposition may be shown PROTECTED MATERIAL.

27         **j.**      Any individuals or persons who Class Counsel designates for

28   the purpose of facilitating the reunification of Class Members and their children,

1   including (but not limited to) nonprofit organizations, lawyers, faith-based groups,
2   shelters, or any other organization or individuals who may be able to assist in the
3   reunification process. Given the urgency of the deadlines in the Court's preliminary
4   injunction order, the individuals or persons described in this paragraph may receive
5   a limited set of PROTECTED MATERIAL as follows prior to executing Exhibit A,
6   the Acknowledgment, as long as the information is treated as protected under this
7   Order, and an Acknowledgment is signed within a reasonable time thereafter.
8   Information which may be shared for the purpose of facilitating the reunification of
9   Class Members and their children includes Class Members' names and the name(s)
10  of the class member's child(ren); Alien Number for the Class Member and his or
11  her child(ren); detention location or other location information regarding the Class
12  Member and his or her child(ren). The individuals or persons described in this
13  paragraph may receive any additional PROTECTED MATERIAL necessary to
14  assist in facilitating reunification related to the class member(s) they are serving or
15  being consulted to serve after signing the Acknowledgment. The individual or
16  organization may not receive information about any other class members.

17          7.    **Agreement By Persons Accessing Protected Materials.**  All persons
18  identified in paragraph 6 (d), (e), (f), (g), (h) (i), and (j) who in the course of the
19  case may be given access to Protected Material shall be required to read this
20  Protective Order and agree, in writing, to be bound by this Protective Order by
21  executing an acknowledgment in the form of Exhibit A that is annexed to this
22  Protective Order.  All such acknowledgments shall be maintained in the files of the
23  counsel allowing access by such person to the Protected Material.

24          8.    **Treatment Of Protected Material During Inspection Of**
25  **Documents.**  It is contemplated that a Party might make available certain of its files
26  for inspection by other Parties, which files may contain protected material as well
27  as non-protected material, and that following such inspection, the inspecting party
28  will designate documents to be copied and the copies will be furnished or produced

to it.  All documents and their contents made available for such inspection shall be treated as PROTECTED MATERIAL until the Party allowing inspection has had a reasonable opportunity, not to exceed twenty one (21) calendar days absent an agreement by the parties, to designate and mark those documents which were copied as PROTECTED MATERIAL.

9. **Copies, Summarizations, Extracts Protected.**  Protected Material designated under this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information. The Parties agree that information regarding the aggregated numbers for any category of individuals contained in the chart may be excluded from this paragraph. Moreover, a Party may make a request to the producing Party that certain material contained in such copies, extracts, and complete or partial summaries not be treated as PROTECTED MATERIAL. The Parties will meet and confer in good faith within five days of any such request to resolve the request.

10. **Pleadings And Briefs Containing Protected Material.**  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal, unless the Parties agree that the documents can be redacted to remove the Protected Material. The receiving party shall meet and confer with the producing party regarding any proposed redactions before seeking leave from the Court, and

1    the producing party shall not unreasonably withhold its consent to the filing of a

2    redacted copy of the Protected Material.

3        11.    **Court Hearings And Other Proceedings.**  Nothing contained in this

4    Protective Order shall be construed to prejudice any Party's right to use before the

5    Court any Protected Material.  Before doing so, however, and to the extent not

6    otherwise authorized to be so used hereunder, the Party intending to use Protected

7    Material shall so inform the Court and the Producing Party, so that any Party or

8    Third Party may apply to the Court for appropriate protection, including clearing

9    the hearing room or courtroom of persons not entitled to receive Protected Material

10   pursuant to paragraph 6.

11       12.    **Testimony At Pretrial Court Hearings And Other Proceedings.**

12   All testimony elicited during hearings and other proceedings that counsel for a

13   Party or Third Party indicated on the record may be subject to the protections of this

14   Order shall be deemed PROTECTED MATERIAL until the expiration of twenty

15   one (21) calendar days after delivery of a copy of the transcript of the testimony by

16   the court reporter to counsel who requested a copy of the transcript.  Within the

17   twenty one (21) calendar day period following such mailing of the transcript, any

18   Party may move to seal the transcript under LRCiv 79-5, designating all or any

19   portion of the testimony as PROTECTED MATERIAL.  Upon being informed that

20   certain portions of a transcript are designated as PROTECTED MATERIAL, each

21   Party must have each copy in their custody, possession or control immediately

22   marked with the appropriate designation at the appropriate pages.  Such designation

23   must remain until the Court rules on the motion to seal.

24       13.    **This Order Only Applies To The Exchange of Information About**

25   **Putative or Confirmed Class Members and Their Children For The Purpose**

26   **Of Facilitating Compliance With The Court's Preliminary Injunction Order.**

27   Nothing contained in this Order shall restrict or limit any Party's right to present

28

Protected Material to the Court during a trial in the Action.  The use of Protected Material at trial shall be governed by the pretrial order.

