| | |
|---|---|
| CHAD A. READLER | Lee Gelernt* |
| Acting Assistant Attorney General | Judy Rabinovitz* |
| SCOTT G. STEWART | Anand Balakrishnan* |
| Deputy Assistant Attorney General | AMERICAN CIVIL LIBERTIES |
| WILLIAM C. PEACHEY | UNION FOUNDATION |
| Director | 125 Broad St., 18th Floor |
| Office of Immigration Litigation | New York, NY 10004 |
| U.S. Department of Justice | T:  (212) 549-2660 |
| WILLIAM C. SILVIS | F:  (212) 549-2654 |
| Assistant Director | *lgelernt@aclu.org* |
| Office of Immigration Litigation | *jrabinovitz@aclu.org* |
| SARAH B. FABIAN | *abalakrishnan@aclu.org* |
| Senior Litigation Counsel | |
| NICOLE MURLEY | Bardis Vakili (SBN 247783) |
| Trial Attorney | ACLU FOUNDATION OF SAN |
| Office of Immigration Litigation | DIEGO & IMPERIAL COUNTIES |
| U.S. Department of Justice | P.O. Box 87131 |
| Box 868, Ben Franklin Station | San Diego, CA 92138-7131 |
| Washington, DC 20442 | T: (619) 398-4485 |
| Telephone: (202) 532-4824 | F: (619) 232-0036 |
| Fax: (202) 616-8962 | *bvakili@aclusandiego.org* |
| | |
| ADAM L. BRAVERMAN | Stephen B. Kang (SBN 292280) |
| United States Attorney | Spencer E. Amdur (SBN 320069) |
| SAMUEL W. BETTWY | AMERICAN CIVIL LIBERTIES |
| Assistant U.S. Attorney | UNION FOUNDATION |
| California Bar No. 94918 | 39 Drumm Street |
| Office of the U.S. Attorney | San Francisco, CA 94111 |
| 880 Front Street, Room 6293 | T:  (415) 343-1198 |
| San Diego, CA 92101-8893 | F:  (415) 395-0950 |
| 619-546-7125 | *skang@aclu.org* |
| 619-546-7751 (fax) | *samdur@aclu.org* |
| | |
| *Attorneys for Federal Respondents-Defendants* | *Attorneys for Petitioners-Plaintiffs* |
| | *Admitted Pro Hac Vice |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

        Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

        Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT REGARDING NOTICE TO CLASS MEMBERS**

On July 9, 2018, the Court held a status conference with the parties. At that status conference the parties submitted that they would jointly submit to the Court their proposal regarding class notice. The parties hereby state that they have agreed that the first page of the attached Exhibit (Notice)[1] will be posted in ICE detention facilities in which Class Members are detained as of July 10, 2018. To facilitate such posting, Plaintiffs will provide to Defendants a copy of the Notice that contains the information contained therein in both English and Spanish.

The parties further agree that the second page, or Exhibit (Election Page) will be provided only to Class Members subject to a final order of removal in order to ensure that the Class Member has the opportunity to make an affirmative, knowing, and voluntary decision whether to be removed with or without the Class

---

[1] The attached Notice is final except that the Parties seek a decision by the Court regarding the inclusion of one additional provision discussed below.

Member's child or children. At the time the Election Page is provided, Plaintiffs will also hand to the Class Member a copy of the Notice.

The parties have two points of clarification for resolution by this Court. First, the parties agree that for Class Members with a final order of removal who are asked to consider their rights under this Notice, Defendants will allow a specified time period between the provision of the Notice and the removal of any class members to allow time for that Class Member to consult with a lawyer or otherwise consider his or her exercise of these rights. Defendants propose that this time period be 24-hours, which is consistent with other situations in which a court order requires a delay in removal in order to permit an alien to consider his or her options.  *See*, *e.g.*, *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825 (C.D. Cal. 2007) (requiring 24 hours' notice prior to removal).  This time period is therefore consistent with Defendants' current operations related to any notification of rights prior to removal.

Plaintiffs propose a 48-hour time period. Plaintiffs' believe this time period is necessary because of the confusion surrounding this case for months and the fact that there are more than 2,000 Class Members. Given the number of Class Members, it will be nearly impossible to get attorneys to them within 24 hours.

