| | |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General<br>SCOTT G. STEWART<br>Deputy Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>NICOLE MURLEY<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>ADAM L. BRAVERMAN<br>United States Attorney<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney<br>California Bar No. 94918<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>619-546-7125<br>619-546-7751 (fax)<br><br>*Attorneys for Federal Respondents-Defendants* | Lee Gelernt*<br>Judy Rabinovitz*<br>Anand Balakrishnan*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T:  (212) 549-2660<br>F:  (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br><br>Bardis Vakili (SBN 247783)<br>ACLU FOUNDATION OF SAN<br>DIEGO & IMPERIAL COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>T: (619) 398-4485<br>F: (619) 232-0036<br>*bvakili@aclusandiego.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T:  (415) 343-1198<br>F:  (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Petitioners-Plaintiffs*<br>*\*Admitted Pro Hac Vice* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

    Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT REGARDING REUNIFICATION**

On July 9, 2018, this Court held a status conference, and ordered the parties to file a joint report on July 10, 2018, "setting forth how many Class Members have been or will be reunited with their children by the court-imposed deadline, and how many Class Members may not be reunited with their children by the court-imposed deadline due to legitimate logistical impediments that render timely compliance impossible or excusable . . . ." ECF No. 95 at 2. The parties submit this joint status report in accordance with the Court's instruction.

I.    COMPLIANCE

    **A. Defendants' Position**

As previously reported to the Court, Defendants have identified 102 children under age 5 who, upon initial review by the U.S. Department of Health and Human Services ("HHS") were determined potentially to have been separated from a parent, and who therefore were potentially the children of class members. Upon

further review, and based on the latest available information at the time of filing, Defendants report the following regarding the reunification scenarios for those 102 children.

*Not Eligible For Reunification*

- 14 are not eligible for reunification because their parents are not class members.
    - 8 parents had serious criminal history discovered during background checks (criminal histories identified include child cruelty and narcotics, human smuggling, a warrant for murder, and robbery).
    - 5 adults were determined not to be the parent of the accompanying child.
    - 1 parent faces credible evidence of child abuse.

- 2 are not eligible for reunification because their parents are not class members at this time.
    - 1 parent has been determined to present a danger to the child at this time because an adult in the household where the parent plans to live with the child has an outstanding warrant for aggravated criminal sexual abuse against a 10 year old girl. This determination can be reconsidered if the parent identifies a different living situation.
    - 1 parent detained in ICE custody is currently being treated for a communicable disease. When the parent no longer has a communicable disease, the reunification process can proceed.

- 10 are not eligible for reunification at this time. They will be assessed for reunification after they are released from criminal custody, provided that Defendants are made aware of that release.
    - 8 parents are in the custody of U.S. Marshals Service. They will be assessed for reunification after they are released from criminal custody and are transferred to U.S. Immigration and Customs Enforcement ("ICE") custody.
    - 2 additional parents are in state or county custody. They will be assessed for reunification after they are released from criminal

custody, provided that Defendants are made aware of that release.

- 1 child cannot be reunified at this time because the parent's location has been unknown for more than a year. Defendants are unable to conclusively determine whether the parent is a class member, and records show the parent and child might be U.S. citizens.

*Likely Eligible For Reunification*

- 4 children were reunified with family members before the July 10 deadline.
    - 1 was released to a parent that ICE released into the U.S.
    - 1 was released to a parent in the U.S. with the other parent being deported.
    - 1 was released to a parent in the U.S. with the other parent being still in ICE custody
    - 1 voluntarily departed with the child's adult sibling, with the consent of the parent who is still in ICE custody.

- 51 are eligible for reunification with a parent who is currently in ICE detention.
    - 34 parents have cleared a criminal background check and parentage has been verified through a positive DNA match. They are expected to be reunified on July 10, 2018.
    - 16 parents have cleared a criminal background check but the process for verifying parentage has not yet been completed. They are expected to be reunified on July 10, 2018, or as soon thereafter as parentage can be verified.
    - 1 parent has criminal background check results that are still in question and are being resolved today.

- 20 are eligible for reunification but cannot be reunified by July 10 due to legitimate logistical impediments that render timely compliance impossible or excusable.
    - 12 of those parents were removed from the United States. The Government will work with Plaintiffs' counsel to contact these 12 parents and determine whether they wish to have their child reunified with them in their home country. The parties'

    proposals regarding the process to be followed for these individuals are laid out below.
- 8 parents were previously released into the United States and are undergoing safety and suitability screening in accordance with the TVPRA.

