| | |
|---|---|
| CHAD A. READLER | Lee Gelernt* |
| Acting Assistant Attorney General | Judy Rabinovitz* |
| SCOTT G. STEWART | Anand Balakrishnan* |
| Deputy Assistant Attorney General | AMERICAN CIVIL LIBERTIES |
| WILLIAM C. PEACHEY | UNION FOUNDATION |
| Director | 125 Broad St., 18th Floor |
| Office of Immigration Litigation | New York, NY 10004 |
| U.S. Department of Justice | T:  (212) 549-2660 |
| WILLIAM C. SILVIS | F:  (212) 549-2654 |
| Assistant Director | *lgelernt@aclu.org* |
| Office of Immigration Litigation | *jrabinovitz@aclu.org* |
| SARAH B. FABIAN | *abalakrishnan@aclu.org* |
| Senior Litigation Counsel | |
| NICOLE N. MURLEY | Bardis Vakili (SBN 247783) |
| Trial Attorney | ACLU FOUNDATION OF SAN |
| Office of Immigration Litigation | DIEGO & IMPERIAL COUNTIES |
| U.S. Department of Justice | P.O. Box 87131 |
| Box 868, Ben Franklin Station | San Diego, CA 92138-7131 |
| Washington, DC 20442 | T: (619) 398-4485 |
| Telephone: (202) 532-4824 | F: (619) 232-0036 |
| Fax: (202) 616-8962 | *bvakili@aclusandiego.org* |
| | |
| ADAM L. BRAVERMAN | Stephen B. Kang (SBN 292280) |
| United States Attorney | Spencer E. Amdur (SBN 320069) |
| SAMUEL W. BETTWY | AMERICAN CIVIL LIBERTIES |
| Assistant U.S. Attorney | UNION FOUNDATION |
| California Bar No. 94918 | 39 Drumm Street |
| Office of the U.S. Attorney | San Francisco, CA 94111 |
| 880 Front Street, Room 6293 | T:  (415) 343-1198 |
| San Diego, CA 92101-8893 | F:  (415) 395-0950 |
| 619-546-7125 | *skang@aclu.org* |
| 619-546-7751 (fax) | *samdur@aclu.org* |
| | |
| *Attorneys for Federal Respondents-Defendants* | *Attorneys for Petitioners-Plaintiffs*<br>*\*Admitted Pro Hac Vice* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Respondents-Defendants. | Case No. 18cv428 DMS MDD <br><br> **JOINT MOTION REGARDING SCOPE OF THE COURT'S PRELIMINARY INJUNCTION** |

In accordance with the Court's orders and with the Court's July 10, 2018 status conference, the parties respectfully jointly move the Court to enter the attached Order Regarding Scope of the Court's Preliminary Injunction. This Proposed Order addresses compliance with this Court's preliminary injunction. It would provide that the Court's preliminary injunction order in this case, or subsequent orders implementing that order, does not limit the Government's authority to detain adults in the Department of Homeland Security's ("DHS") custody. Accordingly, when DHS would detain a Class Member together with his or her child in a facility for detaining families, consistent with its constitutional and legal authorities governing detention of adults and families, but the child may be able to assert rights under the *Flores* Settlement Agreement to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms, then this Court's preliminary injunction and implementing orders permit the Government to require Class Members to select one of the following two options: First, the Class Member may choose to remain in DHS custody together with his or her child, subject to any eligibility for release under existing laws and policies, but

to waive, on behalf of the child, the assertion of rights under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." By choosing this option, the class member is waiving the child's right under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." Second, and alternatively, the Class Member may waive his or her right not to be separated from his or her child under this Court's preliminary injunction and assert, on behalf of the Class Member's child, any such right under the *Flores* Settlement Agreement for the child to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms— in which circumstance the child would, consistent with this Court's orders, be separated with the parent's consent. In implementing this release or transfer, the government could transfer the child to HHS custody for placement and to be otherwise treated as an unaccompanied child. *See* 6 U.S.C. 279(g)(2).

