# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> U.S Immigration and Customs Enforcement ("ICE"); et al., <br><br> Respondents-Defendants. | Case No.: 18cv0428 DMS (MDD) <br><br> **ORDER FOLLOWING STATUS CONFERENCE** |

Over two weeks ago, this Court certified for class treatment Plaintiffs' claim that their due process rights to family integrity had been violated as a result of Defendants' policy and practice of separating families apprehended at or between ports of entry, and placing minor children who were separated from their parents in government facilities for "unaccompanied minors" run by the Department of Health and Human Services ("HHS"). The Court also issued a preliminary injunction ordering Defendants to reunify all Class Members with their minor children under the age of five by July 10, 2018, and to reunify all Class Members with their minor children age five and over by July 26, 2018.  In the class certification order, the Court was mindful of the safety of the children—stating it to be a paramount consideration—in limiting the Class to "adult parents," and carving out of the Class "migrant parents with criminal history or communicable disease" and parents

who were "unfit or present[ed] a danger to the child." The Court reiterated these concerns in its preliminary injunction by creating exceptions to reunification for parents who are "unfit or present[ ] a danger to the child."

In a filing late this afternoon and after the in-court status conference, Defendants called into question this Court's concern for the safety, welfare and well-being of the children Defendants separated from their parents, and who are now being reunited with their parents pursuant to this Court's injunction. Christopher Meekins, the Deputy Assistant Secretary for Preparedness and Response, and the Chief of Staff for the Office of the Assistant Secretary for Preparedness and Response at HHS, states, "While I am fully committed to complying with this Court's order, I do not believe that the placing of children into such situations is consistent with the mission of HHS or my core values." (Decl. of Christopher Meekins in Supp. of Status Report ("Meekins Decl.") ¶ 56, ECF No. 107-1.) It is clear from Mr. Meekins's Declaration that HHS either does not understand the Court's orders or is acting in defiance of them. At a minimum, it appears he is attempting to provide cover to Defendants for their own conduct in the practice of family separation, and the lack of foresight and infrastructure necessary to remedy the harms caused by that practice.

Following the July 10 status conference, the Court issued an order setting out ICE's previous procedures—which had apparently been in place for years—for dealing with parents and children who entered ICE custody together. Those government procedures, which the Court noted appeared to have been successful in ensuring child safety and welfare, involved ICE personnel (1) resolving "any doubt about whether they are parent and child," and (2) investigating "whether there is information that causes a concern about the welfare [of] the child, such as the adult having a significant criminal history." (Decl. of Mario Ortiz in Supp. of Opp'n to Am. Mot. for Prelim. Inj. ¶¶ 3, ECF No. 46-1.) If there were no "concerns about the family relationship or welfare of the child, the [parent and child would] be detained at a family residential center or, if appropriate, released to a sponsor or non-governmental organization." (*Id.*) If there were concerns, the child would "be transferred to the U.S. Department of Health and Human Services Office of Refugee

Resettlement (ORR) for care and placement consideration." (*Id.*)  It was the Court's intent that the reunification of Class Members and their children would proceed along these lines, lines the Government itself had used prior to the implementation of the recent family separation policy.

Because the facts of this case presented a situation wholly different from those underlying the Trafficking Victims Protection and Reauthorization Act, Pub. L. No. 110-457 (Dec. 23, 2008), the Court found Defendants did not have to go through all of ORR's policies and procedures prior to reunifying Class Members and their children.  Indeed, it appears HHS, on its own, had modified those procedures prior to the Court's July 10, 2018 Order. (*See* Decl. of Jonathan White in Supp. of Notice of Compliance ¶ 13, ECF No. 86-1) ("HHS has modified and expedited its ordinary process so that it can determine class membership using the Court's criteria and, to the extent possible, reunify class members and their children within the Court's deadlines.")  The Court's July 10, 2018 Order allowed for further modification of those procedures to ensure the safe reunification of Class Members and their children by the court-imposed deadline, but it did not go as far as HHS has apparently taken it.

