CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

    Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Respondents-Defendants.

Case No. 18cv428 DMS MDD

**NOTICE**

Defendants hereby submit this notice in response to the Court's order of July 13, 2018, including its modifications to the June 26, 2018, order. Defendants are devoting extraordinary resources to comply fully with this Court's orders, and to do so in good faith. Through this extraordinary effort, HHS was able to substantially comply with this Court's July 12, 2018, deadline with respect to children aged four and under. See July 13 Order at 4. HHS is also committed to meeting the Court's July 26, 2018, deadline for the children who are aged five and over. In response to the Court's concerns, set forth below is a clarification of some points of potential confusion about how the reunification plan works. A plan document itself ("Plan") is attached. Under the reunification plan, and consistent with the Court's orders, Defendants will not reunify a child without first making "determinations of parentage, fitness and danger." *Id.*

In particular, under the plan, the Department of Health and Human Services (HHS) makes determinations of parentage based on information that goes beyond

what U.S. Immigration and Customs Enforcement (ICE) or U.S. Customs and Border Protection (CBP) would typically have available to them. First, unlike a typical alien child in HHS custody who arrives alone, here there is preexisting evidence of parentage: The adult arrived at the border and presented as a family, with the child; the putative parent said they were a family; and CBP treated them as a family unit. See Meekins Dec. ¶ 45.

Second, the children have now been in the care of HHS Office of Refugee Resettlement (ORR) for several weeks. While CBP and ICE are tasked with enforcing the immigration laws, 8 U.S.C. 1103(a); 6 U.S.C. 211(c)(8), 251, ORR's mission is to protect children, including unaccompanied alien children in its care, 6 U.S.C. 279(b); 8 U.S.C. 1232(c)(1). The personnel at ORR shelters have had many opportunities, over a considerable span of time, to interact with the children and make notes in their files, including of risks of smuggling or abuse. See Meekins Dec. ¶ 36.

Third, by definition, this cohort of children is older (aged 5 and over), and thus can communicate. A child thus could potentially tell ORR staff, for example, that the adult who they arrived with is not their parent but an adult they were bundled or trafficked with, without the adult standing right there. Finally, the file may also include documentation voluntarily provided by the adult or plaintiff's counsel. See Meekins Dec. ¶ 36.

Under the plan, HHS reviews the files for each child—including all the information mentioned above—before proceeding with reunification. See Plan at 2; Meekins Dec. ¶ 36. HHS believes that in the large majority of cases, there will be no such indicia of trafficking in the records, and the constellation of evidence above will support the adult's assertion of parentage. See Plan at 2; Meekins Dec. ¶¶ 36-37. If so, HHS will determine that the adult is a parent, thus proceeding with the swift reunification plan. *Id*. Finally, HHS also conducts a final 15-minute interview of the parent at the ICE facility, which can provide further confirmation of that determination. See Plan at 3; Meekins Dec. ¶ 35. Absent a red flag, HHS will then transfer the child to ICE custody, completing the reunification. *Id.* But if the interview raises a red flag (or if a red flag caused HHS not to proceed to the interview in the first place) then, consistent with the order, reunification will not be completed and instead HHS undertakes additional scrutiny. See Plan at 2-3; Meekins Dec. ¶ 37. HHS thus will reunify families if and only if HHS has made a determination of parentage. See Plan at 1; Meekins Dec. ¶ 42.

This plan does not include, however, "affirmative verif[ication]" of parentage for each adult in the manner HHS does in its ordinary operations under the TVPRA. Meekins Decl. ¶ 39. Affirmative verification is different from the determination described above. In its ordinary operations, HHS affirmatively verifies parentage using documentary evidence (*e.g.*, birth certificates), which are typically obtained

through consular channels. *Id.* ¶ 46. That process can take months, and thus much too long to comply with the Court's reunification deadline. *Id.* HHS may also use DNA testing to affirmatively verify that an adult is a biological parent, as it did with the four-and-under cohort. See *id.* ¶ 23. (A negative DNA test, however, does not conclusively disprove legal parentage, but instead triggers further inquiry.) HHS views those processes as allowing for conclusive verification that an adult is a parent, without relying on other evidence, at the highest degree of accuracy. See *id.* ¶¶ 44-48. But DNA testing of all or virtually all the remaining parents and children here would be inconsistent with the Court's orders, see July 10 Order at 3, and HHS estimates it would "stretch the time required to comply by months," Meekins Dec. ¶ 31. HHS thus has instead determined that it need not perform DNA testing when it can make a determination of parentage based on the significant information described above. See Plan at 1-3.

