```
                                                                USDC SDNY
                                                                DOCUMENT
                                                                ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                    DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                   DATE FILED: 07/19/2018
------------------------------------------------------------X
                                                            :
N.T.C. et al.,                                              :
                                                            :
                                Plaintiffs,                 :     18-CV-6428 (JMF)
                                                            :
                -v-                                         :     MEMORANDUM OPINION
                                                            :         AND ORDER
U.S. IMMIGRATION AND CUSTOMS                                :
ENFORCEMENT et al.,                                         :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This case, which was filed on the evening of July 16, 2018, arises out of the Government's much-criticized decision earlier this year to separate immigrant parents who enter the United States from their children. The policy has been the subject of intense political debate and litigation, most prominently in a class action brought on behalf of immigrant parents in the Southern District of California captioned *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 18-CV-0428 (S.D. Cal.). On June 6, 2018, the Honorable Dana M. Sabraw, who is ably presiding over that litigation, concluded that the plaintiffs stated a legally cognizable claim for violation of their substantive due process rights to family integrity, and on June 26, 2018, he granted a class-wide preliminary injunction requiring the Government to reunite parents with their minor children by July 26, 2018. Since that time, Judge Sabraw has closely supervised the reunification process and related matters. Most relevant for present purposes, on July 16, 2018, he temporarily imposed a seven-day waiting period before members of reunified families could be removed from the country, relief that had been sought by the plaintiffs to ensure that parents

could consult with their children and counsel about legal options prior to removal.

This case differs from *Ms. L.* in at least one significant respect: It is brought on behalf of *children* who were separated from their parents and are now being held in New York State. Plaintiffs in this case argue that the Government plans to detain them in facilities that do not meet applicable legal standards or to repatriate them as a family unit with their parents, "thereby depriving each child of his or her ability to pursue [his or her own] individual asylum and other child immigrant claims." (Docket No. 1 ("Compl."), ¶ 3). Plaintiffs further claim that the Government has taken to moving children across state lines without warning to counsel and coercing parents into signing insufficiently informative waivers of their children's due process, asylum, and child immigrant rights. (*Id.*). Plaintiffs ultimately seek to ensure that each class member has a meaningful opportunity to pursue asylum or other claims or, in the alternative, that each class member has the opportunity to voluntarily, intelligently, and knowingly waive those claims; they also seek to preserve class members' ability to consult with their parents, close family, and counsel about these decisions. More immediately, they seek injunctive relief barring Defendants from removing any Plaintiff from New York State without providing (1) forty-eight hours' notice of the pending transfer and certain related information to the Plaintiff and his or her counsel; and (2) an opportunity for the Plaintiff class member to consult with a parent or close family member and counsel in order to protect the child's ability to make informed decisions about his or her legal rights and potential claims.[1]

---

[1] On the evening of July 16, 2018, Judge Laura Taylor Swain, sitting in Part I, held a hearing on Plaintiffs' application for emergency relief and granted the application in part, prohibiting the Government from removing putative class members represented by Legal Aid from New York State without providing forty-eight hours' notice of the forthcoming removal to Plaintiffs and their counsel. The temporary restraining order expires today at 10 a.m. absent

2

These are substantial claims, but the question right now is not whether they have merit. Instead, the question is whether they should considered in this forum or by Judge Sabraw in the Southern District of California. Having considered the parties' arguments — made during a hearing held on the record on July 17, 2018, and in letters submitted the next day, (Docket Nos. 14-16; *see also* Docket No. 11) — and (with the parties' consent) having consulted with Judge Sabraw, the Court concludes for several reasons that Plaintiffs' claims should be transferred to the Southern District of California to be considered in conjunction with the claims in *Ms. L. First*, the classes in the two cases concern the same families: Plaintiffs in this case seek relief on behalf of children whose parents are class members in *Ms. L.* (*Compare* Order, *Ms. L.*, ECF No. 82, at 17, *with* Compl., ¶ 66). *Second*, the relief Plaintiffs seek in this case is, at bottom, *directly* related to the reunification process being supervised by Judge Sabraw. In essence, Plaintiffs here contend that they have rights and interests distinct from the rights and interests of their parents and that the reunification process, and Judge Sabraw's own orders, do not adequately take their distinct rights and interests into account.[2] That may or may not be the case, but Judge Sabraw is in a better position than this Court to decide those questions and to modify his own orders if appropriate. And *third*, in the absence of a single judge presiding over both cases, there is a real

---

extension, modification, or vacatur by the undersigned.

[2] For example, Plaintiffs claim that the mere act of reunification mandated by Judge Sabraw's orders may deprive them of access to protections set forth in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 5044, as those protections apply only to unaccompanied minors (which they are now) and not to accompanied minors (which they would become upon reunification). (*See* Docket No. 14 ("Pls.' Letter"), at 3-4). Further, Plaintiffs contend that they "have independent rights . . . that are being extinguished, through apparent waivers" being signed by their parents — waivers that may have been approved by the *Ms. L.* Court. (*Id.* at 7-8).

3

risk of inconsistent decisions and conflicting orders — a particularly intolerable risk given the gravity and urgency of the issues in these cases (and the prospect of similar litigation being filed in other states where children separated from their parents are being held).

The Court is, of course, mindful of the deference that is owed to a plaintiff's choice of forum. *See, e.g.*, *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006). The Court is also aware that transferring this case will cause some inconvenience to Plaintiffs and Plaintiffs' counsel, who are located in New York. (*See* Pls.' Letter 9). Nevertheless, the Court is confident that Judge Sabraw can and will take steps to mitigate that inconvenience. And in any event, the inconvenience to Plaintiffs and Plaintiffs' counsel is vastly outweighed by the interests of justice, fairness, efficiency, and avoidance of conflict advanced by having a single judge presiding over both cases. Accordingly, pursuant to Title 28, United States Code, Section 1404(a), the Court transfers this case to the Southern District of California. *See, e.g.*, *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) (recognizing a "strong policy favoring the litigation of related claims in the same tribunal"); *Stroud Prods. & Enters. v. Castle Rock Entm't*, No. 07-CV-8638 (HB), 2009 WL 2391676, at *3 (S.D.N.Y. Aug. 4, 2009) ("[T]rial efficiency and the interests of justice weigh heavily in favor of litigating all related causes of action . . . in a single forum." (citation omitted)). Further, to preserve the status quo, the temporary relief granted by this Court on July 17, 2018, (Docket No. 9), is extended to give Judge Sabraw an opportunity to consider Plaintiffs' request for broader emergency relief. The

4

parties should promptly present those issues to Judge Sabraw so that he can decide whether to maintain, modify, or vacate the order granting temporary relief.

The Clerk of Court is directed to transfer this action forthwith to the United States District Court for the Southern District of California, to be assigned to Judge Sabraw. The Clerk of Court is directed to effectuate the transfer immediately, notwithstanding Local Rule 83.1, and then to close the case in this Court.

SO ORDERED.

Dated: July 19, 2018  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

5