| | |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General<br>SCOTT G. STEWART<br>Deputy Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>NICOLE MURLEY<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>ADAM L. BRAVERMAN<br>United States Attorney<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney<br>California Bar No. 94918<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>619-546-7125<br>619-546-7751 (fax)<br><br>*Attorneys for Federal Respondents-Defendants* | Lee Gelernt*<br>Judy Rabinovitz*<br>Anand Balakrishnan*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>F: (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br><br>Bardis Vakili (SBN 247783)<br>ACLU FOUNDATION OF<br>SAN DIEGO & IMPERIAL<br>COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>T: (619) 398-4485<br>F: (619) 232-0036<br>*bvakili@aclusandiego.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T: (415) 343-1198<br>F: (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Petitioners-Plaintiffs*<br>*Admitted Pro Hac Vice* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**JOINT STATUS REPORT** |

The Court ordered the parties to file a joint status report on July 26, 2018, in anticipation of the status conference scheduled for July 27, 2018 at 1:30pm PST. The parties submit this joint status report in accordance with the Court's instruction.

I.   **DEFENDANTS' POSITIONS**

**A. Update on Reunification Process**

The reunification plan outlined to the Court in Defendants' filing on July 15, 2018, ECF No. 109, and discussed at the July 16, 2018 status conference, is proceeding, and is expected to result in the reunification of all class members found eligible for reunification at this time by the Court's July 26, 2018 deadline. Defendants report the following with regard to the current status, as of 6:00 a.m. on July 26, 2018, of reunification of families with children ages 5-17:

- Total number of possible children of potential class members originally identified: 2,551[1]
  - Children where further review shows they were not separated from parents by DHS: 20
  - Total number of those children who have been discharged from ORR: 1,820
  - Children discharged by being reunified with parents in ICE custody under the government's plan: 1,442
  - Children discharged in other appropriate circumstances: 378 (these include reunifications with parents in the interior, discharges to other sponsors (such as in situations where there parent is not eligible for reunification), reunifications with parents in DHS custody earlier in the process, or children that turned 18)

- Children in care with ORR, where the adult associated with the child is either not eligible for reunification or not available for discharge at this time: 711[2]
  - Parent waived reunification: 120 children
  - Reunification precluded by plaintiffs and court order in separate litigation: 7 children
  - Adult red flag from background check: 21 children
  - Adult red flag from other case file review: 46 children
  - Adult released to the interior: 79 children
  - Adult outside the U.S.: 431 children
  - Adult location under case file review: 94 children

---

[1] The data in this Section reflects approximate numbers maintained by ORR as of 6:00 a.m. Eastern on July 26, 2018. These numbers are expected to change, as more reunifications or discharges may occur by the end of the day on July 26, 2018. Moreover, all children presently in the care of ORR are supervised by ORR or grantee staff, and can be located. However, it will take additional time for data sets to be updated reflecting all discharges, and in some cases, Defendants are working to obtain more complete information concerning the adults associated with each child. Defendants will be prepared to discuss any additional updates during the July 27 status conference.

[2] This number is approximate because the data on children in care is still being updated to reflect discharges and information about associated adults. The groups of children in ORR care below, which are tied to the categories of the adults associated with those children, add up to more than 711 because some adults fall into more than one category (for example, red flag on background check and waived reunification).

**B. Class Member Lists and Other Information For Plaintiffs**

On July 25, 2018, Defendants provided Plaintiffs' counsel with updated data that identifies possible class members whose records reflect they may have been removed or released from ICE custody. Defendants also provided Plaintiffs' counsel with a chart containing the currently-available information regarding class members who signed the court-approved Election form, including those who requested to be reunified with their minor child(ren) for purposes of removal, those who waived reunification and requested to be removed without their minor child(ren), and those who requested time to consult with counsel or refused to complete the form. Finally, Defendants provided Plaintiffs' counsel with an additional spreadsheet that contains currently-available data regarding all identified possible class members, including those class members who have been reunified and either released with their child, or detained in an ICE family residential center.

Defendants propose that the next step is for the parties to meet and confer regarding:

1. Identifying what, if any, information Plaintiffs should be provided regarding reunifications that have been completed;
2. Identifying what, if any, information Plaintiffs should be provided regarding possible class members who have not been reunified, including those who have been removed or released, and those who have been deemed ineligible because they were determined not to be a class member (e.g., not a parent, criminal convictions) or to be excepted from the preliminary injunction's reunification requirement (e.g., unfit or a danger to the child);

3. Developing a plan for those class members who have already been removed, including identifying which of those individuals are class members, locating those individuals, and determining whether they want to be reunified with their child(ren) in their current location or to waive reunification (if the parties cannot reach agreement regarding that plan, then they should submit their proposals to the Court for resolution); and
4. Developing a plan for Plaintiffs' counsel to assist ORR in locating released or removed possible class members with whom ORR is not currently in contact.

