# EXHIBIT 59

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L. et al.,<br><br>  *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE") et al.<br><br>  *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: July 28, 2018<br><br>**DECLARATION OF STEPHEN W. MANNING**<br><br>CLASS ACTION |

1. I, Stephen W. Manning, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

2. I am an attorney licensed to practice in the State of Oregon and am a member in good standing of the bars of the United States District Court for the District of Oregon, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States. I am a member of the American Immigration Lawyers Association ("AILA"), a former member of the Board of Governors of AILA, and a former Chair of the Oregon Chapter of AILA.

3. I am the Executive Director of the Innovation Law Lab ("the Law Lab"), a nonprofit that I founded to improve the legal rights of immigrants and refugees in the United States. In my role at the Law Lab, I led the organizing of the Dilley Pro Bono Project in 2015, a detention-based project that provides representation to detained families in rapid removal proceedings.

4. The Dilley Pro Bono Project, which continues to operate at the South Texas Family Residential Center, has represented more than 40,000 noncitizens during proceedings since its inception in 2015.

5. When a family is detained in a family detention center and placed into expedited removal proceedings, every member of the family is entitled to a separate credible fear interview, including the children. If one person in the family passed the credible fear interview, the practice is to issue Notices to Appear for the entire family, placing them in regular removal proceedings under INA Section 240, even those individual family members who did not pass a credible fear interview.

6. This is the procedure that would have applied to families had they not been separated. Thus, even if a parent had failed a credible fear interview, the parent's children would have been entitled to their own credible fear interviews. And if they passed those interviews, the entire family would have been referred for regular removal proceedings under INA Section 240.

7. In other words, parents would not have been forced to choose between staying with their child, or allowing their child to pursue an asylum claim – the choice they are facing now. Instead, the parent would have been allowed to remain in the United States with their child while they pursued their asylum applications before the immigration judge.

I declare under penalty of perjury that to the best of my knowledge the above facts are true and correct. Executed this 28th day of July, 2018, in Portland, Oregon.

/s/ Stephen W. Manning
STEPHEN W. MANNING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28