Honorable Judge Sabraw
333 West Broadway
San Diego, Ca 92101
Courtroom 13A

Dear Judge Sabraw:

We write to inform you of very recent information we just learned regarding a class action lawsuit filed in the district court in Washington, D.C. on behalf of the children of Ms. L. Class Members with final removal orders.  *See M.M.M. v. Sessions*, No. 18-1759 (D.D.C.).  A TRO hearing is scheduled to take place tomorrow before Judge Paul Friedman, in which the plaintiffs will seek a stay of removal for both the children and parents until the court resolves the merits of the plaintiffs' claims that they are entitled to asylum proceedings.  We have just learned from counsel for the plaintiffs in that case that the parties have reached an agreement that the Government will not remove Ms. L. Class Members or their children prior to the TRO hearing before Judge Friedman.  As the Government has also just indicated in a filing in Ms. L., it seeks to have that case transferred to this Court.  *See* Dkt. 166, at 2.

It appears that the Government intends to argue, in this Court and before Judge Friedman, that the election forms signed by Ms. L. parents not only preclude a stay, but also, remarkably, waive substantive asylum rights for both the parents and children.  *See* Gov't TRO Opp., *M.M.M. v. Sessions*, Dkt. 15, at 5.  Plaintiffs believe that is an incorrect reading of the scope of the election form approved by this Court and would raise profound questions under domestic and international asylum laws.  Most particularly, it would allow the Government to accomplish precisely what this Court said it would not allow: conditioning reunification on giving up asylum rights.  We therefore write to ensure that anything this Court might say in its stay ruling about the election forms does not unnecessarily prejudge or preclude the type of relief sought before Judge Friedman by the Ms. L. children.  Plaintiffs also believe that there is currently no reason why transfer to this Court is necessary.

As the Court is aware, the form was created in a very specific context.  The government was using a different form that suggested to parents that they needed to waive their right to contest removal in order to obtain reunification.  The current form approved by the Court was adopted to dispel that impression, and nothing more.  Indeed, if parents were forced to sign the forms before reunification and could be removed immediately upon reunification, it would mean that the parents, in order to be reunified, would have to give up challenges to



AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

National Office
125 Broad Street, 18th floor
New York NY 10004
(212) 549-2500
aclu.org

their removal orders and waive their children's asylum rights as well. But until pro bono counsel can consult with the families as a group, there will be no way of knowing what options the family retains.  *See* Manning Declaration, Ex. 59, ¶ 5-7 (filed July 28) (noting how asylum process works in the absence of family separation).

In short, the Government upended the normal asylum process by separating families.  It must now give the families it harmed the opportunity to seek the relief they would have been entitled to seek had they never been separated.[1]  And it should not be able to deny Class Members the consultation necessary to understand these options, especially given how individualized asylum cases are.

Accordingly, Plaintiffs respectfully request that the Court not offer a view on the scope of the election form in ruling on the stay. Addressing that issue is not necessary to resolve the stay motion; indeed, Plaintiffs' current stay motion does not ask this Court to determine what procedural or substantive rights either parents or especially children are entitled to.

Alternatively, the Court can defer ruling on the stay motion at this point given the Government's agreement not to remove children or their parents until Judge Friedman hears argument on the stay request in *M.M.M*.  At a minimum, Plaintiffs respectfully request the opportunity to file a brief further explaining their view of the election form.  Plaintiffs would also request that the Court permit amicus briefs by national asylum groups and leading academics to explain the danger of reading the form as precluding any opportunity for the child to apply for asylum or for the parent to exercise his or her right to a joint CFI hearing or some other remedy that would have been available had the families not been separated.

Dated: July 30, 2018                         Respectfully Submitted,

Bardis Vakili (SBN 247783)        */s/Lee Gelernt*
ACLU FOUNDATION OF SAN        Lee Gelernt*
DIEGO & IMPERIAL               Judy Rabinovitz*
COUNTIES                        Anand Balakrishnan*
P.O. Box 87131                  AMERICAN CIVIL LIBERTIES
San Diego, CA 92138-7131        UNION FOUNDATION
T: (619) 398-4485               IMMIGRANTS' RIGHTS
F: (619) 232-0036               PROJECT
bvakili@aclusandiego.org        125 Broad St., 18th Floor
                                New York, NY 10004

---

[1] This is apparently the relief sought by plaintiffs in the *M.M.M.* case.

Spencer E. Amdur (SBN 320069)  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
IMMIGRANTS' RIGHTS PROJECT  
39 Drumm Street  
San Francisco, CA 94111  
T:  (415) 343-1198  
F:  (415) 395-0950  
samdur@aclu.org

T: (212) 549-2660  
F: (212) 549-2654  
lgelernt@aclu.org  
jrabinovitz@aclu.org  
abalakrishnan@aclu.org

*Admitted Pro Hac Vice*



National Office  
125 Broad Street, 18th floor  
New York NY 10004  
(212) 549-2500  
aclu.org