CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4824
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Federal Respondents*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L,, et al._,_<br><br>Petitioner-Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>RESPONSE TO JULY 30, 2018 LETTER |

The Government submits this response to the letter filed by Plaintiffs today, ECF 168. That letter asks that this Court, in ruling on Plaintiffs' pending stay motion, "not offer a view on the scope of the election form" (ECF 168 at 2) that is given to each class-member parent with a final removal order "to ensure that the Class Member has the opportunity to make an affirmative, knowing, and voluntary decision whether to be removed with or without the Class Member's child or children." Joint Status Report Regarding Notice to Class Members, ECF 97 at 1–2. Plaintiffs suggest that this Court should hold off on addressing the fully briefed stay motion, and instead await a ruling in the case of *M.M.M. v. Sessions*, No. 18-1759 (D.D.C.), which involves claims brought by some of the class members in this case for relief that overlaps with the relief sought here. The bulk of the *M.M.M.* complaint reflects a challenge to the impact of the election form.

Plaintiffs' request is improper and the Court should reject it.

To start, the proper interpretation of the Election Page is a matter that this Court should decide, not another district court. This Court ordered the use of the Election Page—at Plaintiffs' request—to implement the Court's preliminary injunction. A challenge to the election form that was ordered by this Court to implement its injunction should plainly be heard in this Court, not in a case brought by some members of the class in another court to collaterally attack the form or collaterally attack the implementation of the injunction. A group of class members

should not be able to seek a second court's review of this Court's injunction and its implementation by filing a separate suit in a different court. Indeed, Plaintiffs seem to acknowledge that the waiver form is at the heart of the *M.M.M.* challenge. Letter, ECF 168 at 1 (discussing the "scope of the election form").

We have advised the *M.M.M.* court that this is one of numerous reasons why it should transfer the matter to this Court (or, of course, the *M.M.M.* plaintiffs could have intervened in this matter). As we notified the Court earlier today, *M.M.M.* was filed by a group of class members in this case, and seeks relief on a class-wide basis on behalf of their children. That relief should be sought in this Court, by class counsel, and not in another district court. For this and other reasons, we have asked the *M.M.M.* court to transfer the matter to this Court. In response to our request, the Court in *M.M.M.* has asked the parties to address, at a TRO hearing scheduled for 4:00 p.m. EDT tomorrow, whether "the relief sought is already covered by orders issued by Judge Sabraw in the class action pending in San Diego and, relatedly, whether this case should be transferred to Judge Sabraw." *M.M.M.*, Minute Order.

On top of all of these points, interpreting the Election Page is important to a sound ruling on Plaintiffs' stay motion that is pending in this Court. As Defendants have explained, this Court has already granted class members adequate time to make a sound choice regarding whether to exercise or waive reunification rights provided to them by this Court's injunction. *See* Respondents-Defendants' Opposition to

Petitioners-Plaintiffs' Motion for Stay of Removal, ECF 148 at 11–18. The court-ordered Election Page is part of the court-ordered relief that, together, fully addresses and eliminates the harms that Plaintiffs seek to address with their stay motion. *See id.* at 12–13.

It bears emphasizing, moreover, that Plaintiffs' description of the election form is not accurate. Plaintiffs assert that the election form "waive[s] substantive asylum rights for both the parents and children." Letter, ECF 168 at 1. But the election form is provided only if the parent has *lost* their case—in other words, the parent has failed to establish a credible fear of persecution, and that finding has either not been challenged or been affirmed by an immigration judge. So no parental rights are waived. *See* Form, ECF 148-2. And the form is expressly designed to allow the parent to make the election whether to forego any separate relief their child may have and return home together, explaining:

> IF YOU LOSE YOUR CASE AND THE GOVERNMENT IS GOING TO REMOVE YOU FROM THE UNITED STATES, *you must decide at that time whether you want your child to leave the United States with you.*

*Id.* (emphasis added). Plaintiffs approved that language acknowledging that the parent could forego a child's claim to separate relief under the immigration laws.

The form then provides a clear option to parents who have no claim to asylum. Thus, parents can elect, "[i]f I lose my case and am going to be removed, *I would like to take my child with me.*" ECF 148-2. Or instead, the parent may elect to let

their child remain and pursue independent ground for immigration relief. *Id*. The parent may also elect to talk to a lawyer. *Id*. Such an election to "take my child with me" clearly reflects a decision by the parent that they to be removed *with their child*, which necessarily includes not separately asserting immigration claims for their child. *Id*. ("you must decide at that time whether you want your child to leave the United States with you"); 7/10/2018 Tr. 30, 33 (Mr. Gelernt) (for those with removal orders, asking that "no further removals of class members occur until they have been able to sign the new notice" and explaining that "if the parents genuinely want to be removed and knew what they were doing they are just simply going to check the new notice form box"). This does not "upend the normal asylum process" as Plaintiffs claim, but instead permits family unity—and a restoration of the status quo—prior to the parent's removal, since the parent has no relief available under the immigration laws, did not establish any entitlement to asylum, and has the authority to decide what is best for his or her child in this situation.

The government reiterates that, during the meet-and-confer process last week, the government offered an alternative proposal to resolve this issue that was designed to address the concerns now being raised by Plaintiffs. *See* ECF 148 at 2-3. The government offered to give these families where the parent was subject to a final removal order time after reunification—and with access to pro bono counsel—to decide whether to be removed together, or allow a child to be left in the United

States to seek separate immigration relief. What *M.M.M.* counsel are attempting to accomplish, however, is an injunction barring removal of individuals with valid expedited removal orders. Such relief is not permitted by the law, as this Court has recognized. Thus, the Court should not refrain from ruling on the stay motion or Election Page—that would invite other courts to enter conflicting and overlapping relief addressing the same issues.

Finally, on transfer: Plaintiffs state that they "believe that there is no reason why transfer [of *M.M.M.*] to this Court is necessary." Letter, ECF 168 at 1. Plaintiffs are wrong. *M.M.M.* should be transferred to this Court because the case involves claims, issues, relief, and parties that substantially overlap with this case, which was filed months ago and in which the Court more than a month ago ordered and has since been overseeing a preliminary injunction. If *M.M.M.* proceeds in another district court, it will undermine and obstruct this Court's injunction. The need for transfer is clear. Indeed, the view that "there is currently no reason why transfer to this Court is necessary" is a strange position for *Ms. L* class counsel to take about a suit filed by several members of the *Ms. L* class. The plaintiffs in *M.M.M.* are a group of parents—who filed suit on behalf of their children—who are represented by class counsel on issues related to reunification. This all underscores the reality that a single court must address the implications of reunification on plaintiffs and their children. Given this Court's issuance of a preliminary injunction and ongoing

role administering it, only this Court can do so without imposing conflicting obligations on the parties. Two judges who received claims on behalf of children that are very similar to the claims brought in *M.M.M.* recognized as much, and promptly transferred matters to this Court.

DATED: July 30, 2018             Respectfully submitted,

                                         CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*