```
                    UNITED STATES DISTRICT COURT

                  SOUTHERN DISTRICT OF CALIFORNIA


        BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

 _____
                                        )
MS. L. AND MS. C.,                      )
                                        )CASE NO. 18CV0428-DMS
           PETITIONERS-PLAINTIFFS,      )
                                        )
VS.                                     )
                                        )SAN DIEGO, CALIFORNIA
U.S. IMMIGRATION AND CUSTOMS            ) MONDAY JULY 30, 2018
ENFORCEMENT ("ICE"); U.S. DEPARTMENT    )     8:30 A.M.
OF HOMELAND SECURITY ("DHS"); U.S.      )
CUSTOMS AND BORDER PROTECTION ("CBP");  )
U.S. CITIZENSHIP AND IMMIGRATION        )
SERVICES ("USCIS"); U.S. DEPARTMENT     )
OF HEALTH AND HUMAN SERVICES ("HHS");   )
OFFICE OF REFUGEE RESETTLEMENT ("ORR"); )
THOMAS HOMAN, ACTING DIRECTOR OF ICE;   )
GREG ARCHAMBEAULT, SAN DIEGO FIELD      )
OFFICE DIRECTOR, ICE; ADRIAN P. MACIAS, )
EL PASO FIELD DIRECTOR, ICE; FRANCES M. )
JACKSON, EL PASO ASSISTANT FIELD        )
OFFICE DIRECTOR, ICE; KIRSTJEN NIELSEN, )
SECRETARY OF DHS; JEFFERSON BEAUREGARD  )
SESSIONS III, ATTORNEY GENERAL OF THE   )
UNITED STATES; L. FRANCIS CISSNA,       )
DIRECTOR OF USCIS; KEVIN K.             )
MCALEENAN, ACTING COMMISSIONER OF       )
CBP; PETE FLORES, SAN DIEGO FIELD       )
DIRECTOR, CBP; HECTOR A. MANCHA JR.,    )
EL PASO FIELD DIRECTOR, CBP;            )
ALEX AZAR, SECRETARY OF THE             )
DEPARTMENT OF HEALTH AND HUMAN          )
SERVICES; SCOTT LLOYD, DIRECTOR         )
OF THE OFFICE OF REFUGEE RESETTLEMENT,  )
                                        )
           RESPONDENTS-DEFENDANTS.       )
 ---------------------------------------

               REPORTER'S TRANSCRIPT OF PROCEEDINGS
                  TELEPHONIC STATUS CONFERENCE
```

```
COUNSEL APPEARING TELEPHONICALLY:

FOR PLAINTIFF:              LEE GELERNT, ESQ.
                            ACLU IMMIGRANT RIGHTS PROJECT
                            125 BROAD STREET 18TH FLOOR
                            NEW YORK, NEW YORK 10004


FOR DEFENDANT:              SARAH B. FABIAN, ESQ.
                            SCOTT G. STEWART, ESQ.
                            AUGUST FLENTJE, ESQ.
                            U.S. DEPARTMENT OF JUSTICE
                            OFFICE OF IMMIGRATION LITIGATION
                            P.O. BOX 868
                            BEN FRANKLIN STATION
                            WASHINGTON, DC 20044




REPORTED BY:                LEE ANN PENCE,
                            OFFICIAL COURT REPORTER
                            UNITED STATES COURTHOUSE
                            333 WEST BROADWAY, ROOM 1393
                            SAN DIEGO, CALIFORNIA 92101
```

