CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | |
| vs. | **JOINT STATUS REPORT** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

The Court ordered the parties to file a joint status report on August 9, 2018, in anticipation of the telephonic status conference scheduled for August 10, 2018, at 1:00 p.m. PST. The parties submit this joint status report in accordance with the Court's instruction.

## I.     DEFENDANTS' POSITIONS

### A. Update on Reunifications

Defendants report the following with regard to the current status, as of 12:00 p.m. Eastern on August 9, 2018, of reunification of families with children ages 5-17:

- Total number of possible children of potential class members originally identified: 2551[1]

  o Total number of those children who have been discharged from ORR: 1,992
    - Children discharged by being reunified with parents in ICE custody under the government's plan: 1,569
    - Children discharged in other appropriate circumstances (these include discharges to other sponsors [such as in situations where there parent is not eligible for reunification], reunifications with parents in DHS custody earlier in the process, or children that turned 18): 423

  o Children remaining in care with ORR, where the adult associated with the child was either not originally eligible for reunification or is not available for discharge at this time: 559[2]
    - Children still in care where further review shows they were not separated from parents by DHS: 20 children
    - Parent indicated desire against reunification: 163 children (includes a significant number of parents outside the U.S.)[3]
    - Reunification prevented or potentially affected by separate litigation: 88 children
    - Adult red flag from background check: 27 children
    - Adult red flag from other case file review: 60 children

---

[1] The data in this Section reflects approximate numbers maintained by ORR as of 12:00 p.m. Eastern on August 9, 2018. These numbers continue to change as more reunifications or discharges occur.

[2] This number is approximate because the data on children in care is still being updated to reflect discharges and information about associated adults. The groups of children in ORR care in these various categories, which are tied to the categories of the adults associated with those children, add up to more than 559 because some adults fall into more than one category (for example, red flag on background check and waived reunification).

[3] After a review of case files, a significant number of already departed parents have indicated in some way that they do not wish to reunify with their children. The proposed reunification plan for parents outside the U.S. will discuss collaborating and sharing information with the ACLU to verify these parents' desires.

18cv428 DMS MDD

- ▪ Adult released to the interior or other custody, and contact not yet made:  51 children
- ▪ Adult outside the U.S.:  386 children
  - • Adult outside the U.S. for whom ORR has contact information:  360 children
  - • Adult outside the U.S. with whom ORR has been in contact in the last 7 days:  299 children
  - • Adult still under review:  26 children

**B. Plans for the Reunification of Released and Removed Class Members**

   *1. Team Leaders*

The reunification processes for released and removed class members will be conducted by multiple U.S. Government agencies. Each Cabinet Department (U.S. Department of Health and Human Services (HHS), U.S. Department of Homeland Security (DHS), U.S. Department of State (DOS), and U.S. Department of Justice (DOJ)) has designated an agency lead.  The four agency leads together constitute the UAC Reunification Coordination Group for removed parents and minors in ORR care. The team leads are:

- • <u>DHS</u>: Robert Guadian, Acting Deputy Assistant Director, Field Operations, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations
- • <u>HHS</u>: Jonathan White, Commander, U.S. Public Health Service, Office of the Assistant Secretary for Preparedness and Response
- • <u>DOS</u>: Dale Eppler, Acting Deputy Assistant Secretary, Western Hemisphere Affairs Bureau
- • <u>DOJ</u>: Scott G. Stewart, Deputy Assistant Attorney General, Civil Division.[4]

---

[4] DOJ attorneys will not take an operational role, but will continue to take the lead in addressing the Court and coordinating with Plaintiffs' counsel.

### 2. *Released Class Members*

The following process will be used to reunify families for parents who were

released into the interior of the United States:

- ORR and its grantee shelter program case managers are actively working to establish contact with those parents who are in the U.S. interior.

- ORR Federal Field Specialists are in contact with ICE Field Office Juvenile Coordinator (FOJC) for assistance in developing contact information for released parents.

