**Interagency Plan for Reunification of Separated Minors with Removed Parents**
**August 16, 2018**

## SCOPE

This plan describes roles, responsibilities, and activities for U.S. government agencies to effect the reunification of minors currently in the care of the Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR) who were separated from class member parents by the U.S. Department of Homeland Security (DHS), and who have been removed or have departed from the United States or released from the custody of U.S. Immigration and Customs Enforcement (ICE).

## COORDINATION GROUP

Each Cabinet Department (U.S. Department of Justice (DOJ), U.S. Department of Health and Human Services (HHS), U.S. Department of Homeland Security (DHS), and U.S. Department of State (DOS)) has designated a lead. The four leads together constitute the UAC Reunification Coordination Group for removed parents and minors in ORR care. This group fulfills Judge Sabraw's requirement for an "accountable individual or team." The operational lead for each Department is responsible for coordinating resource requests to the respective Department, briefing the Secretary (or designee) for the Department, representing the Department in the interagency planning process, and serving as point of contact for interagency partners to ensure unity of effort and effective interagency collaboration. The Coordination Group consists of the following individual points of contact (POC):

1. DHS: U.S. Immigration and Customs Enforcement (ICE) Acting Deputy Assistant Director Robert Guadian
2. DOJ: Scott G. Stewart, Deputy Assistant Attorney General, Civil Division (non-operational role; will take the lead in addressing the Court and coordinating with Plaintiffs' counsel)
3. DOS: Dale Eppler, Acting Deputy Secretary, Western Hemisphere Affairs Bureau
4. HHS: Commander Jonathan D. White

## OPERATIONAL CORE PROCESSES

The plan for reunifications with removed class members has five processes:

1. Identify and Resolve Safety/Parentage Concerns
2. Establish contact with parents who have been removed from the United States
3. Determine parent's intention for child
4. Resolve immigration status of minors to allow reunification
5. Transport minors to their respective countries of origin (COO)

The plan for reunifications for parents released into the interior of the United States is listed in the parties' Joint Status Report. Below is the plan for removed parents.

1

**PROCESS 1 – IDENTIFY & RESOLVE SAFETY/PARENTAGE CONCERNS**
- HHS, DHS, and DOJ determine whether each purported class member parent actually is a class member and eligible for reunification.
- HHS conducts a case review of each minor in care for reunification with a removed class member, to determine if the reunification is cleared to the standard established in the *Ms. L* case. This consists of reviewing the criminal background summary previously provided by DHS, through ICE, as well as the child's case record in the UAC Portal system, to identify if there are any specific reasons to doubt parentage or to question the safety of the child. The standard of review is the same as that used for "ORR Clearance" in Phase II (for reunification of minors aged 5-17 with parents in ICE custody).
- For cases where there are no indications to doubt parentage, and no indications to doubt child safety, ORR will designate that reunification is "Green-lighted" and the reunification will proceed as below.
- For cases where ORR identifies any cause to doubt parentage, HHS will refer those cases to the government of the country of origin (COO) via the designated Embassy or Consular Network in the United States for relationship verification. The government of the COO will determine parentage using documents, interviews, investigations, or other methods deemed suitable by that government. The Embassy of the COO will notify HHS whether the parentage is verified, and HHS will rely upon the determinations of the government of the COO. Where parentage is confirmed by the Embassy of the COO, HHS will proceed to the next step in reunification. Where parentage is denied by the Embassy of the COO, the child will proceed into the standard ORR sponsorship process. If parentage is denied, the decision shall be conveyed, as part of the weekly update to the class list, to the ACLU/Steering Committee, which shall be permitted, within a reasonable timeframe not to exceed five days, to present evidence demonstrating parentage. If Plaintiffs continue to disagree with the Government's determination, Plaintiffs may bring the dispute to the Court.
- For cases where ORR identifies any cause to doubt the safety of the reunification (such as allegations of abuse made by the child while in care, or criminal background check summary results indicative of danger, such as prior criminal convictions for crimes such as child abuse, sexual exploitation of a minor, sexual assault, domestic violence, human trafficking, child pornography, rape, kidnapping, or murder), ORR will refer the case to ORR Federal Field Specialists for further inquiry. If the determination is made that the reunification cannot be approved due to safety concerns, the child will proceed into the standard ORR sponsorship process. Such determinations shall be conveyed, as part of the weekly update to the class list, to the ACLU/Steering Committee, which shall be permitted, within a reasonable timeframe not to exceed five days, to present evidence demonstrating parental fitness or lack of criminal history purportedly preventing reunification. If Plaintiffs continue to disagree with the Government's determination, Plaintiffs may bring the dispute to the Court.

