Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

*Attorneys for Petitioner-Plaintiff*
*\*Admitted Pro Hac Vice*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*samdur@aclu.org*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., *Petitioner-Plaintiff*, v. U.S. Immigration and Customs Enforcement ("ICE"), et al., *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: August 16, 2018<br><br>**NOTICE REGARDING DEFENDANTS' PLAN FOR REUNIFYING REMOVED PARENTS** |

Plaintiffs submit this filing with respect to the Government's Reunification Plan. The parties have reached agreement except as to one significant issue regarding removed parents who may wish to return to be reunited with their children.

1. The Plan does not address or resolve the right of removed parents to be reunified with their children in the United States.[1] The Reunification Plan assumes that all removed Class Members who are reunified will be reunified in their country of origin ("COO"), not the United States. Plaintiffs expect that many parents who have been separated from their children for many months will seek rapid reunification in the COO. Plaintiffs emphasize that this issue will not prevent the parties from beginning swift reunification efforts and should not delay the implementation of a reunification plan that covers reunifications in the COO. Indeed, Plaintiffs and the Government have both been reaching out to removed Class Members to ascertain their reunification preferences, and the Government has presumably been completing the safety and parentage procedures described as "Process 1" in its draft plan.

However, some separated families can only be made whole by returning the parent to the United States. *See* Joint Status Report, Dkt. 171, at 15-16 (Aug. 2, 2018) (noting that reunifications might need to occur either in the COO or the United States).

For example, in some cases, removed parents may not have availed themselves of their right to seek asylum because they were misled or coerced into believing that asserting their asylum claim would delay or preclude reunification.

---

[1] Plaintiffs do not understand Defendants' submission (ECF 189) to suggest that the Parties have agreed that no parent may be returned. The parties expressly agreed that this issue would be resolved by the court and that the current agreement is contingent on that issue being decided by the Court. However, as noted above, Plaintiffs stress resolution of this issue need not delay all processes to locate parents or effectuate swift reunification in the country of origin.

1

*Cf.* Govindaiah Decl., Ex. 57, ¶ 11; Shepherd Decl. ¶ 8-9. A subset of these parents may wish to reinstate their right to seek asylum by returning to the United States. There also may be particular issues with parents who were removed <u>in the weeks after</u> this Court's June 26 preliminary injunction order. On August 10, the Government disclosed a list of removed parents. Government data show that 73 of the parents on that list with children in ORR custody were removed on July 3 or later. 31 were removed on July 3 alone, 19 on July 16, 3 on July 20, and 1 on July 24.

In addition, the Plaintiffs in the *M.M.M.* litigation have argued that children who came to the United States with their parents have a right to seek asylum either alone or jointly with their parents, and a further right to their parents' assistance in presenting their asylum claims. Thus, if the *M.M.M.* plaintiffs prevail, parents and their children can present their asylum claims as they would have been able to had the Government not separated them. In such cases, reunification in the United States may be required.

2. In addition to that one area of disagreement, Plaintiffs make one additional point. Plaintiffs agree to the plan as revised through negotiations. Plaintiffs note, however, that the effectiveness of the plan hinges on both parties acting in good faith. In particular, Plaintiffs wish to note one part of the plan agreed to is based on the assumption that the Government will act in good faith. In Process 3 ("Determine Parental Intention for Minor"), the Reunification Plan now states that "The ACLU/Steering Committee agrees to make best efforts to contact all parents within 10 days of receiving contact information (or within 10 days of the date on which the Court approves this Plan, whichever is later)," and that if "the ACLU/Steering Committee is not able to contact a parent within 10 days after exhausting its best efforts to do so, the ACLU/Steering Committee shall promptly meet and confer to try to agree on a reasonable extension of this time period." Plaintiffs have agreed to this provision on the assumption that extensions will be granted when, for example,

the government has yet to provide an operative phone number or address and Plaintiffs have been unable to obtain operative numbers or addresses on their own; phone numbers provided are for family members who would need to pass messages on to the Class Member; or despite best efforts, e.g., Plaintiffs have not received a return phone call from a Class Member, which can occur if a Class Member goes into hiding, or understandably mistrusts outreach efforts in the aftermath of having been separated from their child and removed.

Dated: August 16, 2018

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 2922080)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*samdur@aclu.org*

Respectfully Submitted,

*/s/Lee Gelernt*
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt, Esq.
Dated: August 16, 2018