UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Respondents-Defendants. | Case No. 18cv428 DMS MDD <br><br> **ORDER GRANTING JOINT MOTION REGARDING SCOPE OF THE COURT'S PRELIMINARY INJUNCTION** |

Before the Court is the parties' Joint Motion Regarding Scope of the Court's Preliminary Injunction. IT IS HEREBY ORDERED that the Court's preliminary injunction order in this case, or subsequent orders implementing that order, does not limit the Government's authority to detain adults in the Department of Homeland Security's ("DHS") custody. Accordingly, when DHS would detain a Class Member together with his or her child in a facility for detaining families, consistent with its constitutional and legal authorities governing detention of adults and families, but the child may be able to assert rights under the *Flores* Settlement Agreement to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms, then this Court's preliminary injunction and implementing orders permit the Government to require Class Members to select one of the following two options: First, the Class Member may choose to remain in

DHS custody together with his or her child, subject to any eligibility for release under existing laws and policies, but to waive, on behalf of the child, the assertion of rights under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." By choosing this option, the class member is waiving the child's right under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program." Second, and alternatively, the Class Member may waive his or her right not to be separated from his or her child under this Court's preliminary injunction and assert, on behalf of the Class Member's child, any such right under the *Flores* Settlement Agreement for the child to be released from custody or transferred to a "licensed program" pursuant to that Agreement's terms—in which circumstance the child would, consistent with this Court's orders, be separated with the parent's consent. In implementing this release or transfer, the government could transfer the child to HHS custody for placement and to be otherwise treated as an unaccompanied child. *See* 6 U.S.C. 279(g)(2).

In neither circumstance do this Court's orders create a right to release for a parent who is detained in accordance with existing law. If a Class Member is provided these two choices and does not select either one, the Government may maintain the family together in family detention and the Class Member will be deemed to have temporarily waived the child's release rights (including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program") under the *Flores* Settlement Agreement until the Class Member makes an affirmative, knowing, and voluntary decision as to whether he or she is waiving his or her child's rights under the *Flores* Settlement Agreement.

The parties further agree that the Court's orders in this case, and the *Flores* Settlement Agreement, do not in any way prevent the Government from releasing families from DHS custody. No waiver by any Class Member of his or her rights under this Court's orders, or

waiver by the Class Member of his or her child's rights under the *Flores* Settlement Agreement, shall be construed to waive any other rights of the Class Member or Class Member's child to challenge the legality of his or her detention under any constitutional or legal provisions that may apply.

The parties agree a Class Member's waiver under the *Flores* Settlement Agreement or this Court's injunction can be reconsidered after it is made, but disagree about whether there are circumstances when such a waiver cannot be reconsidered. They are directed to meet and confer regarding this issue, and provide a joint statement to the Court addressing the results of the meet and confer and, if necessary, providing statements of their respective positions – by 3:00 p.m. on August 23 2018.

Dated:  August 16, 2018

Hon. Dana M. Sabraw
United States District Judge