CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report on August 23, 2018, in anticipation of the telephonic status conference scheduled for August 24, 2018, at 1:00 p.m. PST. The parties submit this joint status report in accordance with the Court's instruction.

## I. DEFENDANTS' POSITIONS

### A. Update on Reunifications

Defendants report the current status on reunification of families with children ages 0 through 17 in the table below. The data presented in this section reflects approximate numbers maintained by ORR as of at least August 20, 2018. These numbers are dynamic and continue to change as more reunifications or discharges occur.

| **Description** | **Phase 1 (Under 5)** | **Phase 2 (5 and above)** | **Total** |
|---|---|---|---|
| Total number of possible children of potential class members originally identified | 103 | 2,551 | 2,654 |
| Discharged Children | | | |
| Children discharged by being reunified with separated parent | 61 | 1,862 | 1,923 |
| Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 19 | 184 | 203 |
| Total children discharged | 80 | 2,046 | 2,126 |
| Children Remaining in Care with ORR | | | |
| Children remaining in care where the adult associated with the child is not eligible for reunification or is not available for discharge at this time: | 23 | 505 | 528 |
| • Children still in care where further review shows they were not separated from parents by DHS: | 4 | 41 | 45 |
| • Parent indicated desire against reunification (includes a significant number of parents outside the U.S.): | 0 | 139 | 139 |
| • Adult presently outside the U.S.: | 6 | 337 | 343 |
| • Adult in other federal, state, or local custody: | 3 | 16 | 19 |
| • Adult red flag background check: | 9 | 26 | 35 |
| • Adult red flag case review – safety & well-being | 0 | 17 | 17 |
| • Adult red flag case review – parentage: | 1 | 9 | 10 |

Defendants have made two changes to the categories in this table relative to the Joint Status Report (JSR) filed on August 16, 2018. First, the category entitled "Children discharged by being reunified with separated parent" has been expanded from the previous category in the August 16 JSR, "Children discharged by being reunified with parents in ICE custody under the government's plan," to include all

reunifications with a separated parent, whether in ICE custody or not. As a result, the current category now contains a number of children who were previously categorized as "Children discharged under other appropriate circumstances."

Second, Defendants have removed the subcategories entitled "Children Remaining in Care with ORR – Adult released to interior" and "Children Remaining in Care with ORR – Adult location under case file review" from the current table. Consistent with the Court's direction during the August 17 status conference, Defendants are providing the details below regarding the children who were included in those subcategories in the August 16 JSR.

Nine children reported in August 16, 2018 JSR as "Children Remaining in Care with ORR – Adult released to interior"

Of the nine children, four children no longer meet the criterion: two children have been discharged from ORR care, and two children are associated with adults who are no longer in the interior.

Of the remaining five of nine children, two have separated parents with a red flag for a background check, and the remaining three continue to process towards appropriate discharge.

These children are accounted for as appropriate in other categories in the table above.

<u>Ten children reported in August 16, 2018 JSR as "Children Remaining in Care with ORR – Adult location under case file review"</u>

As of Wednesday, August 22, three of the ten children no longer meet the criterion, as contact has since been established with the adult associated with the child.

Of the remaining seven of ten children:

- Two are under review to determine whether they were separated from their parent by the United States Government;
- Two have had contact made with a non-separated parent, but not yet the separated parent;
- Two have not had contact made with a separated or non-separated parent, though case managers continue to work to establish contact; and
- One has a parent who is in custody in his country of origin (COO).

