1    JOSEPH H. HUNT
     Assistant Attorney General
2    SCOTT G. STEWART
3    Deputy Assistant Attorney General
     WILLIAM C. PEACHEY
4    Director
5    Office of Immigration Litigation
     WILLIAM C. SILVIS
6    Assistant Director
7    Office of Immigration Litigation
     SARAH B. FABIAN
8    Senior Litigation Counsel
9    NICOLE MURLEY
     Trial Attorney
10   Office of Immigration Litigation
11   U.S. Department of Justice
     Box 868, Ben Franklin Station
12   Washington, DC 20442
13   Telephone: (202) 532-4824
     Fax: (202) 616-8962
14
15   ADAM L. BRAVERMAN
     United States Attorney
16   SAMUEL W. BETTWY
17   Assistant U.S. Attorney
     California Bar No. 94918
18   Office of the U.S. Attorney
19   880 Front Street, Room 6293
     San Diego, CA 92101-8893
20   619-546-7125
21   619-546-7751 (fax)

22   *Attorneys for Federal Respondents-*
23   *Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-*
*Plaintiffs*
*\*Admitted Pro Hac Vice*

24

25

26

27

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | |
| vs. | **JOINT STATUS REPORT** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

The Court ordered the parties to file a joint status report on September 13, 2018, in anticipation of the telephonic status conference scheduled for September 14, 2018, at 1:00 p.m. PST. The parties submit this joint status report in accordance with the Court's instruction.

I.   **DEFENDANTS' POSITIONS**

   **A. Update on Reunifications: Defendants are discharging children appropriately and expeditiously**

Defendants have appropriately discharged an additional 36 children since the last Joint Status Report, for a total of 2,217 children.

Looking ahead, there are 211 children proceeding towards reunification or another appropriate discharge. Specifically, there are:

- 46 children in ORR care with a parent who is in the United States and presently in the class.  Of the 46 children, 7 cannot be reunified at this time because their parents are in other federal, state, or local custody (e.g., state criminal detention).  One of the 46 children cannot be reunified at this time because Defendants are still reviewing the parent's "red flag."  Defendants are working to appropriately discharge the remaining 38 of 46 children. *See* Table 1: Reunification Update.

- 58 children in ORR care who have parents presently departed from the United States, who have cleared Processes 1 through 3 of the court-approved reunification plan, and who are proceeding towards reunification with their parents in their home country.  *See* Table 2: Reunification of Removed Class Members.

- 107 children in ORR care who have parents presently departed from the United States, and for whom the ACLU has not yet provided notice of parental intent regarding reunification (or declination of reunification). Defendants are supporting the efforts of the ACLU to obtain statements of intent from those parents, as described in subsequent sections of this Joint Status Report. Once Defendants receive the notices from the ACLU, Defendants will either reunify the children or move them into the TVPRA

sponsorship process, consistent with the intent of the parent.  *See* Table 2: Reunification of Removed Class Members.

Four groups of children in ORR care are not in the reunification process because Defendants have concluded that their parents are out of the class.  Those groups include children who Defendants determined were not separated (55 children), children whose parents have final red flag determinations (29 children), children with parents who are presently departed from the United States and have declined reunification through the ACLU (114 children), and children with parents who are in the United States and have indicated an intent not to reunify (28 children). As discussed below, the parties are meeting and conferring regarding the status of some of the children in some of those groups.

The current reunification status for children ages 0 through 17 is further summarized in Table 1 below.  The data in Table 1 reflects approximate numbers maintained by ORR at least as of September 10, 2018.  These numbers are dynamic and continue to change as more reunifications or discharges occur.  Changes in format from last week's reporting are explained further below.

18cv428 DMS MDD

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members originally identified | 103 | 2,551 | 2,654 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 84 | 2,133 | 2,217 |
| • Children discharged by being reunified with separated parent | 72 | 1,913 | 1,985 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 12 | 220 | 232 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 6 | 205 | 211 |
| • Parent presently outside the U.S. | 5 | 160 | 165 |
| • Parent presently inside the U.S. | 1 | 45 | 46 |
| o Parent in other federal, state, or local custody | 0 | 7 | 7 |
| o Parent red flag case review ongoing – safety and well being | 0 | 1 | 1 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 5 | 50 | 55 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 7 | 22 | 29 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 1 | 113 | 114 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 28 | 28 |

4

18cv428 DMS MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As discussed above, Table 1 contains three new groups of children in ORR care who are no longer in the reunification process because Defendants have determined that the parents are out of the class.

