**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 223 attachment | Attachment | 13 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>            Petitioners-Plaintiffs,<br><br>      vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>            Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**BRIEF REGARDING CRIMINAL EXCLUSIONS FOR MS. Q. AND MR. C.** |

In the September 6, 2018 joint status report, Plaintiffs noted for the Court two persons that Defendants excluded from the class and have not reunified on criminal-history grounds. Plaintiffs stated that they intended to challenge those exclusions. This brief explains why those two persons are properly excluded from the class or not eligible for reunification under the Court's preliminary injunction order. The government has concluded that exclusion is proper because one of those parents is (according to an arrest warrant) a member of a violent gang, and because the other parent has a criminal conviction for swinging a machete at his wife. These are not hard cases, and the Court should reject Plaintiffs' challenges.

In accordance with the Court's class certification order, Defendants are excluding from this Court's injunctive requirements "migrant parents with criminal history or communicable disease." *Id* at 17 n.10. In explaining this exclusion for criminal history, the Court stated:

> [A]t oral argument Government counsel set forth another scenario that could result in family separation, namely parents with criminal history that prevents them from being released into the community along with their child or housed together in a detention center with other families. Obviously, these parents would be situated differently from Ms. L. and Ms. C., neither of whom presented this situation. Unlike with Ms. L. and Ms. C., the Government would have a legitimate interest in continuing detention of individuals who posed a flight risk or danger to the community or others in a family detention facility because of that person's criminal history.

*Id.* at 10. The Court also stated: "Criminal history comes in all gradations, from minor misdemeanors to violent felony offenses. Some types of criminal history

would clearly justify separate detention of the parent, while other criminal history might not—and the exercise of governmental discretion to separately detain that individual might be challenged. Whether separate detention of such parents violates substantive due process could raise individualized inquiries." *Id.*

Importantly, this Court also has repeatedly reaffirmed the government's authority to make discretionary decisions regarding detention, where the authority to do so has been expressly given to it by Congress in the Immigration and Nationality Act. *See* Order, ECF No. 83 at 3 (June 26, 2018) ("This Order does not implicate the Government's discretionary authority to enforce immigration or other criminal laws, including its decisions to release or detain class members."); *see also N.T.C. v. ICE*, No. 18-1626, Order, ECF No. 51 (Aug. 16, 2018) ("This Court has made clear in *Ms. L.* that matters of release and detention, and enforcement of criminal and immigration laws are ordinarily within the sound discretion of the Attorney General. The Ninth Circuit has also made that clear.") (citing *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1439-40 (9th Cir. 1986) (stating "prudential considerations preclude[] interference with the Attorney General's [exercise of] discretion" in selecting the detention facilities where aliens are to be detained)).

Defendants understand the class certified by the Court to exclude those whose criminal history, in a good-faith discretionary determination by the government,

18cv428 DMS MDD

would prevent them from being released into the community, or from being housed in a U.S. Immigration and Customs Enforcement ("ICE") family residential center ("FRC"). It does not exclude those whose criminal history includes only a conviction for misdemeanor illegal entry like the named Plaintiff Ms. C. *Id.* at 3. Criminal history also may be considered in determining whether a parent is unfit or a danger to the child, and that determination may go either to class membership or eligibility for reunification, depending when it is made.

Any parent separated from his or her child, but who is not a *Ms. L.* class member, may still be reunified with his or her child under existing processes, or if not reunified would need to file an individual action seeking reunification under his or her particular circumstances. Indeed, as the Court's class certification order notes, adults with criminal histories who illegally enter this country with a child raise a host of issues pertaining to detention and removal that rest on individual circumstances, are beyond the scope of this litigation, and are not well suited to class-wide resolution. Thus, that parent will not be eligible for relief under this Court's preliminary injunction order, which applies only to the certified class in this case. Consistent with its rulings to date, this Court should decline to review the government's discretionary detention determinations with regard to Ms. Q. and Mr. C., and should find that Ms. Q. and Ms. C. are properly excluded from the class in

this case, and are ineligible for reunification under this Court's preliminary injunction order.

In accordance with the Court's orders and guidance, the government has made good-faith determinations regarding class membership and, in the alternative, eligibility for reunification, for the two adults that *Ms. L* counsel have presented to the Court. The government correctly concluded that both are excluded from the class and not eligible for reunification under the Court's preliminary injunction order.

**Ms. Q.** Ms. Q. is not a class member and is not eligible for reunification with her son under the Court's preliminary injunction order because she is, according to a pending warrant, a member of a violent gang.[1]

Ms. Q. is a native and citizen of El Salvador who was apprehended near the border with Mexico in March 2018, after she entered unlawfully with her minor son. U.S. Customs and Border Protection ("CBP") identified her as a member of the violent MS-13 street gang with a pending warrant out of El Salvador, and separated her from her child due to her criminal involvement and subsequent concern that she could not be detained with her son in an ICE FRC. Ms. Q. was transferred into ICE custody on March 25, 2018, and she remains in custody at the Laredo Processing Center. Her minor son was transferred into the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR").

---

[1] Supporting documentation regarding Ms. Q. is attached hereto as Attachment A.

Ms. Q. was originally placed into expedited removal proceedings. She made a claim of fear, and received a positive credible fear determination by the asylum office on March 30, 2018. She was then placed in removal proceedings on April 4. On July 31, the immigration judge denied her request for a redetermination of custody conditions, and she was denied bond because she could not establish that she was not a flight risk. A final merits hearing on her asylum and other claims is scheduled on October 16.

