UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> U.S Immigration and Customs Enforcement ("ICE"); et al., <br><br> Respondents-Defendants. | Case No.:  18cv0428 DMS (MDD) <br><br> **ORDER ON REUNIFICATION OF MS. Q. AND MR. C.** |

On June 26, 2018, this Court certified Plaintiffs' substantive due process claim for class treatment pursuant to Federal Rule of Civil Procedure 23(b)(2).  (*See* ECF No. 82.) The class was defined as follows:

> All adult parents who enter the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child.

(*Id.* at 17.)  In crafting the class definition, the Court specifically excepted certain parents, including those with criminal history.  (*Id.* at 11.)

Consistent with that Order, Defendants have excluded certain parents from the class on the basis of criminal history.  And since those parents are not class members, Defendants

have not afforded them the relief provided by this Court's preliminary injunction, namely reunification with their children.

Concerns about this exception have been percolating since before the Court issued its orders granting Plaintiffs' motions for class certification and for preliminary injunctive relief. After those orders were issued, counsel tabled those concerns so that reunifications of class members and their children could proceed as expeditiously as possible, but with those reunifications now completed or underway, those concerns have now come to the forefront.

Based on the most recent status report submitted by the parties, it appears there are at least 29 children whose parents Defendants have excluded from the class based on their "significant" criminal history. (*See* ECF No. 222 at 4.) Plaintiffs now request that the Court order reunification of two of those children with their parents, Ms. Q. and Mr. C. Defendants oppose that request, noting that Ms. Q. has an active arrest warrant out of El Salvador for being a member of MS-13, a violent gang, and Mr. C. has a misdemeanor domestic violence conviction for swinging a machete at his wife. (ECF No. 223 at 1.) Plaintiffs and Defendants each submitted a brief on this issue, the Court heard argument from counsel during the September 14, 2018 status conference, and Plaintiffs thereafter filed a Notice of Supplemental Declaration regarding these two reunifications.

After reviewing the Court's previous orders and the parties' briefs on this issue, and after hearing oral argument, the Court respectfully denies Plaintiffs' request. Although the evidence reflects the children of Ms. Q. and Mr. C. are suffering tremendously since being separated from their parents, the class of parents entitled to reunification with their children pursuant to this Court's orders does not include parents with criminal history. In carving out this exception, the Court was mindful of the parties' positions on this issue: Plaintiffs were concerned Defendants would abuse their discretion and exclude parents with minor misdemeanors, while Defendants were concerned with their ability to make detention decisions for "individuals who posed a flight risk or danger to the community or others in a family detention facility because of that person's criminal history." (ECF No. 82 at 10.)

The Court considered both of those concerns, and ultimately found the balance weighed in favor of Defendants.

In reaching that conclusion, the Court expected Defendants to exercise their discretion to make these exceptions in a reasonable manner, and it appears they have done so given the relatively small number of children whose parents have been excluded from the class on this basis. The class includes over 2,600 parents, and Defendants have run background checks on all of them. Only 29 parents have been carved out, which is consistent with government efforts to reunify all of these families under appropriate circumstances. Notably, Defendants have been over-inclusive in the process, and have included for reunification parents with minor criminal history—even though such parents are not part of the class. Defendants' determination that Ms. Q. and Mr. C. have disqualifying criminal history that precludes reunification with their children and either release into the community or detention in a family residential center is entitled to deference. The record indicates Defendants have vetted these parents in good faith and made principled decisions in light of their criminal history and overarching concerns regarding safety of their children and the public.

These determinations certainly can be debated, but the Court is persuaded that Defendants have exercised their statutorily prescribed discretion in a reasonable manner. The Court has consistently held that matters of detention and parole are peculiarly within the province of the executive branch, and for prudential and other reasons that exercise of discretion ought not to be disturbed under these circumstances.

**IT IS SO ORDERED**.

Dated: September 19, 2018

Hon. Dana M. Sabraw
United States District Judge