| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General<br>SCOTT G. STEWART<br>Deputy Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>NICOLE MURLEY<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>ADAM L. BRAVERMAN<br>United States Attorney<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney<br>California Bar No. 94918<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>619-546-7125<br>619-546-7751 (fax)<br><br>*Attorneys for Federal Respondents-Defendants* | Lee Gelernt*<br>Judy Rabinovitz*<br>Anand Balakrishnan*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>F: (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br><br>Bardis Vakili (SBN 247783)<br>ACLU FOUNDATION OF<br>SAN DIEGO & IMPERIAL<br>COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>T: (619) 398-4485<br>F: (619) 232-0036<br>*bvakili@aclusandiego.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T: (415) 343-1198<br>F: (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Petitioners-Plaintiffs*<br>*Admitted Pro Hac Vice* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**JOINT STATUS REPORT** |

The Court ordered the parties to file a joint status report on September 20, 2018, in anticipation of the telephonic status conference scheduled for September 21, 2018, at 1:00 p.m. PST. The parties submit this joint status report in accordance with the Court's instruction.

I. **DEFENDANTS' POSITIONS**

A. **Update on Reunifications: Defendants are discharging children appropriately and expeditiously**

Defendants have appropriately discharged an additional 34 children since the last Joint Status Report, for a total of 2,251 children.

Looking ahead, there are 182 children proceeding towards reunification or another appropriate discharge. Specifically, there are:

- <u>41 children</u> in ORR care with a parent who is in the United States and presently in the class. Of the 41 children, 6 cannot be reunified at this time because their parents are in other federal, state, or local custody (e.g., state criminal detention). Defendants are working to appropriately discharge the remaining 35 of 41 children, meeting and conferring with Plaintiffs where appropriate for resolution. *See* Table 1: Reunification Update.

- <u>48 children</u> in ORR care who have parents presently departed from the United States, who have cleared Processes 1 through 3 of the Court-approved reunification plan, and who are proceeding towards reunification with their parents in their home country. *See* Table 2: Reunification of Removed Class Members.

    - Of these 48 children, <u>18 children</u> have voluntary departure orders. The government is actively arranging travel to their home countries. Another <u>19 of the 48 children</u> had pending immigration proceedings that have been dismissed by the government since the last Joint Status Report. The government is actively arranging travel to their home countries as well. *See id.*

- <u>93 children</u> in ORR care who have parents presently departed from the United States, and for whom the ACLU/Steering Committee has not yet provided notice of parental intent regarding reunification (or declination of

reunification). As described below, Defendants are supporting the efforts of the ACLU/Steering Committee to obtain statements of intent from those parents. Once Defendants receive the notices from the ACLU/Steering Committee, Defendants will either reunify the children or move them into the TVPRA sponsorship process, consistent with the intent of the parent. For 22 of the 93 children, the ACLU/Steering Committee has been in contact with their parents for more than 28 days without providing Defendants with notice of parental intent. Defendants have provided Plaintiffs a list of the 22 children, and Defendants are meeting and conferring with Plaintiffs to determine the best course of action to move the process for those children forward. *See* Table 2: Reunification of Removed Class Members.

The current reunification status for children ages 0 through 17 is further summarized in Table 1 below. The data in Table 1 reflects approximate numbers maintained by ORR at least as of September 17, 2018. These numbers are dynamic and continue to change as more reunifications or discharges occur.

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members originally identified | 103 | 2,551 | 2,654 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 84 | 2,167 | 2,251 |
| • Children discharged by being reunified with separated parent | 72 | 1,936 | 2,008 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 12 | 231 | 243 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 6 | 176 | 182 |
| • Parent presently outside the U.S. | 5 | 136 | 141 |
| • Parent presently inside the U.S. | 1 | 40 | 41 |
| ○ Parent in other federal, state, or local custody | 0 | 6 | 6 |

| **Children in ORR Care, Parent out of Class** | | | |
|---|---|---|---|
| Children in care where further review shows they were not separated from parents by DHS | 5 | 50 | 55 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 7 | 24 | 31 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 1 | 112 | 113 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 21 | 21 |

