JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Respondents-Defendants. | Case No. 18cv428 DMS MDD <br><br> **JOINT STATUS REPORT** |

The Court ordered the parties to file a joint status report on September 27, 2018. The parties submit this joint status report in accordance with the Court's instruction.

I. **DEFENDANTS' POSITIONS**

  A. **Update on Reunifications: Defendants are discharging children appropriately and expeditiously**

Defendants have appropriately discharged an additional 45 children since the last Joint Status Report, for a total of 2,296 children.

Looking ahead, there are 136 children proceeding towards reunification or another appropriate discharge. Specifically, there are:

- <u>40 children</u> in ORR care with a parent who is in the United States and presently in the class. Of the 40 children, 6 cannot be reunified at this time

because their parents are in other federal, state, or local custody (e.g., state criminal detention). Defendants are working to appropriately discharge the remaining 34 of 40 children, and to identify any possible barriers to their discharge, meeting and conferring with Plaintiffs where appropriate for resolution. *See* Table 1: Reunification Update.

- <u>27 children</u> in ORR care who have parents presently departed from the United States, who have cleared Processes 1 through 3 of the court-approved reunification plan, and who are proceeding towards reunification with their parents in their home country. *See* Table 2: Reunification of Removed Class Members.
    - o Of these 27 children, 9 children have voluntary departure orders. The government is actively arranging travel to their home countries. Another 12 of the 27 children have immigration proceedings that have been dismissed or canceled by the government. The government is actively arranging travel to their home countries as well. *See id*.

- <u>69 children</u> in ORR care who have parents presently departed from the United States, and for whom the ACLU has not yet provided notice of parental intent regarding reunification (or declination of reunification). As described below, Defendants are supporting the efforts of the ACLU to

obtain statements of intent from those parents. Once Defendants receive the notices from the ACLU, Defendant will either reunify the children or move them into the TVPRA sponsorship process, consistent with the intent of the parent. For 18 of the 69 children, the ACLU has been in contact with their parents for more than 28 days without providing Defendants with notice of parental intent. *See* Table 2: Reunification of Removed Class Members.

The current reunification status for children ages 0 through 17 is further summarized in Table 1 below. The data in Table 1 reflects approximate numbers maintained by ORR at least as of September 24, 2018. These numbers are dynamic and continue to change as more reunifications or discharges occur.

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members originally identified | 103 | 2,551 | 2,654 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 87 | 2,209 | 2,296 |
| • Children discharged by being reunified with separated parent | 72 | 1,953 | 2,025 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 15 | 256 | 271 |

| **Children in ORR Care, Parent in Class** | | | |
|---|---|---|---|
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 3 | 133 | 136 |
| • Parent presently outside the U.S. | 2 | 94 | 96 |
| • Parent presently inside the U.S. | 1 | 39 | 40 |
|    o Parent in other federal, state, or local custody | 0 | 6 | 6 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 4 | 45 | 49 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 7 | 22 | 29 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 1 | 122 | 123 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 18 | 18 |

### B. Update on Removed Class Members: Defendants are working with Plaintiffs' counsel to implement parental intent

The current reunification status of removed class members is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least September 24, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 219 | Def's. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 219 | Def's. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 219 | Def's. |
| | Children with no contact issues identified by plaintiff or defendant | 219 | Def's. & Pl.'s |
| | Children with parent contact information provided to ACLU by Government | 219 | Def's. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 150 | Pl's. |
| | • Children whose parents waived reunification | 123 | Pl's. |
| | • Children whose parents chose reunification in country of origin | 27 | Pl's. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 69 | Pl's. |
| | • Children with voluntary departure orders awaiting execution | 2 | Def's. |
| | • Children with parental intent documented by ORR | 22 | Def's. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 18 | Pl's. |

| PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 27 | Pl's. |
|---|---|---|---|
| | • Children in ORR care with orders of voluntary departure | 9 | Def's. |
| | • Children in ORR care w/o orders of voluntary departure | 18 | Def's. |
| | o Children in ORR care whose immigration cases were dismissed or withdrawn | 12 | Def's. |

Defendants believe they have and are continuing to provide Plaintiffs with the majority of the information they seek with respect to children of departed (or removed) class members. In last week's status conference, the Court and Plaintiffs requested further information about how Defendants have reported information regarding departed class members and their children.

