1  Wilson G. Barmeyer (D.C. Bar No. 987107)*
2  EVERSHEDS SUTHERLAND (US) LLP
   700 Sixth Street NW, Suite 700
3  Washington, DC 20001
   (202) 383-0100
4  (202) 637-3593 (facsimile)
   wilsonbarmeyer@eversheds-sutherland.com
5  *Admitted Pro Hac Vice

6  Attorney for Dora Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., | Case No. 3:18-cv-1832-DMS |
| | Honorable Dana M. Sabraw |
| Plaintiffs, | |
| v. | |
| Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., | |
| Defendant. | |
| Ms. L, et al., | Case No. 3:18-cv-428-DMS |
| | Honorable Dana M. Sabraw |
| Plaintiff, | **PLAINTIFFS' NOTICE OF EMERGENCY MOTION AND MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT** |
| v. | |
| U.S. Immigration and Customs Enforcement, et al., | |
| Defendant. | |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, Plaintiffs in the above-caption cases will, and hereby do, seek relief from the Court through an emergency motion, to be heard and decided by the Court at the earliest time convenient for the Court.

Through this emergency motion, Plaintiffs seek to enforce the government's promises and commitments to this Court without waiting for final approval of the settlement agreement in this matter. The government now is reneging on those promises and commitments, and, in doing so, is causing severe prejudice to Plaintiffs that should be remedied immediately.

Given Defendants' prior representations on this issue, and the harm that further delay will cause to detained class members, Plaintiffs respectfully ask the Court to order the government to proceed with implementing the parties' settlement agreement and order any other relief the Court deems appropriate.

Plaintiffs' motion will be based upon this notice of motion and motion, the attached memorandum of points and authorities, and all the Court's files and records in this action.

| | | |
|---|---|---|
| 1 | October 10, 2018 | **EVERSHEDS SUTHERLAND (US) LLP** |
| 2 | | |
| 3 | | _/s/ Wilson G. Barmeyer_<br>Wilson G. Barmeyer* |
| 4 | | 700 Sixth Street NW, Suite 700<br>Washington, DC 20001 |
| 5 | | (202) 383-0100<br>(202) 637-3593 (facsimile) |
| 6 | | wilsonbarmeyer@eversheds-sutherland.com |
| 7 | | John H. Fleming** |
| 8 | | EVERSHEDS SUTHERLAND (US) LLP |
| 9 | | 999 Peachtree Street NE, Suite 2300<br>Atlanta, GA 30309 |
| 10 | | (404) 853-8000<br>(404) 853-8806 (facsimile) |
| 11 | | johnfleming@eversheds-sutherland.com |
| 12 | | Sirine Shebaya**<br>Johnathan Smith** |
| 13 | | MUSLIM ADVOCATES<br>P.O. Box 34440 |
| 14 | | Washington, D.C. 20043<br>(202) 897-2622 |
| 15 | | (202) 508-1007 (facsimile)<br>sirine@muslimadvocates.org |
| 16 | | johnathan@muslimadvocates.org |
| 17 | | Simon Y. Sandoval-Moshenberg**<br>Sophia Gregg** |
| 18 | | LEGAL AID JUSTICE CENTER<br>6066 Leesburg Pike, Suite 520 |
| 19 | | Falls Church, VA 22041<br>(703) 778-3450 |
| 20 | | (703) 778-3454 (facsimile)<br>simon@justice4all.org |
| 21 | | sophia@justice4all.org |
| 22 | | Aaron M. Olsen<br>Alreen Haeggquist |
| 23 | | Haeggquist and Eck LLP<br>225 Broadway, Ste 2050 |
| 24 | | San Diego, CA 92101<br>phone: 619.342.8000 |
| 25 | | fax: 619.342.7878<br>aarono@haelaw.com |
| 26 | | * Admitted _Pro Hac Vice_ |
| 27 | | ** _Pro hac vice_ admission applications pending or forthcoming |
| 28 | | _Class Counsel for Parent Class_ |

