# Exhibit B

## U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

**Policy Number 11064.2:**        **Detention and Removal of Alien Parents or Legal Guardians**

**Issue Date:**          **August 29, 2017**
**Effective Date:**      **August 29, 2017**
**Superseded:**          ICE Policy 11064.1: Facilitating Parental Interests in the Course of Civil Immigration Enforcement Activities (Aug. 23, 2013) and ICE Policy 11031.1: Juveniles Encountered During Fugitive Operations (Aug. 24, 2007).
**Federal Enterprise Architecture Number:** 306-112-002b

1. **Purpose/Background.** This Directive provides guidance regarding the detention and removal of alien parents and legal guardians of a minor child(ren), to include those who have a direct interest in family court or child welfare proceedings in the United States. It is intended to complement the detention standards and policies that govern the intake, detention, and removal of alien parents or legal guardians.

2. **Policy.** U.S. Immigration and Customs Enforcement (ICE) personnel are responsible for the prompt and faithful execution of U.S. immigration laws. In pursuing the enforcement of these laws against alien parents and legal guardians of a minor child(ren), or who have a direct interest in family court or child welfare proceedings involving a minor child(ren) in the United States, ICE personnel should remain cognizant of the impact enforcement actions may have on a lawful permanent resident (LPR) or U.S. citizen (USC) minor child(ren). This Directive in no way limits the ability of ICE personnel to make individual enforcement decisions on a case-by-case basis. The security and safety of any ICE employee, detainee, ICE detention staff, or member of the public will be paramount in the exercise of the procedures and requirements of this Directive.

3. **Definitions.** The following definitions apply for the purposes of this Directive only.

3.1. **Family Court or Child Welfare Proceeding.** A proceeding in which a family or dependency court or child welfare agency adjudicates or enforces the rights of parents or minor child(ren) through determination or modification of parenting plans, child custody, visitation, or support, or the distribution of property or other legal obligations in the context of parental rights.

4. **Responsibilities.**

4.1. The **Enforcement and Removal Operations (ERO) Executive Associate Director** is responsible for:

   1) Ensuring ERO employees comply with this Directive; and

---

Guidance on the Detention and Removal of Alien Parents or Legal Guardians

2) Designating a Child Welfare Coordinator.

**4.2.** **Field Office Directors (FOD)** are responsible for designating a coordinator at the supervisory level in his or her Field Office to serve as the Field Point of Contact (POC) for the provisions listed in this Directive for his/her area of responsibility (AOR).

**4.3.** The **Child Welfare Coordinator** is responsible for:

1) Serving as the primary point of contact and subject matter expert for all ICE personnel regarding child welfare issues related to detained aliens;

2) With the assistance of ERO divisions responsible for data collection and analysis, evaluating, on an ongoing basis, information collected from ENFORCE, the Risk Classification Assessment, and other relevant ICE information technology systems regarding detained alien parents or legal guardians and sharing appropriate information with FODs and Field POCs on an ongoing basis; and

3) Providing guidance to FODs and Field POCs on:

   a) Appropriate initial placement and transfer decisions for detained alien parents or legal guardians;

   b) Appropriate provisions for escorted trips to family court or child welfare proceedings for detained alien parents or legal guardians;

   c) Appropriate visitation within ICE facilities; and

   d) Appropriate efforts, to the extent practicable, to allow a detained alien parent or legal guardian to make arrangements for their minor child(ren), including through increased access to counsel, consular officials, family and dependency courts, child welfare authorities' personnel, and/or family members or friends in order to arrange guardianship, or to obtain travel documents or otherwise make necessary travel arrangements, for his or her minor child(ren).

4) Coordinating as necessary with relevant ERO program offices, FODs, state or local family court or child welfare authority personnel, consular officials, and others to facilitate the timely response to issues or complaints received by ICE regarding the child welfare issues of detained aliens.

**4.4.** The **ERO Field POCs** are responsible for:

1) Addressing public inquiries related to the family ties of detained alien parents or legal guardians of a minor child(ren); and

2) Communicating with the Child Welfare Coordinator and completing all relevant training.

