JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report on October 25, 2018. The parties submit this joint status report in accordance with the Court's instruction.

## I. DEFENDANTS' POSITIONS

### A. ORR is Re-Categorizing 14 Children Presently in ORR Care

Over the course of the past several months, Defendants have reported to the Court groups of numbers that reflect the status of Defendants' reunification efforts. As the Court is aware, Defendants have been careful to reevaluate and refine the numbers that they are reporting, in light of new information that they receive and in light of the Court's guidance on implementing the preliminary injunction. In harmony with that approach, ORR recently completed another review of case-management records to ensure that its categorizations of certain children in ORR

care remain accurate (ORR regularly amasses new case management information in the ordinary course of program operations).

ORR has now determined that 14 children should be re-categorized as possible children of potential class members. *See* Table 1: Reunification Update. In addition, Defendants determined that the parents of 7 of the 14 re-categorized children have criminal histories, which disqualify them from membership in the class. Thus, the parents of 7 of the 14 re-categorized children are class members who are eligible for reunification.

As reflected in Table 1 below, these re-categorizations increase the number of possible children of potential class members from 2,654 to 2,668. They also increase the number of children in ORR care with parents with a final "red flag" determination for dangerousness or lack of fitness from 26 to 33. Defendants remain on track to complete all reunifications consistent with the expectations which the Court stated during the last status conference.

Defendants intend to meet and confer with Plaintiffs about the 7 children whose parents are class members eligible for reunification. In addition, Defendants can provide further information about these children to address any questions that the Court has about them. Defendants will further adjust their categorizations of children to the extent it becomes appropriate.

**B. Update on Reunifications**

Defendants have appropriately discharged an additional 41 children since the last Joint Status Report, for a total of 2,404 children.

Looking ahead, there are 47 children proceeding towards reunification or another appropriate discharge.[1] Specifically, there are:

- 14 children in ORR care with a parent who is in the United States and presently in class. Of the 14 children, 1 cannot be reunified at this time because their parent is in other federal, state, or local custody (e.g., state criminal detention). Two are under review for red flags for safety and wellbeing. Defendants are working to appropriately discharge the remaining 11 of 14 children, and to identify any possible barriers to their discharge, meeting and conferring with Plaintiffs where appropriate for resolution. *See* Table 1: Reunification Update.

- 10 children in ORR care who have parents presently departed from the United States, who have cleared Processes 1 through 3 of the Court approved reunification plan, and who are proceeding towards reunification with their parents in their home country. *See* Table 2: Reunification of Removed Class Members.

[1] The numbers in this Section B and Table 1 include the 14 re-categorized children referenced above in Section A.

- Of these 10 children, 2 have voluntary departure orders. The government is actively arranging travel to their home countries. Another 5 of the 10 children have immigration proceedings that have been dismissed or canceled by the government. The government is actively arranging travel to their home countries as well. *See* Table 2: Reunification of Removed Class Members.

- 17 children in ORR care who have parents presently departed from the United States, and for whom the ACLU has not yet provided notice of parental intent regarding reunification (or declination of reunification). Defendants are supporting the efforts of the ACLU to obtain statements of intent from those parents. Once Defendants receive the notices from the ACLU, Defendants will either reunify the children or move them into the TVPRA sponsorship process, consistent with the intent of the parent. For 6 of the 17 children, the ACLU has been in contact with their parents for more than 28 days without providing Defendants with notice of parental intent. *See* Table 2: Reunification of Removed Class Members.

The current reunification status for children ages 0 through 17 is further summarized in Table 1 below. The data in Table 1 reflects approximate numbers maintained by ORR at least as of October 23, 2018. These numbers are dynamic and continue to change as more reunifications or discharges occur.

