Ashley Neglia (SBN 298924)
ashley.neglia@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street, Ste. 2900
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Emily Nicklin (*Pro Hac Vice to be filed*)
emily.nicklin@kirkland.com
Christina Briesacher (*Pro Hac Vice to be filed*)
christina.briesacher@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Non-Party Objector Ms. M.D-L*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.,<br><br>  Defendants. | CASE No. 3:18-cv-1832-DMS |
| Ms. L, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. Immigration and Customs Enforcement, et al.,<br><br>  Defendants. | Case No. 18-cv-00428-DMS-MDD<br><br>CLASS ACTION<br><br>**OBJECTION OF M.D-L TO THE OCTOBER 5, 2018 SETTLEMENT AGREEMENT** |

Pursuant to the Court's October 5, 2018 Order preliminarily approving the Class Settlement in this action, Ms. M.D-L, a citizen of Honduras seeking asylum in the United States and currently detained at the El Paso Processing Center, files this objection and request for clarification. Ms. M.D-L entered the United States with and was forcibly separated from her five-year-old son in May 2018 and has yet to be reunited with him. Since entering the United States, Ms. M.D-L has continuously been in Department of Homeland Security custody. She has never received a determination that she is an unfit parent or a danger to her child. She has never voluntarily or knowingly or affirmatively waived her right to reunification. Over the past several months, she has consistently and repeatedly made written and oral requests for reunification with her child. Despite these facts, the Government has failed to reunify her and has omitted her name from the list of class members. Ms. M.D-L files this objection and requests that the Court direct that she be included on the class list and be eligible for relief under the terms of the Settlement, including prompt reunification with her son and an opportunity to receive a *de novo* review of her asylum claims. Such an order: (1) is mandated by this Court's orders certifying the class and ordering reunification; (2) comports with the language of the Settlement; (3) is consistent with the Government's conduct toward Ms. M.D-L acknowledging her rights; and (4) is supported by long-standing precedent that affords parents the right to direct the upbringing of their children.

## I.   INTRODUCTION

Ms. M.D-L is a 26-year old single mother who has been the sole caretaker of her five-year-old son, O.E.D., since his birth up to the moment he was forcibly separated from her by the Government. To escape the violence and discrimination that Ms. M.D-L and her son faced in Honduras, she left Honduras with her son in April 2018, to seek refuge in the United States. Ms. M.D-L's nephew, a permanent U.S. resident living in Virginia, offered to provide a home for Ms. M.D-L and her son upon their arrival in the U.S. Ms. M.D-L and O.E.D., along with four other mothers and their children, crossed the border at El Paso, Texas on or around May 11, 2018, and were promptly detained by border patrol officers.

Under the Government's "zero tolerance" policy, Ms. M.D-L was forcibly separated from her son by the Government on or around May 14, 2018. When Government officers took O.E.D. from Ms. M.D-L, they told her that she was going to prison and would never see her five-year old son again. Ms. M.D-L was denied any contact with or information about her son for nearly a month, when she was permitted a brief telephone call. Unbeknownst to Ms. M.D-L, on May 14, 2018, the Government placed O.E.D. in an ORR-approved shelter, which placed him with a foster family. O.E.D. remained in ORR custody until July 7, 2018.

One month after the separation, on June 14, 2018, Ms. M.D-L participated in a credible fear interview at the El Paso detention center. She was was profoundly anxious, afraid, despairing, and depressed. The interviewer pressed Ms. M.D-L to hurry up and finish her answers. Ms. M.D-L did explain that her nephew, who lives in Petersburg, Virginia, could act as a sponsor for both Ms. M.D-L and her child, but given her emotional state at the time and the interviewer's pressure to shorten and speed her answers, she was unable to fully respond to key questions about her situation in Honduras. The interview resulted in a negative finding by the Asylum Officer on June 15, 2018.

