**Usted tiene el derecho de renunciar a la exención en virtud del acuerdo.**

Los padres o hijos que deseen renunciar a sus derechos en virtud de este Acuerdo de Conciliación y ser trasladados sin demora a su país de origen, tienen derecho a hacerlo mediante la ejecución del siguiente formulario. Cualquier decisión de regresar a su país de origen debe tomarse afirmativamente, a sabiendas y voluntariamente. El hecho de no devolver este formulario no se interpretará como una renuncia a sus derechos en virtud del Acuerdo de Conciliación.

**Instrucciones:** Este formulario debe ser leído al miembro de la clase en un idioma que él/ella entienda. El miembro de la clase debe indicar qué opción está eligiendo al firmar el cuadro correspondiente a continuación. Si el miembro de la clase es un niño y carece de capacidad o es menor de 14 años, este formulario debe ser firmado por el padre o representante legal del niño. Se deben completar formularios separados para cada miembro de la familia. *Los formularios completados deben enviarse por correo o por correo electrónico al abogado para la clase propuesta apropiada que se establece a continuación.*

---

**Solicito permanecer en los Estados Unidos para buscar alivio de remoción.** Entiendo que el acuerdo de demanda colectiva no garantiza que recibiré alivio de la eliminación.
Nombre (en letra de molde): Leyder Moises Hernández González
Firma: [signature]

---

**Estoy solicitando de manera afirmativa, deliberada y voluntaria mi traslado a mi país de origen lo antes posible.** Entiendo que estoy renunciando a cualquier derecho a permanecer en los Estados Unidos para seguir los procedimientos establecidos en el acuerdo, incluido cualquier derecho a solicitar asilo u otra protección contra la expulsión.
Nombre (en letra de molde): _____
Firma: _____

---

**Tu información:**
Nombre: Leyder Moises Hernández González
Fecha de Nacimiento: 01-19-2,009
A#: 215 539 998
Pais de Ciudadania: Guatemala
Centro de detención (si es aplicable): Casa hogar en Nueva York
Domicilio: Aldea Tapalapa San Carlos Alzatate, Jalapa
Numero de teléfono: _____
Nombre(s) del padre(s) / hijo(s): Enma Elizabeth González Barrientos / Leyder moises Hernández González
Padre(s) / hijo(s) A #(s): 215 539 997    215 539 998
Domicilio del padre(s) / hijo(s): 8339 Alpha Dr Magna UT 84044
Teléfono de padre(s) / hijo(s): 801 835 3109

**FILED** Nov 06 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ ArianaF DEPUTY

NUNC PRO TUNC
11/2/2018

**Certificación de Abogado:** Yo represento _____ (nombre) en su proceso migratorio. Le he informado a él / ella (y / o su padre / madre o representante legal) de sus derechos en virtud del acuerdo de demanda colectiva propuesto en _____ (idioma).

   Firma de abogado: _____
   Nombre de Abogado: _____
   Fecha: _____
   Número de teléfono del abogado: _____
   Domicilio del abogado: _____

5

## ¿Quién representa a las Clases?

*Grupo de Abogados Propuestos para la Clase de Padres (Padres en los Estados Unidos):*

**parentsasylumclass@eversheds-sutherland.com**

Wilson G. Barmeyer
Carol T. McClarnon
John H. Fleming
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Teléfono: (202) 220-8628
Fax: (202) 637-3593


Sirine Shebaya
Johnathan Smith
MUSLIM ADVOCATES


Simon Y. Sandoval-Moshenberg
Sophia Gregg
LEGAL AID JUSTICE CENTER

*Grupo de Abogados Propuestos para la Clase Infantil:*

**MMMSettlementQuestions@hoganlovells.com**

Justin W. Bernick
Zachary W. Best
T. Clark Weymouth
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Teléfono: (888) 365-1112
Fax: (202) 637-5910


*Consejo Propuesto para Padres Retirados:*

**familyseparation@aclu.org**

Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
Teléfono: (212) 549-2660
Fax: (212) 549-2654

