Class Action Clerk
United States District Court for the Southern District of California
San Diego Courthouse
333 West Broadway
San Diego, CA 92101

**FILED**
Nov 06 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ ArianaF   DEPUTY

NUNC PRO TUNC
11/5/2018

November 2, 2018

RE:  Proposed settlement in *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.) and *Ms. L. v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.)

Dear Judge Sabraw,

I write on behalf of the grassroots, non-profit organization Together & Free, Inc. ("Together & Free") to respectfully object[1] to the fairness and adequacy of the proposed settlement entered in the above-referenced action ("Action") on September 13, 2018 (Dkt. Nos. 220 and 221 ("Proposed Agreement" or "Agrmt.")). Together & Free's primary mission is to assist families separated under the "zero tolerance" policy established by the federal government in April 2018. Through our work with hundreds of separated families, we have come to learn of several significant problems with the fairness and adequacy of the Proposed Agreement. We are concerned that these problems, which are described in detail below, create subclasses that are not treated fairly and that, in some instances, will not receive meaningful relief from the Proposed Agreement.

***About Together & Free.*** Together & Free was founded in 2018 for the express purpose of supporting immigrant families separated at the United States border. Together & Free started as a small group of individuals who were moved by the plight of these families. The organization has now grown to a network of volunteers across 46 states that provides support to more than 200 affected families. We assist families with services such finding transportation

---

[1] Together & Free has received permisssion from the Class Members described in this letter (or their legal counsel) to file this letter objecting on their behalf and on behalf of other, similarly-situated Class Members.

approximately 100 parents who remain in detention, and whose child or children have been released into the care of a relative. These families remain in limbo, suffering from the exact harms that this Action was brought to alleviate. Their plight cannot be ignored but, under the Proposed Agreement, it is.

In many instances, Class Member parents in this subclass consented to their children's release because they were told that the separation would be temporary and that, through this litigation, they would be reunited with their children. But that has not happened, and the Proposed Agreement provides no guarantee that it will. Because the children in this subclass are with family members, the United States regard these families as "reunited." Such a determination is anathema to the right to family integrity that has been the animating principle of the Court's orders in this Action. Moreover, this ongoing separation has resulted in profound and continuing harm to Still Separated Families. In some instances, children as young as three years old have been released to relatives that they have never met, while their parents have continued to languish in detention. In other instances, because of the United States' refusal to release a Class Member parent, the child has been "reunited" with family members who are unfit and incapable of serving as guardians. For example, Ana Estela G. d. H. was separated from her seven year old daughter. Ana is still detained, but her daughter was released to her father. Ana had custody of her daughter for a reason: the father has struggled with drug and alcohol addiction. Ana's other, 17 year old child, has had to take responsibility for the seven year old, because Ana is still in custody. The 17 year old receives little to no financial support from the father, and it seems likely that both children will end up in the state child welfare system.

"[S]ome proposed agreements are so unfair in their terms to one subset of class members that they cannot but be the product of inadequate representation of that subset." *In re Volkswagen Clean Diesel Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 608 (9th Cir. 2018) (citing *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995)). The Proposed Agreement is profoundly unfair to the Still Separated Families. Not only does it fail to require reunification, it bars the Still Separated Families from filing further legal action to seek reunification. Quite the opposite--Class Members must "agree to refrain

***Deported Class Members Receive No Significant Relief.*** The Proposed Agreement also fails to provide meaningful relief to another subset of the certified Class—parents who already have been deported without their minor children. The Proposed Agreement, on its face, applies "only to . . . class members . . . who have been continuously physically present in the United States since June 26, 2018." (Agrmt. at 1.) For deported Class Members, it offers only this: in "rare and unusual" instances, the United States will reopen "individual cases in which plaintiffs' counsel believes the return of a particular removed class member may be warranted." (Agrmt. at 6.) In some instances, deported Class Members had no credible fear interviews. For example, Class Member Jose D.A.A. was deported without a credible fear interview. In other instances, the hasty circumstances of their credible fear interviews (and subsequent deportations) barred Class Members from presenting their best evidence. For example, Class Member Anavelis J-C fled violence in Guatemala with her 6 year old daughter. Anavelis was transferred between 5 different detention centers, remaining separated from her daughter each time. Her daughter was eventually released, but Anavelis was deported on or around July 17, 2018. In her credible fear interview, Anavelis did not state all the persuasive facts relevant to her claim because she did not fully understand the process. For example, she did not state that a gang had killed several close family members to get her family's land—including her mother-in-law and the brother of her father-in-law. She also did not state that she herself was beaten by these gangs, and required surgery for her injuries. If she had not been deported, she would be permitted, as a Class Member, to redo her credible fear interview and present those and other favorable facts. Instead, she will remain separated from her young daughter, unless she seeks her daughter's return to Guatemala—an option that may well risk both their lives.

