JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-
Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-
Plaintiffs*
*Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | |
| vs. | **JOINT STATUS REPORT** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

The Court ordered the parties to file a joint status report on November 8, 2018, in anticipation of the status conference scheduled at 1:00pm PST on November 9, 2018. The parties submit this joint status report in accordance with the Court's instruction.

## I. DEFENDANTS' POSITIONS

### A. Update on Reunifications

Defendants have appropriately discharged an additional 54 children since the October 25, 2018 Joint Status Report, for a total of 2,404 children.

Looking ahead, there are 25 children proceeding towards reunification or another appropriate discharge. Specifically, there are:

- 7 children in ORR care with a parent who is in the United States and presently in class. This total of 7 children includes 2 children who were previously reported as having parents outside the United States, but whom the ACLU identified as having parents who recently returned to the United States.[1] Of the 7 children, 1 cannot be reunified at this time because their parent is in other federal, state, or local custody (e.g., state criminal detention). Defendants are working to appropriately discharge the remaining 6 of 7 children, and to identify any possible barriers to their discharge, meeting and conferring with Plaintiffs where appropriate for resolution. *See* Table 1: Reunification Update.

- 7 children in ORR care who have parents presently departed from the United States, who have cleared Processes 1 through 3 of the Court approved reunification plan, and who are proceeding towards reunification with their parents in their home country. *See* Table 2: Reunification of Removed Class Members.

  o Of these 7 children, 1 has a voluntary departure order. The government is actively arranging travel to that child's home country. Another 4 of the 7 children have immigration proceedings that have

---

[1] These children have concurrently been removed from reporting on children of removed class members in Table 2.

been dismissed or canceled by the government. The government is actively arranging travel to their home countries as well. *See* Table 2: Reunification of Removed Class Members.

- 11 children in ORR care who have parents presently departed from the United States, and for whom the ACLU has not yet provided notice of parental intent regarding reunification (or declination of reunification). Defendants are supporting the efforts of the ACLU to obtain statements of intent from those parents. Once Defendants receive the notices from the ACLU, Defendants will either reunify the children or move them into the TVPRA sponsorship process, consistent with the intent of the parent. For 2 of the 11 children, the ACLU has been in contact with their parents for more than 28 days without providing Defendants with notice of parental intent. *See* Table 2: Reunification of Removed Class Members.

The data in Table 1 includes the additional re-categorized children referenced in the October 25, 2018 Joint Status Report, for a total of 2,667 children.[2] Table 1 also includes a new category of children with parents presently departed from the United States. This new category is included at the request of the Steering

---

[2] Defendants determined after filing the October 25, 2018 Joint Status Report that one child included in the 14 re-categorized children was already included in the children originally identified as possible children of potential class members. Accordingly, the total number of possible children of potential class members is 2,667: 2,654 children originally identified plus 13 children re-categorized.

Committee, to identify 3 children whose cases the Steering Committee has advised will be delayed due to unique circumstances.

The current reunification status for children ages 0 through 17 is further summarized in Table 1 below. The data in Table 1 reflects approximate numbers maintained by ORR at least as of November 6, 2018. These numbers are dynamic and continue to change as more reunifications or discharges occur.

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members | 103 | 2,564 | 2,667 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 96 | 2,362 | 2,458 |
| • Children discharged by being reunified with separated parent | 78 | 2,032 | 2,115 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 18 | 330 | 343 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification or is not available for discharge at this time: | 0 | 25 | 25 |
| • Parent presently outside the U.S. | 0 | 18 | 18 |
| o Steering Committee has advised that resolution will be delayed | 0 | 3 | 3 |
| • Parent presently inside the U.S. | 0 | 7 | 7 |

| | | | |
|---|---|---|---|
| ○ Parent in other federal, state, or local custody | 0 | 1 | 1 |
| ○ Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 3 | 35 | 38 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 4 | 26 | 30 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 99 | 99 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 17 | 17 |

**B. Update on Removed Class Members**

The current reunification status of removed class members is set forth in Table 2 below. The data in Table 2 includes the additional re-categorized children referenced in the October 25, 2018 Joint Status Report. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least November 6, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

18cv428 DMS MDD

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 117 | Def's. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 117 | Def's. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 117 | Def's. |
| | Children with no contact issues identified by plaintiff or defendant | 117 | Def's. & Pl.'s. |
| | Children with parent contact information provided to ACLU by Government | 117 | Def's. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 106 | Pl's. |
| | • Children whose parents waived reunification | 99 | Pl's. |
| | • Children whose parents chose reunification in country of origin | 7 | Pl's. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 11 | Pl's. |
| | • Children with voluntary departure orders awaiting execution | 0 | Def's. |
| | • Children with parental intent to waive reunification documented by ORR | 9 | Def's. |

