1  MICHAEL M. MADDIGAN (SBN 163450)
2  HOGAN LOVELLS US LLP
   1999 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
   Telephone: (310) 785-4727
4  Facsimile: (310) 785-4601
   Email: michael.maddigan@hoganlovells.com

5  Attorney for *M.M.M.* Plaintiffs

6

7

8

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11                     **SAN DIEGO DIVISION**

12

| | |
|---|---|
| 13  M.M.M., on behalf of his minor child, J.M.A., et al., | Case No. 3:18-cv-1832-DMS |
| 14 | JUDGE: Hon. Dana M. Sabraw |
| 15        Plaintiffs, | DATE: November 15, 2018 |
| 16  v. | TIME: 10:30 AM COURTROOM: 13A |
| 17  Jefferson Beauregard Sessions, III, Attorney General of the United States, | |
| 18  et al., | |
| 19        Defendants. | |
| 20 | |
| 21  Ms. L, et al., | Case No. 3:18-cv-428-DMS |
| 22 | JUDGE: Hon. Dana M. Sabraw |
| 23        Plaintiffs, | DATE: November 15, 2018 TIME: 10:30 AM |
| 24  v. | COURTROOM: 13A |
| 25  U.S. Immigration and Customs Enforcement, et al., | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS** |
| 26        Defendants. | **ACTION SETTLEMENT** |
| 27 | |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTTLEMENT

**TO ALL ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, Plaintiffs in the above-caption cases hereby seek final approval of the parties' class action Settlement Agreement, which the Court preliminarily approved on October 9, 2018. *See M.M.M. v. Sessions*, Case No. 3:18-cv-1832 (S.D. Cal.), Dkt. 75. The settlement classes satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and the Settlement Agreement satisfies the requirements of Rule 23(e). Accordingly, Plaintiffs respectfully ask the Court to certify the settlement classes and grant final approval of the Settlement Agreement.

Plaintiffs' motion will be based upon this notice of motion and motion, the attached memorandum of points and authorities, and all the Court's files and records in this action. A hearing on this motion is scheduled for November 15, 2018 at 10:30 AM in Courtroom 13A.

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

November 9, 2018

**HOGAN LOVELLS US LLP**

*/s/ Michael Maddigan*
Michael Maddigan
(Cal. Bar No. 163450)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Justin W. Bernick*
Zachary W. Best*
T. Clark Weymouth*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
t.weymouth@hoganlovells.com
zachary.best@hoganlovells.com

Oliver J. Armas*
Ira M. Feinberg (Cal. Bar No. 064066)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

Katherine A. Nelson*
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

Haley K. Costello Essig*
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102-3302
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
haley.essig@hoganlovells.com

*Proposed Class Counsel for Child Class*

Aaron M. Olsen
Haeggquist and Eck LLP
225 Broadway, Ste 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
aarono@haelaw.com

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

1
2          */s/ Wilson G. Barmeyer*
           Wilson G. Barmeyer*
3          Carol T. McClarnon*
           EVERSHEDS SUTHERLAND (US)
4          LLP
           700 Sixth Street NW, Suite 700
5          Washington, DC 20001
           Telephone: (202) 383-0100
6          Facsimile: (202) 637-3593
           wilsonbarmeyer@eversheds-
7          sutherland.com

8          John H. Fleming*
           EVERSHEDS SUTHERLAND (US)
9          LLP
           999 Peachtree Street NE, Suite 2300
10         Atlanta, GA 30309
           Telephone: (404) 853-8000
11         Facsimile: (404) 853-8806
           johnfleming@eversheds-sutherland.com

12         Sirine Shebaya*
           Johnathan Smith*
13         MUSLIM ADVOCATES
           P.O. Box 34440
14         Washington, D.C. 20043
           Telephone: (202) 897-2622
15         Facsimile: (202) 508-1007
           sirine@muslimadvocates.org
16         johnathan@muslimadvocates.org

17         Simon Y. Sandoval-Moshenberg*
           Sophia Gregg*
18         LEGAL AID JUSTICE CENTER
           6066 Leesburg Pike, Suite 520
19         Falls Church, VA 22041
           Telephone: (703) 778-3450
20         Facsimile: (703) 778-3454
           simon@justice4all.org
21         sophia@justice4all.org

22         *Proposed Class Counsel for Parent
           Class*
23
           Lee Gelernt*
24         Judy Rabinovitz*
           Anand Balakrishnan*
25         Stephen Kang *
           Spencer Amdur
26         Daniel Galindo
           AMERICAN CIVIL LIBERTIES
27         UNION FOUNDATION
           125 Broad St.
28         18th Floor

- 4 -          PLAINTIFFS' NOTICE OF MOTION AND
               MOTION FOR FINAL APPROVAL OF CLASS
               ACTION SETTLEMENT

New York, NY 10004
Telephone: (212) 549-2660
Facsimile: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Proposed Counsel For Class Members*
*Who do not Meet the Physical Presence*
*Requirement*
*\*Admitted Pro Hac Vice*

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the foregoing NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, with the Clerk of the Court through the ECF system on November 9, 2018.  This system provided a copy to and effected service of this document on all parties.

Dated:      November 9, 2018           HOGAN LOVELLS US LLP


                                       By:   /s/ Michael Maddigan
                                       Michael Maddigan
                                       Attorneys for Plaintiff

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

MICHAEL M. MADDIGAN (SBN 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
Email: michael.maddigan@hoganlovells.com

Attorney for *M.M.M.* Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendants. | Case No. 3:18-cv-1832-DMS <br><br> JUDGE: Hon. Dana M. Sabraw <br><br> DATE: November 15, 2018 <br> TIME: 10:30 AM <br> COURTROOM: 13A |
| Ms. L, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendants. | Case No. 3:18-cv-428-DMS <br><br> JUDGE: Hon. Dana M. Sabraw <br><br> DATE: November 15, 2018 <br> TIME: 10:30 AM <br> COURTROOM: 13A <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

# I.   INTRODUCTION[1]

The proposed settlement agreement ("the Agreement"), *see* Ex. 20 (Settlement Agreement), arises out of several lawsuits involving the separation of certain alien parents and their children at or near the U.S. border: *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF (D.D.C.), *Ms. L v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), and *Dora v. Sessions*, Case No. 18-cv-1938 (D.D.C.). Among other things, these lawsuits challenge the separation of certain parents from their minor children, and allege that Defendants failed to provide an adequate opportunity for Plaintiffs to seek asylum or other protection from removal upon arrival in the United States. The Agreement contemplates certification of separate classes of parents and their children (described in detail below) (the "Settlement Classes").

Under the Agreement, Defendants will provide various procedures to enable members of the Settlement Classes to seek asylum and/or other protection from removal. Parents or children who seek to waive their rights under the Agreement and be promptly removed to their country of origin have the right and ability to do so. In such a case, the parent or child will not be eligible for any relief under the Agreement. In return, the *M.M.M.* class members and *Dora* Plaintiffs agree to dismiss their existing cases in the District of Columbia; the *M.M.M.* class members agree to refrain from seeking preliminary injunctive relief in their pending litigation in the Southern District of California; and all class members agree to refrain from additional litigation seeking immigration- or asylum-related injunctive, declaratory, or equitable relief arising from the facts set forth in the *Ms. L*, *M.M.M.*, and *Dora*

---

[1]    Defendants do not oppose the request for relief contained in this memorandum or the entry of the proposed order filed herewith. However, Defendants do not join in the memorandum itself, and do not agree with all of the arguments and characterizations contained herein. To the extent any disputes arise over the Agreement or implementation, the text of the Agreement, and not any characterizations of the Agreement contained in this memorandum, controls.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 2 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

complaints relating to those parents and children covered by this plan and accruing as of the date this Agreement is approved by the Court, including statutory claims.

Having received preliminary approval of the Agreement on October 9, 2018, Plaintiffs now request that the Court issue an order granting final certification of the proposed Settlement Classes and final approval of the Agreement. The Agreement qualifies for final approval, as described below, and the proposed Settlement Classes qualify for certification under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The Agreement provides the Settlement Classes with the equitable relief they seek, including access to procedures for applying for asylum or other protection from removal, and the form and plan of notice provided the best 0notice that is practicable under the circumstances. The Court should therefore certify the proposed Settlement Classes and grant final approval of the Agreement.

## II.  BACKGROUND

### a.  *Ms. L* and *Dora* Cases

The *Ms. L* plaintiffs are two parents who were separated from their minor children at or near the U.S. border with Mexico and who sought injunctive relief on behalf of themselves and a class of similarly situated parents. On June 26, 2018, this Court certified a class of parents (the "*Ms. L* Class Members"), defined as:

> All adult parents who entered the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the [Department of Homeland Security ("DHS")], and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child.

The class does not include "migrant parents with criminal history or communicable disease, or those who are in the interior of the United States or subject to the [Executive Order]." Order Granting in Part Pls.' Mot. for Class Certification at 17 n.10, *Ms. L v. ICE*, No. 18-428, ECF No. 82 (S.D. Cal. June 26, 2018) [hereinafter "*Ms. L* Class Cert. Order"].

On June 26, 2018, the Court entered a class-wide preliminary injunction that,

in relevant part, enjoined the government from detaining *Ms. L* Class Members in DHS custody without and apart from their minor children, absent a determination that the parent is unfit or presents a danger to the child, unless the parent affirmatively, knowingly, and voluntarily declines to be reunited with the child in DHS custody, and further ordered the reunification of *Ms. L* Class Members already separated. *See* Order Granting Pls.' Mot. for Classwide Prelim. Inj. at 22–24, *Ms. L v. ICE*, No. 18-428, ECF No. 83 (S.D. Cal. June 26, 2018).

In a case filed in the District of Columbia, *Dora v. Sessions*, Case No. 1:18-cv-1938 (D.D.C.), twenty-nine named plaintiffs alleged that their separation from their children denied them a meaningful opportunity to apply for asylum protection. *See generally* Compl., *Dora v. Sessions*, Case No. 1:18-cv-1938, ECF No. 5 (D.D.C. Aug. 17, 2018). The *Dora* plaintiffs went through credible fear interviews ("CFI") while separated from their children and received negative determinations. As a result of the negative determinations, the *Dora* plaintiffs were subject to removal pursuant to expedited removal orders. In *Dora*, the plaintiffs alleged that the trauma caused by their family separation deprived them of a reasonable opportunity to articulate a credible fear, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, the Immigration and Nationality Act (the "INA"), the Rehabilitation Act, and the Administrative Procedure Act (the "APA"). The *Dora* plaintiffs sought an injunction declaring the government's policies to be unlawful and allowing them to receive new CFIs upon reunification with their children.  As part of the settlement process, two named plaintiffs from the *Dora* action were added as plaintiffs in the *Ms. L* action pending before this Court.

### b.  The *M.M.M.* Case

The *M.M.M.* plaintiffs are six children who were separated from their parents, *Ms. L* class members, as a result of their parents' referral for criminal prosecution under the government's Zero-Tolerance Policy. The *M.M.M.* plaintiffs

(and the proposed Settlement Class of other similarly situated children) allege that they were not given an opportunity to apply for asylum if their parents were subject to final removal orders and elected to be reunified with their children, even following reunification with their parents. In particular, the U.S. government took the position that a parent's decision to be reunified with their child for removal, as indicated on an "election form," meant that the parent had waived the child's right to independently pursue a claim for asylum. *See generally* Compl. for Declaratory and Injunctive Relief, *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF, ECF No. 4 (D.D.C. July 27, 2018).

The *M.M.M.* plaintiffs filed a class-action complaint seeking injunctive relief on behalf of a putative class consisting of "all non-citizens under the age of 18 who were separated from their parents or guardians upon (or after) entry into the United States and who are, have been, or will be detained by the U.S. government at any age since January 1, 2018." *Id.* at 33. The Complaint alleged four causes of action arising under the Due Process Clause of the Fifth Amendment to the United States Constitution, 28 U.S.C. § 1361, the APA, and 8 U.S.C. § 1252(e)(3). *Id.* at 34–40.

The *M.M.M.* complaint was originally filed in the U.S. District Court for the District of Columbia on July 27, 2018 before Judge Paul Friedman. Judge Friedman entered an order severing Counts I–III of the *M.M.M.* complaint and transferring those claims to this Court, and retained jurisdiction over Count IV because the D.C. District Court has exclusive jurisdiction over claims arising under 8 U.S.C. § 1252(e)(3). *See* Order, *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF, ECF No. 24 (D.D.C. Aug. 3, 2018). This Court entered a temporary restraining order ("TRO") staying the removal of all putative class members and their parents pending resolution of their preliminary injunction motion. *See* Order Granting Pls.' Mot. for TRO, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No. 55 (S.D. Cal. Aug. 16, 2018). In entering the TRO, the Court found that the plaintiffs were likely to succeed on the merits because Section 235 of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1225, sets forth a "nondiscretionary duty" to provide a CFI to any alien subject to expedited removal who indicates a fear of returning to their country of origin. *See id.* at 9. The Court rejected the government's argument that plaintiffs' rights to seek asylum or other protection from removal had been waived by their parents' decision to sign the election form. *Id.* at 10–11. The Court expressed a preliminary view that plaintiffs' "asylum claims would be more appropriately addressed under § 235 since Plaintiffs were not truly 'unaccompanied' minors warranting removal proceedings under § 240," but reserved final ruling on this issue. *Id.* at 16 n.8. The Court directed the parties to "meet and confer and propose a solution—one which follows the law, and is equitable and reflective of ordered governance." *Id.* at 16. Per the Court's instruction, counsel for Defendants and the *Ms. L*, *M.M.M.*, and *Dora* Plaintiffs met and conferred extensively over the ensuing four weeks. After extensive negotiation, the parties reached a final agreement on September 12, 2018. Plaintiffs submitted their unopposed motion for preliminary approval for the proposed settlement on October 5, 2018, and the Court issued an order granting the motion for preliminary approval on October 9, 2018. *See* Unopposed Mot. for Prelim. Approval of Proposed Settlement, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No. 73 (S.D. Cal. Oct. 5, 2018); Order Granting Prelim. Approval of Proposed Settlement, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No. 75 (S.D. Cal. Oct. 9, 2018) [hereinafter "Order Granting Prelim. Approval"].

