1  MICHAEL M. MADDIGAN (SBN 163450)
   HOGAN LOVELLS US LLP
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
3  Telephone: (310) 785-4727
   Facsimile: (310) 785-4601
4  Email: michael.maddigan@hoganlovells.com

5  Attorney for *M.M.M.* Plaintiffs

6

7

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11                 SAN DIEGO DIVISION

12

13 | M.M.M., on behalf of his minor child, | Case No. 3:18-cv-1832-DMS
   | J.M.A., et al.,

14 | | JUDGE: Hon. Dana M. Sabraw

15 |                    Plaintiffs, | DATE: November 15, 2018
   | TIME: 10:30 AM
16 | v. | COURTROOM: 13A

17 | Jefferson Beauregard Sessions, III,
   | Attorney General of the United States,
18 | et al.,

19 |                    Defendants.

20

21 | Ms. L, et al., | Case No. 3:18-cv-428-DMS

22 | | JUDGE: Hon. Dana M. Sabraw

23 |                    Plaintiffs, | DATE: November 15, 2018
   | TIME: 10:30 AM
24 | v. | COURTROOM: 13A

25 | U.S. Immigration and Customs | **MEMORANDUM OF POINTS
   | Enforcement, et al.,** | **AND AUTHORITIES IN
26 | | SUPPORT OF MOTION FOR
   |                    Defendants. | FINAL APPROVAL OF
27 | | CLASS ACTION SETTLEMENT**

## I.   INTRODUCTION[1]

The proposed settlement agreement ("the Agreement"), *see* Ex. 20 (Settlement Agreement), arises out of several lawsuits involving the separation of certain alien parents and their children at or near the U.S. border: *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF (D.D.C.), *Ms. L v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), and *Dora v. Sessions*, Case No. 18-cv-1938 (D.D.C.). Among other things, these lawsuits challenge the separation of certain parents from their minor children, and allege that Defendants failed to provide an adequate opportunity for Plaintiffs to seek asylum or other protection from removal upon arrival in the United States. The Agreement contemplates certification of separate classes of parents and their children (described in detail below) (the "Settlement Classes").

Under the Agreement, Defendants will provide various procedures to enable members of the Settlement Classes to seek asylum and/or other protection from removal. Parents or children who seek to waive their rights under the Agreement and be promptly removed to their country of origin have the right and ability to do so. In such a case, the parent or child will not be eligible for any relief under the Agreement. In return, the *M.M.M.* class members and *Dora* Plaintiffs agree to dismiss their existing cases in the District of Columbia; the *M.M.M.* class members agree to refrain from seeking preliminary injunctive relief in their pending litigation in the Southern District of California; and all class members agree to refrain from additional litigation seeking immigration- or asylum-related injunctive, declaratory, or equitable relief arising from the facts set forth in the *Ms. L*, *M.M.M.*, and *Dora*

---

[1]    Defendants do not oppose the request for relief contained in this memorandum or the entry of the proposed order filed herewith. However, Defendants do not join in the memorandum itself, and do not agree with all of the arguments and characterizations contained herein. To the extent any disputes arise over the Agreement or implementation, the text of the Agreement, and not any characterizations of the Agreement contained in this memorandum, controls.

complaints relating to those parents and children covered by this plan and accruing as of the date this Agreement is approved by the Court, including statutory claims.

Having received preliminary approval of the Agreement on October 9, 2018, Plaintiffs now request that the Court issue an order granting final certification of the proposed Settlement Classes and final approval of the Agreement. The Agreement qualifies for final approval, as described below, and the proposed Settlement Classes qualify for certification under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The Agreement provides the Settlement Classes with the equitable relief they seek, including access to procedures for applying for asylum or other protection from removal, and the form and plan of notice provided the best 0notice that is practicable under the circumstances. The Court should therefore certify the proposed Settlement Classes and grant final approval of the Agreement.

## II.   BACKGROUND

### a.  *Ms. L* and *Dora* Cases

The *Ms. L* plaintiffs are two parents who were separated from their minor children at or near the U.S. border with Mexico and who sought injunctive relief on behalf of themselves and a class of similarly situated parents. On June 26, 2018, this Court certified a class of parents (the "*Ms. L* Class Members"), defined as:

> All adult parents who entered the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the [Department of Homeland Security ("DHS")], and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child.

The class does not include "migrant parents with criminal history or communicable disease, or those who are in the interior of the United States or subject to the [Executive Order]." Order Granting in Part Pls.' Mot. for Class Certification at 17 n.10, *Ms. L v. ICE*, No. 18-428, ECF No. 82 (S.D. Cal. June 26, 2018) [hereinafter "*Ms. L* Class Cert. Order"].

On June 26, 2018, the Court entered a class-wide preliminary injunction that,

1   in relevant part, enjoined the government from detaining *Ms. L* Class Members in

2   DHS custody without and apart from their minor children, absent a determination

3   that the parent is unfit or presents a danger to the child, unless the parent

4   affirmatively, knowingly, and voluntarily declines to be reunited with the child in

5   DHS custody, and further ordered the reunification of *Ms. L* Class Members already

6   separated. *See* Order Granting Pls.' Mot. for Classwide Prelim. Inj. at 22–24, *Ms. L*

7   *v. ICE*, No. 18-428, ECF No. 83 (S.D. Cal. June 26, 2018).

8       In a case filed in the District of Columbia, *Dora v. Sessions*, Case No. 1:18-

9   cv-1938 (D.D.C.), twenty-nine named plaintiffs alleged that their separation from

10  their children denied them a meaningful opportunity to apply for asylum protection.

11  *See generally* Compl., *Dora v. Sessions*, Case No. 1:18-cv-1938, ECF No. 5

12  (D.D.C. Aug. 17, 2018). The *Dora* plaintiffs went through credible fear interviews

13  ("CFI") while separated from their children and received negative determinations.

14  As a result of the negative determinations, the *Dora* plaintiffs were subject to

15  removal pursuant to expedited removal orders. In *Dora*, the plaintiffs alleged that

16  the trauma caused by their family separation deprived them of a reasonable

17  opportunity to articulate a credible fear, in violation of the Due Process Clause of

18  the Fifth Amendment to the United States Constitution, the Immigration and

19  Nationality Act (the "INA"), the Rehabilitation Act, and the Administrative

20  Procedure Act (the "APA"). The *Dora* plaintiffs sought an injunction declaring the

21  government's policies to be unlawful and allowing them to receive new CFIs upon

22  reunification with their children.  As part of the settlement process, two named

23  plaintiffs from the *Dora* action were added as plaintiffs in the *Ms. L* action pending

24  before this Court.

25       **b. The *M.M.M.* Case**

26       The *M.M.M.* plaintiffs are six children who were separated from their

27  parents, *Ms. L* class members, as a result of their parents' referral for criminal

28  prosecution under the government's Zero-Tolerance Policy. The *M.M.M.* plaintiffs

1   (and the proposed Settlement Class of other similarly situated children) allege that

2   they were not given an opportunity to apply for asylum if their parents were subject

3   to final removal orders and elected to be reunified with their children, even

4   following reunification with their parents. In particular, the U.S. government took

5   the position that a parent's decision to be reunified with their child for removal, as

6   indicated on an "election form," meant that the parent had waived the child's right

7   to independently pursue a claim for asylum. *See generally* Compl. for Declaratory

8   and Injunctive Relief, *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF, ECF No. 4

9   (D.D.C. July 27, 2018).

10          The *M.M.M.* plaintiffs filed a class-action complaint seeking injunctive relief

11   on behalf of a putative class consisting of "all non-citizens under the age of 18 who

12   were separated from their parents or guardians upon (or after) entry into the United

13   States and who are, have been, or will be detained by the U.S. government at any

14   age since January 1, 2018." *Id.* at 33. The Complaint alleged four causes of action

15   arising under the Due Process Clause of the Fifth Amendment to the United States

16   Constitution, 28 U.S.C. § 1361, the APA, and 8 U.S.C. § 1252(e)(3). *Id.* at 34–40.

17          The *M.M.M.* complaint was originally filed in the U.S. District Court for the

18   District of Columbia on July 27, 2018 before Judge Paul Friedman. Judge Friedman

19   entered an order severing Counts I–III of the *M.M.M.* complaint and transferring

20   those claims to this Court, and retained jurisdiction over Count IV because the D.C.

21   District Court has exclusive jurisdiction over claims arising under 8 U.S.C.

22   § 1252(e)(3). *See* Order, *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF, ECF

23   No. 24 (D.D.C. Aug. 3, 2018). This Court entered a temporary restraining order

24   ("TRO") staying the removal of all putative class members and their parents

25   pending resolution of their preliminary injunction motion. *See* Order Granting Pls.'

26   Mot. for TRO, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No. 55

27   (S.D. Cal. Aug. 16, 2018). In entering the TRO, the Court found that the plaintiffs

28   were likely to succeed on the merits because Section 235 of the Immigration and

- 5 -

1  Nationality Act ("INA"), 8 U.S.C. § 1225, sets forth a "nondiscretionary duty" to

2  provide a CFI to any alien subject to expedited removal who indicates a fear of

3  returning to their country of origin. *See id.* at 9. The Court rejected the

4  government's argument that plaintiffs' rights to seek asylum or other protection

5  from removal had been waived by their parents' decision to sign the election form.

6  *Id.* at 10–11. The Court expressed a preliminary view that plaintiffs' "asylum

7  claims would be more appropriately addressed under § 235 since Plaintiffs were not

8  truly 'unaccompanied' minors warranting removal proceedings under § 240," but

9  reserved final ruling on this issue. *Id.* at 16 n.8. The Court directed the parties to

10  "meet and confer and propose a solution—one which follows the law, and is

11  equitable and reflective of ordered governance." *Id.* at 16. Per the Court's

12  instruction, counsel for Defendants and the *Ms. L*, *M.M.M.*, and *Dora* Plaintiffs met

13  and conferred extensively over the ensuing four weeks. After extensive negotiation,

14  the parties reached a final agreement on September 12, 2018. Plaintiffs submitted

15  their unopposed motion for preliminary approval for the proposed settlement on

16  October 5, 2018, and the Court issued an order granting the motion for preliminary

17  approval on October 9, 2018. *See* Unopposed Mot. for Prelim. Approval of

18  Proposed Settlement, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No.

19  73 (S.D. Cal. Oct. 5, 2018); Order Granting Prelim. Approval of Proposed

20  Settlement, *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS, ECF No. 75 (S.D.

21  Cal. Oct. 9, 2018) [hereinafter "Order Granting Prelim. Approval"].

22  **c. Material Terms of the Settlement**

23  The first part of the Agreement contemplates certification of the Settlement

24  Classes of parents and children. The parent Settlement Class is defined as:

25  All adult alien parents who entered the United States at or between
designated ports of entry with their child(ren), and who, on or before
26  the effective date of this agreement: (1) were detained in immigration
custody by the DHS; (2) have a child who was or is separated from
27  them by DHS and, on or after June 26, 2018, was housed in ORR
custody, ORR foster care, or DHS custody, absent a determination
28  that the parent is unfit or presents a danger to the child; and (3) have

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.

The class of children is defined as follows:

All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

The Agreement provides significant benefits to the members of the proposed classes. The procedural mechanisms vary depending on the class members' circumstances and do not affect the right of *Ms. L* Class Members to seek reunification pursuant to the Court's preliminary injunction during these processes. In particular, the Agreement provides the following relief:

- For parent class members who have final expedited removal orders, USCIS will exercise its discretionary authority to *sua sponte* conduct a good faith, *de novo* review of the parent's negative credible fear finding. For the limited purpose of this Agreement, the review process will include an opportunity to meet with an asylum officer for additional fact-gathering, and the parent will have the opportunity to present additional information that was not provided during their original CFI. Children will be treated as the parents' dependents under 8 C.F.R. § 208.30(b).[2]

  o Based on that interview, USCIS may reconsider the parent's negative credible fear finding. If USCIS does so, both the parent and the child will be issued notices to appear ("NTA") and placed in removal proceedings under Section 240.

  o If USCIS does not reconsider the parent's negative credible fear finding, USCIS will provide the child with a CFI. The parent will be permitted to assist the child in the interview and offer testimony on the child's behalf. If the child establishes a credible fear during his or her interview, then both the child and the parent will be issued NTAs and be placed into removal proceedings under Section 240, notwithstanding the parent's negative credible fear finding.

---

[2]    In addition, references to "class" or "class member" in the Settlement Agreement include any parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

- For detained parents with reinstated removal orders, USCIS will exercise its discretionary authority to *sua sponte* conduct a good faith de novo review of the parent's negative reasonable fear finding. For the limited purpose of this Agreement, the review process will include an opportunity to meet with an asylum officer for additional fact-gathering, and the parent will have the opportunity to present additional information that was not provided during their original reasonable fear interview ("RFI"). The child will be, as described below, placed into expedited removal and screened for credible fear.

  - If the parent establishes that he or she can meet the reasonable fear standard, the parent will be referred for withholding-only proceedings.

  - Regardless of the parent's ability to establish a reasonable fear upon further review, the parent's child will be provided a CFI. The parent will be permitted to assist the child in the interview and offer testimony on the child's behalf. If the child establishes a credible fear, then the child will be issued an NTA and placed in removal proceedings under Section 240. The parent will remain in withholding-only proceedings if the parent's reasonable fear finding is changed to positive.

- For children who are currently detained with their parents, and whose parents have received a final order of removal after going through removal proceedings under Section 240, and the child is an arriving alien or was initially encountered within fourteen days of entry and one hundred miles of the border, the child will be placed into expedited removal. If the child asserts or has already asserted an intention to apply for asylum or a fear of persecution or torture, either directly or through counsel, he or she will be provided with the same credible fear process described above. If the child establishes a credible fear, the child will be issued an NTA and be placed into Section 240 proceedings, and the government will move to reopen the parent's Section 240 proceedings and consolidate them with the child's.

- For children who have been reunited with their parents and are detained, ICE will either exercise its discretion to cancel any issued NTA or will file a joint motion to dismiss any pending immigration proceedings, and will, upon a finding that the child is an arriving alien or was initially encountered within fourteen days of entry and one hundred miles of the border, initiate expedited removal proceedings against the child. If the child asserts or has already asserted an intention to apply for asylum or a fear of persecution or torture, the child will be referred to USCIS for a CFI.

- For parents and children who have been released and were issued NTAs, such parents and children cannot be removed unless and until they receive final orders of removal after going through Section 240 removal proceedings.

- For parents and children who have been released, are not subject to final orders of removal, and are not in Section 240 proceedings, such parents and children can affirmatively apply for asylum and USCIS will adjudicate the application regardless of whether an unfiled NTA exists.

- If a child has received a final removal order prior to reunification, the government will join a motion to reopen the Section 240 proceedings if requested within forty-five days of court approval of the agreement. Counsel

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

for the plaintiffs and the government will work together in good faith to identify any such children within fifteen days of approval of the agreement.

- For children who have not been reunified, they will maintain their classification as "unaccompanied alien children" and will receive the various procedures to which they are entitled, unless and until they are reunified with their parent, at which point the procedures described in the proposed settlement will apply.

The second part of the Agreement reflects the parties' agreement with regard to individuals who fit the parent class description as defined above, but who have been removed from the United States, as well as the rights of members of the children class whose parents have been removed.[3] For those individuals, the parties' agreement is as follows:

- The Agreement states that the government does not intend or agree to return any removed parent to the United States. For parents who were removed without their child, Plaintiffs' counsel may raise with the government individual "rare and unusual" cases in which Plaintiffs' counsel believes the return of a particular removed *Ms. L* Class Member may be warranted. Plaintiffs' counsel will present any such cases, including all evidence they would like considered by the government within thirty days of court approval of the Agreement. Defendants will provide a reply to any case presented by Plaintiffs within thirty days of receiving Plaintiffs' request to consider the case.

- For the children of removed parents who choose to remain in the United States and seek asylum or other protection from removal, the government will not oppose requests that the removed parent provide testimony or evidence telephonically or in writing in the child's asylum or removal proceedings. In addition, ICE attorneys appearing in immigration court (1) will not object to the admission of documentary evidence (such as photocopied, scanned, or faxed documents) provided by the removed parent on the grounds that such documentary evidence does not bear an original signature or is not an original copy (ICE reserves the right to object based on other grounds); and (2) will not object to telephonic participation by the parent in the child's Section 240 removal proceedings provided that the alien (and his or her legal representative, if applicable) make appropriate motions to the immigration judge to permit telephonic testimony in advance of any merits hearing, that the alien is responsible for providing accurate contact information to permit the immigration judge to make contact with the parent, and that the parent's unavailability and faulty connections or other technological impediments may not serve as the basis for delaying scheduled hearings.

---

[3]     For purposes of this section of the Agreement, the class definitions are the same as described above, except that the requirements of continuous physical presence do not apply, since this section addresses removed parents.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

If the proposed settlement becomes final, class members will be prohibited from pursuing "any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L*, *M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by the Court, including statutory claims." The proposed settlement does not release claims for money damages, nor does it release claims for injunctive, declaratory, or equitable relief that are not immigration-or asylum-related, or claims that are not based on the allegations made in the *Ms. L*, *M.M.M.*, or *Dora* complaints.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(e), "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Settlements must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In the Ninth Circuit, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The decision to approve of a final settlement rests in "the sound discretion of the trial judge." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).

"Court approval requires a two-step process: (1) preliminary approval of the settlement; and (2) following a notice period to the class, final approval of the settlement at a fairness hearing." *Nwabueze v. AT&T Inc.,* No. 09-01529-SI, 2013 WL 6199596, at *3 (N.D. Cal. Nov. 27, 2013). At final approval, the court first "determines that notice to the class members was accomplished in the manner prescribed by the settlement and as approved by the Court at the preliminary approval stage." *Cancilla v. Ecolab, Inc.,* No. 12-cv-03001-JD, 2016 WL 54113, at *3 (N.D. Cal. Jan. 5, 2016). The court then analyzes whether it should confirm final

- 10 -

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  certification of any class preliminarily certified for settlement. *Rosado v. Ebay Inc.*,
2  No. 5:12-cv04005-EJD, 2016 U.S. Dist. LEXIS 80760, at *4 (N.D. Cal. June 20,
3  2016).

4  Finally, "[h]aving already completed a preliminary examination of the
5  agreement, the court reviews it again, mindful that the law favors the compromise
6  and settlement of class action suits." *Id*. In doing so, it seeks to determine if the
7  settlement is fair, reasonable, and adequate. *Id*. The court should "reach a reasoned
8  judgment that the agreement is not the product of fraud or overreaching by, or
9  collusion between, the negotiating parties, and that the settlement, taken as a whole,
10  is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at
11  625. Ultimately, "the decision to approve or reject a settlement is committed to the
12  sound discretion of the trial judge because he is exposed to the litigants and their
13  strategies, positions, and proof." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026
14  (9th Cir. 1998).

15  **IV.   ANALYSIS**

16  **a.  Plaintiffs Provided Both Direct and Indirect Notice to the Class.**

17  Consistent with the notice plan approved by the Court, Plaintiffs effectuated
18  class notice by mailing the Court-approved notice and Agreement to released class
19  members where feasible, hand-delivering the notice and Agreement to the
20  Settlement Class members in family detention, and sending the notice and
21  Agreement to dozens of non-profit organizations that regularly work with alien
22  families.

23  *First*, with respect to direct notice, the Agreement and Court-approved notice
24  form were mailed to all non-detained Settlement Class members for whom ICE had
25  address information.  *See* Ex. 21 (Declaration of Brian A. Pinkerton).  Following
26  preliminary approval, ICE provided Plaintiffs with the names, A-numbers, and
27  addresses for Settlement Class members who had been released from DHS or ORR
28  custody. Plaintiffs provided this information to a third-party administrator, Epiq,

1    which has extensive experience in processing and mailing class notice. *Id.* ¶ 2, 4–5.

2    Using data provided by ICE, Epiq determined the most recent address available for

3    each Settlement Class member. *Id.* ¶ 6. Epiq identified potential mailing addresses

4    for 3,000 class members whose status indicated they had not departed the country.

5    *Id.* Epiq mailed the Agreement and notice form to each of these potential class

6    members on October 19, 2018. *Id.* ¶ 8.

7        In addition, class notice was hand-delivered to Settlement Class members

8    currently detained at the family residential centers in Karnes and Dilley, Texas (the

9    two family residential centers where reunified families are being detained in ICE

10   custody). *See* Ex. 22 (Declaration of Zachary W. Best) at ¶¶ 10–11.  The notice was

11   provided to all class members at Dilley by October 11, 2018, and to the vast

12   majority of class members at Karnes by October 11, 2018.[4]  *Id.*

13       *Second*, in addition to the direct notice described above, Plaintiffs provided

14   indirect notice by disseminating the Agreement and Court-approved notice form to

15   dozens of organizations and entities that are likely to represent (or have

16   represented) members of the Settlement Class.  Plaintiffs' counsel disseminated the

17   Agreement and notice form to the Association of Pro Bono Counsel,[5] a private list-

18   serve of organizations and individuals who have been providing legal and other

19   services to individuals affected by family separation,[6] and the over 100

20   organizations listed in Exhibit 14 to Plaintiffs' motion for preliminary approval.[7]

21

22   [4]     The remaining minority of class members at Karnes were provided with
23   notice over the course of approximately the following week, as they became
     accessible to the Refugee and Immigrant Center for Education and Legal Services
24   (RAICES) in visitation. Ex. 22 at ¶ 11. Employees of RAICES delivered the notice
     to Settlement Class members detained in Karnes, Texas. *Id.* Employees of the
25   Dilley Pro Bono Project delivered the notice to Settlement Class members detained
     in at the South Texas Family Residential Center in Dilley, Texas. *Id.*
     [5]     T. Clark Weymouth, Plaintiffs' counsel in *M.M.M.* and a member of the
26   Association of Pro Bono Counsel, e-mailed notice to the list-serve and posted the
     notice to the Association's SalesForce site on October 11, 2018. *Id.* ¶ 4.
27   [6]     Manoj Govindaiah e-mailed the notice and Agreement to the list-serve on
     October 11, 2018. Ex. 22 at ¶ 6.
28   [7]     Ashley Johnson, a paralegal with Hogan Lovells, e-mailed the notice. Ex. 22

- 12 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

*Id.* ¶¶ 3-6.  Notice was provided to these organizations on October 11, 2018, within 48 hours of the Court granting preliminary approval.  *Id.*

Plaintiffs' counsel have also conducted other outreach to interested organizations since the Agreement was preliminarily approved. For example, on October 19, 2018, Plaintiffs' counsel worked with the Catholic Legal Immigration Network, Inc. (CLINIC) to host a webinar entitled "What You Need to Know About the *Dora v. Sessions*, *Ms. L v. ICE*, and *M.M.M. v. Sessions* Preliminary Settlement Agreement." *Id.* ¶ 7. Relevant organizations were notified of the webinar through a variety of list-serves and networks containing organizations that provide direct legal representation to aliens like Settlement Class members.  Over 400 people accepted registered for the webinar. *Id.* In partnership with CLINIC, Plaintiffs' counsel utilized the webinar to explain the Agreement in detail and answer attendees' questions about the Agreement.[8] *Id.*

Thus, the notice provided satisfies the Advisory Committee's standards for effecting class notice under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *Russell v. Kohl's Dep't Stores, Inc.*, No. 16-56493, 2018 WL 5793450, at *1 (9th Cir. Nov. 5, 2018) ("Federal Rule of Civil Procedure 23(c) requires the best notice practicable under the circumstances, not actual notice to every class member."); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir.), *cert. denied sub nom. ConAgra Brands, Inc. v. Briseno*, 138 S. Ct. 313(2017) ("when individual

---

at ¶ 5. Plaintiffs' counsel was not able to locate an e-mail address for one entity on the list: Nebraska Immigration Legal Assistance Hotline (NILAH). *See id.*

[8]     Fourteen of the 35 legal service providers (LSPs) listed in the motion for preliminary approval were inadvertently left off of the October 11, 2018 communications described above. Ex. 22 at ¶ 8. Six of the 14 were invited to the October 19, 2018 webinar, and employees from five of those six registered for the webinar. *Id.* Of the remaining eight, one LSP was already aware of the settlement, three did not have clients who would be affected by the settlement, and one did not have any clients who were members of the settlement classes. *Id.* ¶ 9. Plaintiffs' counsel made multiple attempts to contact the other three organizations by phone and e-mail on November 5-7, 2018, including e-mails attaching the Court-approved notice and Agreement and inviting questions, but as of this filing have not received a response. *Id.*

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

notice by mail is 'not possible, courts may use alternative means such as notice through third parties.'" (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)).[9]

### b. The Court Should Confirm Its Initial Finding That the Requirements of Rule 23(a) Are Satisfied.

Rule 23(a) provides four baseline requirements for certifying a class: numerosity, commonality, typicality, and adequacy. As the Court concluded in the Order Granting Preliminary Approval, all four requirements are satisfied here. *See M.M.M.* Dkt. No. 75 at 3.[10] Both Settlement Classes should be certified.

***Numerosity.*** Each Settlement Class satisfies the numerosity requirement under Rule 23(a)(1) because the members of the Settlement Classes are "so numerous that joinder is impracticable." *Id.*; *see also* Fed. R. Civ. P. 23(a)(1). Although a specific minimum number of class members is not required, *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994), "courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 183 (N.D. Cal. 2015). Moreover, where a plaintiff seeks injunctive and declaratory relief, as the Settlement Classes do here, the numerosity requirement is "relaxed" and the court may infer from plaintiffs' other evidence "that the number of unknown and future members of [the] proposed []class . . . is sufficient to make joinder impracticable." *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 586 (C.D. Cal. 2012) (quoting *Sueoka v. United States*, 101 Fed. App'x 649,

---

[9] "When the court does direct certification notice in a (b)(1) or (b)(2) class action, the discretion and flexibility established by subdivision (c)(2)(A) extend to the method of giving notice. Notice facilitates the opportunity to participate. Notice calculated to reach a significant number of class members often will protect the interests of all.  Informal methods may prove effective." Fed. R. Civ. P. 23(c)(2) (2003 Advisory Committee Notes).

[10] Unless otherwise noted docket entry citations that follow refer to documents filed in *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.).

653 (9th Cir. 2004)).

The numerosity requirement is easily satisfied for the Settlement Classes. The parent class includes hundreds of parents. *Cf. Ms. L* Class Cert. Order at 8 n.7. The child class is necessarily at least as large because it includes the children of all parents who are in the parent class. Both Settlement Classes therefore satisfy the numerosity requirement.

*Commonality.* The Settlement Classes satisfy the second element of Rule 23(a): that "there are issues of law and fact common to the Settlement Classes." *M.M.M.* Dkt. No. 75 at 3; Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where the plaintiff alleges the existence of a "common contention" that is "capable of classwide resolution[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The commonality requirement has "'been construed permissively,' and '[a]ll questions of fact and law need not be common to satisfy the rule.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Indeed, "commonality only requires a single significant question of law or fact[,]" *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (citing *Dukes*, 564 U.S. at 359), and that is particularly so where a suit "challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The Settlement Classes fulfill the commonality requirement because they present claims that raise common questions of fact and law. With respect to the parent class, the claims raise the common question of whether separation of parents and children at the border deprived those individuals of a meaningful opportunity to pursue asylum claims, in violation of the Due Process Clause of the Fifth Amendment and other federal laws.[11] This claim is common to all parent class

---

[11]    In *Dora v. Sessions*, 1:18-cv-1938 (D.D.C. 2018), these parents alleged that

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

members, and this Court previously found that due process claims arising from the separation raise common questions sufficient to satisfy the commonality requirement. *See Ms. L* Class Cert. Order at 12–13 (quoting *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) ("'[P]olicies and practices are the 'glue' that holds together the putative class . . . ; either each of the policies and practices is unlawful as to every inmate or it is not. That inquiry does not require us to determine the effect of those policies and practices upon any individual class member (or class members) or to undertake any other kind of individualized determination.'")). As the Court acknowledged in its prior class certification order in *Ms. L*, the reasoning in *Parsons* is applicable to the current matter. As a result, the due process claims are sufficiently common to satisfy Rule 23(a)(2)'s permissive standard regarding commonality. *See Mazza*, 666 F.3d at 589.

Likewise, claims brought by members of the child class present the common central legal question of whether the Government's separation of parents and children—and removal of the parent and child together following reunification without providing the child with an independent opportunity to apply for asylum—violated the Due Process Clause of the Fifth Amendment and other federal laws. These common legal questions include: (1) whether class members can be removed before receiving an opportunity to seek asylum or otherwise assert defenses to removal; (2) whether their parents can and did waive their rights to seek asylum; (3) what process, if any, is due prior to removal; and (4) whether class members have a right to be accompanied by their parent as they go through that process. Commonality is therefore satisfied. *Cf. Parsons*, 754 F.3d at 678 (finding commonality and noting "although a presently existing risk may ultimately result in different future harm for different inmates—ranging from no harm at all to death—

they were deprived of meaningful access to apply for asylum, in violation of due process, the Rehabilitation Act (29 U.S.C. § 701), the Administration Procedure Act, and the Immigration and Nationality Act.

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

MEM. OF P. & A. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

every inmate suffers exactly the same constitutional injury when he is exposed to a single statewide ADC policy or practice that creates a substantial risk of serious harm.").

*Typicality.* The Settlement Classes also meet Rule 23(a)'s typicality requirement. *See M.M.M.* Dkt. No. 75 at 3–4 ("[T]he claims of the named Plaintiffs in *M.M.M.* and *Ms. L* are typical of the claims of the Settlement Class Members . . . ."). Typicality focuses on the relationship of facts and issues between the class and its representatives. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted). The typicality requirement will occasionally merge with the commonality requirement. *See Parsons*, 754 F.3d at 687.

The typicality requirement is met for the parent class. This Court previously found the typicality element was satisfied for the class of *Ms. L* plaintiffs because: (1) the named plaintiffs and absent class members were subject to the same practice—family separation; (2) the due process claims raised by the plaintiffs and the absent class members were the same; and (3) the plaintiffs and absent class members suffered the same or similar injury. *See Ms. L* Class Cert. Order at 14. Just as with the issues raised by the named plaintiffs in *Ms. L*, the proposed named plaintiffs and parent Settlement Class members share a set of legal claims—that the parent class members were deprived of a meaningful opportunity to pursue asylum or other protection from removal. Similarly, the alleged injury—denial of the right to a meaningful opportunity to pursue asylum procedures or other protection from removal—is the same for all class members. Accordingly, the typicality

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1   requirement is met.

2       The typicality requirement is also met for the child class, because the claims

3   of the *M.M.M.* plaintiffs are "reasonably co-extensive" with the claims of members

4   of the child Settlement Class. As noted above, all members of the child Settlement

5   Class were separated from their parents and were subsequently subject to

6   reunification with their parents, leaving their ability to seek asylum in doubt to the

7   extent their parents had received any removal order during the period of separation

8   and selected the option of being reunified via an "election form." All class members

9   thus were at risk of the same or similar injury (i.e., being removed without an

10  opportunity to seek asylum). Because the action is not based on conduct unique to

11  the named plaintiffs, and because all class members were subject to the same course

12  of conduct, typicality is satisfied for the child class.

13      ***Adequacy.*** The Settlement Classes satisfy the final requirement of Rule

14  23(a): adequacy. As the Court previously concluded, "Plaintiffs and the proposed

15  Class Counsel will fairly and adequately represent the interests of the Settlement

16  Class Members." *M.M.M.* Dkt. No. 75 at 4; *see also* Fed. R. Civ. P. 23(a)(4).

17      The adequacy requirement is satisfied "if the proposed representative

18  plaintiffs do not have conflicts of interest with the proposed class and are

19  represented by qualified and competent counsel." *Kamakahi*, 305 F.R.D. at 184.

20  Class counsel are deemed qualified when they can establish their experience in

21  previous class actions and cases involving the same area of law. *Lynch v. Rank*, 604

22  F. Supp. 30, 37 (N.D. Cal. 1984), *aff'd* 747 F.2d 528 (9th Cir. 1984), *amended on*

23  *reh'g*, 763 F.2d 1098 (9th Cir. 1985).

24      The parent Settlement Class fulfills the adequacy requirement. Class counsel

25  for the parent Settlement Class are attorneys from a prominent law firm and with

26  expertise in class actions, together with attorneys from non-profit organizations that

27  specialize in civil rights and immigration law. *See* Dkt. No. 73 at 40–52.

28  Collectively, these attorneys have extensive background in litigating class actions,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1    and have extensive experience in the underlying issues of immigration law,

2    constitutional law, and administrative law. *See id.*; Dkt. No. 75 at 4. Furthermore,

3    as this Court noted, the named plaintiffs will fairly and adequately protect the

4    interests of the parent Settlement Class. *See id.* at 4. Named plaintiffs' interests are

5    aligned with the parent Settlement Class: Plaintiffs have alleged—on behalf of

6    themselves and the parent Settlement Class—that the family separation impacted

7    their ability to meaningfully pursue asylum rights.

8         As discussed above, there is a group of parents identified in the Agreement

9    consisting of the same parent class definition, except that the requirements of

10   continuous physical presence in the United States do not apply. All parents are

11   members of the certified *Ms. L* class. Class counsel for the *Ms. L* Plaintiffs will

12   continue to act as class counsel for the reunification claims for all parents, including

13   the reunification claims of these parents.

14        The child Settlement Class similarly satisfies the adequacy requirement.

15   Class counsel are attorneys from a prominent law firm with expertise in class

16   actions who have been working closely with attorneys from non-profit

17   organizations that specialize in immigration law and in representing individuals and

18   families in immigration proceedings. *See M.M.M.* Dkt. No. 73 at 54–59.

19   Collectively, these attorneys have extensive background in litigating class actions,

20   and have extensive experience in the underlying issues of immigration law,

21   constitutional law, and administrative law. *Id.*; *M.M.M.* Dkt. No. 75 at 4. The

22   attorneys have prosecuted the *M.M.M.* case vigorously on behalf of the child

23   Settlement Class, pursuing the interests of *M.M.M.* plaintiffs and class members in

24   securing injunctive relief that will allow them to pursue asylum with the assistance

25   of their parents. *Cf. Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998)

26   (adequacy satisfied when "the district court specifically found that the attorneys for

27   the class representatives were well qualified and that the class representatives

28   themselves were adequate because they were not antagonistic to the interests of the

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 19 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1   class and were 'interested and involved in obtaining relief.'"). In addition, the

2   interests of the *M.M.M.* named plaintiffs and the child Settlement Class are aligned.

3   *See M.M.M.* Dkt. No. 75 at 4 ("[T]he interests of the Settlement Class

4   Representatives are consistent with those of Settlement Class Members . . . ."). All

5   class members, including the *M.M.M.* plaintiffs, have been subjected to a similar

6   course of conduct and have a strong interest in (1) securing meaningful access to

7   asylum procedures, and (2) securing their parents' assistance with those procedures.

8   That is exactly the interest the *M.M.M.* plaintiffs have represented in this case.

9       Both Settlement Classes should be certified because they fulfill the four

10  factors under Rule 23(a).

### c. The Court Should Confirm its Initial Finding That the Requirements of Rule 23(b)(2) Are Satisfied.

13      Both Settlement Classes similarly satisfy the requirements for class

14  certification under Rule 23(b)(2). As the Court described in its order granting

15  preliminary approval, class certification under Rule 23(b)(2) is appropriate

16  "because Defendants are alleged to have acted or refused to act on grounds that

17  apply generally to the Settlement Classes, so that final injunctive relief or

18  corresponding declaratory relief is appropriate respecting the Settlement Classes as

19  a whole." *M.M.M.* Dkt. No. 75 at 4; *see also* Fed. R. Civ. P. 23(b)(2).

20      The Rule 23(b)(2) inquiry is circumscribed; it "does not require an

21  examination of the viability or bases of the class members' claims for relief, does

22  not require that the issues common to the class satisfy a Rule 23(b)(3)-like

23  predominance test, and does not require a finding that all members of the class have

24  suffered identical injuries." *Parsons*, 754 F.3d at 688. Thus, "Rule 23(b)(2)'s

25  requirement that a defendant have acted consistently towards the class is plainly

26  more permissive than 23(b)(3)'s requirement that questions common to the class

27  predominate over individual issues." *Pecover v. Elec. Arts Inc.*, No. 08-2820-VRW,

28  2010 WL 8742757, at *14 (N.D. Cal. Dec. 21, 2010). It is "'almost automatically

- 20 -

1   satisfied in actions primarily seeking injunctive relief.'" *Gray v. Golden Gate Nat'l*

2   *Rec. Area*, 279 F.R.D. 501, 520 (N.D. Cal. 2011) (quoting *Baby Neal for and by*

3   *Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)).

4       Rule 23(b)(2) is met here for both Settlement Classes. Both the *M.M.M.*

5   plaintiffs and the *Ms. L* and *Dora* plaintiffs have sought relief from Defendants'

6   policies that resulted in family separation, which were applied to the classes as a

7   whole, and which they contend denied Plaintiffs and class members with a

8   reasonable opportunity to pursue asylum or other protection from removal.

9   Defendants thus acted on grounds that "apply generally to the class." Through

10  litigation in *M.M.M.* and *Ms. L/Dora*, Plaintiffs sought to enjoin the government

11  from further unlawful interference with Plaintiffs' and the absent class members'

12  right to pursue asylum or other protection from removal, and the proposed

13  settlement plan resolves these claims for the class "as a whole" by seeking to

14  restore each class member to a position that reasonably approximates the position

15  each class member would have occupied but for the Defendants' conduct. Both

16  Settlement Classes should be certified because they satisfy Rule 23(b)(2).

17      **d. The Settlement is Fair, Reasonable, and Adequate and Should be**

18          **Approved by the Court.**

19      Federal Rule of Civil Procedure 23(e) "'requires court approval of all class

20  action settlements, which may be granted only after a fairness hearing and a

21  determination that the settlement taken as a whole is fair, reasonable, and

22  adequate.'" *In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 944 (9th Cir.

23  2015) (citations omitted). "Where a settlement is the product of arms-length

24  negotiations conducted by capable and experienced counsel, the court begins its

25  analysis with a presumption that the settlement is fair and reasonable." *Garner v.*

26  *State Farm Mut. Auto. Ins. Co.,* No. CV 08 1365 CW (EMC), 2010 WL 1687832,

27  at *13 (N.D. Cal. Apr. 22, 2010).

28

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

When deciding whether to approve a proposed class action settlement, the Court may consider some or all of eight factors:

[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Rodriguez*, 563 F.3d at 963 (citation and internal quotation marks omitted). Analysis of applicable factors weighs in favor of final approval of the settlement as a good-faith, reasonable, and non-collusive agreement.

### 1. Strength of the Plaintiffs' case

The Court has recognized the merits of Plaintiffs' cases multiple times throughout the life of this combined litigation. The Court granted the *Ms. L* Plaintiffs' motion for a preliminary injunction, finding that the Plaintiffs established a likelihood of success on the merits that the separation of parents from their children violated the Plaintiffs' substantive due process rights to family unity. *See* Order Granting Pls.' Mot. for Classwide Prelim. Inj. at 17, *Ms. L v. ICE*, Case No. 3:18-cv-428-DMS, Dkt. No. 83 (S.D. Cal. June 26, 2018). In *M.M.M.*, the Court issued a temporary restraining order, finding a likelihood of success on the merits of Plaintiffs' claim that the Government must provide them with an opportunity to apply for asylum independent of their parents. *See M.M.M.* Dkt. No. 55 at 12. Despite the strength of their case, Plaintiffs are mindful of the potential difficulty of prevailing on the merits, given the jurisdictional and other defenses asserted by the government. This factor therefore weighs in favor of approval.

### 2. Risk, expense, complexity, and likely duration of further litigation

Further litigation would present significant risks, complexity, and burdens on both sides. Defendants have raised complex jurisdictional and procedural defenses, contested the merits of Plaintiffs' claims, and disputed whether Plaintiffs' requested relief is an appropriate remedy for the harms alleged. Moreover, because of the unique jurisdictional requirements of claims under 8 U.S.C. § 1252(e)(3), the parties are currently involved in litigation in two separate district courts on the opposite ends of the country. If settlement were not approved, the parties would face complex, lengthy, and burdensome litigation, all while some members of the Settlement Classes are detained in family detention centers.

In contrast, the proposed settlement provides significant, meaningful, and certain relief to members of both proposed classes, and it does so expeditiously. Members of the Settlement Classes are vulnerable parents and children, many of whom are subject to final removal orders. The detained members of the Plaintiff Classes are particularly interested in obtaining finality in their removal proceedings to avoid prolonging their custody. The Agreement provides meaningful relief that is consistent with the views expressed by this Court as far as appropriate relief. Given the risks and burdens of further litigation, this factor therefore weighs in favor of approval.

### 3. The risk of maintaining class action status.

Although Defendants have agreed to class treatment for purposes of this settlement, they would be free to oppose class treatment if the case were litigated. Although Plaintiffs believe the classes meet the Rule 23 factors and are suitable for class treatment, class certification could be a disputed issue, and this risk to both sides supports the fairness of a negotiated resolution for

all class members. Class-wide resolution of Plaintiffs' claims through this settlement is therefore appropriate.

### 4.  The amount offered in settlement

As discussed above, the lawsuits do not seek damages, but instead seek injunctive relief. The equitable relief provided by settlement is substantial, providing access to asylum-related procedures for hundreds of class members that they otherwise would not have received.

### 5.  The extent of discovery and stage of proceedings

The proceedings are still in early stages and no discovery has taken place in the California actions covered by this settlement. Nevertheless, there are no disputed facts at issue that are material to the approval of the settlement. Since further discovery would be unlikely to have an effect on the resolution of these issues, this factor favors approving the proposed settlement.

### 6.  Experience and view of counsel

Class counsel collectively have extensive experience in class actions, immigration law, constitutional law, and administrative law and are capable of weighing the facts, law, and risks of continued litigation. Class counsel have vigorously prosecuted cases on behalf of the named Plaintiffs and have pursued the interests of the class members in negotiating a settlement agreement with Defendants that will provide both child and parent class members with meaningful access to asylum procedures. Class counsel believe that the proposed settlement is fair, reasonable, and adequate, and therefore this factor weighs in favor of approval as well.

### 7.  Presence of a governmental participant

Defendants in these cases include cabinet members and heads of executive agencies. Plaintiffs' counsel negotiated the proposed settlement with federal government lawyers representing the Defendants. Since the government was an

active and indispensable participant in reaching the proposed settlement, this factor too favors approval.

### 8. Reactions to the proposed settlement

The parties accomplished notice to the Settlement Class according to the plan approved by the Court. To date, although notice was provided to thousands of class members and dozens of relevant legal organizations, only six objections have been filed.  Moreover, in conjunction with the provision of class notice, counsel for Plaintiffs held telephone conferences with *hundreds* of individuals, including lawyers, from numerous organizations serving the putative class members. While individuals raised questions about the terms of the settlement, and how to assert rights thereunder, the overwhelming response to the settlement was positive, reflected in the tiny fraction of individuals who have raised objections.  This factor therefore favors approval as well.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court enter the attached proposed order approving the Agreement and certifying the Settlement Classes.

1  November 9, 2018                               **HOGAN LOVELLS US LLP**

2                                                 */s/ Michael Maddigan*
                                                  Michael Maddigan
3                                                 (Cal. Bar No. 163450)
                                                  1999 Avenue of the Stars, Suite 1400
4                                                 Los Angeles, CA 90067
                                                  Telephone: (310) 785-4727
5                                                 Facsimile: (310) 785-4601
                                                  michael.maddigan@hoganlovells.com
6
7                                                 Justin W. Bernick*
                                                  Zachary W. Best*
8                                                 T. Clark Weymouth*
                                                  555 Thirteenth Street, NW
9                                                 Washington, DC 20004
                                                  Telephone: (202) 637-5600
10                                                Facsimile: (202) 637-5910
                                                  justin.bernick@hoganlovells.com
11                                                t.weymouth@hoganlovells.com
                                                  zachary.best@hoganlovells.com
12
                                                  Oliver J. Armas*
13                                                Ira M. Feinberg (Cal. Bar No. 064066)
                                                  875 Third Avenue
14                                                New York, NY 10022
                                                  Telephone: (212) 918-3000
15                                                Facsimile: (212) 918-3100
                                                  oliver.armas@hoganlovells.com
16                                                ira.feinberg@hoganlovells.com
17                                                Katherine A. Nelson*
                                                  1601 Wewatta Street, Suite 900
18                                                Denver, CO 80202
                                                  Telephone: (303) 899-7300
19                                                Facsimile: (303) 899-7333
                                                  katherine.nelson@hoganlovells.com
20
                                                  Haley K. Costello Essig*
21                                                Park Place II, Ninth Floor
                                                  7930 Jones Branch Drive
22                                                McLean, VA 22102-3302
                                                  Telephone: (703) 610-6100
23                                                Facsimile: (703) 610-6200
                                                  haley.essig@hoganlovells.com
24                                                *Proposed Class Counsel for Child Class*
25                                                Aaron M. Olsen
                                                  Haeggquist and Eck LLP
26                                                225 Broadway, Ste 2050
                                                  San Diego, CA 92101
27                                                Telephone: (619) 342-8000
                                                  Facsimile: (619) 342-7878
28                                                aarono@haelaw.com

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Wilson G. Barmeyer*
Wilson G. Barmeyer*
Carol T. McClarnon*
EVERSHEDS SUTHERLAND (US)
LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
wilsonbarmeyer@eversheds-
sutherland.com

John H. Fleming*
EVERSHEDS SUTHERLAND (US)
LLP
999 Peachtree Street NE, Suite 2300
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
Johnathan Smith*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
sirine@muslimadvocates.org
johnathan@muslimadvocates.org

Simon Y. Sandoval-Moshenberg*
Sophia Gregg*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: (703) 778-3450
Facsimile: (703) 778-3454
simon@justice4all.org
sophia@justice4all.org

*Proposed Class Counsel for Parent
Class*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Stephen Kang *
Spencer Amdur
Daniel Galindo
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (212) 549-2660
Facsimile: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Proposed Counsel For Class Members*
*Who do not Meet the Physical Presence*
*Requirement*
*\*Admitted Pro Hac Vice*

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, with the Clerk of the Court through the ECF system on November 9, 2018. This system provided a copy to and effected service of this document on all parties.

Dated:      November 9, 2018            HOGAN LOVELLS US LLP


By:   */s/ Michael Maddigan*
      Michael Maddigan
      Attorney for Plaintiff
      (Cal. Bar No. 163450)

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -

MEM. OF P. & A. ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

*M.M.M., on behalf of his minor child, J.M.A., et al. v. Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.*

**EXHIBITS TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

| Exhibit | Document | Pages |
|---|---|---|
| 20 | Settlement Agreement | 31–38 |
| 21 | November 7, 2018 Declaration of Brian A. Pinkerton Regarding Dissemination of Settlement Notice | 39–60 |
| 22 | November 9, 2018 Declaration of Zachary W. Best in Support of Motion for Final Approval of Class Action Settlement | 61–65 |