MICHAEL M. MADDIGAN (SBN 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
Email: michael.maddigan@hoganlovells.com

Attorney for *M.M.M.* Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendants. | Case No. 3:18-cv-1832-DMS <br> JUDGE: Hon. Dana M. Sabraw <br> DATE: November 15, 2018 <br> TIME: 10:30 AM <br> COURTROOM: 13A |
| Ms. L, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendants. | Case No. 3:18-cv-428-DMS <br> JUDGE: Hon. Dana M. Sabraw <br> DATE: November 15, 2018 <br> TIME: 10:30 AM <br> COURTROOM: 13A <br><br> **[PROPOSED] ORDER CERTIFYING THE SETTLEMENT CLASSES AND GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

PROPOSED ORDER CERTIFYING SETTLEMENT
CLASSES AND GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of Settlement Classes;

WHEREAS, the *M.M.M.*, *Ms. L*, and *Dora* named Plaintiffs allege that they and members of the Settlement Classes were injured as a result of Defendants' actions;

WHEREAS, the Court granted the *M.M.M.* Plaintiffs' request for a Temporary Restraining Order temporarily restraining Defendants "from removing [specified persons] from the United States, until the merits of Plaintiffs' motion for a preliminary injunction is resolved," *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.) (Aug. 16, 2018), Dkt No. 55 at 15;

WHEREAS the Court ordered the parties to consider "how they wish to proceed on the issues of class certification and Plaintiffs' entitlement to asylum proceedings" and to "meet and confer and propose a solution—one which follows the law, and is equitable and reflective of ordered governance," *id.* at 16;

WHEREAS, the parties reached a settlement agreement that was filed with the Court on September 12, 2018 ("Agreement" or "Settlement");

WHEREAS, on October 9, 2018, the Court granted preliminary approval of the Agreement, approved the proposed notice plan, and provisionally certified the Settlement Classes; and

WHEREAS, the Court has considered the Agreement, the filed objections to the agreement, arguments presented at the fairness hearing held on November 15, 2018, and all other submissions in connection with the parties' request for final approval of the Agreement and certification of the Settlement Classes set forth in the Agreement for the purposes of settlement only, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED**.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

**Final Approval of the Settlement**

2. The form and method by which notice was given to the Settlement Classes met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

3. The Court finds that: (a) the Settlement is fair, reasonable, and adequate in accordance with Fed. R. Civ. P. 23(e)(2); (b) the Agreement was negotiated at arm's length by experienced counsel acting in good faith; and (c) there has been adequate opportunity for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court has reviewed the six objections filed regarding the Settlement and carefully considered each of the issues raised by those filings, and finds that the objections do not impact the conclusion that the Settlement is fair, reasonable, and adequate.

5. The Court therefore finds that final approval is appropriate and hereby grants final approval of the Settlement. The parties are directed to consummate the Agreement according to its terms. The Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

**Certification of the Settlement Classes, Appointment of Settlement Class Representatives, and Appointment of Co-Lead Counsel**

6. For purposes of the Settlement, and only for that purpose, and without an adjudication on the merits, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and hereby defines the following classes.

The class of parents is defined as follows:

> All adult alien parents who entered the United States at or between designated ports of entry with their child(ren), and who, on or before the effective date of this agreement: (1) were detained in immigration custody by the DHS; (2) have a child who was or is separated from them by DHS and, on or after June 26, 2018, was housed in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child; and (3) have been (and whose child(ren) have been) continuously physically present within the United States since June 26, 2018, whether in detention or released. The class does not include alien parents with criminal histories or a communicable disease, or those encountered in the interior of the United States.[1]

The class of children is defined as follows:

> All alien children who are under the age of 18 on the effective date of this agreement who: (1) entered the United States at or between designated ports of entry with an alien parent, and who were separated from their parents, on or before the effective date of this settlement agreement; (2) have been or will be reunified with that parent pursuant to the preliminary injunction issued by the Court in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and (3) have been continuously physically present in the United States since June 26, 2018.

The Settlement Classes are certified for settlement purposes.

7. The Court finds that certification of the Settlement Classes is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Classes are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Classes; (3) the claims of the named Plaintiffs in *M.M.M.*, *Ms. L*, and *Dora* are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class Members.

8. The Court also finds that certification of the Settlement Classes is warranted in light of the Settlement under the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act

---

[1] References to a "class" or "class member" in the Agreement refer to the classes described in the text, as well as alien parents who are not part of the *Ms. L* class due to criminal history or communicable disease, but who the Court has ordered must be reunified. The Agreement also addresses parents who are covered by the above description, but who have been removed from the United States.

on grounds that apply generally to the Settlement Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Classes as a whole.

9. The Court hereby appoints the named Plaintiffs in *M.M.M.* and *Ms. L.* (as recently amended) as Settlement Class Representatives. The Court finds that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Classes because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of the relevant laws.

10. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby confirms the appointment of the law firm Eversheds Sutherland, Muslim Advocates, and the Legal Aid Justice Center as counsel for the parent class for parents continuously physically present in the United States since June 26, 2018, the ACLU as counsel for parents who have been removed, and Hogan Lovells US LLP as counsel for the child class.

**Other Provisions**

11. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of a lack of merit of Plaintiffs' allegations.

1
2  **IT IS SO ORDERED**.
3
4  DATED:_____      _____
5  　　　　　　　　　　　　　　　　　　　The Hon. Judge Dana Sabraw