UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

_____

MS. L, ET AL.,                                )
                                              )
                                              )CASE NO. 18CV0428-DMS
        PETITIONERS-PLAINTIFFS,               )        18CV1626-DMS
                                              )        18CV1832-DMS
VS.                                           )
                                              )SAN DIEGO, CALIFORNIA
U.S. IMMIGRATION AND CUSTOMS                  )  NOVEMBER 15, 2018
ENFORCEMENT ("ICE"), ET AL.,                  )  10:30 A.M. CALENDAR
                                              )
        RESPONDENTS-DEFENDANTS.               )
----------------------------------------

REPORTER'S TRANSCRIPT OF PROCEEDINGS

FINAL APPROVAL HEARING

REPORTED BY:                    LEE ANN PENCE,
                                OFFICIAL COURT REPORTER
                                UNITED STATES COURTHOUSE
                                333 WEST BROADWAY, ROOM 1393
                                SAN DIEGO, CALIFORNIA 92101

COUNSEL APPEARING TELEPHONICALLY:


FOR PLAINTIFF:                    LEE GELERNT, ESQ.
                                 ANAND BALAKRISHNAN, ESQ.
                                 STEPHEN B. KANG, ESQ.
                                 ACLU IMMIGRANT RIGHTS PROJECT
                                 125 BROAD STREET 18TH FLOOR
                                 NEW YORK, NEW YORK 10004


FOR DEFENDANT:                   SCOTT STEWART, ESQ.
                                 SARAH B. FABIAN, ESQ.
                                 U.S. DEPARTMENT OF JUSTICE
                                 OFFICE OF IMMIGRATION LITIGATION
                                 P.O. BOX 868
                                 BEN FRANKLIN STATION
                                 WASHINGTON, DC 20044


ALSO APPEARING:                  JUSTIN W. BERNICK, ESQ.
                                 JENNIFER LEVY, ESQ.
                                 ZACHARY BEST, ESQ.
                                 SIRINE SHEBAYA, ESQ.
                                 WILSON BARMEYER, ESQ.
                                 AARON OLSON, ESQ.
                                 EMILY NICKLIN, ESQ.
                                 MARTIN M. MCNERNEY, ESQ.
                                 CATHERINE WEISS, ESQ.
                                 ASHLEY NEGLIA, ESQ.

1    **SAN DIEGO, CALIFORNIA THURSDAY, NOVEMBER 15, 2018 – 10:37 A.M.**

2                              *  *  *

3              **THE CLERK:**  NO. 6 ON CALENDAR, CASE NO. 18CV0428,

4    MS. L. VERSUS U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; ON FOR

5    FINAL APPROVAL HEARING.

6              **THE COURT:**  GOOD MORNING.

7              I HAVE A NUMBER OF COUNSEL PRESENT, AND A NUMBER ON

8    THE TELEPHONE.

9              I HAVE AN INDICATION THAT ON THE TELEPHONE ARE MR.

10   LEE GELERNT AND MR. ANAND BALAKRISHNAN, AS WELL AS

11   MS. JENNIFER LEVY IN THE NTC CASE.

12             ARE THERE ANY OTHER COUNSEL ON THE TELEPHONE?

13             **MS. NICKLIN:**  YES, YOUR HONOR.  THIS IS EMILY

14   NICKLIN, N-I-C-K-L-I-N.  I AM COUNSEL FOR MS. MD-L, WHO FILED

15   AN INDIVIDUAL OBJECTION.

16             **THE COURT:**  OKAY.  THANK YOU.

17             ANY OTHER COUNSEL ON THE LINE?

18             OKAY.  HEARING NONE, PERHAPS LET'S START WITH

19   COUNSEL WHO ARE PRESENT.

20             IF I CAN HAVE YOU STATE YOUR APPEARANCES, PLEASE.

21   AND WE CAN START WITH PLAINTIFFS' COUNSEL.

22             **MR. BERNICK:**  THANK YOU, YOUR HONOR.  JUSTIN BERNICK

23   FROM HOGAN LOVELLS ON BEHALF OF THE MMM PLAINTIFFS.

24             **THE COURT:**  THANK YOU.

25             **MR. BEST:**  GOOD MORNING, YOUR HONOR.  ZACHARY BEST

```
 1   FOR THE MMM PLAINTIFFS.

 2              THE COURT:  GOOD MORNING.

 3              MR. BARMEYER:  GOOD MORNING, YOUR HONOR.  WILSON

 4   BARMEYER FOR THE DORA PLAINTIFFS.

 5              THE COURT:  THANK YOU.

 6              MS. SHEBAYA:  GOOD MORNING, YOUR HONOR.  SIRINE

 7   SHEBAYA FOR THE DORA PLAINTIFFS.

 8              THE COURT:  THANK YOU.

 9              MR. KANG:  GOOD MORNING, YOUR HONOR.  STEPHEN KANG

10   FOR THE MS. L. PLAINTIFFS.

11              THE COURT:  GOOD MORNING.

12              MR. MCNERNEY:  GOOD MORNING, YOUR HONOR.  MARTY

13   MCNERNEY FROM KING & SPALDING FOR LESBI MARTINEZ AND EGLA

14   VELASQUEZ MOLINA.

15              THE COURT:  THANK YOU.

16              MR. OLSON:  GOOD MORNING, YOUR HONOR.  AARON OLSON

17   FROM HAEGGQUIST & ECK, LOCAL COUNSEL FOR THE DORA DEFENDANTS.

18              THE COURT:  THANK YOU.

19              MS. WEISS:  GOOD MORNING, YOUR HONOR.  CATHERINE

20   WEISS FOR THE LEGAL SERVICE PROVIDERS REPRESENTING CHILDREN.

21              THE COURT:  THANK YOU.

22              MS. NEGLIA:  GOOD MORNING.  ASHLEY NEGLIA ON BEHALF

23   OF OBJECTOR MS. MD-L AS WELL.

24              THE COURT:  GOOD MORNING.

25              HAVE WE COVERED EVERYONE?  OKAY.  WE HAVE ALL
```

NOVEMBER 15, 2018

```
 1  APPEARANCES.

 2              IT IS MY UNDERSTANDING THAT THE FOR OBJECTORS A

 3  NUMBER OF COUNSEL WOULD LIKE TO BE HEARD, INCLUDING MS. NEGLIA

 4  AND MS. WEISS.  ARE THERE ANY OTHERS AT THIS POINT?

 5              I THINK WHAT I CAN DO, PERHAPS WHAT MIGHT BE MOST

 6  EFFICIENT, IS PROVIDE SOME TENTATIVES.  AND THEN COUNSEL CAN

 7  INDICATE WHETHER THEY HAVE ANY COMMENTS TO MAKE.

 8              AND I DID NOT MEAN TO NEGLECT GOVERNMENT COUNSEL.

 9  IT IS GOOD TO SEE YOU BOTH.

10              CAN I HAVE YOUR APPEARANCES?

11         MS. FABIAN:   GOOD MORNING, YOUR HONOR.  SARAH

12  FABIAN ON BEHALF OF THE DEFENDANTS.

13         MR. STEWART:   THANK YOU, YOUR HONOR.  SCOTT STEWART

14  ON BEHALF OF THE DEFENDANTS.

15         THE COURT:   GOOD MORNING.

16              I HAVE READ ALL OF THE BRIEFING, INCLUDING THE

17  OBJECTIONS, AND I HAVE REVIEWED THE JOINT RESPONSE THAT CAME

18  IN RECENTLY, AS WELL AS A FILING THIS MORNING ON BEHALF OF

19  MS. LESBI MARTINEZ AND MS. VELASQUEZ MOLINA, A SUPPLEMENTAL

20  BRIEFING.

21              LET ME, PERHAPS, START WITH THE ONES THAT MAY BE

22  MORE STREAMLINED TO SEE IF I HAVE THIS RIGHT.

23              AS TO THE OBJECTIONS THAT WERE FILED BY MD-L AND

24  KRMC, THE TENTATIVE HERE WOULD SIMPLY BE TO OVERRULE THE

25  OBJECTIONS AS MOOT.  IT APPEARS THAT THESE ISSUES HAVE WORKED
```

NOVEMBER 15, 2018

 1   OUT.  THE GOVERNMENT AGREES WITH THE POSITION STATED BY MD-L.

 2   SHE WANTS TO BE INCLUDED IN THE SETTLEMENT AGREEMENT, AND

 3   APPARENTLY THERE IS AGREEMENT THAT SHE IS WITHIN THE CLASS AND

 4   WOULD BENEFIT FROM THE SETTLEMENT AGREEMENT.

 5           AS TO KRMC, THERE WAS A FILING WITHDRAWING THE

 6   OBJECTION.

 7           SO IT APPEARS, AS TO THOSE TWO, THE OBJECTIONS COULD

 8   SIMPLY BE OVERRULED AS MOOT.

 9           DO COUNSEL WISH TO BE HEARD ON MD-L OR KRMC?

10           **MS. NEGLIA:**  YOUR HONOR, THIS IS ASHLEY NEGLIA ON

11   BEHALF OF MS. MD-L.

12           BASED ON OUR NEGOTIATIONS WITH THE GOVERNMENT AND

13   BASED ON THEIR FILING REGARDING OUR OBJECTION, WE AGREE THAT

14   THE MATTER APPEARS TO HAVE BEEN MOOTED.

15           **THE COURT:**  ALL RIGHT.  THANK YOU.

16           AND AS TO KRMC, HEARING NOTHING AND HAVING RECEIVED

17   THE NOTICE OF WITHDRAWAL, I WOULD STAND ON THAT TENTATIVE.

18           LET'S MOVE TO MS. MARTINEZ-MARTINEZ AND VELASQUEZ

19   MOLINA.  THESE ARE THE OBJECTIONS FILED THROUGH THE OFFICES OF

20   KING & SPALDING.

21           THIS RAISES THE ISSUE OF THEY WOULD LIKE TO BE

22   INCLUDED IN THE SETTLEMENT AGREEMENT AND BE PART OF THE CLASS,

23   AS THEY ALLEGE THAT THEY ARE LEGAL GUARDIANS.  AND THE

24   OBJECTION THAT CAME IN OR THE SUPPLEMENTAL BRIEFING THAT CAME

25   IN THIS MORNING SPEAKS FURTHER TO THAT ISSUE.

7

1          THE PARTIES' POSITION, THROUGH THE PLAINTIFFS AND

2    THE GOVERNMENT, IS THAT PURSUANT TO FOOTNOTE 1 OF THE

3    SETTLEMENT AGREEMENT THAT THERE WOULD NOT BE STANDING, THAT

4    THESE INDIVIDUALS ARE NOT CLASS MEMBERS, AND THEY WOULD HAVE

5    TO BE CLASS MEMBERS TO OBJECT.  SO THERE IS A STANDING

6    ASSERTION, INITIALLY.  THERE IS ALSO AN INDICATION THAT --

7    PERHAPS AN IMPLICIT INVITATION TO HAVE THOSE MATTERS ADDRESSED

8    THROUGH THE MS. L. CASE.  SO HERE, PERHAPS WE CAN START THERE.

9          AND LET ME INQUIRE OF THE PARTIES FIRST, PLAINTIFFS'

10   AND GOVERNMENT COUNSEL, WHETHER THIS IS AN AREA THAT CAN BE

11   WORKED THROUGH INFORMALLY.

12         IT APPEARS THERE ARE JUST THE TWO INDIVIDUALS WHO

13   CLAIM THEY ARE LEGAL GUARDIANS AND OUGHT TO BE CONSIDERED

14   PARENTS AND OUGHT TO BE INCLUDED; OR DO THE PARTIES STAND ON

15   THEIR JOINT RESPONSE AND TAKE THE POSITION THAT IF THERE IS

16   ANY RELIEF PROVIDED IT WOULD COME PERHAPS THROUGH THE MS. L.

17   LITIGATION, OR THERE WOULD BE NO RELIEF AT ALL FOR THESE TWO

18   PARTICULAR OBJECTORS.

19         **MR. BARMEYER:**  YOUR HONOR, WILSON BARMEYER FOR THE

20   DORA PLAINTIFFS.

21         WE JOINED A JOINT RESPONSE TO THE OBJECTION WITH THE

22   GOVERNMENT.  AND THE PARTIES' POSITION IS THAT THE SETTLEMENT

23   COVERS PARENTS.  CERTAINLY WE, AS PLAINTIFFS, ARE SYMPATHETIC

24   TO THE ARGUMENTS OF THE OBJECTORS, AND IF SOMETHING COULD BE

25   WORKED OUT WITH THE GOVERNMENT WE WOULD BE FAVORABLE TO THAT.

NOVEMBER 15, 2018

8

 1          I DON'T -- I WILL NOT RECITE THE GOVERNMENT'S

 2   POSITION ON THAT, BUT WE THINK THAT THE PLAIN LANGUAGE OF THE

 3   SETTLEMENT COVERS PARENTS, AND THAT WAS THE TEXT OF THE

 4   AGREEMENT AND THAT IS WHAT WE ARE SEEKING APPROVAL FOR TODAY.

 5          FOR FOLKS THAT ARE OUTSIDE THE SETTLEMENT, YOU KNOW,

 6   THEY HAVE CLAIMS, THEY HAVE -- THOSE CLAIMS ARE NOT WAIVED BY

 7   THE SETTLEMENT.  THOSE MAY BE GOOD CLAIMS, THEY MAY BE

 8   SYMPATHETIC CLAIMS, BUT THE ISSUE BEFORE THE COURT IS REALLY

 9   ONLY WHETHER THE PARTIES THAT ARE COVERED BY THE SETTLEMENT --

10   WHETHER THE SETTLEMENT IS FAIR TO THEM.  AND THE ISSUE OF

11   WHETHER THESE PARTIES CAN BE COVERED BY THE SETTLEMENT IS A

12   DIFFERENT ISSUE FROM THE FAIRNESS ISSUE DIRECTLY BEFORE THE

13   COURT.

14          **THE COURT:**  ALL RIGHT.

15          **MR. STEWART:**  ON THIS, YOUR HONOR, I WOULD SAY,

16   ECHOING A FEW POINTS, OUR POSITION -- THE POSITION OF THE

17   GOVERNMENT WOULD BE THAT THESE TWO -- THESE TWO OBJECTORS ARE

18   NOT -- CERTAINLY NOT PART OF THIS SETTLEMENT AGREEMENT,

19   DOESN'T AFFECT THIS SETTLEMENT AGREEMENT.

20          THE GOVERNMENT WOULD ALSO TAKE THE POSITION, YOUR

21   HONOR, THAT THEY ARE NOT PART OF THE MS. L. LITIGATION BECAUSE

22   THAT TOO FOCUSES ON PARENTS.  AND AN ISSUE OF LEGAL GUARDIANS

23   AND RIGHTS TO REUNIFICATION AND THAT SORT OF THING WOULD RAISE

24   A WHOLE HOST OF ISSUES THAT HAVE NOT BEEN ADDRESSED IN THAT

25   CASE.

1          WE HAVE, FOR EXAMPLE, A SITUATION HERE WHERE ONE OF

2     THE OBJECTORS IS THE 30-YEAR-OLD OLDER SISTER TO A

3     15-YEAR-OLD.  YOUR HONOR CAN IMAGINE THAT LEGAL GUARDIAN

4     QUESTIONS ARE PROFOUNDLY JUST DIFFERENT, NOT JUST

5     OPERATIONALLY BUT POTENTIALLY LEGALLY.  SO I THINK THE TWO

6     POINTS FROM THE GOVERNMENT'S PERSPECTIVE ARE CERTAINLY NOT

7     PART OF THIS SETTLEMENT AGREEMENT.  DOESN'T AFFECT ANYTHING ON

8     APPROVAL WITH THIS SETTLEMENT AGREEMENT.

9          IF THERE WERE TO BE ANY QUESTION ABOUT HOW TO

10    ADDRESS THEM, YOU KNOW, THEY COULD, IN THEORY, SEEK TO BECOME

11    MEMBERS OR, YOU KNOW, SEEK TO DO SOMETHING IN THE MS. L.

12    LITIGATION.  THE GOVERNMENT WOULD, OF COURSE, WANT SUBSTANTIAL

13    OPPORTUNITY TO ADDRESS THAT BECAUSE ALL ALONG THIS IS FOCUSED

14    ON PARENTS RATHER THAN LEGAL GUARDIANS.

15         SO WE -- WE WOULD JUST EMPHASIZE THAT THERE WOULD

16    NEED TO BE ANOTHER ROUTE FOR THEM TO TRY TO GET RELIEF, AND I

17    BELIEVE THAT IS WHY THEY FILED OTHER -- IN PART WHY THEY FILED

18    OTHER LAWSUITS.

19         **THE COURT:**  WAS THIS ISSUE ADDRESSED BY JUDGE

20    FRIEDMAN?

21         **MR. STEWART:**  I BELIEVE, YOUR HONOR, THAT THE

22    LITIGATION THERE WITH JUDGE FRIEDMAN IS STAYED, I BELIEVE, IN

23    THOSE TWO CASES, PENDING HOW THIS IS GOING TO --

24         **THE COURT:**  I THINK THERE WAS AN ISSUE WITH RESPECT

25    TO A GRANDMOTHER, WHO RAISED A SMALL CHILD, WHO WAS SEEKING TO

NOVEMBER 15, 2018

```
 1    BENEFIT FROM THE MS. L. LITIGATION AND THIS MMM LITIGATION AS

 2    WELL.

 3              MS. FABIAN:  I THINK THAT IS MS. MARTINEZ, SO ONE OF

 4    THE TWO OBJECTORS HERE.  THERE WAS A THIRD --

 5              THE COURT:  OKAY.

 6              MS. FABIAN:  -- CASE ALSO WITH JUDGE FRIEDMAN, WHICH

 7    IS NOT -- WHO IS NOT AN OBJECTOR HERE.  SO THERE ARE A FEW

 8    CASES PENDING BEFORE JUDGE FRIEDMAN.  JUDGE FRIEDMAN HAS

 9    STAYED THOSE, WAITING TO FIND OUT THE OUTCOME IN THIS COURT OF

10    THE ISSUE.  BUT TWO OF THE THREE DO REMAIN PENDING BEFORE --

11    THE TWO THAT ARE WHERE THE OBJECTORS HAVE FILED HERE, THOSE

12    REMAIN PENDING BUT STAYED TO SEE WHAT HAPPENS IN THIS COURT.

13              THE COURT:  SO THIS ISSUE MAY HAVE BEEN RAISED

14    BEFORE JUDGE FRIEDMAN, BUT HE HAS NOT YET RULED.

15              MS. FABIAN:  I DON'T BELIEVE SO, NO.  HE IS WAITING

16    TO SEE WHAT THIS COURT DECIDES.

17              THE COURT:  AND MR. MCNERNEY, DID YOU WANT TO --

18              MR. MCNERNEY:  YOUR HONOR, AM I FINE SPEAKING FROM

19    HERE OR THE PODIUM?

20              THE COURT:  WHERE YOU STAND IS FINE.

21              MR. MCNERNEY:  ATTORNEYS FOR LESBI MARTINEZ AND --

22              MR. GELERNT:  YOUR HONOR, I AM SORRY.

23              THE COURT:  I AM SORRY, THERE ARE COUNSEL ON THE

24    PHONE, SO IF YOU COULD JUST USE THE MICROPHONE.

25              MR. GELERNT:  THANK YOU SO MUCH.
```

NOVEMBER 15, 2018

```
 1            MR. MCNERNEY:  TO ANSWER YOUR HONOR'S QUESTION,
 2   JUDGE FRIEDMAN HEARD ARGUMENT FOR ABOUT AN HOUR OR SO, AND
 3   CONCLUDED THAT THE PRELIMINARY INJUNCTION MOTION THAT WAS
 4   FILED BY MS. MARTINEZ WOULD BE STAYED IN ORDER FOR THIS COURT
 5   TO RULE ON THE CLAIMS OF MY TWO CLIENTS THAT THEY ARE, IN
 6   FACT, WITHIN THE SCOPE OF THE SETTLEMENT CLASS.  SO HE DIDN'T
 7   REACH A MERITS DECISION IN THAT CASE.
 8            THE COURT:  AND IS IT YOUR VIEW THAT THIS ISSUE
 9   SHOULD BE ADDRESSED HERE IN THIS APPROVAL SETTING, OR IN THE
10   MS. L. LITIGATION, OR -- I GUESS IT WOULDN'T MATTER WHICH CASE
11   AS LONG AS IT IS ADDRESSED.
12            MR. MCNERNEY:  YES, YOUR HONOR.  I THOUGHT WE WOULD
13   START HERE FOR A NUMBER OF REASONS.  THE CASE -- THIS CASE,
14   DORA CASE, MMM CASE, IT IS COLLECTIVELY REFERRED TO BY MANY AS
15   THE FAMILY SEPARATION LITIGATION.  AND THE FAMILIES OF MY TWO
16   CLIENTS WERE SEPARATED, JUST LIKE THE FAMILIES FOR ALL OF THE
17   MIGRANT PARENTS WHO WERE SUBJECT TO THE ZERO TOLERANCE
18   PROVISION THAT THE GOVERNMENT IMPLEMENTED.  IT HAS BEEN
19   UNIVERSALLY CONDEMNED.  AND THE EMOTIONAL TRAUMA THAT WAS
20   VISITED ON MY CLIENTS IS EXACTLY THE SAME AS THE EMOTIONAL
21   TRAUMA THAT LED THIS COURT TO ENTER ITS INJUNCTION AT THE END
22   OF JUNE.
23            THE COURT:  WOULD YOU AGREE THAT THIS ISSUE DOESN'T
24   GO TO THE CONCEPTS OF APPROVING THE SETTLEMENT, WHETHER IT IS
25   FAIR, REASONABLE, AND ADEQUATE; BUT REALLY WHAT YOU ARE SAYING
```

1    IS, WE LIKE THIS SETTLEMENT AGREEMENT SO MUCH WE WANT TO BE

2    INCLUDED.  AND SO THAT'S A SEPARATE LEGAL ISSUE.

3            **MR. MCNERNEY:**  THAT IS OUR POSITION, YOUR HONOR.  WE

4    WOULD VERY MUCH SUPPORT FINAL APPROVAL OF THE SETTLEMENT AS

5    LONG AS OUR TWO CLIENTS ARE INCLUDED WITHIN THE RELIEF THAT IS

6    GRANTED.

7            **THE COURT:**  ALL RIGHT.

8            MR. GELERNT, DO YOU WANT TO SPEAK TO THIS ISSUE?

9            **MR. GELERNT:**  YOUR HONOR, I THINK I WOULD JUST ECHO

10   WHAT MY CO-COUNSEL SAID AND WHAT THE GOVERNMENT SAID, THAT I

11   ACTUALLY THINK THAT THERE COULD BE TWO DIFFERENT ISSUES, AND

12   ONE IS WHETHER IT IS COVERED BY THE LANGUAGE OF THE

13   SETTLEMENT.  AND, YOU KNOW, I WOULD AGREE WITH MR. BARMEYER

14   THAT THE SETTLEMENT CAN BE APPROVED WITH -- AND WITH THE

15   GOVERNMENT, BUT IF -- AND THIS IS WHAT THE GOVERNMENT SAID

16   WITH RESPECT TO MS. L. THAT THAT COULD BE AN ISSUE TAKEN UP

17   LATER.

18            I DO THINK THAT THERE ARE ISSUES ABOUT HOW A PARENT

19   SHOULD BE UNDERSTOOD IN THE CONTEXT OF FAMILY SEPARATION.  AS

20   THE GOVERNMENT SUGGESTED, THOSE RAISE ADDITIONAL ISSUES BEYOND

21   WHAT THIS COURT HAS ALREADY DECIDED.

22            SO WHAT WE WOULD JUST RESPECTFULLY ASK IS THAT IF

23   YOU DECIDE THAT THESE INDIVIDUALS ARE NOT PART OF THE

24   SETTLEMENT TODAY THAT YOU LEAVE OPEN THE QUESTION OF WHETHER

25   THEY CAN ULTIMATELY BE INCLUDED IN THE MS. L. REUNIFICATION

NOVEMBER 15, 2018

```
 1   LITIGATION.  THAT COULD BE TAKEN UP AT A LATER TIME, IF

 2   ANYBODY WANTS TO TAKE THAT UP.

 3              THE COURT:  OKAY.

 4              MR. MCNERNEY:  YOUR HONOR, IF I MAY.

 5              THE COURT:  YES.

 6              MR. MCNERNEY:  AS WE MENTION IN OUR PAPERS, I MEAN,

 7   THE TERM PARENT IS NOT DEFINED IN THE CLASS CERTIFICATION

 8   ORDER, IN THE SUMMARY JUDGMENT -- OR IN THE PRELIMINARY

 9   INJUNCTION ORDER, OR IN THE SETTLEMENT AGREEMENT.

10              AND THE GOVERNMENT, YOU SAW THE FILING TODAY WHAT WE

11   ATTACHED TO THE SUBMISSION WHICH WE GOT YESTERDAY, ICE CAME TO

12   OUR CLIENT AND GAVE OUR CLIENT A DOCUMENT THAT IS ADDRESSED TO

13   PARENTS.

14              AND I SUSPECT THAT THE GOVERNMENT MAY SAY THAT THAT

15   WAS A MISTAKE.

16              I GAVE COPIES OF THIS ON THE WAY IN.

17              BUT THE DOCUMENT IS TITLED:  NOTIFICATION OF

18   POTENTIAL RIGHTS FOR CERTAIN FOREIGN DETAINED PARENTS WHO ARE

19   ALSO SEPARATED FROM MINOR CHILDREN.

20              SO, YOU KNOW, MS. MARTINEZ SIGNED THIS AT THE

21   REQUEST OF THE DEPORTATION OFFICER.

22              IF YOU LOOK AT THE THIRD PAGE THERE IS FOUR BULLET

23   POINTS, INCLUDED IN THIS NOTICE TO MY CLIENTS, THAT INDICATE:

24   YOU ARE NOT A CLASS MEMBER IF, NUMBER ONE, YOU WERE -- YOU

25   WERE DETAINED BY DHS INSIDE THE U.S.
```

```
1              THAT DOESN'T APPLY TO EITHER OF MY CLIENTS.

2              SECOND BULLET POINT:  YOU HAVE A CRIMINAL BACKGROUND

3    OTHER THAN YOUR ILLEGAL ENTRY.

4              THAT DOESN'T APPLY.

5              THREE:  YOU HAVE A CONTAGIOUS DISEASE.

6              DOES NOT APPLY.

7              AND, FOUR:  THERE HAS BEEN A DETERMINATION THAT YOU

8    ARE NOT AN ADEQUATE PARENT OR IF YOU PRESENT A DANGER TO YOUR

9    MINOR CHILD.

10             THAT DOESN'T APPLY EITHER.

11             SO OUR POSITION IS PARENT IS NOT DEFINED.  THERE IS

12   A FEW CARVE OUTS -- COMMUNICABLE DISEASES, DANGER TO THE

13   CHILD -- TOTALLY UNDERSTOOD.  IT WOULD HAVE BEEN VERY EASY TO

14   CARVE OUT LEGAL GUARDIANS.

15             NOW, AFTER THE PRELIMINARY INJUNCTION ORDER WAS

16   ENTERED BACK IN JUNE THERE WERE A NUMBER OF STATUS CONFERENCES

17   HERE.  COUNSEL FOR THE GOVERNMENT WAS HERE.  AND IN ONE OF THE

18   STATUS CONFERENCES THE GOVERNMENT WAS EXPLAINING SOME OF THE

19   DELAYS IN MEETING THE REUNIFICATION SCHEDULE THAT THE COURT

20   HAD IMPOSED.

21             AND THE GOVERNMENT SAID, AT THE JULY 6TH STATUS

22   CONFERENCE THAT -- AND THIS IS A QUOTE:  THERE ARE SITUATIONS,

23   FOR EXAMPLE, IN THE NONBIOLOGICAL PARENT SITUATION WHERE THERE

24   MAY NEED TO BE ADDITIONAL REVIEW OF PAPERWORK.

25             AND THIS IS IN THE CONTEXT OF THE DNA TESTING THAT
```

1    WAS BEING CONDUCTED AT THE TIME TO CONFIRM PARENTAGE FOR

2    PURPOSES OF THE LITIGATION AND COMPLIANCE WITH THE PRELIMINARY

3    INJUNCTION ORDER.

4          ADDITIONAL PAPERWORK.  OUR PAPERWORK IS SUBMITTED

5    WITH THE OBJECTION PAPERS.  THERE IS NO QUESTION.  I DON'T

6    THINK THAT THE GOVERNMENT OR THE PLAINTIFFS DISPUTE THAT OUR

7    TWO CLIENTS ARE OFFICIAL LEGAL GUARDIANS BASED ON THE

8    GOVERNMENT DOCUMENTS THAT WERE ATTACHED AND SHOWN TO ICE AND

9    ATTACHED AND GIVEN TO THE GOVERNMENT AND GIVEN TO THE

10   PLAINTIFFS.

11         SO THE GOVERNMENT IS EXPLAINING, WELL, WE NEED TO

12   LOOK AT OTHER PAPERWORK FOR CERTAIN OF THE PEOPLE INVOLVED IN

13   THE CLASS, AND THAT EXPLAINS THE DELAY FOR NOT MEETING YOUR

14   HONOR'S SCHEDULE.

15         NOW, WHEN WE HAVE GIVEN THEM THE PAPERWORK TO SHOW

16   THAT WE HAVE THE SAME SORT OF RIGHTS TO THE MINOR CHILDREN,

17   THEY ARE SAYING THAT WE ARE NOT A PARENT.

18         AND WE CITED IN OUR OBJECTIONS, TOO, THAT THERE ARE

19   A NUMBER OF ICE DOCUMENTS THAT TALK ABOUT DEPORTATION AND

20   DETENTION OF PARENTS AND LEGAL GUARDIANS.  I MEAN, IT IS

21   INTERWOVEN ALL THROUGH THIS AREA OF LAW.

22         AND SO OUR POSITION IS THAT BECAUSE PARENTS IS NOT

23   DEFINED, IN OUR VIEW, IN A WAY THAT EXCLUDES LEGAL GUARDIANS,

24   THAT ALL OF THIS EVIDENCE, INCLUDING THE MOST RECENT DOCUMENT

25   FROM YESTERDAY WHERE ICE ACTUALLY CALLS BOTH OF OUR -- CALLS

NOVEMBER 15, 2018

1   OUR CLIENT MS. MARTINEZ A PARENT.

2         MY UNDERSTANDING IS I THINK -- I HAVEN'T READ THE

3   SUBMISSION SINCE I HAD TO COME OVER HERE TODAY, BUT MY

4   UNDERSTANDING IS THAT MS. MOLINA RECEIVED A SIMILAR DOCUMENT

5   AND SIGNED IT, BUT DID NOT RETAIN A COPY OF IT.  SO WE ARE

6   TRYING TO RUN THAT DOWN, AND WE WILL DO THAT HOPEFULLY BY THE

7   END OF THE DAY OR TOMORROW.

8         **THE COURT:**  IN THE UNIVERSE OF THIS LITIGATION, WITH

9   THE NEARLY 2700 IDENTIFIED CLASS MEMBERS, ARE THERE ONLY TWO

10  OR THREE THAT FALL INTO THIS CATEGORY OF ASSERTING THAT THEY

11  ARE LEGAL GUARDIANS AND SHOULD BE CONSIDERED PARENTS?

12        **MR. MCNERNEY:**  NOT THAT I AM AWARE OF, YOUR HONOR.

13  WE AGREED TO TAKE ON TEN SUCH CASES IN SEPTEMBER, AND THE ONLY

14  TWO LEGAL GUARDIANS WERE THE TWO PEOPLE WE FILED THE

15  OBJECTIONS, CLARIFICATION MOTION FOR.  THERE MAY BE OTHERS,

16  BUT NOT THAT WE KNOW OF.

17        **THE COURT:**  HAS THE GOVERNMENT HEARD OF -- I MEAN,

18  THIS SEEMS TO BE A VERY SMALL GROUP, MAYBE ONLY TWO.

19        **MS. FABIAN:**  I AM NOT SURE I COULD AGREE WITH THAT,

20  YOUR HONOR.  I THINK THERE IS -- PARTICULARLY WHEN YOU TALK

21  ABOUT WHAT -- WHAT LEGAL GUARDIAN MEANS.

22        I WOULD NOTE THAT THE TVPRA SEPARATES PARENT AND

23  LEGAL GUARDIAN, THEY ARE TWO SEPARATE CATEGORIES WITHIN THE

24  TVPRA.  THEY DO GO TO THEN, YOU KNOW, WHEN CHILDREN WOULD BE

25  SUBJECT TO THE TVPRA IF THEY ENTER WITH ANOTHER RELATIVE WHO

17

1    MAY OR MAY NOT CLAIM TO BE A LEGAL GUARDIAN.

2             IT, AS I UNDERSTAND IT, IS AN ISSUE THAT THEN GOES

3    TO VARIOUS -- DIFFERENT COUNTRIES ALL HAVE DIFFERENT RULES AS

4    TO WHAT MIGHT CONSTITUTE A LEGAL GUARDIAN IN THAT COUNTRY.

5             SO I THINK WHETHER AN INDIVIDUAL MAY COME IN AND

6    CLAIM LEGAL GUARDIANSHIP, EITHER AT THE TIME OF ENTRY -- IT IS

7    MY RECOLLECTION THAT AT LEAST ONE OF THESE INDIVIDUALS MAY NOT

8    HAVE PRESENTED ANYTHING CLAIMING TO BE A LEGAL GUARDIAN AT THE

9    TIME OF ENTRY AND -- OR WHETHER SOMEONE MAY LATER, AFTER

10   ENTRY, SEEK TO BE DESIGNATED OR RECOGNIZED AS A LEGAL GUARDIAN

11   OF A CHILD.

12            I THINK IT IS PROBABLY POTENTIALLY A MUCH BROADER

13   ISSUE AND WOULD INVOLVE A NUMBER OF INDIVIDUALS, ALTHOUGH IT

14   IS REALLY HARD TO SAY WHICH EXACT SCENARIO WE ARE LOOKING AT.

15            BUT I WOULD DISAGREE -- AS A GENERAL MATTER I GUESS

16   I WOULD SAY I CAN'T -- I COULDN'T AGREE THAT IT WOULD ONLY

17   COVER TWO INDIVIDUALS, IT IS GOING TO BE A BROADER ISSUE.

18            **MR. MCNERNEY:**  YOUR HONOR, ONE THING I MIGHT ADD.  I

19   ASKED THIS OF JUDGE FRIEDMAN, TOO, AND IT IS SOMETHING I STILL

20   DON'T UNDERSTAND.  AS PART OF THIS SETTLEMENT AGREEMENT THE

21   GOVERNMENT IS GOING TO ADMINISTER 7, 8, 900 -- SAY IT IS 900

22   DE NOVO CREDIBLE FEAR INTERVIEWS BECAUSE THE FIRST ONES WERE

23   TAINTED BY THE EMOTIONAL TRAUMA CAUSED BY THE DEFENDANTS;

24   CAN'T YOU DO 902?

25            AND JUDGE FRIEDMAN OBVIOUSLY DIDN'T RESPOND.  BUT I

NOVEMBER 15, 2018

18

```
 1   STILL DON'T UNDERSTAND THAT.
 2           THE COURT:  OKAY.  ON THE PRECISE LEGAL ISSUE HERE,
 3   AND THAT IS THE OBJECTION TO THE SETTLEMENT, WHETHER IT IS
 4   FAIR, REASONABLE, AND ADEQUATE AND MEETS THE OTHER CRITERIA OF
 5   RULE 23, I WOULD RESPECTFULLY OVERRULE THE OBJECTIONS.  IT IS
 6   CERTAINLY NOT AN IMPEDIMENT TO APPROVING THE SETTLEMENT.  THE
 7   ARGUMENT IS THE SETTLEMENT IS ONE THAT IS SO GOOD THAT THESE
 8   TWO INDIVIDUALS WANT TO BE INCLUDED.
 9           THAT IS A SEPARATE LEGAL ISSUE, SO IN OVERRULING THE
10   OBJECTIONS I WOULD DO IT WITHOUT PREJUDICE TO HAVING THE ISSUE
11   ADDRESSED EITHER BEFORE THIS COURT OR JUDGE FRIEDMAN.  AND I
12   AM GOING TO INVITE THE PARTIES TO MEET AND CONFER.
13           WE HAVE A STATUS CONFERENCE, I THINK THURSDAY
14   FOLLOWING THANKSGIVING, AND I WOULD LIKE A REPORT ON IT.  IT
15   MAY BE THAT WHEN THE PARTIES MEET AND CONFER THAT AN AGREEMENT
16   CAN BE REACHED WITH RESPECT TO THESE TWO INDIVIDUALS, OR NOT.
17   AND IF THERE IS NO AGREEMENT I WOULD INVITE THE PARTIES TO
18   PROPOSE TO THE COURT HOW IT OUGHT TO BE ADDRESSED, EITHER IN
19   THIS CASE OR THE MS. L. CASE OR BEFORE JUDGE FRIEDMAN.
20           SO I WOULD LEAVE THAT ISSUE OPEN.  BUT ON THE
21   PRECISE ISSUE OF WHETHER OR NOT IT OUGHT TO IMPEDE APPROVAL OF
22   THE SETTLEMENT, I WOULD OVERRULE THE OBJECTION.
23           MR. MCNERNEY:  THANK YOU, YOUR HONOR.
24           THE COURT:  LET'S MOVE TO THE NEXT ONE.  THIS IS
25   FILED THROUGH MS. CATHERINE WEISS ON BEHALF OF PROVIDERS FOR
```

NOVEMBER 15, 2018

1   CHILDREN, AND THERE ARE SEVERAL POCKETS HERE.

2           THE FIRST IS THAT CHILDREN SHOULD BE ABLE TO OPT OUT

3   OF REUNIFICATION AND REGAIN STATUS AS UAC'S.

4           THERE IS A CONCESSION HERE IN THE BRIEFING BY THE

5   OBJECTORS CONCEDING THAT THE SETTLEMENT AGREEMENT ADDRESSES

6   ASYLUM, PRINCIPALLY, AND NOT OPT OUT ISSUES OF REUNIFICATION,

7   THAT THAT WOULD BE A MS. L. CASE ISSUE.

8           BUT THE OBJECTORS ASKED FOR CLARIFICATION THAT

9   CHILDREN WHO RE-SEPARATE FROM THEIR PARENTS ARE ENTITLED TO

10  UAC STATUS AND 240 PROCEEDINGS.

11          THE TENTATIVE -- LET ME RUN THROUGH THESE, AND THEN

12  WE WILL INVITE COMMENT -- WOULD BE TO OVERRULE THE OBJECTION

13  AS IT DOESN'T GO TO THE ISSUE OF FAIRNESS OR REASONABLENESS OF

14  THE SETTLEMENT AGREEMENT IN THAT IT DOES -- IT SEEMS TO ME

15  THAT THIS IS AN ISSUE, THIS OPT OUT ISSUE, IS ONE THAT IS

16  BETTER ADDRESSED IN THE MS. L. PROCEEDINGS.  PERHAPS WE CAN

17  TAKE THAT ISSUE FIRST.

18          MS. WEISS.

19          **MS. WEISS:**  YES.  THANK YOU, YOUR HONOR.

20          WE AGREE, AS YOU NOTE, THAT THE QUESTION OF WHETHER

21  AND UNDER WHAT CIRCUMSTANCES A CHILD CAN RE-SEPARATE AFTER

22  REUNIFICATION IS A QUESTION FOR ANOTHER DAY AND PART OF THE

23  ONGOING MS. L. LITIGATION.

24          WHAT WE ARE ASKING FOR HERE IS NOT A RESOLUTION OF

25  THAT QUESTION, BUT INSTEAD CLARIFICATION OF WHAT PROCEEDINGS

1    APPLY IF A CHILD DOES RE-SEPARATE.

2             SO THIS SETTLEMENT PURPORTS TO SPECIFY WHAT

3    IMMIGRATION PROCEEDINGS APPLY TO MEMBERS OF THE CLASSES, AND

4    IT OVERLOOKS THE CLASS OF CHILDREN WHO MAY RE-SEPARATE, FOR

5    VERY COMPELLING REASONS, FOLLOWING REUNIFICATION.  AND THAT

6    LEAVES THE CHILDREN AND THEIR FAMILIES WITHOUT SUFFICIENT

7    CLARITY TO MAKE VOLUNTARY AND INFORMED JUDGMENTS ABOUT HOW TO

8    DEAL WITH THEIR IMMIGRATION CASES.

9             THAT IS BECAUSE IT REMAINS -- SO THE DECLARATIONS

10   SUBMITTED BY THE LEGAL SERVICE PROVIDERS GIVE EXAMPLES OF

11   CHILDREN WHO WERE ESPECIALLY TRAUMATIZED BY DETENTION, FOR

12   EXAMPLE.  AND THAT WAS TRUE EVEN WHEN THE CHILDREN WERE IN

13   SHELTER IN NEW YORK, LET ALONE WHEN THEY ARE IN DHS CUSTODY,

14   WHICH IS A MORE RESTRICTIVE SETTING THAN THEY WERE IN IN THE

15   CITY.  AND THAT CHILDREN LIKE THAT MAY WISH TO ASSERT THEIR

16   RIGHTS UNDER THE FLORA SETTLEMENT TO OBJECT TO THEIR

17   PLACEMENT, AND THEY MAY WISH TO DO SO WITH THEIR PARENTS'

18   ASSENT IF THE CHILDREN ARE REALLY HAVING A VERY DIFFICULT TIME

19   IN DETENTION.

20            ALTERNATIVELY, THERE MAY BE CHILDREN WHO -- WHO THEY

21   AND THEIR FAMILIES CONCLUDE THAT THEIR BEST SHOT AT REMAINING

22   SAFELY IN THE UNITED STATES IS TO SEEK INDEPENDENT IMMIGRATION

23   RELIEF.

24            NOW, THOSE QUESTIONS ABOUT WHETHER THEY CAN ASSERT

25   THOSE OBJECTIONS -- WHETHER THEY CAN RE-SEPARATE ON THOSE

NOVEMBER 15, 2018

```
 1   GROUNDS ARE NOT BEFORE THE COURT.  BUT IF YOU ARE COUNSELING
 2   THAT FAMILY ABOUT WHETHER TO MAKE SUCH A PLAY, WHETHER TO TRY
 3   TO HAVE THE CHILD RELEASED FROM DETENTION OR SEEK INDEPENDENT
 4   IMMIGRATION RELIEF, AND THE FAMILY SAYS TO YOU, THE LAWYER,
 5   WELL, WHAT PROCEEDINGS WILL THE CHILD BE IN IF THEY
 6   RE-SEPARATE?
 7           AND YOU SAY, UM, I DON'T KNOW.  I DON'T KNOW WHETHER
 8   THE CHILD WILL BE IN 240 PROCEEDINGS.  THAT IS WHAT WE THINK
 9   SHOULD HAPPEN, BUT THE SETTLEMENT IS SILENT ON THAT QUESTION.
10           THAT PUTS THE FAMILY IN A VERY -- IN A COMPROMISED
11   SITUATION BECAUSE THEY CAN'T KNOW WHAT THE CONSEQUENCE IS OF
12   THIS VERY FRAUGHT AND DIFFICULT DECISION THAT THEY ARE TRYING
13   TO MAKE.
14           SO WHAT WE ARE ASKING FOR IS THAT THE SETTLEMENT
15   MAKE CLEAR THAT THESE CLASS MEMBERS -- THAT THOSE CLASS
16   MEMBERS WHO MAY RE-SEPARATE ARE ENTITLED TO KNOW THAT THEY CAN
17   GO BACK INTO SECTION 240 PROCEEDINGS UNDER THE IMMIGRATION AND
18   NATIONALITY ACT.
19           **THE COURT:**  WHO WOULD LIKE TO SPEAK TO THAT?
20           **MR. BERNICK:**  I CAN, YOUR HONOR, THANK YOU.  THIS IS
21   JUSTIN BERNICK FOR THE MMM PLAINTIFFS.
22           SO FROM OUR VANTAGE POINT, SPEAKING ON BEHALF OF THE
23   PLAINTIFFS, THE SETTLEMENT AGREEMENT CATEGORIZES INDIVIDUALS
24   IN SORT OF TWO BIG BUCKETS:  ONE ARE INDIVIDUALS WHO ARE
25   REUNIFIED, AND ANOTHER ARE INDIVIDUALS WHO ARE NOT REUNIFIED.
```

```
 1              AND IN PARAGRAPH 1A, IF I COULD DIRECT THE COURT'S
 2    ATTENTION TO THAT.  TOWARD THE END OF THE SETTLEMENT AGREEMENT
 3    IT SAYS:  AGREED CLASS MEMBERS WHO HAVE NOT BEEN REUNIFIED AS
 4    OF THE EFFECTIVE DATE OF THIS AGREEMENT WILL BE AFFORDED
 5    EXISTING PROCEDURES FOR UNACCOMPANIED ALIEN CHILDREN PURSUANT
 6    TO GOVERNING STATUTES AND REGULATIONS, INCLUDING BUT NOT
 7    LIMITED TO SECTION 240 REMOVAL PROCEEDINGS, UNLESS AND UNTIL
 8    THEY ARE REUNIFIED WITH A PARENT, IN WHICH CASE THE PROCEDURES
 9    DESCRIBED BELOW WILL APPLY.
10              SO FROM OUR VANTAGE POINT, YOUR HONOR, WHETHER OR
11    NOT A PARENT AND CHILD SHOULD BE REUNIFIED OR WHETHER THEY
12    HAVE A RIGHT TO RE-SEPARATION IS A MS. L. ISSUE.  WHAT OUR
13    SETTLEMENT DOES IS TAKE THAT STATUS AND DETERMINE WHAT ASYLUM
14    PROCEDURES SHOULD BE APPLIED ONCE THAT DETERMINATION IS MADE.
15              AND THE AGREEMENT, IN OUR VIEW, WOULD NOT BE SILENT
16    ON THAT QUESTION.  IF THERE IS A REUNIFICATION, THESE ARE THE
17    PROCEDURES THAT GOVERN.  IF A CHILD IS INSTEAD DEEMED
18    UNACCOMPANIED, THEN THEY WOULD REMAIN IN THE 240 PROCEDURES
19    AND EXISTING LAW WOULD APPLY.
20              THIS IS NOT A SITUATION WHERE, IN OUR VIEW, THE
21    SETTLEMENT AGREEMENT WOULD HAVE TO EXPLAIN IN DETAIL ALL OF
22    THE NORMAL STATUTES AND PROCEDURES THAT WOULD APPLY.  THE
23    AGREEMENT JUST REFERENCES THAT THIS AGREEMENT IS NOT INTENDED
24    TO SUPERSEDE THE PROCEDURES THAT WOULD APPLY IF A CHILD IS
25    DEEMED UNACCOMPANIED.
```

23

1          **THE COURT:**  I AGREE THAT WHETHER A CHILD CAN

2     SEPARATE, OR RE-SEPARATE, IS A DIFFERENT LEGAL ISSUE.  BUT IF

3     THEY ARE PERMITTED TO DO THAT, THEN YOU WOULD ARGUE THAT UNDER

4     PARAGRAPH 1A THAT CHILD WHO HAS BEEN PERMITTED TO RE-SEPARATE

5     WOULD ENJOY ALL OF THE RIGHTS UNDER EXISTING LAW, INCLUDING

6     THE 240 PROCEEDINGS.

7          **MR. BERNICK:**  I THINK TO CLARIFY AND TO BE A BIT

8     MORE PRECISE, WE WOULD SAY IF THERE IS A DETERMINATION MADE IN

9     THE CONTEXT OF MS. L. THAT THIS CHILD IS NOW AN UNACCOMPANIED

10    CHILD, THEY ARE NOT ACCOMPANIED BY A GUARDIAN, THEN, YES, OUR

11    POSITION WOULD BE 1A WOULD APPLY AND THAT SECTION 240

12    PROCEEDINGS WOULD APPLY.

13          IT IS HARD FOR ME, AS COUNSEL FOR THE MMM PLAINTIFFS

14    IN THIS CASE, TO OPINE ON WHAT STATUS A RE-SEPARATED CHILD MAY

15    OR MAY NOT HAVE, THAT IS A MS. L. ISSUE.  BUT IF THE

16    DETERMINATION IS MADE THAT THEY ARE UAC, THEN THEY RECEIVE 240

17    PROCEEDINGS.

18          **THE COURT:**  MR. STEWART, DO YOU AGREE?

19          **MR. STEWART:**  I THINK THAT IS RIGHT, YOUR HONOR.  I

20    WOULD EMPHASIZE, I AM NOT SURE THAT WE HAVE BEEN PRESENTED

21    WITH THIS EXACT SITUATION WHERE WE HAVE SEEN A PERSON LIKE

22    THIS.  IT SOUNDS LIKE THE KIND OF THING THAT COULD BE DEALT

23    WITH IF WE WERE TO HAVE A CONCRETE INDIVIDUAL COME FORWARD

24    FACING IT, YOU KNOW, FACING RE-SEPARATION OR SOMETHING LIKE

25    THAT.  AND THEN IT COULD BE EVALUATED AS PART OF THE MS. L.

NOVEMBER 15, 2018

```
 1   LITIGATION THEN.
 2               THE COURT:  ALL RIGHT.
 3               MR. GELERNT.
 4               MR. GELERNT:  I THINK WE AGREE WITH ALL THAT.
 5   NOTHING TO ADD, YOUR HONOR.
 6               THE COURT:  ALL RIGHT.
 7               ON THIS ISSUE I THINK I WOULD BE CONTENT TO SAY,
 8   FIRST, THAT WHETHER A CHILD CAN RE-SEPARATE, AND IF SO WHETHER
 9   THEY ARE THEN DEEMED UAC'S, OR UNACCOMPANIED ALIEN CHILD, AS A
10   TERM OF ART UNDER THE STATUTORY SCHEME, IS A SEPARATE LEGAL
11   ISSUE THAT WOULD HAVE TO BE BRIEFED AND HEARD IN MS. L. IN
12   THAT CASE.
13               AND I BELIEVE THIS NEXT STATEMENT WOULD BE TRUE
14   ALSO, AND THAT IS THAT IF THE ISSUE IS PRESENTED IN MS. L. AND
15   IF THESE CHILDREN ARE SUCCESSFUL, THAT THEY HAVE A WINNING
16   ARGUMENT THAT THEY CAN RE-SEPARATE AND ARE DEEMED UAC'S, THAT
17   IN THAT EVENT THEY WOULD ENJOY THE BENEFITS OF EXISTING LAW,
18   INCLUDING THE 240 PROCEEDINGS.
19               SO HAVING SAID THAT, UNLESS COUNSEL HAVE A
20   CLARIFICATION OR AN OBJECTION TO WHAT I HAVE JUST STATED, I
21   WOULD OVERRULE THE OBJECTION FOR PURPOSES OF WHETHER OR NOT
22   THE SETTLEMENT AGREEMENT SHOULD BE APPROVED, AS THAT IS A
23   DIFFERENT AND DISTINCT ISSUE.  BUT LEAVE OPEN THE QUESTION IN
24   THE MS. L. CASE WHETHER THESE CHILDREN -- WELL, LEAVE OPEN
25   THAT ISSUE AND INVITE THE PARTIES TO MEET AND CONFER, AND
```

1    ABSENT A RESOLUTION TO HAVE THE MATTER HEARD AND DECIDED IN

2    THE MS. L. CASE; AND THAT IS WHETHER THE CHILDREN CAN

3    RE-SEPARATE AND IF SO WHAT IS THEIR LEGAL STATUS.

4              **MS. WEISS:**  THANK YOU, YOUR HONOR.

5              **THE COURT:**  ON THE SECOND OBJECTION -- AND LET'S

6    HAVE THIS ISSUE ALSO WRAPPED INTO THE STATUS REPORT A WEEK

7    FROM THANKSGIVING, SO THAT WE CAN KEEP TRACK OF THIS ISSUE AS

8    WELL.

9              THE SECOND OBJECTION IS CHILDREN WITH VOLUNTARY

10   DEPARTURE ORDERS.  THERE ARE SIX OF THESE CHILDREN, AND THEY

11   ARE FACING A NUMBER OF PENALTIES BY BEING PRESENT AND NOT

12   DEPARTING PURSUANT TO THE STATUTORY SCHEME AND WITHIN THAT

13   TIME FRAME.

14             THE OBJECTORS WANT THE SETTLEMENT TO BE EXPANDED TO

15   VACATE THESE VOLUNTARY DEPARTURE ORDERS AND PERMIT THESE SIX

16   CHILDREN TO PURSUE THEIR ASYLUM CLAIMS UNDER THE SETTLEMENT

17   AGREEMENT.

18             THE RESPONSE WAS, FROM THE PLAINTIFFS -- AND I

19   ASSUME FROM THE GOVERNMENT -- WE NEED MORE INFORMATION TO

20   DETERMINE WHETHER THESE CHILDREN ARE CLASS MEMBERS, AND TO

21   EVALUATE THE BEST COURSE FOR THESE CHILDREN, AND THE

22   GOVERNMENT IS WILLING TO EXAMINE EACH CASE.

23             SO SHOULD WE DO JUST THAT, CARVE THIS OUT?  I DON'T

24   THINK IT WOULD AFFECT THE SETTLEMENT APPROVAL, BUT IT IS

25   ANOTHER ISSUE THAT CAN BE WRAPPED IN TO A MEET AND CONFER AND

```
1    THEN A STATUS ON IT ON NOVEMBER 29.

2              MS. WEISS:  YOUR HONOR, IF I MIGHT.

3              THE COURT:  YES.

4              MS. WEISS:  THESE SIX CHILDREN THAT ARE IDENTIFIED

5    IN THE PAPERS, THERE ARE ACTUALLY NOW SEVEN BECAUSE ANOTHER

6    ONE HAS COME FORWARD.

7              THESE SIX CHILDREN WHO ARE IDENTIFIED ARE THE ONES

8    KNOWN TO THE THREE LEGAL SERVICE PROVIDERS THAT I REPRESENT,

9    AND WHO IN TURN REPRESENTED MORE THAN 170 CHILDREN IN THE

10   CLASS, BUT BY NO MEANS ALL OF THE CHILDREN IN THE CLASS.  AND

11   WE DO NOT PRETEND TO KNOW THE NUMBER OF CHILDREN WHO ACCEPTED

12   VOLUNTARY DEPARTURE ORDERS BEFORE BEING REUNIFIED UNDER THE

13   ORDERS OF THIS COURT WITH THEIR PARENTS IN THE UNITED STATES.

14             ALL OF THOSE CHILDREN, WHO DO NOT DEPART BY THEIR

15   SPECIFIED DEPARTURE DEADLINES, WILL FACE CONSEQUENCES THAT

16   WILL MAKE THE SETTLEMENT MEANINGLESS FOR THEM:  THAT IS

17   ALTERNATE REMOVAL ORDERS WILL TAKE EFFECT; FIVE OR TEN-YEAR

18   REENTRY BARS WILL TAKE EFFECT; THEY WILL BECOME INELIGIBLE FOR

19   ADJUSTMENT OF STATUS, THAT IS TO SAY FOR GREEN CARDS, FOR TEN

20   YEARS; AND THEY WILL HAVE 1- TO $5,000 FINES LEVIED AGAINST

21   THEM.  ALL BECAUSE OF NOTHING THAT THEY ARE RESPONSIBLE FOR IN

22   ANY WAY.

23             IN ORDER TO ENABLE THOSE CHILDREN TO TAKE ADVANTAGE

24   OF THE BENEFITS, OF THE SIGNIFICANT BENEFITS OF THE PROPOSED

25   SETTLEMENT, THEY NEED TO HAVE THE GOVERNMENT JOIN IN MOTIONS
```

1    TO REOPEN THEIR IMMIGRATION PROCEEDINGS, VACATE THEIR

2    ALTERNATE REMOVAL ORDERS, AND VACATE ALL OF THE PENALTIES THAT

3    FLOW FROM THEM.

4            SO WHAT WE ARE ASKING FOR, TO BE CLEAR, IS A GENERAL

5    AGREEMENT TO DO THAT SO THAT THESE CHILDREN ARE NOT UNFAIRLY

6    PENALIZED WHEN THEY COME FORWARD.  AND THE VAST MAJORITY, AS

7    YOU KNOW, OF THE CHILDREN IN THE CLASS ARE NOW IN THE

8    COMMUNITY.  THEY ARE NOT IN DETENTION, THEY HAVE BEEN RELEASED

9    INTO COMMUNITIES ALL OVER THE UNITED STATES.  AND THAT MAKES

10   IT EXCEPTIONALLY DIFFICULT TO KNOW WHICH OF THEM ARE OUT THERE

11   WITH VOLUNTARY DEPARTURE ORDERS.

12           SO I WOULD JUST SAY THAT WHEN AND IF THIS ARISES

13   THROUGH THEIR COUNSEL, WHEREVER THEIR COUNSEL ARE, IF -- AND I

14   HOPE THIS IS SO, THEY HAVE COUNSEL -- THAT THE GOVERNMENT

15   OUGHT NOT TO BE OPPOSING MOTIONS TO REOPEN AND MOTIONS TO

16   VACATE THESE PENALTIES FOR ANY CHILDREN IN THIS CLASS.

17           **THE COURT:**  MR. STEWART.

18           **MR. STEWART:**  YES, YOUR HONOR.

19           I THINK YOUR HONOR'S INSTINCT WAS EXACTLY RIGHT THAT

20   THIS SHOULD BE A PIECE NOT PART OF THE SETTLEMENT AGREEMENT,

21   DOESN'T AFFECT ITS FAIRNESS OR REASONABLENESS.  AND IT IS

22   SOMETHING THAT WE, THE PARTIES, CAN TALK ABOUT.

23           THIS IS NOT AN AREA WHERE IT IS APPROPRIATE TO DO AN

24   ACROSS-THE-BOARD, YOU KNOW, VACATE ALL OR JOIN VACATE ALL.

25   THE GOVERNMENT, AS WE STATED IN THE PAPERS, WE DON'T KNOW THE

1    SITUATION OF VARIOUS -- OF HOW PEOPLE ARE SITUATED.  YOU KNOW,

2    WE HAVE BEEN KIND OF HERE, WILLING TO TALK, FIND OUT WHAT EACH

3    PERSON FACES.

4         BUT WHAT WE DO KNOW ARE THESE ARE A SET OF

5    INDIVIDUALS WHO VOLUNTARILY SOUGHT THIS FORM OF VOLUNTARY

6    DEPARTURE.  WE, THE GOVERNMENT, NEED TO DEAL WITH THE

7    PRESUMPTION THAT THEY DID SO VOLUNTARILY AND THAT THOSE ARE

8    LAWFUL AND THEY HAD, YOU KNOW, NOTICE AND COULD HAVE PURSUED

9    THOSE.

10        BUT WE ARE WILLING TO HEAR THESE INDIVIDUAL

11   CIRCUMSTANCES AND DEAL WITH THEM KIND OF OUTSIDE OF THE

12   SETTLEMENT CONTEXT.  WE STAND READY TO THAT, WE STOOD READY TO

13   DO IT FOR, YOU KNOW, MANY WEEKS NOW.  AND AS FAR AS I KNOW WE

14   JUST HAVE NOT HEARD FROM THIS GROUP.

15        BUT WE ARE WILLING TO DO IT, AND WE DO THINK IT CAN

16   BE DONE SEPARATE AND APART FROM THE SETTLEMENT.

17        **THE COURT:**  THESE SEVEN IDENTIFIED CHILDREN, THERE

18   MAY BE MORE, BUT THE SEVEN CHILDREN, SEEMS TO ME THEY HAVE --

19   BASED ON THE BRIEFING THAT WAS SUBMITTED, I THINK THE PARTIES

20   ARE -- THIS MEANS THE GOVERNMENT AND PLAINTIFFS -- ARE

21   MOTIVATED TO, IF THEY ARE CLASS MEMBERS, TO REACH SOME KIND OF

22   RESOLUTION ON THE ISSUE.  IT DOES SEEM TO BE A COMPELLING CASE

23   WHERE NO FAULT OF THEIR OWN THEY ARE FORCED WITH THESE

24   PENALTIES.

25        I UNDERSTAND THE GOVERNMENT'S ARGUMENT ABOUT IT MAY

NOVEMBER 15, 2018

```
 1    BE THAT THESE CHILDREN MADE KNOWING AND VOLUNTARILY DECISIONS

 2    AND ELECTED VOLUNTARY DEPARTURE.  BUT, OF COURSE, THIS

 3    LITIGATION HAS A LONG HISTORY ON THOSE KINDS OF ARGUMENTS, AND

 4    SOME OF THOSE WERE ADDRESSED, RELATEDLY, IN THIS CASE ON THE

 5    WAIVER ISSUE THAT WAS ADDRESSED WHEN THE COURT ISSUED THE TRO

 6    IN THIS MMM CASE.

 7           SO I THINK HERE, UNDERSTANDING THE PARTIES'

 8    POSITIONS, I AM OF THE IMPRESSION THAT PLAINTIFFS' COUNSEL AND

 9    GOVERNMENT COUNSEL HAVE THE RIGHT MOTIVATION AND ARE

10    INTERESTED IN IDENTIFYING AND SPEAKING WITH THESE CHILDREN WHO

11    HAVE VOLUNTARY DEPARTURE ORDERS.  AND UNDERSTANDING MORE FULLY

12    THEIR CASE, WHETHER THEY ARE CLASS MEMBERS AND WHETHER THIS

13    TYPE OF RELIEF OUGHT TO BE GRANTED GIVEN SOME OF THE NUANCED

14    ISSUES THAT MIGHT ARISE IN ORDERS TO VACATE --

15           MS. WEISS:  CAN I JUST SPEAK FOR A MOMENT TO THE

16    ASSERTION THAT THESE WERE VOLUNTARILY ENTERED INTO?

17           THE COURT:  WELL, I UNDERSTAND THAT THERE IS A

18    STRONG ARGUMENT THAT THEY WERE NOT.  AND THOSE ISSUES HAVE

19    BEEN ADDRESSED IN --

20           MS. WEISS:  YES, I UNDERSTAND.  I UNDERSTAND, YOUR

21    HONOR.

22           I JUST WANT TO SAY THE REASON THAT I THINK IT IS A

23    SETTLEMENT ISSUE IS THAT FAIRNESS TO SUBCLASSES IS ONE OF THE

24    CORE ELEMENTS OF FAIRNESS OF THE OVERALL SETTLEMENT.  THIS IS

25    A SUBCLASS OF CHILDREN FACING VERY SEVERE CONSEQUENCES THAT
```

NOVEMBER 15, 2018

1    ARE IN NO WAY ATTRIBUTABLE TO THEM.

2            **THE COURT:**  YES.

3            **MS. WEISS:**  AND I THINK IT IS -- IT IS NECESSARY TO

4    THE FAIRNESS OF THE SETTLEMENT THAT THERE BE AN AGREEMENT TO

5    HOLD THESE CHILDREN HARMLESS FROM THESE DECISIONS THAT WERE

6    MADE WHEN THEY BELIEVED THAT THEY NEEDED TO AGREE TO VOLUNTARY

7    DEPARTURE IN ORDER TO BE REUNIFIED WITH PARENTS OVERSEAS.

8            **THE COURT:**  ALL RIGHT.

9            ON THIS ISSUE, I AM GOING TO DO THE SAME THING, AND

10   THAT WOULD BE TO OVERRULE THE OBJECTION FOR PURPOSES OF

11   APPROVING THE SETTLEMENT.  BUT HERE AGAIN INVITING THE PARTIES

12   TO MEET AND CONFER AND REPORT TO THE COURT ON NOVEMBER 29.

13           AND I WOULD EXPRESS CAUTIOUS OPTIMISM THAT, ASSUMING

14   THESE ARE CLASS MEMBERS AND THERE AREN'T ANY ISSUES THAT I AM

15   NOT PRESENTLY AWARE OF, THAT APPROPRIATE ACCOMMODATIONS CAN BE

16   MADE TO INCLUDE THESE CHILDREN IN THE CLASS, AND TO PROVIDE

17   THE RELIEF THAT MS. WEISS IS ASKING FOR.  SO I WILL KEEP THAT

18   ISSUE OPEN, AND HEAR BACK FROM COUNSEL ON THE 29TH.

19           **MS. WEISS:**  THANK YOU, YOUR HONOR.

20           **THE COURT:**  THE LAST ISSUE RAISED BY MS. WEISS IS

21   THAT -- RELATES TO AMBIGUITY.  THREE CLARIFICATIONS ARE

22   SOUGHT.

23           THE FIRST RELATES TO PARAGRAPH 8.  THE PLAINTIFFS

24   SUGGEST, AND I THINK THEY ARE CORRECT, THAT PARAGRAPH 8 DOES

25   NOT LIMIT OR WAIVE, IN ANY WAY, LAWFULLY AVAILABLE DEFENSES

```
 1    THAT A CLASS MEMBER MAY ASSERT ONCE IN A 240 PROCEEDING.

 2              AND I WOULD AGREE WITH THAT POSITION, SO THE

 3    TENTATIVE HERE WOULD BE TO OVERRULE THAT OBJECTION.  I THINK

 4    WITH THE COURT'S CLARIFICATION THAT OUGHT TO ADDRESS THAT

 5    ISSUE.  AM I CORRECT?

 6              MS. WEISS:  I HOPE SO, YOUR HONOR.  I WOULD JUST

 7    REMIND THE COURT THAT WE ARE TALKING ABOUT HUNDREDS AND

 8    HUNDREDS OF CHILDREN ALL OVER THE COUNTRY.  AND IF WE AGREE

 9    THAT IT MEANS WHAT WE ALL AGREE IT MEANS, THEN I WOULD THINK

10    THAT THERE WOULD BE BENEFITS TO BEING CLEAR ABOUT THAT AND

11    SAYING SO; AND THERE WOULD BE HARMS TO NOT BEING CLEAR ABOUT

12    THAT AND NOT SAYING SO, BECAUSE WE DON'T KNOW WHETHER PEOPLE

13    WILL UNDERSTAND IT WITHOUT THIS CLARIFICATION, I AM AFRAID.

14              THERE HAVE BEEN LEGAL SERVICE PROVIDERS AROUND THE

15    NATION WITH WHOM I DEAL, RESOURCE PROVIDERS FOR CHILDREN, WHO

16    HAVE NOT -- WHO HAVE HAD CONCERN THAT THIS WOULD AFFECT THE

17    AVAILABLE DEFENSES TO THEIR CLIENTS.

18              SO IF WE ALL AGREE IT MEANS THAT, IT IS HARD FOR ME

19    TO SEE THE HARM OF ADDING A SENTENCE THAT SAYS IT MEANS THAT.

20              THE COURT:  OR THE COURT COULD SIMPLY INDICATE THAT,

21    THAT YOUR POSITION IS CORRECT.  AND I THINK THE PARTIES ARE IN

22    AGREEMENT.

23              MR. BERNICK:  YES, YOUR HONOR.

24              THE COURT:  MR. STEWART, MS. FABIAN.

25              MR. GELERNT:  WE DO JOIN THE DESCRIPTION IN THE
```

32

1    RESPONSE.

2              **THE COURT:**  ALL RIGHT.

3              SO I THINK THERE CAN BE COMFORT SUFFICIENT IN THAT

4    REGARD ON THAT REQUESTED CLARIFICATION THROUGH THE COURT'S

5    COMMENTS HERE TODAY.

6              THE SECOND POINT OF CLARIFICATION RELATES TO

7    PARAGRAPH 1A.  HERE, IN THE RESPONSE, THE PLAINTIFFS INDICATE

8    THAT THAT PARAGRAPH PROVIDES PARENT AND CHILD CLASS MEMBERS

9    NOT DETAINED, THAT IS THOSE WHO HAVE BEEN PAROLED OR RELEASED,

10   AND WHO HAVE BEEN ISSUED AN NTA WILL NOT BE REMOVED BEFORE

11   GOING THROUGH THEIR 240 HEARING.  AND THAT THERE IS NOT A

12   CONFLICT BETWEEN PARAGRAPH 1A AND 1D, OR NO CONFUSION IN THAT

13   REGARD.

14             AND SO PERHAPS, MS. WEISS, CAN YOU -- I AM NOT SURE

15   THAT THERE IS -- I DON'T SEE A POINT OF CONFUSION BETWEEN

16   PARAGRAPH 1A AND 1D.  DID YOU WANT TO --

17             **MS. WEISS:**  SURE.  THANK YOU, YOUR HONOR.  YEAH.

18             SO I HAVE TO SAY THAT EVEN AFTER READING THE JOINT

19   RESPONSE I AM NOT SURE WHAT THIS MEANS.  SO LET ME SEE IF I

20   CAN EXPLAIN WHY I AM NOT SURE WHAT IT MEANS.

21             THE RESPONSE SAYS PARENT AND CHILD CLASS MEMBERS WHO

22   ARE NOT CURRENTLY DETAINED IN ICE OR HHS CUSTODY -- MEANING

23   THAT THEY HAVE BEEN RELEASED -- AND HAVE BEEN ISSUED AN NTA

24   WILL NOT BE REMOVED BEFORE GOING THROUGH 240 PROCEEDINGS.

25             SO THE QUESTION THAT I HAVE IS THIS.  DOES THAT MEAN

NOVEMBER 15, 2018

1   THAT ANY TIME A CHILD AND A PARENT ARE RELEASED, AND THE CHILD

2   HAS BEEN ISSUED AN NTA, THAT CHILD REMAINS IN 240 PROCEEDINGS

3   WHETHER OR NOT THE PARENT HAS ALSO BEEN ISSUED AN NTA.  OR

4   DOES THAT MEAN THAT ONLY WHEN BOTH THE PARENT AND THE CHILD IN

5   A SINGLE FAMILY HAVE BEEN ISSUED NTA'S AND RELEASED, ARE THEY

6   ENTITLED TO REMAIN IN 240 PROCEEDINGS.

7            AND IF INSTEAD THE CHILD HAS BEEN ISSUED AN NTA,

8   WHICH REMEMBER IS VERY COMMON BECAUSE THESE CHILDREN WERE ALL

9   DESIGNATED AS UNACCOMPANIED AND MOST OF THEM WERE ISSUED NTA'S

10  EVEN IF THOSE NTA'S WERE NOT FILED, MEANING PROCEEDINGS WERE

11  NOT INITIATED, THE CHILDREN WERE ISSUED NTA'S, TYPICALLY.  IF

12  THEY ARE NOW RELEASED, ARE ALL OF THOSE CHILDREN ENTITLED TO

13  STAY IN 240 PROCEEDINGS?  OR IF THE PARENT DOESN'T ALSO HAVE

14  AN NTA THAT DOES THAT MEAN, UNDER PARAGRAPH 1D, THAT THE

15  CHILDREN WILL BE SUBJECT TO HAVING THE NTA'S WITHDRAWN AND

16  WILL BE BACK IN EXPEDITED REMOVAL PROCEEDINGS ALONGSIDE THEIR

17  PARENTS.

18            I AM JUST NOT SURE -- I CAN'T TELL FROM EITHER THE

19  SETTLEMENT LANGUAGE OR THE RESPONSE WHAT THIS MEANS.

20            **THE COURT:**  WHO WOULD LIKE TO SPEAK TO THAT?  MR.

21  BERNICK, MR. STEWART?

22            **MR. STEWART:**  YOUR HONOR, I AM NOT SURE THAT I

23  ACTUALLY UNDERSTAND THE CONCERN, AND I AM NOT SURE WE HAVE

24  BEEN PRESENTED WITH A CASE ALONG THESE LINES, SO I AM A LITTLE

25  RELUCTANT TO WADE ANY FURTHER THAN THE RESPONSE GOES IN THIS

NOVEMBER 15, 2018

```
 1    REGARD.  BUT I GUESS I AM JUST NOT SEEING THE CONCERN AS AN
 2    ISSUE OF FAIRNESS OR ADEQUACY OR ANYTHING LIKE THAT.
 3              MR. BEST:  YOUR HONOR, THIS IS ZACH BEST.
 4              I WOULD ECHO THAT.  THIS DOESN'T SEEM TO BE AN ISSUE
 5    THAT GOES TO FAIRNESS, EVEN IF THE LANGUAGE WERE AMBIGUOUS,
 6    AND WE ARE NOT SURE THAT IT IS.
 7              AND IT SEEMS IT COULD BE ADDRESSED, IF A CASE SORT
 8    OF PRESENTED THIS ISSUE, THEN THE LANGUAGE COULD BE ADDRESSED
 9    AT THAT TIME AND SORT OF FINALLY INTERPRETED.
10              I DON'T HEAR MS. WEISS SAYING THAT SHE WOULD OBJECT
11    TO THE SETTLEMENT IF IT WERE INTERPRETED ONE WAY OR THE OTHER,
12    SO IF WE DIDN'T ADOPT HER INTERPRETATION THAT SHE WOULD
13    CONTINUE TO OBJECT, IF WE DID ADOPT HER INTERPRETATION THAT
14    SHE WOULD CONTINUE TO OBJECT.
15              SO IT SEEMS TO ME THAT THIS IS AN ISSUE, LIKE SOME
16    OF THE OTHERS, DOESN'T QUITE GO TO THE QUESTION OF FAIRNESS
17    AND ADEQUACY.  AND IF THERE IS SOME SORT OF DISPUTE IN THE
18    FUTURE ABOUT THIS PARTICULAR PROVISION IT SEEMS THE PARTIES
19    COULD ADDRESS IT AT THAT POINT.
20              THE COURT:  DO YOU AGREE THAT THERE COULD BE SOME
21    AMBIGUITY?
22              MR. BEST:  I DON'T QUITE SEE THE AMBIGUITY EITHER,
23    YOUR HONOR.  AND I AM NOT SURE THAT THIS IS A QUESTION THAT WE
24    HAVE COMPLETELY RUN TO GROUND WITH THE GOVERNMENT.  BUT IT
25    SEEMS THAT WE BOTH -- THE GOVERNMENT JOINED OUR RESPONSE ON
```

1 THIS PARTICULAR ISSUE, AND SO WE AGREE ON THAT MUCH.

2          **THE COURT:**  IS THIS AN ACADEMIC ISSUE?

3          **MS. WEISS:**  IT IS NOT, YOUR HONOR.  IT IS NOT AT ALL

4 AN ACADEMIC ISSUE, ACTUALLY.

5          SO, AGAIN, I MEAN, VAGUENESS IS A CORE FAIRNESS

6 PROBLEM, RIGHT?  IF WE CAN'T TELL FROM LOOKING AT THE

7 SETTLEMENT WHAT APPLIES TO THE CLIENT THAT IS, OF COURSE, A

8 FAIRNESS ISSUE FOR THE CLIENT.  SO LET ME BE REALLY CONCRETE.

9 OKAY?

10          THERE ARE, RIGHT NOW, TWO FAMILIES GOING THROUGH --

11 WHERE THE CHILD WAS IN 240 PROCEEDINGS AS AN UNACCOMPANIED

12 CHILD, THEY ARE NOW REUNIFIED WITH PARENTS IN THE MS. L.

13 CLASS -- THESE ARE TWO I KNOW OF.  OBVIOUSLY I DON'T KNOW OF

14 THEM ALL.

15          AND THE CHILDREN ARE STILL IN 240 PROCEEDINGS.  TO

16 MY KNOWLEDGE, THE PARENTS DO NOT HAVE NTA'S.  DO THOSE

17 CHILDREN BELONG IN THOSE 240 PROCEEDINGS; OR UNDER THE

18 SETTLEMENT, IF IT IS APPROVED, ARE THOSE CHILDREN FACING BEING

19 PUT BACK INTO EXPEDITED REMOVAL PROCEEDINGS ALONGSIDE THEIR

20 PARENTS IF THEIR PARENTS DON'T HAVE NTA'S.

21          THE LAWYERS REPRESENTING THOSE FAMILIES HAVE ASKED

22 ME THAT QUESTION.  AND I HAVE SAID, I CAN'T TELL.  I DON'T

23 KNOW.

24          DOES THIS SETTLEMENT SAY THAT SUCH A CHILD IN

25 ONGOING 240 PROCEEDINGS, BUT THE PARENT DOES NOT HAVE AN NTA,

```
 1    IS THAT CHILD STILL IN 240 PROCEEDINGS?  DO THEY JUST PROCEED

 2    OR NOT?

 3              I AM JUST HAVING -- I MEAN, IT IS TRUE, AS MR. BEST

 4    SAID, THAT WE ARE NOT OBJECTING TO THE APPROVAL OF THE

 5    SETTLEMENT DEPENDING ON ONE READING OR THE OTHER, BUT IT SEEMS

 6    ONLY FAIR THAT PEOPLE SHOULD KNOW THE ANSWER TO THE QUESTION.

 7         THE COURT:  IS THAT AN ISSUE, LIKE SOME OF THE

 8    OTHERS, WHERE THE PARTIES CAN MEET AND CONFER, AND THEN ON

 9    NOVEMBER 29 STATE, OR RESTATE, WHAT PARAGRAPH 1A AND 1D DO IN

10    THE CONTEXT OF THESE TWO FAMILIES AND OTHERS SIMILARLY

11    SITUATED?

12         MS. WEISS:  WELL, AGAIN, I WOULD SAY THIS SETTLEMENT

13    IS GOING TO BE READ BY LAWYERS THROUGHOUT THE COUNTRY, AND I

14    AM HERE TO SAY THEY ARE HAVING TROUBLE UNDERSTANDING WHAT THIS

15    PROVISION MEANS.

16              SO IT WOULD SEEM TO ME THAT IT WOULD MAKE ENORMOUS

17    SENSE FOR US ALL TO UNDERSTAND WHAT IT MEANS.  AND I AM STILL

18    TODAY NOT SURE WHAT THE PARTIES THINK IT MEANS.

19              I WOULD BE DELIGHTED IF THE ANSWER WERE A CHILD WHO

20    IS RELEASED WITH AN ISSUED NTA STAYS IN 240 PROCEEDINGS.  I

21    WOULD BE DELIGHTED IF THAT WERE -- WHETHER OR NOT THE PARENT

22    HAS AN NTA.  I WOULD BE DELIGHTED IF THAT WERE THE ANSWER, I

23    JUST DON'T KNOW IF THAT IS THE ANSWER.

24         THE COURT:  CAN YOU SPEAK TO THAT, MR. STEWART, AT

25    THIS TIME?
```

NOVEMBER 15, 2018

1          **MR. STEWART:**  ON THAT ONE I MAY WANT TO CONFER A

2    LITTLE BIT MORE, YOUR HONOR, JUST TO MAKE SURE I HAVE THE

3    RIGHT ANSWER ON THAT.  BUT WE CAN LOOK AT THAT.

4          **MR. BEST:**  YOUR HONOR, I DO THINK IT MAKES SENSE FOR

5    THE PARTIES, THE PLAINTIFFS AND THE GOVERNMENT, TO MEET AND

6    CONFER ON THIS ISSUE, AND THEN REPORT ON A DEFINITIVE

7    INTERPRETATION, DEFINITIVE UNDERSTANDING IN THAT UPCOMING

8    JOINT STATUS REPORT.

9          I THINK THAT WOULD ADDRESS MS. WEISS'S CONCERN IF WE

10   ULTIMATELY HAVE A DEFINITIVE INTERPRETATION.  I DON'T

11   UNDERSTAND HER TO SAY THAT SHE WOULD OBJECT TO A PARTICULAR

12   INTERPRETATION THAT WE ADOPT, JUST THAT SHE WOULD LIKE

13   ADDITIONAL CLARITY.  AND I THINK THAT THAT IS SOMETHING WE CAN

14   PROVIDE IN THE NEXT STATUS REPORT.

15         **THE COURT:**  OKAY.

16         **MS. WEISS:**  OKAY.

17         **THE COURT:**  ALL RIGHT.  I WOULD DO THE SAME THING,

18   THEN.

19         THERE IS NOT A SPECIFIC OBJECTION TO THE PROPOSED

20   SETTLEMENT AGREEMENT, SO HERE AGAIN I AM GOING TO OVERRULE THE

21   OBJECTION, BUT WITHOUT PREJUDICE TO THE PARTIES MEETING AND

22   CONFERRING AND REPORTING BACK ON NOVEMBER 29.

23         AND I THANK YOU FOR THE CLARIFICATION, MS. WEISS, ON

24   THIS REQUESTED POINT OF CLARIFICATION.  I THINK THERE IS

25   SOMETHING TO WHAT YOU ARE SAYING, AND IT NEEDS TO BE ADDRESSED

NOVEMBER 15, 2018

1    BY THE PARTIES, AND WE WILL DO THAT ON THE 29TH.  BUT I DON'T

2    FIND THAT IT IS A GROUND OR A BASIS BY WHICH TO DENY APPROVAL

3    OF THE SETTLEMENT.

4         THE LAST AREA OF CLARIFICATION APPLIES TO PARENTS IN

5    MS. L. WHO ARE SEPARATED FROM THEIR CHILD WHO HAVE BEEN

6    REUNIFIED, OR THAT'S THE CHARACTERIZATION OF PARAGRAPH 1A,

7    THAT IS WHO IT APPLIES TO.  CHILDREN NOT REUNIFIED OR NOT

8    SUBJECT TO REUNIFICATION, INCLUDING CHILDREN RELEASED FROM

9    O.R.R. TO A SPONSOR, ARE NOT PART OF THE CLASS, ACCORDING TO

10   THE PLAINTIFFS' RESPONSE.  AND THAT THIS LATTER GROUP OF

11   CHILDREN HAVE ALL OF THE RIGHTS UNDER EXISTING PROCEDURES AND

12   LAW, INCLUDING 240 PROCEEDINGS.

13        THE GOVERNMENT AGREES WITH THAT CHARACTERIZATION?

14   THAT WAS -- IF I GOT IT RIGHT, THAT WAS THE PLAINTIFFS'

15   RESPONSE.

16        **MR. STEWART:**  RIGHT.  WE AGREE WITH THE JOINT

17   RESPONSE ON THAT, YOUR HONOR.

18        **THE COURT:**  WITH THAT CLARIFICATION ARE YOU

19   SATISFIED, IN OTHER WORDS IF THAT'S THE WAY THE AGREEMENT IS

20   INTERPRETED, OR DO YOU ARGUE THERE NEEDS TO BE FURTHER

21   CLARIFICATION?

22        **MS. WEISS:**  I JUST REASSERT WHAT I SAID BEFORE.

23   EVERYONE AGREES THAT THIS PROVISION OF PARAGRAPH 1A MEANS WHEN

24   THEY ARE REUNIFIED WITH A MS. L. CLASS MEMBER PARENT THEN THE

25   PROVISIONS OF THE SETTLEMENT APPLY.  IT DOESN'T SAY THAT, IT

NOVEMBER 15, 2018

39

```
 1   SAYS WHEN THEY ARE REUNIFIED WITH A PARENT.  I THINK THAT THAT
 2   WILL MISLEAD PEOPLE.  IT IS OF CONCERN THAT IT IS NOT CLEAR ON
 3   THIS POINT ON ITS FACE.  I THINK IT SHOULD BE MADE CLEAR SINCE
 4   WE ALL AGREE.  BUT I UNDERSTAND THAT WE ALL AGREE, IT IS A
 5   QUESTION OF WHETHER THE SETTLEMENT IS -- WHETHER THE TERMS OF
 6   THE SETTLEMENT ARE CLARIFIED SO THAT LAWYERS AROUND THE
 7   COUNTRY NOT NOW IN THIS COURTROOM ALSO KNOW WHAT IT MEANS.
 8            THE COURT:  ON THIS ONE, I WOULD OVERRULE THE
 9   OBJECTION.  I THINK 1A IS SUFFICIENTLY CLEAR THAT THIS
10   SETTLEMENT CONTEMPLATES PARENTS WITHIN THE MS. L. CLASS.  AND
11   WITH THE CLARIFICATION ON THE RECORD I AM CONTENT TO STAND ON
12   THAT AND TO OVERRULE THAT PARTICULAR OBJECTION.
13            I THINK THAT CONCLUDES ALL OF THE --
14            MS. WEISS:  IT DOES, YOUR HONOR.  THANK YOU.
15            THE COURT:  YOU ARE WELCOME.
16            SO THE LAST SERIES OF OBJECTIONS IS FROM TOGETHER
17   AND FREE.
18            AND WHO IS SPEAKING TO THAT?  IS THAT MS. NEGLIA?
19   NO?
20            DO WE HAVE ANYONE APPEARING ON BEHALF OF TOGETHER
21   AND FREE?  OKAY.  SO I JUST HAVE WRITTEN OBJECTIONS, THEN.
22            AND THEY ARE THAT THE SETTLEMENT AGREEMENT FAILS TO
23   REQUIRE REUNIFICATION OF FAMILIES THAT ARE STILL SEPARATED,
24   APPROXIMATELY 100 PARENTS.  AND THE RESPONSE, WHICH IS CORRECT
25   IN MY VIEW, IS THAT THE SETTLEMENT AGREEMENT ADDRESSES ASYLUM
```

NOVEMBER 15, 2018

1    CLAIMS, NOT REUNIFICATION CLAIMS.  THE SETTLEMENT AGREEMENT

2    AND ITS RELEASE DOES NOT RELEASE CLAIMS FOR REUNIFICATION.  SO

3    THAT IF THESE APPROXIMATELY 100 PARENTS WANT TO SEEK

4    REUNIFICATION AND BENEFIT FROM THE SETTLEMENT AGREEMENT,

5    THAT'S A MATTER THAT DOES NOT GO TO APPROVAL OF THIS

6    PARTICULAR SETTLEMENT, IT IS A SEPARATE LEGAL ISSUE THAT CAN

7    BE ADDRESSED AT A DIFFERENT TIME IN A DIFFERENT SETTING AND

8    PERHAPS IN THE MS. L. CASE.

9             AS TO THE NEXT OBJECTION BY TOGETHER AND FREE -- SO,

10   TO BE CLEAR, I WOULD OVERRULE THAT OBJECTION.

11            THE NEXT OBJECTION IS THE SETTLEMENT AGREEMENT DOES

12   NOT PROVIDE MEANINGFUL RELIEF TO PARENTS WHO HAVE BEEN

13   REMOVED.

14            HERE, I WOULD OVERRULE THIS OBJECTION.  THE

15   SETTLEMENT AGREEMENT, I THINK, IS A REMARKABLE PIECE OF WORK

16   ACCOMPLISHED THROUGH A GREAT DEAL OF TIME AND EFFORT BY THE

17   PARTIES.  IT IS NOT PERFECT, BUT WE ARE DEALING WITH A

18   SITUATION THAT IS FAR FROM PERFECT.  AND I HAVE SAID MANY

19   TIMES BEFORE THAT WE ARE IN A SETTING THAT IS UNIQUE, AND IT

20   WAS CAUSED BY THE GOVERNMENT'S SEPARATION POLICY AND IT

21   CREATED A SET OF CIRCUMSTANCES THAT ARE UNIQUE AND THAT THE

22   PARTIES HAVE DONE THEIR BEST TO ADDRESS THROUGH THIS

23   SETTLEMENT.

24            AND THE SETTLEMENT AGREEMENT SPEAKS TO PARENTS WHO

25   HAVE BEEN REMOVED, WHO ARE WITHOUT THEIR CHILD, THOSE CHILDREN

NOVEMBER 15, 2018

```
 1    STILL BEING PRESENT IN THE UNITED STATES, AND THE RIGHTS OF
 2    THOSE PARENTS.
 3               THERE WOULD BE NO BETTER ADVOCATE FOR THOSE PARENTS
 4    THAN MR. GELERNT.  AND THE SETTLEMENT AGREEMENT SPEAKS TO THE
 5    POSSIBILITY OF THOSE PARENTS BEING RETURNED TO THE UNITED
 6    STATES.  THERE HAS BEEN NO COMMITMENT BY THE GOVERNMENT, OTHER
 7    THAN TO CONSIDER ISSUES THAT MIGHT BE RAISED BY MR. GELERNT ON
 8    BEHALF OF THESE PARENTS, THAT THE GOVERNMENT WOULD CONSIDER
 9    THOSE REQUESTS IN GOOD FAITH.
10               AND I FIND THAT THAT IS FAIR AND ADEQUATE AND
11    REASONABLE UNDER THESE CIRCUMSTANCES, AND WOULD OVERRULE THAT
12    OBJECTION.
13               THE LAST OBJECTION IS THAT THE SETTLEMENT AGREEMENT
14    DOES NOT PROVIDE A JUST, EFFICIENT, AND ORDERLY PROCESS TO
15    IDENTIFY CLASS MEMBERS AND/OR ADMINISTER THE RELIEF PROVIDED.
16               AND HERE I WOULD RESPECTFULLY OVERRULE THAT
17    OBJECTION.  AS INDICATED, THIS IS A SETTLEMENT AGREEMENT THAT
18    INVOLVED AN ENORMOUS UNDERTAKING OF THE PARTIES.  THERE HAS
19    BEEN EXTENSIVE NOTICE PROVIDED THROUGH COORDINATED PROCESSES
20    BY ALL PARTIES.  THE GOVERNMENT HAS PROVIDED CLASS MEMBER
21    CONTACT INFORMATION TO ALL RELEVANT PARTIES AND COUNSEL.  AND
22    THE COURT HAS ENGAGED IN A SERIES OF STATUS CONFERENCES WITH
23    ALL STAKEHOLDERS, AND WILL CONTINUE TO DO SO.  SO I WOULD
24    OVERRULE THAT OBJECTION.
25               I THINK, WITH THAT, UNLESS THERE ARE ANY OTHER FINAL
```

NOVEMBER 15, 2018

1  COMMENTS OR OBSERVATIONS BY ANY COUNSEL, I WOULD SIGN THE

2  PROPOSED ORDER CERTIFYING THE SETTLEMENT CLASS AND APPROVING

3  IT.  AND I WOULD MAKE ALL OF THE FINDINGS THAT ARE SET OUT IN

4  THE PROPOSED ORDER THAT IS ATTACHED TO THE PARTIES', THE

5  PLAINTIFFS', NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL.

6            BEFORE WE CLOSE THE HEARING, ARE THERE ANY FINAL

7  COMMENTS, OBJECTIONS, CONCERNS?

8            **MR. BARMEYER:**  YOUR HONOR, WE HAVE ONE SMALL ISSUE

9  FOR -- THAT WE ARE WORKING OUT WITH THE GOVERNMENT AROUND THE

10 COSTS OF THE MAILED NOTICE.

11           WE HAD INTENDED TO SUBMIT A STIPULATION BEFORE THE

12 HEARING TODAY.  WE ARE STILL GETTING A FINAL BILL FROM THE

13 CLASS ADMINISTRATOR.  SO WE WILL BE FOLLOWING UP WITH THAT

14 SHORTLY.  AND I THINK THE PARTIES ARE WORKING THAT OUT WELL.

15 WE DON'T ANTICIPATE CONCERNS.  THE GOVERNMENT HAS AGREED TO

16 COVER THE REASONABLE COSTS.  IF THERE WERE ANY UNEXPECTED

17 DISPUTES ABOUT THAT, WE WOULD ADDRESS THAT AT THE NEXT

18 CONFERENCE.

19           **THE COURT:**  YES, I THINK THAT IS A GOOD WAY TO

20 PROCEED.

21           ANY OTHER MATTERS?

22           **MR. STEWART:**  NO.  THANK YOU, YOUR HONOR.

23           **THE COURT:**  IT IS WONDERFUL TO SEE EVERYONE, MEET

24 SOME NEW PEOPLE, AND SEE SOME PEOPLE THAT I AM WELL FAMILIAR

25 WITH.

NOVEMBER 15, 2018

1          I APPRECIATE ALL OF COUNSELS' APPEARANCES TODAY,

2   HERE AND TELEPHONICALLY.  I REALLY APPRECIATE THE COMMENTS

3   FROM COUNSEL WHO FILED THE OBJECTIONS.  THOSE ARE GOOD

4   PRINCIPLED POSITIONS.  AND I THINK ON THE OBJECTIONS THAT WERE

5   RAISED TODAY, THROUGH THE MEET AND CONFER PROCESS, I AM

6   OPTIMISTIC THAT THOSE MATTERS CAN BE ADDRESSED SUCCESSFULLY IN

7   SHORT ORDER.  SO I WILL LOOK FORWARD TO THE STATUS REPORT ON

8   THE 29TH AND TO HEARING FROM COUNSEL THEMSELVES ON

9   NOVEMBER 30.

10          THANK YOU.

11          **MR. BERNICK:**  THANK YOU, YOUR HONOR.

12          **MR. STEWART:**  THANK YOU, YOUR HONOR.

13

14                      *   *   *

15          I CERTIFY THAT THE FOREGOING IS A CORRECT
           TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
16          IN THE ABOVE-ENTITLED MATTER.

17          S/LEEANN PENCE                    11/15/2018
           LEEANN PENCE, OFFICIAL COURT REPORTER    DATE

18

19

20

21

22

23

24

25

NOVEMBER 15, 2018