Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
dgalindo@aclu.org

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
skang@aclu.org
samdur@aclu.org

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al., <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD <br><br> Date Filed: December 14, 2018 <br><br> **NOTICE OF MOTION AND MOTION TO CLARIFY SCOPE OF THE *MS. L.* CLASS** |

Plaintiffs hereby move this Court to clarify that the scope of the *Ms. L.* class does not exclude parents whose separated children were released before June 26, 2018.

Plaintiffs' Motion to Clarify is based on this Notice of Motion and Motion and the concurrently-filed Memorandum; all papers, pleadings, records, and files in this case; all matters of which judicial notice may be taken; and such other arguments and/or evidence as may be presented to this Court at a hearing on this Motion.

Dated: December 14, 2018

Respectfully Submitted,

*/s/Lee Gelernt*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 2922080)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 14, 2018, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

                                  /s/ Lee Gelernt
                                  Lee Gelernt, Esq.
                                  Dated: December 14, 2018

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
dgalindo@aclu.org

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
bvakili@aclusandiego.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
skang@aclu.org
samdur@aclu.org

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., *Petitioners-Plaintiffs*, v. U.S. Immigration and Customs Enforcement ("ICE"), et al. *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: December 14, 2018<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY SCOPE OF THE *MS. L.* CLASS** |

# INTRODUCTION

Plaintiffs respectfully request that the Court clarify that the *Ms. L.* class includes parents whose separated children were released from ORR custody before June 26, 2018. The issue is an important one: without this clarification, parents who were separated from their children pursuant to the government's zero-tolerance policy will be denied due process rights to family integrity based on an arbitrary distinction that finds no support in the Court's Class definition.

# ARGUMENT

### I. Parents Whose Separated Children Were Released from ORR Custody Before June 26 are Members of the *Ms. L.* Class.

This Court's June 26, 2018 order certified the following class:

> All adult parents who enter the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child.

Order Granting in Part Plaintiffs' Motion for Class Certification, *Ms. L., et al., v. ICE*, Dkt. 82 at 17. On the same date, the Court issued a preliminary injunction that granted class members a right to be reunified with their children. In relevant part, the Court enjoined the government (1) from detaining class members apart from their children, and (2) from "removing any Class Members without their child, unless the Class Member affirmatively, knowingly, and voluntarily declines to be reunited with the child prior to the Class Members' deportation, or there is a determination that the parent is unfit or presents a danger to the child." PI Order, Dkt. 83 at 24.[1]

---

[1] On August 16, 2018, in order to ensure that the government respected the asylum rights of Ms. L. class members and their children, the Court entered a Temporary Restraining Order in the companion *MMM* case further prohibiting removal of Ms. L. class members and their children. *See* Order Granting Temporary Restraining Order, *M.M.M., et al. v. Sessions*, 18-cv-1832, Dkt. No. 55 at 15.

1

The government interprets the Court's class definition to include only those parents who (1) are or were detained in immigration custody, (2) have a minor child who was separated from them by DHS and (3) *whose child was in ORR custody on or after June 26, 2018.* Thus, the government would exclude from the class, and from any right to reunification, parents whose children happened to be released from ORR custody before June 26, 2018.

This is wrong for three reasons:

**First**, the text of the Ms. L. class definition itself contains no date on which children must be in ORR custody. In relevant part, the class definition includes adult parents who (1) "have been, are, or will be detained in immigration custody" and (2) "have a minor child who is or will be separated from them by DHS and detained in ORR custody . . . ." The government points to the present tense "is" in the second part to contend that the definition includes only those parents whose children were in custody on June 26. However, the government places too much weight on the tense of the provision while completely ignoring the intent of the parties. Notably, Plaintiffs did not propose that the class definition turn on the date on which a child must be in ORR custody. Nor did the government argue for that limitation in opposing class certification. Indeed, the text of the class definition that the Court adopted is in relevant part identical to that proposed by Plaintiffs in the Amended Class Complaint, see Dkt. 32 at 12, and Motion for Class Certification, see Dkt. 35-1 at 1. Thus, there is no evidence that the Court ever intended to exclude from the class—and thereby deny any right to reunify with their children—those parents whose children happened to have been moved out of ORR custody by the time the Court entered its orders.

**Second**, imposing an artificial date limitation into the class definition would make no sense because both of the class representatives—Ms. L. and Ms. C.—would be excluded from the Class if the government were correct. The government separated Ms. L. from her seven-year-old daughter on November 5, 2017. Ms. L.'s daughter was

2

18cv0428

in ORR custody when plaintiffs filed an individual action seeking reunification on February 26, 2018. Dkt. 1 at 1. The government subsequently released Ms. L., but her daughter was still in ORR custody when plaintiffs sought class certification on March 9, 2018. Dkt. 32 at 6. Two and a half months later, however, when the Court granted the motion for class certification, Ms. L.'s daughter had been released from ORR custody and the family was reunited. Ms. C.'s son was similarly in ORR custody at the time class certification was sought, but released by the time class certification was granted. *See Brazilian mother reunites with 14-year-old son 8 months after separation at U.S. border*, ABC News, June 5, 2018, *available at* https://abcn.ws/2LoIdia (last accessed Nov. 20, 2018) (reporting that Ms. C.'s son was released from ORR to her care on June 5, 2018). The class definition was designed to include the named representatives, not exclude them.

**Third**, the government's June 26 cut-off date would create an artificial distinction between two classes of parents who were subject to the same illegal practice and suffered the exact same injuries, and arbitrarily deny relief to one of those classes. There is no relevant difference between the two groups. Parents whose children were released from ORR custody before June 26 were subject to the same "brutal, offensive" policy as the other class members. MTD Order, Dkt. 70 at 22. They were similarly "unlikely to know whether [they may] be deported before, simultaneous to, or after their child." PI Order, Dkt. 83 at 15. They and their children experienced the same agonizing trauma of separation. *Id*. at 18-19. Their substantive due process rights to family integrity were identically violated. And they all have the same right to be reunified as other parents. There is no reason why they would be excluded from the Class definition. And there is no reason why they should now be deported without any opportunity to reunify with their children, who, under the government's theory, would remain stranded in the United States simply because of the date on which ORR happened to place them with a sponsor.

3

18cv0428

## II. In the Alternative, the Court Can Modify the Class Definition to Include Parents Whose Children Were Released from ORR Custody Before June 26, 2018.

If the Court were to conclude that the class definition as currently written excludes parents like Ms. L. and Ms. C., then the Court may modify the Class. Rule 23(c)(1)(C) provides that an "order that grants or denies class certification may be altered or amended before final judgment." Rule 23 gives courts "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *United Steel v. ConocoPhillips Co.,* 593 F.3d 802, 810 (9th Cir.2010) (internal quotation marks omitted).

For the reasons stated above, a modified class definition that explicitly includes all qualifying parents—without exceptions based on the date their children left ORR custody—would be appropriate and would meet Rule 23's requirements. *See Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 210-11 (N.D. Cal. 2015).

## CONCLUSION

For the foregoing reasons, Plaintiffs requests the court clarify the *Ms. L.* class does not exclude parents who were separated from their children and whose children were released from ORR custody before June 26, 2018.

Dated: December 14, 2018                    Respectfully Submitted,

                                            */s/Lee Gelernt*
 Bardis Vakili (SBN 247783)                 Lee Gelernt*
ACLU FOUNDATION OF SAN DIEGO                Judy Rabinovitz*
& IMPERIAL COUNTIES                         Anand Balakrishnan*
P.O. Box 87131                              Daniel Galindo (SBN 292854)
San Diego, CA 92138-7131                    AMERICAN CIVIL LIBERTIES
T: (619) 398-4485                           UNION FOUNDATION
F: (619) 232-0036                           IMMIGRANTS' RIGHTS PROJECT
*bvakili@aclusandiego.org*                  125 Broad St., 18th Floor
                                            New York, NY 10004
Stephen B. Kang (SBN 2922080)               T:  (212) 549-2660
Spencer E. Amdur (SBN 320069)               F:  (212) 549-2654
AMERICAN CIVIL LIBERTIES UNION              *lgelernt@aclu.org*
FOUNDATION                                  *jrabinovitz@aclu.org*

IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*samdur@aclu.org*

*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt, Esq.

Dated: December 14, 2018
