Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
wilsonbarmeyer@eversheds-sutherland.com
carolmcclarnon@eversheds-sutherland.com
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
Johnathan Smith*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
(202) 897-2622
sirine@muslimadvocates.org
johnathan@muslimadvocates.org

*Admitted Pro Hac Vice

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.,<br><br>              Defendants. | Case No. 3:18-cv-1832-DMS<br>Case No. 3:18-cv-428-DMS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR CLASS MEMBERS WHO HAVE NOT SUBMITTED EXECUTED WAIVER FORMS** |
| Ms. L, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement, et al.,<br><br>              Defendants. | DATE:<br>TIME:<br>COURTROOM:<br>JUDGE: Hon. Dana M. Sabraw |

Plaintiffs file this opening brief pursuant to the briefing schedule set by the Court on December 14, 2018 and respectfully request that the Court order the Government to comply with the parties' settlement agreement with respect to all class members who have *not* submitted executed waiver forms and who therefore have not waived the relief they are entitled to under the agreement.[1]

## I.     Background

Under the asylum-related class action settlement approved by the Court in these cases, class members with expedited removal orders are entitled to a *sua sponte* review of their negative credible fear determinations and the opportunity to present additional evidence to an asylum officer.  **Exhibit 1 (Settlement Agreement) at 16-17, Paragraph 1(d)**.  For class members who do not wish to receive these procedures, the settlement agreement provides that class counsel may identify class members who wish to waive these procedures and be promptly removed to their home country.  *Id.* at 19, Paragraph 8.  For purposes of implementing the right to waiver, the parties negotiated and agreed on written notice to the class, including a form that class members can fill out to affirmatively indicate their intent to waive.  **Exhibit 2 at 27 (Notice of Proposed Settlement and Settlement Election Form)**.  The settlement agreement and the form are clear that the purpose of the form is for "waiver" of settlement rights (that is, class members are entitled to new interviews unless they affirmatively waive those rights).  Indeed, the form recites that "[f]ailure to return this form will not be construed as a waiver of your rights under the Settlement Agreement." *Id.*  Nonetheless, the Government is now taking the remarkable position that this is a "claim form" that class members must complete to obtain their rights.[2]

---

[1] This action is currently stayed, and Plaintiffs file this opening brief in support of their motion so that the motion can be heard promptly upon the lifting of the stay and completion of briefing.

[2] Initial implementation efforts focused on class members detained at family residential centers where many class members were housed.  The forms were distributed to class members at these facilities, and the Government has been

This dispute arose at the December 14, 2018 status conference when the parties and the Court were discussing the categories of information that the Government should be reporting for purposes of settlement implementation.  Plaintiffs requested reporting about interviews for class members who have not submitted executed waiver forms, specifically:

> (a) The number of interviews provided to such class members; and
> (b) The results of those interviews.

During that discussion, the Government took the surprising position that these class members are not entitled to interviews in the first place.  The Government's position is contrary to the plain terms of the settlement negotiated by the parties and approved by the Court, for the reasons discussed below.  Plaintiffs therefore request an order enforcing the terms of the settlement.

## II.    Argument

The plain language of the settlement agreement—across numerous provisions—is unambiguous that class members are entitled to relief under the settlement unless they knowingly and voluntarily waive their rights.

In the very first sentence of the agreement, the settlement states that the Government agrees to provide "procedures for addressing the asylum claims of *M.M.M.* agreed class members and the claims of *Ms. L* class members (and *Dora* plaintiffs), *other than those class members who agree to waive these procedures* . . . ."  Ex. 1 at 15 (emphasis added).  Thus, the agreement, from its first sentence,

_____

implementing the settlement for class members who have completed the forms. Because these class members were in a known location, class counsel was able to ensure that (essentially) all of the families completed forms.  As implementation efforts move beyond these detention centers, however, it is unlikely that class counsel will be able to locate all of the class members entitled to relief.  Indeed, for released class members, there are several thousand individuals on the class list, but class counsel do not know which of these individuals have expedited removal orders and would need the settlement relief.

plainly states that the Government will provide settlement procedures for qualifying class members, except those who choose to waive such procedures.

The provisions describing the relief state that the Government "will" provide the procedures, and will do so "sua sponte." The key passage articulating the relief is in Paragraph 1(d), which states:

> d. For *Ms. L* class members who have not been issued an NTA and have final [expedited removal] orders that have not been cancelled by DHS, USCIS *will exercise its discretionary authority to sua sponte conduct* in good faith a de novo review of the credible fear finding of the parent to determine if reconsideration of the negative determination is warranted.

*Id.* at 16, Paragraph 1(d) (emphasis added).[3] The Government's commitment in this provision is not conditioned on the class members' action or lack thereof. Nor is the Government's obligation dependent on any qualifiers or language suggesting that the Government would conduct new interviews only if certain additional requirements were first satisfied, such as a requirement that class members file claims for relief. The Government instead agreed to engage in such reviews sua sponte for all individuals in the class who meet the criteria for relief. Thus, if the Government were to remove a *Ms. L* class member with a final expedited removal order before providing "in good faith a de novo review" of his or her credible fear finding, such action would plainly violate Paragraph 1(d) of the agreement.

The one exception—affirmative waiver—appears later in the agreement. Paragraph 8 describes with specificity the ability for class members to "waive" their rights under the settlement and indicates that class counsel "may" identify such individuals. *Id.* at 19, Paragraph 8. The waiver provision was meant to accommodate

---

[3] The negotiated relief for child class members flows from this same provision. If the parent class member meets the credible fear standard on reconsideration, DHS "will issue and subsequently file an NTA" and any children of the parent "will be treated as the parent's dependents . . . ." Ex. 1 at 17, Paragraph 1(d). If the parent's credible fear determination remains negative, "USCIS will screen the child individually for credible fear." *Id.*

4

detained class members who might wish to return promptly to their country of origin instead of remaining in detention while going through the negotiated settlement procedures.  The waiver provision is not, however, a claim process.  Paragraph 8 provides:

> 8.  *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel *may identify class members who wish to waive the procedures described herein* and be promptly removed to their country of origin.  *Ms. L* counsel, *M.M.M.* counsel, and *Dora* counsel will promptly develop a process for obtaining and documenting such a choice *through a knowing and voluntary waiver*.  Defendants will not engage with class members on such matters, but will seek to effectuate *such waiver decisions* when communicated and documented by *Ms. L* counsel, *M.M.M.* counsel, or *Dora* counsel.  Class members may either pursue the relief described in this agreement or elect prompt removal, but may not pursue any other immigration- or asylum-related injunctive, declaratory, or equitable relief . . . .

*Id.* at 19-20 (emphasis added).  This paragraph is unambiguous that class members must take affirmative action to waive the procedures ("such waiver decisions"), and therefore class members who take no action are afforded relief.  This language would be completely different if—as the Government contends—class members were required to submit claim forms to receive relief.  The settlement agreement, and the Court's orders approving the settlement, would describe a claim process, not a "waiver" process, and would likely articulate a requirement to submit a claim form and set a deadline for submission of claims, as is common in other types of class action settlements.  *See Watkins v. Hireright, Inc.*, No. 13-cv-1432-BAS-BLM, 2016 WL 1732652, at *1 (S.D. Cal. May 2, 2016) (granting preliminary approval of class settlement and stating that class members must submit a completed "Claim Form" within the designated "Claims Deadline" to receive monetary relief); *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14cv1372 DMS (DHB), 2016 WL 4427439, at *1 n.1 (S.D. Cal. Feb. 29, 2016) (granting preliminary approval of class settlement and defining "Qualifying Claimants," in part, as class members who timely submit claim

forms).  The settlement in these cases, however, includes only a waiver process, not a claim process, and therefore class members are entitled to relief unless and until they elect otherwise.  As previously noted, it would plainly violate Paragraph 1(d) of the settlement if the Government were to remove a *Ms. L* class member with a final expedited removal order without ever providing "in good faith a de novo review" of his or her credible fear finding, unless the class member affirmatively waived his or her rights.

The waiver documents also strongly support Plaintiffs' position.  The settlement requires class counsel to "develop a process" for waiver.  Ex. 1 at 20, Paragraph 8.  For precisely that purpose, class counsel drafted a waiver form to be included as part of the class notice.  Both the written notice and the form were heavily negotiated between the parties and approved by the Court.[4]  Although the title of the class notice refers to the form as an "election form," the form itself is titled "**You have the right to waive relief under the settlement.**"  *See* Ex. 2 at 27.  The form states, in unambiguous language, that class members will receive relief unless they affirmatively waive their rights:

> Parents or children *who wish to waive their rights* under this Settlement Agreement and be promptly removed to their country of origin, have the right to do so by executing the below form.  Any decision to return to your country of origin must be made affirmatively, knowingly, and voluntarily.  *Failure to return this form will not be construed as a waiver of your rights under the Settlement Agreement.*

[4] Other court filings submitted during the settlement approval process are also consistent with Plaintiffs' position. Both Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement; Preliminary Certification of Settlement Classes; and Approval of Class Notice (ECF No. 247) and Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement (ECF No. 315) state that class members "who seek to waive their rights" under the settlement agreement "have the right" to effectuate such waiver.  None of the parties' filings discuss or describe a "claim" process, and the settlement was never represented to the Court as a "claims-made" settlement.  Nor do the Court's approval orders establish a claim process.

6

*See id.* (emphasis added).  Thus, although the Government now takes the position that failure to submit a signed form amounts to a waiver of rights under the settlement, the waiver form itself says exactly the opposite.  The unambiguous language of the waiver form states that class members will not be penalized for failing to execute and submit the form.  The form functions merely as the means by which the parties can identify class members who choose to waive the settlement procedures.

Insofar as the form lists two options for class members—namely, to either waive or pursue their rights—this language was included by class counsel so that class members would understand that waiver was not the *only* option available to them. Class counsel were concerned that class members might sign the form in error and unintentionally waive their rights if there was only one option on the form, and thus included a second option to make clear that class members could "remain in the United States to seek relief from removal." *Id.*  The options on the form also would facilitate implementation generally for those who would submit forms (*e.g.*, class members can use the form to signal their readiness to proceed with a new interview). But providing the options did not alter the nature of the form.  The form does not instruct class members that they must sign and return the form to receive relief, and construing the form as requiring such affirmative action is inconsistent with the purpose of the form, the parties' intent, and the Government's definitive obligations set forth in the settlement agreement.

## III.   Conclusion

The Government's position that submission of the form is a condition that class members must satisfy to obtain relief is contrary to the plain language of both the settlement agreement and the form.  Under the settlement, the Government is obliged to provide the agreed-upon relief to class members unless the Government has been notified of a class member's knowing and voluntary waiver.  Failing to provide the agreed-upon relief would violate the plain language of the agreement. The Government cannot now seek to unwind an agreement negotiated by the parties and

7

approved by the Court.  Plaintiffs respectfully request that the Court order the Government to adhere to its agreement, and specifically to provide the negotiated asylum-related procedures for all qualifying class members unless any such class member has knowingly and voluntarily waived his or her right to relief.

Further, because the Government is required to conduct these interviews, the Government's future reporting to Plaintiffs and this Court should reflect the status of class members who have not executed waiver forms, including: (a) the number of interviews given to these class members; and (b) the results of the interviews.  The disclosure of this additional information is necessary to provide assurance to the Court, the public, and class counsel that the Government adheres to the terms of the settlement agreement and provides the relief duly owed to class members.

Finally, because adherence to the agreement will require the Government to determine which individuals on the class list have expedited removal orders and are entitled to relief, Plaintiffs request that the Government provide this list to class counsel, including each individual's last known address and other contact information.  Such information will allow class counsel to assist in facilitating implementation and will help to ensure that class members are notified of the right to waive prior to the Government providing the negotiated asylum procedures.

January 10, 2019

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Wilson G. Barmeyer*
Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
(202) 637-3593 (facsimile)
wilsonbarmeyer@eversheds-sutherland.com
carolmcclarnon@eversheds-sutherland.com

8

johnfleming@eversheds-sutherland.com

Sirine Shebaya*
Johnathan Smith*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
(202) 897-2622
(202) 508-1007 (facsimile)
sirine@muslimadvocates.org
johnathan@muslimadvocates.org

Simon Y. Sandoval-Moshenberg*
Sophia Gregg*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450
(703) 778-3454 (facsimile)
simon@justice4all.org
sophia@justice4all.org

Aaron M. Olsen
Alreen Haeggquist
Haeggquist and Eck LLP
225 Broadway, Ste 2050
San Diego, CA 92101
phone: 619.342.8000
fax: 619.342.7878
aarono@haelaw.com

*   Admitted *Pro Hac Vice*
pending or forthcoming

*Class Counsel for Parent Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

**HOGAN LOVELLS US LLP**

*/s/ Michael Maddigan*_____
Michael Maddigan
(Cal. Bar No. 163450)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Justin W. Bernick*
Zachary W. Best*
T. Clark Weymouth*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
t.weymouth@hoganlovells.com
zachary.best@hoganlovells.com

Oliver J. Armas*
Ira M. Feinberg (Cal. Bar No. 064066)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

Katherine A. Nelson*
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

Haley K. Costello Essig*
Park Place II, Ninth Floor
7930 Jones Branch Drive

10

McLean, VA 22102-3302
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
haley.essig@hoganlovells.com

*Admitted *pro hac vice*

*Class Counsel for Child Class in Related
Action MMM v Sessions*

Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
Daniel Galindo
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Class Counsel For Removed Parents*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO
ENFORCE SETTLEMENT AGREEMENT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 10, 2019.


*/s/ Wilson G. Barmeyer*_____
Wilson G. Barmeyer

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

*M.M.M., on behalf of his minor child, J.M.A, et al., v. Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.*
*and*
*Ms. L, et al., v. U.S. Immigration and Customs Enforcement, et al.*

**EXHIBITS TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR CLASS MEMBERS WHO HAVE NOT SUBMITTED EXECUTED WAIVER FORMS**

**TABLE OF CONTENTS**

| Exhibit | Document | Pages |
|---------|----------|-------|
| 1 | Settlement Agreement | 14-21 |
| 2 | Notice of Proposed Settlement and Settlement Election Form | 22-28 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT