# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Ms. L, et al.,

                        Plaintiffs,

      vs.

U.S. Immigration and Customs
Enforcement, et al.,

                        Defendants.

Case No. 3:18-cv-428-DMS

Honorable Dana M. Sabraw

---

M.M.M., on behalf of his minor child,
J.M.A., et al.,

                        Plaintiffs,

      vs.

Matthew G. Whitaker, Acting
Attorney General of the United
States,[1] et al.,

                        Defendants.

Case No. 3:18-cv-1832-DMS

Honorable Dana M. Sabraw

**ORDER ON FURTHER
CLARIFICATIONS TO
SETTLEMENT AGREEMENT
OF NOVEMBER 15, 2018**

February 6, 2019

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted the
current Acting Attorney General as the Defendant in this case.

The Court having considered objections filed by legal service providers for children who sought clarifications to the settlement agreement at the fairness hearing on November 15, 2018; and the Court having invited the parties and the objectors to meet and confer about such clarifications; and the parties and the objectors having met, conferred, and reached a common understanding of certain provisions of the settlement, the Court hereby approves the following further clarifications to the settlement agreement approved on November 15, 2018:

**Paragraph 1.a.**

The first sentence of Paragraph 1(a) of the settlement agreement states: "*Ms. L* class members and *M.M.M.* agreed class members who are not currently detained in DHS custody (and are not currently in HHS custody) and who have been issued Notices to Appear (NTAs) will not be removed by DHS prior to issuance of a final removal order in their resulting removal proceedings conducted under Section 240 of the Immigration and Nationality Act (INA)."  This provision applies to the following hypothetical situations as clarified below:

Hypothetical #1:  A parent and child are reunited in the community.  The child was issued an NTA while in shelter.  The parent was not issued an NTA because the parent was released for reunification before having a credible fear interview.  Does the child remain in Section 240 proceedings?

Clarification #1:  Yes.

Hypothetical #2:  A parent and child are reunited in the community.  The child was issued an NTA while in shelter.  The parent was not issued an NTA because the parent received a negative credible fear determination and the parent has not yet had his or her negative determination reviewed pursuant to the settlement agreement.  Does the child remain in Section 240 proceedings?

Clarification #2:  No.  The parent would have the negative credible fear determination reviewed pursuant to Paragraph 1(d) of the settlement agreement.  The child would be reprocessed for expedited removal so that the child can be interviewed with the parent and treated as the parent's dependent.  If credible fear is found for either the parent or the child, both would be placed in Section 240 proceedings.

Hypothetical #3:  A parent and child are reunited in the community.  The child was issued an NTA while in shelter.  The parent was not issued an NTA because the parent received a negative credible fear determination, but the parent's negative credible fear determination is pending review by an immigration judge.  Does the child remain in Section 240 proceedings?

Clarification #3:  If the parent's negative credible fear determination is pending review by an immigration judge then the parent does not yet have a final expedited removal order and Paragraph 1(d) of the settlement does not apply.  The child would remain in Section 240 proceedings while the parent's negative credible fear determination is pending review by an immigration judge. If the parent's negative credible fear determination is affirmed by the immigration judge following reunification, the child would remain in Section 240 proceedings unless the parent seeks further review pursuant to Paragraph 1(d) of the settlement.  If the parent does seek further review under the settlement, then Paragraph 1(d) would apply as described in hypothetical #2 above, including that the child would be reprocessed for expedited removal so that the child can be interviewed with the parent and treated as the parent's dependent.

Hypothetical #4:  A parent and child are reunited in the community.  The child was issued an NTA while in shelter.  The parent was issued an NTA after receiving a positive credible fear determination in the initial determination from USCIS or on

review by an immigration judge.   Would both parent and child stay in 240 proceedings?

Clarification #4:  Yes.

**Paragraph 1.a., continued**

The last sentence of Paragraph 1.a. of the settlement agreement states: "*M.M.M.* agreed class members who have not been reunified with their parent(s) as of the effective date of this agreement will be afforded existing procedures for unaccompanied alien children pursuant to governing statutes and regulations, including but not limited to Section 240 removal proceedings, unless and until they are reunified with a parent, in which case the procedures described below will apply."

This sentence refers to a child's reunification with a parent or parents in the *Ms. L* class.  A child's reunification with a parent outside the *Ms. L* class does not trigger the application of the settlement.  Such a child remains in Section 240 proceedings if the child is already in such proceedings.

**Preamble and Paragraph 8**

Both the preamble and Paragraph 8 of the settlement agreement include language through which class members waive certain claims.  Paragraph 8 states the waiver as follows: "Class members may either pursue the relief described in this agreement or elect prompt removal, but may not pursue any other immigration- or asylum-related injunctive, declaratory, or equitable relief based on the allegations or claims made in any of the *Ms. L*, *M.M.M.*, or *Dora* complaints filed in any court accruing as of the date this plan is approved by the Court, including statutory claims."

Neither this provision nor the similar language in the preamble to the settlement limits in any way the defenses that a parent or child class member may assert in Section 240 proceedings.


It is so ordered.


Dated: February 6, 2019

_____
Hon. Dana M. Sabraw
United States District Judge