JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

                     Petitioners-Plaintiffs,

    vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

                  Respondents-Defendants.

Case No. 18cv428 DMS MDD

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR CLASS MEMBERS WHO HAVE NOT SUBMITTED EXECUTED WAIVER FORMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Plaintiffs' motion rests on a distortion of Defendants' position. Plaintiffs contend that the government is trying to avoid its obligation to provide the procedures to which it agreed in the settlement agreement to individuals who are entitled to them. That is flatly incorrect. Defendants have expressed no intention of avoiding their obligations to provide these procedures. Rather, the government simply contends that before it proceeds to provide any individual settlement class member with procedures under the settlement agreement, each settlement class member should first have the opportunity—with the assistance of class (or other) counsel—to make a knowing and voluntary election regarding his or her settlement rights. And indeed, the government is entitled to know each class member's clear and informed wishes before it acts and works to benefit that class member. If the Court were to grant Plaintiffs' motion, the government would be forced to provide settlement procedures to settlement class members without first ensuring that he or she had received notice of his or her right to those procedures from class counsel and had the opportunity to make an election on how to proceed.

The Court should not require Defendants to proceed in this manner, but should instead deny Plaintiffs' motion. In reality, many class members who were released from ICE custody were served with a notice to appear rather than remaining subject to an expedited removal order and thus are unaffected by the settlement agreement.

Moreover, most if not all of those individuals should have received the class notice and election form from class counsel, and have therefore had the opportunity to make an election regarding the settlement agreement. For the remaining individuals—if any—the Court should require that if either Plaintiffs or Defendants identify an individual who is entitled to settlement procedures but has not submitted an election form, the government will ensure that class counsel is notified to provide that individual with a settlement election form to allow him or her to make an election one way or the other with the assistance of counsel. The government would request that counsel then submit the form within a specified period of time. Once an election is made and the form is submitted to the government, then the government will honor that election. The parties can then work together to track these individuals through the use of the settlement election forms.

## II.   ARGUMENT

The settlement agreement states the procedures that the parties agreed address the asylum claims of settlement class members. Agreement, ECF No. 247, at 32-38. In seeking approval from this Court for the settlement agreement, the parties also prepared a "Notice of Proposed Settlement and Settlement Election Form," ECF No. 247-1, which notifies class members of the rights available to them under the settlement, and provides each class member the opportunity to elect either: 1) that he or she wishes to remain in the United States and seek relief in accordance with

the agreement; or 2) that he or she wishes to waive his or her rights under the agreement and be removed from the United States. *See* Election Form, ECF No. 247-1 at 3. The agreement provides that "[c]lass counsel are responsible for determining a class member's intentions related to waiver of the procedures set forth below." Agreement, ECF No. 247, at 32. And the election form directs that the "form must be read to the class member in a language that he/she understands[, and t]he class member must indicate which option he/she is choosing by signing the appropriate box below." Settlement Election Form, ECF No. 247-1 at 3.

Thus, the procedures developed and agreed to by the parties clearly evidence an intent that class counsel should ensure that each class member has the opportunity to make an affirmative election whether or not to accept the rights afforded under the settlement agreement. And these procedures make sense, given that one feature of the claims underlying the settlement agreement was a repeated assertion by Plaintiffs that government actors coerced or mislead them into giving up their rights to pursue asylum claims. Adhering to a procedure in which class counsel is responsible for determining the election of each and every settlement class member before any action is taken in his or her case ensures that the government can proceed without concern that such allegations will continue to arise.

Plaintiffs' motion does not address any benefit of ensuring that each settlement class member makes a knowing and voluntary election regarding the

settlement procedures, and instead largely focuses on a strawman argument that Defendants never made and this Court need not address. Specifically, Plaintiffs devote the majority of their motion to arguing that, under the settlement agreement, the government is obligated to provide settlement procedures to individuals who are members of the settlement class, even where those class members have not submitted a settlement election form. Plaintiffs also contend that "the Government now takes the position that failure to submit a signed form amounts to a waiver of rights under the settlement . . . ." Mem. 7.

Those characterizations are baseless—they do not reflect any position of the government.  The government does not object to providing the procedures to which it agreed under the settlement to individuals who are entitled to them, and has no intention of simply ignoring its obligations for an individual who it identifies as a settlement class member who has not submitted an election form. Rather, what the government objects to is being required to track down potential class members and provide them with procedures under the settlement agreement without first ensuring that he or she has had the opportunity to make a knowing election to do so. Thus, the question here is not whether settlement class members are entitled to procedures, but what must happen to trigger the government's obligation to provide those procedures. It is class counsel's obligation to ensure that each individual is provided notice of his or her rights under the agreement, and to obtain his or her election

regarding the settlement procedures. The government's obligation is to provide those procedures or facilitate removal as elected by the class members, and to ensure that class counsel is notified about any class member who comes to the government's attention having not submitted an election form, so that class counsel can provide the individual with notice of his or her rights and the individual has the opportunity to make an election whether to pursue those rights.

Understanding the requirements of the agreement in this way then allows for a cooperative solution that also ensures that all settlement class members have the opportunity to make a knowing and voluntary election regarding their settlement rights. Consistent with the parties' agreement, Defendants have already provided class counsel "with any known contact information for all nondetained Settlement Class members." Unopposed Motion for Preliminary Approval of Proposed Settlement, ECF No. 247, at 20-21. Class counsel also have taken numerous steps to provide the notice to settlement class members and other interested parties who may come into contact with settlement class members. *Id.* at 20-25. These processes allow class counsel various opportunities to fulfill their responsibility "for determining a class member's intentions related to waiver of the procedures set forth [in the Agreement]." Agreement, ECF No. 247 at 32. To the extent any settlement class member may not receive notice through these methods and therefore fails to submit a settlement election form, but comes to the attention of the government the

government will not treat the failure to submit a form as waiver and simply remove the individual, but also will not unilaterally impose settlement procedures on that individual; rather, the government will bring this individual to the attention of class counsel and request that class counsel obtain a settlement election form from that individual. Notably, the government has already been doing so for detained cases. This joint approach also ensures that both parties can easily track settlement class members and their elections with regard to the settlement procedures. It also shows why the data reporting requested by Plaintiffs in their motion is onerous and unnecessary, given that the parties prepared and agreed to a form that allows for clear and simple tracking by both parties.

## III.   CONCLUSION

For all of the above reasons, the Court should deny Plaintiffs' motion. Instead the Court should confirm that class counsel is responsible for ensuring that each settlement class member has the opportunity to make a knowing and voluntary election whether to proceed with his or her rights under the settlement agreement, and that where an individual has made no such election, the government will not treat this as a waiver, but will reach out to class counsel and ask them to obtain a settlement election form for that individual before taking any further action in that individual's asylum case.

1    DATED: February 6, 2019                 Respectfully submitted,

2
                                             JOSEPH H. HUNT
3                                            Assistant Attorney General
                                             SCOTT G. STEWART
4                                            Deputy Assistant Attorney General
5                                            WILLIAM C. PEACHEY
                                             Director
6                                            WILLIAM C. SILVIS
7                                            Assistant Director

8                                            */s/ Sarah B. Fabian*
9                                            SARAH B. FABIAN
                                             Senior Litigation Counsel
10                                           NICOLE MURLEY
11                                           Trial Attorney
                                             Office of Immigration Litigation
12                                           Civil Division
13                                           U.S. Department of Justice
                                             P.O. Box 868, Ben Franklin Station
14                                           Washington, DC 20044
15                                           (202) 532-4824
                                             (202) 616-8962 (facsimile)
16                                           sarah.b.fabian@usdoj.gov
17
18                                           ADAM L. BRAVERMAN
                                             United States Attorney
19                                           SAMUEL W. BETTWY
20                                           Assistant U.S. Attorney

21                                           *Attorneys for Respondents-Defendants*

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington, DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR CLASS MEMBERS WHO HAVE NOT SUBMITTED EXECUTED WAIVER FORMS** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 6, 2019`         *s/ Sarah B. Fabian*
                                  Sarah B. Fabian