Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
wilsonbarmeyer@eversheds-sutherland.com
carolmcclarnon@eversheds-sutherland.com
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
(202) 897-2622
sirine@muslimadvocates.org

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendants. <br><br> Ms. L, et al., <br><br> Plaintiffs, <br><br> V. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendants. | Case No. 3:18-cv-1832-DMS <br> Case No. 3:18-cv-428-DMS <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR CLASS MEMBERS WHO HAVE NOT SUBMITTED EXECUTED WAIVER FORMS** |

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs in the above-captioned cases submit this Reply in Support of their Motion to Enforce Settlement Agreement for Class Members Who Have Not Submitted Executed Waiver Forms. (ECF 342).

**I.  The Issue Before the Court Involves Class Members Who Are Entitled to Relief But Who Have Not Been Identified By the Parties.**

The issue squarely before the Court is about class members who are entitled to relief under the settlement but have not executed settlement waiver forms and submitted them to class counsel.  The Government's Opposition (ECF No. 350) mostly attempts to sidestep this issue by emphasizing that class counsel and the Government can work together to implement the settlement for individuals who are identified by the parties.  But this is not the issue before the Court; the parties have already been working cooperatively on implementation for those individuals and will continue to do so.[1]  Likewise, the Government's Opposition indicates that "many" of the individuals on the class list were previously released with notices to appear, and therefore the settlement does not impact them.  Defs.' Opp'n 1:24-25.  Again, these individuals are not at issue.

Instead, the issue before the Court is two-fold: (1) if a parent class member was given an expedited removal order while separated, was not issued a notice to appear, and has not submitted a signed waiver form, is he or she nonetheless entitled to relief under the settlement, and (2) if so, what are the obligations of the Government under the settlement?  Recently reported numbers show why these questions matter.  As of the February 6, 2019 status report, the Government reported 211 parents who have submitted forms either requesting or waiving the settlement

---

[1] The Government takes the position that all identified individuals should be required to provide a signed waiver form before receiving the procedures under the settlement.  For the reasons set forth in Plaintiffs' opening brief, an executed waiver form is not a prerequisite for identified class members to obtain relief.  Regardless, the parties have been and will continue to work together on implementation for class members as they are identified to ensure that class members receive relief rightfully due under the settlement or otherwise forego relief through a knowing and voluntary waiver.

2

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

procedures. (ECF No. 349). But the class notice list includes 1,202 parents who were in the United States as of last year and who are potentially entitled to relief, which means that at least 991 parents on the class list have not submitted forms.[2] Even if "many" of these 991 parents were released into the community with notices to appear (and thus do not require settlement procedures), there are almost certainly others who require the settlement relief agreed to by the parties. Class counsel have no way of knowing how many additional individuals are entitled to relief or who they are. Only the Government has the ability to identify them.[3]

Recent experience demonstrates the importance of the Government actively identifying those who would be entitled to settlement relief. Over the past month, class counsel have received several reports from individuals—who are on the class list, but who have not (yet) submitted forms—that they are being scheduled for removal at their next ICE check-in. Now that these specific individuals have come forward, class counsel are working with them (and their individual counsel, if applicable) to submit an affirmative election seeking settlement relief. These specific individuals will now obtain relief instead of being removed.

But, there are undoubtedly class members who have not affirmatively stepped forward, and the Government has obligations under the settlement with respect to those class members. Will these individuals be deported without the knowledge of class counsel, or should they be identified by the Government so that the parties can coordinate settlement implementation as to them? These are the issues before the Court that require the Court's immediate attention as they directly impact the ability of class members to obtain relief under the settlement. In short, without knowing

---

[2] The numbers for children are similar but less straightforward because of the various statuses for children. For purposes of this motion, the number of parents provides the Court with an understanding of the number of families that are potentially impacted.

[3] Plaintiffs have requested an additional meet and confer to seek clarification on these points, but as of the date of filing this Reply, it is Plaintiffs' understanding that the Government has not identified (and is not tracking) the population of Ms. L class members who are entitled to settlement relief but who have not submitted waiver forms.

which individuals on the class list have expedited removal orders and are entitled to relief, the Government cannot comply with the settlement agreement.

## II. The Government Cannot Evade Its Obligations Under the Settlement Agreement By Requiring Class Counsel to Determine the Election of Each Class Member Before Providing Relief.

The threshold determination for the Court, as acknowledged by the Government in its Opposition, is "what must happen to trigger the government's obligation to provide" settlement procedures. Defs.' Opp'n 4:24-25. The Government takes the position that each and every class member must submit an executed waiver form to trigger his or her right to relief under the settlement agreement. Although the Government characterizes its position as providing class members with "the opportunity to make an affirmative election whether or not to accept the rights," the Government's substantive position is that class members are not entitled to relief unless they submit forms. *Id.* at 3:13-22 (proposing "a procedure in which class counsel is responsible for determining the election of each and every settlement class member before any action is taken in his or her case").[4] Stated differently, the Government is trying to convert the agreement to a "claims-made" or "opt-in" settlement.

As explained in Plaintiffs' opening brief, those are not the terms of the settlement agreed to by the parties and approved by the Court. The settlement agreement itself triggers the Government's obligation to provide relief, unless and until class members waive that relief. Indeed, the settlement agreement expressly provides, without condition, that the Government "*will* exercise its discretionary authority to sua sponte conduct in good faith a de novo review of the credible fear

---

[4] Similarly, the Government's Opposition asks that class counsel be required to "submit the form within a specified period of time," when the settlement agreement includes no such requirement. Defs.' Opp'n 2:10-11. Instead, the plain language of both the agreement and the waiver form establishes that the Government already has an obligation to all class members, irrespective of whether or when class members make an affirmative election.

4
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

1  finding" for parent class members with expedited removal orders. Pls.' Mem. in
2  Supp., Ex. 1 at 16, Paragraph 1(d) (ECF No. 342-2) (emphasis added). Accordingly,
3  the Government's obligations have already been triggered for those class members,
4  unless they affirmatively waive the settlement procedures. This is also consistent
5  with the waiver form itself, which expressly states that "[f]ailure to return this form
6  will not be construed as a waiver of your rights under the Settlement Agreement."
7  Pls.' Mem. in Supp., Ex. 2 at 27. If execution of a waiver form were required to
8  trigger relief—as if this were a claims-made settlement and as the Government
9  advocates—then the settlement agreement and waiver form would have language
10 requiring class members to complete and return the form, and would condition relief
11 on the form. Neither the agreement nor the form do any such thing; in fact, the form
12 itself, developed with the Government's input, says precisely the opposite.

13    In the absence of any language conditioning relief on the submission of a
14 form, the Government argues that, under the agreement, class counsel are obligated
15 to obtain a signed form from each class member before the Government provides
16 settlement relief. Not so. Class counsel's obligations were to develop a process by
17 which a class member's waiver, if any, could be documented. *See* Pls.' Mem. in
18 Supp., Ex. 1 at 19-20, Paragraph 8 (class counsel "*may* identify class members who
19 wish to waive the procedures" and "will promptly develop a process for obtaining
20 and documenting such a choice") (emphasis added). By developing the waiver form
21 with input from and in collaboration with the Government, distributing it to class
22 members to the best extent possible, collecting signed forms, and sending signed
23 forms to the Government as they are received, class counsel have satisfied (and
24 continue to satisfy) their obligations under the settlement agreement with respect to
25 waiver. Thus, in the absence of a waiver, the Government must provide the relief
26 prescribed in the settlement. *See* Pls.' Mem. in Supp., Ex. 1 at 16, Paragraph 1(d)
27 (requiring the Government to "sua sponte conduct in good faith a de novo review of
28

the credible fear finding" for parent class members with expedited removal orders).

Class counsel will continue to send signed forms to the Government as they are received, but nothing in the settlement conditions a class member's right to relief on the submission of a signed form. Accordingly, Plaintiffs ask the Court to order the Government to comply with its obligations under the settlement agreement for all class members entitled to relief, unless and until it is instructed otherwise through the submission of a waiver form.

### III.   The Government Should Identify Which Individuals Are Entitled to Relief and Provide Information to Class Counsel and the Court.

Because the settlement agreement requires the Government to provide the settlement procedures to all class members (unless and until a class member waives those procedures), the Government can only fulfill its obligations if it first identifies the class members who have expedited removal orders.[5]

The Government asserts that it "has no intention of simply ignoring its obligations for an individual *who it identifies* as a settlement class member . . . ." Defs.' Opp'n 4:15-17 (emphasis added). But the Government does not say what steps it is taking to identify the class members and to ensure that it is not inadvertently deporting them. In fact, the only commitment the Government makes is that it "will not treat the failure to submit a form as waiver and simply remove the individual" *if* the class member "comes to the attention of the government . . . ." *Id.* at 5:24-6:6. The clear implication is that class members who do not "come[] to the attention of the government" are at risk of being removed even if they are entitled to relief.

---

[5] Although class counsel and the Government have been cooperating in obtaining forms from class members who have been identified, the submission of waiver forms does nothing to identify and track class members who have not submitted forms or otherwise been identified. By definition, and contrary to the Government's argument, waiver forms that are submitted on an individualized basis do not "clear[ly] and simpl[y] track[]" other class members who have not submitted forms. Defs.' Opp'n 6:13.

6
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

This is not acceptable. At a minimum, the Government's duty to provide settlement procedures to all class members necessarily requires it to identify the individuals entitled to relief. The Government cannot rely solely on the submission of forms, as if this were a claims-made settlement process.[6] That is not what the parties negotiated. Further, there may be many class members who do not receive the waiver form, do not understand the form, or do not know their immigration status. There is no reason—in either the agreement or in logic—that such individuals should be denied the negotiated relief. Moreover, class counsel lack the information needed to identify which released class members have expedited removal orders and are therefore entitled to relief; only the Government has this information. Thus, relying solely on the submission of waiver forms or on class counsel cannot be the solution. Instead, the Government must affirmatively identify class members entitled to relief using the information that it has at its disposal. That is the only way for the Government to fulfill its obligations and ensure that class members who are entitled to relief are not inadvertently deported.

Contrary to the Government's characterization in its Opposition, Plaintiffs are not asking at this stage that the Government be "required to track down potential class members . . . ." *Id.* at 4:17-18. Rather, Plaintiffs are asking that the Government be required to identify the class members entitled to relief, to confirm that those individuals will not be deported in violation of the settlement agreement, and to provide their names and last-known contact information to class counsel. The Government argues that providing this information is "onerous and unnecessary," but the Government cannot comply with the settlement agreement without it. *Id.* at 6:10-11.

---

[6] As noted in the Government's Opposition, the Government has been identifying class members in detention and asking class counsel to obtain elections from these individuals. The parties are working together on these individuals. As settlement implementation moves ahead to non-detained class members, however, it will become more difficult for the parties to identify and locate them.

7

## IV. Conclusion

Class members, by virtue of their inclusion in the settlement class, are entitled to relief without needing to satisfy any condition. They need not submit an executed waiver form to elicit or otherwise trigger relief because the settlement agreement, not the waiver form, is the source of the Government's obligations to provide the settlement procedures. As settlement implementation continues, the Government's position presents an ongoing risk that class members will face removal, in violation of the settlement, if they do not submit forms. Class counsel cannot ensure that class members are protected from removal because class counsel presently lack the ability to determine who and how many individuals have yet to receive relief. The Government, by contrast, has the ability to identify such individuals and should be required to do so.

Plaintiffs respectfully ask the Court to grant their motion and issue an Order providing as follows:

1. Class members are entitled to relief regardless of whether they submit a signed waiver form;
2. The Government shall not deport class members without providing them with relief under the settlement, absent a knowing and voluntary waiver of settlement rights pursuant to the terms of the agreement;
3. The Government shall identify class members who are entitled to settlement relief but have not submitted executed waiver forms;
4. The Government shall provide class counsel a list of such class members, including their last-known address and other contact information; and
5. The Government shall report on the status of class members who have not submitted executed waiver forms by providing the Court with the number of such class members, the number of interviews that have been provided to

1      such class members, and the results of those interviews.

February 13, 2019      **EVERSHEDS SUTHERLAND (US) LLP**

<u>/s/ Wilson G. Barmeyer</u>
Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
(202) 637-3593 (facsimile)
wilsonbarmeyer@eversheds-sutherland.com
carolmcclarnon@eversheds-sutherland.com
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
(202) 897-2622
(202) 508-1007 (facsimile)
sirine@muslimadvocates.org

Simon Y. Sandoval-Moshenberg*
Sophia Gregg*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450
(703) 778-3454 (facsimile)
simon@justice4all.org
sophia@justice4all.org

Aaron M. Olsen
Alreen Haeggquist
Haeggquist and Eck LLP
225 Broadway, Ste 2050
San Diego, CA 92101
phone: 619.342.8000

fax: 619.342.7878
aarono@haelaw.com

*Class Counsel for Parent Class*

**HOGAN LOVELLS US LLP**

*/s/ Michael Maddigan*_____
Michael Maddigan
(Cal. Bar No. 163450)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Justin W. Bernick*
Zachary W. Best*
T. Clark Weymouth*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
t.weymouth@hoganlovells.com
zachary.best@hoganlovells.com

Oliver J. Armas*
Ira M. Feinberg (Cal. Bar No. 064066)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

Katherine A. Nelson*
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

katherine.nelson@hoganlovells.com

Haley K. Costello Essig*
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102-3302
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
haley.essig@hoganlovells.com

*Class Counsel for Child Class in MMM v Sessions*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Stephen Kang*
Spencer Amdur*
Daniel Galindo
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
skang@aclu.org
samdur@aclu.org
dgalindo@aclu.org

*Class Counsel For Removed Parents*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2019.

*/s/ Wilson G. Barmeyer*
Wilson G. Barmeyer