Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
dgalindo@aclu.org

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
bvakili@aclusandiego.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
skang@aclu.org
samdur@aclu.org

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD <br><br> Date Filed: February 15, 2019 <br><br> **PLAINTIFFS' SUPPLEMENTAL REPONSE RE: OIG REPORT** |

As directed by the Court, plaintiffs file this summary of concerns raised in the January 2019 OIG Report that the government did not address in its response (Dkt. 347).[1]

Plaintiffs' primary unaddressed concern is with the 218 separations that reportedly took place *after* this Court's injunction, through December 26, 2018. OIG Report (Dkt. 344-1) at 14, 21. OIG noted that these separations are happening at "more than twice the rate that ORR observed in 2016." *Id.* at 11. The Report analyzed 118 of these separations and found:

- 69 percent of these separations were of children under 13 years old; 23 percent were of children under 5 years old;
- Some children were reported by ORR as separated on the basis of "immigration history only"; or because the adult lacked proof of legal guardianship; or with so little detail provided that OIG could not determine the reason for separation and referred these cases to HHS for explanation;
- Because DHS is providing limited information to ORR about the reasons for separations, this "may impede ORR's ability to determine the appropriate placement for a child."

*See id.* at 11-12, n.22.

The government does not address the rate of post-June 26 separations or the reasons for them, nor does it address whether separations for "immigration history only," for example, comply with the Court's injunction. *See id.* at 12 (noting the "reason for separation is pertinent to *Ms. L*" because separations are enjoined with limited exception); July 16, 2018, Hearing Transcript at 53:16-18 ("THE COURT:

---

[1] The issue of thousands of additional children separated from their parents and released from ORR care before June 26 is addressed in the pending Motion to Clarify Scope of the *Ms. L* Class (Dkt. 335).

1

Based on what I have been hearing, especially from Commander White today, that I would be making the assumption that 1325, 1326 collectively would not exclude.").

This concern is particularly salient in light of recent disclosures from the government's counsel of purported criminal exclusions from *Ms. L* — one parent was reported as excluded on the basis of a littering conviction, another for a fake ID — which raise concerns that ongoing separations may not be in compliance with the Court's orders. Plaintiffs are also hearing from advocates that the government is separating a substantial number of families, and thus there may be more than 218 post-June 26 separations. In light of the OIG Report and information from advocates on the ground, plaintiffs intend to raise with the Court the need to ensure that there are (1) clear standards for future separations by DHS, and (2) a meaningful process to ensure that families can contest separations.

Finally, as the Court is aware, in December the government reported 149 additional separated children. Most were released from ORR care after the June 26 preliminary injunction and before the government certified a list of separated children on July 11. The OIG Report found about <u>300</u> potentially separated children did not appear in the July 11 list, and were released from ORR care in the same June 26-July 11 window. OIG Report at 9-10. The difference between about 300 and 149 additional separated children is not addressed in the government's response.

Plaintiffs will confer with the government about the above issues and update the Court in future status reports.

Dated: February 15, 2019                    Respectfully Submitted,

                                             */s/Lee Gelernt*
 Bardis Vakili (SBN 247783)                  Lee Gelernt*
ACLU FOUNDATION OF SAN DIEGO                 Judy Rabinovitz*
& IMPERIAL COUNTIES                          Anand Balakrishnan*
P.O. Box 87131                               Daniel Galindo (SBN 292854)
San Diego, CA 92138-7131                     AMERICAN CIVIL LIBERTIES
T: (619) 398-4485                            UNION FOUNDATION
F: (619) 232-0036                            IMMIGRANTS' RIGHTS PROJECT

2

*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 2922080)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*samdur@aclu.org*

125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt, Esq.
Dated: February 15, 2019

4