| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General<br>SCOTT G. STEWART<br>Deputy Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>NICOLE MURLEY<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>ADAM L. BRAVERMAN<br>United States Attorney<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney<br>California Bar No. 94918<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>619-546-7125<br>619-546-7751 (fax)<br><br>*Attorneys for Federal Respondents-Defendants* | Lee Gelernt*<br>Judy Rabinovitz*<br>Anand Balakrishnan*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T:  (212) 549-2660<br>F:  (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br><br>Bardis Vakili (SBN 247783)<br>ACLU FOUNDATION OF<br>SAN DIEGO & IMPERIAL<br>COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>T: (619) 398-4485<br>F: (619) 232-0036<br>*bvakili@aclusandiego.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T:  (415) 343-1198<br>F:  (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Petitioners-Plaintiffs*<br>*\*Admitted Pro Hac Vice* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**JOINT STATUS REPORT** |

The Court ordered the parties to file a joint status report on March 6, 2019, in anticipation of the status conference scheduled at 3:00pm PST on March 7, 2019. The parties submit this joint status report in accordance with the Court's instruction.

I.  **DEFENDANTS' POSITIONS**

  A. **Update on Reunifications**

As of March 4, 2019, Defendants have discharged 2,741 of 2,816 possible children of potential class members.[1] *See* Table 1: Reunification Update. This is an increase of six discharges reported in Table 1 since the Joint Status Report (JSR)

---

[1] As explained in the data table below and in prior status reports, Defendants have determined that some children originally counted in this number are not, in fact, children of class members. Defendants continue to report this number to allow for transparency in their data reporting, and to minimize confusion.

filed on February 20, 2019. *See* ECF No. 360. All six children were discharged under other appropriate circumstances, such as discharges to appropriate sponsors or discharges of minors who turned 18 years old.

There are now four children in ORR care proceeding towards reunification or other appropriate discharge. The current status of these four children is as follows:

- One child has a parent who is in the United States, but who is unavailable because the parent is in other federal, state, or local custody. Defendants are working to appropriately discharge the child, and to identify any possible barriers to discharge, meeting and conferring with Plaintiffs where appropriate for resolution.

- Three children have parents who departed from the United States. The Steering Committee has not yet provided notice of parental intent regarding reunification (or declination of reunification) for two of these children. For the third child, the Steering Committee has advised Defendants that it is unable to obtain the parent's preference, and regards this case as resolved for its purposes. Defendants are supporting the efforts of the Steering Committee to obtain statements of intent from the parents of the first two children. Once Defendants receive the notices from the Steering Committee, Defendants will either reunify the

children or move them into the TVPRA sponsorship process, consistent with the intent of the parent.

The current reunification status for the 2,816 children ages 0 through 17 who have been the focus of Defendants' reporting to date is further summarized in Table 1. The data in Table 1 reflects approximate numbers on these children maintained by ORR at least as of March 4, 2019. These numbers are dynamic and continue to change as more reunifications, determinations on class membership, or discharges occur.

**Table 1: Reunification Update**

| **Description** | **Phase 1 (Under 5)** | **Phase 2 (5 and above)** | **Total** |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2709 | 2816 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 106 | 2635 | 2741 |
| • Children discharged by being reunified with separated parent | 82 | 2073 | 2155 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 24 | 562 | 586 |

| **Children in ORR Care, Parent in Class** | | | |
|---|---|---|---|
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 0 | 4 | 4 |
| • Parent presently outside the U.S. | 0 | 3 | 3 |
| ○ Steering Committee has advised that resolution will be delayed | 0 | 2 | 2 |
| ○ Steering Committee has advised that it is unable to obtain parental preference | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 1 | 1 |
| ○ Parent in other federal, state, or local custody | 0 | 1 | 1 |
| ○ Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 1 | 12 | 13 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 17 | 17 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 36 | 36 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 5 | 5 |

### B. Update on Removed Class Members

The current reunification status of removed class members is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least March 4, 2019. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 39 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 39 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 39 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 39 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 39 | Defs. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 36 | Pls. |
| | • Children whose parents waived reunification | 36 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |
| | • Children proceeding outside the reunification plan | 0 | Pls. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 2 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive | 0 | Defs. |

| | | | |
|---|---|---|---|
| | reunification documented by ORR | | |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children for whom the Steering Committee is unable obtain parental preference | 1 | Pls. |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | ○ Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

As discussed in the last JSR, Plaintiffs have requested that the government submit to them and to the Court a "baseline" number for removed parents. Defendants understand the "baseline" number to refer to the total number of possible class members who were removed from the United States without their children, and without being given the opportunity to elect or waive reunification in accordance with the preliminary injunction. Defendants have identified 471 such parents.[2]

---

[2] This number represents all class members whose children are reported in Table 1

Defendants reiterate that since the preliminary injunction was issued they have regularly updated the Steering Committee regarding the status of departed parents who have children remaining in ORR care, including updates and explanations about why their calculation of that number has changed over time. Defendants sent the last such update on February 21, 2019, and plan to send another update later this week.

### C. Update Regarding Government's Implementation of Settlement Agreement

**Settlement Agreement Implementation**

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| **Election Forms**[3] | Total number of executed election forms received by the Government | **344 (220 Parents/124 Children)**[4] |
| | • Number who elect to receive settlement procedures | **188 (121 Parents/67 Children)** |

---

(2,816 total) and who had departed the United States on or before June 26, 2018. Any parents of separated children referred to ORR after June 26 would have been subject to the preliminary injunction, and thus had the opportunity to elect or waive reunification.

[3] The number of election forms reported here is the number received by the Government as of March 2, 2019.

[4] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

| | | |
|---|---|---|
| | • Number who waive settlement procedures | **156 (99 Parents/57 Children)[5]** |
| **Interviews** | Total number of class members who received interviews | **138[6]** |
| | • Parents who received interviews | **72** |
| | • Children who received interviews | **66** |
| **Decisions** | Total number of CF/RF decisions issued for parents by USCIS | **65[7]** |
| | • Number of parents determined to establish CF or RF upon review by USCIS | **65[8]** |
| | • Number of parents whose CF or RF | **0** |

---

[5] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[6] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings.

[7] This number is the aggregate of the number of parents whose negative CF/RF determinations were reconsidered, the number of parents whose negative CF/RF determination was unchanged, and the number of individuals who were referred to Section 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had a Notice to Appear from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[8] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

|  |  |  |
|---|---|---|
|  | finding remains negative upon review by USCIS |  |
|  | Total number of CF decisions issued for children by USCIS | **73[9]** |
|  | • Number of children determined to establish CF by USCIS | **73[10]** |
|  | • Number of children determined not to establish CF by USCIS | **0** |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **94[11]** |

### Discrepancies in the Reported numbers of Settlement Election Forms

The parties have discussed Plaintiffs' inquiries regarding the discrepancy in the numbers of settlement election forms reported by the parties, and Defendants

---

[9] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to Section 240 proceedings without interview because of a rare language.

[10] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

[11] This number is as of March 2, 2019.

have provided an explanation to Plaintiffs as to why they believe the discrepancy exists. Plaintiffs stated that they would further review this issue and follow up with the Government. Defendants continue to notify the Plaintiffs in any case where a settlement election form is received for a non-class member.

**D. Pending Motion Regarding Released Settlement Class Members**

In accordance with the Court's February 22, 2019 order, on February 28, Defendants provided counsel for Plaintiffs with a list of settlement class members who may be subject to final removal orders. ECF No. 362 ¶ 1. Also in accordance with that order, ICE has provided guidance advising its personnel that "class members subject to the settlement agreement in this case may not be removed without first providing them with notice of the settlement and an opportunity to decide whether they wish to take advantage of the settlement procedures or waive those procedures." *Id.* ¶ 2. Counsel for Plaintiffs have informed counsel for Defendants that they are reviewing the list that Defendants provided to them, and that they intend to follow up with the government on this issue. Defendants will continue to meet and confer with Plaintiffs on this issue as appropriate.

**E. Children Awaiting Placement.**

On February 12, 2019, Plaintiffs provided Defendants a list of 22 children who Plaintiffs believed were awaiting placement with a sponsor after their parent waived reunification. On February 16, 2019, Defendants provided Plaintiffs with

information about each of these 22 children. Plaintiffs have not submitted any follow-up requests with regard to these children.

### F. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.

#### 1. *Data Requested by Plaintiffs*

Defendants have provided Plaintiffs with a report containing information regarding families separated since the Court's June 26, 2018 preliminary-injunction order. Defendants intend to provide updated reporting to Plaintiffs on a regular basis.

#### 2. *Processes and Procedures*

In the last joint status report, Defendants submitted a summary outline memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018. The outline also provided an overview of the options for separated parents and children to obtain information and assess their options for reunification. Since the last joint status report, as requested by the Court at the February 21, 2019 status conference, counsel for Defendants has also reached out to representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in further discussions regarding these processes and procedures.

On March 4, 2019, Plaintiffs and lawyers for the children's service providers sent comments and questions in response to the government's proposals. Defendants

are reviewing those comments and questions, and will continue to meet and confer with Plaintiffs on these issues.

### F. Additional Information Requests.

Plaintiffs have submitted numerous additional requests for information related to various individual class members. Defendants have been working with Plaintiffs to provide the requested information.

## II. *MS. L.* PLAINTIFFS' POSITION

### 1. Centralized Database and Procedures and Standards to Govern Further Separations

The parties are meeting and conferring on how to addressing the continuing separations.  Plaintiffs are consulting with stakeholders, including legal service providers for both parents and children.  With their input, Plaintiffs have sent the government initial responses to the outline included in the February 20 JSR.

### 2. Information Regarding Parents Separated from Children After June 26

Plaintiffs have requested additional information and clarification from the government regarding details of the post-June 26 separations.  The parties are meeting and conferring on this issue.

### 3. Steering Committee Progress

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications.  On February 21, the government reported that, as of February 14, 43 children with removed parents remained in ORR custody.[12]  The Committee has delivered

---

[12] As discussed at the October 25 Status Conference, in this Joint Status Report Plaintiffs are reporting a set of detailed numbers based only on the government's most recent list of children in ORR custody with removed parents.

preferences for the parents of 40 of those children, and those children are awaiting placement with sponsors in accordance with their parents' submitted preferences. The circumstances for the remaining three children are as follows: (i) one child's parent is seeking to return to the United States under the Settlement Agreement, (ii) the Steering Committee has been continuing efforts to regain communication with the parent of one child, and (iii) the Steering Committee has advised the government that no parental preference will be forthcoming from the parent of one child due to complex and individualized family circumstances.

The status of efforts based on the government's February 14 list of 43 children in ORR custody with removed parents appears in the table immediately below.

| | |
|---|---|
| Removed parents identified by the government to the Steering Committee as of 2/14/2019 | 43 |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | |
| Parent's final preference has been communicated to the government | 40[13] |
| • Parent has elected reunification in Country of Origin | 0 |
| • Parent has elected to waive reunification in Country of Origin | 40 |
| Total number of cases that the Steering Committee has indicated to the government should be set aside | 2 |
| • No parental preference will be forthcoming due to complex and individualized family circumstances | 1 |
| • Parent with whom the Steering Committee is continuing efforts to regain communication | 1 |
| Total number of cases where the parent seeks to return to the U.S. under the Settlement Agreement and has thus not yet made an election | 1 |

---

[13] As noted above, for one child, the Steering Committee has determined that, due to its inability to reach the removed parent, reporting the preference of the non-removed parent is appropriate.

### 1. Children Whose Parents Have Submitted Preferences Are Still Detained

On February 12, the Steering Committee provided to the government information regarding 22 children who had been in ORR custody for at least five months following the submission of a final reunification election. The government provided detailed information regarding these children on February 16, which the Steering Committee appreciates. Nine of these 22 children had been discharged to a sponsor as of February 14. The Steering Committee will continue to meet and confer with the Government regarding the remaining children.

### 2. Identifying the Population of Removed Parents

At the November 30 Status Conference, the Court requested the parties to agree upon a baseline of the total number of parents who were removed following separation from their children, so as to provide the Court with a complete accounting of the reunification process. Although the Steering Committee has conferred with the government regarding how to calculate the baseline, the government has not yet provided the proposed baseline to the Steering Committee.

With respect to the 149 additional separated children in ORR custody, identified by the government in the December 12 Joint Status Report, the information provided by the government to the ACLU and Steering Committee shows that 64 of these separated children have a parent who was removed from the United States following separation. The Steering Committee will continue to meet and confer with the government regarding this population and intends to contact these parents to ensure that their reunification preferences have been satisfied and their rights have been respected.

### III. *MMM* Plaintiffs' Positions

On February 28, 2019, per the Court's February 22, 2019 Order (ECF No. 362), the Government provided *Dora* and *M.M.M.* counsel with a list of class members with removal orders, which includes individuals with either expedited removal orders or final removal orders. The list was created as of September 24, 2018. Plaintiffs' counsel are examining the list to determine how many of the individuals on the list have provided signed settlement forms, and how many have not. The next step will be determining the best way to identify persons on the list with expedited removal orders. As the Court directed in its February 22 Order, Plaintiffs' counsel plan to meet and confer with the Government on this issue.

In addition, the parties continue to work together to implement the settlement agreement approved on November 15, 2018. Counsel for Plaintiffs are providing the government with signed waiver forms as they are received from class members (detained and released). The parties are meeting and conferring on settlement implementation issues as they arise. The parties are working together to resolve the discrepancy between the number of waiver forms submitted by class counsel and the number of forms reported by the Government. The parties are also working together to identify and resolve settlement issues for the small number of parents who are still in detention but

who have not submitted waiver forms. The parties will alert the Court of any issues that require the Court's guidance.

DATED: March 6, 2019                Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*