1  JOSEPH H. HUNT
   Assistant Attorney General
2  SCOTT G. STEWART
   Deputy Assistant Attorney General
3  WILLIAM C. PEACHEY
4  Director
   Office of Immigration Litigation
5  WILLIAM C. SILVIS
6  Assistant Director
   Office of Immigration Litigation
7  SARAH B. FABIAN
8  Senior Litigation Counsel
9  NICOLE MURLEY
   Trial Attorney
10 Office of Immigration Litigation
11 U.S. Department of Justice
   Box 868, Ben Franklin Station
12 Washington, DC 20442
13 Telephone: (202) 532-4824
   Fax: (202) 616-8962
14
15 ADAM L. BRAVERMAN
   United States Attorney
16 SAMUEL W. BETTWY
17 Assistant U.S. Attorney
   California Bar No. 94918
18 Office of the U.S. Attorney
19 880 Front Street, Room 6293
   San Diego, CA 92101-8893
20 619-546-7125
21 619-546-7751 (fax)
22
   *Attorneys for Federal Respondents-*
23 *Defendants*

   Lee Gelernt*
   Judy Rabinovitz*
   Anand Balakrishnan*
   AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
   125 Broad St., 18th Floor
   New York, NY 10004
   T:  (212) 549-2660
   F:  (212) 549-2654
   *lgelernt@aclu.org*
   *jrabinovitz@aclu.org*
   *abalakrishnan@aclu.org*

   Bardis Vakili (SBN 247783)
   ACLU FOUNDATION OF
   SAN DIEGO & IMPERIAL
   COUNTIES
   P.O. Box 87131
   San Diego, CA 92138-7131
   T: (619) 398-4485
   F: (619) 232-0036
   *bvakili@aclusandiego.org*

   Stephen B. Kang (SBN 292280)
   Spencer E. Amdur (SBN 320069)
   AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
   39 Drumm Street
   San Francisco, CA 94111
   T:  (415) 343-1198
   F:  (415) 395-0950
   *skang@aclu.org*
   *samdur@aclu.org*

   *Attorneys for Petitioners-*
   *Plaintiffs*
   *Admitted Pro Hac Vice*

24
25
26
27
28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

            Petitioners-Plaintiffs,

  vs.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et
al.,

          Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report ("JSR") on March 27, 2019, in anticipation of the status conference scheduled at 1:00pm PST on March 28, 2019. The parties submit this joint status report in accordance with the Court's instruction.

## I.     DEFENDANTS' POSITIONS

### A. Update on Reunifications

As of March 25, 2019, Defendants have discharged 2,749 of 2,814[1] possible children of potential class members. *See* Table 1: Reunification Update. This is an

---

[1] Since the last JSR, ORR discovered that two separated children it previously reported as possible children of potential class members in ORR care on June 26, 2018 were in fact referred to its care in July 2018. As a result, the true count of such children was 2,814, not 2,816 as previously reported. The two miscounted children, who have both been discharged from ORR care, will be added to the count of new, post-June 26, 2018 separations reported to Plaintiffs. Notwithstanding this correction, this JSR describes updates in reference to the numbers reported on March 6, 2019.

increase of eight discharges reported in Table 1 since the JSR filed on March 6, 2019. *See* ECF No. 382. Four of the eight children were discharged by being reunified with their separated parent; and the remaining four were discharged under other appropriate circumstances, such as discharges to other appropriate sponsors.

Table 1 shows that, as of the date that the table was generated, there were five children in ORR care proceeding towards reunification or other appropriate discharge. Since the table was generated, however, one of these five children was reunified with his separated parent earlier this week.[2] This reunification occurred after Defendants generated the data for this report, and will be reflected in the next JSR. The current status of the four remaining children is as follows:

- One child has a parent who is in the United States, but who is unavailable because the parent is in other federal, state, or local custody. Defendants are working to appropriately discharge the child, and to identify any possible barriers to discharge, meeting and conferring with Plaintiffs where appropriate for resolution. The other child was reunified with his separated parent earlier this week

- Three children have parents who departed from the United States. The Steering Committee has not yet provided notice of parental intent regarding reunification (or declination of reunification) for two of these

---

[2] The child is reflected in Table 1 as having a parent presently in the United States.

children. For the third child, the Steering Committee has advised Defendants that it is unable to obtain the parent's preference, and regards this case as resolved for its purposes. Defendants are supporting the efforts of the Steering Committee to obtain statements of intent from the parents of the first two children. Once Defendants receive the notices from the Steering Committee, Defendants will either reunify the children or move them into the TVPRA sponsorship process, consistent with the intent of the parent.[3]

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2707 | 2814 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 106 | 2643 | 2749 |
| • Children discharged by being reunified with separated parent | 82 | 2077 | 2159 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 24 | 566 | 590 |

[3] After generating this report, Defendants received notice from the Steering Committee that it will not be submitting an indication of parental preference with respect to another parent, and plans to report the case as resolved. This update will be reflected in the next JSR, and in Defendants' separate report to Plaintiffs this week.

| Children in ORR Care, Parent in Class | | | |
|---|---|---|---|
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 0 | 5 | 5 |
| • Parent presently outside the U.S. | 0 | 3 | 3 |
| o Steering Committee has advised that resolution will be delayed | 0 | 2 | 2 |
| o Steering Committee could not obtain parental preference | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 2 | 2 |
| o Parent in other federal, state, or local custody | 0 | 1 | 1 |
| o Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| Children in ORR Care, Parent out of Class | | | |
| Children in care where further review shows they were not separated from parents by DHS | 1 | 10 | 11 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 16 | 16 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 30 | 30 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 3 | 3 |

**B. Update on Removed Class Members**

The current reunification status of removed class members is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least March 25, 2019. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 33 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 33 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 33 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 33 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 33 | Defs. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 30 | Pls. |
| | • Children whose parents waived reunification | 30 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |
| | • Children proceeding outside the reunification plan | 0 | Pls. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 2 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive | 0 | Defs. |

| | | | |
|---|---|---|---|
| | reunification documented by ORR | | |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children whose parents steering committee could not obtain parental preference | 1 | PIs |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | ○ Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

6

## C. Update Regarding Government's Implementation of Settlement Agreement

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| Election Forms[4] | Total number of executed election forms received by the Government | 347 (222 Parents/125 Children)[5] |
| | • Number who elect to receive settlement procedures | 190 (122 Parents/68 Children) |
| | • Number who waive settlement procedures | 157 (100 Parents/57 Children)[6] |
| Interviews | Total number of class members who received interviews | 139[7] |
| | • Parents who received interviews | 73 |
| | • Children who received interviews | 66 |
| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | 66[8] |

[4] The number of election forms reported here is the number received by the Government as of March 18, 2019.

[5] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[6] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[7] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings.

[8] This number is the aggregate of the number of parents whose negative CFI/RFI determinations were reconsidered, number of parents whose negative CFI/RFI determination was unchanged, and individuals who were referred to 240 proceedings without interview because of a rare language.

| | | |
|---|---|---|
| | • Number of parents determined to establish CF or RF upon review by USCIS | **66[9]** |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | **0** |
| | Total number of CFI decisions issued for children by USCIS | **73[10]** |
| | • Number of children determined to establish CF by USCIS | **73[11]** |
| | • Number of children determined not to establish CF by USCIS | **0** |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **99 Parents[12]** |

This number excludes 12 cases where a parent already had an NTA from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[9] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[10] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[11] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

[12] This number is as of March 23, 2019.

**D. March 8, 2019 Order Regarding Class Definition**

On March 19, 2019, the parties met and conferred regarding the Court's March 8, 2019 order expanding the class definition in this case. In that call, Plaintiffs requested that Defendants provide an accounting of the members of the expanded class along with any known contact information for class members. Also during that call, Plaintiffs agreed, in response to a request from Defendants, that Plaintiffs will inform Defendants right away if Plaintiffs become aware of any members of the expanded class who has no contact with their separated child. Plaintiffs stated that they are not aware of any parent in this situation.

Both in advance of that call, and in response to the parties' discussions, Defendants have continued to discuss internally the best way to most quickly and efficiently identify members of the expanded class. Defendants intend to hold another call with Plaintiffs on this issue next week, and Defendants ask that the Court allow the parties to continue to meet and confer on this issue, as well as the question of what, if any, relief should be provided to this expanded class and/or whether briefing is necessary to resolve this issue. Defendants propose that they will submit a proposal to the Court with regard to next steps on or before April 5, 2019.

**E. Pending Motion Regarding Released Settlement Class Members**

Defendants provided Plaintiffs with the requested list of individuals who potentially had final orders of expedited removal on February 28, 2019. Plaintiffs

sent a follow-up inquiry regarding this list of individuals on March 23, 2019, and the parties met and conferred by phone on March 27, 2019. The parties will continue to meet and confer on this issue in the hopes that it can be resolved without further involvement of the Court.

**F.  Children Awaiting Placement.**

On February 12, 2019, Plaintiffs provided Defendants a list of 22 children who Plaintiffs believed were awaiting placement with a sponsor after their parent waived reunification. On February 16, 2019, Defendants provided Plaintiffs with information about each of these 22 children. Plaintiffs have not submitted any follow-up requests with regard to these children.

**G. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.**

*1.  Data Requested by Plaintiffs*

Defendants have provided Plaintiffs with a report containing information regarding parents and children separated since the Court's June 26, 2018 preliminary-injunction order. Defendants intend to provide another update to Plaintiffs by Friday April 5, 2019.

*2.  Processes and Procedures*

Defendants have provided a summary outline memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018. The outline also included an overview

10                                               18cv428 DMS MDD

of the options for separated parents and children to obtain information about reunification options. Defendants also have reached out to representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in discussions regarding these processes and procedures.

On March 4, 2019, Plaintiffs and lawyers for the children's legal service providers sent comments and questions in response to the government's proposals. Defendants are reviewing those comments and questions, and will provide further information to Plaintiffs and the legal service providers soon in response to their inquiries. Defendants will also provide the Court with an update in the next joint status report.

### H. Additional Information Requests.

Plaintiffs have submitted numerous additional requests for information related to various individual class members. Defendants have been working with Plaintiffs to provide the requested information.

## II. *MS. L.* PLAINTIFFS' POSITION

**1.** **Relief For Expanded Class Pursuant to This Court's March 8 Order.**

Plaintiffs' aim is to ensure that every separated family has the opportunity to reunite. At this stage, Plaintiffs request that the government identify the families whom it separated on or after July 1, 2017 whose children were released from ORR before June 26, 2018.  The government must provide this list to class counsel, along with information in the agencies' possession as to the parent and

child's location and contact information. Once Plaintiffs are in possession of this information, they will work with advocacy partners to create a steering committee—similar to the Deported Parents Steering Committee—that can use the information to locate, communicate with, and counsel the families regarding their reunification options. Plaintiffs are willing to work with the Court and Defendants to develop ultimate timelines to identify Class members but believe the government must start the process immediately given how long these children were separated.

The parties met and conferred on March 19, 2019, and Plaintiffs informed Defendants of this position.

**2.     Centralized Database and Procedures and Standards to Govern Further Separations**

The parties are meeting and conferring on how to address the continuing separations.  Plaintiffs have sent the government initial responses to the outline included in the February 20 JSR.

**3.     Information Regarding Parents Separated from Children After June 26**

Plaintiffs have requested additional information and clarification from the government regarding the bases for the post-June 26 separations.  These requests include that the government identify the criminal history it relied upon for some parents; that the government provide further details of the criminal history it identified for other parents; and that the government elaborate on separations explained only as being for "other" reasons. The parties are meeting and conferring on this issue.

**4.     Steering Committee Progress**

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications.  On March 8, the government reported that, as of March 4, 39 children with removed parents

remained in ORR custody.[13]  The Committee has delivered preferences for the parents of 36 of those children, and those children are awaiting placement with sponsors in accordance with their parents' submitted preferences.  The circumstances for the remaining three children are as follows: (i) one child's parent is seeking to return to the United States under the Settlement Agreement, and (ii) the Steering Committee has advised the government that no parental preference will be forthcoming from the parents of the other two children due to complex and individualized family circumstances.

The status of efforts based on the government's March 4 list of 39 children in ORR custody with removed parents appears in the table immediately below.

| Removed parents identified by the government to the Steering Committee as of 3/4/2019 | 39 |
|---|---|
|  |  |
| Parent's final preference has been communicated to the government | 36[14] |
| • Parent has elected reunification in Country of Origin | 0 |
| • Parent has elected to waive reunification in Country of Origin | 36 |
| Total number of cases that the Steering Committee has indicated to the government should be set aside | 2 |
| • No parental preference will be forthcoming due to complex and individualized family circumstances | 2 |
| Total number of cases where the parent seeks to return to the U.S. | 1 |

[13]  As discussed at the October 25 Status Conference, in this Joint Status Report Plaintiffs are reporting a set of detailed numbers based only on the government's most recent list of children in ORR custody with removed parents.

[14]  The Steering Committee determined that for one child it was appropriate to report the preference of a non-removed parent because the Steering Committee was unable to reach the removed parent.

| under the Settlement Agreement and has thus not yet made an election | |
|---|---|

### E. Children Whose Parents Have Submitted Preferences and Are Still Detained

On February 12, the Steering Committee provided to the government information regarding 22 children who had been in ORR custody for at least five months following the submission of a final reunification election. The government provided detailed information regarding these children on February 16, which the Steering Committee appreciates. According to the government's March 4 data, 12 of these 22 children had then been discharged to a sponsor. The Steering Committee will continue to meet and confer with the Government regarding the remaining children.

### III. *MMM* Plaintiffs' Position

As reported in the prior JSR, and per the Court's February 22, 2019 Order (ECF No. 362), the Government provided *Dora* and *M.M.M.* counsel with a list of class members with removal orders, which includes individuals with either expedited removal orders or final removal orders. Plaintiffs' counsel have examined the list to determine how many of the individuals on the list have provided signed settlement forms, and have reached the preliminary conclusion (subject to further meet and confer with the Government) that less than 25% of the individuals on the list have submitted forms. Plaintiffs' counsel have also done preliminary research to determine whether any of the individuals on the list are currently in removal

proceedings.  The parties met and conferred on this issue today (March 27), and plan to continue to exchange information and discuss appropriate next steps, including the best way to identify class members who may be in need of settlement relief.

The parties have also agreed to a proposed amendment to the Court's protective order in Ms. L to clarify and confirm that protected information can be used for purposes of settlement implementation, which will be important as Plaintiff's counsel continue outreach to settlement class members.  A joint motion will be filed shortly.

In addition, the parties continue to work together to implement the settlement agreement approved on November 15, 2018.  Counsel for Plaintiffs are providing the government with signed waiver forms as they are received from class members (detained and released).  The parties are meeting and conferring on settlement implementation issues as they arise, and are working together to resolve (among other issues) the discrepancy between the number of waiver forms submitted by class counsel and the number of forms reported by the Government.  The parties will alert the Court of any issues that require the Court's guidance.

DATED: March 27, 2019                    Respectfully submitted,

                                          /s/ Lee Gelernt
                                          Lee Gelernt*
                                          Judy Rabinovitz*

18cv428 DMS MDD

1   Anand Balakrishnan*
2   AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
3   125 Broad St., 18th Floor
    New York, NY 10004
4   T:  (212) 549-2660
5   F:  (212) 549-2654
    *lgelernt@aclu.org*
6   *jrabinovitz@aclu.org*
7   *abalakrishnan@aclu.org*

8   Bardis Vakili (SBN 247783)
9   ACLU FOUNDATION OF SAN DIEGO
    & IMPERIAL COUNTIES
10  P.O. Box 87131
    San Diego, CA 92138-7131
11  T: (619) 398-4485
12  F: (619) 232-0036
    *bvakili@aclusandiego.org*
13

14  Stephen B. Kang (SBN 292280)
    Spencer E. Amdur (SBN 320069)
15  AMERICAN CIVIL LIBERTIES UNION
16  FOUNDATION
    39 Drumm Street
17  San Francisco, CA 94111
18  T:  (415) 343-1198
    F:  (415) 395-0950
19  *skang@aclu.org*
20  *samdur@aclu.org*

21
    *Attorneys for Petitioners-Plaintiffs*
22          *Admitted Pro Hac Vice*
23

24  JOSEPH H. HUNT
    Assistant Attorney General
25  SCOTT G. STEWART
26  Deputy Assistant Attorney General
    WILLIAM C. PEACHEY
27
28

16                          18cv428 DMS MDD

Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*