Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
dgalindo@aclu.org

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
bvakili@aclusandiego.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
skang@aclu.org
samdur@aclu.org

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD <br><br> Date Filed: April 25, 2019 <br><br> **PLAINTIFFS' STATUS REPORT REGARDING THE PLAN TO IDENTIFY EXPANDED CLASS MEMBERS** |

The parties and their experts met on Monday, April 24 to discuss the identification of Class Members whose children were released before June 26, 2018. Plaintiffs propose the following:

1. The government continues to agree that it can and will produce information concerning any members of the expanded Class on a rolling basis.

2. The government can undertake manual review of files while the statistical model is being designed and implemented. Commander White agreed with this approach at Monday's meeting.

For example, Defendants should be able to provide a list of families separated from April 19, 2018 to June 26, 2018, and whose children were released during this time. The GAO Report published in November 2018 indicates that DHS began tracking separated families on a more systematic basis after April 19 via databases or other methods. *See* Dkt. 397 at 4 (discussing GAO Report). Commander White agreed that these cases can be reviewed immediately has stated that he has begun the work to do so. Plaintiffs believe this list should be provided within two weeks.

3. Defendants should provide monthly reports to the Court that provide the Court and Plaintiffs with a clear sense of the progress they are making, including such information as whether the statistical model is working; whether Commander White has been able to obtain the staff and resources needed; how many cases the government has been able to review; and whether the government is encountering significant obstacles.

4. Most importantly, the identification process should go much faster than the one-to-two-year period that Defendants initially proposed, given what is at stake. It would be highly unfortunate if these families had not yet been identified 12 months from now.

Plaintiffs continue to believe that the 3-month period they proposed is realistic, if the matter is treated with the same urgency that the initial reunifications were

1

treated. In the interest of compromise, however, Plaintiffs propose that Defendants substantially complete the identification process within three to six months. Commander White stated at Monday's meeting that he hoped the task could be completed in far less than 12-24 months and closer to the 3-6 month timeframe proposed by Plaintiffs. Defendants have nonetheless stated that they do not agree to a fixed deadline and want to maintain the 12-24 month timeframe.

Plaintiffs believe that the firm 14 and 30-day deadlines set by the Court during the initial post-June 26 reunification process was critical to the completion of that task, and that had Defendants instead been able to propose their own time frame, the task would have taken <u>considerably</u> longer. Indeed, there can be little doubt that Defendants would not have placed themselves under those 14 and 30-day deadlines.

Accordingly, Plaintiffs respectfully request that the Court set a firm deadline of 6 months, but also urge Commander White to finish the task well before 6 months. If, however, the Court is not inclined at this point to set a firm deadline, Plaintiffs strongly urge the Court to reject the 12-24 month framework and set a goal for Defendants of 3-6 months. And if the Court takes this latter approach of setting goals rather than a firm deadline, Plaintiffs believe it is essential that Defendants alert the Court in its monthly reports whether it believes it will need significantly more than 6 months, so that the parties and Court can convene again to explore quicker alternative ways of accomplishing this task.

2

Dated: April 25, 2019

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 2922080)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*samdur@aclu.org*

Respectfully Submitted,

*/s/Lee Gelernt*
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt, Esq.
Dated: April 25, 2019