JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, *et al,*, <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al, <br><br> Respondents-Defendants. | Case No. 3:18-cv-0428 DMS MDD <br><br> **DEFENDANTS' STATUS REPORT RE: EXPANDED *MS. L* CLASS IDENTIFICATION PLAN** |

Defendants submit this status report on their Expanded *Ms. L.* Class Identification Plan. Defendants appreciate the Court's observations about the Plan and the opportunity to respond to those observations. To that end, Defendants have attached two declarations to aid the Court by addressing: (1) Plaintiffs' April 15 filing about the Plan, ECF No. 397; (2) the Court's observations and questions about the Plan, made at the April 16 status conference; and (3) a meeting about the Plan held between the parties on April 22, which included (among other agency representatives) Commander Jonathan White (HHS's operational lead for the Plan) and Jay Visconti (CBP's operational lead for the Plan). Among other things, the attached declarations serve to highlight the following points:

- **Timeline for Completion**: Commander White believes that the Plan proposed by the government will identify the vast majority of the expanded *Ms. L* class members **within 6 months**. Commander White cannot be certain of this, however, because the Plan rests on a new process that he has not previously conducted or tested and because unknown variables could cause the process to take longer if certain variables do not proceed as Commander White anticipates. Thus, the 1-2 year timeframe noted in the government's plan serves as a cautious outside estimate that applies only if the variables developed by Commander White to speed up the process do not proceed as he expects that they should. A hard deadline is accordingly inapt in this circumstance, particularly because the Plan relies on the assessment and expertise of an operational lead—Commander White—who has been unable to pin down a deadline with certainty but who has repeatedly demonstrated to this Court strong results, good faith, and great dispatch. Defendants thus propose that, rather than setting a hard deadline, Defendants would submit a status report every 30 days informing the Court about the status of the Plan and its execution, based on the reports of Commander White. If, upon reviewing these reports, the Court believes that a deadline or different approach is warranted, the Court can make that judgment based on the information before it at that time.

- **Review of Portal vs. Paper Files**: Review of the UAC Portal, as opposed to paper files, is the fastest and most efficient way to proceed with this review. The UAC Portal contains information that is electronically input from a variety of sources, including from DHS, as well as pdf documents from the case manager's paper files that are uploaded into the portal. The data and documents in the UAC Portal include all sources of information held by HHS that are most likely to answer the question of whether any minor was separated from a parent. Moreover, the UAC Portal is a database that can immediately be reviewed by contract reviewers working together in a centralized location under the oversight of Commander White as soon as the contract for hiring those reviewers is finalized and Commander White can train them regarding the review process. Conversely, case manager paper files are scattered among more than 100 locations and would need to be located and shipped to a centralized location, and they also are not likely to contain all of the information that would inform a reviewer about whether a child was separated from a parent.

- **April–June 2018 List**: Plaintiffs have stated that they believe that a list exists of children separated between April and June 2018 that has already been reconciled between DHS and HHS. Defendants have inquired extensively about such a list, but have not located any list that meets the description of the list provided by Plaintiffs at the parties' meeting. Moreover, if any such list existed that had been reconciled between CBP and HHS, then Jay Visconti and Commander White likely would be aware of that list. In any event, the government's Plan includes the use of separation data kept by CBP for the time period from April through June 2018. Initial lists reflecting that data have already been sent from CBP to HHS. As discussed below, HHS intends to use this information as part of its first wave of file review in the UAC Portal. Defendants hope that this information and these efforts put to rest any concern about an April–June 2018 list.

- **Defendants Will Review Files During the Initial 12-Week Plan Period**: As the Court is aware, Commander White estimates that it will take approximately 12 weeks to develop its statistical prediction model and apply it to the approximately 47,000 relevant records. Defendants assure the Court that they will review files in the UAC Portal during that 12-week period—that review will not be delayed by any "ramp up" period. In particular, during that 12-week period, Defendants will undertake UAC portal case-file review with prioritized groups of files—such as those identified by the CBP data from the April to June 2018 time period and unofficial ORR lists

that were kept during the relevant time period. The government anticipates that this initial case file review effort will be underway within 10 days.

- **Defendants Will Review DHS Files, Not Just HHS Files**: Plaintiffs have said that the Plan should include review of DHS files. Defendants agree—and indeed, review of DHS files has always been part of the government's Plan. On a regular basis, CBP will receive information from HHS about children whose file revealed some indicia of separation. CBP will then search its electronic systems of record to determine whether there is a record of the child being encountered with a parent, whether there is a record of the child being separated from that parent, and the reason for such a separation. CBP will send relevant information about the parent and the reason for the separation to both HHS and ICE for further review and an ultimate determination of class membership. Once this coordinated review has been completed and a determination of class membership has been made, the government intends to provide the lists of potential expanded class members to Plaintiffs on a rolling basis.

Commander White and Jay Visconti will both be present at today's hearing. Defendants intend to provide information about the government's Plan, expand on the matters described above, and respond to any questions the Court may have.

///

///

///

| | | |
|---|---|---|
| 1 | DATED: April 25, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | ` | JOSEPH H. HUNT<br>Assistant Attorney General |
| 4 | | |
| 5 | | SCOTT G. STEWART<br>Deputy Assistant Attorney General |
| 6 | | |
| 7 | | WILLIAM C. PEACHEY<br>Director |
| 8 | | |
| 9 | | WILLIAM C. SILVIS<br>Assistant Director |
| 10 | | |
| 11 | | */s/ Sarah B. Fabian*<br>SARAH B. FABIAN |
| 12 | | Senior Litigation Counsel |
| 13 | | Office of Immigration Litigation<br>Civil Division |
| 14 | | U.S. Department of Justice |
| 15 | | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |
| 16 | | 202-532-4824 |
| 17 | | (202) 305-7000 (facsimile)<br>Sarah.B.Fabian@usdoj.gov |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying brief on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 25, 2019        *s/ Sarah B. Fabian*
                             Sarah B. Fabian