JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

              Petitioners-Plaintiffs,

   vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

          Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report ("JSR") by 3:00pm on May 7, 2019, in anticipation of the status conference scheduled at 1:00pm on May 8, 2019. The parties submit this joint status report in accordance with the Court's instruction.

# I.  DEFENDANTS' POSITIONS

## A. Update on Reunifications for the Original Class Period

As of May 6, 2019, Defendants have discharged 2,766 of 2,814 possible children of potential class members for the original class period. That is, Defendants have discharged 2,766 of the 2,814 possible children of potential class members who were in the care of the Office of Refugee Resettlement (ORR) as of June 26, 2018. *See* Table 1: Reunification Update. This is an increase of seven discharges reported in Table 1 since the JSR filed on April 12, 2019. *See* ECF No. 396. Four of the seven

children were reunified with the separated parent; the remaining three were discharged under other appropriate circumstances, such as discharges to other appropriate sponsors.

Currently, there is one child of a class member from the original class period who remains in ORR care and is proceeding towards reunification or other appropriate discharge. This child has a parent who departed from the United States, but the Steering Committee has advised that resolution of parental preference will be delayed. Defendants are supporting the efforts of the Steering Committee to obtain a statement of intent from the parent. Once Defendants receive notice from the Steering Committee, Defendants will either reunify the child or move him into the TVPRA sponsorship process, consistent with the intent of the parent.

The current reunification status for the 2,814 children ages 0 through 17 for the original class period, who have been the focus of Defendants' reporting to date, is further summarized in Table 1. The data in Table 1 reflects approximate numbers on these children maintained by ORR at least as of May 6, 2019. These numbers are dynamic and continue to change as more reunifications, determinations on class membership, or discharges occur.

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2707 | 2814 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 106 | 2660 | 2766 |
| • Children discharged by being reunified with separated parent | 82 | 2084 | 2166 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 24 | 576 | 600 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 0 | 1 | 1 |
| • Parent presently outside the U.S. | 0 | 1 | 1 |
| ○ Steering Committee has advised that resolution will be delayed | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 0 | 0 |
| ○ Parent in other federal, state, or local custody | 0 | 0 | 0 |
| ○ Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 1 | 8 | 9 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 15 | 15 |
| Children in care with parent presently departed from the U.S. whose intent not to reunify has been confirmed by the ACLU | 0 | 21 | 21 |
| Children in care with parent in the U.S. who has indicated an intent not to reunify | 0 | 1 | 1 |
| Children in care for whom the Steering Committee could not obtain parental preference | 0 | 1 | 1 |

**B. Update on Removed Class Members for the Original Class Period**

The current reunification status of removed class members for the original class period is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least May 6, 2019. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 23 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 23 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 23 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 23 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 23 | Defs. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 21 | Pls. |
| | • Children whose parents waived reunification | 21 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |

4

18cv428 DMS MDD

| | | | |
|---|---|---|---|
| | • Children proceeding outside the reunification plan | 0 | Pls. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 1 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive reunification documented by ORR | 0 | Defs. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children whose parents steering committee could not obtain parental preference | 1 | PIs |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | ○ Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

5

## C. Update Regarding Government's Implementation of Settlement Agreement

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| Election Forms[1] | Total number of executed election forms received by the Government | 353 (225 Parents/128 Children)[2] |
| | • Number who elect to receive settlement procedures | 195 (124 Parents/71 Children) |
| | • Number who waive settlement procedures | 158 (101 Parents/57 Children)[3] |
| Interviews | Total number of class members who received interviews | 139[4] |
| | • Parents who received interviews | 73 |
| | • Children who received interviews | 66 |
| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | 66[5] |

[1] The number of election forms reported here is the number received by the Government as of April 30, 2019.

[2] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[3] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[4] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings.

[5] This number is the aggregate of the number of parents whose negative CFI/RFI determinations were reconsidered, number of parents whose negative CFI/RFI determination was unchanged, and individuals who were referred to 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had an NTA from ICE or was already

| | | |
|---|---|---|
| | • Number of parents determined to establish CF or RF upon review by USCIS | **66[6]** |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | **0** |
| | Total number of CFI decisions issued for children by USCIS | **73[7]** |
| | • Number of children determined to establish CF by USCIS | **73[8]** |
| | • Number of children determined not to establish CF by USCIS | **0** |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **100 Parents[9]** |

ordered removed by an IJ (which are included in the interview totals).

[6] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[7] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[8] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

[9] This number is as of April 27, 2019.

**D. Parents Who ICE Records Reflect Have Absconded After Being Released**

| Absconders | Number of Parents who absconded from enrollment in ATD (Alternatives To Detention) | 153[10] |
|---|---|---|

**E. March 8, 2019 Order Regarding Class Definition**

On April 25, 2019, the Court approved Defendants' Plan for identifying members of the expanded class, and ordered the parties to provide a status report regarding implementation of this plan on May 16, 2019, ECF No. 405.  In accordance with that order Defendants will separately update the Court regarding Plan implementation in the May 16 status report.

**F. Pending Motion Regarding Released Settlement Class Members**

The parties met and conferred regarding this issue on March 27, 2019. On April 3, 2019, Plaintiffs sent a list of questions regarding the information provided by Defendants. Defendants responded to these inquiries on April 12, 2019. Plaintiffs sent some follow up inquiries regarding the information provided by Defendants on May 3, 2019, and the parties spoke again on May 6, 2019 regarding these inquiries. Defendants are following up on a couple of issues discussed on that call, but

---

[10] Data from time period of May 4, 2018 to April 30, 2019.

18cv428 DMS MDD

otherwise understand that Plaintiffs are satisfied with the information that Defendants have provided and have no further requests at this time.

**G. Children Awaiting Placement.**

On April 3, 2019, Plaintiffs sent an email requesting information regarding the status of 17 children who remain in ORR custody, and whose parents were removed and waived reunification. Defendants provided information in response to this inquiry in the last JSR, and also concurrently provided additional information to Plaintiffs. Defendants have received no further inquiries on this topic and believe the matter to be resolved.

**H. Settlement Agreement Related to Removed Parents.**

In the April 12, 2019 JSR, Plaintiffs stated that they "expect[ed] that [this] issue will need to be addressed in the next JSR and status conference." Despite this statement, Plaintiffs have not raised the issue with Defendants in advance of this filing. If Plaintiffs make any assertions about this issue in this JSR, at tomorrow's status conference Defendants will be prepared to propose how the Court should proceed.

## I. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.

### 1. *Data Requested by Plaintiffs*

Defendants will provide Plaintiffs updated reports containing information regarding parents and children separated since the Court's June 26, 2018 preliminary-injunction order on the Friday following the filing of each JSR.

### 2. *Processes and Procedures*

Defendants have provided a summary outline memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018. The outline also included an overview of the options for separated parents and children to obtain information about reunification options. Defendants also have reached out to representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in discussions regarding these processes and procedures.

On March 4, 2019, Plaintiffs and lawyers for the children's legal service providers sent comments and questions in response to the government's proposals. Defendants have reviewed those comments and questions, and the parties met and conferred on April 15, 2019, regarding those inquiries. Defendants have received no follow-up comments or inquiries from Plaintiffs since that meet and confer.

II.   *MS. L.* PLAINTIFFS' POSITION

1.   **Centralized Database and Procedures and Standards to Govern Further Separations**

The parties continue to meet and confer on how to address the continuing separations.

2.   **Deported Parents and Settlement**

The parties continue to confer on this issue.  Plaintiffs expect, however, that the issue will need to be addressed in the next JSR.

3.   **Information Regarding Parents Separated from Children After June 26**

Plaintiffs have requested rolling disclosures of separations, as the last government disclosure, on April 12, included only separations between June 26, 2018 and March 16, 2019. The parties continue to meet and confer on this issue, and on the level of detail that the government discloses for the basis of a separation.

4.   **Additional Information Requests**

Plaintiffs have made requests for additional information about class members, including as to parents who have been treated as if they were class members while in ICE detention (e.g., the government identifies them as having "waived reunification") but who have yet to appear on class lists. The parties continue to meet and confer on these issues.

5.   **Steering Committee Progress**

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications.  On April 12, the government reported that, as of April 11, 30 children with removed parents remained in ORR custody.  The Committee has advised the government that no preference will be forthcoming for one of those parents due to complex and individualized family circumstances, leaving 29 children with removed parents in

the operative group. The Committee has delivered preferences for the parents of 28 of those children.  The parent of the remaining child is seeking to return to the United States under the Settlement Agreement, and the Steering Committee has advised the government that the delivery of a parental reunification election in this case will therefore be delayed.

The status of efforts based on the operative group of 29 children in ORR custody with removed parents appears in the table immediately below.[11]

| | |
|---|---|
| Removed parents identified by the government to the Steering Committee as of 4/12/2019 | 29 |
| <span style="background:black"> </span> | |
| Parent's final preference has been communicated to the government | 28[12] |
| • Parent has elected reunification in Country of Origin | 0 |
| • Parent has elected to waive reunification in Country of Origin | 28 |
| Total number of cases where the parent seeks to return to the U.S. | 1 |

## F. Children Whose Parents Have Submitted Preferences and Are Still Detained

On February 12, the Steering Committee provided to the government information regarding 22 children who had been in ORR custody for at least five

---

[11]   As discussed at the October 25 Status Conference, Plaintiffs are reporting a set of detailed numbers based on the government's most recent list of children in ORR custody with removed parents.  The numbers presented in this Joint Status Report are based on the numbers provided by the government in the April 12 Joint Status Report, excluding the one child for which no preference will be forthcoming.

[12]   The Steering Committee determined that for one child it was appropriate to report the preference of a non-removed parent because the Steering Committee was unable to reach the removed parent.

months following the submission of a final reunification election.  The government provided detailed information regarding these children most recently on April 12, which the Steering Committee appreciates.  According to the government's April 12 data, 13 children in ORR custody as of that date remained separated from their parents for more than six months following the submission of a final reunification election, with seven children having been in ORR custody for more than eight months following the submission of a final reunification election.  The Steering Committee will continue to meet and confer with the Government regarding the remaining children.

III.     ***MMM-Dora* Plaintiffs' Report Regarding Settlement Implementation**

The parties continue to work together to implement the settlement agreement approved on November 15, 2018. Counsel for Plaintiffs are providing the government with signed waiver forms as they are received from class members. The parties are meeting and conferring on settlement implementation issues as they arise (including a productive meeting earlier this week), and are working together to resolve various issues regarding implementation, interviews for class members, statistical reporting, and various individualized issues as they arise. The parties will alert the Court of any issues that require the Court's guidance.

As reported in the prior JSR, and per the Court's February 22, 2019 Order (ECF No. 362), the Government provided *Dora* and *M.M.M.* counsel with a list of

class members with removal orders, which includes individuals with either expedited removal orders or final removal orders. The parties are continuing to meet and confer about the data and the best way to identify class members who may be in need of settlement relief. The Government has recently provided Plaintiff's counsel with additional address information to facilitate outreach to class members.

DATED: May 7, 2019                    Respectfully submitted,

                                      /s/ Lee Gelernt
                                      Lee Gelernt*
                                      Judy Rabinovitz*
                                      Anand Balakrishnan*
                                      AMERICAN CIVIL LIBERTIES UNION
                                      FOUNDATION
                                      125 Broad St., 18th Floor
                                      New York, NY 10004
                                      T:  (212) 549-2660
                                      F:  (212) 549-2654
                                      *lgelernt@aclu.org*
                                      *jrabinovitz@aclu.org*
                                      *abalakrishnan@aclu.org*

                                      Bardis Vakili (SBN 247783)
                                      ACLU FOUNDATION OF SAN DIEGO
                                      & IMPERIAL COUNTIES
                                      P.O. Box 87131
                                      San Diego, CA 92138-7131
                                      T: (619) 398-4485
                                      F: (619) 232-0036
                                      *bvakili@aclusandiego.org*

                                      Stephen B. Kang (SBN 292280)
                                      Spencer E. Amdur (SBN 320069)
                                      AMERICAN CIVIL LIBERTIES UNION
                                      FOUNDATION
                                      39 Drumm Street

San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*


JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*