# Ex. A

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Dan Galindo
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

*Attorneys for Petitioner-Plaintiff*
*\*Admitted Pro Hac Vice*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*samdur@aclu.org*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>*Petitioners-Plaintiffs*,<br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.,<br><br>*Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: June 6, 2019<br><br>**DECLARATION OF STEVEN C. HERZOG** |

1.  I make this declaration based on my personal knowledge except where I have indicated otherwise. If called as a witness, I would testify competently and truthfully to these matters.

2.  I am a licensed attorney in the State of New York, and am over the age of 18.

3.  I am Counsel at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), where I maintain a practice in a broad range of areas of civil litigation, with an emphasis on antitrust, intellectual property, corporate governance, securities and other complex commercial matters. Throughout my career, I have also always maintained a substantial pro bono practice.

4.  In August of 2018, Paul, Weiss was asked by the American Civil Liberties Union ("ACLU") to head the Ms. L Steering Committee. Since that time, I have led the Paul, Weiss effort, supervising a team of attorneys and staff at the firm.

5.  Beginning in August of 2018, Paul, Weiss attorneys—along with employees of our three Steering Committee non-profit partners (Kids in Need of Defense, Women's Refugee Commission, and Justice in Motion) —contacted by telephone (and, in some cases, in person) parents identified by the government as Ms. L class members who were removed from the United States following separation from their children. In all, we successfully reached 365 parents.

6.  Our initial focus as a Steering Committee was to determine the preferences of parents with respect to their children: specifically, did the parent want their child repatriated as soon as possible or did the parent want their child to remain in the United States to pursue his or her own immigration case.

7.  Once this immediate task was largely complete, and a settlement reached among parties clarifying the options available to parents, we turned our focus to screening parents for protection needs. Where it was not clear from our prior outreach, we reached out again to parents to determine whether the parent was currently living in fear, and, if so, whether

they were interested in being further screened for a potential asylum claim and for potential return to the United States.

8.  For those parents living in fear and seeking potential return, we and our Steering Committee partners assessed cases to identify those that presented potential asylum claims and indicia of coercion during their separation from their children that prejudiced their ability to present such claims. We made these preliminary determinations based on the information collected from parents during phone calls between parents and attorneys and employees working on behalf of the Steering Committee, and subsequently upon a review of that information by a small team of attorneys at Paul, Weiss that have assisted me in leading the firm's family separation effort. This smaller team has a background in asylum law and was thus better positioned to make the triaging decisions required.

9.  We referred the majority of these parents to Al Otro Lado for on-the-ground assessment and, as applicable, representation. After further screening by the Steering Committee, Al Otro Lado then prepared declarations on behalf of a subset of these parents, which we reviewed and helped to finalize for submission.

10.  The Steering Committee separately determined that three additional parents had potential asylum claims, and prepared declarations reflecting their experiences, which declarations the ACLU subsequently submitted to the government.

11.  Five additional parents were separately represented by attorneys or organizations. These individual attorneys or organizations prepared declarations and supporting papers on behalf of their client parents.

12.  The declarations and other supporting materials were all then provided to the ACLU. On December 15, 2018, the ACLU submitted these materials to the government, pursuant to the provisions of the Settlement Agreement filed on September 12, 2018, and approved by the Court November 15, 2018, seeking an opportunity for the parents to return to the United States to seek asylum and be reunited with the children.

1 | I declare under penalty of perjury that the foregoing is true and correct.

2 | Executed on June 5, 2019.

*[signature]*

Steven C. Herzog