# Ex. C

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Dan Galindo
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

*Attorneys for Petitioner-Plaintiff*
*Admitted Pro Hac Vice*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN
DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*samdur@aclu.org*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>                    *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.,<br><br>                    *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: June 6, 2019<br><br>**DECLARATION OF DANIEL GALINDO** |

1.    I make this declaration based on my personal knowledge except where I have indicated otherwise.  If called as a witness, I would testify competently and truthfully to these matters.

2.    I am a licensed attorney in the State of New York and in the State of California, and am over the age of 18.

3.     I am a Staff Attorney at the American Civil Liberties Union Immigrants' Rights Project, and counsel to Plaintiffs in this case.

4.    Attached hereto as exhibits are true and correct copies of the following:

Exhibit 1:    December 15, 2018 Email from Lee Gelernt, "Ms. L Submission re deported parents (1 of 6)"

Exhibit 2:    February 20, 2019 Email from Sarah Fabian to Counsel for Plaintiffs, "Response to Class Member Requests for Return Under the Settlement Agreement."


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, based on my personal knowledge. Executed in New York, NY, on June 5, 2019.

Daniel Galindo

# Ex. 1

| | |
|---|---|
| **From:** | Lee Gelernt |
| **To:** | Stewart, Scott G. (CIV) (Scott.G.Stewart@usdoj.gov); Fabian, Sarah B (CIV) (Sarah.B.Fabian@usdoj.gov); Murley, Nicole (CIV) (Nicole.Murley@usdoj.gov) |
| **Cc:** | Daniel Galindo; Stephen Kang; Anand Balakrishnan |
| **Subject:** | Ms. L submission re deported parents (email 1 of 6) |
| **Date:** | Saturday, December 15, 2018 5:17:17 PM |
| **Attachments:** | Submission 1 [8 Declarations].zip |
| | List of Declarations - 12.15.2018.XLSX |

Nicole, Sarah, Scott,

Pursuant to the *Ms. L* Final Settlement Agreement, I have attached a list of deported parents who we believe were denied a meaningful opportunity to present his or her claim for asylum or protection and for whom we believe return is warranted.  Supporting evidence—generally in the form of signed declarations—is also attached here.  Five subsequent emails with the additional declarations will immediately follow and additional declarations may be forthcoming.

Under the Settlement, Plaintiffs are required to submit "all evidence they would like considered by the government."  As previously noted, given that the relief being sought is a renewed opportunity to apply for asylum, many details of the parents' claims for protection are not included in these declarations.  Instead, the focus on the ways in which these parents were denied a fair opportunity to pursue their claim to such protection.  Pursuant to 8 C.F.R. § 208.6, the information contained in these declarations is to be kept confidential and not disclosed to third parties without the express written permission of the declarant.

We look forward to the Government's reply, and would request the opportunity to discuss any case the government believes does not warrant return.

Thanks,

Lee

# Ex. 2

| | |
|---|---|
| **From:** | Fabian, Sarah B (CIV) |
| **To:** | Lee Gelernt |
| **Cc:** | Anand Balakrishnan; Stephen Kang; Stewart, Scott G. (CIV); Murley, Nicole (CIV) |
| **Subject:** | Response to Class Member Requests for Return Under the Settlement Agreement |
| **Date:** | Wednesday, February 20, 2019 6:31:20 PM |

Lee:

As you are aware, pursuant to the Settlement Agreement (Agreement), filed on September 12, 2018, and approved by the Court November 15, 2018, U.S. Immigration and Customs Enforcement (ICE) has agreed to consider cases in which plaintiffs' counsel believes the return of a particular removed *Ms. L* class member may be warranted in "rare and unusual" circumstances.  As of the deadline of December 15, 2018, the Department of Justice (DOJ) had received the affidavits (and, where provided, supporting materials) submitted for 52 individuals ("Applicant Pool"), which it subsequently provided to ICE.  ICE has now reviewed all materials submitted and advised that the documents submitted for the Applicant Pool did not provide sufficient information to permit adjudication.  In keeping with the spirit of the Agreement, ICE is offering members of the Applicant Pool the opportunity to submit additional information in support of their respective requests for parole.  Each should include:

- Completed Form I-131, Application for Travel Document, for each beneficiary.

- Detailed explanation, as well as supporting documentation, of the reasons parole is being requested for the beneficiary. (See Submitting Evidence and Guidance on Evidence for Certain Types of Humanitarian or Significant Public Benefit Parole Requests.)  **This must include evidence of the relationship between the applicant and the child or children currently in the United States.  Any documents requiring translation must include both the original and the certified translation.**

- Completed Form I-134, Affidavit of Support (PDF, 461 KB), for each beneficiary to show how each beneficiary will be financially supported in the United States.  If there is more than one sponsor, each sponsor must submit a Form I-134, Affidavit of Support (PDF, 461 KB).

- Completed Form G-28, Notice of Entry of Appearance as Attorney or Representative, for DHS to communicate with the attorney or representative about the applicant's case.

Also to keep with the spirit of the agreement, members of the Applicant Pool will not be required to submit the $575.00 filing fee for all parole applicants or the $85.00 biometrics fee for applicants 14-79 years of age.

Additionally, although humanitarian parole applications must normally be submitted in hard copy, ICE has agreed to accept electronic applications from members of the Applicant Pool. However, ICE reserves the right to request original documents if adjudicators believe that it

would be necessary to properly adjudicate the application.

In order to facilitate processing, ICE has created an electronic mailbox for the submission of application packages for the 52 members of the Applicant Pool: mslparoleapplications@ice.dhs.gov.  **No other humanitarian parole applications sent to this mailbox will be adjudicated.**

It is **highly recommended** that you review the information regarding humanitarian parole available at the following link: https://www.uscis.gov/humanitarian/humanitarian-or-significant-public-benefit-parole-individuals-outside-united-states

In keeping with the deadlines established in the settlement agreement, **please submit this additional information within 30 days**. Once ICE has received humanitarian parole packages from members of the Applicant Pool and processing has been initiated, ICE will send letters notifying you/your clients of that fact and, if necessary, requesting additional information or documentation.  These letters are not guarantees that particular parole applications will be approved.  Parole is an exercise of discretion that may not be appropriate in all cases.

Best,
Sarah


Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824