# Defendants' Exhibit B

| | |
|---|---|
| **From:** | Anand Balakrishnan |
| **To:** | Fabian, Sarah B (CIV); Lee Gelernt; Stephen Kang; Daniel Galindo |
| **Cc:** | Stephen Kang; Stewart, Scott G. (CIV); Murley, Nicole (CIV); Herzog, Steven C |
| **Subject:** | RE: Response to Class Member Requests for Return Under the Settlement Agreement |
| **Date:** | Wednesday, February 27, 2019 3:33:22 PM |

Hi Sarah,

We put together questions about the return issue below – let us know what times later this week would work to talk.

- Why is the government requiring that the applications here include all of the materials required for an application for Humanitarian Parole? The Settlement Agreement does not state that the applications will be so treated, nor does it state that the applicants will need to fulfill those requirements. These applicants are seeking asylum, not humanitarian parole. It is in our view inappropriate for the government to impose additional requirements that are not provided for by the Settlement Agreement.
    - In particular, an asylum seeker does not need to present an affidavit of support
    - There is no reason here to require evidence of a parent/child relationship, as the parents and children have already been identified by the government as a separated family
    - There is no reason to require a signed G-28 at this point, from parents in hiding, before any indication that the government is going to accept the applications
- Will the government guarantee that decisions on these applications will be expedited? Given the time that has already elapsed, the government should respond to applications within 3 days after receipt.
- What will be the status of these individuals should they be granted Humanitarian Parole?
- Will the government confirm that anyone granted humanitarian parole will not be placed in detention upon arriving in the United States?
- Will the government confirm that the declarations submitted in support of these requests is sufficient supporting evidence for the Form I-131s?
- Re the Form I-131s, specific questions about how they should be filled out:
    - Page 1: what class of admission should be filled in?
    - Part 3: what should applicants fill in for length of trip

Thanks,
Anand.

---

**From:** Fabian, Sarah B (CIV) [mailto:Sarah.B.Fabian@usdoj.gov]
**Sent:** Monday, February 25, 2019 12:04 PM
**To:** Anand Balakrishnan; Lee Gelernt
**Cc:** Stephen Kang; Stewart, Scott G. (CIV); Murley, Nicole (CIV); Herzog, Steven C
**Subject:** RE: Response to Class Member Requests for Return Under the Settlement Agreement

Anand – I am happy to talk but as always it would be helpful, if you have specific questions, if you

can send the questions in advance so that I can get any necessary information from my clients.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

---

**From:** Anand Balakrishnan <abalakrishnan@aclu.org>
**Sent:** Monday, February 25, 2019 11:28 AM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Lee Gelernt <LGELERNT@aclu.org>
**Cc:** Stephen Kang <skang@aclu.org>; Stewart, Scott G. (CIV) <sstewart@CIV.USDOJ.GOV>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Herzog, Steven C <sherzog@paulweiss.com>
**Subject:** RE: Response to Class Member Requests for Return Under the Settlement Agreement

Sarah –

Lee let me know that he spoke to you about the return issue at the hearing last week. Can we set up a time to talk? Would tomorrow at 11 EST work? If not, sometime on Wednesday?

Anand.

---

**From:** Fabian, Sarah B (CIV) [mailto:Sarah.B.Fabian@usdoj.gov]
**Sent:** Wednesday, February 20, 2019 6:31 PM
**To:** Lee Gelernt
**Cc:** Anand Balakrishnan; Stephen Kang; Stewart, Scott G. (CIV); Murley, Nicole (CIV)
**Subject:** Response to Class Member Requests for Return Under the Settlement Agreement

Lee:

As you are aware, pursuant to the Settlement Agreement (Agreement), filed on September 12, 2018, and approved by the Court November 15, 2018, U.S. Immigration and Customs Enforcement (ICE) has agreed to consider cases in which plaintiffs' counsel believes the return of a particular removed *Ms. L* class member may be warranted in "rare and unusual" circumstances. As of the deadline of December 15, 2018, the Department of Justice (DOJ) had received the affidavits (and, where provided, supporting materials) submitted for 52 individuals ("Applicant Pool"), which it subsequently provided to ICE. ICE has now reviewed all materials submitted and advised that the documents submitted for the Applicant Pool did not provide sufficient information to permit adjudication. In keeping with the spirit of the Agreement, ICE is offering members of the Applicant Pool the opportunity to submit additional information in support of their respective requests for parole. Each should include:

- Completed Form I-131, Application for Travel Document, for each beneficiary.

- Detailed explanation, as well as supporting documentation, of the reasons parole is being requested for the beneficiary. (See Submitting Evidence and Guidance on Evidence for Certain Types of Humanitarian or Significant Public Benefit Parole Requests.) **This must include evidence of the relationship between the applicant and the child or children currently in the United States.  Any documents requiring translation must include both the original and the certified translation.**

- Completed Form I-134, Affidavit of Support (PDF, 461 KB), for each beneficiary to show how each beneficiary will be financially supported in the United States.  If there is more than one sponsor, each sponsor must submit a Form I-134, Affidavit of Support (PDF, 461 KB).

- Completed Form G-28, Notice of Entry of Appearance as Attorney or Representative, for DHS to communicate with the attorney or representative about the applicant's case.

Also to keep with the spirit of the agreement, members of the Applicant Pool will not be required to submit the $575.00 filing fee for all parole applicants or the $85.00 biometrics fee for applicants 14-79 years of age.

Additionally, although humanitarian parole applications must normally be submitted in hard copy, ICE has agreed to accept electronic applications from members of the Applicant Pool. However, ICE reserves the right to request original documents if adjudicators believe that it would be necessary to properly adjudicate the application.

In order to facilitate processing, ICE has created an electronic mailbox for the submission of application packages for the 52 members of the Applicant Pool: mslparoleapplications@ice.dhs.gov.  **No other humanitarian parole applications sent to this mailbox will be adjudicated.**

It is **highly recommended** that you review the information regarding humanitarian parole available at the following link: https://www.uscis.gov/humanitarian/humanitarian-or-significant-public-benefit-parole-individuals-outside-united-states

In keeping with the deadlines established in the settlement agreement, **please submit this additional information within 30 days**. Once ICE has received humanitarian parole packages from members of the Applicant Pool and processing has been initiated, ICE will send letters notifying you/your clients of that fact and, if necessary, requesting additional information or documentation.  These letters are not guarantees that particular parole applications will be approved.  Parole is an exercise of discretion that may not be appropriate in all cases.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824