JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

                Petitioners-Plaintiffs,

    vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

                Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

       The Court ordered the parties to file a joint status report ("JSR") by 3:00 pm on July 11, 2019, in anticipation of the status conference scheduled at 1:00 pm on July 12, 2019.  The parties submit this joint status report in accordance with the Court's instruction.

**I.     DEFENDANTS' POSITIONS**

    **A. Update on Reunifications for the Original Class Period**

       As of July 7, 2019, Defendants have discharged 2,778 of 2,814 possible children of potential class members for the original class period.  That is, Defendants have discharged 2,778 of the 2,814 possible children of potential class members who were in the care of the Office of Refugee Resettlement (ORR) as of June 26, 2018.  *See* Table 1: Reunification Update.  This is an increase of five discharges reported in Table 1 since the JSR filed on June 6, 2019.  *See* ECF No. 422.  The five children

had parents who are out of the class, and were discharged under other appropriate circumstances, such as discharges to sponsors.

Currently, there is one child of a class member from the original class period who remains in ORR care and is proceeding towards reunification or other appropriate discharge.  This child has a parent who departed from the United States, but the Steering Committee has advised that resolution of parental preference will be delayed.  Defendants are supporting the efforts of the Steering Committee to obtain a statement of intent from the parent.  Once Defendants receive notice from the Steering Committee, Defendants will either reunify the child or move him into the TVPRA sponsorship process, consistent with the intent of the parent.

The current reunification status for the 2,814 children ages 0 through 17 for the original class period, who have been the focus of Defendants' reporting to date, is further summarized in Table 1.  The data in Table 1 reflects approximate numbers on these children maintained by ORR at least as of July 7, 2019.  These numbers are dynamic and continue to change as more reunifications, determinations on class membership, or discharges occur.

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2707 | 2814 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 107 | 2671 | 2778 |

| | | | |
|---|---|---|---|
| • Children discharged by being reunified with separated parent | 82 | 2085 | 2167 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 25 | 586 | 611 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification <u>or</u> is not available for discharge at this time: | 0 | 1 | 1 |
| • Parent presently outside the U.S. | 0 | 1 | 1 |
| ○ Steering Committee has advised that resolution will be delayed | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 0 | 0 |
| ○ Parent in other federal, state, or local custody | 0 | 0 | 0 |
| ○ Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 0 | 6 | 6 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 13 | 13 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 14 | 14 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 1 | 1 |
| Children in care for whom the Steering Committee could not obtain parental preference | 0 | 1 | 1 |

18cv428 DMS MDD

**B. Update on Removed Class Members for the Original Class Period**

The current reunification status of removed class members for the original class period is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least July 7, 2019.  These numbers are dynamic and continue to change as the reunification process moves forward.

### Table 2: Reunification of Removed Class Members

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 16 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 16 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 16 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 16 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 16 | Defs. |
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated  parental intent for minor: | 14 | Pls. |
| | • Children whose parents waived reunification | 14 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |
| | • Children proceeding outside the reunification plan | 0 | Pls. |

4

| | | | |
|---|---|---|---|
| | Children for whom ACLU has not yet communicated parental intent for minor: | 1 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive reunification documented by ORR | 0 | Defs. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children whose parents steering committee could not obtain parental preference | 1 | PIs |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | ○ Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

## C. Update Regarding Government's Implementation of Settlement Agreement

| SETTLEMENT PROCESS[1] | DESCRIPTION | NUMBER |
|---|---|---|
| Election Forms[1] | Total number of executed election forms received by the Government | 408 (237 Parents/171 Children)[2] |
| | • Number who elect to receive settlement procedures | 249 (136 Parents/113 Children) |
| | • Number who waive settlement procedures | 159 (101 Parents/58 Children)[3] |
| Interviews | Total number of class members who received interviews | 141[4] |
| | • Parents who received interviews | 74 |
| | • Children who received interviews | 67 |
| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | 66[5] |

[1] The number of election forms reported here is the number received by the Government as of July 5, 2019.

[2] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[3] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[4] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings. This number includes credible fear and reasonable fear interviews, as well as affirmative asylum interviews.

[5] This number is the aggregate of the number of parents whose negative

| | | |
|---|---|---|
| | • Number of parents determined to establish CF or RF upon review by USCIS | **66[6]** |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | **0** |
| | Total number of CFI decisions issued for children by USCIS | **73[7]** |
| | • Number of children determined to establish CF by USCIS | **73[8]** |
| | • Number of children determined not to establish CF by USCIS | **0** |
| | Total number of affirmative asylum decisions by USCIS | **2** |

CF/RF determinations were reconsidered, number of parents whose negative CF/RF determination was unchanged, and individuals who were referred to Section 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had a Notice to Appeal from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[6] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[7] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[8] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

18cv428 DMS MDD

| | | |
|---|---|---|
| | • Number of parents granted asylum by USCIS | **1** |
| | • Number of children granted asylum by USCIS | **1[9]** |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **101 Parents[10]** |

**D. Parents Who ICE Records Reflect Have Absconded After Being Released**

| | | |
|---|---|---|
| **Absconders** | Number of Parents who absconded from enrollment in ATD (Alternatives To Detention) | **165[11]** |

**E. Update Regarding Identification of Expanded Class Members**

On April 25, 2019, the Court approved Defendants' Plan for identifying members of the expanded class.  On June 7, based on discussions at the status conference on that same day, the Court ordered Defendants to "deliver to Plaintiffs' counsel the first packet of information concerning children of the expanded Ms. L. class members," no later than June 14, 2019.  ECF No. 424.  On June 14, Defendants delivered to Plaintiffs the first batch of information regarding the expanded class.

---

[9] This number includes children granted asylum as a dependent on their parent's asylum application.

[10] This number is as of July 5, 2019.

[11] Data from time period of May 4, 2018 to July 5, 2019.

Defendants delivered the second batch of information regarding the expanded class to Plaintiffs on July 10.

The agencies were unable to produce the second list of expanded-class members by June 14. The government regrets not making that date, which appears to have resulted from the agencies' lack of a fully settled, agreed-upon understanding of the duration and sequencing of the steps that needed to be taken to complete the list. After the agencies learned of the issue, they worked together to resolve it and to take the steps needed to produce the second list. The agencies ultimately completed it and that second list was sent to the plaintiffs on July 10. The agencies have adopted a firmer and better settled process based on the experience just described and can continue to refine the process as they proceed through each list. The government appreciates the Court's understanding as it works through this first-of-its-kind process.

Defendants continue to work on the remaining batches of information regarding the expanded class, and will continue to produce these on a rolling basis. ICE reports that is has received each of the remaining four lists of potential class members and is reviewing those lists.

**F. Pending Motion Regarding Released Settlement Class Members**

Based on recent discussions with Plaintiffs, Defendants believe this issue to have been resolved.

**G. Children Awaiting Placement.**

Plaintiffs sent an inquiry on May 15, 2019, regarding nine children who they believed remained in ORR custody.  Defendants have reviewed those cases and provided a response to Plaintiffs regarding these nine children on June 3, 2019. Defendants have received no follow up inquiries from Plaintiffs on this issue and believe it to have been resolved.

**H. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.**

  1.  *Data Requested by Plaintiffs*

Defendants are providing Plaintiffs updated reports containing information regarding parents and children separated since the Court's June 26, 2018 preliminary-injunction order on the Friday following the filing of each JSR.

  2.  *Processes and Procedures*

Defendants provided a summary outline to the Court and to Plaintiffs memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018.  The outline also included an overview of the options for separated parents and children to obtain information about reunification options.

On March 4, 2019, Plaintiffs and lawyers for the children's legal service providers sent comments and questions in response to the government's proposals. Defendants reviewed those comments and questions, and the parties met and

conferred on April 15, 2019, regarding those inquiries.  On May 28, 2019, Plaintiffs sent additional comments related to Defendants' proposals.  Since receiving those comments, Defendants have held several internal telephonic meetings, and have spoken with representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in discussions regarding these processes and procedures. On July 11, 2019, Defendants provided a comprehensive response to Plaintiffs' comments, and requested that the parties schedule a follow-up meet and confer on these issues once Plaintiffs have reviewed Defendants' response.

II.    *MS. L.* PLAINTIFFS' POSITION

    A. **Steering Committee Outreach to Sponsors of Children of Expanded Class Members**

Defendants provided Plaintiffs on June 14 with the first list of information concerning 189 children of expanded class members. The Steering Committee has been working steadily to reach as many children, parents, and sponsors in this group as possible.

Defendants provided a second list of children of expanded class members on July 10. This second lists adds 602 more children.[12] Across both lists there are 791 children of expanded class members identified so far.

---

[12] There were 139 children in the second list who were already on the first list. The figure of 602 children on the second list counts only children newly disclosed. Plaintiffs continue to analyze the second list for any other errors that could affect the number of children disclosed.

### Contact Efforts For First List Of 189 Children

The government has provided phone numbers for sponsors of 183 children out of the 189 in the first list,[13] and phone numbers for parents of six children. The Steering Committee has attempted to call all parents and all sponsors for whom the government provided phone numbers. By asking sponsors for the phone numbers of the child's parent, the Steering Committee has been able to reach the parents of 38 children.

The Steering Committee continues with this outreach. It has had difficulty reaching sponsors due to incorrect numbers (e.g. numbers no longer in service) and unanswered calls. The government indicated to Plaintiffs on June 24 that they were confirming whether ICE possessed any additional contact information for this first list of children; Plaintiffs await a response and will continue to confer with the government about providing all phone numbers it has for the expanded class.

### Second List of 602 More Children

On July 10, Defendants provided Plaintiffs with a 602 additional children of expanded class members, with phone numbers for most parents of these children. Plaintiffs are reviewing this information and will meet and confer with Defendants.

**B.    Steering Committee Progress For June 26 Initial Class**

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications.  On June 7, the government reported that, as of June 4, 19 children with removed parents remained in ORR custody.  The Committee has advised the government that no preference will be forthcoming for one of those parents due to complex and individualized family circumstances, leaving 18 children with removed parents in

---

[13] The government initially gave Plaintiffs phone numbers or address information for 82 sponsors. It added more phone numbers for sponsors on June 24, after a request from Plaintiffs.

the operative group. The Committee has delivered preferences for the parents of 17 of those children.  The parent of the remaining child is seeking to return to the United States under the Settlement Agreement, and the Steering Committee has advised the government that the delivery of a parental reunification election in this case will therefore be delayed.

## C. Children Whose Parents Have Submitted Preferences and Are Still Detained

The Steering Committee continues to meet and confer with the Government about children who are still in ORR after the Steering Committee has submitted a final reunification election.

### D. Information-Sharing Proposals

On July 11, shortly before this JSR was due, the government provided Plaintiffs with a response to Plaintiffs' May 28 proposal about information-sharing protocols for separations. Plaintiffs have not had a chance yet to review the government's response.

## III.    *MMM-Dora* Plaintiffs' Report Regarding Settlement Implementation

The parties continue to work together to implement the settlement agreement approved on November 15, 2018.  For purposes of this status report, the *Dora* and *MMM* Plaintiffs note the following issues.

### A.   Reports of planned ICE raids and possible impact on Dora and MMM class members:

Over the past few weeks, there have been numerous reports of planned ICE raids targeting families who have received final orders of removal. *See, e.g., Agency Says It Plans Deportation Operation Aimed at Undocumented Families*, NY Times June 19, 2019, https://www.nytimes.com/2019/06/19/us/politics/trump-immigration-deportation-family-separation.html?module=inline. Because a number of the targeted families may include Dora and MMM class members, class counsel emailed Government attorney Sarah Fabian on June 21, 2019 to inquire about the Government's plans to ensure that no class members are wrongfully deported. Class counsel noted concern that Dora and MMM class members, who may have final orders but be entitled to settlement relief, may be targeted during those raids and removed, notwithstanding the binding settlement agreement and this Court's order that settlement class members cannot be removed before making a knowing and voluntary settlement election. Class counsel therefore requested that the Government provide information about procedures that are in place to identify such class members in advance of the raids, to provide notice to class counsel

18cv428 DMS MDD

of their arrest, and to ensure that they are not deported without an opportunity to take advantage of the settlement procedures that apply to them. Having received no response from the Government, class counsel emailed again requesting an update on June 27, 2019 but have received no response from the Government.

Today, several reputable news sources have reported that the ICE raids are now planned for this weekend. *See, e.g., ICE Deportation Raids Will Likely Start This Weekend*, Vox, July 11, 2019, https://www.vox.com/2019/7/11/20690251/immigration-raids-deportation-ice-trump-new-york-times. Advocates in border areas have received word that up to a one thousand families detained in the course of the ICE raids are expected to arrive at the South Texas Family Residential Center, an ICE detention facility in Dilley, Texas that houses detained immigrants. In light of these reports and the Government's lack of response to our queries, class counsel are concerned about whether there are procedures in place to ensure that the settlement agreement will be honored during this process and that class members will not be removed without notice or an opportunity to take advantage of their rights under the settlement agreement.

**B.   Update relating to the pending motion regarding released settlement class members**

On January 10, 2019, the *Dora* and *MMM* Plaintiffs filed a Motion to Enforce the Settlement Agreement for Class Members Who Have Not Submitted Executed Waiver Forms (ECF 342).  After that motion was filed, the Government agreed to put in place a system where class members would be identified and not deported without being given notice of their rights under the November 15, 2018 settlement agreement and an opportunity to make an election with respect to those rights. The Court confirmed this agreement in its Court Order dated February 22, 2019 (ECF 362).

After further discussions, the Government provided additional data relating to class members, and class counsel are using that data to conduct further outreach to released class members. Although the data continues to be incomplete, class counsel are continuing to conduct outreach based on the data that has been provided and will reassess. The Government has agreed to inform class counsel of any additional data they may obtain that could assist with this outreach. Plaintiffs reserve their right to return to the Government for more information and/or to seek relief from this Court if needed.

Finally, the Government has taken the position that class members are required to submit an affirmative election by submitting a completed waiver form before receiving an interview. Plaintiffs do not agree that that is a requirement under the settlement, and continue to reserve their rights on this issue. However, in order to help facilitate administration of the settlement, class counsel have continued to obtain forms for class members as they are identified and to transmit those forms to the Government as they are received.

At this time, and in light of the agreements made with the Government described in the preceding paragraphs, Plaintiffs withdraw their pending motion (ECF 342) and will continue to report to this Court on the status of issues relating to that motion in subsequent joint status reports. Should any further disputes on these issues arise, Plaintiffs reserve their right to seek relief from this Court as necessary and appropriate.

**C.  Discrepancies in statistical reporting on settlement implementation**

As the Court is aware, the Government has included in the ongoing status reports certain statistics related to implementation of the *MMM/Dora/Ms. L* settlement agreement, including the total number of executed settlement forms provided to the Government and the number of forms in which a class member elected to receive settlement procedures.  For the last several weeks, class counsel have been attempting to resolve a discrepancy between the numbers reported by the

Government and the numbers reflected in class counsel's internal records.  Specifically, class counsel's internal records reflect that the Government has been provided with approximately 60 more forms than what the Government has been reporting in the joint status reports.  Class counsel have refrained from raising this issue with the Court based on the belief that the parties could resolve the issue on their own.  However, given that this ongoing issue is still unresolved and the parties have not made progress since the last status report (despite class counsel providing the Government with its internal tracking records and several forms that may have been missing from the Government's reporting), class counsel felt compelled to bring this issue to the Court's attention.  Below are the statistics, as of July 1, 2019, that class counsel are able to report based on their internal records:

| Settlement Process | Description | Number |
|---|---|---|
| Election Forms | Total number of executed election forms sent to the Government | 428 (254 parents; 174 children) |
| | • Number who elected to receive settlement procedures | 259 invoke (145 parents; 114 children) |
| | • Number who waived settlement procedures | 169 waive (109 parents; 60 children) |

.

1   DATED: July 11, 2019                Respectfully submitted,

2                                       /s/ Lee Gelernt

3                                       Lee Gelernt*

4                                       Judy Rabinovitz*
                                        Anand Balakrishnan*
5                                       AMERICAN CIVIL LIBERTIES UNION
                                        FOUNDATION
6                                       125 Broad St., 18th Floor
7                                       New York, NY 10004
                                        T:  (212) 549-2660
8                                       F:  (212) 549-2654
9                                       *lgelernt@aclu.org*
10                                      *jrabinovitz@aclu.org*
                                        *abalakrishnan@aclu.org*
11
                                        Bardis Vakili (SBN 247783)
12                                      ACLU FOUNDATION OF SAN DIEGO
13                                      & IMPERIAL COUNTIES
                                        P.O. Box 87131
14                                      San Diego, CA 92138-7131
15                                      T: (619) 398-4485
                                        F: (619) 232-0036
16                                      *bvakili@aclusandiego.org*
17
                                        Stephen B. Kang (SBN 292280)
18                                      Spencer E. Amdur (SBN 320069)
19                                      AMERICAN CIVIL LIBERTIES UNION
                                        FOUNDATION
20                                      39 Drumm Street
21                                      San Francisco, CA 94111
                                        T:  (415) 343-1198
22                                      F:  (415) 395-0950
23                                      *skang@aclu.org*
                                        *samdur@aclu.org*
24
                                        *Attorneys for Petitioners-Plaintiffs*
25                                          *\*Admitted Pro Hac Vice*
26

27

28

                                        16                    18cv428 DMS MDD

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*