| | |
|---|---|
| JOSEPH H. HUNT | ADAM L. BRAVERMAN |
| Assistant Attorney General | United States Attorney |
| SCOTT G. STEWART | SAMUEL W. BETTWY |
| Deputy Assistant Attorney General | Assistant U.S. Attorney |
| WILLIAM C. PEACHEY | California Bar No. 94918 |
| Director | Office of the U.S. Attorney |
| Office of Immigration Litigation | 880 Front Street, Room 6293 |
| U.S. Department of Justice | San Diego, CA 92101-8893 |
| WILLIAM C. SILVIS | 619-546-7125 |
| Assistant Director | 619-546-7751 (fax) |
| Office of Immigration Litigation | |
| SARAH B. FABIAN | *Attorneys for Federal Respondents-Defendants* |
| Senior Litigation Counsel | |
| NICOLE MURLEY | |
| Trial Attorney | |
| Office of Immigration Litigation | |
| U.S. Department of Justice | |
| Box 868, Ben Franklin Station | |
| Washington, DC 20442 | |
| Telephone: (202) 532-4824 | |
| Fax: (202) 616-8962 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | |
| vs. | **DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW PARENTS DEPORTED WITHOUT THEIR CHILDREN TO TRAVEL TO THE UNITED STATES** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents-Defendants. | |

On July 29, 2019, the Court ordered the parties to file supplemental briefing regarding issues related to Plaintiffs' pending motion seeking the return of removed parents to the United States. Order, ECF No. 437. Defendants hereby notify the Court that in accordance with the Court's order, on August 6, 2019, Defendants produced to Plaintiffs evidence in their possession relevant to the issues set out in the Court's Order. *See id.* at 3. Defendants further provide the following supplemental information for the Court's consideration.

1. Legal Basis for Removal

The Court ordered the parties to explain the basis for removal for each of the twenty-one individuals seeking to return to the Unites States. The below chart provides that information for each individual. The chart also identifies those individuals who returned to the United States subsequent to the removal at issue, and notes whether the individual was subsequently removed for a second time.

| Initials | Arrest 1 | Basis for removal (Disposition) | Reunification Waiver on file | Subsequent arrest –Date (where applicable) | Subsequent Basis for Removal (Disposition) (where applicable) |
|---|---|---|---|---|---|
| A.D.G. | 5/30/18 | Reinstatement of a prior final order of removal from an immigration judge (no fear claimed) | | | |
| B.L.S.P. | 11/20/17 | Alien served with NTA after a positive credible fear determination. Applied for relief before IJ but later withdrew application. IJ issued final order of removal. | | | |
| C.A.C. | 6/18/18 | Expedited removal order (no fear claimed) | Y | | |
| C.P.E. | 5/11/18 | Expedited removal order (no fear claimed) | Y | | |
| D.C.C. | 5/18/18 | Expedited removal order (no fear claimed) | Y | | |
| D.J.M.C. | 6/11/18 | Expedited removal order | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | D.P.F. | 6/10/18 | Expedited removal order (no fear claimed) | Y | | |
| 2 | D.J.M. | 5/14/18 | Expedited removal order (no fear claimed) | Y | 4/3/19 | Reinstatement of a prior final order of removal |
| 3 | D.X.C. | 5/18/18 | Expedited removal order (no fear claimed) | | | |
| 4 | E.A.S.M. | 5/23/18 | Expedited removal order, referred for CF interview but withdrew claim prior to interview | Y | | |
| 5 | E.C.C. | 5/15/18 | Expedited removal order (no fear claimed) | | | |
| 6 | E.F.A.R. | 5/18/18 | Expedited removal order following a negative credible fear finding (did not pursue IJ review) | | | |
| 7 | E.M.G. | 5/5/18 | Reinstatement of a prior expedited removal order from 2007 | | 3/2/19 | Served with Notice to Appear, currently pending INA § 240 proceedings |
| 8 | J.A.A. | 5/11/18 | NTA, fear claimed. Final order of removal issued by an immigration judge | Y | | |
| 9 | L.R.M. | 5/8/18 | Reinstatement of a prior final order of removal (no fear claimed) | | | |
| 10 | M.L.D.A. | 3/30/18 | Reinstatement of a prior final order of removal (positive reasonable fear determination, referred to IJ, and then declined to seek relief in front of IJ) | | 3/12/19 | Reinstatement of a prior Final Order of Removal (no fear claimed) |
| 11 | O.U.R.M. | 5/25/18 | Expedited removal order following a negative credible fear finding (did not pursue IJ review) | Y | | |
| 12 | R.A.R.A. | 5/18/18 | Expedited removal order (no fear claimed) | Y | 5/9/19 | Reinstatement of a prior final order of removal (no fear claimed) |

| | | | |
|---|---|---|---|
| S.A.C. | 5/19/18 | Expedited removal order following a negative credible fear finding (did not pursue IJ review) | Y |
| S.T.S. | 6/13/18 | Expedited removal order (no fear claimed) | |
| S.X.C. | 4/11/18 | Expedited removal order (no fear claimed) | |

2. <u>Lawful Removals</u>

The removals of twenty of the individuals identified above were lawful because the individuals who were processed for expedited removal or reinstatement of a prior order of removal, and who made a claim of fear, either were provided an interview, or withdrew their credible-fear or reasonable-fear claims. The individuals who proceeded with their claims, and who received positive credible-fear determinations, were referred to an Immigration Judge for proceedings under section 240 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229a. Individuals with prior removal orders who received positive reasonable fear determinations were referred to an Immigration Judge for withholding only proceedings under 8 C.F.R. 208.31(e). Individuals who were then ordered removed by the Immigration Judge following these proceedings were thus provided with all required process under the INA, and were lawfully removed.

Individuals with a negative credible fear finding have the right to review of those determinations by an Immigration Judge. If they do not seek referral, their fear claims are withdrawn. The individuals above who: 1) were processed for expedited removal or reinstatement of a prior order, 2) did not claim any fear, 3) withdrew their claims, or 4) were found to have a negative fear, were lawfully removed based on their particular circumstances in accordance with sections 235(b)(1) of the Act, 8 U.S.C. § 1225(b)(1) (expedited removal), or 241(a)(5) of the Act, 8 U.S.C. § 1231(a)(5) (reinstatement of prior removal order). Those individuals who were

initially issued a Notice to Appear were referred to an Immigration Judge for proceedings in accordance with 240 of the Act, 8 U.S.C. § 1229a (removal proceedings).

For one individual, D.J.M.C., review by ICE HQ showed that he was removed without first receiving a credible fear interview. His removal occurred on June 19, 2018. Therefore, ICE is in the process of arranging for D.J.M.C. to be returned to the United States for a credible fear interview.

3. <u>Disqualifications</u>

DHS has authority to parole aliens into the United States for further proceedings to determine their admissibility. *See* 8 U.S.C. § 1182(d)(5). That is a discretionary authority of the Secretary of Homeland Security and does not provide any authority for the Court to order that DHS allow an alien to enter or be admitted into the United States.

Even if there were a lawful basis to return any of the above parents, the following individuals would be disqualified from obtaining any relief from removal upon return, but could make a claim for protection under the regulations implementing U.S. obligations under Article 3 of the Convention Against Torture and 8 U.S.C. § 1231(b)(3):

<u>D.J.M., M.L.D.A. and R.A.R.A.</u>  These individuals have unlawfully re-entered subsequent to their initial removal, and have had their prior order of removal reinstated. They are therefore not eligible for asylum, and are eligible for withholding of removal only. *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 208.31

///

///

///

| | |
|---|---|
| 1    DATED: August 14, 2019 | Respectfully submitted, |

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington, DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY SCOPE OF THE *MS. L.* CLASS** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 14, 2019         *s/ Sarah B. Fabian*
                               Sarah B. Fabian