14.   **This Order Does Not Apply To Non-Private Information.**   The restrictions set forth in this Protective Order shall not apply to documents, things, or information that: (a) have been publicly disclosed by either Party; or (b) have been independently obtained by the Receiving Party through lawful means.   If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within categories of non-private information referenced in this provision.   This paragraph does not purport to waive or in any other way limit any protection that exists under law, including the Privacy Act, 5 U.S.C. § 552a, *et seq.*

15.   **Challenge To Designations.**  If a Party may objects to a designation of the materials as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used: The Party objecting to the designation of Protected Material must notify, in writing, counsel for the other Party of the objected-to materials and the grounds for the objection. The writing shall be by email to all counsel for the other Party, followed by a hard copy sent next business day courier.  The objecting Party shall request to meet and confer with the other Party prior to submitting the dispute to the Court for a ruling. If the dispute is not resolved consensually between the parties within ten (10) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Protected Material, until the Court has ruled on the objection or the matter has been otherwise resolved.

16.   **No Waiver By Failure To Challenge Designation.**  For purposes of the Action or any other action, no Party concedes that any material designated as PROTECTED MATERIAL does in fact contain or reflect Protected Material.  A Party shall not be obligated to challenge the propriety of the designation of

1    Protected Material at the time made, and failure to do so shall not preclude a

2    subsequent challenge.

3        17.    **Inadvertent Disclosure Of Protected Material.**  The failure by a

4    Producing Party to designate specific documents or materials as Protected Material

5    shall not, by itself, be deemed a waiver in whole or in part of a claim of

6    confidentiality as to such documents or materials.  Upon written notice to the

7    Receiving Party of such failure to designate, or of incorrect designation, the

8    Receiving Party shall cooperate to retrieve disseminated copies, and restore the

9    confidentiality of the inadvertently disclosed information beyond those persons

10   authorized to review such information pursuant to paragraph 6, and shall thereafter

11   take reasonable steps to ensure that the Protected Material is treated in accordance

12   with the designation.  No person or Party shall incur any liability under this

13   Protective Order with respect to disclosure that occurred prior to the receipt of

14   written notice of the mistaken designation.

15       18.    **Disclosure To Producing Party's Personnel.**   Nothing in this

16   Protective Order shall affect the right of the Producing Party to disclose to its client

17   agency personnel, employees, consultants, or experts, any documents, things, or

18   information designated by it as Protected Material pursuant to this Order; such

19   disclosure shall not waive the protection of this Protective Order and shall not entitle

20   other Parties or their attorneys to disclose such information, documents, things, or

21   information in violation of this Order.

22       19.    **Disclosure To Unauthorized Persons.**  If information subject to this

23   Protective Order is disclosed to any unauthorized person either through

24   inadvertence, mistake, or otherwise without authorization by the Producing Party,

25   or other than in the manner authorized by this Protective Order, the person

26   responsible for the disclosure shall immediately (a) inform the Producing Party of

27   all pertinent facts relating to such disclosure, including without limitation, the

28   name, address, and telephone number of the recipient and his or her employer;

(b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

20.    **"Admissibility" Of Protected Material.**  This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility into evidence of any Protected Material under Federal law.

21.    **All Objections Preserved.**   This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection other than confidentiality.  The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as:  (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such  that the protections in this Protective Order would be insufficient, (b) object to the designation of any document or information as PROTECTED MATERIAL, or (c) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Protected Material, by properly noticed motion with notice to all Parties and their respective counsel.

22.    **Advice To Client.**  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to the clients in this Litigation and, in the course of this Litigation, relying generally on examination of

designated p Protected Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

23.   **Inadvertent Disclosure Of Privileged Information.**

**a.**   The inadvertent disclosure of Material covered by the attorney-client privilege, the work-product doctrine, or any other recognized privilege shall be governed by Federal Rule of Evidence 502 and this Protective Order.

**b.**   If, in connection with the pending Litigation, a Producing Party inadvertently discloses information subject to a claim of a privilege or protection described in paragraph 26(a) ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

**c.**   If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

**d.**   Within twenty-one (21) calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

**e.**   Nothing in this Protective Order shall limit the right of any Party to petition the Court for an order compelling production of such Inadvertently

Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

**24. Good Faith Designations.** Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation. Further, each Party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

**25. Use Of Information Subject To Protective Order.** The Receiving Party's use of any information or documents obtained from the Producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Litigation or any other proceeding between the Parties, except as otherwise provided in this Order.

**26. Meet And Confer.** Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

**27. Injunctive Relief.** In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties and Third Parties agree that the aggrieved party may, subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party brings such motion or application, the responding person subject to

1    the provisions of this Protective Order shall not employ as a defense the claim that

2    the aggrieved party possesses an adequate remedy at law.  The Parties and Third

3    Parties shall not use or reveal, directly or indirectly, any information in violation of

4    this Protective Order.  Because of the confidential and proprietary nature of the

5    information contemplated to be covered by this Protective Order, the Parties and

6    Third Parties' agree that legal remedies are inadequate.  Therefore, the Parties and

7    Third Parties stipulate that injunctive relief is an appropriate remedy to prevent any

8    person from using or disclosing Protected Material in violation of this Protective

9    Order.  The Parties and Third Parties waive and release any and all requirements for

10   a bond or undertaking to support any injunctive relief for enforcement of this

11   Protective Order.

12        **28.   Other Actions.**   If any Party is (a) subpoenaed in another action,

13   (b) served with a demand in another action to which it is a Party, or (c) served with

14   any legal process by one not a party to this action, seeking information or material

15   which was produced or designated as Protected Material by someone other than that

16   Party, the Party shall give prompt actual written notice, by hand or facsimile

17   transmission, within ten (10) calendar days of receipt of such subpoena, demand, or

18   legal process, to those who produced the Protected Material prior to compliance

19   with the subpoena so as to allow the Producing Party to seek protection from the

20   relevant court(s).  Nothing in this Protective Order shall be construed as requiring

21   the Party or anyone else covered by this Protective Order to challenge or appeal any

22   order requiring production of information or material covered by this Protective

23   Order, or to subject itself to any penalties for noncompliance with any legal process

24   or order, or to seek any relief from this Court.

25        **29.   Survival And Final Disposition Of Designated Material.**   Final

26   termination of the Litigation, including exhaustion of appellate remedies, shall not

27   terminate the limitations on use and disclosure imposed by the Protective Order.

28

**a.** Within sixty (60) days of the final termination of the Litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants or attorneys who considered or accepted representation of a class member or child, shall be delivered by counsel of record for the Receiving Party to counsel of record for the Producing Party of such material or destroyed, with confirmation of that destruction to the producing Party in writing.

**b.** Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 32.

**c.** Notwithstanding the foregoing, counsel may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney work product that contains or constitutes Protected Material. Further, counsel are not required to delete information that may reside on their firm's electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

30. **Amendment Or Termination Of Protective Order.** No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of this Court for good cause shown. The terms of this Protective Order shall survive termination of the Action.

31. **Jurisdiction For Enforcement.** The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order. Each person to whom disclosure of any Protected Information is made agrees to subject himself to the jurisdiction of the Court in which this action is

pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

32. **Limitations**. Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials. Nothing in this Protective Order should be construed as prohibiting a non-party from seeking additional protections of records or information that it owns or controls.

Dated:      July 8, 2018              AMERICAN CIVIL LIBERTIES UNION
                                      FOUNDATION
                                      IMMIGRANTS' RIGHTS PROJECT

                                      /s/ Lee Gelernt
                                      _____
                                      LEE GELERNT
                                      Email: LGELERNT@aclu.org

                                      Counsel for Plaintiffs


Dated:      July 8, 2018              UNITED STATED DEPARTMENT OF
                                      JUSTICE, OFFICE OF IMMIGRATION
                                      LITIGATION

                                      */S/ Sarah B. Fabian*
                                      _____
                                      SARAH B. FABIAN
                                      Email: Sarah.B.Fabian@usdoj.gov

                                      Counsel for Defendants

**[CONTINUED ON THE NEXT PAGE]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Ms. L, et al., v. U.S. Immigration and Customs Enforcement et al.*, 3:18-cv-00428 (S.D. Cal.) shall be provided subject to the conditions set forth in the foregoing Stipulated Protective Order.  This order shall be construed as a lawful order pursuant to the Privacy Act permitting release consistent with the terms of this Order.

**IT IS SO ORDERED**

Date:_____          _____

Hon. Dana M. Sabraw
United States District Judge

**STIPULATION EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING
PROTECTED INFORMATION**

**1.** My name is _____ (first, middle initial, last).

**2.** I live at _____ (street address), _____ (city), _____ (state) _____ (zip code).

**3.** I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code). Its telephone number is _____.

I have read the attached Stipulated Protective Order entered in the action of *Ms. L, et al. v. U.S. Immigration and Customs Enforcement et al.*, pending in the Southern District of California and bearing Case No. 3:18-cv-00428, and a copy of the Stipulated Protective Order has been given to me.

**4.** I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Material, within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation or as otherwise authorized by the Stipulated Protective Order.

**5.** I agree that I will not disclose or discuss Protected Material so designated with anyone other than the persons described in paragraph 6 of the Stipulated Protective Order.

-18-

**6.**     I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.

**7.**     I agree to be subject *in personam* to the jurisdiction of the Southern District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
(date)                                              (signature)

-19-