Second, Plaintiffs also seek inclusion in the Notice language advising non-Class Members that they may nonetheless have a right to reunification and should

contact an attorney. Plaintiffs believe this language is necessary because parents may wrongly assume that if they are not Class Members, they have lost their children forever. As the Court has made clear, individuals with criminal convictions are not part of the Class, but may still be entitled to reunification with their children under the Due Process Clause if their conviction does not bear on their fitness to provide care for their children. Under the Government's version of the Notice, however, Class Members will likely be confused that their right to reunification hinges solely on whether they are Class Members. Plaintiffs do not believe that Defendants are in any way prejudiced by the inclusion of this short addition to the Notice. Given what is at stake for these families, Plaintiffs believe that it is appropriate to include this language.

Defendants object to the inclusion of such language, as the Notice is intended to explain the rights of Class Members pursuant to the preliminary injunction issued by this court. Defendants are concerned that the inclusion of an advisal for individuals outside the class would be inappropriate and may lead to confusion. In fact, the inclusion of such an advisal in the Notice may lead the non-Class Members to believed that they are represented by Class Counsel, and that the same is legal advice.

The parties ask this Court to resolve these two issues either through written order or on the record at the status conference set for July 10, 2018.

| | |
|---|---|
| DATED: July 9, 2018 | Respectfully submitted, |
| | /s/ Lee Gelernt |
| | Lee Gelernt* |
| | Judy Rabinovitz* |
| | Anand Balakrishnan* |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | 125 Broad St., 18th Floor |
| | New York, NY 10004 |
| | T: (212) 549-2660 |
| | F: (212) 549-2654 |
| | *lgelernt@aclu.org* |
| | *jrabinovitz@aclu.org* |
| | *abalakrishnan@aclu.org* |
| | |
| | Bardis Vakili (SBN 247783) |
| | ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| | P.O. Box 87131 |
| | San Diego, CA 92138-7131 |
| | T: (619) 398-4485 |
| | F: (619) 232-0036 |
| | *bvakili@aclusandiego.org* |
| | |
| | Stephen B. Kang (SBN 292280) |
| | Spencer E. Amdur (SBN 320069) |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | 39 Drumm Street |
| | San Francisco, CA 94111 |
| | T: (415) 343-1198 |
| | F: (415) 395-0950 |
| | *skang@aclu.org* |
| | *samdur@aclu.org* |
| | |
| | *Attorneys for Petitioners-Plaintiffs* |
| | **Admitted Pro Hac Vice* |
| | |
| | CHAD A. READLER |

Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

**Notice of Potential Rights for**
**Certain Detained Alien Parents Separated from their Minor Children**

On June 26, 2018, a federal court issued a nationwide preliminary injunction in the case of *Ms. L v. I.C.E.*, ---F. Supp. 3d---, 2018 WL 3129486 (S.D. Cal. June 26, 2018).

You may be a class member who has rights under this lawsuit if:

- You are or were detained in custody by the U.S. Department of Homeland Security (DHS); and
- Your minor child was separated from you by DHS and is detained in the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement (ORR), ORR foster care, or DHS custody.

If you are determined to be a class member:

- The government must reunify you with your child.
- You do NOT need to take any action to be reunified with your child.
- The government must reunify you by the following dates unless otherwise ordered by the Court:
    a.   If your child is younger than 5 years old, he or she must be reunified with you by July 10, 2018.
    b.   If your child is 5 or older, he or she must be reunified with you by July 26, 2018.
- You do NOT need to agree to removal from the United States in order to be reunified with your child.  You may continue to fight your case.  You should NOT be pressured to agree to removal in order to be reunified with your child.

You are not a class member and do not have rights under this lawsuit if:

- You were apprehended by DHS in the interior of the United States;
- You have a criminal history other than illegal entry;
- You have a communicable disease;
- A determination is or has been made that you are unfit or present a danger to your minor child.

If you have any questions about your potential rights, please contact the lawyers for the case at 646-905-8892 or write to the lawyers at this address:

Ms. L. Class Counsel
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

IMPORTANT

**Instructions:** This information on this page must be read to the alien parent in a language that he/she understands. The Notice must be given to the alien parent at the same time as this form. The alien parent should indicate which option he/she is choosing by signing the appropriate box below.

You DO NOT have to agree to removal from the United States in order to be reunified with your child. Even if you continue to fight your case, the government must still reunify you.

IF YOU LOSE YOUR CASE AND THE GOVERNMENT IS GOING TO REMOVE YOU FROM THE UNITED STATES, you must decide at that time whether you want your child to leave the United States with you.

**Parent Name / Nombre de Padre:**_____
**Parent A # / A # de Padre:** _____
**Country of Citizenship / Pais de Ciudadania:** _____
**Detention Facility / El Centro de Detención:** _____
**Child(ren) Name(s) / Nombre de Hijo:** _____
**Child(ren) A # / A # de Hijo:** _____

CHOOSE ONE OPTION:

_____ If I lose my case and am going to be removed, I would like to take my child with me.

_____ If I lose my case and am going to be removed, I do NOT want to take my child with me.

> **Certificate of Service**
>
> I hereby certify that this form was served by me at_____
>                                                         (Location)
> on _____ on _____, and the contents of this
>        (Name of Alien)              (Date of Service)
>
> notice were read to him or her in the _____ language.
>                                              (Language)
>
> _____  _____
>     Name and Signature of Officer           Name or Number of Interpreter (if applicable)

[Margin annotations: Formatted: Spanish (Ecuador); Formatted: Spanish (Ecuador); Formatted: Spanish (Ecuador)]

**Notice of Potential Rights for**
**Certain Detained Alien Parents Separated from their Minor Children**

On June 26, 2018, a federal court issued a nationwide preliminary injunction in the case of *Ms. L v. I.C.E.*, ---F. Supp. 3d---, 2018 WL 3129486 (S.D. Cal. June 26, 2018).

You may be a class member who has rights under this lawsuit if:

- You are or were detained in custody by the U.S. Department of Homeland Security (DHS); and
- Your minor child was separated from you by DHS and is detained in the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement (ORR), ORR foster care, or DHS custody.

If you are determined to be a class member:

- The government must reunify you with your child.
- You do NOT need to take any action to be reunified with your child.
- The government must reunify you by the following dates unless otherwise ordered by the Court:
    a.   If your child is younger than 5 years old, he or she must be reunified with you by July 10, 2018.
    b.   If your child is 5 or older, he or she must be reunified with you by July 26, 2018.
- You do NOT need to agree to removal from the United States in order to be reunified with your child. You may continue to fight your case. You should NOT be pressured to agree to removal in order to be reunified with your child.

You are not a class member **and do not have rights under this lawsuit** if: [Comment [A1]: Plaintiffs would remove this language.]

- You were apprehended by DHS in the interior of the United States;
- You have a criminal history other than illegal entry;
- You have a communicable disease;
- A determination is or has been made that you are unfit or present a danger to your minor child.

**IMPORTANT: Even if you are not a class member, if you were separated from your children, you may still have a right to be reunified with your child, and should contact the lawyers in this case by phone or by writing a letter.** [Comment [A2]: Plaintiffs would add this language.]

If you have any questions about your potential rights, please contact the lawyers for the case at 646-905-8892 or write to the lawyers at this address:

Ms. L. Class Counsel
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

IMPORTANT

**Instructions:** This information on this page must be read to the alien parent in a language that he/she understands. The Notice must be given to the alien parent at the same time as this form. The alien parent should indicate which option he/she is choosing by signing the appropriate box below.

You DO NOT have to agree to removal from the United States in order to be reunified with your child. Even if you continue to fight your case, the government must still reunify you.

IF YOU LOSE YOUR CASE AND THE GOVERNMENT IS GOING TO REMOVE YOU FROM THE UNITED STATES, you must decide at that time whether you want your child to leave the United States with you.

**Parent Name / Nombre de Padre:**_____
**Parent A # / A # de Padre:** _____
**Country of Citizenship / Pais de Ciudadania:** _____
**Detention Facility / El Centro de Detención:** _____
**Child(ren) Name(s) / Nombre de Hijo:** _____
**Child(ren) A # / A # de Hijo:** _____

CHOOSE ONE OPTION:

\_\_\_\_\_   If I lose my case and am going to be removed, I would like to take my child with me.

\_\_\_\_\_   If I lose my case and am going to be removed, I do NOT want to take my child with me.

**\_\_\_\_\_   I do not have a lawyer, and I want to talk with a lawyer before deciding whether I want my child removed with me.**

**Comment [A3]:** Plaintiffs believe there should be 48 hours to consult with a lawyer; Defendants believe it should be 24 hours.

**Certificate of Service**

I hereby certify that this form was served by me at_____
                                                                                                  (Location)
on _____ on _____, and the contents of this
              (Name of Alien)                              (Date of Service)

notice were read to him or her in the _____ language.
                                                                   (Language)

_____   _____
        Name and Signature of Officer                 Name or Number of Interpreter (if applicable)