  Defendants contend that the above numbers show that Defendants are in compliance with the Court's order. Of the 75 children eligible for reunification, Defendants have already reunified 4, and expect to reunify 34 by the July 10 deadline, and 16 soon thereafter pending confirmation of eligibility. Of the remaining 20, 8 will be reunified as soon as HHS can determine that the parent is not unfit or a danger to the child in accordance with its existing procedures under the TVPRA, and the remaining 12 may be reunified if their parents can be located and if those parents request reunification, and reunification is otherwise proper under the Court's order. Moreover, of the 27 children not currently eligible for reunification, 14 have parents who are not class members, and the remaining 13 may be reunified if and when their parents no longer present a danger, have a communicable disease, or are in criminal custody so long as ICE is aware of their release, and it is otherwise determined that they meet the criteria for reunification. Thus, any children not being reunified by the July 10 deadline are not being reunified because of legitimate logistical impediments that render timely compliance impossible or excusable, and so Defendants are complying with the Court's order.

### B. Plaintiffs' Position

Plaintiffs do not agree that Defendants have fully complied with the initial reunification deadlines in the Court's preliminary injunction order. Plaintiffs received Defendants' updated numbers within the past hour, and have no independent verification that these numbers are accurate, or that there are not additional children under five who should be on the government's list. Plaintiffs, however, can state the following: By today's deadline, Defendants only plan to reunify about half of the parents with children under five years old. Plaintiffs recognize that Defendants cannot yet reunify the parents who are currently being held in criminal custody. But as to all other Class Members with children under five, the government is not in compliance with the clear deadline ordered by the Court.

1. For the Class Members who were deported without their children, Defendants have not even tried to contact them or facilitate their reunification by today. Their children are stranded in this country because of Defendants' actions, and yet Defendants have apparently done nothing to facilitate their reunification.

2. For the Class Members who have been released from custody, Defendants have not explained why they could not facilitate their reunification by the deadline. Defendants have all of these parents' contact information, and there are apparently only 8 of them. To the extent Defendants have chosen to subject

these parents to ORR's lengthy sponsorship process, Plaintiffs do not believe those procedures are required. Moreover, even if Defendants believed those procedures would prevent them from reunifying 8 parents in two weeks, they should have informed the Court far earlier than last Friday's status conference, a mere four days before the deadline.

3. There are Class Members that Defendants do not currently plan to release today, because Defendants have not yet completed their DNA tests. Defendants have not explained why they could not complete these tests or verify parentage through other means by today's deadline.

4. There is one child for whom Defendants have not even identified a parent. They have not explained what steps they have taken to find this Class Member.

## II. DEADLINES

- **Removed Parents:** Defendants have provided to Plaintiffs the date of removal and country of removal for all known removed parents with children under 5. Defendants will provide to Plaintiffs the location of the ICE detention facility where each removed parent was last held. Plaintiffs' counsel will seek to locate those removed parents and provide them with notice of their right to be reunified. If any parent expresses that he or she wishes to be reunified with his or her child then Defendants will facilitate that reunification.

    o Plaintiffs' Position: Plaintiffs believe that once Defendants are notified that a removed parent wishes to be reunified with his or her child, reunification should occur within 7 days.

- o <u>Defendants' Position</u>: Defendants ask the Court to allow a more flexible time period because there are several issues that may impact the timing of removal for these children. For example, Defendants would need to obtain travel documents for the child, and any ongoing removal proceedings for that child would have to be terminated which might require separate waiver from the parents and/or approval from an immigration judge. Moreover, if the child has already obtained relief and is in lawful status, then Defendants would not have the ability to facilitate reunification with a parent abroad. Because pieces of this process are out of Defendants hands, Defendants request that the Court allow for a flexible schedule for such removals that considers the need to complete these steps prior to removal for reunification.

- **Reunification To Released Parents**: This issue will be determined, at least in part, by the Court's ruling on the parties' joint submission on the procedures to be followed by HHS under the Court's order. Accordingly, the parties will meet and confer following that ruling and will submit a proposal, or respective positions, on this issue for the Court's consideration.

DATED: July 10, 2018               Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*


CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division

|     |                                         |
| --- | --------------------------------------- |
| 1   | U.S. Department of Justice              |
| 2   | P.O. Box 868, Ben Franklin Station      |
|     | Washington, DC 20044                    |
| 3   | (202) 532-4824                          |
| 4   | (202) 616-8962 (facsimile)              |
|     | sarah.b.fabian@usdoj.gov                |
| 5   |                                         |
| 6   | ADAM L. BRAVERMAN                       |
|     | United States Attorney                  |
| 7   | SAMUEL W. BETTWY                        |
| 8   | Assistant U.S. Attorney                 |
| 9   | *Attorneys for Respondents-Defendants*  |