The Proposed Order provides that in neither circumstance do this Court's orders create a right to release for a parent who is detained in accordance with existing law. If a Class Member is provided these two choices and does not select either one, the Government may maintain the family together in family detention and the Class Member will be deemed to have temporarily waived the child's release rights (including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program") under the *Flores* Settlement Agreement until the Class Member makes an affirmative, knowing, and voluntary decision as to whether he or she is waiving his or her child's rights under the *Flores* Settlement Agreement.

The parties further agree that the Court's orders in this case, and the *Flores* Settlement Agreement, do not in any way prevent the Government from releasing families from DHS custody. No waiver by any Class Member of his or her rights under this Court's orders, or waiver by the Class Member of his or her child's rights under the *Flores* Settlement Agreement, shall be construed to waive any other rights of the Class Member or Class Member's child to challenge the legality of his or her detention under any constitutional or legal provisions that may apply.

The parties agree a Class Member's waiver under the *Flores* Settlement Agreement or this Court's injunction can be reconsidered after it is made, but disagree about whether there are circumstances when such a waiver cannot be reconsidered. The parties propose to meet and confer regarding this issue, and provide a joint statement to the Court addressing the results of the meet and confer and, if necessary, providing statements of their respective positions – by 3:00 p.m. on July 20, 2018.

DATED: July 13, 2018               Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES

P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
      **Admitted Pro Hac Vice*


CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Trial Attorney
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| MS. L, et al., | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | |
| vs. | **ORDER GRANTING JOINT MOTION REGARDING SCOPE OF THE COURT'S PRELIMINARY INJUNCTION** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

Before the Court is the parties' Joint Motion Regarding Scope of the Court's Preliminary Injunction. IT IS HEREBY ORDERED that the Court's preliminary injunction order in this case, or subsequent orders implementing that order, does not limit the Government's authority to detain adults in the Department of Homeland Security's ("DHS") custody. Accordingly, when DHS would detain a Class Member together with his or her child in a facility for detaining families, consistent with its constitutional and legal authorities governing detention of adults and families, but the child may be able to assert rights under the *Flores* Settlement Agreement to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms, then this Court's preliminary injunction and implementing orders permit the Government to require Class Members to select one of the following two options: First, the Class Member may choose to remain in

DHS custody together with his or her child, subject to any eligibility for release under existing laws and policies, but to waive, on behalf of the child, the assertion of rights under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." By choosing this option, the class member is waiving the child's right under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." Second, and alternatively, the Class Member may waive his or her right not to be separated from his or her child under this Court's preliminary injunction and assert, on behalf of the Class Member's child, any such right under the *Flores* Settlement Agreement for the child to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms—in which circumstance the child would, consistent with this Court's orders, be separated with the parent's consent. In implementing this release or transfer, the government could transfer the child to HHS custody for placement and to be otherwise treated as an unaccompanied child. *See* 6 U.S.C. 279(g)(2).

In neither circumstance do this Court's orders create a right to release for a parent who is detained in accordance with existing law. If a Class Member is provided these two choices and does not select either one, the Government may maintain the family together in family detention and the Class Member will be deemed to have temporarily waived the child's release rights (including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program") under the *Flores* Settlement Agreement until the Class Member makes an affirmative, knowing, and voluntary decision as to whether he or she is waiving his or her child's rights under the *Flores* Settlement Agreement.

The parties further agree that the Court's orders in this case, and the *Flores* Settlement Agreement, do not in any way prevent the Government from releasing families from DHS custody. No waiver by any Class Member of his or her rights under this Court's orders, or

waiver by the Class Member of his or her child's rights under the *Flores* Settlement Agreement, shall be construed to waive any other rights of the Class Member or Class Member's child to challenge the legality of his or her detention under any constitutional or legal provisions that may apply.

The parties agree a Class Member's waiver under the *Flores* Settlement Agreement or this Court's injunction can be reconsidered after it is made, but disagree about whether there are circumstances when such a waiver cannot be reconsidered. They are directed to meet and confer regarding this issue, and provide a joint statement to the Court addressing the results of the meet and confer and, if necessary, providing statements of their respective positions – by 3:00 p.m. on July 20, 2018.

Dated:

> Hon. Dana M. Sabraw
> United States District Judge