For instance, and despite Defendants' joint statement that reunification had occurred after "careful vetting procedures[,]" Press Release, U.S. Department of Homeland Security, Trump Administration Completes Reunification for Eligible Children Under Age 5 (July 12, 2018), Mr. Meekins states HHS has "suspended further efforts to affirmatively verify the parentage of putative class members with children under 5." (Meekins Decl. ¶ 6.)  He also states "HHS has stopped DNA testing of putative class members notwithstanding the value of DNA testing as an objective tool for verifying biological parentage." (*Id.* ¶ 30.) Both of these statements are categorically inconsistent with the Court's oral and written rulings, which explicitly require Defendants to make parentage determinations prior to reunification, and to use DNA testing, if necessary, to make those determinations.  Other statements in Mr. Meekins's Declaration are also categorically inconsistent with this Court's rulings requiring Defendants to make determinations about parental fitness and

danger to the child prior to reunification. Unfortunately, HHS appears to be operating in a vacuum, entirely divorced from the undisputed circumstances of this case: family separation by Defendants, this Court's order finding a likelihood of success on Plaintiffs' due process claim, the President of the United States declaring the Government is in favor of maintaining family unity, and the joint statement of three Cabinet Secretaries that they are in full compliance with the Court's orders and are acting in good faith and will continue to do so. Press Release, U.S. Department of Homeland Security, Trump Administration Completes Reunification for Eligible Children Under Age 5 (July 12, 2018). Mr. Meekins's Declaration is entirely inconsistent with explicit pronouncements from the highest levels of the Government and this Court's orders.

To be clear, determinations of parentage, fitness and danger must be made before any Class Members are reunited with their children. All of these determinations are incorporated in the class definition and the preliminary injunction, and until Mr. Meekins's Declaration was filed, it appeared the parties were in agreement that these determinations were necessary prior to any reunifications of Class Members and their children. Mr. Meekins's Declaration casts doubt on what the Court believed was a mutual understanding, and calls into question the Court's previous statements that Defendants are acting in good faith in their attempts to reunify Class Members by the currently imposed deadlines.

As the Court stated in the 5:30 p.m. telephonic status conference with counsel held after the submission of Mr. Meekins's Declaration—safe and timely reunification of Class Members and their children can, and will, be done by the Court's deadline. There is no reason why one of these goals must be sacrificed for the other given the vast amount of resources available to the federal government. The task is laborious, but can be accomplished in the time and manner prescribed. Defendants were substantially compliant with reunifying parents with children under age five, and the Court fully expects Defendants will be compliant with reunifying Class Members and their minor children age five and over, notwithstanding Mr. Meekins's Declaration.

///

Accordingly, IT IS HEREBY ORDERED:

1. The parties shall continue to meet and confer on the possibility of reunification for (1) the parents of children under age 5 that Defendants excluded from the Class and (2) Class Members who are not currently eligible for reunification with their children under age 5.

2. On or before **July 13, 2018**, Defendants shall provide to Plaintiffs and the Court a list of all Class Members currently in ICE custody, and a list of all children in ORR custody currently subject to reunification with Class Members.

3. On or before **9:00 a.m.** on **July 16, 2018**, Defendants shall provide to Plaintiffs and the Court the names, A-file numbers and locations of all Class Members and children on the July 13, 2018 lists, and for the children, Defendants shall also provide the age of each child.

4. Absent a showing of good cause, Defendants shall complete their parentage determinations for Class Members in ICE custody, to include DNA testing, if necessary, on or before **July 19, 2018**. Defendant shall also provide to Plaintiffs and the Court a list of parents in ICE custody who are ineligible for reunification.

5. For all reunifications that occur pursuant to the Court's order, Defendants shall provide Plaintiffs with 12 hours notice of each reunification.

6. A further status conference will be held on **July 16, 2018**, **at 9:30 a.m.** As discussed during the evening status conference on **July 13, 2018**, Defendants shall have a representative from HHS personally appear at this conference.

7. The parties shall submit a further status report on or before **3:00 p.m.** on **July 19, 2018**. A further status conference shall be held on **July 20, 2018**, at **1:30 p.m.**

8. The parties shall submit a further status report on or before **3:00 p.m.** on **July 23, 2018**, and further status conference shall be held on **July 24, 2018**, at **4:00 p.m.**

9. The parties shall submit a final status report on or before **3:00 p.m.** on **July 26, 2018**, and a further status conference shall be held on **July 27, 2018**, at **1:30 p.m.**

10. The dial in number for counsel and any members of the news media that wish to attend the July 16, 2018 status conference is as follows:

    1. Dial the toll free number: **877-873-8018**;

    2. Enter the Access Code: **9911153** (Participants will be put on hold until the Court activates the conference call);

    3. Enter the Participant Security Code **07160428** and Press # (The security code will be confirmed);

    4. Once the Security Code is confirmed, participants will be prompted to Press 1 to join the conference or Press 2 to re-enter the Security Code.

Members of the general public may appear in person.

**IT IS SO ORDERED**.

Dated: July 13, 2018

Hon. Dana M. Sabraw
United States District Judge