As Defendants have explained in prior filings, there is an unavoidable difference between the accuracy of using HHS's ordinary processes for affirmatively verifying parentage in the absence of other information for every adult, and the accuracy of determining that an adult is a parent based on the information available via this process. See Meekins Dec. ¶¶ 43-48. Those concerns remain, as do risks associated with that difference. See *id.* But Defendants have been striving to comply with the Court's orders in good faith, and the plan indeed requires HHS to make a

determination of parentage, based on the information available to it, before reunifying families within the deadlines.

This Court's order of July 13, 2018, imposes two new requirements, however: (1) that, absent a showing of good cause, Defendants shall complete the determination of parentage by a new, earlier deadline (July 19, 2018), to include DNA testing, if necessary; and (2) that Defendants shall provide Plaintiffs with 12 hours' notice of each reunification.  July 13 Order at 5.  In response to that order, Defendants have already added to the plan the use of DNA testing as a method for resolving red flags about parentage.  See Plan at 3.  Defendants are currently considering what additional modifications they need to make to the plan to comply with the Court's new requirements, as well as its prior deadlines and orders, and whether Defendants will seek further clarification or partial relief.  We will also seek guidance from the Court to ensure that the current plan is consistent with the Court's orders.

| | | |
|---|---|---|
| DATED: July 15, 2018 | | Respectfully submitted, |

CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

# HHS/DHS UNIFIED PLAN OF OPERATIONS

## FOR REUNIFICATION OF 5-17 YEAR OLD POPULATION TO INCLUDE FLOW CHART AND SUMMARY OF REQUIRED STEPS

## 14 JULY 2018

OPERATIONAL SCOPE:

1. Swift reunification of adults and children from age group 5-17 subsequent to separation, after determination of parentage, fitness, and danger.

2. There will be a total of eight ICE locations that will operate for as long as necessary to effect efficient reunification of children with parents. There will be a population of no more than 50 (estimated) children that will require transport to locations outside of the three ICE AORs for individual reunification. This will be coordinated with the HHS IMT and the ICE LNOs on site at HHS.

LOGISTICS AND POTENTIAL LIMITING FACTORS:

1. Strict coordination and adherence to agreed upon planning and operational factors by all involved.

2. The requirement for HHS to transfer and ICE to receive high volumes of children at pre-designated sites. EXTENDED HOURS OF OPERATIONS OR 24/7 OPERATIONAL PERIODS MAY BE REQUIRED, AS INDICATED.

3. ICE will incur all costs for the transportation of the adult population and HHS will incur the cost of moving the child (to pre-designated location). ICE will transport the reunited families, adults and minors as necessary, following reunification.

# HHS/DHS UNIFIED PLAN OF OPERATIONS

## FOR REUNIFICATION OF 5-17 YEAR OLD POPULATION TO INCLUDE FLOW CHART AND SUMMARY OF REQUIRED STEPS

### 14 JULY 2018 (Page 2)

**OPERATIONAL REQUIREMENTS AND PLANNING EFFORTS:**

A. ICE will provide NCIC background information. ORR to review and assess for criminal concerns. ICE will provide additional category of "convicted" vs. "charged" for the adult population identified with concerns from the NCIC review (step 1 in the process flow). ICE will be responsive to all requests for additional information to expedite "clearance" or "removal" of adult from the certification list for reunification.

B. ORR to review case file to identify any pertinent "red flags", eg: the child was not accompanied by a parent, was smuggled, or would otherwise be subject to safety/security concerns. *Home studies are performed only in the following cases:*

   (1)  a child who is a victim of a severe form of trafficking in persons;

   (2)  a special needs child with a disability;

   (3)  a child who has been a victim of physical or sexual abuse under circumstances that indicate that the child's health or welfare has been significantly harmed or threatened; or

   (4)  or a child whose proposed sponsor clearly presents a risk of abuse, maltreatment, exploitation, or trafficking to the child based on all available objective evidence.

C. If red flags, ORR will undertake further review and action as appropriate. If ORR finds no red flags, proceed towards reunification on track below.

D. ORR will create and publish daily updated lists of "request to interview" (RTI) adults for reunification.

E. ICE Field Offices will review the A#'s submitted by ORR using EARM and flag if any adults have an executable Final Order.

F. ICE will notify HHS/ORR/SOC immediately if the adult elects to be removed without the child (and all supporting paperwork MUST be forwarded to HHS/ORR/SOC or be made immediately available through electronic links between HHS and ICE.

G. ICE to move selected adult population to identified sites for Field Team Interview (there will be a few isolated individuals outside of the three selected ICE AORs who are currently closer to their minor child in ORR care).

# HHS/DHS UNIFIED PLAN OF OPERATIONS

### FOR REUNIFICATION OF 5-17 YEAR OLD POPULATION TO INCLUDE FLOW CHART AND SUMMARY OF REQUIRED STEPS

### 14 JULY 2018 (Page 3)

H. ICE will NOT transfer any pending adults for reunification outside or away from the three ICE AORs.  ICE will transfer all non-executable Final Orders and litigation pending cases (except PHO, ELP, SNA, to SNA AOR – *but will not do so, as stated above, if children are already in the same AOR as the adult.*

I. HHS contractor to perform intake of adult (15 min interview).

J. If HHS contractor finds red flags, undertake further review and action as appropriate.  If HHS contractor finds no red flags, complete reunification as below.

K. ICE will support HHS/ORR authorized personnel at reunification sites for parental screening procedures.

L. Contractor to notify IMT of "green" status of adult population (from list) and IMT to execute logistical plan for child to move to designated location within 06-48 hours of notification of final clearance.

M. ICE will conduct final check and confirm "greenlight" on reunification (with ORR).

N. Child is transported to designated location.

O. Paperwork exchange, transfer of responsibility between agencies and reunification occurs.

P. ICE to coordinate with MVM to dispatch reunited family to a pre-identified NGO release location. To request assistance through this program, email the MVM Command Center at [mvmcommandcenter@mvminc.com](mailto:mvmcommandcenter@mvminc.com).  Also copy Supervisory Detention and Deportation Officer Roberto R. Salazar, at [Roberto.R.Salazar@ice.dhs.gov](mailto:Roberto.R.Salazar@ice.dhs.gov).  MVM may also be contacted via phone at (956) 621-7920

## PLEASE SEE FLOW CHART ON THE FOLLOWING PAGE

UAC Reunification Process
UAC Population 5-17 years old
NCIC Check/ICE A # Categorization of Conviction
Conducted Concurrently
Red Flags?
YES
A# & Name to ICE for determination of conviction
ICE Review of conviction w/determination of proceedings
NO
ORR Case Manager Review (Significant child safety concern or indications of non parentage)
Cleared by ICE?
NO
Red Flags?
YES
DNA Test for Adult and Child
DNA Match?
NO
YES
NO
ACLU & ICE receives request for interview (RFI) from HHS. ICE returns executable Final Order list allowing interviews
ORR performs statutory requirements and determination
ICE notifies ORR/SOC if parent elects to not be removed w/child and update list
Sponsorship Verification @ ICE Designated Locations Reunification Decision
YES
Cleared by ORR?
NO
Red Flags?
YES
Parent available?
NO
NO
YES
ICE identifies and hold adults w/children in same area of responsibility.
Parent desires reunification?
NO
YES
ORR Transfers Child to Target Detention Facility
NO
Did child become ill in ORR Care?
YES
Reunification within 24-48 Hours
YES
Illness resolved?
NO
Child remains in ORR Care for placement
ICE to Coord w/MVM to dispatch reunited family to pre-identified release location
Due Diligence Actions in the Interest of the Child