## II.     PLAINTIFFS' POSITIONS

Pursuant to the Court's June 26 order, Defendants were required to reunify all Class Members with their children by the end of today, July 26. Dkt. 83 at 23. Although many families have indeed been reunited, Defendants have yet to provide Plaintiffs with any information that would allow Plaintiffs to verify these reunifications or locate the reunified families. In addition, according to Defendants' own data, dozens of separated children still have not been matched to a parent. Moreover, close to a thousand parents remain separated from their children. This includes nearly 500 parents who were removed from the country, most likely without their children. This also includes parents whom Defendants have deemed to not be Class Members, parents who allegedly waived reunification, and parents whose membership in the class Defendants have yet to determine.

In light of the above, Plaintiffs propose the following steps to ensure that all remaining Class Members—many of whom have now been separated from their children for months—can be reunited with their children as soon as possible.

**A. Tracking Reunifications that Have Already Occurred.**

Defendants have not yet provided any information about the reunifications that have already occurred for parents of children ages 5-17. Plaintiffs do not know the location or timing of any of the reunifications. Plaintiffs first requested this information on July 18. This information is critical both to ensure that these reunifications have in fact taken place, and to enable class counsel to arrange for legal and other services for the reunited families.

Plaintiffs therefore propose that the Court order Defendants to provide a list of all reunified families, which must include, for each Class Member, the following information:

1. The names and A numbers of the parent and child.

2. The location where they were reunified.

3. The date they were reunified.

4. Whether, after reunification, the family was detained, released, or deported.

5. If the family is being detained, the location of detention.

6. If the family was released, the time and place of release, and the family's current location and phone number.

All of this information should already be in Defendants' possession. Plaintiffs respectfully ask the Court to order Defendants to produce this information by Monday, July 30.

### B. Locating Parents Whom Defendants Still Have Not Identified.

On July 25th, Defendants provided an updated list of the 2,551 children who were taken from their parents. That list contains 40 children with no parental information—no name, A number, or location. The list also contains 12 children for whom the parent's A number is listed, but no name or location.

These are troubling cases. Plaintiffs propose that Defendants be ordered to explain in detail, at the July 27 hearing, what efforts they are undertaking to locate and make contact with these parents. The parties and the Court can then consider what further steps must be taken to find and reunify them. Without these efforts, there is a risk that these children will be indefinitely separated from their parents.

### C. Parents Who Allegedly Waived Reunification.

Defendants claim that 206 Class Members have waived reunification. But as evidence submitted yesterday makes clear, many of these parents did not realize they were signing away their right to get their children back. Indeed, many *do* wish to be reunited. *See* Dkt. 153 at 5-6, 9. Plaintiffs are currently attempting to ensure that all of the parents who allegedly waived reunification are seen by

lawyers, who can assess whether each parent actually intended to waive reunification.

For the Class Members on Defendants' waiver list who in fact do want to be reunified, the Court should order Defendants to reunify the family within 3 days of receiving written notice from the Class Member or class counsel.

**D. Ensuring Prompt Reunification for the Hundreds of Families that Are Still Separated.**

As of Defendants' July 23 status report, there were over 900 potential class members who will not be reunified by today's deadline. Plaintiffs propose the following deadlines to ensure that these families' separation ends as soon as possible. <u>The following applies both to parents of children under 5 and parents of children age 5-17</u>.

**1. Parents Whom Defendants Have Not Included in the Class.**

Defendants have unilaterally excluded dozens of parents from the class, based on criminal history and a variety of other factors. It is essential that Plaintiffs be able to vet these exclusions and contest any they disagree with. And while Defendants provided some information for excluded parents of children under 5, much of that information was too general to be useful. For instance, certain parents were simply listed as having a "serious criminal history," with no elaboration.

Plaintiffs therefore respectfully ask the Court to order Defendants to provide the following information on a rolling basis, to be completed by Wednesday, August 1:

- A list of all Class Members (including parents of children under 5) whose children were taken away, but whom Defendants excluded from the class.
- The details of all crime-based exclusions, including the specific crime, jurisdiction, and disposition of all charges and convictions.
- The details of all other exclusions, including specific reasons why Defendants concluded the adult was not a Class Member.

Once Plaintiffs have this information, the parties can meet and confer about any disputes regarding class membership. If necessary, the parties can submit those disputes to the Court for resolution.

**2. Class Members Who Were Removed Without Their Children.**

On July 25, pursuant to this Court's order, Defendants provided Plaintiffs' counsel with a list of potential Class Members who were already removed. The spreadsheet shows that as many as 468 separated parents were removed without their children.

Plaintiffs have started attempting to locate these 468 parents. Plaintiffs respectfully ask the Court to order Defendants to reunite these families within 7 days after confirming that the parents are indeed Class Members, that they desire

    reunification with their children, and that travel documents have been obtained. If there are special circumstances that make reunification impossible, Defendants should raise them with Plaintiffs. The parties can then meet and confer, and submit any remaining disputes to the Court. *See* July 13 Hearing Transcript, at 7 (The Court: "Once the Government is in receipt of those travel documents [then] reunification could occur within seven days.").

**3. Parents Who Are Currently in Criminal Custody.**

To the extent there are parents who remain in criminal custody, as soon as these parents leave criminal custody, they must be reunified immediately. To ensure that those reunifications occur promptly, Plaintiffs propose the following:

- Defendants must provide Plaintiffs with a criminal-custody list of Class Members every 3 days, starting on Monday, July 30. The list must include:
  a. The name, A number, and location of every parent who is currently in state or federal criminal custody.
  b. The name, A number, and location of every parent who has left criminal custody since the last criminal-custody list.
  c. The name, A number, current location, and disposition (detained, released, or removed) of all parents who have been reunited after leaving criminal custody.

d. The July 30 criminal-custody list should include information for parents of children age 5-17 who left criminal custody since July 26. It should also include information for parents of children age 0-4 who left criminal custody since July 18, when Defendants provided the last 0-4 class list.

- Each Class Member who leaves criminal custody must be reunified within 3 days. Thus, for instance, if the parent leaves U.S. Marshals custody on a Monday, reunification must occur by Thursday.

### E. Summary of Proposed Deadlines

Plaintiffs believe that firm deadlines, as outlined above, are crucial to ensure that the hundreds of families who remain separated are promptly reunited. Over the last several weeks, Defendants have complied with the Court's orders to produce information, but they have typically not provided that information without the Court ordering a deadline. Plaintiffs have accordingly proposed the following deadlines:

1. List of reunification information by Monday, July 30. (age 5-17 group only)

2. List of detailed reasons for exclusions on a rolling basis, and completed by Wednesday, August 1. (both age 0-4 and age 5-17 groups)

3. Reunification of deported Class Members within 7 days after confirming that the parents are Class Members, that they desire reunification with their

children, and that travel documents have been obtained. (both age 0-4 and age 5-17 groups)

4. Reunification of Class Members on waiver list within 3 days of receiving written notice that the Class Member *does* want reunification. (both age 0-4 and age 5-17 groups)

5. Criminal-custody list on July 30 and every 3 days thereafter. (both age 0-4 and age 5-17 groups)

.

| | | |
|---|---|---|
| 1 | DATED: July 26, 2018 | Respectfully submitted, |
| 2 | | /s/ Lee Gelernt |
| 3 | | Lee Gelernt* |
| 4 | | Judy Rabinovitz* |
| | | Anand Balakrishnan* |
| 5 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| 6 | | 125 Broad St., 18th Floor |
| 7 | | New York, NY 10004 |
| | | T: (212) 549-2660 |
| 8 | | F: (212) 549-2654 |
| 9 | | *lgelernt@aclu.org* |
| | | *jrabinovitz@aclu.org* |
| 10 | | *abalakrishnan@aclu.org* |
| 11 | | |
| 12 | | Bardis Vakili (SBN 247783) |
| 13 | | ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| 14 | | P.O. Box 87131 |
| | | San Diego, CA 92138-7131 |
| 15 | | T: (619) 398-4485 |
| 16 | | F: (619) 232-0036 |
| | | *bvakili@aclusandiego.org* |
| 17 | | |
| 18 | | Stephen B. Kang (SBN 292280) |
| | | Spencer E. Amdur (SBN 320069) |
| 19 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| 20 | | 39 Drumm Street |
| 21 | | San Francisco, CA 94111 |
| 22 | | T: (415) 343-1198 |
| | | F: (415) 395-0950 |
| 23 | | *skang@aclu.org* |
| 24 | | *samdur@aclu.org* |
| 25 | | *Attorneys for Petitioners-Plaintiffs* |
| | | *\*Admitted Pro Hac Vice* |
| 26 | | |
| 27 | | |
| 28 | | |

CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

/s/ Sarah B. Fabian
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*