```
 1        SAN DIEGO, CALIFORNIA – MONDAY, JULY 30, 2018 – 8:30 A.M.
 2                              *   *   *
 3        THE COURT:  GOOD MORNING, COUNSEL.  THIS IS JUDGE
 4   SABRAW.
 5        WHO IS ON THE LINE?
 6        MR. GELERNT:  THIS IS MR. GELERNT FOR PLAINTIFFS,
 7   YOUR HONOR.  GOOD MORNING.
 8        THE COURT:  GOOD MORNING.
 9        MR. STEWART:  FOR DEFENDANTS, YOUR HONOR, SCOTT
10   STEWART IS HERE.  AUGUST FLENTJE IS HERE, AND SARAH FABIAN IS
11   ALSO ON THE LINE.  THE THREE OF US.
12        THE COURT:  THANK YOU.  AND I APPRECIATE HAVING
13   COUNSEL GATHER ON SHORT NOTICE.
14        I WANTED TO TALK TO COUNSEL, NOT ABOUT THE PENDING
15   APPLICATION FOR TRO, WHICH I PLAN TO RULE ON LATER TODAY, BUT
16   ON AN UNRELATED MATTER, AND THAT IS THIS STAGE TWO PROCESS OF
17   LOCATING AND REUNIFYING PARENTS WHO HAVE EITHER BEEN REMOVED
18   WITHOUT THEIR CHILD OR WHO ARE IN COUNTRY AND NOT PRESENTLY
19   LOCATED.  SO I WANTED TO GET FURTHER INFORMATION FROM COUNSEL
20   SO THAT WE CAN MOVE AS QUICKLY AS POSSIBLE ON THIS ISSUE.
21        AND IT SEEMED TO ME THAT WHAT IS MOST IMPORTANT, TO
22   BOTH SIDES, IS TO LOCATE THE PARENTS, FIRST AND FOREMOST, AND
23   THEN THE REUNIFICATION PROCESS CAN BEGIN.
24        IT ALSO SEEMS THAT THERE IS NO QUESTION THAT
25   PLAINTIFFS, IF THEY HAVE THE PROPER INFORMATION, CAN BE OF
```

```
 1   GREAT ASSISTANCE IN LOCATING PARENTS, PARTICULARLY THOSE WHO
 2   HAVE ALREADY BEEN REMOVED.  AND IT SEEMS THAT PLAINTIFFS CAN
 3   MARSHAL MANY, MANY NGO'S, LARGE LAW FIRMS, MANY LAWYERS WHO
 4   HAVE OFFICES OR CONTACTS IN CENTRAL AMERICA AND OTHER PLACES.
 5   AND PLAINTIFFS, THROUGH THOSE RESOURCES, COULD BRING A UNIQUE
 6   ABILITY TO LOCATE PARENTS, AND COULD DO SO IN A VERY HELPFUL
 7   MANNER.
 8           IT SEEMS THAT THAT WOULD BE A GOAL THAT EVERYONE
 9   SHOULD BE BEHIND, AND THAT IS FOR PLAINTIFFS AND DEFENDANTS TO
10   WORK WITH ALL AVAILABLE INFORMATION, AND SEPARATELY OR
11   COLLABORATIVELY DO THEIR BEST TO LOCATE ALL OF THESE PARENTS
12   IN THE VARIOUS COUNTRIES.
13           AND SO IN ORDER TO DO THAT, IT WOULD SEEM
14   APPROPRIATE TO GIVE PLAINTIFFS AS MUCH INFORMATION AS QUICKLY
15   AS POSSIBLE.  AND MOST OF THAT INFORMATION, I THINK, THAT
16   WOULD BE MOST HELPFUL IN LOCATING THESE PARENTS WOULD COME
17   FROM THE A-FILES.
18           SO I WANTED TO GET THE GOVERNMENT'S PERSPECTIVE ON
19   THAT.  AND THE THOUGHT WAS THAT A-FILES COULD BE PRODUCED IN
20   WHOLE OR IN PART ON A ROLLING BASIS.  SENSITIVE INFORMATION,
21   OF COURSE, COULD BE REDACTED.
22           NOT ALL INFORMATION WOULD NEED TO BE PROVIDED, BUT
23   THE INFORMATION THAT WOULD BE MOST HELPFUL, OF COURSE, WOULD
24   BE THE IDENTIFYING INFORMATION.  AND THERE IS A LOT OF
25   RESOURCE OR A LOT OF INFORMATION IN THOSE A-FILES.
```

JULY 30, 2018

```
 1            ALSO, WE ARE NOT TALKING ABOUT A LARGE NUMBER IN THE
 2   SENSE THAT IT IS A CONFINED NUMBER OF LESS THAN 500.  A-FILES
 3   ARE ROUTINELY PRODUCED IN THE CRIMINAL CASES I PRESIDE OVER ON
 4   AN INDIVIDUAL BASIS.  AND IT SEEMS THAT WITH A CONCERTED
 5   EFFORT A-FILES, OR PORTIONS OF THOSE A-FILES, COULD BE
 6   PRODUCED ON A ROLLING BASIS TO PLAINTIFFS TO START THE PROCESS
 7   OF LOCATING THESE FAMILIES.
 8            SO I GUESS, MR. STEWART, I WOULD START WITH YOU AND
 9   GET YOUR THOUGHTS ON THAT, WHETHER -- YOU HAD MENTIONED ON
10   FRIDAY THAT THIS WOULD BE AN ENORMOUS BURDEN AND COULD
11   ACTUALLY DELAY THE PROCESS.  AND I AM NOT QUITE SURE I
12   UNDERSTAND THAT POSITION.
13            **MR. STEWART:**  SURE, YOUR HONOR.
14            I AM NOT SURE THAT I HAVE A WHOLE LOT OF GRANULARITY
15   TO ADD TO THAT OTHER THAN, YOU KNOW, IN OTHER CASES I HAVE
16   SEEN LITIGATED WITH LARGE NUMBERS OF A-FILES THE RATE OF
17   PRODUCTION HAS BEEN, I BELIEVE, A MATTER OF, I BELIEVE, WEEKS
18   OR MONTHS TO PRODUCE LARGE NUMBERS OF A-FILES.
19            IT OBVIOUSLY DEPENDS ON HOW BIG THE FILES ARE, HOW
20   MUCH INFORMATION NEEDS TO BE REVIEWED FOR SENSITIVITY AND
21   THOSE KINDS OF CONCERNS.
22            THE CONCERN I WAS FLAGGING ON FRIDAY WAS, YOU KNOW,
23   YES, IT IS A BIG RESOURCE COMMITMENT, AND OBVIOUSLY WE ARE
24   MAKING BIG RESOURCE COMMITMENTS.  BUT MY BIGGER CONCERN IS IT
25   MAY BE A HUGE OUTPOURING OF EFFORT IN A WAY THAT I AM JUST --
```

```
 1   I AM NOT CERTAIN THAT IT IS -- IT WILL NECESSARILY GET THE
 2   INFORMATION THAT WILL, YOU KNOW, HAVE PEOPLE LOCATED QUICKLY.
 3              I CAN'T SORT OF GIVE A FIRM, YOU KNOW, HERE IS WHY,
 4   HERE IS WHY NOT KIND OF REASON, BUT I AM JUST NOT SURE, IN
 5   ADDITION TO THE INFORMATION YOUR HONOR HAS ALREADY DIRECTED,
 6   IT HAS, YOU KNOW, THE SORT OF VALUE THAT WOULD SUBSTANTIALLY
 7   AID THE EFFORT.
 8              I DO HAVE SOME CONCERNS THAT IT WOULD POTENTIALLY,
 9   YOU KNOW, DETRACT FROM FRUITFUL EFFORTS, WHICH IS IN PART WHY
10   I HAD THOUGHT THAT IT WOULD BE A BENEFIT IN US WORKING WITH
11   PLAINTIFFS TO SEE WHAT THEIR EFFORTS WERE LIKE TO START
12   LOCATING PEOPLE WHO HAVE BEEN IDENTIFIED.  WHAT INFORMATION
13   HAS ACTUALLY PROVED HELPFUL THERE.  WHAT THE MOST EFFICIENT
14   WAYS ARE TO FIND PEOPLE.
15              I AM A LITTLE BIT CONCERNED THAT IF WE DO THIS AND
16   WE PRODUCE ALL OF THESE A-FILES WE MAY BE AT A SPOT IN TIME
17   WHERE WE HAD TO WONDER, GOSH, WHY DID WE GO THROUGH ALL OF
18   THAT WHEN WE MIGHT HAVE FOUND THESE FOLKS A LOT QUICKER IN
19   PUTTING RESOURCES IN ANOTHER DIRECTION.
20              THOSE ARE MY SETS OF CONCERNS.  AND I AM JUST NOT
21   SURE -- AND YOUR HONOR HAS, YOU KNOW, BEEN CAREFUL TO KIND OF
22   MAKE SURE TO CONVEY A LOT OF POTENTIALLY -- YOU KNOW, A LOT OF
23   INFORMATION TO THE PLAINTIFFS.
24              AND I JUST HAVE NOT -- MY SENSE IS THAT THAT
25   INFORMATION MAY GO A VERY, VERY LONG WAY THERE, AND THAT I AM
```

JULY 30, 2018

```
 1   NOT SURE THAT FULL-ON OR SIGNIFICANT A-FILE PRODUCTION WILL
 2   NECESSARILY, YOU KNOW, HAVE THE BENEFITS THAT WE ALL
 3   COLLECTIVELY WOULD HOPE.
 4           THE COURT:  YOU DO AGREE, THOUGH, DON'T YOU, THAT A
 5   BILATERAL EFFORT WOULD BE MOST PRODUCTIVE?  IN OTHER WORDS,
 6   THE PLAINTIFFS CAN BRING TO BEAR ENORMOUS RESOURCES, AND THEY
 7   HAVE A UNIQUE ABILITY, PARTICULARLY IN SOME OF THESE COUNTRIES
 8   IN CENTRAL AMERICA, I WOULD ASSUME, TO LOCATE PEOPLE QUICKLY,
 9   AND IN A MANNER THAT IS NOT ALWAYS AVAILABLE TO THE GOVERNMENT
10   GOING THROUGH FORMAL CHANNELS.
11           MR. STEWART:  I WOULD AGREE THAT IS RIGHT, YOUR
12   HONOR.  ABSOLUTELY WE WANT TO HAVE IT BILATERAL.
13           I GUESS WHAT I AM STILL A LITTLE UNCLEAR ON, YOU
14   KNOW, IS THAT IT WOULD BE USEFUL IF THE PLAINTIFFS WOULD
15   CONVEY TO US HOW THEY HAVE BEEN ABLE TO LOCATE PEOPLE, WHAT
16   PARTICULAR PIECES OF INFORMATION HAVE ACTUALLY LED TO CONCRETE
17   IDENTIFIABLE PEOPLE BEING FOUND.  WHETHER WE COULD CHANNEL OUR
18   EXISTING EFFORTS TO FIND PEOPLE IN A BETTER DIRECTION, YOU
19   KNOW.  MAYBE, YOU KNOW, IT COULD BE POSSIBLE THAT SOME EFFORTS
20   JUST CURRENTLY UNDERWAY ARE NOT AS FRUITFUL AS WOULD BE HOPED.
21           AGAIN, I ABSOLUTELY AGREE, BILATERAL EFFORT IS GOING
22   TO BE ABSOLUTELY CRITICAL, ESPECIALLY SINCE CLASS COUNSEL
23   REPRESENTS THESE PLAINTIFFS AND IS GOING TO NEED TO WORK WITH
24   THEM TO SEE WHAT THEIR WISHES ARE.
25           I WOULD JUST LIKE TO, YOU KNOW, ACTUALLY SEE FROM
```

```
 1  PLAINTIFFS, YOU KNOW, WHAT IS IT THAT WILL ACTUALLY LEAD TO
 2  CONCRETE CLASS MEMBERS BEING FOUND AS SOON AS POSSIBLE.  AND I
 3  AM NOT SURE THAT MASS UNDIFFERENTIATED INFORMATION GATHERING
 4  AND PRODUCTION IS NECESSARILY THE WAY TO GO.  THAT IS MY REAL
 5  CONCERN IS THAT WE MAY NOT BE ROWING IN A DIRECTION THAT GETS
 6  US PEOPLE REUNIFIED AS FAST AS POSSIBLE.
 7              THE COURT:  OKAY.
 8              MR. GELERNT, THE INFORMATION THAT HAS BEEN PROVIDED
 9  THUS FAR, IS IT SUFFICIENT, OR DO YOU STAND ON THE REQUEST TO
10  GET MORE INFORMATION AND INFORMATION THAT IS PROBABLY IN THE
11  A-FILES?
12              MR. GELERNT:  YOUR HONOR, I THINK WE WOULD STAND ON
13  THAT, ONLY BECAUSE I THINK THE GOVERNMENT IS ASKING US FOR A
14  BLUEPRINT HOW TO FIND EVERY PARENT.  I THINK THE FEW WE HAVE
15  BEEN ABLE TO FIND SO FAR HAVE BEEN SORT OF HAPHAZARD.
16  SOMETIMES THE KID IS OLD ENOUGH TO EXPLAIN SOMETHING.
17  SOMETIMES THE GROUP THAT IS REPRESENTING THE KID HAPPENED TO
18  HAVE TALKED TO THE PARENT OVERSEAS.  I THINK AS WE GET FURTHER
19  DOWN THE LINE IT IS GOING TO GET HARDER AND HARDER.
20              AND I THINK -- ALL WE ARE SAYING, I THINK YOU JUST
21  ECHOED IT, IS THE MORE INFORMATION THE BETTER.  AND SO EVEN IF
22  THE GOVERNMENT CAN'T PRODUCE ALL OF THE A-FILES AT ONE TIME,
23  PERHAPS A ROLLING BASIS.  BUT THE OTHER THING IS THAT IF THE
24  GOVERNMENT FEELS LIKE -- WE COULD GET THE A-FILE UNDER A
25  PROTECTIVE ORDER, OBVIOUSLY.
```

```
 1              BUT IF THE GOVERNMENT FEELS IT WOULD PREFER JUST TO
 2    QUICKLY SCAN THE 600 -- OR THE 400 FILES, WHICH I DON'T THINK
 3    WOULD TAKE THAT LONG, JUST FOR ANY CONTACT INFORMATION, THEY
 4    COULD BE PROVIDING US THAT.
 5              BUT I THINK IT IS VERY DIFFICULT FOR ME TO SAY THAT
 6    MORE INFORMATION IS NOT BETTER.  AND I AM NOT ENTIRELY SURE I
 7    FULLY UNDERSTAND THE SPECIFIC ARGUMENT THE GOVERNMENT IS
 8    MAKING HERE ABOUT WHY MORE INFORMATION IS NOT BETTER.
 9              SO IF THEY WERE TO TAKE A DAY AND QUICKLY GO THROUGH
10    THE 400 FILES AND SAY, HERE IS SOME CONTACT INFORMATION FOR
11    EACH PERSON, HERE IS THE TOWN THEY SAID THEY LIVED IN BEFORE
12    THEY CAME HERE, ALL OF THAT IS BETTER.  SO THEN A LAW FIRM
13    DOESN'T HAVE TO SEARCH ALL OF CENTRAL AMERICA, THEY CAN SAY WE
14    ARE GOING SEND AN ASSOCIATE OUT TO THAT TOWN, WE HAVE AN
15    OFFICE IN HONDURAS OR SOMEWHERE IN CENTRAL AMERICA.
16              I THINK THAT IS SORT OF OUR POSITION IS THERE IS NOT
17    A BLUEPRINT FOR FINDING ANY INDIVIDUAL.  THE ONES WE HAVE
18    FOUND SO FAR HAVE BEEN THE EASIER ONES WHERE IF THE CHILD'S
19    LAWYER HAPPENED TO HAVE CONTACT WITH THE PARENT.
20              **THE COURT:**  YES.  HOW MANY HAVE YOU FOUND SO FAR, DO
21    YOU HAVE A BALLPARK?
22              **MR. GELERNT:**  I DON'T KNOW IF ANYBODY ON THE CALL
23    KNOWS SPECIFICALLY.  I DON'T THINK WE DO HAVE IT BECAUSE ONE
24    THING THAT HAS BEEN HAPPENING IS, PEOPLE HAVE BEEN GOING AND
25    TRYING TO NEGOTIATE WITH THE GOVERNMENT ON THEIR OWN RATHER
```

JULY 30, 2018

```
 1   THAN SENDING IT TO US.  SO ONE OF THE TASKS FOR US WILL BE TO
 2   TRY TO CENTRALIZE THE INFORMATION SO THAT WE CAN PROVIDE YOU
 3   WITH A REPORT OF EXACTLY HOW MANY WE FOUND.
 4           MY UNDERSTANDING AT THIS POINT IS THAT IT IS ONLY A
 5   HANDFUL, AND IT IS ONLY BECAUSE OF THE INFORMATION OF THE
 6   CHILD'S FILE, AT THIS POINT.
 7           THE COURT:  OKAY.  I THINK MAYBE THE WAY TO
 8   PROCEED -- AND I INVITE COUNSELS' INPUT ON THIS -- IS ON THE
 9   THURSDAY STATUS REPORT I WOULD LIKE BOTH SIDES, THE GOVERNMENT
10   AND PLAINTIFFS, TO SET OUT YOUR PLAN AS TO HOW YOU WILL LOCATE
11   PARENTS IN COUNTRY AND THOSE WHO HAVE BEEN REMOVED.  AND ALSO
12   FOR THE GOVERNMENT TO ARTICULATE THE PROCESS OR THE BURDEN IN
13   PRODUCING A-FILES.
14           IT DOES SEEM TO ME THAT THE COURT OUGHT TO ISSUE AN
15   ORDER REQUIRING AT LEAST PORTIONS OF THE A-FILES TO BE
16   PRODUCED WITH THE KEY INFORMATION THAT WILL HELP IN LOCATING.
17   SO OBVIOUSLY SENSITIVE INFORMATION RELATING TO CRIMINAL
18   INVESTIGATION OR OTHER MATTERS, NONE OF THAT WOULD HAVE TO BE
19   PRODUCED.  IT WOULD ALL BE INFORMATION SIMPLY TO HELP EVERYONE
20   LOCATE THESE PARENTS.  AND IT SEEMS TO ME THAT THAT CAN BE
21   DONE FAIRLY QUICKLY.
22           AS I MENTIONED, WE ARE TALKING ABOUT FEWER THAN 500
23   FILES.  THE INFORMATION COULD BE PRODUCED, IT SEEMS TO ME,
24   FAIRLY QUICKLY, ALTHOUGH I WOULD LIKE THE GOVERNMENT'S PROFFER
25   ON THAT.  AND PRODUCED TO PLAINTIFFS SUBJECT TO A PROTECTIVE
```

```
 1   ORDER.
 2           AND THEN I ANTICIPATE, ON THE PLAINTIFF'S PLAN --
 3   AND I THINK MR. GELERNT HAS ALREADY ALLUDED TO THIS.  THERE
 4   ARE OBVIOUSLY MANY, MANY NGO'S AND LAW FIRMS WITH RESOURCES
 5   AND CONTACTS IN THESE VARIOUS COUNTRIES, AND I THINK IF THEY
 6   HAD THAT KIND OF INFORMATION THEY COULD REALLY BE PRODUCTIVE
 7   IN LOCATING THESE PARENTS.
 8           SO WHAT I AM THINKING OF DOING IS JUST ASKING THE
 9   PARTIES TO DO THAT, TO PROVIDE -- EACH SIDE PROVIDE YOUR PLAN
10   OF HOW YOU WILL GO ABOUT LOCATING PARENTS.  AND THEN FOR THE
11   GOVERNMENT TO ARTICULATE THE TIME NEEDED OR THE BURDEN THAT
12   WOULD BE IMPOSED IF THE COURT WERE TO ORDER PORTIONS OF
13   A-FILES PRODUCED SUBJECT TO A PROTECTIVE ORDER.
14           ANY THOUGHTS?
15           **MR. GELERNT:**  THAT'S FINE WITH PLAINTIFFS, YOUR
16   HONOR.
17           **MR. STEWART:**  THE GOVERNMENT COULD DO THAT, YOUR
18   HONOR.
19           **THE COURT:**  OKAY.  ALL RIGHT.
20           WELL, THAT'S ALL I HAD ON MY MIND FOR TODAY.  I
21   APPRECIATE MEETING WITH EVERYONE TELEPHONICALLY.
22           I THINK I WILL ISSUE A BRIEF ORDER SETTING THIS OUT
23   TODAY, AND THEN I WILL LOOK FORWARD TO THE STATUS REPORTS ON
24   THURSDAY ADDRESSING THESE TOPICS.
25           **MR. GELERNT:**  THANK YOU, YOUR HONOR.
```

```
 1         MR. STEWART:  THANK YOU, YOUR HONOR.
 2         THE COURT:  THANK YOU.
 3         MR. GELERNT:  APPRECIATE IT.
 4         THE COURT:  HAVE A GOOD DAY.
 5         MR. STEWART:  YOU AS WELL.  THANK YOU.
 6
 7                        *   *   *
 8    I CERTIFY THAT THE FOREGOING IS A CORRECT
      TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
 9    IN THE ABOVE-ENTITLED MATTER.
10    S/LEEANN PENCE                     8/1/2018
      LEEANN PENCE, OFFICIAL COURT REPORTER   DATE
11
...
25
```

JULY 30, 2018