- ORR determines whether parents have "red flags" for parentage or child safety, based on ICE-provided criminal background check summary information and case review of the child's UAC Portal records. For those with red flags, a process of more extended analysis and adjudication by ORR personnel is required.

- For those parent without red flags, expedited process for reunification consistent with Court direction is implemented to effect physical reunification with parents.

- ORR provides for the cost of air or ground travel by UAC to the site of reunification with the parent.

### 3. *Removed Class Members*

The reunification plan for removed class members is undergoing final review,

and will be filed with the Court shortly. This plan reflects significant interagency

efforts to identify and gather information that can be used by Plaintiffs to contact

class members and ascertain their wishes regarding reunification, and then to work

with agency partners and foreign government officials to develop a safe and efficient

plan for returning the children of class members to their home countries to be reunified with their parents.

4. <u>Report and Proposal Regarding Information Sharing</u>

On August 7, 2018, Defendants provided Plaintiffs' counsel with a spreadsheet containing contact information obtained from the ORR file review for the parents and other family members of children who are in ORR custody and are associated with class members outside the United States. As noted above, the number of children in this group as of today is 386. ORR has contact information for 360 of the parents, and has made contact with 299 of those parents within the last 7 days. ORR is still conducting file review or is not aware of contact information for 26 of the parents. ORR is continuing to review case files for children of removed and released class members to provide additional information where such information exists.

Defendants also have provided criminal history information as ordered by the Court,[5] along with information in response to a number of other requests for data

---

[5] Defendants maintain their objection to the suggestion that Plaintiffs are entitled to review Defendants' exclusion of individuals from the class on the basis of criminal history. The Court's class certification order, ECF No. 82, plainly excluded from the class parents with criminal history that would "prevent them from being released into the community along with their child or housed together in a detention center with other families." Order at 10. That determination is a discretionary determination to be made by Defendants, both as a matter of law, *see* 8 C.F.R. § 236.1(c)(8) (DHS officer may release an alien so long as alien demonstrates that release would not pose a danger to property or persons), and as a matter of administration of the class definition itself. A class definition should allow for objective identification of class

from Plaintiffs. Defendants further have held multiple calls with Plaintiffs to provide them the opportunity to ask questions about that data. Finally, Defendants have responded to numerous inquiries regarding individual situations raised by class counsel and others.

Because of the large number requests that are continually submitted by Plaintiffs, Defendants request that the Court require Plaintiffs to streamline their requests to the greatest extent possible. Specifically, Defendants propose that Plaintiffs keep an updated list of their requests for information and data that prioritizes those requests and is provided to Defendants each Monday and Thursday, so that Defendants can do their best to provide information to Plaintiffs in accordance with Plaintiffs' identified priorities. Requests for information or

---

members, and cannot require the Court to evaluate the facts and circumstances of each individual class member's criminal history to determine membership. *See Gonzales v. Comcast Corp.*, 2012 U.S. Dist. LEXIS 196, at *61, 63-64 (E.D. Cal. Jan. 3, 2012). Allowing Plaintiffs to conduct such an evaluation after DHS has made its determination presents the same problem. Defendants must be able to know who is a member of the class based on the class definition, and the class definition plainly provides that individuals who are deemed by DHS to have a criminal history that would "prevent them from being released into the community along with their child or housed together in a detention center with other families" are excluded. Allowing second-guessing of this determination destroys any certainty as to class membership that is provided by the Court's class definition, and makes ascertaining the class on an objective basis impossible. *See Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) (recognizing that a class must not be vaguely defined and must be "sufficiently definite to conform to Rule 23")). Therefore Defendants object to the requirement that they continue to provide Plaintiffs with criminal history information about excluded class members.

assistance should be submitted outside that timeframe only on an emergency basis, identifying why it is an emergency, and specifying whether the request should be prioritized above other pending requests.

## II.   PLAINTIFFS' POSITION

### A. Steering Committee

In accordance with the Court's August 3 order, Plaintiffs have organized a Steering Committee to coordinate the location and reunification of Class Members who have been removed from the United States or have been released into the interior of the United States.

At the request of the ACLU, the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") has agreed to lead the Steering Committee, which takes on the responsibility of working with the Government to locate and facilitate the reunification of the Class Members who have been removed from the United States or released into the interior of the United States without their children. Three non-governmental organizations ("NGOs")—KIND (Kids in Need of Defense), Women's Refugee Commission (WRC), and Justice in Motion—have also agreed to serve as members of the Steering Committee, and will, among other tasks, facilitate communication regarding the wishes of parents and children who are still separated, and provide in-country support for locating Class Members who have been removed from the United States.

Paul, Weiss's primary responsibilities as head of the Steering Committee will be to: (1) collect and organize contact information for Class Members; (2) coordinate and facilitate the location of Class Members using this contact information, with the help of the NGOs; (3) assist the NGOs in determining Class Members' wishes with respect to their reunification options and organize and collect that data; (4) liaise with representatives for the children to facilitate

communication between Class Members and their children and assess the children's interests and preferences with respect to reunification; (5) provide information to the Court and the Government regarding Class Members who request reunification; (6) advise the ACLU regarding Class Members who may need to be referred to additional, individual counsel before the Class Member can make a decision regarding reunification; and (7) communicate with the Court regarding the efforts of the Steering Committee and the Government to reunify these Class Members with their children.

**B.    Information provided and still needed**

1. On August 7, 2018, the Government provided to Plaintiffs a list containing the names of 400 children of removed parents and the phone numbers for 363 removed parents whose children remain in ORR custody.  The list also provided phone numbers for other family members for about 245 of these children. This list has been provided to Paul, Weiss as head of the Steering Committee.

Plaintiffs and the Steering Committee have not yet had an opportunity to verify the information on the list provided by the Government or assess its accuracy.  If the information is accurate, Plaintiffs are hopeful that the information provided to date will enable the Steering Committee to make meaningful progress in contacting removed Class Members and ascertaining their preferences with respect to reunification.

Paul, Weiss has already begun aggregating the contact information provided to Plaintiffs this week with data previously provided by the Government and gathered by various partner NGOs.  Paul, Weiss will continue to collect and organize data as efforts progress to locate parents and determine the wishes of parents and children.

Finally, Plaintiffs are aware of cases where children have agreed to take voluntary departure to be reunited with their parents. The Government should

18cv428 DMS MDD

disclose, on a rolling basis, the status of these voluntary departure requests so that Plaintiffs can properly track these requests and keep a current count of removed parents not yet reunited with their children. The Government should also be required to effectuate reunification immediately in these cases where both the parent and child are ready for reunification.  Additionally, Plaintiffs are informed that it is taking an unnecessarily long time for children seeking voluntary departure orders to obtain them.  The Government should be required to facilitate and expedite the process by which these children can obtain voluntary departure orders.

2. In addition, despite requests, the Government has still not provided several important pieces of information.  Plaintiffs therefore propose a deadline of **Monday, August 13**, for the following information:

- Contact information for removed parents (and relatives, where possible) of children ages 0-4.  The Government has not provided any of this information yet.

- Information for the 20 parents whose contact information is listed as "under review" in the lists the Government has provided.

- Confirmation whether there are additional children—beyond the 400 already identified—who have been removed or whose parents have been removed, along with contact information for these additional parents.

## C.   Concerns about parents purportedly relinquishing their children.

In the Joint Status Report on August 2, the Government disclosed that there are now 34 children in ORR custody with parents whom the Government has recorded as declining reunification with their child.  This number previously was reported as 130 (July 23 JSR) and 120 (July 26 JSR).  In data disclosures made in

July, the Government's figures reflected more than 200 parents as choosing to relinquish their child.  Plaintiffs have consistently raised concerns that many of these purported relinquishments were not made voluntarily and that Plaintiffs need to contact and consult with all parents in this constantly changing group.  Plaintiffs requested further clarifications after the August 2 JSR and received the list of 34 parents from the Government on August 7.

The Government has explained this decline, from 130 to 34, as a combination of (1) parents revoking their preference not to reunify with their child; and/or (2) ORR releasing the child to a sponsor, not to the separated parent.  The first scenario suggests relinquishments may often be unreliable, and that Plaintiffs therefore need the information and time necessary to contact these parents and determine whether their relinquishments were knowing and voluntary.  In the second scenario, the parent is no longer in the Government's reported count of relinquishing parents because the child is no longer in ORR custody. But that parent may not have voluntarily chosen to relinquish the child to a sponsor.

Plaintiffs need to attempt to reach all parents currently recorded as having relinquished their child.  But Defendants' constantly changing list of such parents has made it impossible to identify which parents are currently being treated as having waived reunification.  Plaintiffs have made numerous requests for this information, most recently on August 8.  Plaintiffs propose a deadline of **Monday,**

**August 13** for a list of all parents recorded as relinquishing their child (for all children, ages 0-17), regardless of whether the child is still in ORR custody, and regardless of whether the relinquishment occurred at an ORR interview or by signing the election form.

**D. More information is needed to ensure all eligible separated parents are reunited with their children.**

The Government has within the past 2 hours provided additional information about crime-based exclusions that this Court ordered after the July 27 status conference, and again ordered after the August 3 status conference. Plaintiffs need additional time to determine if this information is sufficient to determine whether they believe the exclusions are warranted.

In addition, Plaintiffs believe there may be significant numbers of parents removed without their children, where the children are now with a sponsor and not in ORR custody. In this scenario, it is Plaintiffs' understanding that such parents would not be counted in the Government's tally of children with removed parents, because that tally only includes parents with children in ORR custody. Nor would contact information for these removed parents appear in the lists provided by the Government. For many of these families, sending children to a sponsor may not be enough to comply with this Court's order to reunify parents and children. Plaintiffs therefore ask the Court to order Defendants to produce this list by **Wednesday, August 15**.

**E. Summary of Proposed Deadlines.**

Plaintiffs summarize their data requests here and propose the following Court-ordered deadlines:

1.      All parents currently recorded as relinquishing their child (ages 0-17), regardless of whether the child is still in ORR custody, along with the basis for believing a parent declined reunification, the date they declined reunification, and their current location. Plaintiffs made this request to the Government on August 8. **Proposed deadline: August 13**.

2.      A current list of all parents who have been removed without their children, and whose children are no longer in ORR custody, with information detailing to whom the child was released and their last known location, as well as contact information for the parent. **Proposed deadline: August 15.**

3.      An updated list of the outcome of reunification efforts for all class member children under 5, in the same form as previously provided to Plaintiffs on July 16. This should include all completed reunifications (and with whom the child was reunified), as well as all reunifications that have not happened and the reason why not. Plaintiffs made this request to the Government on August 8. **Proposed deadline: August 13.**

4.      A current list of all non-removed parents who have not yet been reunified with their separated child, including whether the parent is currently

detained or has been released and, if they are currently detained, where they are detained. This list should include parents whose children have been released to other sponsors. Plaintiffs made this request to the Government on August 8. **Proposed deadline: August 15.**

5. A current list of all parents who have been reunified with their children and who are now detained, and where they are detained. Plaintiffs made this request to the Government on August 8. **Proposed deadline: August 15**.

6. Disclosure, **on a rolling basis**, of the status of all requests by children to take voluntary departure to be reunited with their departed parents.

DATED: August 9, 2018                    Respectfully submitted,

                                         /s/ Lee Gelernt
                                         Lee Gelernt*
                                         Judy Rabinovitz*
                                         Anand Balakrishnan*
                                         AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION
                                         125 Broad St., 18th Floor
                                         New York, NY 10004
                                         T:  (212) 549-2660
                                         F:  (212) 549-2654
                                         *lgelernt@aclu.org*
                                         *jrabinovitz@aclu.org*
                                         *abalakrishnan@aclu.org*

                                         Bardis Vakili (SBN 247783)
                                         ACLU FOUNDATION OF SAN DIEGO
                                         & IMPERIAL COUNTIES
                                         P.O. Box 87131
                                         San Diego, CA 92138-7131
                                         T: (619) 398-4485

F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*