2

**PROCESS 2 – ESTABLISH CONTACT WITH PARENTS IN COUNTRY OF ORIGIN**

- ORR develops a line list based on information solicited from shelter programs providing care for children of removed class members, identifying the contact status of class member parents. Initial list was completed on Tuesday, 7 August 2018, and will be iteratively updated thereafter.
- From the above line list, HHS provides the list of removed parents who have not yet been located/contacted to a DOS POC who will relay to U.S. Embassy personnel in each of the countries to which parents were removed.
- DOS and DHS will liaise with the COO government to assist the COO government in identifying contact information for parents who have not yet had contact information identified. DOS will contact COO government authorities through existing channels as required to facilitate partnership. These efforts will be conducted at the U.S. Embassy in each COO through engagement with local authorities to identify contact information for remaining parents (such as local address and telephone number).
    - In exceptional cases, the ACLU/Steering Committee may alert the Government that liaising with COO governments concerning specific Class Members may pose a particularized danger to that Class Member. In such cases, following such notification, the Government may refrain from any further liaising with the COO government regarding that Class Member.
- DOS will provide daily updates with contact information on located parents to HHS.
- HHS updates list daily with information received.
- DOS will place on U.S. Embassy websites—and communicate to U.S. consulates in countries to which parents were removed—a hotline phone number that provides direct contact to American Civil Liberties Union (ACLU) Steering Committee. The ACLU/Steering Committee will establish, maintain, and staff this number, and will provide the number to DOS for this purpose. DOS will also work with COO government officials to identify other ways to make this information available to removed parents in those countries, including asking the COO government to post notices, advertisements, and billboards and conduct other outreach efforts as necessary.
- Each Tuesday, the ACLU/Steering Committee will provide to the UAC Reunification Coordination Group (via the DOJ member of that group):
    1. A copy of the list of class members who have not been reunified with their child(ren) and are not in the United States, as most recently provided by the Government to the ACLU/Steering Committee, annotated to indicate whether the ACLU/Steering Committee has contacted the class members, and the status of any efforts to confirm whether that class member wishes to be reunified with his or her child(ren).
    2. A list of any class members for whom the ACLU/Steering Committee has been unable to obtain direct contact information using all of the information already provided by the government, and a description of the efforts that the ACLU/Steering Committee has made to locate that direct contact information.
- For any class member for whom direct contact information cannot be obtained after

3

all of these steps are completed, the parties will meet and confer to discuss what additional steps should be taken to attempt to locate direct contact information for that class member. If the parties cannot agree on additional steps to be taken, then the parties will inform the Court and seek guidance on how to proceed.

**PROCESS 3 – DETERMINE PARENTAL INTENTION FOR MINOR**
- Case managers in ORR grantee programs where children are sheltered in many cases are already in contact with parents using identified contact information. In cases where contact has already occurred, the status of these contacts is conveyed by HHS through DOJ to the ACLU. The ACLU shall be responsible, as the counsel to the parents, for determining and conveying the parents' wishes. HHS (via DOJ) will provide the ACLU/Steering Committee with a list of children with an indication whether HHS is aware that the child is represented by an attorney along with any available names and contact information for such attorneys, and will provide updated information within a reasonable timeframe of it becoming available to HHS.
- The ACLU will develop an appropriate form for parents outside the United States who wish to waive reunification with their children. The form would serve as a document recording the parent's wishes with respect to reunification, and would upon receipt be maintained in the A-Files of both parent and child. This form would ordinarily be accompanied by the standard ORR Letter of Designation, in the case of parents who wish to designate another individual to be considered as the sponsor of the child for standard ORR purposes. The parties recognize that securing such a form may be impracticable in some cases. In those cases the ACLU/Steering Committee will provide an affidavit signed by an ACLU/Steering Committee attorney stating why securing such a form from the Class Member is impracticable, and providing the attorney's sworn statement as to the class member's selections that would otherwise be reflected in the form.
- Parents indicate to the ACLU/Steering Committee whether they elect to have the child reunified with them in COO, or affirmatively, knowingly, and voluntarily waive reunification and have the child proceed through standard TVPRA-governed ORR sponsorship process. In the latter case, the parent identifies (if he/she wishes) a relative or other individual to serve as sponsor via ORR Letter of Designation.
- DOJ provides weekly updated lists with contact information on located parents in the COO to the ACLU/Steering Committee. The ACLU/Steering Committee agrees to make best efforts to contact all parents within 10 days of receiving contact information (or within 10 days of the date on which the Court approves this Plan, whichever is later). If the ACLU/Steering Committee is not able to contact a parent within 10 days after exhausting its best efforts to do so, the ACLU/Steering Committee shall promptly meet and confer to try to agree on a reasonable extension of this time period.
- The ACLU/Steering Committee confirms any decision for the child to be reunified or remain in ORR care on its client's behalf within 14 days of the ACLU/Steering Committee actually contacting the parent, or the conclusion of the above 10-day contact period, whichever is sooner. The ACLU/Steering Committee will use its best

4

efforts to meet the 14-day time limit and will inform the Government promptly if additional time is required for a specific class member notwithstanding such effort. The parties shall promptly meet and confer to try to agree on a reasonable extension of the 14-day time limit. The parties shall present any disputes to the Court as needed.

- For children whose parents have expressed a wish for reunification, and who are "green- lighted" by ORR (as detailed in Process 1, above), reunification proceeds (Processes 4 and 5, below).
- For children whose parents decline reunification, the parent is removed from the class, and the child proceeds in the U.S. pursuant to the standard, TVPRA-governed ORR sponsorship process.
- The ACLU/Steering Committee must provide Defendants with final, affirmative, knowing, and voluntary written confirmation of whether any specific removed class member wants to be reunified with his or her child. As discussed above, the ACLU/Steering Committee must do so within 14 days of actually contacting the class member, or exhausting the time period for contacting the class member, whichever is sooner. The 14-day period may be extended by the agreement of the parties or the Court. If written confirmation cannot be obtained from a class member, then the ACLU/Steering Committee will provide an affidavit signed by an ACLU/Steering Committee attorney attesting to either the class member's final, affirmative, knowing, or voluntary written confirmation, or that such confirmation could not be obtained from the class member.
- The ACLU/Steering Committee coordinates with counsel for the children, both class counsel and any individual counsel, to confirm that where parents have elected to reunify with children, attorneys for those children confirm that the U.S. government may transport the child to the home country for reunification. The ACLU/Steering Committee affirmatively communicates to DOJ prior to scheduling the reunification that counsel for the children agree that reunification may occur.
- If a class member who has been removed chooses reunification, the ACLU/Steering Committee will ensure that the class member provides any information required to complete the Court's process for confirming that the Court's criteria for class membership and reunification are met (e.g., parentage, criminal history, parental fitness, or child safety), to the extent that Class Members or the ACLU/Steering Committee possess or can reasonably obtain such information.
- If a class member who has been removed chooses reunification, the ACLU/Steering Committee will ensure that the class member provides any additional information or documents that the government may require to facilitate return of the child to the COO for the purpose of reunification of the class member and his or her child, to the extent that Class Members or the ACLU/Steering Committee possess or can reasonably obtain such information.
- If a class member who has been removed chooses not to be reunified, the ACLU/Steering Committee will assist ORR in obtaining a written letter designating relatives in the United States whom the parents would find acceptable as sponsors (the standard Letter of Designation used in the ORR program), which will guide ORR to the same extent as a Letter of Designation in other (non-separated) circumstances in

5

the UAC Program. If the class member declines to participate in this process, ORR will pursue the standard TVPRA/UAC placement with a sponsor in the United States.

**PROCESS 4 – RESOLVE IMMIGRATION STATUS OF MINORS TO ALLOW REUNIFICATION**

In the case of any child whose reunification is not authorized by the Court's order, the U.S. government may not complete reunification until after children's immigration procedures are completed in the ordinary course.

If the parent selects reunification, then by Court approval of this plan the U.S. government is authorized to proceed with reunifications in accordance with this plan as follows:

1. If no NTA has been issued/filed, then the U.S. Government can transport the child to the COO for the purpose of reunification with the parent.
2. If an NTA has been issued but not filed with EOIR, DHS will cancel the NTA and then the U.S. Government can proceed with transporting the child to the COO for the purpose of reunification with the parent.
3. If an NTA has been issued and filed with EOIR, DHS will move to dismiss proceedings without prejudice, noting in such motion that it is based on *Ms. L* reunification, after which the U.S. Government can proceed with transporting the child to the COO for the purpose of reunification with the parent.
4. For each child who is reunified with a parent pursuant to this Plan in the COO, the repatriation will be without prejudice to the minor's future ability to apply for asylum or withholding of removal under the Immigration and Nationality Act or protection under regulations implementing U.S. obligations under Article 3 of the Convention Against Torture, if the child returns to the United States.
5. The procedures set forth above are for the *Ms. L* class only, and are not intended to establish a precedent that will apply to any other cases or proceedings.

**PROCESS 5 – TRANSPORTATION OF MINORS FOR PHYSICAL REUNIFICATION WITH PARENT IN COUNTRY OF ORIGIN**

- If a class member who has been removed chooses reunification, the U.S. government will provide transportation for the child to the COO to facilitate reunification, pursuant to applicable authorities and as consistent with law.
- HHS updates the list of minors for whom the government has completed Processes 1-4 above, and who are eligible for transportation to the COO for purposes of reunification and whose parents have elected reunification. This list is provided to all network partners.
- DHS, through ICE (with DOS assistance, as needed), liaises with the Embassy and/or consular network of the COO in the United States to ask them to produce travel documents for the child.
- As needed and in collaboration with DHS, through ICE, DOS requests the government of the COO to expedite preparation of travel documents.

6

- The ORR shelter grantee prepares the child for discharge and transport.
- If required, ORR directs shelter programs providing care to minors eligible for reunification in COO to arrange transport from the shelter or transfer the child to an appropriate location in the United States.
- ORR will direct shelter programs providing care to minors eligible for reunification in COO whether the minors' transportation will be arranged from their shelter location or whether they will be transferred to another appropriate staging location.
- The U.S. Government will coordinate travel to the COO once travel documents from the COO government are received. U.S. Embassies in each COO liaise with government authorities for the COO to arrange reception of flights of minors and physical reunification of minors with their parents at the debarkation airport. All reunifications in the COOs shall be effectuated by the respective COO governments.
- The Government shall facilitate transportation of children to their respective COOs, including the arrangements for travel. The Government will consider the views and particular issues raised by the ACLU/Steering Committee with respect to such arrangements.

7