**B. Reunification of Removed Class Members**

Defendants report on the current status of reunification of released and removed class members in the table below. The data presented in this section reflects approximate numbers maintained by ORR as of at least August 20, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 343 | Def's. |
| | | | |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 337 | Def's. |
| | Children with "red flags" for safety per background check | 4 | Def's. |
| | Children with "red flags" for safety per case file review | 0 | Def's. |
| | Children with "red flags" for parentage | 2 | Def's. |
| | | | |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 343 | Def's. |
| | Children with parent contact information identified and parents actually contacted | 339 | Def's. |
| | Children with no parent contact information/parent contact information in development | 0 | Def's. |
| | Children with parent contact information provided to ACLU by Government | 343 | Def's. |
| | | | |
| **PROCESS 3: Determine Parental Intention for Minor** | Plaintiffs to address in their portion of Joint Status Report | N/A | Pl's. |

Defendants will report on Processes 4 (Resolve Immigration Status of Minors to Allow Reunification) and 5 (Transportation of Minors for Physical Reunification with Parents in Country of Origin) when those Processes are under way.

**C. Court's Order Granting Joint Motion Regarding Scope of the Court's Preliminary Injunction**

In accordance with the Court's Order Granting Joint Motion Regarding Scope of the Court's Preliminary Injunction, ECF No. 192 (Aug. 16, 2018), the parties met and conferred regarding whether or in what circumstances a waiver described in that

Order cannot be reconsidered. The parties do not have any issue to raise with the Court about that issue at this time, and ask that the Court permit them to continue to meet and confer on the issue as necessary and report to the Court as needed.

**D. *M.M.M.* TRO Negotiations**

As ordered by the Court, the parties are meeting and conferring on the issues set forth in the Court's August 17 order, ECF No. 196. The parties request that they be permitted a short extension until 11:00 a.m. Pacific on Friday, August 24, to submit a proposed briefing schedule if they cannot reach resolution.

**E. Information Sharing**

Defendants have provided the data previously requested by Plaintiffs, and are supplementing some pieces of that data as appropriate. Plaintiffs recently raised a number of questions about data that had been previously provided. Defendants have reiterated their request to Plaintiffs that Plaintiffs consolidate and prioritize such requests, so that Defendants can determine how to respond in a manner that minimizes interference with the ongoing data needs related to reunifications. Defendants propose that Plaintiffs would keep an updated list of their requests for information and data that prioritizes those requests and is provided to Defendants each Monday and Thursday, so that Defendants can do their best to provide information to Plaintiffs in accordance with Plaintiffs' identified priorities. Requests for information or assistance should be submitted outside that timeframe only on an

emergency basis, identifying why it is an emergency, and specifying whether the request should be prioritized above other pending requests.

**F. Individual Requests for Relief from *M.M.M.* TRO**

A number of children of class members in this case, as well as some class members themselves, are separately represented by counsel other than class counsel in *Ms. L* or *M.M.M.* Several of those counsel have reached out to Government counsel, or to other employees of Defendants, seeking relief from the *M.M.M.* TRO so that they can depart from the United States. Government counsel have told these individuals and their counsel that in order to be removed, or take voluntary departure, they must reach out to *M.M.M.* class counsel who can either agree that such individuals are not subject to the TRO, or seek relief from the TRO from this Court on behalf of those individuals.

## II. PLAINTIFFS' POSITION

Over the past week, the Steering Committee has been actively engaged in outreach to removed parents and representatives for their children who remain in the United States. On August 7 and August 10, the Government produced lists of removed parents with contact information for most parents. The August 7th list included 14 parents not on the August 10th list; combined the Government lists have a total of 412 parents.

The Steering Committee has asked the Government to clarify why those 14 parents on the August 7 list are not listed on the August 10 list. The Government has indicated that it is investigating. The following table summarizes Steering

Committee progress:

| Removed parents identified by the Government (8/7 and 8/10 lists) | 412 |
| --- | --- |
| • Parents for whom Committee has no phone number | 41 |
| Steering Committee called parent | 371 |
| Steering Committee spoke to parent (either by phone or in person) | 231 |
| • Parents called and successfully reached | 225 |
| • Parents found through outreach by NGOs | 6 |
| • Parents called and not reached (and not reached through NGO efforts) | 140 |
| o Phone number inoperable or ineffective | 38 |
| o Phone calls ongoing | 102 |

| Parents reached by phone or NGO outreach | 231 |
| --- | --- |
| Reunified: confirmed reunifications in home country | 10 |
| Ready for reunification: parent's reunification wish confirmed to match child's | 15 |
| Preliminary indication of parent's wishes for reunification | 183 |
| Ongoing discussions w parent about reunification | 23 |

The Steering Committee has placed calls to all parents for whom it has phone numbers — 371[1] out of the 412 — and has successfully spoken to 231 (225 through phone calls, six reached by NGO partners in Central America). Of these 231, we have obtained a preliminary indication of the desires of 183 parents. We are having ongoing discussions with 23 parents to ascertain their wishes. Ten

[1] The Steering Committee received 366 phone numbers for removed parents from the Government. The additional five parents contacted were found through the Committee's efforts.

children have been reunified with their parents in their country of origin.

As required by the Reunification Plan, the Steering Committee has also been communicating with attorneys for the children of removed parents to ensure that the desires expressed by parents and children are aligned before a final decision is communicated to the Government. On August 16, the Government provided a list of 236 children and their associated attorneys. This list did not include the names, locations, or contact information for their parents, so we have been working to correlate this information with the information provided concerning parents. Of these 236 children, 73 were not included on the previous two lists of children with removed parents provided by the Government on August 7 and 10, and the Steering Committee has asked for clarification in this regard. For the remaining children—for whom the parents are understood to be removed—the Steering Committee has reached out to all of the children's attorneys and is awaiting confirmation of the children's wishes. To identify the legal representatives of the 249 children for whom the Government has not provided information, the Steering Committee has worked with the Vera Institute of Justice to determine the designated legal service providers for all ORR shelters, and has reached out to all of these providers to determine which children they represent. Within the coming days, the Steering Committee will identify children who do not appear to be represented and will work with Vera to secure counsel for them.

For 15 sets of parents and children, the Steering Committee has confirmed that the desires of parents and children are aligned and the Steering Committee is in the process of obtaining or preparing documentation of those desires to provide final confirmation to the Government. Of the 15 families that fall within this group, 12 have elected reunification in the country of origin, and 3 have decided to decline such reunification.

Of the 140 parents for whom outreach attempts have been unsuccessful to

date, the Steering Committee has determined that 38 of the phone numbers provided are inoperative or ineffective and the Steering Committee is continuing efforts to reach the remaining 102 parents.  The Steering Committee is determining a phone number to be inoperative or ineffective under the following circumstances: (1) the person answering the phone accepted the call and indicated that the number was incorrect; (2) the number does not ring or leads to a pre-recorded error message; or (3) the Steering Committee has attempted to dial the phone number provided by the Government at least five times, over multiple days, and has been unable to reach the parent (e,g., the call reaches a voicemail that has not been set up, the call rings with no answer).  The Steering Committee provided a list of such inoperative or ineffective phone numbers to the Government on Tuesday, August 21, and will continue to provide updates lists as numbers are determined to be inoperative or ineffective.

For parents for whom the Government has not yet provided phone numbers (41), or for whom the Steering Committee has determined the numbers to be inoperative or ineffective (38), Steering Committee member Justice in Motion is currently engaged in on-the-ground efforts in Honduras and Guatemala to locate parents.  Justice in Motion representatives who speak indigenous languages have obtained birth certificates of parents to determine their locations and have travelled to remote villages to seek to interview the parents in person.  These efforts have reached six parents and will continue, supported by Steering Committee member KIND's local partners in Central America and other NGO partners.

Finally, in communicating with removed parents, the Steering Committee has indications that some parents may have been coerced or misled by U.S. government actions that deprived the parents of their right to seek asylum.  These incidents include parents who were told that they needed to accept removal and not pursue asylum in order to be reunited with their children, and parents who were

required to sign documents they did not understand, in languages they do not speak, that had the effect of waiving their right to seek asylum.  The Steering Committee is further investigating these cases.

DATED: August 23, 2018

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*

*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

CHAD A. READLER
Acting Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*