The first new group is "Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child." This group consists of cases where Defendants have resolved previous "red flags" to reunification and made final determinations for exclusions based on criminal history, parental fitness, or child safety. See Dkt. No 82 at 17 (defining class). Defendants provided Plaintiffs with a line list of those cases on September 7, and are meeting and conferring with Plaintiffs about the same.

The second new group is "Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU." This group corresponds to the cohort of children reported in "Table 2: Reunification of Removed Class Members" as "Children whose parents waived reunification." For each of these children, Plaintiffs have confirmed, supported by declarations under penalty of perjury, that their parents have "affirmatively, knowingly, and voluntary waive[d] reunification and have the child proceed through the standard TVPRA-governed ORR sponsorship process." This group is now in the TVPRA sponsorship process.

The third new group is "Children in care with parent in the United States who has indicated an intent not to reunify."  Under the court-approved reunification plan, the parents of these children are not in the class.  Defendants have nevertheless agreed to meet and confer with Plaintiffs about this group

**B. Update on Removed Class Members:  Defendants are working with Plaintiffs' counsel to implement parental intent**

The current reunification status of removed class members is set forth in Table 2 below.   The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least September 10, 2018.  These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| STARTING POPULATION | Children in ORR care with parents presently departed from the U.S. | 279 | Def's. |
| PROCESS 1: Identify & Resolve Safety/Parentage Concerns | Children with no "red flags" for safety or parentage | 279 | Def's. |
| PROCESS 2: Establish Contact with Parents in Country of Origin | Children with parent contact information identified | 279 | Def's. |
| | Children with no contact issues identified by plaintiff or defendant | 279 | Def's. & Pl.'s |
| | Children with parent contact information provided to ACLU by Government | 279 | Def's. |

18cv428 DMS MDD

| PROCESS 3: Determine Parental Intention for Minor | Children for whom ACLU has communicated parental intent for minor: | 172 | Pl's. |
|---|---|---|---|
| | • Children whose parents waived reunification | 114 | Pl's. |
| | • Children whose parents chose reunification in country of origin | 58 | Pl's. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 107 | Pl's. |
| PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 58 | Pl's. |
| | • Children in ORR care with orders of voluntary departure | 19 | Def's. |

## C. Locating Removed Parents

According to the latest weekly list provided to Defendants by Plaintiffs there are zero children currently in care with removed parents for whom Plaintiffs' data shows that contact was unsuccessful or no phone number was provided. Today, Plaintiffs informed Defendants that there are 60 parents remaining for which Plaintiffs have phone numbers, but with whom Plaintiffs have not yet made contact. They are continuing to reach out the phone numbers that they have for those parents, and hope that contact will be made. Plaintiffs have not yet provided Defendants with a list of those 60 parents.

Given that ORR programs have had consistent success contacting all parents for whom Defendants have phone numbers (which would likely include all 60 parents whom Plaintiffs are still seeking to contact), when the parties met and conferred on September 12, 2018, the Government suggested that the best next step to facilitate communication with those remaining parents would be for the Government to coordinate three-way calls between the child, parent and Steering Committee. As the Declaration of Commander Jonathan White (being filed concurrently herewith) explains, in the Government's experience, contact with parents through the ORR shelter care centers in which their children are housed is the most expeditious and effective means to establish contact with parents in home country. Put simply, where parents may not always be responsive to other individuals, they are responsive to the ORR shelter programs. Plaintiffs agreed that this would be helpful.

The government also will continue to work to ensure that the most up-to-date contact information for those cases is provided to Plaintiffs. Moreover, as Defendants further explained to Plaintiffs when the parties spoke, the Government remains open to taking additional steps when there is an indication that a phone number is legitimately inoperative. Such additional steps, however, should be tailored to the individual case. That is, additional steps should be geographically and strategically targeted to reach the specific parents who are not reachable

18cv428 DMS MDD

telephonically. Plaintiffs have suggested methods that they believe should be tried if necessary for these cases, and Defendants are willing to consider whether any of those methods (or others) would be effective once they receive information from Plaintiffs regarding individuals for whom efforts to make contact have failed.

When the parties spoke, Plaintiffs also raised questions about the coordination between Defendants and foreign governments to facilitate contact and reunifications. Commander White's declaration explains the coordination that occurs between the United States government and foreign embassies, and between ICE attachés and the agencies of foreign governments on the ground. Defendants will meet and confer with Plaintiffs further on this subject as the process moved forward.

## D. Information Sharing

Defendants are now producing to Plaintiffs on a weekly basis spreadsheets that identify the individuals who make up a majority of the numbers reported by Defendants each week in Sections A and B of the Joint Status Report. Defendants also are producing information on a weekly basis to Plaintiffs regarding waivers of reunification and reunifications of families in ICE custody. Defendants also have provided over the last few weeks many additional sets of information in response to inquiries from Plaintiffs about data that was previously provided.

Defendants met and conferred with Plaintiffs on September 12, 2018, and Defendants are following up regarding some further inquiries made by Plaintiffs on

that call. However, based on that discussion Defendants believe that the data that they have provided, in conjunction with the weekly production, largely meets all of Plaintiffs' needs for data that they have expressed to date. The parties will continue to meet and confer regarding Plaintiffs' data needs.

## II.    PLAINTIFFS' POSITIONS

### A. Steering Committee Progress

The Steering Committee has continued to make significant progress in contacting parents and confirming parent and child wishes with respect to reunifications.  As of Wednesday, September 12, the Committee delivered final preferences for 185[1] parents to the Government.  As requested by the Court, Plaintiffs' counsel and the Steering Committee have also met and conferred with the Government regarding on-the-ground efforts in Central America, and are working together to implement ideas for those efforts, as outlined below.

First, we report the status of our efforts based on the Government's September 7 list of 304 children in ORR custody with removed parents.  With respect to those children and parents, the Steering Committee's progress in contacting parents and delivering preferences to the Government is as follows:

---

[1] This figure is based on the Government's September 7 report of 304 children remaining in ORR custody.  Since the creation of the Steering Committee, the Government first provided lists of children in ORR care with removed parents on August 7th and 10th.  Both lists combined included a total number of 412 children in ORR care with removed parents.  On Fridays since this time, the Government has sent new (shorter) lists of children in ORR care with removed parents. Its August 24th list included one additional child, for a total of 413.  Its September 7th list included a further additional child in ORR care, for a total of 414.  As noted *infra*, the Steering Committee has delivered the final preferences for 206 parents to the Government of 414 children reported by the Government in the aggregate to have been in ORR custody.

18cv428 DMS MDD

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee | 304 (reported to Steering Committee on 9/7/2018) |
| • Parents for whom Committee has no phone number (and hasn't otherwise contacted) | 0 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 304 |
| Steering Committee spoke to parent (either by phone or in person) | 237 |
| • Parents successfully reached through phone contact | 230 |
| • Parents found through outreach by NGOs | 7 |
| • Parents called and not reached (and not reached through NGO efforts) | 679[2] |
| o Phone number determined to be inoperable or ineffective | 0 |
| o Contact efforts ongoing | 679 |
| Parents reached by phone or NGO outreach | 237 |
| • Reunified: confirmed reunifications in home country | 1 |

---

[2] Since last week's Status Conference, the Government has provided additional contact information for several of these parents.  The Steering Committee is actively using this information to attempt to make contact with those parents (recognizing that multiple call attempts may be required for each parent) and is meeting and conferring with the Government about any parents for whom contact has not been possible, after exhausting repeated attempts.

11

18cv428 DMS MDD

| | |
|---|---|
| • Parent's preference with respect to reunification has been confirmed to match child's | 189 |
| • Preliminary indication of parent's wishes with respect to reunification | 23 |
| • Ongoing discussions with parent about reunification | 24 |
| • Parent's final preference has been communicated to government | 185 |

As discussed further below, the Steering Committee is meeting and conferring with the government to clarify the bases for which children and parents have been removed from the Government's operative list, and has continued to reach out to parents who were on the Government's previous lists, but who have been omitted Government's current list.[3]  The Government has provided information that has clarified the status of a number of families, and we continue to work with the Government and anticipate receiving additional information from the Government relating to this issue.

Where the Steering Committee has identified parents and children who remain separated and wish to be reunified, it has reported those family's decisions to the Government, irrespective of whether the children appear on the Government's most recent list.  As of Wednesday, September 12, the Steering Committee had reported on the preferences of an additional 21 families who were on the Government's earlier lists, but are not on the September 7 list.  The Steering Committee's progress for this larger group of 414 is reported at the end of the Steering Committee Report, so that the Court may compare progress in the past

---

[3] As noted above, the total number of children in ORR care with removed parents who at some point have been identified by the Government to the Steering Committee is 414.

1    week using the same baseline group.

2    **B. Effectuation of the Court-Approved Plan**

3    This week, the Steering Committee raised concerns with the Government

4    regarding its compliance with the Court-approved plan (the "Plan").  (ECF No.

5    189-1.)  As set forth in the Plan, where a Notice to Appear ("NTA") has been filed

6    in a child's immigration proceedings and the Steering Committee has conveyed to

7    the Government a parent's desire to be reunified with that child, DHS is required to

8    "move to dismiss proceedings without prejudice, noting in such motion that it is

9    based on *Ms. L* reunification" and the reunification should proceed accordingly in

10   the Country of Origin.  (*Id.* at 6.)

11   The Steering Committee has learned of several instances where the Steering

12   Committee has submitted a declaration attesting to a parent's wishes for

13   reunification but the child's attorney was advised by DHS officials that it would

14   not dismiss the case (as called for in the Reunification Plan) and that a child must

15   instead request a Voluntary Departure order, which, among other things, has the

16   practical effect of delaying reunification.  The Government has indicated, in

17   response, that it had been finalizing certain "documentation necessary for children

18   to be returned under the Plan" and that Voluntary Departure orders were being

19   pursued in the interim but that the documentation in question has now been

20   finalized and all future proceedings should occur with dismissals, as required under

21   the Plan.  Plaintiffs therefore request that Voluntary Departure orders that were

22   previously obtained before this documentation was finalized be converted into

23   dismissals, as they should have been once the Reunification Plan went into effect,

24   and that the Government expeditiously move to terminate all proceedings that are

25   pending (where a Voluntary Departure order has not yet been obtained).

26   The Steering Committee has also brought to the Government's attention

27   certain cases of very young children and children in distress that it asks be treated

28

1 with special care and expediency, and we expect to meet and confer with the

2 Government to ensure that these cases are appropriately addressed.

3 **C. <u>On-the-Ground Efforts</u>**

4      At last week's Status Conference, the Court asked the Steering Committee to

5 develop suggestions for steps the Government can take to assist with on-the-

6 ground efforts to locate and communicate with parents.  The Steering Committee

7 has since met and conferred with the Government about the following ways in

8 which the Government may be able to assist with these efforts:

9 • Outreach Support

10     o The Steering Committee has suggested that Government place notices

11       in the countries of origin as outlined in Process 2 of the Plan,

12       specifically radio announcements, billboards, and notices in local

13       churches.

14     o The Steering Committee believes that some parents may not be

15       answering calls that appear to originate from the U.S. out of fear.  Thus,

16       the Steering Committee requested that the Government procure and

17       provide local Guatemalan and Honduran telephone numbers/telephones

18       that the Steering Committee can use to contact parents.

19     o The Government has offered to coordinate three-way calls between the

20       child, parent and Steering Committee.  As noted below, the Steering

21       Committee agrees that this would be helpful.

22 • Logistical Support

23     o To help address the innumerable logistical challenges on the ground,

24       the Steering Committee asks that the Government designate an

25       Ombudsman to work out of the U.S. Embassies/Consulates in

26       Guatemala and Honduras to assist with efforts to locate parents and

27       repatriate their children.  This person would also be tasked with being

28

a point person for parents on logistical issues, such as ensuring documents are in order, that parents are aware of the timing of reunification, and coordinating travel by parents and children to the place of reunification.  Many parents do not have the means of making this journey on their own.  Moreover, because it may often take the parents days to reach the location of the child's drop-off, it is critical that the parents be given sufficient advance notice that their child is on his or her way home. This coordination work is currently being done largely by non-profits or by the governments of Guatemala and Honduras.   Non-profits   are   also   operating   at   an   information disadvantage, because they do not receive advance notice of when children are to be repatriated.

- Travel Support:
  - o The Steering Committee has also inquired about the possibility of the Government making available helicopter and car transportation for investigators and advocates on the ground to facilitate travel to locate and meet with parents in remote locations.

## D. __Outstanding Data-Related Issues for the Steering Committee__

The Steering Committee continues to meet and confer with the Government regarding data requested from the Government in order to ensure that all parents are accounted for and reunified with their children imminently, if that is the parent's wish.

The parties have made progress regarding a number of issues previously reported to the Court, and the Steering Committee continues to hope that these issues will be resolved informally.

### 2.      **Removals from Government Lists**

The Steering Committee continues to meet and confer with the Government

1  regarding information explaining why parents and children have been removed

2  from or added to the lists of class members or children in ORR custody previously

3  produced by the Government (in a desire to understand changes made to the

4  Government's "Starting Population" documented in each week's Joint Status

5  Report).  The Parties have made progress with respect to these data discrepancies

6  and the Steering Committee hopes the remaining issues can be resolved without

7  Court intervention.

8         **3.**       **Inoperative/Ineffective/Lack of Phone Numbers**

9        The Steering Committee continues to meet and confer with the Government

10  over the apparent discrepancy in the Steering Committee's inability to contact

11  certain parents due to inoperative or ineffective phone numbers, as compared to the

12  Government's reported ability to contact these same parents.  The Government has

13  provided additional information in the form of new phone numbers, which has

14  allowed the Steering Committee to make progress in contacting some parents.  For

15  parents the Steering Committee is still unable to reach, the Parties have agreed that

16  the Steering Committee will identify such parents to the Government, and the

17  Government will work to facilitate three-way calls among the child, parent and the

18  Steering Committee.

19        **Steering Committee Progress on Total Reported Parents/Children (414)**

20

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee (8/7/28, 8/10/18 and 8/24/18 lists) | 414 |
| • Parents for whom Committee has no phone number (and hasn't otherwise contacted) | 19 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 395 |

27

28

          18cv428 DMS MDD

| | |
|---|---|
| Steering Committee spoke to parent (either by phone or in person) | 302 |
| • Parents called and successfully reached | 289 |
| • Parents found through outreach by NGOs | 13 |
| • Parents called and not reached (and not reached through NGO efforts) | 93 |
| ○ Phone number inoperable or ineffective | 9 |
| ○ Contact efforts ongoing | 84 |
| Parents reached by phone or NGO outreach | 302 |
| Reunified: confirmed reunifications in home country | 21 |
| Parent's preference with respect to reunification has been confirmed to match child's | 213 |
| Preliminary indication of parent's wishes with respect to reunification | 31 |
| Ongoing discussions with parent about reunification | 37 |
| Parent's final preference has been communicated to government | 206 |

**E. Information Sharing Regarding Government's JSR Numbers**

Plaintiffs have now received A#s identifying the cases described in the Government's September 6 status report for most categories that the Government reports. The parties have met and conferred on remaining issues, including timely updates of those A#s underlying the Government's numbers reported in weekly status reports, and Plaintiffs' request for updated data to show which Class members are subject to final removal orders. Plaintiffs will continue to meet and confer with the Government on these issues.

17                                                    18cv428 DMS MDD

DATED: September 13, 2018     Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
         **Admitted Pro Hac Vice*

1

2

3

4

5

6

                        JOSEPH H. HUNT
                        Assistant Attorney General
                        SCOTT G. STEWART
                        Deputy Assistant Attorney General
                        WILLIAM C. PEACHEY
                        Director
                        WILLIAM C. SILVIS
                        Assistant Director

7

8

9

10

11

12

13

14

15

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

16

17

18

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

19

20

*Attorneys for Respondents-Defendants*

21

22

23

24

25

26

27

28