Ms. Q. was properly excluded from the *Ms. L.* class and therefore is not eligible for reunification under this Court's preliminary injunction order because the pending warrant against her from El Salvador and allegations of gang membership contained therein reflect that she is a danger, and prevent her from being housed in an ICE FRC or released into the United States. The warrant was issued by the Court of Ajacutla, Department of Sonsonante, in El Salvador on December 13, 2016, and charges that she is a member of a "terrorist organization" as defined in Salvadorian law. This warrant is related to her involvement in the MS-13 gang, which has been designated as a terrorist organization in El Salvador. Based on this warrant, police in El Salvador issued an arrest order for Ms. Q. on February 16, 2017.

Because Ms. Q. later left El Salvador, a fugitive arrest warrant based on the same charge was issued by the same court in El Salvador on June 21, 2018. Police issued the arrest order on July 24, 2018. On August 20, at ICE's request, the

government of El Salvador verified the warrant and verified that the identity of the person on the warrant matched Ms. Q. The government of El Salvador also gave permission to use both warrants in relation to removal proceedings. On August 30, 2018, INTERPOL issued a Red Notice for Ms. Q. at the request of the government of El Salvador. The government of El Salvador has expressed continued interest in the capture of Ms. Q., and will continue to work with ICE on the matter. Based on this information, the government determined that Ms. Q.'s criminal history excluded her from the class, prevented her from being housed in an FRC, and rendered her ineligible for reunification with her son

Plaintiffs contend that Ms. Q. should not be excluded from the class or determined ineligible for reunification on the basis of this warrant because Ms. Q. "denies this allegation, and at her immigration bond hearing, the immigration judge expressly found that this warrant was not sufficient evidence that the mother was a danger to the community." Joint Status Report, Sept. 6, 2018, at 15. As an initial matter, these later developments do not change the fact that, when Ms. Q. entered the country, the government could reasonably determine, as an exercise of their discretion, that Ms. Q.'s pending arrest warrant for gang membership prevented her from being housed in an ICE FRC or released into the community with her child. Moreover, even if later events are considered, Ms. Q.'s denial of the facts in the

warrant, and the immigration judge's findings, are not sufficient bases to overcome the government's determination.[2]

As previously noted by government counsel, and relied on by the Court in its class certification order, ICE FRCs are open-plan facilities with free movement for residents, and the government must retain broad discretion to exclude from these facilities individuals whose criminal history or other factors raise any concern about safety to others housed there. Order, ECF No. 82 at 10 n.8. This Court made clear in the class-certification order that "the Government would have a legitimate interest in continuing detention of individuals who posed a flight risk or danger to the community or others in a family detention facility because of that person's criminal history," and that "[w]hether separate detention of such parents violates substantive due process could raise individualized inquiries." *Id.* at 10. Because this individual case plainly raises the types of individualized inquiries anticipated by the Court, the Court should find that Ms. Q. is properly excluded from the class, and is not eligible for reunification under the Court's preliminary injunction order.

**Mr. C.**  Mr. C. is not a class member and is ineligible for reunification under the Court's preliminary injunction order because of his criminal history.[3]

---

[2] An immigration judge has denied Ms. Q.'s request for release, so she is not eligible for release into the community at this time.

[3] Supporting documentation regarding Mr. C. is attached hereto as Attachment B.

On October 28, 2010, Mr. C. pleaded guilty to one charge of aggravated assault "by DV" in LaFourche Parish, Louisiana. He was sentenced to 48 days in jail. The conduct underlying his guilty plea was swinging a machete at his wife while calling her names in front of some of her friends. Mr. C. was ordered removed on December 9, 2010, by an immigration judge in Oakdale, Louisiana, and he was removed on January 14, 2011. Mr. C. later returned to the United States, and his removal order was reinstated on October 5, 2013. He was again removed on October 9, 2013.

Mr. C. most recently entered the United States on April 30, 2018, near Hidalgo, Texas. He was apprehended by the Border Patrol and processed for reinstatement. Mr. C. was separated from his son, and his son was transferred to the custody of ORR. Mr. C. is not the child's biological father, but is named as the father on the child's birth certificate. Defendants do not challenge Mr. C.'s parentage with regard to his son.

Mr. C. claimed a fear of return to Guatemala upon apprehension, but formally withdrew that claim on June 7, 2018. He later reasserted his fear of return, and that fear was found reasonable on August 24, 2018. His case has been referred to an immigration judge for withholding-only proceedings. Because he has a final order of removal, Mr. C. is subject to mandatory detention and remains in ICE custody in the Orange County Jail.

1   Like Ms. Q., Mr. C. has a criminal history on which the government, in a
2   reasonable exercise of its discretion, has determined that he cannot safely be placed
3   in an ICE FRC. His arrest report shows that he swung a machete at his wife—an act
4   of violence that gives the government good reason to determine that he should not
5   be placed in an open group setting with other parents and children. As above with
6   Ms. Q., this case plainly raises the types of individualized inquiries anticipated by
7   the Court in its decision to exclude those with criminal history from the certified
8   class in this case, and Mr. C. is properly excluded from the class and ineligible for
9   reunification under the Court's preliminary injunction order.

10  DATED: September 13, 2018          Respectfully submitted,

11                                     JOSEPH H. HUNT
12                                     Assistant Attorney General
13                                     SCOTT G. STEWART
14                                     Deputy Assistant Attorney General
15                                     WILLIAM C. PEACHEY
16                                     Director
17                                     WILLIAM C. SILVIS
18                                     Assistant Director

19                                     */s/ Sarah B. Fabian*
20                                     SARAH B. FABIAN
21                                     Senior Litigation Counsel
22                                     NICOLE MURLEY
23                                     Trial Attorney
24                                     Office of Immigration Litigation
25                                     Civil Division
26                                     U.S. Department of Justice
27                                     P.O. Box 868, Ben Franklin Station
28                                     Washington, DC 20044
                                       (202) 532-4824

(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying brief on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

 I declare under penalty of perjury that the foregoing is true and correct.

 DATED: September 13, 2018  *s/ Sarah B. Fabian*
          Sarah B. Fabian

# EXHIBIT A

**U.S. DEPARTMENT OF HOMELAND SECURITY**     **Warrant for Arrest of Alien**

File No. ▓▓▓▓▓▓▓▓▓

Date: 04/05/2018

**To:**     **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that _____ See I-831 _____ is removable from the United States. This determination is based upon:

☑ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

▓▓▓▓▓▓▓▓  - SDDO
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____ LAREDO, TEXAS _____
                                                                                                    (Location)

on _____ See I-831 _____ on _____ April 5, 2016 _____ , and the contents of this
      (Name of Alien)                  (Date of Service)

notice were read to him or her in the _____ SPANISH _____ language.
                                                      (Language)

▓▓▓▓▓▓▓▓
DO
_____          _____
Name and Signature of Officer               Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

**Notice to Respondent**

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

Failure to appear: You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the Department of Homeland Security immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

Mandatory Duty to Surrender for Removal: If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act (the Act).

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855)448-6903.

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office of Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____                    _____
                                                                                    *(Signature of Respondent)*

                                                                                    Date: _____

_____
*(Signature and Title of Immigration Officer)*

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ___4-4-18___, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person    ☐ by certified mail, returned receipt # _____    ☐ requested    ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ___DANISH___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____                    _____ DO _____
  *(Signature of ████ Personally Served)*                    *(Signature and Title of Officer)*

DHS Form I-862 (5/17)                                                                                    Page 2 of 2

| U.S. Department of Homeland Security | Subject ID: ▮▮▮ | | | Record of Deportable/Inadmissible Alien | | | |
|---|---|---|---|---|---|---|---|

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| Q▮▮▮▮-▮ M▮▮ | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | File Number | Height | Weight | Occupation | |
|---|---|---|---|---|---|---|---|
| EL SALVADOR | | CASE No ▮▮ | ▮▮▮ | 61 | 140 | LABORER | |

| U.S. Address | | | Scars and Marks | | |
|---|---|---|---|---|---|
| See Narrative | | | TATTOO BACK | | |

| Date, Place, Time, and Manner of Last Entry | | Passenger Boarded at | F.B.I. Number | ☒ Single | |
|---|---|---|---|---|---|
| 03/22/2018, 0030, 4 mile(s) E of HID, PWAM, RAFT | | | ▮▮▮ | ☐ Divorced ☐ Married ☐ Widower ☐ Separated | |

| Number, Street, City, Province (State) and Country of Permanent Residence | | | Method of Location/Apprehension | | |
|---|---|---|---|---|---|
| See Narrative | | | | | |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▮▮ 1987           Age:30 | | 03/24/2018 | | HIDALGO, TX | 03/22/2018 0130 |

| City, Province (State) and Country of Birth | AR ☒ | Form. (Type and No.) Lifted ☐ Not Lifted ☐ | By | |
|---|---|---|---|---|
| SANTA TECLA, SAN SALVADOR, EL SALVADOR | | | ARTEMIO QUIROGA EMILIANO GARCIA | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 2-EL SALVADOR |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Word(s) |
|---|---|---|---|
| None Claimed | | | I7A1 |

| Name and Address of (Last/Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ▮▮▮                    I77 #: ▮▮▮

Left Index Print          Right Index Print

ARREST COORDINATES:
--------------------
Latitude:   26.09253
Longitude: -98.23174

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

| Alien has been advised of communication privileges | 3/24/18 ▮▮ (Date/Initials) | BORDER PATROL AGENT (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE ▮▮▮ STATS | Officer ▮▮▮ on: March 24, 2018 at 0838 Disposition: Expedited Removal Examining Officer: ▮▮▮ |

Form I-213 (Rev. 08/01/07) Y

**U.S. Department of Homeland Security**

**Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| Q█████-I█████, M█████ █ | Event No █████ | 03/24/2018 |

US ADDRESS:
-----------
PORT ISABEL DETENTION CENTER 27991 BUENA VISTA BLVD.
LOS FRESNOS, TEXAS, 78566

FOREIGN ADDRESS:
----------------
DOMICILIO CONOCIDO SIN NUMERO  SANTA TECLA, SAN SALVADOR, EL SALVADOR
DOMICILIO CONOCIDO SIN NUMERO  SANTA TECLA, SAN SALVADOR, EL SALVADOR

FATHER NAME AND ADDRESS:
------------------------
EVARISTO
DOMICILIO CONOCIDO SIN NUMERO
SANTA TECLA, SAN SALVADOR, EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
DOMINGA
DOMICILIO CONOCIDO SIN NUMERO
SANTA TECLA, SAN SALVADOR, EL SALVADOR

ASSISTING ASSETS:
-----------------
ALL-TERRAIN VEHICLE
UNATTENDED GROUND SENSOR AND IMAGING UNATTENDED GROUND SENSOR

SUSPECTED GANG AFFILIATION:
---------------------------
M.S.13

FUNDS IN POSSESSION:
--------------------
United States Dollar .00

RECORDS CHECKED:
----------------

*Subject Refused to sign. Witnessed by:*

| Signature | Title |
|---|---|
| ██████ | BORDER PATROL AGENT |

2 of 4 Pages

**U.S. Department of Homeland Security**                    **Continuation Page for Form** ____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| C████-L████, M████ IV███ | Event No:▊ | 03/24/2018 |

NARRATIVE:
----------
IMMIGRATION HISTORY: No prior immigration history

CRIMINAL HISTORY: Active Warrant as an MS-13 Member. See Narrative

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector. A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States. After determining that this subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Sector Centralized Processing Center for further
processing.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Sector Centralized Processing Center, the subject was asked to
make a Sworn Statement as part of the Expedited Removal Proceedings. Service Form I-867
A/B was read and explained to the subject. The subject understood and was willing to
answer questions and give a statement. The subject again admitted to being a citizen and
national of El Salvador without the necessary legal documents to enter, pass through, or
remain in the United States. The subject also admitted to illegally crossing the
international boundary without being inspected by an Immigration Officer at a designated
Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from El
Salvador as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The
subject acknowledged understanding the right and agreed to speak with anyone at this time.
Furthermore, the subject does �०▒▓█████████ if returned to the
subject's country of citizenship.

DISPOSITION:
The subject is being processed for Expedited Removal ██████████. The subject was
apprehended within fourteen days of the subject's last entry into the United States and
within 100 air miles from the United States/Mexico international boundary.

Subject was provided the modified Orantes Advisal. The subject did want an interview
before ██████████ and did not request to be returned to El Salvador.

The subject states that she is not pregnant and has no long term medical condition. The
subject claims that she does speak fluent Spanish.

| Signature | Title |
|---|---|
| ██████████ | BORDER PATROL AGENT |

____3____ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| Q███████-I███, M███ I███ | ████████<br>Event No: ██████ | 03/24/2018 |

NOTE: Subject was travelling with her son ████████████████████████████

Family was separated due to the mothers (Q█████████-L████, M████ I█████) criminal history.

ATTETNTION ERO: Subject was identified as an MS-13 gang member with an active arrest warrant out of El Salvador.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

_4_ of _4_ Pages

DEPARTMENT OF HOMELAND SECURITY       6/3/33

## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

File No. ▮▮▮▮▮▮▮

In the Matter of:

Respondent: M▮▮▮ ▮ O▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮ currently residing at:

Laredo Detention Center (CCA)   4702 E. Saunders  Laredo, TX 78041

(Number, street, city and ZIP code)

(Area code and phone number)

☐ You are an arriving alien.
☒ You are an alien present in the United States who has not been admitted or paroled. You are an applicant for admission.
☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that:

1) You are not a citizen or national of the United States.

2) You are a native of El Salvador and a citizen of El Salvador

3) You entered the United States at an unknown location on or about  03/22/2018;

4) You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document;

5) You were not then admitted or paroled after inspection by an immigration officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

Section 212(a)(6)(A)(i) of the Act, as amended, as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than as designated by the Attorney General.

☒ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

San Antonio  EOIR 800 Dolorosa St., Suite 300 San Antonio, TX 78207

(Complete Address of Immigration Court, Including Room Number, if any)

on ___TBD___ at _TBD_ to show why you should not be removed from the United States based on the
        (Date)
charge(s) set forth above.                        Acting Supervisory ▮▮▮▮▮▮
                                    (Signature and Title of Issuing Officer)

Date  3/30/2018                        Houston, TX
                                    (City and State)

JUZGADO DE PAZ DE ACAJUTLA
DEPARTAMENTO DE SONSONATE
REPÚBLICA DE EL SALVADOR, C. A.
TEL. 2452-3606

**Acajutla, 13 de diciembre de 2016.-**

Orden de Captura
16-02-17

**OF. No. 151-1-17.**
**Sr. Director General de la Policia Nacional Civil.**
**Departamento de Disposiciones Judiciales.**
**Jefe del Archivo Central.**
**San Salvador.-**

28402

Por este medio solicitole ordene a los Agentes de ése Cuerpo Policial, hacer efectiva la **CAPTURA** de la imputada ausente [redacted], de 29 años de edad aproximadamente, portadora de su Documento Único de Identidad número 03911079-3, estado familiar acompañada con Gerardo Alberto Romero Gutiérrez, hija de Dominga Guadalupe Lizano y Evaristo Orellana Quintanilla, residente en Lotificación San Jorge, Carretera al Litoral, Cantón Miravalle, Municipio de Sonsonate, Departamento de Sonsonate; por atribuírsele el delito de **ORGANIZACIONES TERRORISTAS,** previsto y sancionado en el art. 13 en relación al art.4 letras l) y m) y art. 34 letra a), e) h) y j), todos de la Ley Especial Contra Actos de Terrorismo (LECAT), en perjuicio de **LA SEGURIDAD DEL PAÍS, LA PAZ PÚBLICA y LA ARMONIA DE LOS ESTADOS.-**

Imputada que en Audiencia Inicial estuvo representada en su Defensa Técnica por la Defensora Pública **Licenciada** [redacted], a quien por resolución de las dieciocho horas cero minutos del día trece de diciembre del año dos mil dieciséis en Audiencia Inicial se le Decretó la Detención Provisional por el referido delito. No omito manifestarle dichas actuaciones se remitieron Juzgado de Primera Instancia de esta Ciudad, por lo que al hacer efectiva la captura deberá ser puesta a disposición de ése Juzgado.

CONTROL DE CALIDAD

**DIOS UNION LIBERTAD.**

**LIC. JOSÉ ALBERTO CEA**
**JUEZ DE PAZ.-**

JUZGADO DE PAZ ACAJUTLA SONSONATE

**Req. 182-3-2016-Kata.**
**Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.**

POLICIA NACIONAL CIVIL
DEPARTAMENTO DE REGISTRO Y CONTROL DE DISPOSICIONES JUDICIALES
Recibido: Doñita
Hora: 11.30
15 FEB 2017

PROCESADO

LSS: T# 581150



MAGISTRATE'S COURT OF ACAJUTLA
DEPARTMENT OF SONSONATE
REPUBLIC OF EL SALVADOR, C.A.
TEL. 2452-3696

**Acajutla, December 13, 2016.-**

OF. No. <u>151-1-17</u>
**Mr. Director General of the National Civil Police**
**Department of Judicial Orders**
**Chief of the Central Archive**
San Salvador.-

*Arrest Warrant*
*02/16/17*

*284202*

It is hereby requested that the Officers of said Police Department be ordered to **ARREST** the accused not present M░░░░ ░ ░ C░░░░░ L░░░░, approximately 29 years of age, bearer of the Unique Identity Document number 03911079-3, marital status: common law marriage with Gerardo Alberto Romero Gutiérrez, daughter of Dominga Guadalupe Lizano and Evaristo Orellana Quintanilla, resident of Lotificacion San Jorge, Carretera al Litoral, Cantón Miravalle, Municipality of Sonsonate, Department of Sonsonate; who is charged with committing the offense of **TERRORIST ORGANIZATIONS**, set forth and sanctioned in art. 13 in relation to art. 4 subsections l) and m) and art. 34 subsection a), e) h) and j), all part of the Special Law Against Acts of Terrorism (LECAT), to the detriment of **THE SAFETY OF THE COUNTRY, THE PUBLIC PEACE, and HARMONY AMONG STATES.-**

The accused's Procedural Defense during the Preliminary Hearing was handled by Public Defender Attorney C░░░░░ E░░░ C░░░░░ V░░░░░. Preventive Detention was ordered against her for the referenced crime in the Preliminary Hearing via a Resolution entered at eighteen hours zero minutes on the thirteenth of December of two thousand sixteen. In addition, I inform you that said proceedings were referred to the Court of First Instance of this City, reason for which, once the arrest is carried out, [she] shall be placed at the disposal of said Court.

**GOD          UNITY          LIBERTY**

*(SIGNATURE)*

**JOSE ALBERTO CEA, [Illegible]**
**JUSTICE OF THE PEACE**



**Req. 182-3-2016-Kata.**
**Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.**

| NATIONAL CIVIL POLICE |
|---|
| Department of Registration and Issuance of Judicial Orders |
| Received: _____ [Illegible] |
| Time: _11.30_ |
| [Illegible]: FEB 15 2017 |

QUALITY CONTROL

PROCESSED

A #░░░░-043



## U.S. Citizenship and Immigration Services
## Language Services Section

26 Federal Plaza, Room 506
New York, NY 10278
Tel: (212) 264-6831
Fax: (212) 264-2622

---

## CERTIFICATE OF TRANSLATION

---

I, Marta Robinson, am competent to translate from Spanish into English, and certify that the ☒ full / ☐ summary translation of the attached document is true and accurate to the best of my abilities.

Translation Number: 581150

A Number: ███████043

_____
(Signature of Translator)

June 18, 2018
(Date)



JUZGADO DE PAZ DE ACAJUTLA
DEPARTAMENTO DE SONSONATE
REPÚBLICA DE EL SALVADOR, C. A.
TEL. 2452-3606

Acajutla, 13 de diciembre de 2016.-

OF. No. **151-1-17**.
Sr. Director General de la Policia Nacional Civil.
Departamento de Disposiciones Judiciales.
Jefe del Archivo Central.
San Salvador.-

*Orden de captura*
*16-02-17*

284202

Por este medio solicitole ordene a los Agentes de ése Cuerpo Policial, hacer efectiva la **CAPTURA** de la imputada ausente M███████ █████ Q█████████ L███████, de 29 años de edad aproximadamente, portadora de su Documento Único de Identidad número 03911079-3, estado familiar acompañada con Gerardo Alberto Romero Gutiérrez, hija de Dominga Guadalupe Lizano y Evaristo Orellana Quintanilla, residente en Lotificación San Jorge, Carretera al Litoral, Cantón Miravalle, Municipio de Sonsonate, Departamento de Sonsonate; por atribuírsele el delito de **ORGANIZACIONES TERRORISTAS**, previsto y sancionado en el art. 13 en relación al art.4 letras l) y m) y art. 34 letra a), e) h) y j), todos de la Ley Especial Contra Actos de Terrorismo (LECAT), en perjuicio de **LA SEGURIDAD DEL PAÍS, LA PAZ PÚBLICA y LA ARMONIA DE LOS ESTADOS.-**

Imputada que en Audiencia Inicial estuvo representada en su Defensa Técnica por la Defensora Pública Licenciada C████████ E███████ C█████████ V█████████, a quien por resolución de las dieciocho horas cero minutos del día trece de diciembre del año dos mil dieciséis en Audiencia Inicial se le Decretó la Detención Provisional por el referido delito. No omito manifestarle dichas actuaciones se remitieron Juzgado de Primera Instancia de esta Ciudad, por lo que al hacer efectiva la captura deberá ser puesta a disposición de ése Juzgado.

DIOS  UNION  LIBERTAD.

LIC. JOSÉ ALBERTO CEA
JUEZ DE PAZ.-

Req. 182-3-2016-Kata.
Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.

POLICIA NACIONAL CIVIL
DEPARTAMENTO DE REGISTRO Y CONTROL
DE DISPOSICIONES JUDICIALES
Recibido:  DORita
Hora:  11.30
15 FEB 2017

CONTROL DE CALIDAD

PROCESADO

LSS: T# 581150



MAGISTRATE'S COURT OF ACAJUTLA
DEPARTMENT OF SONSONATE
REPUBLIC OF EL SALVADOR, C.A.
TEL. 2452-3505

**Acajutla, December 13, 2016.-**

OF. No. <u>151-1-17</u>
Mr. Director General of the National Civil Police
Department of Judicial Orders
Chief of the Central Archive
San Salvador.-

*Arrest Warrant*
*02/16/17*

284202

It is hereby requested that the Officers of said Police Department be ordered to **ARREST** the accused not present M█████ ██████ C████████ ██████, approximately 29 years of age, bearer of the Unique Identity Document number 03911079-3, marital status: common law marriage with Gerardo Alberto Romero Gutiérrez, daughter of Dominga Guadalupe Lizano and Evaristo Orellana Quintanilla, resident of Lotificacion San Jorge, Carretera al Litoral, Cantón Miravalle, Municipality of Sonsonate, Department of Sonsonate; who is charged with committing the offense of **TERRORIST ORGANIZATIONS**, set forth and sanctioned in art. 13 in relation to art. 4 subsections l) and m) and art. 34 subsection a), e) h) and j), all part of the Special Law Against Acts of Terrorism (LECAT), to the detriment of **THE SAFETY OF THE COUNTRY, THE PUBLIC PEACE, and HARMONY AMONG STATES.-**

The accused's Procedural Defense during the Preliminary Hearing was handled by Public Defender Attorney C████████ E██████ C████████ V████████ Preventive Detention was ordered against her for the referenced crime in the Preliminary Hearing via a Resolution entered at eighteen hours zero minutes on the thirteenth of December of two thousand sixteen. In addition, I inform you that said proceedings were referred to the Court of First Instance of this City, reason for which, once the arrest is carried out, [she] shall be placed at the disposal of said Court.

**GOD**          **UNITY**          **LIBERTY**

*(SIGNATURE)*

**JOSE ALBERTO CEA, [Illegible]**
**JUSTICE OF THE PEACE**



Req. 182-3-2016-Kata.
Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.

| NATIONAL CIVIL POLICE |
| --- |
| Department of Registration and Issuance of Judicial Orders |
| Received: _____ [Illegible] |
| Time: __11.30__ |
| [Illegible]: FEB 15 2017 |

A #█████-043

QUALITY CONTROL

PROCESSED



## U.S. Citizenship and Immigration Services
## Language Services Section
26 Federal Plaza, Room 506
New York, NY 10278
Tel: (212) 264-6831
Fax: (212) 264-2622

---

## CERTIFICATE OF TRANSLATION

---

I, Marta Robinson, am competent to translate from Spanish into English, and certify that the ☒ full / ☐ summary translation of the attached document is true and accurate to the best of my abilities.

Translation Number: 581150

A Number: ▮▮▮▮043

_____
(Signature of Translator)

June 18, 2018
(Date)



**JUZGADO DE PAZ DE ACAJUTLA**
**DEPARTAMENTO DE SONSONATE**
**REPÚBLICA DE EL SALVADOR, C. A.**
**TEL. 2452-3606**

Acajutla, **13 de diciembre de 2016.-**

*Orden de Captura*
*16 - 02 - 17*

OF. No. **151-1-17.**
Sr. Director General de la Policía Nacional Civil.
Departamento de Disposiciones Judiciales.
Jefe del Archivo Central.
San Salvador.-

284202

Por este medio solicitole ordene a los Agentes de ése Cuerpo Policial, hacer efectiva la **CAPTURA** de la imputada ausente M▮▮▮ ▮▮ Q▮▮▮ L▮▮▮, de 29 años de edad aproximadamente, portadora de su Documento Único de Identidad número 03911079-3, estado familiar acompañada con Gerardo Alberto Romero Gutiérrez, hija de Dominga Guadalupe Lizano y Evatisto Orellana Quintanilla, residente en Lotificación San Jorge, Carretera al Litoral, Cantón Miravalle, Municipio de Sonsonate, Departamento de Sonsonate; por atribuírsele el delito de **ORGANIZACIONES TERRORISTAS**, previsto y sancionado en el art. 13 en relación al art.4 letras l) y m) y art. 34 letra a), e) h) y j), todos de la Ley Especial Contra Actos de Terrorismo (LECAT), en perjuicio de **LA SEGURIDAD DEL PAÍS, LA PAZ PÚBLICA y LA ARMONIA DE LOS ESTADOS.-**

Imputada que en Audiencia Inicial estuvo representada en su Defensa Técnica por la Defensora Pública Licenciada C▮▮▮ H▮▮ C▮▮▮ V▮▮▮, a quien por resolución de las dieciocho horas cero minutos del día trece de diciembre del año dos mil dieciséis en Audiencia Inicial se le Decretó la Detención Provisional por el referido delito. No omito manifestarle dichas actuaciones se remitieron Juzgado de Primera Instancia de esta Ciudad, por lo que al hacer efectiva la captura deberá ser puesta a disposición de ése Juzgado.

DIOS UNION LIBERTAD.

LIC. JOSÉ ALBERTO CEA
JUEZ DE PAZ.-

Req. 182-3-2016-Kata.
Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.

**CENTRO DE CALIDAD**

**PROCESADO**

**POLICIA NACIONAL CIVIL**
DEPARTAMENTO DE REGISTRO Y CONTROL
DE DISPOSICIONES JUDICIALES
Recibido: ▮▮▮▮
Hora: 11.30
1 5 FEB 2017

LSS: T# 581150



MAGISTRATE'S COURT OF ACAJUTLA
DEPARTMENT OF SONSONATE
REPUBLIC OF EL SALVADOR, C.A.
TEL. 2452-8606

**Acajutla, December 13, 2016.-**

*Arrest Warrant*
*02/16/17*

OF. No. <u>151-1-17</u>
**Mr. Director General of the National Civil Police**
**Department of Judicial Orders**
**Chief of the Central Archive**
San Salvador.-

*284202*

QUALITY CONTROL

It is hereby requested that the Officers of said Police Department be ordered to **ARREST** the accused not present M███████ ██████ Q██████████ L███████, approximately 29 years of age, bearer of the Unique Identity Document number 03911079-3, marital status: common law marriage with Gerardo Alberto Romero Gutiérrez, daughter of Dominga Guadalupe Lizano and Evaristo Orellana Quintanilla, resident of Lotificacion San Jorge, Carretera al Litoral, Cantón Miravalle, Municipality of Sonsonate, Department of Sonsonate; who is charged with committing the offense of **TERRORIST ORGANIZATIONS**, set forth and sanctioned in art. 13 in relation to art. 4 subsections l) and m) and art. 34 subsection a), e) h) and j), all part of the Special Law Against Acts of Terrorism (LECAT), to the detriment of **THE SAFETY OF THE COUNTRY, THE PUBLIC PEACE, and HARMONY AMONG STATES.-**

The accused's Procedural Defense during the Preliminary Hearing was handled by Public Defender Attorney C██████████ E███████ C███████ V██████████. Preventive Detention was ordered against her for the referenced crime in the Preliminary Hearing via a Resolution entered at eighteen hours zero minutes on the thirteenth of December of two thousand sixteen. In addition, I inform you that said proceedings were referred to the Court of First Instance of this City, reason for which, once the arrest is carried out, [she] shall be placed at the disposal of said Court.

PROCESSED

**GOD          UNITY          LIBERTY**

*(SIGNATURE)*



**JOSE ALBERTO CEA, [Illegible]**
**JUSTICE OF THE PEACE**

Req. 182-3-2016-Kata.
Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.

| **NATIONAL CIVIL POLICE** |
| --- |
| **Department of Registration and Issuance of Judicial Orders** |
| Received: _____ [Illegible] |
| Time: ___11.30___ |
| [Illegible]: FEB 15 2017 |

A #██████-043



## U.S. Citizenship and Immigration Services
## Language Services Section
26 Federal Plaza, Room 506
New York, NY 10278
Tel: (212) 264-6831
Fax: (212) 264-2622

---

## CERTIFICATE OF TRANSLATION

---

I, Marta Robinson, am competent to translate from Spanish into English, and certify that the ☒ full / ☐ summary translation of the attached document is true and accurate to the best of my abilities.

Translation Number: 581150

A Number: 2█████-043

_____
(Signature of Translator)

June 18, 2018
(Date)



JUZGADO DE PAZ DE ACAJUTLA
DEPARTAMENTO DE SONSONATE
REPÚBLICA DE EL SALVADOR, C. A.
TEL. 2452-3606

Acajutla, 13 de diciembre de 2016.-

Orden de captura
16-02-17

OF. No. **151-1-17**.
Sr. Director General de la Policía Nacional Civil.
Departamento de Disposiciones Judiciales.
Jefe del Archivo Central.
San Salvador.-

## 284202

Por este medio solicítole ordene a los Agentes de ése Cuerpo Policial, hacer efectiva la **CAPTURA** de la imputada ausente M████████ de 29 años de edad aproximadamente, portadora de su Documento Único de Identidad número 03911079-3, estado familiar acompañada con Gerardo Alberto Romero Gutiérrez, hija de Dominga Guadalupe Lizano y Evaristo Orellana Quintanilla, residente en Lotificación San Jorge, Carretera al Litoral, Cantón Miravalle, Municipio de Sonsonate, Departamento de Sonsonate; por atribuírsele el delito de **ORGANIZACIONES TERRORISTAS**, previsto y sancionado en el art. 13 en relación al art.4 letras l) y m) y art. 34 letra a), e) h) y j), todos de la Ley Especial Contra Actos de Terrorismo (LECAT), en perjuicio de **LA SEGURIDAD DEL PAÍS, LA PAZ PÚBLICA y LA ARMONIA DE LOS ESTADOS.**-

Imputada que en Audiencia Inicial estuvo representada en su Defensa Técnica por la Defensora Pública Licenciada C████████ ██ C████████ V████████, a quien por resolución de las dieciocho horas cero minutos del día trece de diciembre del año dos mil dieciséis en Audiencia Inicial se le Decretó la Detención Provisional por el referido delito. No omito manifestarle dichas actuaciones se remitieron Juzgado de Primera Instancia de esta Ciudad, por lo que al hacer efectiva la captura deberá ser puesta a disposición de ése Juzgado.

DIOS UNION LIBERTAD.

LIC. JOSÉ ALBERTO CEA
JUEZ DE PAZ.-

Req. 182-3-2016-Kata.
Ref. 0293-UDPPSO-07-16 / 513-UDPPSO-07-16.

POLICIA NACIONAL CIVIL
DEPARTAMENTO DE REGISTRO Y CONTROL
DE DISPOSICIONES JUDICIALES
Recibido: ___DOÍ6___
Hora: ___11.30___
1 5 FEB 2017

CONTROL DE CALIDAD

PROCESADO

LSS: T# 581150



MAGISTRATE'S COURT OF ACAJUTLA
DEPARTMENT OF SONSONATE
REPUBLIC OF EL SALVADOR, C.A.
TEL. 2452-3595

**Acajutla, December 13, 2016.-**

OF. No. **151-1-17**
**Mr. Director General of the National Civil Police**
**Department of Judicial Orders**
**Chief of the Central Archive**
San Salvador.-

*Arrest Warrant*
*02/16/17*

284202

It is hereby requested that the Officers of said Police Department be ordered to **ARREST** the accused not present M███████ ███████ Q███████████ 1██████, approximately 29 years of age, bearer of the Unique Identity Document number 03911079-3, marital status: common law marriage with Gerardo Alberto Romero Gutiérrez, daughter of Dominga Guadalupe Lizano and Evaristo Orellana Quintanilla, resident of Lotificacion San Jorge, Carretera al Litoral, Cantón Miravalle, Municipality of Sonsonate, Department of Sonsonate; who is charged with committing the offense of **TERRORIST ORGANIZATIONS**, set forth and sanctioned in art. 13 in relation to art. 4 subsections l) and m) and art. 34 subsection a), e) h) and j), all part of the Special Law Against Acts of Terrorism (LECAT), to the detriment of **THE SAFETY OF THE COUNTRY, THE PUBLIC PEACE, and HARMONY AMONG STATES.-**

The accused's Procedural Defense during the Preliminary Hearing was handled by Public Defender Attorney C██████████ E█████ C█████ V██████████. Preventive Detention was ordered against her for the referenced crime in the Preliminary Hearing via a Resolution entered at eighteen hours zero minutes on the thirteenth of December of two thousand sixteen. In addition, I inform you that said proceedings were referred to the Court of First Instance of this City, reason for which, once the arrest is carried out, [she] shall be placed at the disposal of said Court.

| GOD | UNITY | LIBERTY |
|---|---|---|

*(SIGNATURE)*

**JOSE ALBERTO CEA, [Illegible]**
**JUSTICE OF THE PEACE**



**QUALITY CONTROL**

**PROCESSED**

Req. **182-3-2016-Kata.**
Ref. **0293-UDPPSO-07-16 / 513-UDPPSO-07-16.**

| NATIONAL CIVIL POLICE |
|---|
| Department of Registration and Issuance of Judicial Orders |
| Received: _____ [Illegible] |
| Time: __11.30__ |
| [Illegible]- FEB 15 2017 |

A #████-043

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN ANTONIO, TX

FILE: █████████

IN THE MATTER OF:

Q████████L█████, M████ ████

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Department of
Homeland Security and the respondent, it is hereby

✓  ORDERED that the request for a change in custody status be
   denied.

____  ORDERED that the request be granted and that respondent be:

____  released from custody on his own recognizance

____  released from custody under bond of $_____

✓  OTHER  Flight risk _____

Copy of this decision has been served on the respondent and the
Department of Homeland Security.

APPEAL: waived -- reserved   Due: August 30, 2018
                             by respondent
SAN ANTONIO -- LAREDO, TEXAS - DETENTION FACILITY

Date: Jul 31, 2018

                                    _____
                                    JUSTIN ADAMS
                                    Immigration Judge

                                                        XS

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY MAIL (M)
PERSONAL SERVICE (P)
TO: [ ]ALIEN [ ]ALIEN ATT/REP [ ]DHS
    [ ]ALIEN C/O CUSTODIAL OFFICER
DATE:07/31/18 by Court Staff _____
Attachments: ( )EOIR 33 ( )EOIR 28
Appeal pack ( )