### B. Update on Removed Class Members: Defendants are working with Plaintiffs' counsel to implement parental intent

The current reunification status for removed class members is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least September 17, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 254 | Def's. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 254 | Def's. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 254 | Def's. |
| | Children with no contact issues identified by plaintiff or defendant | 254 | Def's. & Pl.'s |
| | Children with parent contact information provided to ACLU by Government | 254 | Def's. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 161 | Pl's. |
| | • Children whose parents waived reunification | 113 | Pl's. |
| | • Children whose parents chose reunification in country of origin | 48 | Pl's. |

| | | | |
|---|---|---|---|
| | Children for whom ACLU has not yet communicated parental intent for minor: | 93 | Pl's. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 22 | Pl's. |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 48 | Pl's. |
| | • Children in ORR care w/ orders of voluntary departure | 18 | Def's. |
| | • Children in ORR care w/o orders of voluntary departure | 30 | Def's. |
| | ◦ Children in ORR care whose immigration cases were dismissed | 19 | Def's. |

Table 2 contains two new groups. The first new group is "Children whose parents ACLU has been in contact with for 28 or more days without intent determined," as discussed above. The second new group is "Children in ORR care whose immigration cases were dismissed," also discussed above.

### C. Update Regarding Joint Motion and Proposed Order Related To Agreement

Following last week's status conference, the parties promptly began work to prepare a motion and proposed order addressing approval of the parties' proposed settlement agreement. Preliminary drafts of these materials have now been prepared

and are being reviewed by interested parties. The parties also have been working on the procedural steps needed to ensure that claims by the *Dora* plaintiffs, which are pending in the District of Columbia, can be addressed by this Court. The parties are working expeditiously and collaboratively, they intend to file these documents as soon as possible, and they can update the Court at the status conference. The parties also are beginning to implement the agreement. The government will begin to provide the statistics requested by the Court on the individuals affected by the agreement once they begin to move through the process.

**D. Update Regarding Government's Implementation of Agreement**

In order to move forward with implementation of the agreement, the government is identifying the following groups of class members:

1. Adults and children who have been released from DHS or ORR care with an expedited removal order who have been continuously present in United States since June 26, 2018 (Paragraph 1a)
2. Children with final orders of removal who have been continuously present in United States since June 26, 2018 (Paragraph 1a)
3. Children currently detained in a family residential center (FRC) who were served with an NTA that has not been filed with the Executive Office for Immigration Review (EOIR) and who have been continuously present in the United States since June 26, 2018 (Paragraph 1b)
4. Children currently detained in an FRC who were served with an NTA that has been filed with EOIR and who have been continuously present in United States since June 26, 2018 (Paragraph 1c)
5. Parents who are subject to a final expedited removal order who have not had an NTA filed with EOIR and who have been present in United States since June 26, 2018 (Paragraph 1d)
6. Parents currently detained in an FRC who are subject to a reinstated final order of removal and who have been continuously present in the United States since June 26, 2018 and the procedural status of the child (Paragraph 1e)

7. Parents currently detained in an FRC who are subject to a final order of removal entered after proceedings before EOIR and who have been continuously present in the United States since June 26, 2018 (Paragraph 6)

### E. Locating Removed Parents

In accordance with the Court's directions, and as discussed in last week's Joint Status Report and declaration of Commander Jonathan White (ECF No. 227), ORR is supporting the ACLU's efforts to obtain parental intent by brokering three-way calls with parents, the case manager, and the ACLU. Plaintiffs identified 27 cases that they asked be prioritized for three-way calls. Commander White has instructed that ORR case managers begin to broker three-way calls with the phone number provided by Plaintiffs. So far, that process has resulted in at least 15 successful three-way calls connecting the parents and the ACLU, which are helping to facilitate confirmation of parental intent. Defendants anticipate brokering more calls between children, parents and the ACLU (some of which will take place at prearranged times) in the coming week.

### F. Information Sharing

Defendants believe they are now providing Plaintiffs with the majority of the information that Plaintiffs have requested in their data requests. The parties continue to meet and confer regarding the sharing of data.

## II. PLAINTIFFS' POSITIONS

### A. Steering Committee Progress

The Steering Committee continues to make progress and has, as of Wednesday, September 20, delivered final preferences for 181 removed parents to the Government and reached 13 additional new parents.[1] With 65% of parent wishes having been communicated to the Government, and many of these relating to young children, the Committee hopes that the Government will work to bring resolution to these cases as expeditiously as possible.

First, we report the status of our efforts based on the Government's September 14 list of 279 children in ORR custody with removed parents. With respect to those children and parents, the Steering Committee's progress in contacting parents and delivering preferences to the Government is as follows:

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee | 279 (reported to Steering Committee on 9/14/2018) |
| • Parents for whom Committee has no phone number (and hasn't otherwise contacted) | 0 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 279 |

---

[1] These numbers are based on the population of 279, identified by the Government on September 14. Of the total population of 414 removed parents who were separated from children in ORR care that have been reported by the Government since the Steering Committee's creation, the Steering Committee has communicated final preferences for 217 parents and contacted an additional 24 parents in the past week.

| | |
|---|---|
| Steering Committee spoke to parent (either by phone or in person) | 248 |
| • Parents successfully reached through phone contact | 240 |
| • Parents found through outreach by NGOs | 8 |
| Parents called and not reached (and not reached through NGO efforts) | 31 |
| • Phone number currently determined to be inoperable or ineffective | 0 |
| • Contact efforts ongoing | 31 |
| Parents reached by phone or NGO outreach | 248 |
| • Parent's preference with respect to reunification has been confirmed to match child's | 198 |
| • Preliminary indication of parent's wishes with respect to reunification | 23 |
| • Ongoing discussions with parent about reunification | 27 |
| • Parent's final preference has been communicated to government | 181 |

Last week, the Steering Committee explained that it was meeting and conferring with the Government to clarify the bases for which children and parents have been removed from the Government's operative list. As noted, there are a total of 135 children who previously appeared on the Government's lists, but who are not on the current list of 279 children in ORR custody.

The Committee is satisfied, based on the information provided by the

Government, that of these 26 were reunified with parents in the country of origin, and 27 were appropriately released to a sponsor or were not class members.

For an additional 82 families, the Committee continues to review the information provided by the Government and may seek additional information as necessary. As the Steering Committee has not yet received sufficient information to confirm that these cases have been resolved to the Committee's satisfaction, the Committee continues to include them in its operative group. There are thus a total of 361 (279 + 82) removed parents who were separated from their children that the Steering Committee regards as its current operative group. The Steering Committee continues to communicate the wishes of all of these parents, irrespective of whether the children appear on the Government's most recent list. The Steering Committee's progress for the total group of 414 children in ORR care with removed parents (*i.e.* the total number of families that have been identified by the Government to the Steering Committee) is reported at the end of the Steering Committee Report, so that the Court has a full picture of the Steering Committee's efforts.

**On-the-Ground Challenges**

As was suggested by Commander White in his September 13 declaration, the Steering Committee has communicated "specific operational concerns to the interagency operations group, so that [the Government] can partner with [the Committee] (and with the governments of Guatemala and Honduras) to try to address the concern."

In the past week, the Steering Committee has learned of several instances of apparent communication breakdowns in the in-country reunification process, where, for example, parents have not been informed of changes in travel plans for their child and have travelled great distances only to have their child not arrive or

where parents have not been given sufficient advance notice of an arriving child and the child has had to wait overnight, or for several days, for the parent to arrive at the reunification site.

In response to these concerns, the Steering Committee and Government are working to establish a mechanism for the Government to provide the Committee, and specifically the Committee member NGOs involved in assisting parents with reunifications in country, with advance notice and date and flight information of reunifications.  This information will enable the NGOs to support parents in travelling to the reunification site and to help parents and children with reintegration, including referring families for appropriate psychosocial support in their home countries.

### Outstanding Data-Related Issues

The Steering Committee continues to meet and confer with the Government regarding data requested from the Government in order to ensure that all parents are accounted for and reunified with their children imminently, if that is the parent's wish.  The Parties continue to make good progress in this regard.

### Removals from Government Lists

The Government has provided additional information to the Steering Committee explaining why parents and children have been removed from or added to the lists of class members or children in ORR custody previously produced by the Government, as reflected in each week's Joint Status Report.  The Parties have reached agreement with respect to several families and continue to meet and confer regarding the remaining families.

### Communication Challenges With Parents

The Steering Committee continues to meet and confer with the Government

regarding communication challenges with certain parents.

The Parties have initiated the three-way call process suggested by the Government (whereby ORR case workers call the Steering Committee hotline to connect the Committee with the removed parent) and this process is proving to be effective, with the Steering Committee having successfully reached 14 previously unreached parents by use of this process. Thus, while there remain a total of 31 of the population of 279 (or 50 of the 361) parents that the Steering Committee has not yet had contact with, the Steering Committee is hopeful that the this number will continue to rapidly decrease.

**Steering Committee Progress on Operative Group of Parents/Children**

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee (Steering Committee's current operative group) | 414 |
| • Parents for whom Committee has no phone number (and hasn't otherwise contacted) | 19 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 395 |
| Steering Committee spoke to parent (either by phone or in person) | 340 |
| • Parents successfully reached through phone contact | 327 |
| • Parents found through outreach by NGOs | 13 |

| Parents called and not reached (and not reached through NGO efforts) | 55 |
|---|---|
| • Phone number currently determined to be inoperable or ineffective | 6 |
| • Contact efforts ongoing | 49 |
| Parents reached by phone or NGO outreach | 340 |
| • Parent's preference with respect to reunification has been confirmed to match child's | 268 |
| • Preliminary indication of parent's wishes with respect to reunification | 32 |
| • Ongoing discussions with parent about reunification | 40 |
| • Parent's final preference has been communicated to government | 217 |
| Resolved Cases | 53 |
| • Child reunited with parent in Country of Origin | 26 |
| • Child appropriately placed with sponsor in U.S. or parent determined to not be a class member | 27 |

## B. EXCLUSIONS ON THE BASIS OF CRIMINAL HISTORY

Following the Court's September 19 Order, the parties continue to meet and confer to try and resolve the cases of parents who are not reunified on the basis of their criminal histories. The parties are currently exchanging information concerning these parents.

Case 3:18-cv-00428-DMS-MDD   Document 238   Filed 09/20/18   PageID.3809   Page 16 of 17

| | |
|---|---|
| DATED: September 20, 2018 | Respectfully submitted, |
| | /s/ Lee Gelernt |
| | Lee Gelernt* |
| | Judy Rabinovitz* |
| | Anand Balakrishnan* |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | 125 Broad St., 18th Floor |
| | New York, NY 10004 |
| | T:  (212) 549-2660 |
| | F:  (212) 549-2654 |
| | *lgelernt@aclu.org* |
| | *jrabinovitz@aclu.org* |
| | *abalakrishnan@aclu.org* |
| | |
| | Bardis Vakili (SBN 247783) |
| | ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| | P.O. Box 87131 |
| | San Diego, CA 92138-7131 |
| | T: (619) 398-4485 |
| | F: (619) 232-0036 |
| | *bvakili@aclusandiego.org* |
| | |
| | Stephen B. Kang (SBN 292280) |
| | Spencer E. Amdur (SBN 320069) |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | 39 Drumm Street |
| | San Francisco, CA 94111 |
| | T:  (415) 343-1198 |
| | F:  (415) 395-0950 |
| | *skang@aclu.org* |
| | *samdur@aclu.org* |
| | |
| | *Attorneys for Petitioners-Plaintiffs* |
| | *\*Admitted Pro Hac Vice* |

15                                          18cv428 DMS MDD

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*