In short, Defendants have continually refined their reporting to provide more detailed information to the Court and Plaintiffs:

- Defendants' weekly reporting has generally focused on the <u>current weekly population</u> of children of departed class members <u>in ORR care</u>, as those are most relevant to the parties' shared reunification goal.

- On August 7, Defendants provided Plaintiffs with a list of 400 total children with departed parents who were then in ORR care — a total population which later increased to 414 children as additional cases meeting the relevant criteria were identified.

- Beginning August 23, Defendants continued reporting the current, weekly number of children in ORR care with departed parents in each Joint Status Report. The number changed weekly as children were discharged from care (or re-categorized based on determinations related to separation, parental fitness, or safety). Defendants also provided supporting data to Plaintiffs.

- On or around August 30, Defendants provided Plaintiffs with information about the *type* of discharge of each child to date. Defendants also began providing that data weekly for new discharges.

- On or around September 11, Defendants provided additional information about discharges to date (e.g., sponsor contact information). Defendants also began providing that data weekly for new discharges.

By providing the above, Defendants believe they have provided Plaintiffs with detailed information about the circumstances of each discharged child among the 414 total children with departed parents. Defendants will continue to do so for new discharges. The table below summarizes the information regarding children of departed parents that Defendants have reported to Plaintiffs since August 7:

**Table 3: Summary of Reporting on Reunification of Children with Departed Parents**

| Date Provided to Plaintiffs | Total Cumulative Cases | Number of Children In Care with Departed Parents | Discharged Separated Parent or Voluntary Departure | Discharged to Individual Sponsor | Discharge via Age Out or Age Redetermination | Out of Class (Not a Separation or Safety) | Parent no longer departed |
|---|---|---|---|---|---|---|---|
| August 7, 2018 | 400 | 400 | | | | | |
| August 10, 2018 | 412 | 398 | | | | | |
| August 24, 2018 | 413 | 343 | | | | | |
| August 30, 2018 | 413 | 322 | | | | | |
| September 6, 2018 | 414 | 304 | | | | | |
| September 13, 2018 | 414 | 279 | | | | | |
| September 20, 2018 | 414 | 254 | | | | | |
| September 27, 2018 | 414 | 219 | 90 | 70 | 7 | 24 | 4 |

Defendants understand that Plaintiffs want to track the status of children of removed parents, even following discharge, from the total group of 414 children. For example, Plaintiffs submitted late last night a list of 33 of the 414 children about whom they claim not to have received adequate information. Defendants believe

that much of the information Plaintiffs are seeking has already been provided as detailed above, and have explained that to Plaintiffs' counsel by email. Defendants hope that the chart and explanation above provide further clarity about the relationship between Defendants' reporting and that group of 414 children. Defendants remain willing and available to meet and confer regarding any questions Plaintiffs have.

### C. Locating Removed Parents

ORR is continuing to support the ACLU's efforts to obtain parental intent by brokering three-way calls with parents, the case manager, and the ACLU. As of September 24, Plaintiffs had identified a total of 45 cases that they asked be prioritized for three-way calls. Commander White instructed that ORR case managers begin to broker three-way calls with the phone number provided by Plaintiffs for those 45. So far, the parties agree that that process has resulted in at least 29 successful three-way calls connecting the parents and the ACLU, which are helping to facilitate confirmation of parental intent. Defendants will continue to broker more calls between children, parents and the ACLU. The parties are meeting and conferring about additional phone numbers for prioritization.

### D. Update Regarding Government's Implementation of Agreement

Defendants are continuing to work with Plaintiffs' counsel to finalize the documents necessary for approval and implementation of the agreement. Defendants

also are continuing to conduct the manual case reviews needed to finalize the lists for implementation of the agreement that were detailed in last week's joint status report.

### E. Criminal History Exclusions

The parties met and conferred multiple times regarding the issue of exclusions from the class based on criminal history. Based on the class certification order in this case, ECF No. 82, and the Court's recent order addressing two individual criminal exclusions, ECF No. 236, the government understands the Court to have concluded that it will not review the government's good faith exercises of discretion with regard to exclusions from the class based on criminal history.

Although these individuals are not class members, the government will continue to evaluate the possibility of reunification under ordinary processes. Although class counsel does not represent these individuals who are not class members, the government is continuing to meet and confer with class counsel to determine if there is an appropriate way for class counsel to bring cases to the government's attention that may merit further review or reconsideration.

### F. Information Sharing and Reporting on Removed Parents

As discussed above, the parties continue to meet and confer regarding the sharing of data. Defendants believe they are now providing Plaintiffs with the majority of the information they are seeking.

## II.   PLAINTIFFS' POSITIONS

### A. Steering Committee Progress

The Steering Committee has continued to make progress in contacting parents, confirming parent and child wishes with respect to reunifications, and relaying such wishes to the Government in the form of attorney declarations or reunification election forms signed by parents. As of Wednesday, September 26, the Committee delivered final preferences for 187[1] parents to the Government. The status of efforts based on the Government's September 21 list of 254 children in ORR custody with removed parents is as follows:

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee on 9/21/18 | 254 |
| • Parents for whom Committee has no phone number | 0 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 254 |
| Steering Committee spoke to parent (either by phone or in person) | 236 |
| • Parents successfully reached by phone | 227 |
| • Parents found through outreach by NGOs | 9 |
| • Parents called and not reached (and not reached through NGO efforts) | 18 |
|    o Phone number inoperable or ineffective | 0 |
|    o Contact efforts ongoing | 18 |

---

[1] This figure is based on the Government's September 21 report of 254 children remaining in ORR custody. As previously noted, the Steering Committee continues to report its progress with respect to the total 414 families that the Government has identified as including children in ORR care with removed parents. Progress with respect to this total population is contained at the end of this section.

| | |
|---|---|
| Parents reached by phone or NGO outreach | 236 |
| • Parent's preference with respect to reunification has been confirmed to match child's | 197 |
| • Preliminary indication of parent's wishes with respect to reunification | 17 |
| • Ongoing discussions with parent about reunification | 22 |
| Parent's final preference has been communicated to government | 187 |
| • Parent has elected reunification in Country of Origin | 55 |
| • Parent has elected to waive reunification in Country of Origin | 132 |

B. **Information-Sharing**

2. **Repatriation**

The parties continue to solve issues with lack of reliable notice of when repatriation will occur. Over the past week, the Steering Committee has identified several inaccuracies and concerns regarding the information being shared by the Government about the repatriation of children. Examples include:

- Insufficient notice to parents, many of whom live far from their home country's capital;
- Children repatriated but not appearing on lists shared by the Government.

The Steering Committee has raised these concerns with the Government and is actively coordinating with Commander White and the Government's counsel to reach resolution. The Committee understands that Commander White has put in place new protocols which should be taking effect shortly and the Committee is discussing steps to address additional concerns with the Government's counsel.

3. **Parents First Contacted 28 days ago**

In the September 20 status report, the Government began reporting the number of parents with whom the Steering Committee first made contact 28 days ago, and for whom the Government has not yet received the parent's reunification

preference. Of the 22 parents identified by the Government in that status report, the Steering Committee has submitted reunification preferences for six parents. In seven more cases, the Government no longer considers the parent as part of the 254 removed parents with children in ORR care. The Steering Committee e-mailed detailed information for the remaining nine cases to the Government on September 23, and also offered to further discuss the issue. The Committee has not received a response from the Government but continues to be willing to meet and explain such cases as removed parents reach life-changing decisions about their children.

### 4. Removals from Government Lists

The Steering Committee continues to meet and confer with the Government to clarify the bases for which children and parents have been removed from the lists of class members or children in ORR custody previously produced by the Government, as reflected in each week's Joint Status Report and, on Wednesday, September 26, asked the Government to provide more specific information with respect to 33 children and parents, for whom the Government has either provided no information as to why they have been removed from the operative list, or for whom the Government has provided only general information, such as an indication that the child was "discharged from ORR custody," without specifying whether the child has been repatriated or placed with a specific sponsor. The Steering Committee looks forward to receiving this additional information and to being able to continue to work collaboratively with the Government to ensure that the parents' and children's interests are properly addressed.

### 5. Inoperative/Ineffective/Lack of Phone Numbers

The Steering Committee continues to meet and confer with the Government regarding parents the Committee has not yet reached. The Committee has identified additional parents for whom the Steering Committee would like the Government to facilitate three-way calls.

**Steering Committee Progress on Total Reported Parents/Children (414)**

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee (8/7/28, 8/10/18, 8/24/18, 9/6/18, 9/14/18 and 9/21/18 lists) | 414 |
| • Parents for whom Committee has no phone number | 19 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 395 |
| Steering Committee spoke to parent (either by phone or in person) | 346 |
| • Parents successfully reached by phone | 329 |
| • Parents found through outreach by NGOs | 17 |
| • Parents called and not reached (and not reached through NGO efforts) | 49 |
| ○ Phone number inoperable or ineffective | 0 |
| ○ Contact efforts ongoing | 49 |

| | |
|---|---|
| Parents reached by phone or NGO outreach | 346 |
| • Parent's preference with respect to reunification has been confirmed to match child's | 269 |
| • Preliminary indication of parent's wishes with respect to reunification | 28 |
| • Ongoing discussions with parent about reunification | 49 |
| Parent's final preference has been communicated to | 246 |

| | |
|---|---|
| government | |
| • Parent has elected reunification in Country of Origin | 72 |
| • Parent has elected to waive reunification in Country of Origin | 174 |
| Resolved Cases | 68 |
| • Child reunited with parent in Country of Origin | 32 |
| • Child placed with sponsor in U.S. | 36 |

| | | |
|---|---|---|
| 1 | DATED: September 27, 2018 | Respectfully submitted, |
| 2 | | /s/ Lee Gelernt |
| 3 | | Lee Gelernt* |
| 4 | | Judy Rabinovitz* |
| | | Anand Balakrishnan* |
| 5 | | AMERICAN CIVIL LIBERTIES UNION |
| | | FOUNDATION |
| 6 | | 125 Broad St., 18th Floor |
| 7 | | New York, NY 10004 |
| | | T:  (212) 549-2660 |
| 8 | | F:  (212) 549-2654 |
| 9 | | *lgelernt@aclu.org* |
| | | *jrabinovitz@aclu.org* |
| 10 | | *abalakrishnan@aclu.org* |
| 11 | | |
| 12 | | Bardis Vakili (SBN 247783) |
| 13 | | ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| 14 | | P.O. Box 87131 |
| | | San Diego, CA 92138-7131 |
| 15 | | T: (619) 398-4485 |
| 16 | | F: (619) 232-0036 |
| | | *bvakili@aclusandiego.org* |
| 17 | | |
| 18 | | Stephen B. Kang (SBN 292280) |
| | | Spencer E. Amdur (SBN 320069) |
| 19 | | AMERICAN CIVIL LIBERTIES UNION |
| 20 | | FOUNDATION |
| | | 39 Drumm Street |
| 21 | | San Francisco, CA 94111 |
| 22 | | T:  (415) 343-1198 |
| | | F:  (415) 395-0950 |
| 23 | | *skang@aclu.org* |
| 24 | | *samdur@aclu.org* |
| 25 | | *Attorneys for Petitioners-Plaintiffs* |
| 26 | | *Admitted Pro Hac Vice* |
| 27 | | |
| 28 | | |

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*