- 3 -

PLAINTIFFS' NOTICE OF EMERGENCY MOTION AND MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT

**HOGAN LOVELLS US LLP**

Michael Maddigan
(Cal. Bar No. 163450)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Justin W. Bernick*
Zachary W. Best*
T. Clark Weymouth*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
t.weymouth@hoganlovells.com
zachary.best@hoganlovells.com

Oliver J. Armas*
Ira M. Feinberg (Cal. Bar No. 064066)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

Katherine A. Nelson*
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

Haley K. Costello Essig*
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102-3302
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
haley.essig@hoganlovells.com

*Admitted *pro hac vice*

*Class Counsel for Child Class*

PLAINTIFFS' NOTICE OF EMERGENCY
MOTION AND MOTION TO REQUIRE
IMPLEMENTATION OF SETTLEMENT

Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
Daniel Galindo
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Class Counsel For Removed Parents*

PLAINTIFFS' NOTICE OF EMERGENCY MOTION AND MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT

# **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing NOTICE OF MOTION AND EMERGENCY MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT, with the Clerk of the Court through the ECF system on October 10, 2018. This system provided a copy to and effected service of this document on all parties.

Dated:   October 10, 2018              EVERSHEDS SUTHERLAND (US) LLP


                                       By:   /s/ Wilson G. Barmeyer
                                             Wilson G. Barmeyer
                                             Attorney for Dora Plaintiffs

| | |
|---|---|
| 1 | Wilson G. Barmeyer (D.C. Bar No. 987107)* |
| 2 | EVERSHEDS SUTHERLAND (US) LLP<br>700 Sixth Street NW, Suite 700 |
| 3 | Washington, DC 20001<br>(202) 383-0100 |
| 4 | (202) 637-3593 (facsimile)<br>wilsonbarmeyer@eversheds-sutherland.com |
| 5 | *Admitted Pro Hac Vice |
| 6 | Attorney for Dora Plaintiffs |
| 7 | |
| 8 | |
| 9 | **UNITED STATES DISTRICT COURT** |
| 10 | **SOUTHERN DISTRICT OF CALIFORNIA** |
| 11 | **SAN DIEGO DIVISION** |

| | | |
|---|---|---|
| 12 | M.M.M., on behalf of his minor child, | Case No. 3:18-cv-1832-DMS |
| 13 | J.M.A., et al., | Honorable Dana M. Sabraw |
| 14 | | |
| 15 | Plaintiffs, | |
| 16 | v. | |
| 17 | Jefferson Beauregard Sessions, III,<br>Attorney General of the United States, | |
| 18 | et al., | |
| 19 | Defendant. | |
| 20 | Ms. L, et al., | Case No. 3:18-cv-428-DMS |
| 21 | | Honorable Dana M. Sabraw |
| 22 | Plaintiff, | **MEMORANDUM OF POINTS** |
| 23 | v. | **AND AUTHORITIES IN**<br>**SUPPORT OF PLAINTIFFS'** |
| 24 | U.S. Immigration and Customs | **EMERGENCY MOTION TO**<br>**REQUIRE IMPLEMENTATION** |
| 25 | Enforcement, et al., | **OF SETTLEMENT AGREEMENT** |
| 26 | Defendant. | |
| 27 | | |

Plaintiffs file this emergency motion in light of a disturbing development on the heels of the Court's preliminary approval of the parties' settlement agreement. In short, the government indicated today that it intends to go back on its commitment – made to both Plaintiffs and this Court – to implement the settlement agreement prior to final approval for families who wish to avail themselves of the agreed-to procedures. Further delay is unacceptable for families that have already been in detention for months and are eager to go through procedures the government agreed to in the settlement.

During a status conference on September 14, 2018, in response to pointed questions from the Court, counsel for Defendants represented that the government would "get moving" and begin implementing the agreement without waiting for final approval:

> **THE COURT:** Okay. And then what about the idea of starting now. It seems to me that the vast majority of *Ms. L.* class members and *MMM* class members, once the class is certified, are going to be onboard and ready to proceed. *Is it possible to start right away?*
> The idea of class certification and final approval of the settlement and a notice and opportunity to object really, I think, will apply to a very small handful of potential class members, if any. *And it seems to me that the process could get underway sooner rather than later, and not have to wait for final approval. What would the government's view be?*
> **MR. STEWART:** Your honor, our tentative view would be that *I think that that is appropriate and we could get moving on this.*
> I would just say if I do come – if it does come to my attention, you know, an impediment or sort of a reason otherwise, may we bring that to the court's attention if we realize it?
> But my hope is with most – you know, as with other plans we have approved it consistent with our desire to move things expeditiously but orderly, *we would want to just get moving. If it is a good plan, we should get moving.*

Ex. 74 at 9-10 (emphasis added). The Court then stated that "the parties ought to get moving," and that "to the extent you can identify plaintiffs – children and parents – who want to get started with the various proceedings under 235 or 240, *that we ought to start that right away . . . and then get the process going.*" *Id.* at 10 (emphasis added). The Court also indicated that it wanted the parties to "give a

status as to the various proceedings under 235, 240, whatever they might be under the proposed settlement, so that the Court and the public can keep track of the parties' efforts and progress with respect to these asylum claims." *Id.* at 11; *see also id.* at 14 (Court inquiring about timeline of implementation based on assumption that "[w]e get started right now" and "235, 240 hearings and all of the things that are contemplated in the proposed settlement are moving efficiently and from the earliest possible date"). Thus, the Court (and Plaintiffs) clearly believed that class members would be able to pursue the processes described in the agreement before any final approval order.

The government never brought any concerns about this commitment to the Court's attention. In fact, it *reiterated* its commitment in an e-mail to Plaintiffs on September 20, 2018. That e-mail stated that "[t]he government is undertaking to implement the parties' agreement in accordance with the court's tentative approval at the last status conference." Ex. 75. Defendants' counsel also stated: "As the government identifies individuals to be processed under the different provisions of the agreement, and starts to move those processes forward, it is important that we know ASAP . . . which parents and children wish to pursue the processes set forth in the agreement, so that there is likewise no unneeded delay in enabling those class members to move forward." *Id.* Plaintiffs have relied upon this representation over the last several weeks, as described in more detail below.

Now, the government has done an about-face. By e-mail today, Defendants' counsel stated that the government will *not* move forward with implementing the settlement other than to accept class members' executed notice and waiver forms. Defendants' counsel refused to confirm that it would comply with the schedule in Paragraph 1(g) of the agreement and move forward with the interviews contemplated in the settlement. Thus, the government is not moving forward with interviews for any class members, including the more than 60 detained parents and children Plaintiffs have identified so far as wanting to stay in the United States and

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION

invoke the settlement procedures. All of these parents have signed the court-approved notice and waiver form, and their names and executed forms have been provided to the government. Per the Court's instruction, the parties should "get the process going" for these families by providing the agreed-to interviews and reporting on the results.

There is no reason for delay at this point, and every reason to move forward expeditiously. The Court issued a temporary restraining order *M.M.M.* because it found that Plaintiffs were likely to succeed on their claim that they have a right to certain asylum procedures prior to removal – procedures which the government agreed to in the settlement. The Court has described the settlement agreement as "excellent" and granted preliminary approval without reservation just yesterday. As described above, the Court has also emphasized that parents and children should receive the procedures outlined in the agreement prior to final approval. Most importantly, these families should have received due process when they first crossed the border together *months* ago. Instead, they suffered intense trauma due to the government's illegal separation policy, and they are now suffering through months of prolonged, unnecessary detention. Delay will only further the harm the government has already inflicted on these families. Their asylum claims should be heard according to the agreed-to procedures now, not six or more weeks from now.

The government stated today that implementing the settlement prior to final approval will cause it to incur the burdens of the settlement without any of the benefits. Not so. Any class member who elects to receive the procedures described in the agreement will be bound by the terms of the agreement – including the release. Moreover, every day that the government delays implementation of the agreement is a day that parents and children decide enough is enough, and choose to accept removal rather than wait in detention for their asylum claims to be heard. Indeed, just last week Plaintiffs notified the government that over 40 detained families decided to accept removal – instead of receive due process – because they

simply could not wait in detention any longer. While that kind of result may be optimal from the government's perspective, it defeats the purpose of this case, the parties' settlement, and this Court's order granting a temporary restraining order. It is completely at odds with this Court's desire for a solution that swiftly resolves Plaintiffs' claims.

The government's reversal is made worse by the fact that it prejudices Plaintiffs, who relied on it in multiple ways over the least several weeks. For example, Plaintiffs patiently tolerated the government's unnecessary delay of the preliminary approval process. Plaintiffs first sent the government draft preliminary approval papers less than a week after the September 14 status conference, on September 19. The government then insisted on multiple rounds of minor line edits to those papers, including a number of edits in the second and third rounds that it could have made in the rounds prior. Due to this delay, Plaintiffs could not file the motion for preliminary approval until October 5 (over two weeks after Plaintiffs sent the first draft to the government), and had to push back the proposed date of the fairness hearing to November 15. The only reason Plaintiffs tolerated this delay is because of the government's representation that it would implement the settlement agreement prior to final approval. Plaintiffs also would have proposed a more aggressive notice plan and schedule for final approval had the government not committed to begin implementation immediately. Finally, the families who already signed the notice and waiver form did so based on the reasonable belief that their interviews would proceed expeditiously – not several weeks from now.

Given Defendants' prior representations on this issue, the Court's express desire move this process along with alacrity, and the harm that further delay will cause to detained class members, Plaintiffs respectfully ask the Court to order the government to proceed with implementing the parties' settlement agreement and order any other relief the Court deems appropriate.

| | | |
|---|---|---|
| 1 | October 10, 2018 | **EVERSHEDS SUTHERLAND (US) LLP** |
| 2 | | |
| 3 | | */s/ Wilson G. Barmeyer*<br>Wilson G. Barmeyer\* |
| 4 | | 700 Sixth Street NW, Suite 700<br>Washington, DC 20001 |
| 5 | | (202) 383-0100<br>(202) 637-3593 (facsimile) |
| 6 | | wilsonbarmeyer@eversheds-sutherland.com |
| 7 | | John H. Fleming\*\* |
| 8 | | EVERSHEDS SUTHERLAND (US) LLP |
| 9 | | 999 Peachtree Street NE, Suite 2300<br>Atlanta, GA 30309 |
| 10 | | (404) 853-8000<br>(404) 853-8806 (facsimile) |
| 11 | | johnfleming@eversheds-sutherland.com |
| 12 | | Sirine Shebaya\*\*<br>Johnathan Smith\*\* |
| 13 | | MUSLIM ADVOCATES<br>P.O. Box 34440 |
| 14 | | Washington, D.C. 20043<br>(202) 897-2622 |
| 15 | | (202) 508-1007 (facsimile)<br>sirine@muslimadvocates.org |
| 16 | | johnathan@muslimadvocates.org |
| 17 | | Simon Y. Sandoval-Moshenberg\*\*<br>Sophia Gregg\*\* |
| 18 | | LEGAL AID JUSTICE CENTER<br>6066 Leesburg Pike, Suite 520 |
| 19 | | Falls Church, VA 22041<br>(703) 778-3450 |
| 20 | | (703) 778-3454 (facsimile)<br>simon@justice4all.org |
| 21 | | sophia@justice4all.org |
| 22 | | Aaron M. Olsen<br>Alreen Haeggquist |
| 23 | | Haeggquist and Eck LLP<br>225 Broadway, Ste 2050 |
| 24 | | San Diego, CA 92101<br>phone: 619.342.8000 |
| 25 | | fax: 619.342.7878<br>aarono@haelaw.com |
| 26 | | \*   Admitted *Pro Hac Vice* |
| 27 | | \*\* *Pro hac vice* admission applications pending or forthcoming |
| 28 | | *Class Counsel for Parent Class* |

| | |
|---|---|
| 1 | |
| 2 | **HOGAN LOVELLS US LLP** |
| 3 | Michael Maddigan<br>(Cal. Bar No. 163450)<br>1999 Avenue of the Stars, Suite 1400 |
| 4 | Los Angeles, CA 90067<br>Telephone: (310) 785-4727 |
| 5 | Facsimile: (310) 785-4601<br>michael.maddigan@hoganlovells.com |
| 6 | |
| 7 | Justin W. Bernick*<br>Zachary W. Best* |
| 8 | T. Clark Weymouth*<br>555 Thirteenth Street, NW |
| 9 | Washington, DC 20004<br>Telephone: (202) 637-5600 |
| 10 | Facsimile: (202) 637-5910<br>justin.bernick@hoganlovells.com |
| 11 | t.weymouth@hoganlovells.com<br>zachary.best@hoganlovells.com |
| 12 | Oliver J. Armas* |
| 13 | Ira M. Feinberg (Cal. Bar No. 064066)<br>875 Third Avenue |
| 14 | New York, NY 10022<br>Telephone: (212) 918-3000 |
| 15 | Facsimile: (212) 918-3100<br>oliver.armas@hoganlovells.com |
| 16 | ira.feinberg@hoganlovells.com |
| 17 | Katherine A. Nelson*<br>1601 Wewatta Street, Suite 900 |
| 18 | Denver, CO 80202<br>Telephone: (303) 899-7300 |
| 19 | Facsimile: (303) 899-7333<br>katherine.nelson@hoganlovells.com |
| 20 | Haley K. Costello Essig* |
| 21 | Park Place II, Ninth Floor<br>7930 Jones Branch Drive |
| 22 | McLean, VA 22102-3302<br>Telephone: (703) 610-6100 |
| 23 | Facsimile: (703) 610-6200<br>haley.essig@hoganlovells.com |
| 24 | *Admitted *pro hac vice* |
| 25 | *Class Counsel for Child Class* |
| 26 | |
| 27 | |
| 28 | |

- 7 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION

Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
Daniel Galindo
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Class Counsel For Removed Parents*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT, with the Clerk of the Court through the ECF system on October 10, 2018.  This system provided a copy to and effected service of this document on all parties.

Dated:     October 10, 2018                EVERSHEDS SUTHERLAND (US) LLP


                                           By:   /s/ Wilson G. Barmeyer
                                                 Wilson G. Barmeyer
                                                 Attorney for Dora Plaintiffs

*M.M.M., on behalf of his minor child, J.M.A., et al. v. Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.*
*and*
*Ms. L, et al., v. U.S. Immigration and Customs Enforcement, et al.*

**EXHIBITS TO PLAINTIFFS' EMERGENCY MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT**

**TABLE OF CONTENTS**

| Exhibit | Document | Pages |
|---|---|---|
| 74 | Transcript of September 14, 2018 Status Conference in *Ms. L v. ICE* | 11-25 |
| 75 | September 20, 2018 E-mail from S. Stewart to J. Bernick | 26-27 |

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION

1
2
3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendants. | Case No.  3:18-cv-1832-DMS <br><br> Honorable Dana M. Sabraw |
| Ms. L, et al., <br><br> Plaintiff, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendant. | Case No.  3:18-cv-428-DMS <br><br> Honorable Dana M. Sabraw <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT** |

1  Upon consideration of Plaintiffs' Emergency Motion to Require
2  Implementation of Settlement Agreement, it is hereby ORDERED that Defendants
3  implement the terms of the parties' settlement agreement immediately, prior to final
4  approval, for class members who execute the notice and waiver form approved by
5  the Court.

7  **IT IS SO ORDERED**.

9  DATED:_____

    _____
    The Hon. Judge Dana Sabraw