---

Guidance on the Detention and Removal of Alien Parents or Legal Guardians

2

5.   **Procedures/Requirements.**

5.1.   **Minor Child(ren) Encountered During Enforcement Actions.**

   1)   ICE personnel should not take custody of or transport a minor child(ren) they encounter during an enforcement action who is either a USC or LPR, or who is otherwise not removable from the United States.

   2)   Absent indications of child abuse or neglect, ICE personnel should accommodate, to the extent practicable, an alien parent or legal guardian's efforts to make alternative care arrangements for his or her minor child(ren).  ICE personnel should document the alien parent or legal guardian's request for transfer of custody of a USC or LPR minor child(ren) to a verifiable third party.

   3)   If the alien parent or legal guardian cannot make an alternative care arrangement for the minor child(ren), or if there is an indication that the minor child(ren) has been subject to abuse or neglect by a parent or other adult who may be asked to take custody of the minor child(ren), ICE personnel should contact the local child welfare authority or law enforcement agency to take custody of the minor child(ren).

   4)   Once a detained alien has been determined to be a parent or legal guardian of a USC or LPR minor child(ren), ICE personnel should enter this information in ENFORCE Alien Removal Module (EARM), or its successor system.

5.2.   **Initial Detention Placement and Subsequent Transfers of Detained Alien Parents or Legal Guardians.**

   1)   If the alien's minor child(ren) or family court or child welfare proceedings are within the AOR of initial apprehension, the FOD must refrain from making an initial placement or from subsequently transferring the alien outside of the AOR of apprehension, unless deemed operationally necessary and otherwise consistent with applicable ICE policies.

5.3.   **Participation in Family Court or Child Welfare Proceedings by Detained Alien Parents or Legal Guardians.**

   1)   Where practicable, the FOD must arrange for a detained alien parent or legal guardian's in-person appearance at a family court or child welfare proceeding when the detained alien parent or legal guardian's presence is required in order for him or her to maintain or regain custody of his or her minor child(ren) and:

     a)   The detained alien parent or legal guardian, or his or her attorney or other representative, timely requests with reasonable notice an opportunity to participate in such hearings;

---

b) The detained alien parent or legal guardian, or his or her attorney or other representative, has produced evidence of a family court or child welfare proceeding, including but not limited to, a notice of hearing, scheduling letter, court order, or other such documentation;

c) The family court or child welfare proceedings are located within a reasonable driving distance of the detention facility where the detained alien parent or legal guardian is housed;

d) Transportation and escort of the detained alien parent or legal guardian would not be unduly burdensome on Field Office operations; and

e) Such transportation and/or escort of the detained alien parent or legal guardian to participate in family court or child welfare proceedings does not present security and/or public safety concerns.

2) If it is impracticable to transport the detained alien parent or legal guardian to appear in-person in a family court or child welfare proceeding, the FOD should accommodate the detained alien parent or legal guardian's appearance or participation through video or standard teleconferencing from the detention facility or the Field Office to the extent that it is technologically feasible and approved by the family court or child welfare authority. The detained alien parent shall have the responsibility for obtaining approval from the family court or child welfare agency.

3) All actions taken pertaining to a detainee's participation in family court or child welfare proceedings should be documented in EARM, or its successor system.

4) In all cases, if the detained alien parent or legal guardian does not wish to attend and/or participate in a family court or child welfare proceeding, ICE will not interfere with the detained alien parent or legal guardian's decision, which shall be documented in the detainee's Alien-File (A-File).

## 5.4. Visitation.

1) In the event an alien parent or legal guardian is detained, ICE will facilitate a means of regular visitation between the parent and minor child(ren).

2) Pursuant to ICE detention standards, at facilities where there is no provision for visits by minors, upon request, FODs must arrange for a visit by minor child(ren), step-child(ren), child(ren) under legal guardianship, and/or foster child(ren) within the first 30 days. After that time, upon request, ICE must consider a request for transfer, when practicable, to a facility that will allow such visitation. Upon request, FODs must continue monthly visits, if transfer is not approved, or until an approved transfer can be effected.[1]

---

[1] *See* National Detention Standards 2000 (Section H.2.d); Performance-Based National Detention Standards

3) In some cases, parent-child visitation may be required by the family court or child welfare authority in order for a detained alien parent or legal guardian to maintain or regain custody of his or her minor child(ren). If a detained alien parent or legal guardian, or his or her family member, attorney, or other representative produces documentation (e.g., a reunification plan, scheduling letter, court order, or other such documentation) of such a requirement, FODs must facilitate, to the extent practicable, the required visitation between the detained alien parent or legal guardian and his or her minor child(ren).

a) Such special visitation may include contact visitation, within the constraints of safety and security for both facility staff and detainees.

b) These special arrangements must not limit or otherwise adversely affect the detained alien parent or legal guardian's normal visitation rights under the relevant detention standards, or the safe and efficient operation of the detention facility.

4) If in-person visitation is not practicable, FODs may permit parent-child visitation through video or standard teleconferencing from the detention facility or the Field Office to the extent it is technologically feasible and approved by the family court or child welfare authority when visitation is court-ordered.

5) All actions documenting parent-child visitation should be recorded in EARM or its successor system. Copies of visitation orders will be placed in the A-File.

**5.5.    Coordinating Care or Travel of Minor Child(ren) Pending Removal of a Parent or Legal Guardian.**

1) Where detained alien parents or legal guardians who maintain their parental rights are subject to a final order of removal and ICE is effectuating their removal, FODs or their appropriate designees should accommodate, to the extent practicable, the detained parent or legal guardian's individual efforts to make arrangements for their minor child(ren). Such provisions may include the parent or legal guardian's attempt to arrange guardianship for his or her minor child(ren) to remain in the United States, or to obtain travel documents for the minor child(ren) to accompany them to their country of removal.

2) FODs must coordinate, to the extent practicable, within their local detention facilities and within the Field Office to afford detained alien parents or legal guardians access to counsel, consulates and consular officials, courts and/or family members in the weeks preceding removal in order to execute signed documents (e.g., powers of attorney, passport applications, appointments of guardians, or other permissions), purchase airline tickets, and make other necessary preparations prior to removal.

---

2008 (Section H.2.d); Performance-Based National Detention Standards 2011 (Section 1.2.b).

---

3) In addition, the FOD may, subject to security considerations, provide sufficient notice of the removal itinerary to the detainee or through the detained alien's attorney or other representative so that coordinated travel arrangements may be made for the alien's minor child(ren).

**6.     Recordkeeping.**

**6.1.**   Court documentation, visitation orders, and family law case files will be maintained as part of the A-File. A-Files will be retained permanently and transferred to the National Archives after 100 years in accordance with the U.S. Citizenship and Immigration Services A-File records schedule (N1-566-08-011).

**6.2.**   Information related to minor child(ren) encountered during enforcement actions and family court or child welfare proceedings will be stored in the Enforcement Integrated Database and retained for 75 years in accordance with DHS records schedule Biometric with Limited Biographical Data (DAA-0563-2013-001) item 6, Law Enforcement.

**7.     Authorities/References.**

**7.1.**   Executive Order 13,768, "Enhancing Public Safety in the Interior of the United States," 82 Fed. Reg. 8799 (Jan. 30, 2017).

**7.2.**   Memorandum from DHS Secretary John Kelly, "Enforcement of the Immigration Laws to Serve the National Interest" (Feb. 20, 2017).

**7.3.**   2011 Performance-Based National Detention Standards.

**7.4.**   2008 Performance-Based National Detention Standards.

**7.5.**   2000 National Detention Standards.

**8.     Attachments.**  None.

**9.     No Private Right Statement.**  This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice.  It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.  Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.


Thomas D. Homan
Acting Director
U.S. Immigration and Customs Enforcement