**Table 1: Reunification Update**

| **Description** | **Phase 1 (Under 5)** | **Phase 2 (5 and above)** | **Total** |
|---|---|---|---|
| Total number of possible children of potential class members | 103 | 2,565 | 2,668 |
| • Children originally identified | 103 | 2,551 | 2,654 |
| • Children re-categorized | 0 | 14 | 14 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 92 | 2,312 | 2,404 |
| • Children discharged by being reunified with separated parent | 78 | 2,026 | 2,104 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 14 | 286 | 300 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification or is not available for discharge at this time: | 0 | 47 | 47 |
| • Parent presently outside the U.S. | 0 | 33 | 33 |
| • Parent presently inside the U.S. | 0 | 14 | 14 |
| o Parent in other federal, state, or local custody | 0 | 1 | 1 |
| o Parent red flag case review ongoing – safety and well being | 0 | 2 | 2 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 4 | 39 | 43 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 6 | 27 | 33 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 1 | 117 | 118 |

| | | | |
|---|---|---|---|
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 22 | 22 |

**C. Update on Removed Class Members**

The current reunification status of removed class members is set forth in Table 2 below.[2] The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least October 23, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| **REUNIFICATION PROCESS** | **REPORTING METRIC** | **NO.** | **REPORTING PARTY** |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 145 | Def's. |
| | | | |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 145 | Def's. |
| | | | |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 145 | Def's. |
| | Children with no contact issues identified by plaintiff or defendant | 145 | Def's. & Pl.'s |
| | Children with parent contact information provided to ACLU by Government | 145 | Def's. |
| | | | |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 128 | Pl's. |
| | • Children whose parents waived reunification | 118 | Pl's. |

[2] The numbers in Section C and Table 2 do not include the re-categorized children referenced in Section A.

| | | | |
|---|---|---|---|
| | • Children whose parents chose reunification in country of origin | 10 | Pl's. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 17 | Pl's. |
| | • Children with voluntary departure orders awaiting execution | 3 | Def's. |
| | • Children with parental intent to waive reunification documented by ORR | 8 | Def's. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 6 | Pl's. |
| | | | |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 10 | Pl's. |
| | • Children in ORR care with orders of voluntary departure | 2 | Def's. |
| | • Children in ORR care w/o orders of voluntary departure | 8 | Def's. |
| | • Children in ORR care whose immigration cases were dismissed | 5 | Def's. |

**D. Update Regarding Government's Implementation of Agreement**[3]

- Orientation notices given: 30 (Orientations have been conducted by family unit. There have been a total of 30 family unit orientation notices covering 63 class members.)
- Number of class members who received orientation: 57 (The remaining 3 family units (6 class members) were scheduled for orientation today.)
- Number of parents who received interviews: 16 (4 more were scheduled for today)
- CFI/RFI decisions issued by USCIS for parents: 13
- Number of children who received CFIs: 17 (8 more were scheduled for today)
- CFI decisions issued by USCIS for children: 14

**E. Update Regarding Travel Arrangements**

Defendants continue to coordinate with the ACLU steering committee regarding travel information for children being reunified with their parents abroad. ICE and HHS are coordinating with DOJ to provide the steering committee with the most up to date information available in a timely manner. Defendants will continue to work to provide timely travel information and invite Plaintiffs' counsel to confer with them about any concerns.

**F. Information Sharing and Reporting on Removed Parents**

The parties continue to work collaboratively on the sharing of data and information requested by Plaintiffs. Defendants are currently working on responding to Plaintiffs' most recent requests for information.

[3] All numbers in this section are accurate as of COB October 24, 2018.

## II. *MS. L.* PLAINTIFFS' POSITION

### A. Steering Committee Progress

The Steering Committee has continued to make progress in contacting parents, confirming parent and child wishes with respect to reunifications, and relaying such wishes to the Government in the form of attorney declarations or reunification election forms signed by parents. As of Wednesday, October 24, the Committee delivered final preferences for 138[4] parents to the Government.

The status of efforts based on the Government's October 20 list of 156 children in ORR custody with removed parents is as follows:

| | |
|---|---|
| Removed parents identified by the Government to Steering Committee on 10/20/18 | 156 |
| • Parents for whom Committee has no phone number | 0 |
| Steering Committee called phone number for parent (using Government-provided number or number otherwise obtained by Steering Committee) | 156 |
| Steering Committee spoke to parent (either by phone or in person) | 151 |

[4] This figure is based on the Government's October 20 report of 156 children remaining in ORR custody. As discussed at the October 16 status conference, Plaintiffs are reporting only the set of numbers based on the Government's most recent list of children in ORR custody with removed parents. In prior reports, Plaintiffs also reported statistics based on the Government's original lists of 414 children in ORR care with removed parents. Plaintiffs reserve the right to request information at a later date from the Government regarding why some children and their parents were removed from that larger figure.

| | |
|---|---|
| • Parents successfully reached by phone | 145 |
| • Parents found through outreach by NGOs | 6 |
| • Parents called and not reached (and not reached through NGO efforts) | 5 |
| o Phone number conclusively determined to be inoperable or ineffective | 0 |
| o Contact efforts ongoing (see below, B(2)) | 5 |
| Parents reached by phone or NGO outreach | 151 |
| • Parent's preference with respect to reunification has been confirmed to match child's | 143 |
| • Preliminary indication of parent's wishes with respect to reunification | 5 |
| • Ongoing discussions with parent about reunification | 3 |
| Parent's final preference has been communicated to government | 138 |
| • Parent has elected reunification in Country of Origin | 20 |
| • Parent has elected to waive reunification in Country of Origin | 118 |

**B. <u>Information-Sharing</u>**

**2. Coordinating Repatriations**

The Steering Committee understands that the Government intends to implement new protocols to advise Plaintiffs of the timing of repatriations. Although the Government has more consistently advised the Steering Committee

of imminent reunifications, there remain instances in which the Steering Committee is being made aware of repatriations with very little time to prepare the families for the arrival of their children. The Committee continues to raise concerns about timely information for repatriations with the Government's counsel as they arise.

**3. Parents Not Reached**

The Steering Committee continues to meet and confer with the Government regarding parents the Committee has not yet reached. That number remains five since the October 15 status report. The five parents are on the list of requested three-way calls through ORR.

**4. Parents First Contacted 28 days ago**

Beginning with the September 20 status report, the Government has been reporting the number of parents with whom the Steering Committee first made contact 28 days ago, and for whom the Government has not yet received the parent's reunification preference. Of the 12 parents identified by the Government in the October 15 Joint Status Report, the Steering Committee has submitted reunification preferences for one parent. The Steering Committee continues to work with the Government as described below to re-establish contact with several parents in this group, and continues to be willing to meet and explain the remaining outstanding cases as we work with removed parents to reach life-changing decisions about their children.

**5. Removals from Government Lists**

The Steering Committee continues to meet and confer with the Government to clarify the bases for which children and parents have been removed from the lists of class members or children in ORR custody previously produced by the Government, as reflected in each week's Joint Status Report. The Steering

Committee has received additional information from the Government as to the bases for such removals, and is in the process of reviewing this information to ensure that the parents' and children's interests are properly addressed.

## III. *MMM* Plaintiffs' Position

**Status of Settlement Implementation**

As of this filing, Plaintiffs' counsel have sent a total of 258 executed election forms to the government. Of that total, 73 forms were executed by mothers and children currently detained at the family detention center in Dilley, Texas. All 73 individuals chose to invoke the procedures set forth in the settlement agreement and seek relief from removal. Another 180 forms were executed by fathers and children currently detained at the family detention center in Karnes, Texas. Of those 180 individuals, 68 chose to invoke the procedures set forth in the settlement agreement and seek relief from removal. Five forms were executed by parents who remain separated and are detained at facilities other than Dilley and Karnes. Of those 5, one chose to invoke the settlement procedures and four chose to waive those procedures and seek repatriation.

In light of the Court's October 18 order, Plaintiffs' counsel has asked the government to provide its anticipated timeline for implementing the procedures for detained class members who have executed election forms, and to confirm that it is sticking to the schedule in Paragraph 1(g) of the settlement agreement. The government has not yet provided such a timeline or such written confirmation. However, Plaintiffs' counsel have been informed by their partners who provide legal services at the Dilley facility of the following: (1) most of the 73 individuals at Dilley were provided orientation over the weekend, (2) 8 individuals had interviews with the Asylum Office on October 23, (3) 8 individuals had interviews with the Asylum Office on October 24, and (3) 8 individuals are scheduled to have interviews with the Asylum Office on October 25. With respect to Karnes, the majority of executed forms invoking the settlement procedures were sent to the government on October 19. As of this filing there has been no orientation and no interviews have been scheduled. Service providers at the Karnes facility have been told that interviews may start next week. However, as noted above, Plaintiffs' counsel has not received any confirmation on timing from the government.

Finally, on October 23, Plaintiffs' counsel sent the government a list of proposed data points to track and report with respect to the implementation of the settlement agreement. The parties plan to meet and confer on this issue early next week.

DATED: October 25, 2018

Respectfully submitted,

/s/ Lee Gelernt

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*