Sometime in early June 2018, an ORR representative told Ms. M.D-L that her son would be placed with his biological father, J.R. The father had not lived with nor seen O.E.D. since he was six-months old, when the father left Honduras for the United States. The father resides outside New Orleans, Louisiana with an unmarried partner. Ms. M.D-L objected to the placement of O.E.D. with the biological father, and asked that O.E.D. be temporarily placed instead with her Sponsor-nephew in Virginia until she could be with her son. The ORR representative declined to accede to her request, telling her that it would take too long.

Ms. M.D-L was coerced into acceding to her son's temporary placement only because the ORR representative presented her with the impossible and false choice of either leaving him in an unknown Government-sponsored group shelter or accepting temporary placement with a biological father with whom the child had not resided since he was an infant. At no time did the Government advise Ms. M.D-L of her right to reunification under the Court's Preliminary Injunction Order of June 26, 2018, and there has never been any finding that she was an unfit parent or a danger to the

child.  Ms. M.D-L refused to sign any paperwork agreeing to the placement because she did not agree.  And in the Government discharge paperwork, Ms. M.D-L's name is nowhere to be found among the persons identified as "involved in the child's discharge."[1]  The Government's action in releasing O.E.D. to his biological father violated ICE's own written policy on detention of alien parents which directs the agency to "accommodate, to the extent practicable, the detained parent or legal guardian's individual efforts to make arrangements for their minor child(ren)."  *See* U.S. Immigration and Customs Enforcement Policy No. 11064.2, *Detention and Removal of Alien Parents or Legal Guardians*, (Aug. 29, 2017), *available at* https://www.ice.gov/doclib/detention-reform/pdf/directiveDetainedParents.pdf.

Rather than reunifying her with her son, on July 7, 2018—nearly two weeks after this Court ordered the Government to reunify parents and children separated under the "zero tolerance" policy—the Government representatives finalized and signed O.E.D.'s discharge paperwork and an ORR representative flew O.E.D. to New Orleans and delivered O.E.D. to his biological father.

In the months following O.E.D.'s temporary placement with his biological father, Ms. M.D-L has made repeated written and oral requests to be reunited with her son.  *See e.g.*, Ex. 1 (9/2/18 Request to Staff Member).  None were availing.

On September 21, 2018, three months after the Court's class certification order, Government officials confirmed her entitlement to reunification with her child, presenting Ms. M.D-L with a form, which stated:

> NO TIENE QUE aceptar una orden de deportación para que le devuelvan a su hijo/a. Usted puede optar por seguir luchando su caso de inmigración, y el gobierno igual tiene que cumplir con la orden del juez y reunirlo con su hijo/a.

---

[1] In response to a request made by counsel for all documents related to O.E.D.'s custodial status, the ORR produced O.E.D.'s file to counsel on November 2, 2018.  These documents support the factual assertions made in this Objection regarding the date and circumstances of O.E.D.'s temporary release from ORR custody.  Although these documents are not attached these documents to protect the privacy of the child, counsel will submit them to the Court or to the Government upon request.

Ex. 2 (9/21/18 Reunification Form). In English, this form states: "YOU DO NOT HAVE to accept a deportation order to have your child returned. You can choose to continue fighting your immigration case, and the government has to still comply with the judge's order and reunite you with your child."

Although the form did not provide her with notice of her full rights and options as a class member, it allowed her to express once again her consistent and fervent wish to be reunited with her child even if she were to be deported if she lost her asylum case.

ELIJA UNA OPCIÓN:

MLDL X ___ Si pierdo mi caso y me deportan, me gustaría llevar a mi hijo/a conmigo.

___ Si pierdo mi caso y me deportan, no quiero llevar a mi hijo/a conmigo.

___ No tengo un abogado, y quiero hablar con un abogado antes de decidir si quiero que mi hijo/a sea deportado/a conmigo.

Certificado de Servicio

Por el presente certifico que yo le entregué este formulario en ___Erc___ (Ubicación)
a ___D■ L■ M■___ el ___9/21/18___, y el contenido
   (Nombre del Extranjero)        (Fecha del Servicio)
de este aviso se le leyó en ___Spanish___.
                                 (Idioma)

_____      _____
Nombre y Firma del Oficial       Nombre o Numero del Intérprete (si es aplicable)

*Id.* In English, the option she selected states: "If I lose my case and I am deported, I would like to take my child with me."

Over the many months of separation, both mother and child have suffered and continue to suffer extreme sadness and distress. For example, in phone calls this autumn, O.E.D. continually asked his mother, "When are you coming to get me?" Similarly, upon being told by his mother that she was trying to arrange for him to visit her in detention, he expressed fear that when he is forced to leave her there, he will "cry so hard that I won't ever be able to stop." Thus, Ms. M.D-L seeks an order that she is included on the class list and is eligible for relief under the terms of the Settlement,

including that she will be promptly reunified with her son and receive a *de novo* review of her asylum claims.

## II. MS. M.D-L IS A MEMBER OF THE CLASS AND O.E.D.'S REMOVAL FROM O.R.R. CUSTODY SHOULD NOT PRECLUDE HER REUNIFICATION WITH HER CHILD.

### A. This Court's Orders Mandate that Ms. M.D-L Be Included Within the Class and Be Reunited With Her Son.

Ms. M.D-L falls within the class definition that is set forth in the Court's June 26, 2018 class certification order:

> All adult parents who enter the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child.

Dkt. 82 at 17. Ms. M.D-L meets all of these requirements and should be included on the class list. On June 26th, this Court also ordered that all children separated from their detained parents under the Government's "zero tolerance" policy be reunified with their parent(s) "unless there is a determination that the parent is unfit or presents a danger to the child, or the parent affirmatively, knowingly, and voluntarily declines to be reunited with the child." *Ms. L. v. U.S Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133, 1149 (S.D. Cal. 2018). For those children age five and older (O.E.D. was five at the time the order issued), Defendants were ordered to reunify "within thirty (30) days of the entry of this Order." *Id.* O.E.D. was in Government custody until his release to his father on July 7, 2018. The Government has never made a determination that Ms. M.D-L is an unfit parent or a danger to her child, and Ms. M.D-L never made any affirmative, knowing, or voluntary waiver of her absolute right to be reunified with her five-year old son. Thus, he should have been reunited with his mother within 30 days of the Court's June 26, 2018 preliminary injunction order. As the Court plainly stated in the July 6, 2018 status conference—*the day before* O.E.D. was sent to New Orleans— "the Government must reunite." Dkt. 93 at 54:13-14.

**B.     Ms. M.D-L Meets All Substantive Requirements of the Settlement Agreement.**

The substantive language of the Settlement explicitly includes Ms. M.D-L within its plain terms. Pursuant to the parties' Settlement, a parent is a member of the Settlement class if she is: (1) "an adult alien parent who entered the United States at or between designated ports of entry with" her child; (2) "[w]as detained in immigration custody by the Department of Homeland Security"; (3) "[h]as a child who was or is separated from him or her and who was in DHS custody, Office of Refugee Resettlement (ORR) custody, or ORR foster care on or after June 26, 2018,"; (4) "[w]as ordered to be reunified under the Court's Order in *Ms. L. V. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018"; and (5) "[h]as been continuously physically present in the United States since June 26, 2018." Dkt. 247-1 at 1.  Ms. M.D-L: (1) entered the United States at or between the El Paso port of entry with her son; (2) was (and remains) detained in immigration custody by DHS; (3) has a son who was separated from her and who was in ORR custody or foster care continuously from May 14, 2018 through and after June 26, 2018; (4) was ordered to be reunited under the Court's June 26, 2018 Order; and (5) has been continuously physically present in the United States in immigration detention since June 26, 2018.

Nothing in the Settlement creates an exception to class membership for separated parents whose children were temporarily placed with family members, particularly where—as here—that placement occurred <u>after</u> the certification of the class and the entry of the Preliminary Injunction. Rather, the Settlement states that "*[a]ll adult alien parents*," who meet the other criteria of the Settlement class shall be included.  Dkt. 247 at 6 (emphasis added); *see also* Dkt. 82 at 17 (finding that "*[a]ll adult parents*" who were or are "separated from [their child] by DHS" absent a determination that the parent is unfit or presents a danger to the child shall be included in the class) (emphasis added).  That the parties and the Court refer to *all parents* and no carve-out has been ordered for separated parents whose children have been released to family members shows that parents like Ms. M.D-L are intended to be included within the definition of the class. *See Hollywood Foreign Press Ass'n v. Red Zone Capital Partners II*, 870 F. Supp. 2d 881, 916 (C.D. Cal. 2012), *judgment entered sub nom. Hollywood Foreign Press Ass'n v. Red Zone Capital Partners II, L.P.*,

No. CV10-8833 AHM (FMOX), 2012 WL 13006255 (C.D. Cal. July 24, 2012) ("A court must determine what the parties meant by the words used, in light of all the circumstances").  Further, the settlement agreement makes plain that the right to reunification remains solely with the separated parent.  Thus, release to a non-custodial parent who had not seen nor lived with the child since he was an infant does not excuse the Government from complying with the Court's Preliminary Injunction and Order to reunify O.E.D. with the only parent from whom the Government separated him: Ms. M.D-L.

### C. By its Own Actions, the Government Has Repeatedly Acknowledged That Ms. M.D-L is a Class Member.

The Government itself has identified Ms. M.D-L as someone entitled to relief under the Settlement.  The Government's conduct in presenting Ms. M.D-L with the Reunification Form in September 2018—more than two months after O.E.D.'s temporary placement with the biological father—is an admission that Ms. M.D-L is entitled to reunification and thus a member of the class.  *See* Ex. 2 (9/21/18 Reunification Form); *see also* F.R.E. 801(d)(2).

### D. Longstanding Precedent Militates in Favor of Allowing Ms. M.D-L to Exercise her Right to Reunification.

Ms. David Lobo has a fundamental right as the sole custodial parent since O.E.D.'s birth on December 24, 2012, to make decisions regarding her child's care, the importance of which this court has emphasized.  *See Ms. L.*, 310 F. Supp. 3d 1133, at 1148 (noting the "constitutional liberty interest 'of parents in the care, custody, and control of their children[,]' which 'is perhaps the oldest of the fundamental liberty interests recognized by' the Supreme Court.") (citing *Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)).  O.E.D.'s coerced release to his biological father does not diminish, in any way, Ms. M.D-L's fundamental right to obtain class relief as the mother and sole caregiver for her child over his entire life until the forcible separation in May 2018.  Courts have long held that the due process and equal protection provisions apply to immigrants regardless of immigration status.  *See, e.g.*, *Plyler v. Doe,* 457 U.S. 202, 210–13, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (reaffirming that illegal immigrants are entitled to the protections of the due process clauses and establishing the same regarding equal protection).

7   Case No. 18-cv-00428-DMS-MDD

## III. CONCLUSION

Based on the forgoing, Ms. M.D-L requests the Court sustain her objection and order that she be included on class list and be eligible for relief under the terms of the Settlement, including prompt reunification with her son and an opportunity to receive a *de novo* review of her asylum claims.

DATED: November 2, 2018

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Ashley Neglia*
Ashley Neglia (SBN 298924)
ashley.neglia@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street, Ste. 2900
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Emily Nicklin (*Pro Hac Vice to be filed*)
emily.nicklin@kirkland.com
Christina Briesacher (*Pro Hac Vice to be filed*)
christina.briesacher@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Non-Party Objector Ms. M.D-L*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

/s/ Ashley Neglia
Ashley Neglia

*Ms. L. et al., v. U.S. Immigration and Customs Enforcement, et al.,*

**EXHIBITS TO OBJECTION OF M.D.L TO THE
OCTOBER 5, 2018 SETTLEMENT AGREEMENT**

**TABLE OF CONTENTS**

| EXHIBIT | DOCUMENT | PAGES |
|---|---|---|
| 1 | 9/2/2018 Detainee Request to Staff Member | 11 |
| 2 | 9/21/2018 Reunification Form | 15 |

# EXHIBIT 1

Exhibit 1
Page 11



U.S. Immigration and Customs Enforcement

Enforcement and Removal Operations
El Paso Processing Center
8915 Montana Ave.
El Paso, TX 79925

## Detainee Request to Staff Member
*Petición de el Detenido al Miembro de Personal*

| Staff Member/Officer's Name: *Nombre de el Oficial:* Vasquez | Date: *Fecha:* 09/02/2018 |
|---|---|
| Detainee Name: *Nombre de el Detenido:* M███ D██ L███ | Alien Number (A#): *Numero de Extranjero (A#):* ███████ |
| Country of Birth: *Pais de nacimiento:* Honduras | Unit/Dormitory: *Unidad/Dormitorio:* 8 B |

**REQUEST:** Señor Vasquez el motivo de escribirle es para saber que cuando ba aser mi reunificación con mi hijo. ya son 4 meces de separados es mi primera vez que entro en este pais. yo kiero estar con mi hijo el me nesesita. espero que lea usted el que me conteste el motivo que tanto tiempo que Toy aki Por fabor reuname con mi hijo pronto. Garcias

*If more space is needed to complete your request, please use the reverse side of this form. All requests will be addressed by priority.*
*Si es necesario mas espacio para completar su petición, por favor use el lado reverso de esta forma. Todas las peticiones serán dirigidas por prioridad.*

---

**Staff Comments** *(Comentarios del Personal):* Your request has been forwarded to your deportation officer.

PROPERTY OFFICER: Date received: _____   Date filed: _____

EPC-PBNDS-0094                                                                          REV. 10/15

Exhibit 1
Page 12


and Customs
Enforcement

El Paso Processing Center
8915 Montana Ave.
El Paso, TX 79925

## Detainee Request to Staff Member
*Petición de el Detenido al Miembro de Personal*

| Staff Member/Officer's Name: *Nombre de el Oficial:* | Date: *Fecha:* |
|---|---|
| Vasquez | 09/02/2018 |
| Detainee Name: *Nombre de el Detenido:* | Alien Number (A#): *Numero de Extranjero (A#):* |
| M████████ D█ L████████ | ████████ |
| Country of Birth: *Pais de nacimiento:* | Unit/Dormitory: *Unidad/Dormitorio:* |
| Honduras | 8-B |

**REQUEST:** *Mr. Vasquez the reason for writing to you is to know when my reunification with my son will be done. It is now 4 months that we have been separated. It is the first time that I have entered this country. I want to be with my son he needs me. I hope that you will answer me with the reason that I have been here for so long. Please reunite me with my son soon. Thanks.*

If more space is needed to complete your request, please use the reverse side of this form. All requests will be addressed by priority.
*Si es necesario mas espacio para completar su petición, por favor use el lado reverso de esta forma. Todas las peticiones serán dirigidas por prioridad.*

Staff Comments *(Comentarios del Personal):*
Your request has been forwarded to your deportation officer.

_____ [signature]

PROPERTY OFFICER  Date received: _____  Date filed: _____  9/4/18

EPC-PBNDS-0094                                                      REV. 10/15

Exhibit 1
Page 13



City of New York, State of New York, County of New York

I, Anders Ekholm, hereby certify that the document, **"Detainee Request to Staff Member, Vasquez from M▆▆▆ ▆▆▆▆ D▆▆ L▆▆, September 2, 2018"** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Anders Ekholm

Sworn to before me this
November 2, 2018

_____
Signature, Notary Public

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
STATE OF NEW YORK
PUBLIC

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

Exhibit 1
Page 14

# EXHIBIT 2

Exhibit 2
Page 15

IMPORTANTE

**Instrucciones**: La información en esta página debe ser leída al padre extranjero en un idioma que él o ella entienda. El Aviso debe ser entregado al padre extranjero al mismo tiempo que este formulario. El padre extranjero debe indicar cuál opción elige al firmar la casilla apropiada a continuación.

NO TIENE QUE aceptar una orden de deportación para que le devuelvan a su hijo/a. Usted puede optar por seguir luchando su caso de inmigración, y el gobierno igual tiene que cumplir con la orden del juez y reunirlo con su hijo/a.

SI USTED PIERDE SU CASO Y EL GOBIERNO VA A DEPORTALO/A DE LOS ESTADOS UNIDOS, usted tendrá que decidir en ese momento si desea que su hijo/a salga de los Estados Unidos con usted.

Nombre de Padre: D████-L███ M████████
Numero "A" del Padre: ████████
País de Ciudadanía: Honduras
El Centro de Detención: EPC
Nombre del Hijo/a: E████-D████ O████████
Numero "A" del Hijo/a: ████████

ELIJA UNA OPCIÓN:

MLDL X  Si pierdo mi caso y me deportan, me gustaría llevar a mi hijo/a conmigo.

_____ Si pierdo mi caso y me deportan, no quiero llevar a mi hijo/a conmigo.

_____ No tengo un abogado, y quiero hablar con un abogado antes de decidir si quiero que mi hijo/a sea deportado/a conmigo.

**Certificado de Servicio**

Por el presente certifico que yo le entregué este formulario en ___EPC___ (Ubicación)

a ___D████ L███ M████___ el ___9/21/18___, y el contenido
   (Nombre del Extranjero)        (Fecha del Servicio)

de este aviso se le leyó en ___Spanish___.
                              (Idioma)

_____          _____
Nombre y Firma del Oficial                Nombre o Numero del Intérprete (si es aplicable)

Exhibit 2
Page 16

[handwritten text in italics]
IMPORTANT

**Instructions:** The information on this page should be read to the foreign parent in a language that he or she understands. The Notice must be served to the foreign parent at the same time as this form. The foreign parent must indicate which option they choose by signing the appropriate box below.

YOU DO NOT HAVE to accept a deportation order to have your child returned. You can choose to continue fighting your immigration case, and the government has to still comply with the judge's order and reunite you with your child.

IF YOU LOSE YOUR CASE AND THE GOVERNMENT IS GOING TO DEPORT YOU FROM THE UNITED STATES, you will have to decide at that time if you want your child to leave the United States with you.

**Name of the Parent:**   D▮▮▮  L▮▮, M▮▮▮▮▮
**"A" Number of the Parent:**
**Country of Citizenship:**   *Honduras*
**Detention Center:**   *EPC*
**Name of the Child:**   E▮▮▮▮-D▮▮  O▮▮▮
**"A" Number of the Child:**

CHOOSE ONE OPTION:

*MLDL X*        If I lose my case and I am deported, I would like to take my child with me.

_____    If I lose my case and I am deported, I do not want to take my child with me.

_____    I do not have a lawyer, and I want to talk to a lawyer before deciding if I want my child to be deported with me.

| Certificate of Service |
|---|
| I hereby certify that I gave you this form in     *EPC* <br>                                                                          _____ <br>                                                                          (location) <br> to      *D▮▮  L▮▮, M▮▮▮*           on    *09/21/18*        , and she was read the contents of <br> _____          _____ <br> (Name of the Alien) <br> this notice in   *Spanish* <br>                       _____ <br>                       (language) <br> [signature] <br> _____          _____ <br> Name and Signature of the Officer)          Name or Number of the interpreter (if applicable) |

Exhibit 2
Page 17



City of New York, State of New York, County of New York

I, Aurora Landman, hereby certify that the document, **"Translation Request"** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Aurora Landman

Sworn to before me this
November 1, 2018

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

Exhibit 2
Page 18