4

### Usted tiene el derecho de objetar el acuerdo.

Aunque puede renunciar a sus derechos de buscar alivio en virtud de este Acuerdo de Conciliación, no puede excluirse del acuerdo. Sin embargo, puede solicitar al Tribunal que rechace la aprobación presentando una objeción. Si la Corte niega la aprobación, las demandas continuarán. Si eso es lo que quieres que suceda, debes objetar. Usted puede objetar el acuerdo propuesto por escrito. También puede presentarse en la Audiencia de aprobación definitiva, ya sea en persona o por medio de su propio abogado. Todas las objeciones escritas y documentos de apoyo deben (a) identificar claramente los siguientes nombres y números de casos: *M.M.M. v. Sessions*, Caso No. 3: 18-cv-1832-DMS (S.D. Cal.) y *Ms. L. v. ICE*, Caso No. 3: 18-cv-428-DMS (S.D. Cal.), (b) enviarse al Tribunal enviándolos por correo al Secretario de Acción de Clase, Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, Palacio de Justicia de San Diego, 333 West Broadway, San Diego, CA 92101, o presentándolos personalmente en cualquier lugar del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, y (c) debe presentarse o enviarse por correo postal el 2 de Noviembre de 2018 o antes.

### ¿Cuándo y dónde decidirá el Tribunal si aprueba el acuerdo?

La audiencia de aprobación final se llevará a cabo el 15 de Noviembre de 2018, a la 10:30 a.m. (PT) en la sala 13A, piso 13, suite 1310, 333 West Broadway, San Diego, CA 92101, para determinar la imparcialidad, razonabilidad y adecuación de la propuesta Asentamiento. La fecha puede cambiar sin previo aviso a la clase.

### ¿Dónde puedo obtener más información?

Este aviso resume el acuerdo propuesto. Para conocer los términos y condiciones exactos del acuerdo, consulte el Acuerdo de Acuerdo adjunto, contactando al abogado de la clase que se identifica a continuación, accediendo al expediente del Tribunal en este caso a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER) en https: // ecf.casd.uscourts.gov, o visitando la oficina del Secretario de la Corte del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, San Diego, entre las 8:30 am y las 4:30 pm, de Lunes a Viernes, excluyendo días festivos.

**POR FAVOR, NO LLAME A LA OFICINA DEL TRIBUNAL O AL TRIBUNAL DE CORREO PARA CONSULTAR SOBRE ESTE ACUERDO**

3

# AVISO DE ACUERDO PROPUESTO y FORMULARIO DE ELECCIÓN DEL ACUERDO

**Si estuvo separado de su(s) padre(s) o hijo(s) en la frontera,
sus derechos pueden verse afectados por un acuerdo de demanda colectiva propuesto.**

Se ha llegado a un acuerdo propuesto en las demandas colectivas en relación con el mecanismo por el cual ciertos padres e hijos separados pueden solicitar asilo u otra protección en los Estados Unidos. Los juicios son de *M.M.M. v. Sessions*, Caso No. 3: 18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Caso No. 1: 18-cv-1835-PLF (D.D.C.), *Ms. L. v. ICE*, Caso No. 3: 18-cv-428-DMS (SD Cal.), y *Dora v. Sessions*, Caso No. 18-cv-1938 (D.D.C.).

## ¿De qué se tratan estas demandas?

Estas demandas fueron presentadas en nombre de padres e hijos que fueron separados después de ser detenidos por el gobierno de los Estados Unidos en o cerca de la frontera. Los demandantes alegan que el gobierno de los Estados Unidos no les dio a estos padres e hijos la oportunidad adecuada de buscar asilo u otra protección contra la expulsión en los Estados Unidos. El juez que supervisa las demandas detuvo temporalmente el traslado de las familias que se reunieron después de haber sido separados en la frontera. Los demandantes y el gobierno de los Estados Unidos posteriormente acordaron un acuerdo, que otorgará a los padres e hijos el acceso a los procedimientos para solicitar asilo u otra protección contra la expulsión en los Estados Unidos.

## ¿Quién está incluido?

**Un padre puede ser un miembro de la Clase del Acuerdo de Padres si él o ella:**
- Es un padre extranjero adulto que entró a los Estados Unidos en o entre los puertos de entrada designados con su(s) hijo(s),
- fue detenido bajo custodia de inmigración por el Departamento de Seguridad Nacional (DHS),
- Tiene un hijo que estuvo o está separado de él o ella y que se encontraba bajo la custodia del DHS, la custodia de la Oficina de Reasentamiento de Refugiados (ORR, por sus siglas en inglés), o cuidado de crianza temporal de ORR a partir del 26 de Junio de 2018.
- Se le ordenó reunificarse de conformidad con la Orden de la Corte en la Sra. L. v. Estados Unidos de Inmigración y Control de Aduanas, No. 18-428 (S.D. Cal. 26 de Junio de 2018); y
- Ha estado presente físicamente continuamente en los Estados Unidos desde el 26 de Junio de 2018.

**El acuerdo también refleja el acuerdo de las partes con respecto a los individuos que se ajustan a la descripción de la clase de padres según se define anteriormente, pero que se eliminaron de los**

1

**Estados Unidos, así como los derechos de los miembros de la clase de niños (definidos a continuación) cuyos padres han sido remoto.**
**Un niño puede ser un miembro de la Clase del Acuerdo Infantil si:**
- Es un niño extranjero menor de 18 años de edad a partir de la fecha de vigencia del acuerdo, que ingresó a los Estados Unidos en o entre los puertos de entrada designados con un padre extranjero,
- Fue separado de su(s) padre(s),
- Ha sido o será reunificado con su(s) padre(s) bajo la orden preliminar emitida en la Sra. L. v. U.S. Inmigración y Control de Aduanas, No. 18-428 (S.D. Cal. 26 de Junio de 2018), y
- Ha estado presente físicamente continuamente en los Estados Unidos desde el 26 de Junio de 2018.

### ¿Qué alivio proporciona el acuerdo?

Entre otras cosas, el Acuerdo de Resolución requiere que, para los padres que inicialmente recibieron un hallazgo de miedo creíble negativo y tienen una orden final de remoción acelerada, el gobierno de los Estados Unidos realizará una revisión de buena fe de los hallazgos de temor creíbles anteriores de los padre,[1] que incluye reunirse con un oficial de asilo para presentar información adicional. Para los hijos de dichos padres a quienes se les emitió un Aviso de comparecencia (NTA) o se encuentran en proceso de deportación, la NTA se cancelará o el gobierno se moverá para descartar los procedimientos de expulsión, y el niño será colocado en una deportación acelerada junto con el padre. El niño también será referido para una entrevista de temor creíble si el niño expresa temor de regresar. Si se descubre que el padre tiene un temor creíble, a ambos padres e hijos se les otorgará una NTA para que comparezca ante un juez de inmigración, donde podrán presentar una solicitud de asilo u otras demandas de protección ante el tribunal de inmigración. Si los padres no reciben un hallazgo de miedo creíble positivo en la revisión, entonces el gobierno de los Estados Unidos les proporcionará a sus hijos su propia entrevista de miedo creíble. Si los niños reciben un hallazgo de temor creíble positivo, ellos y sus padres recibirán una NTA para que comparezcan ante un juez de inmigración, donde podrán presentar una solicitud de asilo u otras demandas de protección ante el tribunal de inmigración. Se aplican procedimientos adicionales o de otro tipo cuando los padres y los niños han sido liberados de la detención, cuando los padres están sujetos a órdenes de expulsión reintegradas o definitivas, o cuando los padres ya han sido retirados. El Acuerdo de Conciliación no proporciona ningún pago monetario a los miembros de la clase. Los padres y los niños que entran en estas categorías deben leer el Acuerdo de Resolución final y / o consultar con un abogado para comprender qué derechos pueden tener en virtud del Acuerdo. Si se aprueba el Acuerdo de conciliación, se prohibirá a los miembros de la clase que busquen cualquier otra medida cautelar, declaratoria o equitativa relacionada con la inmigración o el asilo relacionada con las alegaciones formuladas en estas demandas. Todos los términos del Acuerdo propuesto están sujetos a la aprobación del Tribunal en una "Audiencia de Aprobación Final" que se explica a continuación. Se adjunta una copia del Acuerdo de conciliación a este aviso.

---

[1] "Miedo creíble" se refiere al proceso mediante el cual los individuos sujetos a una remoción acelerada pueden buscar asilo en los Estados Unidos, en el cual un funcionario de asilo del gobierno de los EE. UU. puede establecer un temor creíble de persecución o tortura si son devueltos a su país de origen. Si el extranjero recibe una determinación de temor creíble positiva, él o ella puede presentar una solicitud de asilo ante el tribunal de inmigración.

2

c. If a detained, reunited *M.M.M.* agreed class member child has been issued an NTA that has been filed with an immigration court and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, DHS will file a motion to dismiss the pending Section 240 proceeding, seeking to do so jointly with the child's immigration attorney of record, as practicable. Such a motion shall be filed within 30 days of the Court's approval of this agreement and shall request expedited consideration by the immigration court. Upon dismissal of the Section 240 proceeding, ICE will initiate expedited removal proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

d. For *Ms. L* class members who have not been issued an NTA and have final ER orders that have not been cancelled by DHS, USCIS will exercise its discretionary authority to sua sponte conduct in good faith a de novo review of the credible fear finding of the parent to determine if reconsideration of the negative determination is warranted. During that review process for *Ms. L* class members, USCIS will review the parent's case and the information provided and determine whether the individual has a credible fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the credible fear standard, as it is described at Section 235(b)(1)(B)(v) of the INA and 8 C.F.R. § 208.30(e)(2) and (3), then DHS will issue and subsequently file an NTA. The children will be treated as the parent's dependents under 8 C.F.R. § 208.30(b). If the parent's credible fear determination remains negative, USCIS will screen the child individually for credible fear. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

e. For *Ms. L* class members who are currently detained[2] with their *M.M.M.* agreed class member child(ren) at an ICE FRC and are subject to reinstated orders of removal, ICE will initiate ER proceedings under Section 235 against the minor child(ren), upon a determination that the child was initially encountered within 14 days of entry and 100 miles of the border. During those proceedings, the child(ren) will be referred for a credible fear determination if the child(ren) asserts, or has already asserted, a fear of return, either directly or through counsel. The credible fear claim will then be considered under the standards of 8 C.F.R. § 208.30, as described above. USCIS will conduct the credible fear interview of the child(ren) in coordination with a sua sponte review of the reasonable fear determination for the parents to determine whether reconsideration of the negative reasonable fear determination is warranted.

USCIS will review the parent's case and the information provided and determine whether the individual has a reasonable fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the reasonable fear standard, as it is described at 8 C.F.R. § 208.31(c), then DHS will place the parent in withholding-only proceedings. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

f. If the parent's credible fear or reasonable fear finding remains negative upon review, USCIS will notify the parent in writing that USCIS declines to reconsider the existing negative credible fear or reasonable fear determination. If the child receives a separate negative credible fear determination, the child may seek review by an immigration judge.

---

[2] This agreement does not impact the ability of *Ms. L* class members with reinstated orders of removal who are not detained to pursue any available appeal of such an order under existing law and subject to statutory time periods.

# Settings Agreement

## Settlement Agreement

**Plan to address the asylum claims of class-member parents and children who are physically present in the United States**

The government is willing to agree to the following procedures for addressing the asylum claims of *M.M.M.* agreed class members and the claims of *Ms. L* class members (and *Dora* plaintiffs), other than those class members who agree to waive these procedures (and thus to waive any further claims or relief).[1] (In this document, references to *Ms. L* class members encompass *Dora* plaintiffs.) Class counsel are responsible for determining a class member's intentions related to waiver of the procedures set forth below. Upon approval of this agreed-upon plan by the U.S. District Court for the Southern District of California, *M.M.M.* agreed class members agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia, and to refrain from seeking preliminary injunctive relief in their litigation pending in the U.S. District Court for the Southern District of California; *Dora* plaintiffs agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia; and *M.M.M.* agreed class members and *Ms. L* class members agree to refrain from additional litigation seeking immigration- or asylum-related injunctive, declaratory, or equitable relief that arises from the facts and circumstances set forth in the *Ms. L*, *M.M.M.*, and *Dora* complaints relating to those parents and children covered by this plan, including statutory claims. This plan applies only to *Ms. L* class members and *M.M.M.* agreed class members who have been continuously physically present in the United States since June 26, 2018, and does not set any precedent for any additional group of aliens, and any exercise of legal authority or discretion taken pursuant to this plan is exercised only to effectuate the implementation of this plan in relation to this group of individuals. The Court's approval of this agreement will resolve the pending preliminary-injunction motion in *M.M.M.* and will also lift the TRO issued in that matter. The Court will retain jurisdiction to enforce the provisions of this plan, which represents the substantive terms for the implementation of a settlement agreement and supersedes the prior written or oral communications between the parties regarding this plan.

1. a. *Ms. L* class members and *M.M.M.* agreed class members who are not currently detained in DHS custody (and are not currently in HHS custody) and who have been issued Notices to Appear (NTAs) will not be removed by DHS prior to issuance of a final removal order in their resulting removal proceedings conducted under Section 240 of the Immigration and Nationality Act (INA). If a *Ms. L* class member or *M.M.M.* agreed class member was released from DHS or ORR custody, is not currently in Section 240 removal proceedings, and is not subject to a final removal order, that individual can affirmatively apply for asylum before U.S. Citizenship and Immigration Services (USCIS), USCIS will adjudicate such an application regardless of whether an unfiled NTA exists, and USCIS will follow its established procedures concerning a parent's involvement in his or her minor child's asylum application process. If an *M.M.M.* agreed class member (whether currently detained or released) received a final removal order in Section 240 removal proceedings prior to reunification, DHS and HHS will work in good faith with *M.M.M.* counsel to identify such children within 15 days of approval of this agreement, and DHS will join in a motion to reopen those proceedings if requested by the *M.M.M.* agreed class member no later than 45 days from approval of this agreement. *M.M.M.* agreed class members who have not been reunified with their parent(s) as of the effective date of this agreement will be afforded existing procedures for unaccompanied alien children pursuant to governing statutes and regulations, including but not limited to Section 240 removal proceedings, unless and until they are reunified with a parent, in which case the procedures described below will apply.

   b. If a detained, reunited *M.M.M.* agreed class member child has been served with an NTA, but the NTA has not been filed with an immigration court, DHS will exercise its discretion under 8 C.F.R. § 239.2(a) to cancel the NTA within 15 days of the Court's approval of this agreement. For such a child who either had an NTA cancelled in this way, or who has never been served with an NTA, if the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE will then initiate expedited removal (ER) proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

---

[1] The classes of individuals to whom this plan relates include:
**Ms. L Class Members and Dora Plaintiffs**: All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.
**M.M.M. Agreed Class Members**: All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

All references to a "class" or "class member" in this document refer to the classes described above, as well as alien parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified.

1

the Court, including statutory claims. This agreement does not affect the right of *Ms. L* class members to seek reunification under the June 26, 2018 preliminary injunction in *Ms. L*.

### The return of removed parents to the United States[4]

The government does not intend to, nor does it agree to, return any removed parent to the United States or to facilitate any return of such removed parents. The classes agree not to pursue any right or claim of removed parents to return to the United States other than as specifically set forth in this paragraph. Plaintiffs' counsel may raise with the government individual cases in which plaintiffs' counsel believes the return of a particular removed *Ms. L* class member may be warranted. Plaintiffs' counsel represent that they believe that such individual cases will be rare and unusual and that they have no basis for believing that such individual cases will be other than rare and unusual. Plaintiffs' counsel agree to present any such cases, including all evidence they would like considered by the government within 30 days of the approval of this agreement. In light of plaintiffs' counsel's representation that such cases will be rare and unusual, Defendants agree to provide a reply to any case presented by Plaintiffs within 30 days of receiving Plaintiffs' request to consider the case. Except as specifically set forth herein, the classes agree that existing law, existing procedures, and the Court-approved reunification plan address all interests that such parents or their children may have.

With respect to *M.M.M.* agreed class members who seek asylum and who have removed parents, the government agrees not to oppose requests that the removed parent provide testimony or evidence telephonically or in writing in the child's asylum or removal proceedings and that ICE attorneys appearing in immigration court (1) will not object to the admission of documentary evidence (such as photocopied, scanned, or faxed documents) provided by the removed parent on the grounds that such documentary evidence does not bear an original signature or is not an original copy (ICE reserves the right to object based on other grounds), and (2) will not object to telephonic participation by the parent in the *M.M.M.* agreed class member's Section 240 removal proceedings provided that the alien (and his or her legal representative, if applicable) make appropriate motions to the immigration judge to permit telephonic testimony in advance of any merits hearing, that the alien is responsible for providing accurate contact information to permit the immigration judge to make contact with the parent, and that the parent's unavailability and faulty connections or other technological impediments may not serve as the basis for delaying scheduled hearings. Class members, however, recognize that ICE has no control over the technology or logistics of the Executive Office for Immigration Review.

---

[4] For this section of this agreement, the classes are the same as in footnote 1 above except that the requirements of continuous physical presence in the United States do not apply to this section of the agreement, since this section addresses removed parents.

4

    g. For purposes of the reviews and interviews of detained parents and/or children described in this proposal, the government shall provide the parent and/or child with the orientation that is normally provided for credible fear interviews, and shall provide at least 5 days' notice of such orientation. Notice of the orientation shall be provided no later than 3 days following the parent and/or child's execution of a document reflecting his or her decision pursuant to paragraph 8 of this agreement, and the notice shall state the purpose of the notice (orientation for an interview or review) and the date, time, and location of the orientation. Such reviews and interviews will be conducted at least 48 hours after the orientation, with due consideration given to any reasonable requests to continue the interview. The notice and time periods described in this paragraph will not apply if a parent affirmatively requests, in writing, that the review or interview take place on an expedited basis.

2. In the case of a parent and child(ren) both in ER proceedings under the process described above, if either the parent or the child establishes a credible fear of persecution or torture, USCIS will issue NTAs to both parent and child and place the family in Section 240 removal proceedings. *See* 8 C.F.R. §§ 208.30(f) (positive credible fear finding made by USCIS), 1208.30(g)(2)(iv)(B) (positive credible fear finding made by immigration judge).

3.
4. In the case of a parent and child(ren) both in ER proceedings under the process described above, if none of the family members establish credible fear of persecution or torture (and in the case of a child who seeks review of the credible fear finding by an immigration judge, such finding is upheld by an immigration judge), the ER orders may immediately be executed.

5.
6. In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establishes credible fear and the parent does not establish a reasonable fear, the child(ren) would be placed in Section 240 removal proceedings and the parent would at that time be subject to continued detention or release, in DHS's discretion, consistent with paragraph 7 below. DHS will not remove a *Ms. L* class member who received a negative reasonable fear finding while his or her *M.M.M.* agreed class member child goes through the credible fear process and, if applicable, Section 240 removal proceedings. Plaintiffs concede, however, that removal of any *Ms. L* class member with a reinstated removal order under this agreement is significantly likely to occur in the reasonably foreseeable future and that, if a parent initiates legal proceedings challenging their continued detention, DHS may immediately proceed with that *Ms. L* class member's removal, regardless of any injunctive orders issued in *Ms. L* and *M.M.M.*, provided that DHS gives the parent at least 7 days' advance notice to the parent that he or she will be removed.

7. In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establish credible fear and the parent establishes a reasonable fear, the child(ren) would be issued NTAs and placed in Section 240 removal proceedings, and the parent would be referred for withholding-only proceedings pursuant to 8 C.F.R. §§ 1208.2(c)(2) and 1208.31(e).

8. If a *Ms. L.* class member who is currently detained[3] in an ICE FRC with his or her *M.M.M.* agreed class member child is subject to a final removal order issued in proceedings conducted under Section 240 (other than a reinstated order) and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE would initiate ER proceedings under Section 235 against the child within 7 days of the Court's approval of this agreement, and refer the child for a credible fear interview. While the final order parent would not be a party to the child's credible fear adjudication, the parent would be available to consult with and assist the child in the course of that process. The parent would be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government, and the timing of the interview will be in accordance with Paragraph 1.g. above. If the child establishes a credible fear of persecution or torture, USCIS will place the child in Section 240 removal proceedings, and ICE will move for reopening of the parent's prior removal proceedings and consolidation of the parent's case with the child's before the immigration court. If the child does not establish credible fear of persecution or torture, the removal orders may immediately be executed.

7. Detention and custody decisions for aliens covered by this plan will be made consistent with DHS's authorities under Sections 235, 236, and 241, and the Order Granting Joint Motion Regarding Scope Of The Court's Preliminary Injunction in *Ms. L. v. ICE*, No. 18-428 (S.D. Cal.) (Aug. 16, 2018) (ECF 192) (recognizing that class members may be required to choose whether to waive their own right not to be separated from their minor child(ren) or to waive their child(ren)'s right under the Flores Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program.").

8. *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel may identify class members who wish to waive the procedures described herein and be promptly removed to their country of origin. *Ms. L* counsel, *M.M.M.* counsel, and *Dora* counsel will promptly develop a process for obtaining and documenting such a choice through a knowing and voluntary waiver. Defendants will not engage with class members on such matters, but will seek to effectuate such waiver decisions when communicated and documented by *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel. Class members may either pursue the relief described in this agreement or elect prompt removal, but may not pursue any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L*, *M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by

---

[3] This agreement does not impact the ability of *Ms. L* class members with final removal orders issued in Section 240 removal proceedings, other than a reinstated order of removal, and who are not detained, to pursue individual appeals of such orders under existing law and subject to statutory time periods for challenging any such order.