Together & Free understands that the Court is aware of the unique and sad issues presented by Deported Class Members. When confronted with this problem in August 2018, the United States proposed that children whose parents had been deported who wanted to return to their countries of origin and be reunited with their parents (despite any *bona fide* legal claims to asylum), and who had not yet had a court date, would have their cases terminated. But it is

States' judicial system and to United States legal counsel. Together & Free has become aware of a number of Deported Class Members who have not been identified as Class Members in this action, even though they meet the criteria. These include:

- Oscar M. R.: Oscar crossed with his 5-year-old son in June of 2018. His son was sent to an Office of Refugee Resettlement ("ORR") facility and was eventually released to a relative. Oscar was deported back to Honduras without his son—who has not seen his father since June—on or around July 18, 2018.
- Elisa A.—Elisa fled persecution in Romania along with her 3 year old daughter. Her daughter was released to relatives but Elisa was deported on or around July 26, 2018.

Deported Class Members such as these face a desperate situation. Far from their children, they must somehow weigh their legal options, and work without assistance to secure reunification with their children. Together & Free respectfully submits that, in order to be truly fair, the Proposed Agreement must include provisions that clearly describe a process for identifying Class Members, particularly Deported Class Members. As just one example, the Proposed Agreement could require the United States to establish a website that would allow potential Class Members or their lawyers to review the class definition, review their rights, submit their names and circumstances for eligibility determination and, most importantly, help find their children. The United States also should be required to assemble a neutral steering committee that would be charged with determining Class Member eligibility, and whose progress and determinations would be publicly filed with the Court on a regular basis. Large class action settlements routinely contain similar provisions for class member determination and reporting, and these types of provisions are important to the just and fair administration of the relief.

***Problems With Case Administration Are Impeding Relief.*** As a result of the "chaotic circumstance of the Government's own making" (June 26, 2018 Order at 23), some families continue to face the prospect of immediate deportation due to administrative problems

concessions. Instead, for a number of Class Members, the Proposed Agreement fails to guarantee their primary goal—reunification with their family members. Respectfully, the Court must ensure the fair and just treatment of all Class Members, some of whom continue to be deprived of their fundamental rights, and suffer profound and lasting harm.

Respectfully Submitted,

*/s/ Christine Bateup*

Christine Bateup

Together & Free, Inc.

# EXHIBIT A

| A # | Name | Notes |
|---|---|---|
| xxxxxx961 | L. E. V. C. | |
| xxxxxx962 | C. J. V. C. | |
| xxxxxx215 | B. M. C. M | |
| xxxxxx754 | W. E. V. T | |
| xxxxxx156 | B. Y. P. S. | |
| xxxxxx157 | M. A. P. S. | |
| xxxxxx789 | A. L. V. P. | |
| xxxxxx733 | J. E. R. S. | *1. parent still detained, released to sponsor |
| xxxxxx792 | M. Z. C. | |
| xxxxxx831 | A. L. A. | |
| xxxxxx5462 | H. J. M. N. | *1. parent still detained, released to sponsor |
| xxxxxx684 | Y. C. A. N. | *1. parent still detained, released to sponsor |
| xxxxxx919 | N. L. M. A. | *2. legal provider reports this as a separation, government does not |
| xxxxxx284 | C. I. M. R. | |
| xxxxxx729 | D. D. O. D. C. | |
| xxxxxx485 | A. T. R. | |
| xxxxxx487 | L. T. R. | |
| xxxxxx436 | C. J. P. P. | |
| xxxxxx435 | M. M. E. G. | |
| xxxxxx682 | J. J. O. R. | *2. legal provider reports this as a separation, government does not |
| xxxxxx782 | J. I. A. A. | |
| xxxxxx602 | Y. I. A. C. | |
| xxxxxx4367 | L. A. S. M. | |
| xxxxxx990 | K. L. G. U. | |
| xxxxxx935 | E. E. Z. F. | |
| xxxxxx960 | C. A. A. P. | |
| xxxxxx016 | G. A. L. M. | |
| xxxxxx883 | C. J. E. M. | |
| xxxxxx344 | E. J. C. C. | |
| xxxxxx524 | S. F. C. R. | |