18cv428 DMS MDD

| | | | |
|---|---|---|---|
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 2 | Pl's. |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 7 | Pl's. |
| | • Children in ORR care with orders of voluntary departure | 1 | Def's. |
| | • Children in ORR care w/o orders of voluntary departure | 6 | Def's. |
| | ○ Children in ORR care whose immigration cases were dismissed | 4 | Def's. |

## C. Update Regarding Government's Implementation of Agreement

- Number of orientation notices given: 70 families = 137 Ms.L/MMM individual class members
- Number of class members who received orientation: 70 families = 137 Ms.L/MMM individual class members
- Number of parents who received interviews: 62
- Number of CFI/RFI decisions issued by USCIS for parents: 57
- Number of children who received CFIs: 58
- Number of CF decisions issued by USCIS for children: 63

## D. Update Regarding Travel Arrangements

Defendants continue to coordinate with the ACLU Steering Committee regarding travel information for children being reunified with their parents abroad. ICE and HHS are coordinating with DOJ to provide the Steering Committee with the most up-to-date information available in a timely manner. Defendants will

continue to work to provide timely travel information and continue to invite Plaintiffs' counsel to confer with them about any concerns.

**E. Information Sharing and Reporting on Removed Parents**

The parties continue to work collaboratively on the sharing of data and information requested by Plaintiffs.

## II.   *MS. L.* PLAINTIFFS' POSITION

**A. Steering Committee Progress**

The Steering Committee has successfully contacted and confirmed the preferences of the vast majority of removed parents with respect to reunifications. The Government reported that, as of November 2, 145 children with removed parents remained in ORR custody.  The Committee has delivered preferences for the parents of 128[3] of those children, and those children are awaiting either reunification with their parents or placement with sponsors in accordance with their parent's submitted preferences.  The status of the final 17 remaining cases are specified below, in Part I.B.

---

[3]  As discussed at the October 25 status conference, in this Joint Status Report Plaintiffs are reporting a set of detailed numbers based only on the Government's most recent list of children in ORR custody with removed parents.  Previously, Plaintiffs also reported a set of numbers based on the Government's original lists of children in ORR custody with removed parents (originally numbering 414 children, and now 420, including those children of parents recently "re-categorized" as potential class members as explained by the Government in the October 25 Joint Status Report).  Plaintiffs continue to work to confirm that the placement of the children who are no longer in ORR custody conforms with the deported parents' wishes, and reserve the right to challenge and/or to seek more information regarding these placements.  Using this 420 number, the Steering Committee has reported the preferences of a total of 298 parents who have been removed from the United States following separation from their children.

| | |
|---|---|
| Removed parents identified by the Government to the Steering Committee by 11/3/18 | 145 |
| • Removed parents identified by the Government by 10/20/18 | 140 |
| • Removed parents newly identified by the Government on 10/26/18 | 5 |
| Steering Committee called phone number for parent (using a Government-provided number or a number otherwise obtained by the Steering Committee) | 145 |
| • Parents successfully reached (by phone or through NGO efforts) | 141 |
| • Parents not reached (by phone or through NGO efforts) | 4 |
| o Contact efforts ongoing | 3 |
| o Cases that the Steering Committee and Government has agreed should be set aside – see Section B below | 1 |
| Parents successfully reached (by phone or through NGO efforts) | 141 |
| • Parent's final preference has been communicated to the Government | 128 |
| o Parent has elected reunification in Country of Origin | 8 |
| o Parent has elected to waive reunification in Country of Origin | 120 |
| • Parent's final preference has not yet been communicated to the Government, but the Steering Committee is actively seeking the parent's preference | 9 |

9

| • Cases that the Steering Committee and Government has agreed should be set aside – see Section B below | 4 |
|---|---|

**B. <u>The 17 Remaining Cases</u>**

There are 17 parents, of the 145 parents in the Government's November 2 list of children in ORR custody with removed parents, for whom the Steering Committee has not yet submitted to the Government a final reunification preference.

- Five are parents who were only recently identified to the Steering Committee on October 26. Efforts to obtain those parents' preferences are underway and proceeding in the normal course.  The Steering Committee has already been in touch with four of these five parents, and expects to be able to return preferences in the normal course.

- Five are parents whom the Parties have agreed should be set aside because they involve complex and individualized circumstances that necessitate treatment outside of the Plan's usual process.[4]

- Of the remaining seven cases, this group can be broken down as follows:

  o One is a parent who speaks a rare, indigenous language.  After much effort, the Steering Committee finally located a translator who speaks this language and has obtained a preference from that parent.  We are in the process of confirming that preference with the child's counsel, and expect to return a preference shortly.

  o One is a father who we have been unable to reach, although we have been able to reach the child's mother and the child's attorney.  We are

---

[4] One of these is a parent with whom the Steering Committee has never been able to speak; the other 4 are parents whom the Steering Committee has reached.

18cv428 DMS MDD

currently discussing with the Government potential resolutions of this case.

○ One is a parent who, after much effort, we were first able to speak with a few days ago.  He and his child are currently considering their options, and we expect to be able to report a preference within a few days.

○ Two are parents who had left their country of origin and we were unable to locate as a result.  As a result of repeated searches of government databases by the Committee, we determined recently that both of these parents have returned to the United States and are in Government custody.  We are now in contact with these parents and expect to discuss their options with them and the Government within the next week.

○ One is a parent with whom we had an initial contact, but then were unable to reach for many months.  We have recently reestablished contact through his separate counsel, and are awaiting return of that preference from that counsel.

○ One is a parent whose case has been delayed, but for whom we have a preliminary preference that we expect to be confirmed within a few days.

C. **Information-Sharing**

    2.    **Coordinating Repatriations**

The Government has made efforts to provide more consistent advance notice to the Steering Committee regarding the timing of repatriations, and Commander White has been responsive to inquiries regarding particular cases.  The Steering

18cv428 DMS MDD

Committee continues to raise concerns about timely information for repatriations as they arise with the Government's counsel.

### 3.    Parents First Contacted 28 Days Or More Ago

Beginning with the September 20 status report, the Government has been reporting the number of parents with whom the Steering Committee first made contact 28 days or more ago, and for whom the Government has not yet received the parent's reunification preference.  As discussed in Section B above, the Steering Committee and the Government have agreed that certain cases should be treated differently, and the Steering Committee and the Government have agreed that such cases will be removed from the list of parents with whom the Steering Committee first made contact 28 days ago, and for whom the Government has not yet received the parent's reunification preference.  Having set those cases aside, there are now only three parents with whom the Steering Committee first made contact 28 days ago, for whom the Government has not yet received the parent's reunification preference, and for whom the Steering Committee anticipates delivering a final preference shortly.

### 4.    Removals from Government Lists

The Steering Committee continues to meet and confer with the Government to clarify the bases for which children and parents have been removed from the lists of class members or children in ORR custody previously produced by the Government, as reflected in each week's Joint Status Report. The Steering Committee's priority is to ensure that the parents' and children's interests are properly addressed and that no families are forgotten.

**MMM Counsel Position: Status of Settlement Implementation**

**A. Status of Families Detained at Dilley and Karnes**

All of the Dilley class member parents who elected to invoke the settlement procedures have received new interviews with the Asylum Office, per the settlement agreement.  These interviews were complete as of October 26, 2018.  At Karnes, 27 parent class members have completed their interviews as of this filing.[5]  However, none of these class members at Karnes or Dilley have received the results of their interview.  Credible fear and reasonable fear determinations are normally served by ICE within a few days of an interview.  Moreover, the government's last status report, filed on October 25, stated that USCIS had already "issued" 27 decisions with respect to the interviews completed at Dilley.  *See* Dkt. 291 at 8.  As noted, no such decisions have been served.  On Monday, November 5, Plaintiffs' counsel asked counsel for the government when class members could expect to receive the interview decisions.  Counsel for the government indicated that he would check and get back to Plaintiffs' counsel.  As of this filing, the government has not provided any additional information.  Any delay in implementing the results of these interviews would be inconsistent with the government's commitment (and the Court's mandate) to implement the agreement as expeditiously as possible.  Accordingly, Plaintiffs respectfully request that the government be required to serve all interview decisions that have been reached by the Asylum Office.

**B. Ongoing Reporting**

The Court previously stated that it wants the parties to provide ongoing reports with respect to the implementation of the *M.M.M./Dora/Ms. L* settlement agreement.  In the October 25, 2018 status report, Plaintiffs reported that "on October 23, Plaintiffs' counsel sent the government a list of proposed data points to track and report with respect to the implementation of the settlement agreement.  The parties plan to meet and confer on this issue early next week."  Plaintiffs raised the reporting issue with the government during a call on November 5, 2018, explaining that the parties should at least agree on what information should be tracked and reported to the Court.  However, the government has not committed to any such reporting.  Accordingly, Plaintiffs request the Court's guidance on what information the parties should report on an ongoing basis with respect implementation of the agreement.  Plaintiffs request that, at this point, the parties report on the following:[6]

- Total estimated number of parent class members
- Total estimated number of children class members
- Total number of executed parent election forms provided to the government
- Total number of executed child election forms provided to the government
- Number of parent class members who have received new fear interviews
  - Number of parents whose negative CFI/RFI determination was reconsidered
  - Number of parents whose negative CFI/RFI determination was unchanged

_____

[5] At least three more are scheduled to take place this week.

[6] Plaintiffs reserve the right to request additional reporting in the future as the focus of implementation shifts to class members who have been released.

- Number of child class members who have received fear interviews
  - Number of children who established a credible fear
  - Number of children determined not to have a credible fear
- Number of parent class members who affirmatively waived settlement procedures
- Number of child class members who affirmatively waived settlement procedures
- Number of parent and child class members who remain in detention after receiving interview decisions

14

18cv428 DMS MDD

DATED: November 8, 2018          Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*