### c. Material Terms of the Settlement

The first part of the Agreement contemplates certification of the Settlement Classes of parents and children. The parent Settlement Class is defined as:

> All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.

The class of children is defined as follows:

All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

The Agreement provides significant benefits to the members of the proposed classes. The procedural mechanisms vary depending on the class members' circumstances and do not affect the right of *Ms. L* Class Members to seek reunification pursuant to the Court's preliminary injunction during these processes. In particular, the Agreement provides the following relief:

- For parent class members who have final expedited removal orders, USCIS will exercise its discretionary authority to *sua sponte* conduct a good faith, *de novo* review of the parent's negative credible fear finding. For the limited purpose of this Agreement, the review process will include an opportunity to meet with an asylum officer for additional fact-gathering, and the parent will have the opportunity to present additional information that was not provided during their original CFI. Children will be treated as the parents' dependents under 8 C.F.R. § 208.30(b).[2]

   o Based on that interview, USCIS may reconsider the parent's negative credible fear finding. If USCIS does so, both the parent and the child will be issued notices to appear ("NTA") and placed in removal proceedings under Section 240.

   o If USCIS does not reconsider the parent's negative credible fear finding, USCIS will provide the child with a CFI. The parent will be permitted to assist the child in the interview and offer testimony on the child's behalf. If the child establishes a credible fear during his or her interview, then both the child and the parent will be issued NTAs and be placed into removal proceedings under Section 240, notwithstanding the parent's negative credible fear finding.

---

[2]   In addition, references to "class" or "class member" in the Settlement Agreement include any parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified.

- For detained parents with reinstated removal orders, USCIS will exercise its discretionary authority to *sua sponte* conduct a good faith de novo review of the parent's negative reasonable fear finding. For the limited purpose of this Agreement, the review process will include an opportunity to meet with an asylum officer for additional fact-gathering, and the parent will have the opportunity to present additional information that was not provided during their original reasonable fear interview ("RFI"). The child will be, as described below, placed into expedited removal and screened for credible fear.

  - If the parent establishes that he or she can meet the reasonable fear standard, the parent will be referred for withholding-only proceedings.

  - Regardless of the parent's ability to establish a reasonable fear upon further review, the parent's child will be provided a CFI. The parent will be permitted to assist the child in the interview and offer testimony on the child's behalf. If the child establishes a credible fear, then the child will be issued an NTA and placed in removal proceedings under Section 240. The parent will remain in withholding-only proceedings if the parent's reasonable fear finding is changed to positive.

- For children who are currently detained with their parents, and whose parents have received a final order of removal after going through removal proceedings under Section 240, and the child is an arriving alien or was initially encountered within fourteen days of entry and one hundred miles of the border, the child will be placed into expedited removal. If the child asserts or has already asserted an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, he or she will be provided with the same credible fear process described above. If the child establishes a credible fear, the child will be issued an NTA and be placed into Section 240 proceedings, and the government will move to reopen the parent's Section 240 proceedings and consolidate them with the child's.

- For children who have been reunited with their parents and are detained, ICE will either exercise its discretion to cancel any issued NTA or will file a joint motion to dismiss any pending immigration proceedings, and will, upon a finding that the child is an arriving alien or was initially encountered within fourteen days of entry and one hundred miles of the border, initiate expedited removal proceedings against the child. If the child asserts or has already asserted an intention to apply for asylum or a fear of persecution or torture, the child will be referred to USCIS for a CFI.

- For parents and children who have been released and were issued NTAs, such parents and children cannot be removed unless and until they receive final orders of removal after going through Section 240 removal proceedings.

- For parents and children who have been released, are not subject to final orders of removal, and are not in Section 240 proceedings, such parents and children can affirmatively apply for asylum and USCIS will adjudicate the application regardless of whether an unfiled NTA exists.

- If a child has received a final removal order prior to reunification, the government will join a motion to reopen the Section 240 proceedings if requested within forty-five days of court approval of the agreement. Counsel

for the plaintiffs and the government will work together in good faith to identify any such children within fifteen days of approval of the agreement.

- For children who have not been reunified, they will maintain their classification as "unaccompanied alien children" and will receive the various procedures to which they are entitled, unless and until they are reunified with their parent, at which point the procedures described in the proposed settlement will apply.

The second part of the Agreement reflects the parties' agreement with regard to individuals who fit the parent class description as defined above, but who have been removed from the United States, as well as the rights of members of the children class whose parents have been removed.[3] For those individuals, the parties' agreement is as follows:

- The Agreement states that the government does not intend or agree to return any removed parent to the United States. For parents who were removed without their child, Plaintiffs' counsel may raise with the government individual "rare and unusual" cases in which Plaintiffs' counsel believes the return of a particular removed *Ms. L* Class Member may be warranted. Plaintiffs' counsel will present any such cases, including all evidence they would like considered by the government within thirty days of court approval of the Agreement. Defendants will provide a reply to any case presented by Plaintiffs within thirty days of receiving Plaintiffs' request to consider the case.

- For the children of removed parents who choose to remain in the United States and seek asylum or other protection from removal, the government will not oppose requests that the removed parent provide testimony or evidence telephonically or in writing in the child's asylum or removal proceedings. In addition, ICE attorneys appearing in immigration court (1) will not object to the admission of documentary evidence (such as photocopied, scanned, or faxed documents) provided by the removed parent on the grounds that such documentary evidence does not bear an original signature or is not an original copy (ICE reserves the right to object based on other grounds); and (2) will not object to telephonic participation by the parent in the child's Section 240 removal proceedings provided that the alien (and his or her legal representative, if applicable) make appropriate motions to the immigration judge to permit telephonic testimony in advance of any merits hearing, that the alien is responsible for providing accurate contact information to permit the immigration judge to make contact with the parent, and that the parent's unavailability and faulty connections or other technological impediments may not serve as the basis for delaying scheduled hearings.

---

[3] For purposes of this section of the Agreement, the class definitions are the same as described above, except that the requirements of continuous physical presence do not apply, since this section addresses removed parents.

If the proposed settlement becomes final, class members will be prohibited from pursuing "any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L*, *M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by the Court, including statutory claims." The proposed settlement does not release claims for money damages, nor does it release claims for injunctive, declaratory, or equitable relief that are not immigration-or asylum-related, or claims that are not based on the allegations made in the *Ms. L*, *M.M.M.*, or *Dora* complaints.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(e), "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Settlements must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In the Ninth Circuit, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The decision to approve of a final settlement rests in "the sound discretion of the trial judge." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).

"Court approval requires a two-step process: (1) preliminary approval of the settlement; and (2) following a notice period to the class, final approval of the settlement at a fairness hearing." *Nwabueze v. AT&T Inc.,* No. 09-01529-SI, 2013 WL 6199596, at *3 (N.D. Cal. Nov. 27, 2013). At final approval, the court first "determines that notice to the class members was accomplished in the manner prescribed by the settlement and as approved by the Court at the preliminary approval stage." *Cancilla v. Ecolab, Inc.,* No. 12-cv-03001-JD, 2016 WL 54113, at *3 (N.D. Cal. Jan. 5, 2016). The court then analyzes whether it should confirm final

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

certification of any class preliminarily certified for settlement. *Rosado v. Ebay Inc.*, No. 5:12-cv04005-EJD, 2016 U.S. Dist. LEXIS 80760, at *4 (N.D. Cal. June 20, 2016).

Finally, "[h]aving already completed a preliminary examination of the agreement, the court reviews it again, mindful that the law favors the compromise and settlement of class action suits." *Id*. In doing so, it seeks to determine if the settlement is fair, reasonable, and adequate. *Id*. The court should "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

## IV.   ANALYSIS

### a.  Plaintiffs Provided Both Direct and Indirect Notice to the Class.

Consistent with the notice plan approved by the Court, Plaintiffs effectuated class notice by mailing the Court-approved notice and Agreement to released class members where feasible, hand-delivering the notice and Agreement to the Settlement Class members in family detention, and sending the notice and Agreement to dozens of non-profit organizations that regularly work with alien families.

*First*, with respect to direct notice, the Agreement and Court-approved notice form were mailed to all non-detained Settlement Class members for whom ICE had address information.  *See* Ex. 21 (Declaration of Brian A. Pinkerton).  Following preliminary approval, ICE provided Plaintiffs with the names, A-numbers, and addresses for Settlement Class members who had been released from DHS or ORR custody. Plaintiffs provided this information to a third-party administrator, Epiq,

which has extensive experience in processing and mailing class notice. *Id.* ¶ 2, 4–5. Using data provided by ICE, Epiq determined the most recent address available for each Settlement Class member. *Id.* ¶ 6. Epiq identified potential mailing addresses for 3,000 class members whose status indicated they had not departed the country. *Id.* Epiq mailed the Agreement and notice form to each of these potential class members on October 19, 2018. *Id.* ¶ 8.

In addition, class notice was hand-delivered to Settlement Class members currently detained at the family residential centers in Karnes and Dilley, Texas (the two family residential centers where reunified families are being detained in ICE custody). *See* Ex. 22 (Declaration of Zachary W. Best) at ¶¶ 10–11. The notice was provided to all class members at Dilley by October 11, 2018, and to the vast majority of class members at Karnes by October 11, 2018.[4] *Id.*

*Second*, in addition to the direct notice described above, Plaintiffs provided indirect notice by disseminating the Agreement and Court-approved notice form to dozens of organizations and entities that are likely to represent (or have represented) members of the Settlement Class. Plaintiffs' counsel disseminated the Agreement and notice form to the Association of Pro Bono Counsel,[5] a private list-serve of organizations and individuals who have been providing legal and other services to individuals affected by family separation,[6] and the over 100 organizations listed in Exhibit 14 to Plaintiffs' motion for preliminary approval.[7]

---

[4]    The remaining minority of class members at Karnes were provided with notice over the course of approximately the following week, as they became accessible to the Refugee and Immigrant Center for Education and Legal Services (RAICES) in visitation. Ex. 22 at ¶ 11. Employees of RAICES delivered the notice to Settlement Class members detained in Karnes, Texas. *Id.* Employees of the Dilley Pro Bono Project delivered the notice to Settlement Class members detained in at the South Texas Family Residential Center in Dilley, Texas. *Id.*

[5]    T. Clark Weymouth, Plaintiffs' counsel in *M.M.M.* and a member of the Association of Pro Bono Counsel, e-mailed notice to the list-serve and posted the notice to the Association's SalesForce site on October 11, 2018. *Id.* ¶ 4.

[6]    Manoj Govindaiah e-mailed the notice and Agreement to the list-serve on October 11, 2018. Ex. 22 at ¶ 6.

[7]    Ashley Johnson, a paralegal with Hogan Lovells, e-mailed the notice. Ex. 22

*Id.* ¶¶ 3-6.  Notice was provided to these organizations on October 11, 2018, within 48 hours of the Court granting preliminary approval.  *Id.*

Plaintiffs' counsel have also conducted other outreach to interested organizations since the Agreement was preliminarily approved. For example, on October 19, 2018, Plaintiffs' counsel worked with the Catholic Legal Immigration Network, Inc. (CLINIC) to host a webinar entitled "What You Need to Know About the *Dora v. Sessions*, *Ms. L v. ICE*, and *M.M.M. v. Sessions* Preliminary Settlement Agreement." *Id.* ¶ 7. Relevant organizations were notified of the webinar through a variety of list-serves and networks containing organizations that provide direct legal representation to aliens like Settlement Class members.  Over 400 people accepted registered for the webinar. *Id.* In partnership with CLINIC, Plaintiffs' counsel utilized the webinar to explain the Agreement in detail and answer attendees' questions about the Agreement.[8] *Id.*

Thus, the notice provided satisfies the Advisory Committee's standards for effecting class notice under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *Russell v. Kohl's Dep't Stores, Inc.*, No. 16-56493, 2018 WL 5793450, at *1 (9th Cir. Nov. 5, 2018) ("Federal Rule of Civil Procedure 23(c) requires the best notice practicable under the circumstances, not actual notice to every class member."); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir.), *cert. denied sub nom. ConAgra Brands, Inc. v. Briseno*, 138 S. Ct. 313(2017) ("when individual

---

at ¶ 5. Plaintiffs' counsel was not able to locate an e-mail address for one entity on the list: Nebraska Immigration Legal Assistance Hotline (NILAH). *See id.*

[8]     Fourteen of the 35 legal service providers (LSPs) listed in the motion for preliminary approval were inadvertently left off of the October 11, 2018 communications described above. Ex. 22 at ¶ 8. Six of the 14 were invited to the October 19, 2018 webinar, and employees from five of those six registered for the webinar. *Id.* Of the remaining eight, one LSP was already aware of the settlement, three did not have clients who would be affected by the settlement, and one did not have any clients who were members of the settlement classes. *Id.* ¶ 9. Plaintiffs' counsel made multiple attempts to contact the other three organizations by phone and e-mail on November 5-7, 2018, including e-mails attaching the Court-approved notice and Agreement and inviting questions, but as of this filing have not received a response. *Id.*

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

notice by mail is 'not possible, courts may use alternative means such as notice through third parties.'" (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)).[9]

**b. The Court Should Confirm Its Initial Finding That the Requirements of Rule 23(a) Are Satisfied.**

Rule 23(a) provides four baseline requirements for certifying a class: numerosity, commonality, typicality, and adequacy. As the Court concluded in the Order Granting Preliminary Approval, all four requirements are satisfied here. *See M.M.M.* Dkt. No. 75 at 3.[10] Both Settlement Classes should be certified.

*Numerosity.* Each Settlement Class satisfies the numerosity requirement under Rule 23(a)(1) because the members of the Settlement Classes are "so numerous that joinder is impracticable." *Id.*; *see also* Fed. R. Civ. P. 23(a)(1). Although a specific minimum number of class members is not required, *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994), "courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 183 (N.D. Cal. 2015). Moreover, where a plaintiff seeks injunctive and declaratory relief, as the Settlement Classes do here, the numerosity requirement is "relaxed" and the court may infer from plaintiffs' other evidence "that the number of unknown and future members of [the] proposed []class . . . is sufficient to make joinder impracticable." *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 586 (C.D. Cal. 2012) (quoting *Sueoka v. United States*, 101 Fed. App'x 649,

---

[9]      "When the court does direct certification notice in a (b)(1) or (b)(2) class action, the discretion and flexibility established by subdivision (c)(2)(A) extend to the method of giving notice. Notice facilitates the opportunity to participate. Notice calculated to reach a significant number of class members often will protect the interests of all.  Informal methods may prove effective." Fed. R. Civ. P. 23(c)(2) (2003 Advisory Committee Notes).

[10]      Unless otherwise noted docket entry citations that follow refer to documents filed in *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.).

653 (9th Cir. 2004)).

The numerosity requirement is easily satisfied for the Settlement Classes. The parent class includes hundreds of parents. *Cf. Ms. L* Class Cert. Order at 8 n.7. The child class is necessarily at least as large because it includes the children of all parents who are in the parent class. Both Settlement Classes therefore satisfy the numerosity requirement.

**Commonality.** The Settlement Classes satisfy the second element of Rule 23(a): that "there are issues of law and fact common to the Settlement Classes." *M.M.M.* Dkt. No. 75 at 3; Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where the plaintiff alleges the existence of a "common contention" that is "capable of classwide resolution[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The commonality requirement has "'been construed permissively,' and '[a]ll questions of fact and law need not be common to satisfy the rule.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Indeed, "commonality only requires a single significant question of law or fact[,]" *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (citing *Dukes*, 564 U.S. at 359), and that is particularly so where a suit "challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The Settlement Classes fulfill the commonality requirement because they present claims that raise common questions of fact and law. With respect to the parent class, the claims raise the common question of whether separation of parents and children at the border deprived those individuals of a meaningful opportunity to pursue asylum claims, in violation of the Due Process Clause of the Fifth Amendment and other federal laws.[11] This claim is common to all parent class

---

[11]     In *Dora v. Sessions*, 1:18-cv-1938 (D.D.C. 2018), these parents alleged that

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

members, and this Court previously found that due process claims arising from the separation raise common questions sufficient to satisfy the commonality requirement. *See Ms. L* Class Cert. Order at 12–13 (quoting *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) ("'[P]olicies and practices are the 'glue' that holds together the putative class . . . ; either each of the policies and practices is unlawful as to every inmate or it is not. That inquiry does not require us to determine the effect of those policies and practices upon any individual class member (or class members) or to undertake any other kind of individualized determination.'")). As the Court acknowledged in its prior class certification order in *Ms. L*, the reasoning in *Parsons* is applicable to the current matter. As a result, the due process claims are sufficiently common to satisfy Rule 23(a)(2)'s permissive standard regarding commonality. *See Mazza*, 666 F.3d at 589.

Likewise, claims brought by members of the child class present the common central legal question of whether the Government's separation of parents and children—and removal of the parent and child together following reunification without providing the child with an independent opportunity to apply for asylum— violated the Due Process Clause of the Fifth Amendment and other federal laws. These common legal questions include: (1) whether class members can be removed before receiving an opportunity to seek asylum or otherwise assert defenses to removal; (2) whether their parents can and did waive their rights to seek asylum; (3) what process, if any, is due prior to removal; and (4) whether class members have a right to be accompanied by their parent as they go through that process. Commonality is therefore satisfied. *Cf. Parsons*, 754 F.3d at 678 (finding commonality and noting "although a presently existing risk may ultimately result in different future harm for different inmates—ranging from no harm at all to death—

---

they were deprived of meaningful access to apply for asylum, in violation of due process, the Rehabilitation Act (29 U.S.C. § 701), the Administration Procedure Act, and the Immigration and Nationality Act.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  every inmate suffers exactly the same constitutional injury when he is exposed to a

2  single statewide ADC policy or practice that creates a substantial risk of serious

3  harm.").

4      ***Typicality.*** The Settlement Classes also meet Rule 23(a)'s typicality

5  requirement. *See M.M.M.* Dkt. No. 75 at 3–4 ("[T]he claims of the named Plaintiffs

6  in *M.M.M.* and *Ms. L* are typical of the claims of the Settlement Class

7  Members . . . ."). Typicality focuses on the relationship of facts and issues between

8  the class and its representatives. "[R]epresentative claims are 'typical' if they are

9  reasonably co-extensive with those of absent class members; they need not be

10 substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether

11 other members have the same or similar injury, whether the action is based on

12 conduct which is not unique to the named plaintiffs, and whether other class

13 members have been injured by the same course of conduct." *Hanon v.

14 Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal

15 quotation marks omitted). The typicality requirement will occasionally merge with

16 the commonality requirement. *See Parsons*, 754 F.3d at 687.

17      The typicality requirement is met for the parent class. This Court previously

18 found the typicality element was satisfied for the class of *Ms. L* plaintiffs because:

19 (1) the named plaintiffs and absent class members were subject to the same

20 practice—family separation; (2) the due process claims raised by the plaintiffs and

21 the absent class members were the same; and (3) the plaintiffs and absent class

22 members suffered the same or similar injury. *See Ms. L* Class Cert. Order at 14. Just

23 as with the issues raised by the named plaintiffs in *Ms. L*, the proposed named

24 plaintiffs and parent Settlement Class members share a set of legal claims—that the

25 parent class members were deprived of a meaningful opportunity to pursue asylum

26 or other protection from removal. Similarly, the alleged injury—denial of the right

27 to a meaningful opportunity to pursue asylum procedures or other protection from

28 removal—is the same for all class members. Accordingly, the typicality

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 17 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

requirement is met.

The typicality requirement is also met for the child class, because the claims of the *M.M.M.* plaintiffs are "reasonably co-extensive" with the claims of members of the child Settlement Class. As noted above, all members of the child Settlement Class were separated from their parents and were subsequently subject to reunification with their parents, leaving their ability to seek asylum in doubt to the extent their parents had received any removal order during the period of separation and selected the option of being reunified via an "election form." All class members thus were at risk of the same or similar injury (i.e., being removed without an opportunity to seek asylum). Because the action is not based on conduct unique to the named plaintiffs, and because all class members were subject to the same course of conduct, typicality is satisfied for the child class.

***Adequacy.*** The Settlement Classes satisfy the final requirement of Rule 23(a): adequacy. As the Court previously concluded, "Plaintiffs and the proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class Members." *M.M.M.* Dkt. No. 75 at 4; *see also* Fed. R. Civ. P. 23(a)(4).

The adequacy requirement is satisfied "if the proposed representative plaintiffs do not have conflicts of interest with the proposed class and are represented by qualified and competent counsel." *Kamakahi*, 305 F.R.D. at 184. Class counsel are deemed qualified when they can establish their experience in previous class actions and cases involving the same area of law. *Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984), *aff'd* 747 F.2d 528 (9th Cir. 1984), *amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985).

The parent Settlement Class fulfills the adequacy requirement. Class counsel for the parent Settlement Class are attorneys from a prominent law firm and with expertise in class actions, together with attorneys from non-profit organizations that specialize in civil rights and immigration law. *See* Dkt. No. 73 at 40–52. Collectively, these attorneys have extensive background in litigating class actions,

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 18 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

and have extensive experience in the underlying issues of immigration law, constitutional law, and administrative law. *See id.*; Dkt. No. 75 at 4. Furthermore, as this Court noted, the named plaintiffs will fairly and adequately protect the interests of the parent Settlement Class. *See id.* at 4. Named plaintiffs' interests are aligned with the parent Settlement Class: Plaintiffs have alleged—on behalf of themselves and the parent Settlement Class—that the family separation impacted their ability to meaningfully pursue asylum rights.

As discussed above, there is a group of parents identified in the Agreement consisting of the same parent class definition, except that the requirements of continuous physical presence in the United States do not apply. All parents are members of the certified *Ms. L* class. Class counsel for the *Ms. L* Plaintiffs will continue to act as class counsel for the reunification claims for all parents, including the reunification claims of these parents.

The child Settlement Class similarly satisfies the adequacy requirement. Class counsel are attorneys from a prominent law firm with expertise in class actions who have been working closely with attorneys from non-profit organizations that specialize in immigration law and in representing individuals and families in immigration proceedings. *See M.M.M.* Dkt. No. 73 at 54–59. Collectively, these attorneys have extensive background in litigating class actions, and have extensive experience in the underlying issues of immigration law, constitutional law, and administrative law. *Id.*; *M.M.M.* Dkt. No. 75 at 4. The attorneys have prosecuted the *M.M.M.* case vigorously on behalf of the child Settlement Class, pursuing the interests of *M.M.M.* plaintiffs and class members in securing injunctive relief that will allow them to pursue asylum with the assistance of their parents. *Cf. Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (adequacy satisfied when "the district court specifically found that the attorneys for the class representatives were well qualified and that the class representatives themselves were adequate because they were not antagonistic to the interests of the

class and were 'interested and involved in obtaining relief.'"). In addition, the interests of the *M.M.M.* named plaintiffs and the child Settlement Class are aligned. *See M.M.M.* Dkt. No. 75 at 4 ("[T]he interests of the Settlement Class Representatives are consistent with those of Settlement Class Members . . . ."). All class members, including the *M.M.M.* plaintiffs, have been subjected to a similar course of conduct and have a strong interest in (1) securing meaningful access to asylum procedures, and (2) securing their parents' assistance with those procedures. That is exactly the interest the *M.M.M.* plaintiffs have represented in this case.

Both Settlement Classes should be certified because they fulfill the four factors under Rule 23(a).

### c. The Court Should Confirm its Initial Finding That the Requirements of Rule 23(b)(2) Are Satisfied.

Both Settlement Classes similarly satisfy the requirements for class certification under Rule 23(b)(2). As the Court described in its order granting preliminary approval, class certification under Rule 23(b)(2) is appropriate "because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Classes as a whole." *M.M.M.* Dkt. No. 75 at 4; *see also* Fed. R. Civ. P. 23(b)(2).

The Rule 23(b)(2) inquiry is circumscribed; it "does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries." *Parsons*, 754 F.3d at 688. Thus, "Rule 23(b)(2)'s requirement that a defendant have acted consistently towards the class is plainly more permissive than 23(b)(3)'s requirement that questions common to the class predominate over individual issues." *Pecover v. Elec. Arts Inc.*, No. 08-2820-VRW, 2010 WL 8742757, at *14 (N.D. Cal. Dec. 21, 2010). It is "'almost automatically

satisfied in actions primarily seeking injunctive relief.'" *Gray v. Golden Gate Nat'l Rec. Area*, 279 F.R.D. 501, 520 (N.D. Cal. 2011) (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)).

Rule 23(b)(2) is met here for both Settlement Classes. Both the *M.M.M.* plaintiffs and the *Ms. L* and *Dora* plaintiffs have sought relief from Defendants' policies that resulted in family separation, which were applied to the classes as a whole, and which they contend denied Plaintiffs and class members with a reasonable opportunity to pursue asylum or other protection from removal. Defendants thus acted on grounds that "apply generally to the class." Through litigation in *M.M.M.* and *Ms. L/Dora*, Plaintiffs sought to enjoin the government from further unlawful interference with Plaintiffs' and the absent class members' right to pursue asylum or other protection from removal, and the proposed settlement plan resolves these claims for the class "as a whole" by seeking to restore each class member to a position that reasonably approximates the position each class member would have occupied but for the Defendants' conduct. Both Settlement Classes should be certified because they satisfy Rule 23(b)(2).

### d. The Settlement is Fair, Reasonable, and Adequate and Should be Approved by the Court.

Federal Rule of Civil Procedure 23(e) "'requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate.'" *In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 944 (9th Cir. 2015) (citations omitted). "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto. Ins. Co.,* No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010).

When deciding whether to approve a proposed class action settlement, the Court may consider some or all of eight factors:

> [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Rodriguez*, 563 F.3d at 963 (citation and internal quotation marks omitted). Analysis of applicable factors weighs in favor of final approval of the settlement as a good-faith, reasonable, and non-collusive agreement.

### 1. Strength of the Plaintiffs' case

The Court has recognized the merits of Plaintiffs' cases multiple times throughout the life of this combined litigation. The Court granted the *Ms. L* Plaintiffs' motion for a preliminary injunction, finding that the Plaintiffs established a likelihood of success on the merits that the separation of parents from their children violated the Plaintiffs' substantive due process rights to family unity. *See* Order Granting Pls.' Mot. for Classwide Prelim. Inj. at 17, *Ms. L v. ICE*, Case No. 3:18-cv-428-DMS, Dkt. No. 83 (S.D. Cal. June 26, 2018). In *M.M.M.*, the Court issued a temporary restraining order, finding a likelihood of success on the merits of Plaintiffs' claim that the Government must provide them with an opportunity to apply for asylum independent of their parents. *See M.M.M.* Dkt. No. 55 at 12. Despite the strength of their case, Plaintiffs are mindful of the potential difficulty of prevailing on the merits, given the jurisdictional and other defenses asserted by the government. This factor therefore weighs in favor of approval.

## 2. Risk, expense, complexity, and likely duration of further litigation

Further litigation would present significant risks, complexity, and burdens on both sides. Defendants have raised complex jurisdictional and procedural defenses, contested the merits of Plaintiffs' claims, and disputed whether Plaintiffs' requested relief is an appropriate remedy for the harms alleged. Moreover, because of the unique jurisdictional requirements of claims under 8 U.S.C. § 1252(e)(3), the parties are currently involved in litigation in two separate district courts on the opposite ends of the country. If settlement were not approved, the parties would face complex, lengthy, and burdensome litigation, all while some members of the Settlement Classes are detained in family detention centers.

In contrast, the proposed settlement provides significant, meaningful, and certain relief to members of both proposed classes, and it does so expeditiously. Members of the Settlement Classes are vulnerable parents and children, many of whom are subject to final removal orders. The detained members of the Plaintiff Classes are particularly interested in obtaining finality in their removal proceedings to avoid prolonging their custody. The Agreement provides meaningful relief that is consistent with the views expressed by this Court as far as appropriate relief. Given the risks and burdens of further litigation, this factor therefore weighs in favor of approval.

## 3. The risk of maintaining class action status.

Although Defendants have agreed to class treatment for purposes of this settlement, they would be free to oppose class treatment if the case were litigated. Although Plaintiffs believe the classes meet the Rule 23 factors and are suitable for class treatment, class certification could be a disputed issue, and this risk to both sides supports the fairness of a negotiated resolution for

all class members. Class-wide resolution of Plaintiffs' claims through this settlement is therefore appropriate.

### 4.  The amount offered in settlement

As discussed above, the lawsuits do not seek damages, but instead seek injunctive relief. The equitable relief provided by settlement is substantial, providing access to asylum-related procedures for hundreds of class members that they otherwise would not have received.

### 5.  The extent of discovery and stage of proceedings

The proceedings are still in early stages and no discovery has taken place in the California actions covered by this settlement. Nevertheless, there are no disputed facts at issue that are material to the approval of the settlement. Since further discovery would be unlikely to have an effect on the resolution of these issues, this factor favors approving the proposed settlement.

### 6.  Experience and view of counsel

Class counsel collectively have extensive experience in class actions, immigration law, constitutional law, and administrative law and are capable of weighing the facts, law, and risks of continued litigation. Class counsel have vigorously prosecuted cases on behalf of the named Plaintiffs and have pursued the interests of the class members in negotiating a settlement agreement with Defendants that will provide both child and parent class members with meaningful access to asylum procedures. Class counsel believe that the proposed settlement is fair, reasonable, and adequate, and therefore this factor weighs in favor of approval as well.

### 7.  Presence of a governmental participant

Defendants in these cases include cabinet members and heads of executive agencies. Plaintiffs' counsel negotiated the proposed settlement with federal government lawyers representing the Defendants. Since the government was an

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 24 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

active and indispensable participant in reaching the proposed settlement, this factor too favors approval.

### 8. Reactions to the proposed settlement

The parties accomplished notice to the Settlement Class according to the plan approved by the Court. To date, although notice was provided to thousands of class members and dozens of relevant legal organizations, only six objections have been filed.  Moreover, in conjunction with the provision of class notice, counsel for Plaintiffs held telephone conferences with *hundreds* of individuals, including lawyers, from numerous organizations serving the putative class members. While individuals raised questions about the terms of the settlement, and how to assert rights thereunder, the overwhelming response to the settlement was positive, reflected in the tiny fraction of individuals who have raised objections.  This factor therefore favors approval as well.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court enter the attached proposed order approving the Agreement and certifying the Settlement Classes.

1 | November 9, 2018

**HOGAN LOVELLS US LLP**

2

*/s/ Michael Maddigan*

3 Michael Maddigan
(Cal. Bar No. 163450)
1999 Avenue of the Stars, Suite 1400

4 Los Angeles, CA 90067
Telephone: (310) 785-4727

5 Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

6

7 Justin W. Bernick*
Zachary W. Best*

8 T. Clark Weymouth*
555 Thirteenth Street, NW

9 Washington, DC 20004
Telephone: (202) 637-5600

10 Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com

11 t.weymouth@hoganlovells.com
zachary.best@hoganlovells.com

12 Oliver J. Armas*
Ira M. Feinberg (Cal. Bar No. 064066)

13 875 Third Avenue
New York, NY 10022

14 Telephone: (212) 918-3000
Facsimile: (212) 918-3100

15 oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

16

17 Katherine A. Nelson*
1601 Wewatta Street, Suite 900

18 Denver, CO 80202
Telephone: (303) 899-7300

19 Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

20 Haley K. Costello Essig*
Park Place II, Ninth Floor

21 7930 Jones Branch Drive
McLean, VA 22102-3302

22 Telephone: (703) 610-6100
Facsimile: (703) 610-6200

23 haley.essig@hoganlovells.com

24 *Proposed Class Counsel for Child Class*

25 Aaron M. Olsen
Haeggquist and Eck LLP

26 225 Broadway, Ste 2050
San Diego, CA 92101

27 Telephone: (619) 342-8000
Facsimile: (619) 342-7878

28 aarono@haelaw.com

- 26 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Wilson G. Barmeyer*
Wilson G. Barmeyer*
Carol T. McClarnon*
EVERSHEDS SUTHERLAND (US)
LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
wilsonbarmeyer@eversheds-
sutherland.com

John H. Fleming*
EVERSHEDS SUTHERLAND (US)
LLP
999 Peachtree Street NE, Suite 2300
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
Johnathan Smith*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
sirine@muslimadvocates.org
johnathan@muslimadvocates.org

Simon Y. Sandoval-Moshenberg*
Sophia Gregg*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: (703) 778-3450
Facsimile: (703) 778-3454
simon@justice4all.org
sophia@justice4all.org

*Proposed Class Counsel for Parent
Class*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Stephen Kang *
Spencer Amdur
Daniel Galindo
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

Telephone: (212) 549-2660
Facsimile: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Proposed Counsel For Class Members
Who do not Meet the Physical Presence
Requirement
*Admitted Pro Hac Vice*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, with the Clerk of the Court through the ECF system on November 9, 2018. This system provided a copy to and effected service of this document on all parties.

Dated:       November 9, 2018                    HOGAN LOVELLS US LLP


By:   */s/ Michael Maddigan*
      Michael Maddigan
      Attorney for Plaintiff
      (Cal. Bar No. 163450)

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 29 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

*M.M.M., on behalf of his minor child, J.M.A., et al. v. Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.*

**EXHIBITS TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

| Exhibit | Document | Pages |
|---------|----------|-------|
| 20 | Settlement Agreement | 31–38 |
| 21 | November 7, 2018 Declaration of Brian A. Pinkerton Regarding Dissemination of Settlement Notice | 39–60 |
| 22 | November 9, 2018 Declaration of Zachary W. Best in Support of Motion for Final Approval of Class Action Settlement | 61–65 |

EXHIBIT 20

**Plan to address the asylum claims of class-member parents and children who are physically present in the United States**

The government is willing to agree to the following procedures for addressing the asylum claims of *M.M.M.* agreed class members and the claims of *Ms. L* class members (and *Dora* plaintiffs), other than those class members who agree to waive these procedures (and thus to waive any further claims or relief).[1] (In this document, references to *Ms. L* class members encompass *Dora* plaintiffs.) Class counsel are responsible for determining a class member's intentions related to waiver of the procedures set forth below. Upon approval of this agreed-upon plan by the U.S. District Court for the Southern District of California, *M.M.M.* agreed class members agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia, and to refrain from seeking preliminary injunctive relief in their litigation pending in the U.S. District Court for the Southern District of California; *Dora* plaintiffs agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia; and *M.M.M.* agreed class members and *Ms. L* class members agree to refrain from additional litigation seeking immigration- or asylum-related injunctive, declaratory, or equitable relief that arises from the facts and circumstances set forth in the *Ms. L*, *M.M.M.*, and *Dora* complaints relating to those parents and children covered by this plan, including statutory claims. This plan applies only to *Ms. L* class members and *M.M.M.* agreed class members who have been continuously physically present in the United States since June 26, 2018, and does not set any precedent for any additional group of aliens, and any exercise of legal authority or discretion taken pursuant to this plan is exercised only to effectuate the implementation of this plan in relation to this group of individuals. The Court's approval of this agreement will resolve the pending preliminary-injunction motion in *M.M.M.* and will also lift the TRO issued in that matter. The Court will retain jurisdiction to enforce the provisions of this plan, which represents the substantive terms for the implementation of a settlement agreement and supersedes the prior written or oral communications between the parties regarding this plan.

---

[1] The classes of individuals to whom this plan relates include:

***Ms. L* Class Members and *Dora* Plaintiffs**: All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.

**_M.M.M._ Agreed Class Members**: All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

All references to a "class" or "class member" in this document refer to the classes described above, as well as alien parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified.

1

1.  **a.**  *Ms. L* class members and *M.M.M.* agreed class members who are not currently detained in DHS custody (and are not currently in HHS custody) and who have been issued Notices to Appear (NTAs) will not be removed by DHS prior to issuance of a final removal order in their resulting removal proceedings conducted under Section 240 of the Immigration and Nationality Act (INA). If a *Ms. L* class member or *M.M.M.* agreed class member was released from DHS or ORR custody, is not currently in Section 240 removal proceedings, and is not subject to a final removal order, that individual can affirmatively apply for asylum before U.S. Citizenship and Immigration Services (USCIS), USCIS will adjudicate such an application regardless of whether an unfiled NTA exists, and USCIS will follow its established procedures concerning a parent's involvement in his or her minor child's asylum application process. If an *M.M.M.* agreed class member (whether currently detained or released) received a final removal order in Section 240 removal proceedings prior to reunification, DHS and HHS will work in good faith with *M.M.M.* counsel to identify such children within 15 days of approval of this agreement, and DHS will join in a motion to reopen those proceedings if requested by the *M.M.M.* agreed class member no later than 45 days from approval of this agreement. *M.M.M.* agreed class members who have not been reunified with their parent(s) as of the effective date of this agreement will be afforded existing procedures for unaccompanied alien children pursuant to governing statutes and regulations, including but not limited to Section 240 removal proceedings, unless and until they are reunified with a parent, in which case the procedures described below will apply.

    **b.**  If a detained, reunited *M.M.M.* agreed class member child has been served with an NTA, but the NTA has not been filed with an immigration court, DHS will exercise its discretion under 8 C.F.R. § 239.2(a) to cancel the NTA within 15 days of the Court's approval of this agreement. For such a child who either had an NTA cancelled in this way, or who has never been served with an NTA, if the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE will then initiate expedited removal (ER) proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

    **c.**  If a detained, reunited *M.M.M.* agreed class member child has been issued an NTA that has been filed with an immigration court and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, DHS will file a motion to dismiss the pending Section 240 proceeding, seeking to do so jointly with the child's immigration attorney of record, as practicable. Such a motion shall be filed within 30 days of the Court's approval of this agreement and shall request expedited consideration by the immigration court. Upon dismissal of the Section 240 proceeding, ICE will initiate expedited removal proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

    **d.**  For *Ms. L* class members who have not been issued an NTA and have final ER orders that have not been cancelled by DHS, USCIS will exercise its discretionary authority to sua sponte conduct in good faith a de novo review of the credible fear finding of the parent to

determine if reconsideration of the negative determination is warranted. During that review process for *Ms. L* class members, USCIS will review the parent's case and the information provided and determine whether the individual has a credible fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the credible fear standard, as it is described at Section 235(b)(1)(B)(v) of the INA and 8 C.F.R. § 208.30(e)(2) and (3), then DHS will issue and subsequently file an NTA. The children will be treated as the parent's dependents under 8 C.F.R. § 208.30(b). If the parent's credible fear determination remains negative, USCIS will screen the child individually for credible fear. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

e. For *Ms. L* class members who are currently detained[2] with their *M.M.M.* agreed class member child(ren) at an ICE FRC and are subject to reinstated orders of removal, ICE will initiate ER proceedings under Section 235 against the minor child(ren), upon a determination that the child was initially encountered within 14 days of entry and 100 miles of the border. During those proceedings, the child(ren) will be referred for a credible fear determination if the child(ren) asserts, or has already asserted, a fear of return, either directly or through counsel. The credible fear claim will then be considered under the standards of 8 C.F.R. § 208.30, as described above. USCIS will conduct the credible fear interview of the child(ren) in coordination with a sua sponte review of the reasonable fear determination for the parents to determine whether reconsideration of the negative reasonable fear determination is warranted.

USCIS will review the parent's case and the information provided and determine whether the individual has a reasonable fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith

---

[2] This agreement does not impact the ability of *Ms. L* class members with reinstated orders of removal who are not detained to pursue any available appeal of such an order under existing law and subject to statutory time periods.

that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the reasonable fear standard, as it is described at 8 C.F.R. § 208.31(c), then DHS will place the parent in withholding-only proceedings. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

f.  If the parent's credible fear or reasonable fear finding remains negative upon review, USCIS will notify the parent in writing that USCIS declines to reconsider the existing negative credible fear or reasonable fear determination. If the child receives a separate negative credible fear determination, the child may seek review by an immigration judge.

g.  For purposes of the reviews and interviews of detained parents and/or children described in this proposal, the government shall provide the parent and/or child with the orientation that is normally provided for credible fear interviews, and shall provide at least 5 days' notice of such orientation. Notice of the orientation shall be provided no later than 3 days following the parent and/or child's execution of a document reflecting his or her decision pursuant to paragraph 8 of this agreement, and the notice shall state the purpose of the notice (orientation for an interview or review) and the date, time, and location of the orientation. Such reviews and interviews will be conducted at least 48 hours after the orientation, with due consideration given to any reasonable requests to continue the interview. The notice and time periods described in this paragraph will not apply if a parent affirmatively requests, in writing, that the review or interview take place on an expedited basis.

2.  In the case of a parent and child(ren) both in ER proceedings under the process described above, if either the parent or the child establishes a credible fear of persecution or torture, USCIS will issue NTAs to both parent and child and place the family in Section 240 removal proceedings. *See* 8 C.F.R. §§ 208.30(f) (positive credible fear finding made by USCIS), 1208.30(g)(2)(iv)(B) (positive credible fear finding made by immigration judge).

3.  In the case of a parent and child(ren) both in ER proceedings under the process described above, if none of the family members establish credible fear of persecution or torture (and in the case of a child who seeks review of the credible fear finding by an immigration judge, such finding is upheld by an immigration judge), the ER orders may immediately be executed.

4.    In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establishes credible fear and the parent does not establish a reasonable fear, the child(ren) would be placed in Section 240 removal proceedings and the parent would at that time be subject to continued detention or release, in DHS's discretion, consistent with paragraph 7 below. DHS will not remove a *Ms. L* class member who received a negative reasonable fear finding while his or her *M.M.M.* agreed class member child goes through the credible fear process and, if applicable, Section 240 removal proceedings. Plaintiffs concede, however, that removal of any *Ms. L* class member with a reinstated removal order under this agreement is significantly likely to occur in the reasonably foreseeable future and that, if a parent initiates legal proceedings challenging their continued detention, DHS may immediately proceed with that *Ms. L* class member's removal, regardless of any injunctive orders issued in *Ms. L* and *M.M.M.*, provided that DHS gives the parent at least 7 days' advance notice to the parent that he or she will be removed.

5.    In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establish credible fear and the parent establishes a reasonable fear, the child(ren) would be issued NTAs and placed in Section 240 removal proceedings, and the parent would be referred for withholding-only proceedings pursuant to 8 C.F.R. §§ 1208.2(c)(2) and 1208.31(e).

6.    If a *Ms. L.* class member who is currently detained[3] in an ICE FRC with his or her *M.M.M.* agreed class member child is subject to a final removal order issued in proceedings conducted under Section 240 (other than a reinstated order) and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE would initiate ER proceedings under Section 235 against the child within 7 days of the Court's approval of this agreement, and refer the child for a credible fear interview. While the final order parent would not be a party to the child's credible fear adjudication, the parent would be available to consult with and assist the child in the course of that process. The parent would be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government, and the timing of the interview will be in accordance with Paragraph 1.g. above. If the child establishes a credible fear of persecution or torture, USCIS will place the child in Section 240 removal proceedings, and ICE will move for reopening of the parent's prior removal proceedings and consolidation of the parent's case with the child's before the immigration court. If the child does not establish credible fear of persecution or torture, the removal orders may immediately be executed.

7.    Detention and custody decisions for aliens covered by this plan will be made consistent with DHS's authorities under Sections 235, 236, and 241, and the Order Granting Joint Motion Regarding Scope Of The Court's Preliminary Injunction in *Ms. L. v. ICE*, No. 18-428 (S.D. Cal.) (Aug. 16, 2018) (ECF 192) (recognizing that class members may be

---

[3] This agreement does not impact the ability of *Ms. L* class members with final removal orders issued in Section 240 removal proceedings, other than a reinstated order of removal, and who are not detained, to pursue individual appeals of such orders under existing law and subject to statutory time periods for challenging any such order.

required to choose whether to waive their own right not to be separated from their minor child(ren) or to waive their child(ren)'s right under the Flores Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program.").

**8.**   *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel may identify class members who wish to waive the procedures described herein and be promptly removed to their country of origin. *Ms. L* counsel, *M.M.M.* counsel, and *Dora* counsel will promptly develop a process for obtaining and documenting such a choice through a knowing and voluntary waiver. Defendants will not engage with class members on such matters, but will seek to effectuate such waiver decisions when communicated and documented by *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel. Class members may either pursue the relief described in this agreement or elect prompt removal, but may not pursue any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L, M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by the Court, including statutory claims. This agreement does not affect the right of *Ms. L* class members to seek reunification under the June 26, 2018 preliminary injunction in *Ms. L*.

### The return of removed parents to the United States[4]

The government does not intend to, nor does it agree to, return any removed parent to the United States or to facilitate any return of such removed parents. The classes agree not to pursue any right or claim of removed parents to return to the United States other than as specifically set forth in this paragraph. Plaintiffs' counsel may raise with the government individual cases in which plaintiffs' counsel believes the return of a particular removed *Ms. L* class member may be warranted. Plaintiffs' counsel represent that they believe that such individual cases will be rare and unusual and that they have no basis for believing that such individual cases will be other than rare and unusual. Plaintiffs' counsel agree to present any such cases, including all evidence they would like considered by the government within 30 days of the approval of this agreement. In light of plaintiffs' counsel's representation that such cases will be rare and unusual, Defendants agree to provide a reply to any case presented by Plaintiffs within 30 days of receiving Plaintiffs' request to consider the case. Except as specifically set forth herein, the classes agree that existing law, existing procedures, and the Court-approved reunification plan address all interests that such parents or their children may have.

With respect to *M.M.M.* agreed class members who seek asylum and who have removed parents, the government agrees not to oppose requests that the removed parent provide testimony or evidence telephonically or in writing in the child's asylum or removal proceedings and that ICE attorneys appearing in immigration court (1) will not object to the admission of documentary evidence (such as photocopied, scanned, or faxed documents) provided by the removed parent on

---

[4] For this section of this agreement, the classes are the same as in footnote 1 above except that the requirements of continuous physical presence in the United States do not apply to this section of the agreement, since this section addresses removed parents.

the grounds that such documentary evidence does not bear an original signature or is not an original copy (ICE reserves the right to object based on other grounds), and (2) will not object to telephonic participation by the parent in the *M.M.M.* agreed class member's Section 240 removal proceedings provided that the alien (and his or her legal representative, if applicable) make appropriate motions to the immigration judge to permit telephonic testimony in advance of any merits hearing, that the alien is responsible for providing accurate contact information to permit the immigration judge to make contact with the parent, and that the parent's unavailability and faulty connections or other technological impediments may not serve as the basis for delaying scheduled hearings. Class members, however, recognize that ICE has no control over the technology or logistics of the Executive Office for Immigration Review.

# EXHIBIT 21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., | Case No. 3:18-cv-1832-DMS |
| | Case No. 3:18-cv-428-DMS |
| Plaintiffs, | |
| | **DECLARATION OF BRIAN A. PINKERTON REGARDING DISSEMINATION OF SETTLEMENT NOTICE** |
| v. | |
| Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., | |
| Defendants. | |

| | |
|---|---|
| Ms. L, et al., | DATE: |
| | TIME: |
| | COURTROOM: |
| Plaintiffs, | JUDGE: Hon. Dana M. Sabraw |
| v. | |
| U.S. Immigration and Customs Enforcement, et al., | |
| Defendants. | |

## DECLARATION OF BRIAN A. PINKERTON REGARDING DISSEMINATION OF SETTLEMENT NOTICE

I, BRIAN A. PINKERTON, declare as follows:

1.      I am a Senior Project Manager of Client Services for Epiq Class Action & Claims Solutions, Inc. ("Epiq").[1] The following statements are based on my personal knowledge and

---

[1] Garden City Group, LLC ("GCG") was acquired by Epiq on June 15, 2018 and is now continuing operations as part of Epiq. All references herein to either Epiq or GCG are used interchangeably to refer to the integrated Epiq organization.

DECLARATION OF
BRIAN A. PINKERTON

- 1 -

information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

2.      GCG has a considerable amount of expertise in class action administration and the development of notice programs. In its history of over 30 years, our team has served as administrator for over 3,400 settlements. GCG has mailed hundreds of millions of notices, disseminated over 375 million emails, handled over 35 million phone calls, designed and launched over 1,000 settlement websites, issued approximately 39 million payments, and distributed over $72 billion in benefits.

3.      GCG was contacted by Class Counsel for the parent class, Wilson G. Barmeyer of Eversheds Southerland, and ultimately selected by the Parties to disseminate the Notice to potential Settlement Class Members for both classes in the above-captioned cases in accordance with the Settlement Agreement dated October 5, 2018 ("Agreement")[2] and the Court's October 9, 2018 Order Granting Preliminary Approval of Proposed Settlement; Preliminarily Certifying the Settlement Classes; and Approving Class Notice ("Order").  I submit this declaration to provide the Court and Parties with information relating to GCG's review and compilation of the list of potential Settlement Class Members and the dissemination of the approved Notice.

## CLASS DATA TRANSFER AND ANALYSIS

4.      On October 10, 2018, Class Counsel provided GCG with access to 12 separate excel files containing names and addresses for potential Settlement Class Members in both settlement classes. GCG immediately accessed Class Counsel's secure file transfer portal and retrieved the spreadsheets, which contained data provided by the government relating to the last known

---

[2] All capitalized terms not otherwise defined in this document shall have the meaning ascribed to them in the Agreement

DECLARATION OF
BRIAN A. PINKERTON

- 2 -

detention status and addresses of potential Settlement Class Members from various dates between July 2018 and October 6, 2018.

5.      On October 15, 2018, GCG was provided with one additional file containing additional name and address information for potential members of the parent class.

6.      GCG analyzed and compared the 13 spreadsheets to create a single list of unique potential Settlement Class Members for each class. GCG identified the most recent reunification status and last known address for each potential Settlement Class Member in both classes. Ultimately, GCG identified 2,513 unique potential members of the parent class and 2,657 unique potential members of the child class for a total of 5,170 potential Settlement Class Members. Searching across all 13 spreadsheets, GCG was able to locate a potential mailing address for a total of 3,000 Settlement Class Members whose status indicated they had not departed the country.

7.      GCG loaded the name and address data for all 5,170 potential Settlement Class Members into a secure database created specifically for this proposed settlement ("Settlement Database").

## NOTICE DISSEMINATION

8.      On October 19, 2018, in accordance with paragraph 10 of the Order, GCG mailed to each of the 3,000 potential Settlement Class Member for whom GCG was able to locate an address in any of the 13 data files a notice packet consisting of the English version of the Court-approved Notice, the Spanish version of the Notice, and a copy of the Agreement. A true and correct copy of the notice packet that was sent to potential Settlement Class Members is attached hereto as **Exhibit A**.

9.      As of November 7, 2018, GCG has received 6 notice packets returned by the United States Postal Service ("USPS") with updated address information. Notice packets returned with

DECLARATION OF
BRIAN A. PINKERTON

EXHIBIT 21,   Page 42

forwarding addresses were re-mailed to the updated addresses and the Settlement Class Members' addresses were updated in the Settlement Database.

10.    As of November 7, 2018, GCG has received 423 notice packets returned by USPS as undeliverable without forwarding address information.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 7, 2018, in Seattle, Washington.


BRIAN A. PINKERTON

DECLARATION OF
BRIAN A. PINKERTON

- 4 -

# Exhibit A

# NOTICE OF PROPOSED SETTLEMENT and SETTLEMENT ELECTION FORM

**If you were separated from your parent(s) or child(ren) at the border, your rights may be affected by a proposed class action settlement.**

A proposed settlement has been reached in class action lawsuits regarding the mechanism by which certain separated parents and children may pursue asylum or other protection in the United States. The lawsuits are *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF (D.D.C.), *Ms. L. v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), and *Dora v. Sessions*, Case No. 18-cv-1938 (D.D.C.).

## What are these lawsuits about?

These lawsuits were brought on behalf of parents and children who were separated after being apprehended by the U.S. government at or near the border. The plaintiffs allege that the U.S. government failed to give these parents and children an adequate opportunity to pursue asylum or other protection from removal in the United States. The Judge overseeing the lawsuits temporarily stopped removals of families that were reunited after being separated at the border. The plaintiffs and the U.S. government subsequently agreed to a settlement, which will grant both parents and children access to procedures to seek asylum or other protection from removal in the United States.

## Who is included?

**A parent may be a member of the Parent Settlement Class if he or she:**
- Is an adult alien parent who entered the United States at or between designated ports of entry with their child(ren),
- Was detained in immigration custody by the Department of Homeland Security (DHS),
- Has a child who was or is separated from him or her and who was in DHS custody, Office of Refugee Resettlement (ORR) custody, or ORR foster care on or after June 26, 2018,
- Was ordered to be reunified under the Court's Order in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and
- Has been continuously physically present in the United States since June 26, 2018.

**The agreement also reflects the parties' agreement with regard to individuals who fit the parent class description as defined above, but have been removed from the United States, as well as the rights of members of the children class (defined below) whose parents have been removed.**

1

**A child may be a member of the Child Settlement Class if he or she:**

⟩ Is an alien child under the age of 18 as of the effective date of the agreement, who entered the United States at or between designated ports of entry with an alien parent,

⟩ Was separated from their parent(s),

⟩ Has been or will be reunified with their parent(s) under the preliminary injunction issued in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018), and

⟩ Has been continuously physically present in the United States since June 26, 2018.

## What relief does the settlement provide?

Among other things, the Settlement Agreement requires that, for parents who initially received a negative credible fear finding and have a final order of expedited removal, the U.S. government will conduct a good faith review of parents' prior credible fear findings,[1] which includes meeting with an asylum officer to present additional information. For the children of such parents who have been issued a Notice to Appear (NTA) or are in removal proceedings, the NTA will be cancelled or the government will move to dismiss the removal proceedings, and the child will be placed into expedited removal along with the parent.  The child will also be referred for a credible fear interview if the child expresses a fear of return.  If the parent is found to have a credible fear, then both parents and children will be issued a NTA to appear before an immigration judge, where they will be able to pursue asylum or other protection claims before the immigration court. If parents do not receive a positive credible fear finding on review, then the U.S. government will provide their children with their own credible fear interview. If children receive a positive credible fear finding, they and their parents will be issued a NTA to appear before an immigration judge, where they will be able to pursue asylum or other protection claims before the immigration court. Additional or other procedures apply where parents and children have been released from detention, where parents are subject to reinstated or final orders of removal, or where parents already have been removed. The Settlement Agreement does not provide any monetary payments to class members.  Parents and children who fall into these categories should read the final Settlement Agreement and/or consult with counsel to understand what rights they may have under the Agreement.  If the Settlement Agreement is approved, class members will be prohibited from seeking any additional immigration- or asylum-related injunctive, declaratory, or equitable relief related to allegations made in these lawsuits. All of the terms of the proposed Settlement are subject to Court approval at a "Final Approval Hearing" which is explained below. A copy of the Settlement Agreement is attached to this notice.

---

[1]     "Credible fear" refers to the process by which those individuals subject to expedited removal may seek asylum in the United States, in which an alien in expedited removal who has a fear of returning home is interviewed by a U.S. government asylum officer to determine whether they can establish a credible fear of persecution or torture if they are returned to their home country. If the alien receives a positive credible fear determination, he or she can file an application for asylum before the immigration court.

**You have the right to object to the settlement.**

Although you may waive your rights to seek relief under this Settlement Agreement, you cannot exclude yourself from the settlement. However, you can ask the Court to deny approval by filing an objection. If the Court denies approval, the lawsuits will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. All written objections and supporting papers must (a) clearly identify the following case names and numbers: *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.) and *Ms. L. v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Southern District of California, San Diego Courthouse, 333 West Broadway, San Diego, CA 92101, or by filing them in person at any location of the United States District Court for the Southern District of California, and (c) be filed or postmarked on or before November 2, 2018.

**When and where will the Court decide whether to approve the settlement?**

The Final Approval Hearing will be held on November 15, 2018, at 10:30 AM (PT) at Courtroom 13A, 13th Floor, Suite 1310, 333 West Broadway, San Diego, CA 92101, to determine the fairness, reasonableness, and adequacy of the proposed Settlement. The date may change without further notice to the class.

**Where can I get more information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the attached Settlement Agreement, by contacting class counsel identified below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at *https://ecf.casd.uscourts.gov*, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of California, San Diego, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

**Who represents the Classes?**

*Proposed Class Counsel for Parent Class*
*(Parents in the United States):*

**parentsasylumclass@eversheds-sutherland.com**


Wilson G. Barmeyer
Carol T. McClarnon
John H. Fleming
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone:  (202) 220-8628
Fax:  (202) 637-3593


Sirine Shebaya
Johnathan Smith
MUSLIM ADVOCATES


Simon Y. Sandoval-Moshenberg
Sophia Gregg
LEGAL AID JUSTICE CENTER

*Proposed Class Counsel for Child Class:*

**MMMSettlementQuestions@hoganlovells.com**


Justin W. Bernick
Zachary W. Best
T. Clark Weymouth
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (888) 365-1112
Fax: (202) 637-5910


*Proposed Counsel for Removed Parents:*

**familyseparation@aclu.org**


Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
Telephone: (212) 549-2660
Fax:  (212) 549-2654

**You have the right to waive relief under the settlement.**

Parents or children who wish to waive their rights under this Settlement Agreement and be promptly removed to their country of origin, have the right to do so by executing the below form. Any decision to return to your country of origin must be made affirmatively, knowingly, and voluntarily. Failure to return this form will not be construed as a waiver of your rights under the Settlement Agreement.

**Instructions:** This form must be read to the class member in a language that he/she understands. The class member must indicate which option he/she is choosing by signing the appropriate box below. If the class member is a child and lacks capacity or is under age 14, this form must be signed by the child's parent or legal representative. Separate forms must be completed for each family member. ***Completed forms must be <u>mailed</u> or <u>emailed</u> to counsel for the appropriate proposed class set forth below.***

---

**I request to remain in the United States to seek relief from removal.** I understand that the class action settlement does not guarantee that I will receive relief from removal.
**Name (printed):** _____
**Signature:** _____

---

**I am affirmatively, knowingly, and voluntarily requesting removal to my country of origin as soon as possible.** I understand that I am waiving any rights to remain in the United States to pursue the procedures set forth in the settlement, including any right to apply for asylum or other protection from removal.
**Name (printed):** _____
**Signature:** _____

---

**Your Information:**
Name: _____
Date of Birth: _____
A#: _____
Country of citizenship: _____
Detention facility (if applicable): _____
Address: _____
Telephone number: _____

Parent(s)/child(ren) name(s): _____
Parent(s)/child(ren) A#(s): _____
Parent(s)/child(ren) address: _____
Parent(s)/child(ren) telephone number: _____

**Attorney Certification:** I represent _____ (name) in his/her immigration proceedings. I have advised him/her (and/or his/her parent or legal representative) of his/her rights under the proposed class action settlement in _____ (language).
Attorney signature: _____
Attorney name: _____
Date: _____
Attorney telephone: _____
Attorney address: _____

6

# AVISO DE ACUERDO PROPUESTO y
# FORMULARIO DE ELECCIÓN DEL ACUERDO

**Si estuvo separado de su(s) padre(s) o hijo(s) en la frontera,
sus derechos pueden verse afectados por un acuerdo de demanda colectiva propuesto.**

Se ha llegado a un acuerdo propuesto en las demandas colectivas en relación con el mecanismo por el cual ciertos padres e hijos separados pueden solicitar asilo u otra protección en los Estados Unidos. Los juicios son de *M.M.M. v. Sessions*, Caso No. 3: 18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Caso No. 1: 18-cv-1835-PLF (D.D.C.), *Ms. L. v. ICE*, Caso No. 3: 18-cv-428-DMS (SD Cal.), y *Dora v. Sessions*, Caso No. 18-cv-1938 (D.D.C.).

## ¿De qué se tratan estas demandas?

Estas demandas fueron presentadas en nombre de padres e hijos que fueron separados después de ser detenidos por el gobierno de los Estados Unidos en o cerca de la frontera. Los demandantes alegan que el gobierno de los Estados Unidos no les dio a estos padres e hijos la oportunidad adecuada de buscar asilo u otra protección contra la expulsión en los Estados Unidos. El juez que supervisa las demandas detuvo temporalmente el traslado de las familias que se reunieron después de haber sido separados en la frontera. Los demandantes y el gobierno de los Estados Unidos posteriormente acordaron un acuerdo, que otorgará a los padres e hijos el acceso a los procedimientos para solicitar asilo u otra protección contra la expulsión en los Estados Unidos.

## ¿Quién está incluido?

**Un padre puede ser un miembro de la Clase del Acuerdo de Padres si él o ella:**
- Es un padre extranjero adulto que entró a los Estados Unidos en o entre los puertos de entrada designados con su(s) hijo(s),
- fue detenido bajo custodia de inmigración por el Departamento de Seguridad Nacional (DHS),
- Tiene un hijo que estuvo o está separado de él o ella y que se encontraba bajo la custodia del DHS, la custodia de la Oficina de Reasentamiento de Refugiados (ORR, por sus siglas en inglés), o cuidado de crianza temporal de ORR a partir del 26 de Junio de 2018.
- Se le ordenó reunificarse de conformidad con la Orden de la Corte en la Sra. L. v. Estados Unidos de Inmigración y Control de Aduanas, No. 18-428 (S.D. Cal. 26 de Junio de 2018); y
- Ha estado presente físicamente continuamente en los Estados Unidos desde el 26 de Junio de 2018.

**El acuerdo también refleja el acuerdo de las partes con respecto a los individuos que se ajustan a la descripción de la clase de padres según se define anteriormente, pero que se eliminaron de los**

1

**Estados Unidos, así como los derechos de los miembros de la clase de niños (definidos a continuación) cuyos padres han sido remoto.**
**Un niño puede ser un miembro de la Clase del Acuerdo Infantil si:**

- ⟩ Es un niño extranjero menor de 18 años de edad a partir de la fecha de vigencia del acuerdo, que ingresó a los Estados Unidos en o entre los puertos de entrada designados con un padre extranjero,
- ⟩ Fue separado de su(s) padre(s),
- ⟩ Ha sido o será reunificado con su(s) padre(s) bajo la orden preliminar emitida en la Sra. L. v. U.S. Inmigración y Control de Aduanas, No. 18-428 (S.D. Cal. 26 de Junio de 2018), y
- ⟩ Ha estado presente físicamente continuamente en los Estados Unidos desde el 26 de Junio de 2018.

**¿Qué alivio proporciona el acuerdo?**

Entre otras cosas, el Acuerdo de Resolución requiere que, para los padres que inicialmente recibieron un hallazgo de miedo creíble negativo y tienen una orden final de remoción acelerada, el gobierno de los Estados Unidos realizará una revisión de buena fe de los hallazgos de temor creíbles anteriores de los padre,[1] que incluye reunirse con un oficial de asilo para presentar información adicional. Para los hijos de dichos padres a quienes se les emitió un Aviso de comparecencia (NTA) o se encuentran en proceso de deportación, la NTA se cancelará o el gobierno se moverá para descartar los procedimientos de expulsión, y el niño será colocado en una deportación acelerada junto con el padre. El niño también será referido para una entrevista de temor creíble si el niño expresa temor de regresar. Si se descubre que el padre tiene un temor creíble, a ambos padres e hijos se les otorgará una NTA para que comparezca ante un juez de inmigración, donde podrán presentar una solicitud de asilo u otras demandas de protección ante el tribunal de inmigración. Si los padres no reciben un hallazgo de miedo creíble positivo en la revisión, entonces el gobierno de los Estados Unidos les proporcionará a sus hijos su propia entrevista de miedo creíble. Si los niños reciben un hallazgo de temor creíble positivo, ellos y sus padres recibirán una NTA para que comparezcan ante un juez de inmigración, donde podrán presentar una solicitud de asilo u otras demandas de protección ante el tribunal de inmigración. Se aplican procedimientos adicionales o de otro tipo cuando los padres y los niños han sido liberados de la detención, cuando los padres están sujetos a órdenes de expulsión reintegradas o definitivas, o cuando los padres ya han sido retirados. El Acuerdo de Conciliación no proporciona ningún pago monetario a los miembros de la clase. Los padres y los niños que entran en estas categorías deben leer el Acuerdo de Resolución final y / o consultar con un abogado para comprender qué derechos pueden tener en virtud del Acuerdo. Si se aprueba el Acuerdo de conciliación, se prohibirá a los miembros de la clase que busquen cualquier otra medida cautelar, declaratoria o equitativa relacionada con la inmigración o el asilo relacionada con las alegaciones formuladas en estas demandas. Todos los términos del Acuerdo propuesto están sujetos a la aprobación del Tribunal en una "Audiencia de Aprobación Final" que se explica a continuación. Se adjunta una copia del Acuerdo de conciliación a este aviso.

---

[1]     "Miedo creíble" se refiere al proceso mediante el cual los individuos sujetos a una remoción acelerada pueden buscar asilo en los Estados Unidos, en el cual un funcionario de asilo del gobierno de los EE. UU. puede establecer un temor creíble de persecución o tortura si son devueltos a su país de origen. Si el extranjero recibe una determinación de temor creíble positiva, él o ella puede presentar una solicitud de asilo ante el tribunal de inmigración.

2

**Usted tiene el derecho de objetar el acuerdo.**

Aunque puede renunciar a sus derechos de buscar alivio en virtud de este Acuerdo de Conciliación, no puede excluirse del acuerdo. Sin embargo, puede solicitar al Tribunal que rechace la aprobación presentando una objeción. Si la Corte niega la aprobación, las demandas continuarán. Si eso es lo que quieres que suceda, debes objetar. Usted puede objetar el acuerdo propuesto por escrito. También puede presentarse en la Audiencia de aprobación definitiva, ya sea en persona o por medio de su propio abogado. Todas las objeciones escritas y documentos de apoyo deben (a) identificar claramente los siguientes nombres y números de casos: *M.M.M. v. Sessions*, Caso No. 3: 18-cv-1832-DMS (S.D. Cal.) y *Ms. L. v. ICE*, Caso No. 3: 18-cv-428-DMS (S.D. Cal.), (b) enviarse al Tribunal enviándolos por correo al Secretario de Acción de Clase, Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, Palacio de Justicia de San Diego, 333 West Broadway, San Diego, CA 92101, o presentándolos personalmente en cualquier lugar del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, y (c) debe presentarse o enviarse por correo postal el 2 de Noviembre de 2018 o antes.

**¿Cuándo y dónde decidirá el Tribunal si aprueba el acuerdo?**

La audiencia de aprobación final se llevará a cabo el 15 de Noviembre de 2018, a la 10:30 a.m. (PT) en la sala 13A, piso 13, suite 1310, 333 West Broadway, San Diego, CA 92101, para determinar la imparcialidad, razonabilidad y adecuación de la propuesta Asentamiento. La fecha puede cambiar sin previo aviso a la clase.

**¿Dónde puedo obtener más información?**

Este aviso resume el acuerdo propuesto. Para conocer los términos y condiciones exactos del acuerdo, consulte el Acuerdo de Acuerdo adjunto, contactando al abogado de la clase que se identifica a continuación, accediendo al expediente del Tribunal en este caso a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER) en https: // ecf.casd.uscourts.gov, o visitando la oficina del Secretario de la Corte del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, San Diego, entre las 8:30 am y las 4:30 pm, de Lunes a Viernes, excluyendo días festivos.

**POR FAVOR, NO LLAME A LA OFICINA DEL TRIBUNAL O AL TRIBUNAL DE CORREO PARA CONSULTAR SOBRE ESTE ACUERDO**

3

## ¿Quién representa a las Clases?

*Grupo de Abogados Propuestos para la Clase de Padres (Padres en los Estados Unidos):*

**parentsasylumclass@eversheds-sutherland.com**

Wilson G. Barmeyer
Carol T. McClarnon
John H. Fleming
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Teléfono:  (202) 220-8628
Fax:  (202) 637-3593


Sirine Shebaya
Johnathan Smith
MUSLIM ADVOCATES


Simon Y. Sandoval-Moshenberg
Sophia Gregg
LEGAL AID JUSTICE CENTER

*Grupo de Abogados Propuestos para la Clase Infantil:*

**MMMSettlementQuestions@hoganlovells.com**

Justin W. Bernick
Zachary W. Best
T. Clark Weymouth
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Teléfono: (888) 365-1112
Fax: (202) 637-5910


*Consejo Propuesto para Padres Retirados:*

**familyseparation@aclu.org**

Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
Teléfono: (212) 549-2660
Fax: (212) 549-2654

**Usted tiene el derecho de renunciar a la exención en virtud del acuerdo.**

Los padres o hijos que deseen renunciar a sus derechos en virtud de este Acuerdo de Conciliación y ser trasladados sin demora a su país de origen, tienen derecho a hacerlo mediante la ejecución del siguiente formulario. Cualquier decisión de regresar a su país de origen debe tomarse afirmativamente, a sabiendas y voluntariamente. El hecho de no devolver este formulario no se interpretará como una renuncia a sus derechos en virtud del Acuerdo de Conciliación.

**Instrucciones:** Este formulario debe ser leído al miembro de la clase en un idioma que él/ella entienda. El miembro de la clase debe indicar qué opción está eligiendo al firmar el cuadro correspondiente a continuación. Si el miembro de la clase es un niño y carece de capacidad o es menor de 14 años, este formulario debe ser firmado por el padre o representante legal del niño. Se deben completar formularios separados para cada miembro de la familia. *Los formularios completados deben enviarse por correo o por correo electrónico al abogado para la clase propuesta apropiada que se establece a continuación.*

| |
|---|
| **Solicito permanecer en los Estados Unidos para buscar alivio de remoción.**  Entiendo que el acuerdo de demanda colectiva no garantiza que recibiré alivio de la eliminación.<br>**Nombre (en letra de molde):** _____<br>**Firma:** _____ |

| |
|---|
| **Estoy solicitando de manera afirmativa, deliberada y voluntaria mi traslado a mi país de origen lo antes posible.**  Entiendo que estoy renunciando a cualquier derecho a permanecer en los Estados Unidos para seguir los procedimientos establecidos en el acuerdo, incluido cualquier derecho a solicitar asilo u otra protección contra la expulsión.<br>**Nombre (en letra de molde):** _____<br>**Firma:** _____ |

**Tu información:**

Nombre: _____

Fecha de Nacimiento: _____

A#: _____

Pais de Ciudadania: _____

Centro de detención (si es aplicable): _____

Domicilio: _____

Numero de teléfono: _____


Nombre(s) del padre(s) / hijo(s): _____

Padre(s) / hijo(s) A #(s): _____

Domicilio del padre(s) / hijo(s): _____

Teléfono de padre(s) / hijo(s): _____

**Certificación de Abogado:**  Yo represento _____ (nombre) en su proceso migratorio. Le he informado a él / ella (y / o su padre / madre o representante legal) de sus derechos en virtud del acuerdo de demanda colectiva propuesto en _____ (idioma).

Firma de abogado: _____

Nombre de Abogado: _____

Fecha: _____

Número de teléfono del abogado: _____

Domicilio del abogado: _____

6

# Settlement Agreement

**Plan to address the asylum claims of class-member parents and children who are physically present in the United States**

The government is willing to agree to the following procedures for addressing the asylum claims of *M.M.M.* agreed class members and those of *Ms. L* class members (and *Dora* plaintiffs), other than those class members who agree to waive these procedures (and thus to waive any further claims or relief).[1] (In this document, references to *Ms. L* class members encompass *Dora* plaintiffs.) Class counsel are responsible for determining a class member's intentions related to waiver of the procedures set forth below. Upon approval of this agreed-upon plan by the U.S. District Court for the Southern District of California, *M.M.M.* agreed class members agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia, and to refrain from seeking preliminary injunctive relief in their litigation pending in the U.S. District Court for the Southern District of California; *Dora* plaintiffs agree to dismiss their pending litigation in the U.S. District Court for the District of Columbia; and *M.M.M.* agreed class members and *Ms. L* class members agree to refrain from additional litigation seeking immigration- or asylum-related injunctive, declaratory, or equitable relief that arises from the facts and circumstances set forth in the *Ms. L*, *M.M.M.*, and *Dora* complaints relating to those parents and

---

[1] The classes of individuals to whom this plan relates include:

**_Ms. L_ Class Members and _Dora_ Plaintiffs**: All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.

**_M.M.M._ Agreed Class Members**: All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

All references to a "class" or "class member" in this document refer to the classes described above, as well as alien parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified.

children covered by this plan, including statutory claims. This plan applies only to *Ms. L* class members and *M.M.M.* agreed class members who have been continuously physically present in the United States since June 26, 2018, and does not set any precedent for any additional group of aliens, and any exercise of legal authority or discretion taken pursuant to this plan is exercised only to effectuate the implementation of this plan in relation to this group of individuals. The Court's approval of this agreement will resolve the pending preliminary-injunction motion in *M.M.M.* and will also lift the TRO issued in that matter. The Court will retain jurisdiction to enforce the provisions of this plan, which represents the substantive terms for the implementation of a settlement agreement and supersedes the prior written or oral communications between the parties regarding this plan.

1. **a.** *Ms. L* class members and *M.M.M.* agreed class members who are not currently detained in DHS custody (and are not currently in HHS custody) and who have been issued Notices to Appear (NTAs) will not be removed by DHS prior to issuance of a final removal order in their resulting removal proceedings conducted under Section 240 of the Immigration and Nationality Act (INA). If a *Ms. L* class member or *M.M.M.* agreed class member was released from DHS or ORR custody, is not currently in Section 240 removal proceedings, and is not subject to a final removal order, that individual can affirmatively apply for asylum before U.S. Citizenship and Immigration Services (USCIS), USCIS will adjudicate such an application regardless of whether an unfiled NTA exists, and USCIS will follow its established procedures concerning a parent's involvement in his or her minor child's asylum application process. If an *M.M.M.* agreed class member (whether currently detained or released) received a final removal order in Section 240 removal proceedings prior to reunification, DHS and HHS will work in good faith with *M.M.M.* counsel to identify such children within 15 days of approval of this agreement, and DHS will join in a motion to reopen those proceedings if requested by the *M.M.M.* agreed class member no later than 45 days from approval of this agreement. *M.M.M.* agreed class members who have not been reunified with their parent(s) as of the effective date of this agreement will be afforded existing procedures for unaccompanied alien children pursuant to governing statutes and regulations, including but not limited to Section 240 removal proceedings, unless and until they are reunified with a parent, in which case the procedures described below will apply.

   **b.** If a detained, reunited *M.M.M.* agreed class member child has been served with an NTA, but the NTA has not been filed with an immigration court, DHS will exercise its discretion under 8 C.F.R. § 239.2(a) to cancel the NTA within 15 days of the Court's approval of this agreement. For such a child who either had an NTA cancelled in this way, or who has never been served with an NTA, if the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE will then initiate expedited removal (ER) proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

1

c.  If a detained, reunited *M.M.M.* agreed class member child has been issued an NTA that has been filed with an immigration court and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, DHS will file a motion to dismiss the pending Section 240 proceeding, seeking to do so jointly with the child's immigration attorney of record, as practicable. Such a motion shall be filed within 30 days of the Court's approval of this agreement and shall request expedited consideration by the immigration court. Upon dismissal of the Section 240 proceeding, ICE will initiate expedited removal proceedings under Section 235 of the INA against the child. Where such a class member child asserts, or has already asserted, an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, they shall be referred to USCIS for a credible fear determination.

d.  For *Ms. L* class members who have not been issued an NTA and have final ER orders that have not been cancelled by DHS, USCIS will exercise its discretionary authority to sua sponte conduct a de novo review of the credible fear finding of the parent to determine if reconsideration of the negative determination is warranted. During that review process for *Ms. L* class members, USCIS will review the parent's case and the information provided and determine whether the individual has a credible fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the credible fear standard, as it is described at Section 235(b)(1)(B)(v) of the INA and 8 C.F.R. § 208.30(e)(2) and (3), then DHS will issue and subsequently file an NTA. The children will be treated as the parent's dependents under 8 C.F.R. § 208.30(b). If the parent's credible fear determination remains negative, USCIS will screen the child individually for credible fear. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

e.  For *Ms. L* class members who are currently detained[2] with their *M.M.M.* agreed class member child(ren) at an ICE FRC and are subject to reinstated orders of removal, ICE will initiate ER proceedings under Section 235 against the minor child(ren), upon a determination that the child was initially encountered within 14 days of entry and 100 miles of the border. During those proceedings, the child(ren) will be referred for a credible fear determination if the child(ren) asserts, or has already asserted, a fear of return, either directly or through counsel. The credible fear claim will then be considered under the standards of 8 C.F.R. § 208.30, as described above. USCIS will conduct the credible fear interview of the child(ren) in coordination with a sua sponte review of the reasonable fear determination for the parents to determine whether reconsideration of the negative reasonable fear determination is warranted.

USCIS will review the parent's case and the information provided and determine whether the individual has a reasonable fear of persecution or torture. For the limited purpose of this settlement agreement, USCIS will speak with the individual again for additional fact-gathering and the individual may present new or additional information at this time, with the assistance of the individual's counsel in-person unless ICE determines in good faith that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access policies, in which case counsel will be permitted to participate telephonically, provided that counsel's attendance is at no expense to the government and does not unreasonably delay the process. In determining whether any factual inconsistencies between the original interview and the subsequent fact-gathering impact the credibility of the parent, due consideration will be given to the psychological state of the parent at the time of the initial interview. If the parent establishes that he or she can meet the reasonable fear standard, as it is described at 8 C.F.R. § 208.31(c), then DHS will place the parent in withholding-only proceedings. The parent will be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person unless ICE determines in good faith that in-person participation is impracticable or would adversely impact facility security or operations due to facility staffing, configuration, or access, in which case counsel will be permitted to participate telephonically, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government.

f.  If the parent's credible fear or reasonable fear finding remains negative upon review, USCIS will notify the parent in writing that USCIS declines to reconsider the existing negative credible fear or reasonable fear determination. If the child receives a separate negative credible fear determination, the child may seek review by an immigration judge.

---

[2] This agreement does not impact the ability of *Ms. L* class members with reinstated orders of removal who are not detained to pursue any available appeal of such an order under existing law and subject to statutory time periods.

g.   For purposes of the reviews and interviews of detained parents and/or children described in this proposal, the government shall provide the parent and/or child with the orientation that is normally provided for credible fear interviews, and shall provide at least 5 days' notice of such orientation. Notice of the orientation shall be provided no later than 3 days following the parent and/or child's execution of a document reflecting his or her decision pursuant to paragraph 8 of this agreement, and the notice shall state the purpose of the notice (orientation for an interview or review) and the date, time, and location of the orientation. Such reviews and interviews will be conducted at least 48 hours after the orientation, with due consideration given to any reasonable requests to continue the interview. The notice and time periods described in this paragraph will not apply if a parent affirmatively requests, in writing, that the review or interview take place on an expedited basis.

2.   In the case of a parent and child(ren) both in ER proceedings under the process described above, if either the parent or the child establishes a credible fear of persecution or torture, USCIS will issue NTAs to both parent and child and place the family in Section 240 removal proceedings. *See* 8 C.F.R. §§ 208.30(f) (positive credible fear finding made by USCIS), 1208.30(g)(2)(iv)(B) (positive credible fear finding made by immigration judge).

3.

4.   In the case of a parent and child(ren) both in ER proceedings under the process described above, if none of the family members establish credible fear of persecution or torture (and in the case of a child who seeks review of the credible fear finding by an immigration judge, such finding is upheld by an immigration judge), the ER orders may immediately be executed.

5.

6.   In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establishes credible fear and the parent does not establish a reasonable fear, the child(ren) would be placed in Section 240 removal proceedings and the parent would at that time be subject to continued detention or release, in DHS's discretion, consistent with paragraph 7 below. DHS will not remove a *Ms. L* class member who received a negative reasonable fear finding while his or her *M.M.M.* agreed class member child goes through the credible fear process and, if applicable, Section 240 removal proceedings. Plaintiffs concede, however, that removal of any *Ms. L* class member with a reinstated removal order under this agreement is significantly likely to occur in the reasonably foreseeable future and that, if a parent initiates legal proceedings challenging their continued detention, DHS may immediately proceed with that *Ms. L* class member's removal, regardless of any injunctive orders issued in *Ms. L* and *M.M.M.*, provided that DHS gives the parent at least 7 days' advance notice to the parent that he or she will be removed.

7.   In the case of a parent who is subject to a reinstated order of removal, if the child(ren) establish credible fear and the parent establishes a reasonable fear, the child(ren) would be issued NTAs and placed in Section 240 removal proceedings, and the parent would be referred for withholding-only proceedings pursuant to 8 C.F.R. §§ 1208.2(c)(2) and 1208.31(e).

8.   If a *Ms. L* class member who is currently detained[3] in an ICE FRC with his or her *M.M.M.* agreed class member child is subject to a final removal order issued in proceedings conducted under Section 240 (other than a reinstated order) and the child is an arriving alien or was initially encountered by DHS within 14 days of entry and 100 miles of the border, ICE would initiate ER proceedings under Section 235 against the child within 7 days of the Court's approval of this agreement, and refer the child for a credible fear interview. While the final order parent would not be a party to the child's credible fear adjudication, the parent would be available to consult with and assist the child in the course of that process. The parent would be permitted to participate in the child(ren)'s credible fear interview and provide testimony on behalf of the child(ren), in addition to any testimony from the child(ren). Counsel for the child will be permitted to attend the interview in person, so long as it does not unreasonably delay the process and any attorney assistance is at no expense to the government, and the timing of the interview will be in accordance with Paragraph 1.g. above. If the child establishes a credible fear of persecution or torture, USCIS will place the child in Section 240 removal proceedings, and ICE will move for reopening of the parent's prior removal proceedings and consolidation of the parent's case with the child's before the immigration court. If the child does not establish credible fear of persecution or torture, the removal orders may immediately be executed.

7.   Detention and custody decisions for aliens covered by this plan will be made consistent with DHS's authorities under Sections 235, 236, and 241, and the Order Granting Joint Motion Regarding Scope Of The Court's Preliminary Injunction in *Ms. L. v. ICE*, No. 18-428 (S.D. Cal.) (Aug. 16, 2018) (ECF 192) (recognizing that class members may be required to choose whether to waive their own right not to be separated from their minor child(ren) or to waive their child(ren)'s right under the Flores Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a "licensed program.").

8.   *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel may identify class members who wish to waive the procedures described herein and be promptly removed to their country of origin. *Ms. L* counsel, *M.M.M.* counsel, and *Dora* counsel will promptly develop a process for obtaining and documenting such a choice through a knowing and voluntary waiver. Defendants will not engage with class members on such matters, but will seek to effectuate such waiver decisions when communicated and documented by *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel. Class members may either pursue the relief described in this agreement or elect prompt removal, but may not pursue any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L*, *M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by

---

[3] This agreement does not impact the ability of *Ms. L* class members with final removal orders issued in Section 240 removal proceedings, other than a reinstated order of removal, and who are not detained, to pursue individual appeals of such orders under existing law and subject to statutory time periods for challenging any such order.

3

the Court, including statutory claims. This agreement does not affect the right of *Ms. L* class members to seek reunification under the June 26, 2018 preliminary injunction in *Ms. L.*

**The return of removed parents to the United States[4]**

The government does not intend to, nor does it agree to, return any removed parent to the United States or to facilitate any return of such removed parents. The classes agree not to pursue any right or claim of removed parents to return to the United States other than as specifically set forth in this paragraph. Plaintiffs' counsel may raise with the government individual cases in which plaintiffs' counsel believes the return of a particular removed *Ms. L* class member may be warranted. Plaintiffs' counsel represent that they believe that such individual cases will be rare and unusual and that they have no basis for believing that such individual cases will be other than rare and unusual. Plaintiffs' counsel agree to present any such cases, including all evidence they would like considered by the government within 30 days of the approval of this agreement. In light of plaintiffs' counsel's representation that such cases will be rare and unusual, Defendants agree to provide a reply to any case presented by Plaintiffs within 30 days of receiving Plaintiffs' request to consider the case. Except as specifically set forth herein, the classes agree that existing law, existing procedures, and the Court-approved reunification plan address all interests that such parents or their children may have.

With respect to *M.M.M.* agreed class members who seek asylum and who have removed parents, the government agrees not to oppose requests that the removed parent provide testimony or evidence telephonically or in writing in the child's asylum or removal proceedings and that ICE attorneys appearing in immigration court (1) will not object to the admission of documentary evidence (such as photocopied, scanned, or faxed documents) provided by the removed parent on the grounds that such documentary evidence does not bear an original signature or is not an original copy (ICE reserves the right to object based on other grounds), and (2) will not object to telephonic participation by the parent in the *M.M.M.* agreed class member's Section 240 removal proceedings provided that the alien (and his or her legal representative, if applicable) make appropriate motions to the immigration judge to permit telephonic testimony in advance of any merits hearing, that the alien is responsible for providing accurate contact information to permit the immigration judge to make contact with the parent, and that the parent's unavailability and faulty connections or other technological impediments may not serve as the basis for delaying scheduled hearings. Class members, however, recognize that ICE has no control over the technology or logistics of the Executive Office for Immigration Review.

---

[4] For this section of this agreement, the classes are the same as in footnote 1 above except that the requirements of continuous physical presence in the United States do not apply to this section of the agreement, since this section addresses removed parents.

EXHIBIT 21,                    Page 60

# EXHIBIT 22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., | Case No.  3:18-cv-1832-DMS |
| Plaintiffs, | |
| v. | |
| Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., | |
| Defendant. | |

| | |
|---|---|
| Ms. L, et al., | Case No.  3:18-cv-428-DMS |
| Plaintiffs, | **DECLARATION OF ZACHARY W. BEST IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| U.S. Immigration and Customs Enforcement, et al., | |
| Defendants. | |

I, Zachary W. Best, hereby state as follows:

      1.    I am a Senior Associate at the law firm Hogan Lovells LLP.  I have personal knowledge of the matters set forth in this declaration and, if called to testify to them, would be competent to do so.

      2.    I am one of several attorneys at Hogan Lovells who represent the class of children that was provisionally certified in the above-captioned cases on October 9, 2018.

3.      My colleague, T. Clark Weymouth, is a member of the Association of Pro Bono Counsel, which is an organization of over 200 attorneys and practice group managers who administer pro bono practices in over 100 of the world's largest law firms.

4.      On October 11, 2018, Mr. Weymouth e-mailed the Court-approved notice form and Settlement Agreement to the Association of Pro Bono Counsel list-serve.  On that same date, Mr. Weymouth also posted the Court-approved notice form and Settlement Agreement the Association of Pro Bono Counsel's internal SalesForce site.  The cover notes to these messages urged the recipients to "PLEASE DISSEMINATE BROADLY" and noted that recipients were being notified because "you or your organization might have current or former clients who fall into one of these classes."

5.      On October 11, 2018, a paralegal employed with Hogan Lovells, Ashley Johnson, e-mailed the Court-approved notice form and Settlement Agreement to the over 100 organizations listed in Exhibit 14 to the Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement, Dkt. 73.[1] The e-mail urged recipients to "PLEASE DISSEMINATE BROADLY" and noted that recipients were being notified because "you or your organization might have current or former clients who fall into one of these classes."

6.      On October 11, 2018, Manoj Govindaiah, Director of Family Detention Services at RAICES, e-mailed the Court-approved notice form and Settlement Agreement to a private list-serve of organizations and individuals who have been providing legal and other services to individuals affected by family separation.  There are over 200 e-mail addresses subscribed to the list-serve.

7.      On October 19, 2018, Plaintiffs' counsel, in partnership with the Catholic Legal Immigration Network, Inc. (CLINIC), hosted a webinar entitled

---

[1] We were not able to locate an e-mail address for one of the organizations on this list: Nebraska Immigration Legal Assistance Hotline (NILAH).

- 2 -

"What You Need to Know About the *Dora v. Sessions*, *Ms. L v. ICE*, and *M.M.M. v. Sessions* Preliminary Settlement Agreement." The purpose of the webinar was to explain the Settlement Agreement in detail to local legal service providers and answer questions about the Agreement. All organizations that are part of the CLINIC network, including all Catholic Charities entities, were invited to the webinar. Nearly 500 individuals registered for the webinar (494 in total), and over 250 people attended.

8.     Due to an error in generating the list of organizations that were to receive e-mail notice, 14 of the 35 "LSPs" listed in the Motion for Preliminary Approval were not included on the October 11, 2018 e-mails described in paragraphs 5 and 6, above. However, employees from 4 out of the 14 LSPs attended the October 19 webinar (Cabrini, Catholic Charities of Baltimore, Hogar, and Legal Services for Children), a fifth was registered for the webinar (Human Rights Initiative), and a sixth would have received notice of the webinar as a part of the CLINIC network (Catholic Charities of D.C.).

9.     With respect to the remaining eight LSPs not included in the October 11 e-mails, Justin Bernick and I contacted them by both telephone and e-mail on November 5, November 6, and November 7, 2018, to provide notice of the Agreement and the fairness hearing scheduled for November 15, 2018, and to encourage them to contact us with questions. We e-mailed the Court-approved notice form and Settlement Agreement to all nine LSPs, and spoke directly to five. One (JFCSP) was already aware of the settlement. Two (Charlotte Immigration Law Firm and Legal Services of New Jersey) did not believe they had any clients who would fall within the settlement classes. The fourth (MIA Memphis) has one class member client – a child who accepted voluntary departure and wishes to be returned to his country of origin with his father once the father executes a waiver form. The fifth (YMCA International) does not have any current clients who would

- 3 -

be members of the settlement classes.  The remaining three have not responded to our e-mails or voicemails.

10.    I have confirmed that, by October 11, 2018, employees of the Dilley Pro Bono Project had provided the court-approved notice form and Agreement to all settlement class members detained in Dilley, Texas.

11.    I have confirmed that, by October 11, 2018, employees of RAICES had provided the court-approved notice form and Agreement to the vast majority of settlement class members detained in Karnes, Texas.  Employees of RAICES provided the notice to the remaining individuals approximately over the course of the following week, as RAICES employees were able to see class members in visitation.

EXECUTED WITHIN THE UNITED STATES ON: November 9, 2018

BY: _____
Zachary W. Best

- 4 -

1  MICHAEL M. MADDIGAN (SBN 163450)
2  HOGAN LOVELLS US LLP
   1999 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
   Telephone: (310) 785-4727
4  Facsimile: (310) 785-4601
   Email: michael.maddigan@hoganlovells.com

5  Attorney for *M.M.M.* Plaintiffs

6

7

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11                 SAN DIEGO DIVISION

12

| | |
|---|---|
| 13 M.M.M., on behalf of his minor child, J.M.A., et al., | Case No. 3:18-cv-1832-DMS |
| 14 | JUDGE: Hon. Dana M. Sabraw |
| 15              Plaintiffs, | DATE: November 15, 2018 TIME: 10:30 AM |
| 16 v. | COURTROOM: 13A |
| 17 Jefferson Beauregard Sessions, III, Attorney General of the United States, | |
| 18 et al., | |
| 19              Defendants. | |
| 20 | |
| 21 Ms. L, et al., | Case No. 3:18-cv-428-DMS |
| 22 | JUDGE: Hon. Dana M. Sabraw |
| 23              Plaintiffs, | DATE: November 15, 2018 TIME: 10:30 AM |
| 24 v. | COURTROOM: 13A |
| 25 U.S. Immigration and Customs Enforcement, et al., | **[PROPOSED] ORDER CERTIFYING THE SETTLEMENT CLASSES AND** |
| 26 | **GRANTING FINAL APPROVAL** |
| 27              Defendants. | **OF CLASS ACTION SETTLEMENT** |

1    Upon consideration of the Plaintiffs' Motion for Final Approval of Class
2    Action Settlement and Certification of Settlement Classes;

3    WHEREAS, the *M.M.M.*, *Ms. L*, and *Dora* named Plaintiffs allege that they
4    and members of the Settlement Classes were injured as a result of Defendants'
5    actions;

6    WHEREAS, the Court granted the *M.M.M.* Plaintiffs' request for a
7    Temporary Restraining Order temporarily restraining Defendants "from removing
8    [specified persons] from the United States, until the merits of Plaintiffs' motion for
9    a preliminary injunction is resolved," *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-
10   DMS (S.D. Cal.) (Aug. 16, 2018), Dkt No. 55 at 15;

11   WHEREAS the Court ordered the parties to consider "how they wish to
12   proceed on the issues of class certification and Plaintiffs' entitlement to asylum
13   proceedings" and to "meet and confer and propose a solution—one which follows
14   the law, and is equitable and reflective of ordered governance," *id.* at 16;

15   WHEREAS, the parties reached a settlement agreement that was filed with
16   the Court on September 12, 2018 ("Agreement" or "Settlement");

17   WHEREAS, on October 9, 2018, the Court granted preliminary approval of
18   the Agreement, approved the proposed notice plan, and provisionally certified the
19   Settlement Classes; and

20   WHEREAS, the Court has considered the Agreement, the filed objections to
21   the agreement, arguments presented at the fairness hearing held on November 15,
22   2018, and all other submissions in connection with the parties' request for final
23   approval of the Agreement and certification of the Settlement Classes set forth in
24   the Agreement for the purposes of settlement only, and good cause appearing
25   therefor;

26   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS**
27   **FOLLOWS:**

28   1.    The Motion is **GRANTED**.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 2 -

PROPOSED ORDER CERTIFYING SETTLEMENT
CLASSES AND GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1

2    **Final Approval of the Settlement**

3        2.      The form and method by which notice was given to the Settlement

4    Classes met the requirements of due process, Rules 23(c)(2) and 23(e) of the

5    Federal Rules of Civil Procedure, constituted the best notice practicable under the

6    circumstances, and constituted due and sufficient notice to all persons entitled

7    thereto.

8        3.      The Court finds that: (a) the Settlement is fair, reasonable, and

9    adequate in accordance with Fed. R. Civ. P. 23(e)(2); (b) the Agreement was

10   negotiated at arm's length by experienced counsel acting in good faith; and (c) there

11   has been adequate opportunity for experienced counsel to evaluate the claims and

12   risks at this stage of the litigation.

13       4.      The Court has reviewed the six objections filed regarding the

14   Settlement and carefully considered each of the issues raised by those filings, and

15   finds that the objections do not impact the conclusion that the Settlement is fair,

16   reasonable, and adequate.

17       5.      The Court therefore finds that final approval is appropriate and hereby

18   grants final approval of the Settlement.  The parties are directed to consummate the

19   Agreement according to its terms.  The Agreement and every term thereof shall be

20   deemed incorporated herein as if explicitly set forth and shall have the full force of

21   an Order of the Court.

22   **Certification of the Settlement Classes, Appointment of Settlement Class**

23   **Representatives, and Appointment of Co-Lead Counsel**

24       6.      For purposes of the Settlement, and only for that purpose, and without

25   an adjudication on the merits, pursuant to Rules 23(a) and 23(b)(2) of the Federal

26   Rules of Civil Procedure, the Court finds that the requirements for a class action are

27   met, and hereby defines the following classes.

28       The class of parents is defined as follows:

PROPOSED ORDER CERTIFYING SETTLEMENT
CLASSES AND GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.[1]

The class of children is defined as follows:

All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

The Settlement Classes are certified for settlement purposes.

7. The Court finds that certification of the Settlement Classes is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Classes are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Classes; (3) the claims of the named Plaintiffs in *M.M.M.*, *Ms. L*, and *Dora* are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class Members.

8. The Court also finds that certification of the Settlement Classes is warranted in light of the Settlement under the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act

---

[1] References to a "class" or "class member" in the Agreement refer to the classes described in the text, as well as alien parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified. The Agreement also addresses parents who are covered by the above description, but who have been removed from the United States.

PROPOSED ORDER CERTIFYING SETTLEMENT CLASSES AND GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

on grounds that apply generally to the Settlement Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Classes as a whole.

9.     The Court hereby appoints the named Plaintiffs in *M.M.M.* and *Ms. L.* (as recently amended) as Settlement Class Representatives. The Court finds that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Classes because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of the relevant laws.

10.    The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby confirms the appointment of the law firm Eversheds Sutherland, Muslim Advocates, and the Legal Aid Justice Center as counsel for the parent class for parents continuously physically present in the United States since June 26, 2018, the ACLU as counsel for parents who have been removed, and Hogan Lovells US LLP as counsel for the child class.

**Other Provisions**

11.    Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of a lack of merit of Plaintiffs' allegations.

IT IS SO ORDERED.


DATED:_____          _____

The Hon. Judge Dana Sabraw

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

PROPOSED ORDER CERTIFYING SETTLEMENT
CLASSES AND GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT