JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0473

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>      Petitioners-Plaintiffs,<br><br>  vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>      Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS** |

Defendants respectfully move the Court to exclude Plaintiffs' Exhibits B–E, and G–Q submitted in support of Plaintiffs' July 30, 2019, Motion to Enforce Preliminary Injunction, ECF 439. Or, in the alternative, Defendants ask the Court to strike the inadmissible portions of those declarations.

On September 4, 2019, following a telephonic meeting of counsel, counsel for Plaintiffs indicated that Plaintiffs do not consent to Defendants' motion to exclude certain declarations. Plaintiffs, however, agree to the following expedited briefing schedule: Plaintiffs' response to Defendants' motion to exclude shall be due September 16, 2019; Defendants' reply in support of the motion shall be due September 18, 2019. Additionally, the parties agree that we would be prepared to argue this motion on September 20, 2019, the same day the Court has scheduled oral argument on Plaintiffs' Motion to Enforce, should the Court so desire.

1

## CERTIFICATE OF SERVICE

2 IT IS HEREBY CERTIFIED THAT:

3 I, the undersigned, am a citizen of the United States and am at least eighteen years of

4 age. My business address is Box 868, Ben Franklin Station, Washington, DC 20044. I

5 am not a party to the above-entitled action. I have caused service of the accompanying

6 **DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS** on

7 all counsel of record, by electronically filing the foregoing with the Clerk of the District

8 Court using its ECF System, which electronically provides notice.

9          I declare under penalty of perjury that the foregoing is true and correct.

10

11          DATED: September 6, 2019          _s/ Nicole N. Murley_____

12                                          Nicole N. Murley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOSEPH H. HUNT
   Assistant Attorney General
2  SCOTT G. STEWART
   Deputy Assistant Attorney General
3  WILLIAM C. PEACHEY
   Director
4  Office of Immigration Litigation
   U.S. Department of Justice
5  WILLIAM C. SILVIS
   Assistant Director
6  Office of Immigration Litigation
   SARAH B. FABIAN
7  Senior Litigation Counsel
   NICOLE N. MURLEY
8  Senior Litigation Counsel
   Office of Immigration Litigation
9  U.S. Department of Justice
   Box 868, Ben Franklin Station
10 Washington, DC 20044
   Telephone: (202) 616-0473
11 Fax: (202) 616-8962

   ADAM L. BRAVERMAN
   United States Attorney
   SAMUEL W. BETTWY
   Assistant U.S. Attorney
   California Bar No. 94918
   Office of the U.S. Attorney
   880 Front Street, Room 6293
   San Diego, CA 92101-8893
   619-546-7125
   619-546-7751 (fax

12 *Attorneys for Federal Respondents-Defendants*

13          UNITED STATES DISTRICT COURT

14          SOUTHERN DISTRICT OF CALIFORNIA

15 MS. L, et al.,                          Case No. 18cv428 DMS MDD

16     Petitioners-Plaintiffs,

17     vs.                                 **DEFENDANTS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS**

18 U.S. IMMIGRATION AND CUSTOMS

19 ENFORCEMENT, et al.,

20     Respondents-Defendants.

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION………………………………………………....1

II.  MOTION TO EXCLUDE CERTAIN DECLARATIONS
     FROM EVIDENCE ........................................................1

     A. Evidentiary Standards.................................................1

     B. Declarations that Rely on Inadmissible Hearsay
        or Lack of Personal Knowledge Should be
        Excluded from Evidence ............................................3

           1. *Exhibit B— Supplemental Declaration of*
              *Christina E. Turner, Kids in Need of Defense* ...........5

           2. *Exhibit C -  Declaration of Anthony Enriquez,*
              *Catholic Charities of the Archdiocese of New York* .................6

           3. *Exhibit D - Declaration of Nicolas Palazzo,*
              *Las Americas Immigrant Advocacy Center* ..............8

           4. *Exhibit E - Declaration of Jennifer Nagda,*
              *Young Center for Immigrant Children's Rights* .........9

           5. *Exhibit G - Declaration of Michelle Lapointe,*
              *Southern Poverty Law Center*.................................11

           6. *Exhibit H - Declaration of Efren Olivares,*
              *Texas Civil Rights Project* .....................................12

           7. *Exhibit I - Declaration of Lisa Koop,*
              *National Immigrant Justice Center*..........................13

           8. *Exhibit J - Declaration of Camila Trefftz,*
              *Michigan Immigrant Rights Center* .........................14

           9. *Exhibit K - Supplemental Declaration of*
              *Michelle Brané, Women's Refugee Commission* ......................16

          10. *Exhibit L - Declaration of Derek Loh,*
              *Immigrant Defenders Law Center* ...........................17

     C. The Testimony Contained in the Declarations that
        Rely on Expert Witness Testimony Should Be
        Excluded as Improper Lay Witness Evidence. ...................17

           1. *Exhibit N – Declaration of Jeanne Rikkers* ...........................19

           2. *Exhibit O – Declaration of Dr. Jack P. Shonkoff* ....................20

           3. *Exhibit P – Declaration of Dr. Dora Schriro* ..........................21

           4. *Exhibit Q – Declaration of Dr. James Austin*..........................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. This Court should exclude Martin Guggenheim's declaration (Exhibit M) in its entirety because it is replete with improper legal conclusions. ...........................................23

III.    CONCLUSION ...........................................................................................24

# TABLE OF AUTHORITIES

## CASES

*Bank Melli v. Pahlavi,*
   58 F. 3d 1406 (9th Cir. 1995) ...................................................................4, 6, 7

*Barthelemy v. Air Lines Pilots Ass'n,*
   897 F.2d 999 (9th Cir.1990) .................................................................................2

*Beyene v. Coleman Sec. Services, Inc.,*
   854 F.2d 1179 (9th Cir. 1988) ..............................................................................1

*Cabrera v. Cordis Corp.,*
   134 F.3d 1418 (9th Cir. 1998) ...............................................................20, 21,  23

*Crow Tribe of Indians v. Racicot,*
   87 F.3d 1039 (9th Cir. 1996) ...................................................................10, 11, 24

*Daubert v. Merrell Dow Pharm., Inc.,*
   43 F.3d 1311 (9th Cir. 1995) ...............................................................................18

*Diviero v. Uniroyal Goodrich Tire Co.,*
   114 F.3d 851 (9th Cir. 1997) .......................................................................21, 22

*EduMoz, LLC v. Republic of Mozambique,*
   968 F. Supp. 2d 1041 (C.D. Cal. 2013) ..............................................10, 11, 24, 25

*EduMoz, LLC v. Republic of Mozambique,*
   686 Fed.Appx 486 (9th Cir 2017) ............................................................10, 24

*Evangelista v. Inland Boatman's Union of the Pacific,*
   777 F.2d 1390 (9th Cir. 1985) .....................................................................8, 17

*General Elec. Co. v. Joiner,*
   522 U.S. 136 (1997) ............................................................................................18

*Howard v. AMCO Ins. Co.,*
   No. SACV0800175DMGMLGX, 2010 WL 11595719 (C.D. Cal. Oct. 19,
   2010) .................................................................................................................17

*Jinro America Inc. v. Secure Investments, Inc.,*
   266 F.3d 993 (9th Cir. 2001) ..............................................................................18

*Kumho Tire Co., Ltd. v. Carmichael,*
   526 U.S. 137 (1999) ..........................................................................18, 19, 20

*Los Angeles Times Communications LLC v. Dept. of the Army,*
   442 F. Supp. 2d 880 (C.D. Cal. 2006)..............................................................2, 5

*Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.,*
   89 F.3d 594 (9th Cir. 1996) ................................................................................18

*Orr v. Bank of America, NT & SA*,
  285 F.3d 764 (9th Cir. 2002) ............................................................................1, 3

*Plyler v. Whirlpool Corp.*,
  751 F.3d 509 (7th Cir. 2014) ............................................................................8, 9

*San Diego Comic Convention v. Dan Farr Productions*,
  No. 14-cv-1865 AJB, 2017 WL 4227000 (S.D. Cal. Sept. 22, 2017).................21

*Sec & Exch. Comm'n v. Hemp, Inc.*,
  216CV01413JADPAL, 2018 WL 4566664, (D. Nev. Sept. 24, 2018 .................6

*Self-Insurance Inst. Of America, Inc. v. Software and Information Ind. Ass'n*,
  208 F. Supp. 2d 1058 (C.D. Cal. 2000).......................................................4, 10, 12

*United States v. Brodie*,
  858 F.2d 492 (9th Cir. 1988) .........................................................................24, 25

*United States v. Durham*,
  464 F.3d 976 (9th Cir. 2006) ......................................................................3, 8, 17

*United States v. Hermanek*,
  289 F.3d 1076 (9th Cir. 2002) ..............................................................20, 21, 22

*United States v. Morales*,
  108 F.3d 1031 (9th Cir. 1997) ...........................................................................24

*United States v. Verduzco*,
  373 F.3d 1022 (9th Cir. 2004) ..............................................................................3

*Wang v. Chinese Daily News, Inc.*,
  231 F.R.D. 602 (C.D. Cal. 2005).........................................................................3

*Wells v. Jeffery*,
  No. 03-cv-228, 2006 WL 696057 n.7 (D.D.C. Mar. 20, 2006) ........................4.6

*X17 v. Lavandeira*,
  No. CV0607608-VBF, 2007 WL 790061 (C.D. Cal. Mar. 8, 2007)........13, 14, 16

## **STATUTES**

28 U.S.C. § 1746..................................................................................................17

## **RULES**

Fed. R. Civ. P. 56 ............................................................................................1, 4

Fed. R. Civ. P. 56(c)(4).....................................................................................2, 4

Fed. R. Evid. 601 ...................................................................................................4

Fed. R. Evid. 602 .............................................................................................*passim*

iii

Fed. R. Evid. 602(c) ........................................................................20, 23

Fed. R. Evid. 603 .................................................................................17

Fed. R. Evid. 701 ...................................................................1, 2, 4, 11

Fed. R. Evid. 702 .........................................................................*passim*

Fed. R. Evid. 702(a) ............................................................................20

Fed. R. Evid. 702(c) ......................................................................21, 23

Fed. R. Evid. 702 (d) .....................................................................21, 23

Fed. R. Evid. 703 .................................................................................11

Fed. R. Evid. 801 .........................................................................*passim*

Fed. R. Evid. 801(c) ..............................................................................3

Fed. R. Evid. 802 .........................................................................*passim*

Fed. R. Evid. 805 ............................................................................9, 15

Fed. R. Evid. 1002 ...............................................................................12

## **OTHER AUTHORITIES**

L.R. 7.............................................................................................1, 2

L.R. 7.1(f)............................................................................................17

L.R. 7(f)(2)(a) ......................................................................................2

30B Charles Allen Wright & Arthur R. Miller,
  "Federal Practice and Procedure" § 7039 (2018 ed.) .............................3

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS

### I.    <u>INTRODUCTION</u>

Defendants move to exclude many of the declarations submitted in support of Plaintiffs' July 30, 2019 Motion to Enforce Preliminary Injunction, ECF 439. Plaintiffs' Motion relies on 17 declarations from various individuals, and Defendants move to exclude, either in whole or in part, 15 of those declarations: Plaintiffs' Exhibits B–E, and G–Q. These declarations should be excluded in whole, or in part, because (1) the declarants lack personal knowledge under Rule 602 of the Federal Rules of Evidence (Rule 602), and thus the evidence is based on hearsay or speculation, (2) the declarants' testimony contains improper lay witness opinion testimony under Rule 701 of the Federal Rules of Evidence (Rule 701), (3) none of the declarations satisfy the expert-testimony-foundation requirements of Rule 702 of the Federal Rules of Evidence (Rule 702), and/or (4) the declarations, to the extent they purport to present expert opinions, do not satisfy *Daubert* and its progeny. Given the inadmissibility of Plaintiffs' declarations, the Court should exclude Plaintiffs' Exhibits B–E, and G–Q from the record. Alternatively, if the Court is disinclined to exclude Plaintiffs' Exhibits B–E, and G–Q in their entirety, Defendants request that this Court strike the inadmissible portions of the declarations as outlined in Defendants' Exhibit 1.

### II.   <u>MOTION TO EXCLUDE CERTAIN DECLARATIONS FROM EVIDENCE</u>

#### A. <u>Evidentiary Standards</u>

Evidence submitted to the Court on motion practice must meet all requirements for admissibility if offered at the time of trial. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181–82 (9th Cir. 1988). Civil Local Rule 7.1(f) of the United States District Court for

the Southern District of California requires all evidence and declarations by a moving party be filed with the motion. Relevant here, the affidavits or declarations must be permitted by Rule 56 of the Federal Rules of Civil Procedure. L.R. 7.1(f)(2)(a). In turn, Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A declarant's mere assertions that he or she possesses personal knowledge and competency to testify are insufficient. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990). Rather, a declarant must show personal knowledge and competency "affirmatively," under Rule 56(e), for example, by "the nature of their participation in the matters to which they swore no abuse of discretion appears." *Id*.

The Federal Rules of Evidence govern the admissibility of evidence. Rule 602 mandates that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A declaration is a substitute for oral testimony and, therefore, all matters set forth in declarations must be based on personal knowledge. Statements in declarations are inadmissible unless the declaration itself affirmatively demonstrates that the declarant has personal knowledge of those facts. *See Los Angeles Times Communications LLC v. Dept. of the Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) ("Generally, Rule 602 requires that a witness' testimony be based on events perceived by the witness through one of the five senses.").

Rule 701 governs the admissibility of lay witness opinions. Under Rule 701, opinion testimony of lay witnesses is permissible if the opinions are (1) rationally based on the perception of the witness; (2) helpful to the determination of a fact in issue; and (3) not based on scientific, technical, or specialized knowledge. Fed. R. Evid. 701. That is, opinion testimony of lay witnesses must be "predicated upon concrete facts within

their own observation and recollection – that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (internal quotations omitted).

Opinions based on scientific, technical, or specialized knowledge are governed by Rule 702. Rule 702 provides that a witness who is qualified by knowledge, skill, experience, training, or education (called an "expert witness") may testify in the form of opinion or otherwise as to scientific, technical or other specialized knowledge if: "(a) the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (b) the testimony is based upon sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. A district court has broad discretion in deciding whether to admit expert testimony. *United States v. Verduzco*, 373 F.3d 1022, 1035 (9th Cir. 2004).

Out-of-court statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." *Orr*, 285 F.3d at 778 (*citing* Fed. R. Evid. 802; 30B Federal Practice & Procedure: Evidence § 7031 at 279).

**B.  <u>Declarations that Rely on Inadmissible Hearsay Or Lack Personal Knowledge Should be Excluded from Evidence</u>**

Defendants object to the testimony contained in the Declarations in Plaintiffs' Exhibits B–E, and G–L, filed in support of Plaintiffs' Motion to Enforce. *See* ECF 439-1, at 51–142. The Court should exclude these declarations because the declarants fail to

18cv428 DMS MDD

1   lay a proper foundation as to the source of their knowledge and likewise fail to

2   demonstrate they have personal knowledge of the statements in the declarations. *See*

3   Fed. R. Evid. 602. Instead, these declarations appear to be made on the collective behalf

4   of the organization that employs each declarant.[1]

5         Declarations based on another person's personal knowledge or experience are

6   inadmissible because they rely on either hearsay or speculation. *See* Fed. R. Civ. P. 56

7   (c)(4); Fed. R. Evid. 801–802; Fed. R. Evid. 601–602; Fed. R. Evid. 701; *see also Wang*

8   *v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 615 (C.D. Cal. 2005) (sustaining hearsay

9   objection to declaration statement); *Bank Melli v. Pahlavi*, 58 F. 3d 1406, 1412 (9th Cir.

10   1995) (a declaration not made on personal knowledge is entitled to no weight); *Self-*

11   *Insurance Inst. Of America, Inc. v. Software and Information Ind. Ass'n*, 208 F. Supp.

12   2d 1058, 1063–64 (C.D. Cal. 2000) (affirming defendants' objections over (1) a

13   declarant's statements about third persons being "confused" for lack of personal

14   knowledge and (2) statements about "calls to myself and to my staff" from clients

15   because the statements in these calls are inadmissible hearsay); *Wells v. Jeffery*, No. 03-

16   cv-228, 2006 WL 696057, at *3 n.7 (D.D.C. Mar. 20, 2006) ("The affidavit or

17   declaration cannot contain hearsay evidence, as such evidence would not be admissible

18   at trial."). Because the declarations in Plaintiffs' Exhibits B-E and G –L fail to lay a

19   foundation as to the source of knowledge and do not rely on personal knowledge but,

20   instead, on hearsay or other inadmissible evidence, these declarations should be

21   precluded from evidence. *See, e.g.*, *Chinese Daily News, Inc.*, 231 F.R.D. at 615.

22         Below, Defendants highlight the reasons they seek to exclude each of Plaintiffs'

23   declarations. In addition, attached hereto as Defs.' Ex. 1, is a table that identifies the

24

---

25   [1] Many of the declarants supervise a team of attorneys at their respective organizations and they appear

26   to be providing these declarations on behalf of their teams. However, there is no supervisor exception to the personal knowledge requirement of FRE 602. An individual may testify about how their

27   organization functions and what its work entails based on her personal knowledge; however, their testimony about what others in the organization have experienced or learned is inadmissible because

28   such testimony would be based on hearsay statements or speculation.

evidentiary objections Defendants have lodged regarding specific paragraphs within the challenged declarations.

### 1. Exhibit B- Supplemental Declaration of Christina E. Turner, Kids in Need of Defense

Defendants object to the Supplemental Declaration of Christina E. Turner (Ms. Turner). Ms. Turner fails to lay a proper foundation as to the source of her knowledge or demonstrate personal knowledge for many of the statements in her declaration, and thus, many of the statements amount to inadmissible hearsay. *See* ECF 439-1, at 61–73.[2] Although Ms. Turner states that she made her declaration based on her "personal knowledge," the declaration appears to be submitted on behalf of her organization, Kids In Need of Defense (KIND). For example, Ms. Turner makes the following statements: "[w]hen a KIND attorney met with the child, the child had had no communication with his father for nearly 20 days" (*id.* at ¶ 6); "[a] KIND attorney communicated with the Office of Refugee Resettlement ("ORR") sponsor" (*id.* at ¶ 7); and "[a] KIND attorney learned of the reason for the separation through contacting the Immigration and Customs Enforcement (ICE) parental interests email box" (*id.* at ¶ 8). Although Ms. Turner is a supervisor at KIND, she must still have personal knowledge about the events described in her declaration and cannot rely on the hearsay of other employees. *See Los Angeles Times Communications LLC*, 442 F. Supp. 2d at 886 ("Rule 602 requires a witness' testimony must be based on events perceived by the witness through one of the five senses."). She has failed to lay a proper personal-knowledge foundation for the statements in her declaration.

In addition to Ms. Turner's lack of personal knowledge, her declaration is replete with inadmissible hearsay not subject to any exception. Indeed, every statement listed above is an out-of-court statement that cannot be introduced for the truth of the matter

---

[2] The page numbers cited here and throughout this Motion correspond to the page numbers assigned by the Court's CM/ECF filing system.

asserted. Fed. R. Evid. 801, 802. What Ms. Turner allegedly learned from other staff members at KIND—who also learned of this information from other individuals—falls squarely within the definition of hearsay and is inadmissible. *Wells*, 2006 WL 696057, at *3 n.7. By framing her statements as KIND's information and experience, Ms. Turner attempts to cloak hearsay as organizational knowledge.

Ms. Turner's lack of personal knowledge in her declaration makes it inherently unreliable and should either be stricken in whole or, alternatively, be afforded little to no evidentiary weight. *Sec. & Exch. Comm'n v. Hemp, Inc.*, No. 216CV01413JADPAL, 2018 WL 4566664, at *3 (D. Nev. Sept. 24, 2018); *see also Bank Melli Iran v. Pahlavin*, 58 F.3d 1046, 1412–13 (9th Cir. 1995) (affidavits made without personal knowledge are "entitled to no weight"); Fed. R. Evid. 801, 802. To state under penalty of perjury that the declaration is based on personal knowledge—and then provide a statement that is based on what the declarant was told by other members of their organization (about what third parties told those organization members)—results in an internally contradictory document. The contradictory statements cast doubt on the inherent reliability of the entire declaration, such that this Court should strike the entire declaration. Even if the Court is not inclined to strike the declaration in its entirety, Defendants alternatively ask that the portions that lack personal knowledge or otherwise contain inadmissible hearsay be stricken. *See* Defs.' Ex. 1.

### 2. Exhibit C - Declaration of Anthony Enriquez, Catholic Charities of the Archdiocese of New York

Similarly, Defendants object to the declaration of Anthony Enriquez ("Mr. Enriquez") because his declaration lacks a personal-knowledge foundation over many of the factual assertions, contains inadmissible hearsay, and contains improper lay-witness opinion. *See* ECF 439-1, at 62–81. Mr. Enriquez bases his declaration not on his personal knowledge, but on the collective knowledge of the organization where he is employed—Catholic Charities Community Services at the Archdiocese of New York

1   (CCCS). Mr. Enriquez begins his declaration by stating that the "affidavit addresses
2   some of the cases *we have seen*. . . ." ECF 439-1, at 63, ¶ 6 (emphasis added). The entire
3   declaration is written in the plural on behalf of CCCS, and thus, it is not clear what
4   factual assertions set forth in the declaration, if any, are based on Mr. Enriquez's
5   personal knowledge. *Bank Melli*, 58 F. 3d at 1412.

6          In addition, significant portions of the declaration fall squarely within the
7   definition of hearsay as out-of-court, statements offered to prove the truth of the matters
8   asserted. *See* Defs.' Ex. 1. For example, Mr. Enriquez states: "[s]taff at private shelters
9   tell me that the shelter staff themselves are not always provided information" (ECF 439-
10  1, at 64, ¶ 8); "shelter staff respond to our inquiries by saying they do not know";
11  "shelter case workers we interact with have told us…" (*id.* ¶ 9); "a reporter contacted
12  our office . . . . We learned from her" (*id.* ¶ 19); and "in another case, an attorney on our
13  staff was contacted by a personal friend who worked in a law office in another city that
14  had contact with a separated parent" (*id.* ¶ 9). Because such statements are not matters
15  that Mr. Enriquez experienced with his five senses, but are out-of-court statements that
16  Mr. Enriquez is using for their truth value, they are inadmissible hearsay and should be
17  stricken. Fed. R. Evid. 801, 802.

18         Additional portions of Mr. Enriquez's declaration should be excluded because
19  they contain improper legal conclusions and improper lay witness opinions. For
20  example, in paragraph 25, he states: "[t]he continuing failure of the government to adopt
21  a standard for separation that comports with due process…" ECF 439-1, at 70, ¶ 25.
22  This is precisely the type of legal-conclusion testimony by a lay witness that has been
23  held to be inadmissible. *See Evangelista v. Inland Boatman's Union of the Pacific*, 777
24  F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay witness' testimony of legal conclusion is
25  inadmissible under Fed. R. Evid. 701). Similarly, in paragraph 7, Mr. Enriquez goes
26  outside the bounds of lay-witness testimony by speculating that often "children are too
27  traumatized and fearful to speak to us about family separation at our first meeting." ECF
28

7

439-1, at 64, ¶ 7. This statement not only speculates about the children's thoughts and feelings, but it is also an improper opinion because Mr. Enriquez does not claim to have any expertise that would allow him to opine about child trauma. These are not factual statements based on his own personal knowledge, and therefore constitute improper opinion testimony by a lay witness. *See Durham*, 464 F.3d at 982 (Opinion testimony of lay witnesses must be "predicated upon concrete facts within their own observation . . . as distinguished from their opinions or conclusions drawn from such facts.") (internal quotation mark omitted); *see also Plyler v. Whirlpool Corp.*, 751 F.3d 509, 514 (7th Cir. 2014) (a lay witness may testify only to what he observed, e.g., a fire, but may not opine as to the cause of what he observed, because cause is not based on the witness's "perception").

Thus, because improper-lay-witness opinion and inadmissible hearsay pervade Mr. Enriquez's declaration, this Court should exclude Mr. Enriquez's declaration in its entirety or, alternatively, strike the inadmissible portions.

### 3. *Exhibit D - Declaration of Nicolas Palazzo, Las Americas Immigrant Advocacy Center*

Defendants object to the declaration of Nicolas Palazzo (Mr. Palazzo) as he fails to lay a proper foundation as to the source of his knowledge or demonstrate personal knowledge over many of the factual assertions in the declaration, and thus, many of his statements amount to inadmissible hearsay. *See* Defs.' Ex. 1. Although Mr. Palazzo states that he spoke with an individual identified as E.R.R., Mr. Palazzo does not claim to have been present for many of the incidents reported by E.R.R. Indeed, many of the reported statements were said to E.R.R. and then retold to Mr. Palazzo. ECF 439-1, at 76–78. For example, Mr. Palazzo states: "E.R.R. recalled that he and his daughter were initially placed in a facility…." (*id.* ¶ 5); and "The guard. . . told E.R.R., 'You are a bad father.' The guard also asked him, "Why did you bring your daughter here?'" (*id.* ¶ 9). These statements (and many statements throughout the declaration) are not based on

Mr. Palazzo's personal knowledge, but on what he heard from E.R.R. Fed. R. Evid. 602. As a result, what Mr. Palazzo was allegedly told by E.R.R. is clearly hearsay and is admissible.[3] The Court should exclude Mr. Palazzo's declaration in its entirety or, alternatively, strike the inadmissible portions. *See* Defs.' Ex. 1.

### 4. Exhibit E - Declaration of Jennifer Nagda, Young Center for Immigrant Children's Rights

Defendants object to the Declaration of Jennifer Nagda (Ms. Nagda) because the declaration is not based on personal knowledge, contains inadmissible hearsay statements, and is improper lay witness testimony. *See* Defs.' Ex. 1.

Ms. Nagda states up front that her declaration is based on "[her] own knowledge and that of other Young Center staff at programs." ECF No. 439-1, at 81, ¶ 2. By her own admission, she does not exclusively base her declaration on her personal knowledge—rather, she bases her declaration partially on her personal knowledge and partially on the knowledge of "other Young Center staff across the country." *Id.* And the only way for Ms. Nagda to testify as to others' knowledge without speculating, is because she learned this information through hearsay.

Ms. Nagda bases several pages of her declaration on clients' statements made to other child advocates—information that constitutes inadmissible hearsay within hearsay. Fed. R. Evid. 805. For example, in paragraph 37, subsection a, Ms. Nagda lists information that an unnamed "Child Advocate" learned, which the "Child Advocate" presumably learned through hearsay. *See, e.g.*, ECF 439-1 at 90, ¶ 37(a) ("Our Child Advocate subsequently learned that KL's father had a 2001 conviction for carrying a concealed knife and for sale of marijuana."). In the remaining subsections of paragraph 37 and paragraphs 38–41, Ms. Nagda bases her testimony on hearsay statements from the organization's clients, but does not specify whether these clients were speaking

---

[3] To the extent Mr. Palazzo references the I-213 and any of the information contained therein, these statements violate the best evidence rule as the documents themselves are required to prove their contents. *See* Fed. R. Evid. 1002.

directly to Ms. Nagda, or whether Ms. Nagda heard about these statements from another advocate. *See, e.g.*, *id.* at 90, ¶ 37(e) (stating that "Government records are consistent with what *we were first told* about MA's mother when we were appointed to his case: that she had alleged gang ties and a criminal record in her home country," but concluding that this information was incorrect based upon MA's mother's out-of-court statements that she made to an unspecified person) (emphasis added). All of these statements and conclusions constitute inadmissible hearsay, which this Court should exclude. Fed. R. Evid. 801–802; *Self-Insurance Inst. Of America, Inc*, 208 F. Supp. 2d at 1063.

Additionally, Ms. Nagda cannot make legal conclusions about child-welfare law because such legal conclusions are solely within the province of this Court. A witness's testimony is "not proper for issues of law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). Even in the context of expert testimony, the witness may "interpret and analyze factual evidence," but must refrain from testifying about the law. *Id.* (internal quotations and citation omitted). Courts should disregard declarations that draw legal conclusions when deciding a motion. *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed.Appx. 486 (9th Cir. Apr. 10, 2017). In paragraphs 23–30, 44, and 46, Ms. Nagda analyzes and testifies about issues of child-welfare law in various states. ECF No. 439-1 at 85–87. Then, she makes legal conclusions in paragraphs 35 and 37, stating that most of the children who were in ORR's custody could have safely remained with their parents under "child welfare law." *Id.* at 89. Such legal analysis about how states apply child-welfare law and the application of child-welfare law to the facts in this case is reserved for the Court and is more appropriate in Plaintiffs' brief through citations to law rather than in lay-witness testimony. *Crow Tribe of Indians*, 87 F.3d at 1045. Thus, these paragraphs, which are replete with legal analysis and conclusions, should be stricken. *EduMoz, LLC*, 968 F. Supp. 2d at 1050.

Lastly, Ms. Nagda offers several improper opinions because she has not laid the proper foundation for her to testify as an expert witness. Ms. Nagda is a "policy director" for the Young Center; nowhere in her declaration does she list her expertise in child psychology or pediatrics. *See generally* ECF No. 439-1, at 80–98. Nonetheless, she testifies about the child trauma as well as physical and emotional consequences arising from parent-child separation. ECF No. 97, ¶ 49, 50. She bases her conclusion on a letter from the American Psychological Association, an article from a website, and experience of "Young Center Child Advocates"—all of which are out-of-court statements used to prove the truth of the matter asserted. Fed. R. Evid. 801. Because Ms. Nagda is not qualified to testify as an expert about child psychology and/or pediatrics, she cannot give an opinion about how parent-child separation affects a child's mental and physical wellbeing, let alone rely on hearsay to inform her opinions. *See* Fed. R. Evid. 701–703; Fed. R. Evid. 801–802. Accordingly, this Court must strike Ms. Nagda's improper lay-witness testimony and citations to hearsay in paragraphs 49 and 50 of her declaration.

### 5. *Exhibit G - Declaration of Michelle Lapointe, Southern Poverty Law Center*

Defendants object to the Declaration of Michelle Lapointe (Ms. Lapointe) because, like many of the other declarations submitted by Plaintiffs, it is not based exclusively on personal knowledge, lacks proper foundation, and contains impermissible hearsay. *See* Defs.' Ex. 1; ECF 439-1, at 106–108. Ms. Lapointe begins her declaration asserting that it is based on her personal knowledge, but in paragraph 3, she states, "[w]e represent a father, M.A.B." ECF 439-1, Ex. G, at 106, ¶ 3. It appears that the "we" refers to Ms. Lapointe's organization, the Southern Poverty Law Center. *See Self-Insurance Inst. Of America, Inc.* 208 F. Supp. 2d at 1063–64 (declarations based on another person's knowledge or experience are inadmissible because they rely on either hearsay or speculation). Ms. Lapointe's declaration is not based on her

personal knowledge, but rather she attributes the source of her information to other attorneys in her organization.

Throughout the declaration, Ms. Lapointe provides factual information regarding an individual identified as M.A.B. and his child. ECF 439-1, at 106–108 However, Ms. Lapointe neither explains the basis for her knowledge nor does she claim to have been present for the events she recounts on M.A.B.'s behalf. For example, Ms. Lapointe discusses M.A.B.'s time in custody, stating, "Mr. M.A.B. requested that the officials perform a DNA test to confirm that he is M.'s father...." ECF 439-1, at 106, ¶ 5. Yet, Ms. Lapointe does not provide the basis for her knowledge. In paragraph six of her declaration, Ms. Lapointe notes that she "reviewed the ORR casefile for [the child]," and "[s]ome of the following information is from that file." *Id.* ¶ 6. Not only does Ms. Lapointe not provide the case file, but she fails to identify which of the subsequent 11 paragraphs of her declaration are based on her review of the ORR case file.[4] In addition, many of these statements contain inadmissible hearsay, and in many cases constitute hearsay within hearsay. *See id.* ¶ 8 (Ms. Lapointe states that the child's "case notes reflect that during the call, '[the child] was adamant she did not want to speak with him because she was mad at him. [The child] screamed numerous times.'"). Thus, because lack of personal-knowledge foundation and inadmissible hearsay permeate Ms. Lapointe's declaration, this Court should strike her declaration in its entirety or, alternatively, strike the inadmissible portions. *See* Defs.' Ex. 1.

### 6. *Exhibit H - Declaration of Efren Olivares, Texas Civil Rights Project*

Defendants object to the Declaration of Efren Olivares (Mr. Olivares) because it is not based on the declarant's personal knowledge and contains inadmissible hearsay. *See* Defs.' Ex. 1. Mr. Olivares' declaration suffers from the same flaw as many of the

---

[4] To the extent Ms. Lapointe references the ORR case file and any of the information contained therein, these statements violate the best evidence rule as the documents themselves are required to prove their contents. *See* Fed. R. Evid. 1002.

declarations submitted by Plaintiffs in support of their motion—it is only partially based on his personal knowledge and partially based on the knowledge of Mr. Olivares' organization, the Texas Civil Rights Project. *See, e.g.*, ECF 439-1, at 112, ¶ 6 ("We have interviewed adults who have been separated from their biological children."); *id.* at 114, ¶ 19 ("My colleague visited and met with Mr. C.C."). Mr. Olivares also does not claim to have been present for many of the incidents reported by the individuals referenced in the declaration. *See e.g.* ECF 439-1, at 113, ¶ 10. ("Mr. A.'s family members in San Salvador sought a background check from Salvadoran authorities"); *id.* at 114, ¶ 16 ("according to Mr. C.C., the arrest warrant was issued as part of the hotel developer's campaign to discredit anyone who opposed his project…."). For a majority of factual statements provided in his declaration, Mr. Olivares fails to provide any facts that would establish the source of his knowledge. *See*, *e.g.*, ECF 439-1, at 112–115, ¶¶ 7–26. Although Mr. Olivares states under penalty of perjury that the declaration is based on his personal knowledge, instead, what he provides is a statement that lacks foundation because it is based on the collective knowledge of individuals in his organization who in turn appear to have learned of this information from other individuals. *X17 v. Lavandeira*, No. CV0607608-VBF, 2007 WL 790061, at *3 (C.D. Cal. Mar. 8, 2007) (on motion for preliminary injunction, declarations lacking personal knowledge are inadmissible). The result is a declaration flush with inadmissible hearsay (and in some cases hearsay within hearsay), and the Court should exclude the declaration in its entirety or, alternatively, strike the inadmissible portions. *See* Defs.' Ex. 1.

### 7. *Exhibit I - Declaration of Lisa Koop, National Immigrant Justice Center*

Defendants object to the Declaration of Lisa Koop (Ms. Koop). Ms. Koop fails to lay a proper foundation as to the source of her knowledge or demonstrate personal knowledge for many of the statements in her declaration, and thus, many of the statements amount to inadmissible hearsay. *See* Defs.' Ex. 1. Ms. Koop states that her

13

declaration is based on her personal knowledge, and yet, like so many of the declarations submitted by Plaintiffs, it is a declaration on behalf of an organization where Ms. Koop is employed, the National Immigrant Justice Center (NIJC). Although Ms. Koop may testify about NIJC and what its work involves based on her personal knowledge, her testimony about what others in her organization have experienced or learned is inadmissible hearsay or speculation. Ms. Koop's declaration is awash with statements written on NIJC's behalf; for example, she states: "we were never provided the specific basis of the separation" (ECF 439-1, at 120, ¶ 5.a); "[w]e were informed by Ms. L class counsel" (*id.* at 121, ¶ 5(c)); "NIJC has seen matters" (*id.* at 122, ¶ 6); and "when NIJC has been told by DHS" (*id.* at 125, ¶ 10). In addition, Ms. Koop does not claim to have been present for any of the incidents reported by the individuals referenced in the declaration. *See, e.g.*, ECF 439-1, at 121 ¶ 5(c) ("in about March 2008 [Ms. A.] was temporarily detained by Salvadoran authorities when she was eating at a restaurant frequented by gang members"); *id.* at ¶ 5(d) ("[Ms. U] was held in pretrial detention in El Salvador for approximately one year"); and *id.* at 123 ¶ 6(b) ("Ms. V surrendered the drugs to Salvadoran authorities"). Ms. Koop's declaration itself must contain facts showing her connection with the matters stated in the declaration, and establishing the source of her information—but it does not. Fed. R. Evid. 602; *X17,* 2007 WL 790061, at *3. Ms. Koop attempts to obfuscate the multiple levels of inadmissible hearsay in her declaration by framing the information presented as something the NIJC learned. Thus, because lack of personal knowledge and inadmissible hearsay pervade Ms. Koop's declaration, this Court should strike her declaration in its entirety or, alternatively, strike the inadmissible portions. *See* Defs.' Ex. 1.

### 8. *Exhibit J - Declaration of Camila Trefftz, Michigan Immigrant Rights Center*

Defendants object to the Declaration of Camila Trefftz (Ms. Trefftz) because it contains hearsay and lacks the proper foundation as it is not based on Ms. Trefftz's

14

personal knowledge. *See* Defs.' Ex. 1. First, although Ms. Trefftz states that the declaration is based on her personal knowledge, many statements in her declaration demonstrate the opposite. Indeed, the majority of the statements in Ms. Trefftz's declaration appear to be on behalf of her organization, the Michigan Immigrant Rights Center (MIRC). *See, e.g.*, ECF 439-1, at 129 ¶ 6 ("based on conversations with BCS, our understanding is"); *id.* at ¶ 9 ("[o]ur understanding is that"); *id.* at 131 ¶ 16 ("who we understand"). Ms. Trefftz also bases several pages of her declaration on conversations that individuals at MIRC had with staff at Bethany Christian Services (BCS) and her understanding of those conversations—information that constitutes hearsay within hearsay. Fed. R. Evid. 805; *see, e.g.*, ECF 439-1, at 129, ¶ 6 ("[b]ased on our conversations with BCS staff, our understanding is that BCS"); and *id.* at ¶ 9 ("BCS also sometimes learns information concerning the reasons for the separation by contacting the families"). The statements in the declaration regarding what others in her organization have experienced or have learned are inadmissible hearsay statements or speculation, and not statements based on Ms. Trefftz's personal knowledge.

In addition, every statement cited above is an out-of-court statement that cannot be introduced for the truth of the matter asserted. Fed. R. Evid. 801–802. Indeed, even the paragraphs of the declaration that appear to be based on Ms. Trefftz's personal knowledge contain inadmissible hearsay. For example, in paragraph 18, Ms. Trefftz states: "I contacted B's mother, who confirmed with me on several occasions that the father did not have any gang affiliations." *Id.* at 131, ¶ 18. What Ms. Trefftz was allegedly told by various individuals and then repeatedly recounted throughout her declaration falls squarely within the definition of hearsay and is inadmissible. The Court should exclude her declaration from the record in its entirety or, alternatively, strike the inadmissible portions. *See* Defs.' Ex. 1.

### 9. Exhibit K - Supplemental Declaration of Michelle Brané, Women's Refugee Commission

Defendants object to the Declaration of Michelle Brané (Ms. Brané) because it is not based on personal knowledge, contains impermissible hearsay, and contains improper lay witness opinion. *See* Defs.' Ex. 1. Ms. Brané states that her declaration is based on her personal knowledge, and yet, many of the statements are attributable to the organization where she is employed, the Women's Refugee Commission (WRC). *See* ECF 439-1, at 136, ¶¶ 1, 6. Ms. Brané may testify about WRC and what its work involves based on her personal knowledge, but her testimony about what others in her organization have experienced or learned is inadmissible. *See, e.g.* ECF 439-1, at 136, ¶ 6 ("[o]ur understanding is the Customs and Border Protection ("CBP")"); *id.,* at 137, ¶ 7 ("[w]e have learned of cases")' *id.* ¶ 10 ("[w]e have been told that CBP"). Ms. Brané's statements about what others in her organization have learned is inadmissible because it is either hearsay or speculation. In addition, Ms. Brané makes assertions that rest on hearsay statements throughout her declaration. *See, e.g., id.* ¶ 8 ("We have learned that in some cases, ICE has learned that a parent was separated after a parent calls the hotline, when an attorney or advocate contacts ICE with inquiries, or when ORR reaches out."); *id.* ¶ 10 ("We have been told that CBP inputs information about the location of the separation in a drop down menu that lists only border patrol stations and not ports of entry.").

Additional portions of Ms. Brané's declaration should be excluded because they contain improper lay witness opinions. For example, she states: "CBP is not consistently following the protocols, and in some cases the protocols themselves are insufficient" *id.* ¶ 7. This is precisely the type of lay testimony regarding opinions and conclusions that has been held repeatedly to be inadmissible. *See Evangelista*, 777 F.2d at 1398 n.3. This statement speculates as to the sufficiency of CBP protocols, and Ms. Brané's does not claim to have the expertise to opine on CBP procedure, specifically border

16

protocols. These are not factual statements based on her own personal knowledge, and therefore constitute improper opinion testimony by a lay witness. *See Durham*, 464 F.3d at 982. Thus, because her declaration relies on inadmissible hearsay, and because Ms. Brané is not an expert on CBP border protocols, this Court should strike her declaration in its entirety. *See* Defs.' Ex. 1.

### 10. Exhibit L - Declaration of Derek Loh, Immigrant Defenders Law Center

Defendants object to the Declaration of Derek Loh because it is not a properly executed declaration. Although titled as a declaration, Plaintiffs' Exhibit L was not sworn to or notarized under oath pursuant to Fed. R. Evid. 603, and it does not substantially comply with 28 U.S.C. § 1746 (authorizing unsworn declarations under penalty of perjury under certain conditions). Local Rule 7.1(f) states that, where appropriate, a motion must be supported by "a separate or a joint statement of material facts, required declarations or affidavits, or exhibits, must be supplied." To be admissible, an unsworn declaration requires a statement by the declarant substantially similar to the following: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). [¶] (Signature)." *Howard v. AMCO Ins. Co.*, No. SACV0800175DMGMLGX, 2010 WL 11595719, at *2–3 (C.D. Cal. Oct. 19, 2010) (Gee, J.) (quoting 28 U.S.C. § 1746). Thus, this declaration is not admissible under 28 U.S.C. § 1746, because the declarant does not declare that what he has stated in the declaration is true. The Court should strike this declaration in its entirety.

### C. The Testimony Contained in the Declarations that Rely on Expert Witness Testimony Should Be Excluded as Improper Lay Witness Evidence

Because Plaintiffs have failed to lay the proper foundation as to the expert qualification of any of their declarants, this Court must strike any expert testimony the declarants proffer. The proponent of expert testimony has the burden of proving the

admissibility of the testimony under Rule 702. *Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). District court judges are the gatekeepers of admitting expert testimony and must ensure that the proffered testimony is both reliable and relevant. *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1005 (9th Cir. 2001). Reliability turns on the soundness of the proposed expert's methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). Because of the "assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline," the Federal Rules of Evidence grant experts wide latitude to offer opinions that are not based on firsthand knowledge or experience—unlike lay witnesses. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999). Nonetheless, opinion evidence that "is connected to existing data only by the *ipse dixit*," *i.e.* "it is because I say it is," of the expert is inadmissible. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Here, Plaintiffs have not proffered any of the individual declarants as an expert to this Court, the "gatekeeper" of expert testimony, to ensure the reliability and relevance of their testimony. *Jinro America Inc.*, 266 F.3d at 1005. Absent this gatekeeping function, this Court should not allow any of these declarants the broad latitude of relying on inadmissible evidence, nor should this Court permit these declarants to opine about matters that require expertise. Thus, as explained below, the Declarations in Exhibits N–Q contain improper-lay-witness opinions because none of these declarants has sufficiently laid foundation to show that there is a reliable basis for their opinions. Specifically, not one of the declarants in Exhibits N–Q state what reliable principles and methods they used and applied, as required under Federal Rule of Evidence 702(c)-(d). Accordingly, this Court should strike these declarations as improper-lay-witness opinion. *See* Defs.' Ex. 1.

1

**1.  Exhibit N – Declaration of Jeanne Rikkers**

2

Defendants object to the declaration of Jeanne Rikkers (Ms. Rikkers) because

3

Ms. Rikkers's entire declaration contains improper-lay-witness testimony. *See* Defs.'

4

Ex. 1.. When a proposed expert relies solely or primarily on experience to demonstrate

5

reliability, he or she "must explain how that experience leads to the conclusion reached,

6

why that experience is a sufficient basis for the opinion, and how that experience is

7

reliably applied to the facts." Fed. R. Evid. 702, Advisory Committee Note (2000

8

Amendments); *see also Kumho Tire Co.*, 526 U.S. at 151 ("[I]t will at times be useful

9

to ask even of a witness whose expertise is based purely on experience…whether his

10

preparation is of a kind that others in the field would recognize as acceptable."). Here,

11

no such explanation exists.

12

Ms. Rikkers explains that she has conducted research in El Salvador about gang

13

affiliations, but she does not explain what methods or principles—if any—she used in

14

coming to her conclusions about the number of mistaken gang affiliations in El

15

Salvador. *See* ECF No. 439-1 at 151–53. Instead, Ms. Rikkers makes her declaration

16

based on her "personal knowledge"—not her expertise. ECF No. 439-1 at 151, ¶ 1.

17

Besides her "personal knowledge," the only method or principle that she

18

mentions in her entire declaration is that she has "personally witnessed" interactions

19

between police officers and youth that "demonstrate 'an assumption of guilt.'" *Id.* at

20

152, ¶ 6. However, it is unclear that her personal observations "at the community level"

21

is a reliable method, and she does not explain why researchers in her field would rely

22

solely on their community experiences to make overarching conclusions about an entire

23

country's police investigations. Because she does not explain how her "personal"

24

experience in El Salvador is a reliable method in her field, she has not established that

25

her declaration has a reliable basis in the knowledge and experience of her discipline.

26

*Kumho Tire Co.*, 526 U.S. at 149; Fed. R. Evid. 702(a), (c)-(d). Thus, she cannot make

27

conclusions about general police practices in El Salvador because such opinions are

28

outside of the purview of a lay witness. Fed. R. Evid. 602(c). Thus, this Court should strike her declaration in its entirety. See Defs.' Ex. 1.

### 2. *Exhibit O – Declaration of Dr. Jack P. Shonkoff*

Defendants object to the admissibility of Dr. Jack P. Shonkoff's (Dr. Shonkoff) declaration because it is wrought with improper-lay-witness testimony. Like Ms. Rikkers, Dr. Shonkoff fails to state that he relied upon reliable methods and principles in coming to his conclusions. When an expert fails cite to any specific, objective sources or explain how she followed a scientific method in coming to her conclusions, but, instead, relies of "vague and generalized" explanations, the expert opinion is unreliable. *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions). Such is the case here.

Although Dr. Shonkoff states that his testimony "provides a science-based analysis" based on "strong scientific consensus supported by extensive research across multiple disciplines," he fails to state (1) what "science" the analysis is based on; (2) who represents the "strong scientific consensus"; and (3) what extensive research (and among what disciplines) supports the consensus. *See* ECF 439-1 at 157, ¶ 5. He then mentions that "countless studies" provide evidence of the consequences of separation, but, again, he fails to mention even one specific, objective source that confirms his assertions. *Id.* at 157, ¶ 6. Such "vague and generalized" explanations are insufficient to demonstrate that the expert applied reliable methods and principles to reach his conclusions. *Hermanek*, 289 F.3d at 1094. Because Dr. Shonkoff failed to provide any specific, objective sources or explain his methodology, and, instead, relied on generalized statements about "research" in "multiple disciplines," his testimony is not

reliable as required under Federal Rule of Evidence 702(c)-(d). *Cabrera*, 134 F.3d at 1453. Thus, this Court should strike his declaration in its entirety. *See* Defs.' Ex. 1.

### 3. *Exhibit P – Declaration of Dr. Dora B. Schriro*

Defendants object to Dr. Dora B. Schriro's (Dr. Schriro) declaration because her entire declaration is improper-lay-witness testimony. *See* Defs.' Ex. 1. Like Dr. Shonkoff's failure to disclose the sources and research upon which he relied, Dr. Schriro also fails to disclose her methods. When an expert opinion "lacks an explanation as to what methodology he uses, why he chose to employ the factors he did," or whether the tests and principles employed have been used by others in the field, "the Court "has no way to judge [the expert's] reasoning or determine the dependability of his opinions." *San Diego Comic Convention v. Dan Farr Productions*, No. 14-cv-1865 AJB, 2017 WL 4227000, at *7 (S.D. Cal. Sept. 22, 2017) (citing *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997). Here, because Dr. Schriro failed to explain the "research" she relied upon and whether others in the field also use similar risk assessments, this Court has no way to assess her reasoning and dependability. Dr. Schriro states that "the research" has established accurate assessments for determining where to place individuals in detention, but is silent about the nature or origin of the "research" to which she is referring. ECF No. 439-1 at 166, ¶ 7. Without any further discussion about the alleged "research" upon which her assessment is based, she then dives into "risk assessment" and its applications. *Id.* at 167, ¶ 8. Yet, she explains neither whether these risk assessments are generally accepted in the immigration-detention context, nor whether experts in her field generally rely on these assessments in determining placement in immigration detention. *Id.* Although she has personally developed risk assessments for various agencies, she does not explain whether the agencies actually implemented her assessments, whether her assessments were peer-reviewed, or whether these risk assessments are used by other experts in her field. Because Dr. Schriro does not explain the basis of her methods or research, her testimony

1    is not reliable and should be excluded. Thus, this Court should strike her declaration in

2    its entirety. *See* Defs.' Ex. 1.

3    ### 4. *Exhibit Q – Declaration of Dr. James Austin*

4    Defendants object to the statements in Dr. James Austin's (Dr. Austin)

5    declaration because he is not qualified to testify as an expert. In the same fashion as Dr.

6    Schriro, Dr. Austin also makes sweeping conclusions about custody-classification

7    systems without disclosing his basis of knowledge. While he touts his past accolades

8    and research in detention-classification systems, he fails to specify the research upon

9    which he relies, state whether the "research" applies to present-day-immigration-

10   detention settings, or explain why his experience is a sufficient basis for his opinion.

11   ECF No. 439-1, at 170–71. Instead, Dr. Austin makes vague, generalized statements

12   that "research has shown" that certain factors are important in risk assessments, and that

13   "researchers" have found that supervision affects detainees' behavior. *Id.* at 171, ¶¶ 8–

14   9. Such vague and generalized statements about "research," however, are insufficient

15   to establish a reliable basis for an expert opinion. *Hermanek*, 289 F.3d at 1094.

16   Even if Dr. Austin is primarily relying on his experience, he must still "explain

17   how that experience leads to the conclusion reached, why that experience is a sufficient

18   basis for the opinion, and how that experience is reliably applied to the facts." Fed. R.

19   Evid. 702, Advisory Committee Note (2000 Amendments). But Dr. Austin does not

20   offer any explanation as to why his experience is a sufficient basis to make conclusions

21   about *family* detention—an area in which he claims no expertise—or whether he

22   reliably applied his expertise to the facts in this case. Rather, he makes a blanket

23   judgment about ICE's risk-assessment practices in the context of family detention,

24   stating that ICE's exclusion policy is "inconsistent with widespread risk assessment

25   practices." ECF No. 439-1, at 172, ¶ 16. He fails to state, however, what percentage of

26   jails utilize risk assessments, and whether these same assessments are used in the

27   family-detention context—the heart of the issue here. *Id.* at 172, ¶ 16. Although he states

28

1    that family-detention facilities typically do not exclude "every adult," he neither

2    provides reference for this assertion, nor does he state what standards these family-

3    detention centers use, let alone whether they apply similar risk assessments to those in

4    general correctional facilities. *Id.* Because Dr. Austin does not explain how his

5    experience qualifies him to opine about risk assessments for family detention or cite

6    any objective, specific authorities in opining about the standards in family-immigration-

7    detention facilities, his opinion testimony is unreliable. Fed. R. Evid. 702(c)-(d);

8    *Cabrera*, 134 F.3d at 1423.

9            Accordingly, because none of the declarants in Exhibits N–P have sufficiently

10   established their reliable methods and principles as required by Federal Rule of

11   Evidence 702(c)-(d), none of these witnesses may make conclusions that require

12   scientific, technical, or other specialized knowledge. Fed. R. Evid. 602(c). Therefore,

13   this Court should exclude Exhibits N–P in their entirety or, alternatively, all paragraphs

14   in which these declarants provide such specialized opinions and information, as outlined

15   in Defendants' Exhibit 1, because these opinions constitute improper-lay-witness

16   testimony.

### D. <u>This Court should exclude Martin Guggenheim's declaration (Exhibit M) in its entirety because it is replete with improper legal conclusions</u>

17

18

19           Defendants object to Martin Guggenheim's declaration because it contains

20   improper legal conclusions and improper-lay-witness testimony. *See* Defs.' Ex. 1.

21   Although Martin Guggenheim ("Guggenheim") has experience in child-welfare law,

22   his alleged expertise in this field does not allow him to make legal conclusions reserved

23   for the Court. Expert testimony is "not proper for issues of law." *Crow Tribe of Indians*,

24   87 F.3d at 1045 (9th Cir. 1996). Rather, experts "interpret and analyze factual

25   evidence," but refrain from testifying about the law. *Id.* (internal quotations and citation

26   omitted). Calling an attorney to testify as an expert in an area of law is improper because

27

28

"[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Brodie*, 858 F.2d 492, 496–97 (9th Cir. 1988) (overruled on other grounds, *see United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997) ("We overrule Brodie's Rule 704(b) analysis…")). When an attorney declarant draws "legal conclusions regarding the application of law to the facts of th[e] case," the court properly disregards the declaration when deciding the motion. *EduMoz, LLC*, 968 F. Supp. 2d, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed. Appx. 486 (9th Cir. Apr. 10, 2017). (disregarding declaration of international-law professor regarding the application of law to the case). The Court should likewise disregard Guggenheim's application of law here.

Guggenheim's declaration amounts to legal conclusions that this Court is competent to perform without the aid of an expert. In paragraphs 3–7, Guggenheim explains "general principles" of child-welfare law and federal-constitutional law, making conclusions about the weight of evidence and admissible evidence—conclusions of law generally reserved for a court. ECF No. 439-1 at 145–46 ¶¶ 3–7. He analyzes case law in New York to support his legal analysis in the preceding paragraphs. *Id.* at 146–47, ¶¶ 8–9. Guggenheim proceeds to give his legal "opinion" about how many of the child separations would trigger the need for assessment of the parent "under state child welfare law, or established federal constitutional principles." *Id.* at 147–48, ¶¶ 11–14. Because Guggenheim's legal opinions about the application of parental-constitutional rights to the facts in this case is the province of the District Judge, this Court should exclude his declaration in its entirety in deciding Plaintiffs' Motion to Enforce. *Brodie*, 858 F.2d at 496–97; *EduMoz*, 968 F. Supp. at 1050.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude from the record Plaintiffs' Exhibits B–E, and G–Q submitted in support of Plaintiffs'

1   July 30, 2019 Motion to Enforce. Alternatively, if the Court is disinclined to exclude

2   Plaintiffs' Exhibits B–E, and G–Q in their entirety, Defendants request that this Court

3   strike the inadmissible portions of the declarations as outlined in Defendants' Exhibit

4   1.

5   DATED: September 6, 2019            Respectfully submitted,

6

7                                       JOSEPH H. HUNT
                                        Assistant Attorney General
8                                       SCOTT G. STEWART
                                        Deputy Assistant Attorney General
9                                       WILLIAM C. PEACHEY
                                        Director
10                                      WILLIAM C. SILVIS
                                        Assistant Director
11

12                                      /s/ Nicole N. Murley
13                                      NICOLE MURLEY
                                        Senior Litigation Counsel
14                                      SARAH B. FABIAN
15                                      Senior Litigation Counsel
                                        Office of Immigration Litigation
16                                      Civil Division
17                                      U.S. Department of Justice
                                        P.O. Box 868, Ben Franklin Station
18                                      Washington, DC 20044
19                                      (202) 616-0473
                                        (202) 616-8962 (facsimile)
20                                      Nicole.Murley@usdoj.gov
21

22                                      ADAM L. BRAVERMAN
                                        United States Attorney
23                                      SAMUEL W. BETTWY
                                        Assistant U.S. Attorney
24

25                                      Attorneys for Respondents-Defendants

26

27

28

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington, DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

    I declare under penalty of perjury that the foregoing is true and correct.

    DATED: September 6, 2019      *s/ Nicole N. Murley*
                                Nicole N. Murley

# DEFENDANTS' EXHIBIT 1

*Ms. L. et al., v. U.S. Immigration and Customs Enforcement, et al.*
**DEFENDANTS' EXHIBIT 1: OBJECTIONS TO PLAINTIFFS' DECLARATION
IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION[1]**

| DOCUMENT | EXHIBIT | OBJECTIONS |
|---|---|---|
| Supplemental Declaration of Christina E. Turner, Kids in Need of Defense | Plaintiffs' Exhibit B, pp. 51 - 59 | Inadmissible Hearsay<br><br>Para. 6, 7, 8, 14, 15, 16, 17, and 19<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 615 (C.D. Cal. 2005) (sustaining hearsay objection to declaration statement). |
| | | Lack of Foundation/Personal Knowledge<br><br>Para. 6, 7, 8, 14, 15, 17, 18, and 19<br><br>FED. R. EVID. 602; *see also X17 v. Lavandeira*, No. CV0607608-VBF, 2007 WL 790061, at *3 (C.D. Cal. Mar. 8, 2007) (on motion for preliminary injunction, declarations lacking personal knowledge are inadmissible). The result is a declaration flush with inadmissible hearsay (and in some cases hearsay within hearsay); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district |

---

[1] Defendants provide this exhibit pursuant to Fed. R. Evid. 1006.

| | | court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
|---|---|---|
| Declaration of Anthony Enriquez, Catholic Charities of the Archdiocese of New York | Plaintiffs' Exhibit C, pp. 60 - 73 | **Inadmissible Hearsay** <br><br> Para. 8, 9, 13, 17, 18, 19, 20, 21, 23 <br><br> FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 615 (C.D. Cal. 2005) (sustaining hearsay objection to declaration statement). |
| | | **Lack of Foundation/Personal Knowledge** <br><br> Para. 8–15, 17–24 <br><br> Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods*, Inc., 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th |

| | | |
|---|---|---|
| | | Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | **Improper Opinion Testimony**<br><br>Para. 7, 25.<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
| Declaration of Nicolas Palazzo, Las Americas Immigrant Advocacy Center | Plaintiffs' Exhibit D, pp. 74 - 78 | **Inadmissible Hearsay**<br><br>Para. 5, 9, 11, 12, 13<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | **Lack of Foundation/Personal Knowledge**<br><br>Para. 6-11, 14-15<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods*, Inc., 627 F.2d 919, |

| | | |
|---|---|---|
| | | 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| Declaration of Jennifer Nagda, Young Center for Immigrant Children's Rights | Plaintiffs' Exhibit E, pp. 79 - 98 | Inadmissible Hearsay<br><br>Para. 37, 38-41, 49, 50<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Foundation/Personal Knowledge<br><br>Para. 37(a)-(e), 38(a)-(b), 39(a), 41(a)-(c), 42<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Improper legal conclusion |

<table>
<tr>
<td></td>
<td></td>
<td>Para. 35, 37, 47

FED. R. EVID. 701, 702; *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony is "not proper for issues of law."); *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed.Appx. 486 (9th Cir. Apr. 10, 2017) (disregarding declaration of international-law professor regarding the application of law to the case).</td>
</tr>
<tr>
<td></td>
<td></td>
<td>Improper Opinion

Para. 49, 50

FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge).</td>
</tr>
<tr>
<td>Declaration of Michelle Lapointe, Southern Poverty Law Center</td>
<td>Plaintiffs' Exhibit G, pp. 104 - 108</td>
<td>Inadmissible Hearsay

Para. 7, 8, 10, 11, 15

FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay).</td>
</tr>
</table>

6

| | | |
|---|---|---|
| | | Lack of Personal Knowledge<br><br>Para. 3, 4, 5, 8, 10, 11, 12, 14<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 3-5, 8-12, 14-17<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
| Declaration of Efren Olivares, Texas Civil Rights Project | Plaintiffs' Exhibit H, pp. 109 - 116 | Inadmissible Hearsay<br><br>Para. 9, 14, 17, 20, 22, 30<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion |

| | | |
|---|---|---|
| | | when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 7-23, 29-30<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 7-21, 22-23, 26, 28-30<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
| Declaration of Lisa Koop,<br>National Immigrant Justice Center | Plaintiffs' Exhibit I, pp. 117 -125 | Inadmissible Hearsay<br><br>Para. 5(a)-(d), 6(b) |

|  |  |  | FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
|---|---|---|---|
|  |  |  | Lack of Personal Knowledge<br><br>Para. 5(a)-(d), 6(a)-(b), 7-11<br><br>Fed. R. Evid. 602; *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (even in the context of a hearsay statement, "the declarant must also have personal knowledge of what she describes."); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
|  |  |  | Lack of Foundation<br><br>Para. 5(a)-(d), 6(a)-(b), 9, 11<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |

| Declaration of Camila Trefftz, Michigan Immigrant Rights Center | Plaintiffs' Exhibit J, pp. 126 - 133 | Inadmissible Hearsay<br><br>Para. 6–8, 10, 12–14, 16–20, 23<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 6–8, 9–10, 12–14, 16–20, 23<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 14–15, 16, 21<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by |

| | | a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
|---|---|---|
| Supplemental Declaration of Michelle Brané, Women's Refugee Commission | Plaintiffs' Exhibit K, pp. 134 - 138 | Lack of Foundation<br><br>Para. 6–12<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Improper Opinion<br><br>Para. 7, 11–12<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion |

Case 3:18-cv-00428-DMS-MDD   Document 461-1   Filed 09/06/19   PageID.8119   Page 12 of 17

| | | |
|---|---|---|
| | | testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Inadmissible Hearsay<br><br>Para. 3, 10<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 6–12<br><br>Fed. R. Evid. 602; *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (even in the context of a hearsay statement, "the declarant must also have personal knowledge of what she describes."); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
| Declaration of Derek Loh, Immigrant Defenders Law Center | Plaintiffs' Exhibit L, pp. 139 - 142 | Lack of Oath or Affirmation to Testify Truthfully<br><br>Mr. Loh did not swear under the penalty of perjury that his statements were true and correct. Thus, his entire declaration must be stricken. |

12

| | | |
|---|---|---|
| | | Fed. R. Evid. 603; *Howard v. AMCO Ins. Co.*, No. SACV0800175DMGMLGX, 2010 WL 11595719, at *2–3 (C.D. Cal. Oct. 19, 2010) (Gee, J.) (quoting 28 U.S.C. § 1746). |
| | | **Lack of Foundation**<br><br>Para. 4–5, 11–12<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | **Improper Opinion Due to Speculation**<br><br>Para. 12<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to |

| | | |
|---|---|---|
| | | strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Inadmissible Hearsay<br><br>Para. 7–11<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| Supplemental Declaration of Prof. Martin Guggenheim | Plaintiffs' Exhibit M, pp. 143 - 148 | Improper legal conclusion<br><br>Para. 2–9, 11–14<br><br>FED. R. EVID. 701, 702; *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony is "not proper for issues of law."); *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed.Appx. 486 (9th Cir. Apr. 10, 2017) (disregarding declaration of international-law professor regarding the application of law to the case). |
| | | Improper Expert Opinion<br><br>Para. 2–9, 11–14<br><br>FED. R. EVID. 701, 702; *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (Holding that a therapist's lay witness testimony about whether sex abuse victims |

14

| | | |
|---|---|---|
| | | generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert). |
| | | Inadmissible Hearsay<br><br>Para. 10<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| Declaration of Jeanne Rikkers | Plaintiffs' Exhibit N, pp. 149 - 153 | Improper expert opinion<br><br>Para. 4–9<br><br>FED. R. EVID. 701, 702; *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (Holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); Fed. R. Evid. 702, Advisory Committee Note (2000 Amendments) (When a proposed expert relies solely or primarily on experience to demonstrate reliability, he or she "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions). |

| | | |
|---|---|---|
| Declaration of Dr. Jack P. Shonkoff | Plaintiffs' Exhibit O, pp. 154 - 162 | Improper expert opinion<br><br>Para. 5–25<br><br>FED. R. EVID. 701, 702; *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain  how he followed a scientific method in coming to his conclusions); *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002); *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert). |
| | | Improper legal conclusion<br><br>Para. 8<br><br>FED. R. EVID. 602, 701, 702; *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony calling for conclusions of law is improper because experts are supposed to analyze the facts of the case to help the jury determine the issues; legal conclusions are for the Court). |
| Declaration of Dr. Dora Schriro | Plaintiffs' Exhibit P,  pp. 163 - 168 | Improper expert opinion<br><br>Para. 7–11<br><br>FED. R. EVID. 701, 702; *see also San Diego Comic Convention v. Dan Farr Productions,* No. 14-cv-1865 AJB, 2017 WL 4227000, at *7 (S.D. Cal. Sept. 22, 2017) (When an expert opinion "lacks an explanation as to what methodology he uses, why he chose to employ the factors he did," or whether the tests and principles employed have been used by others in the field, "the Court "has no way to judge [the expert's] reasoning or determine the dependability of his opinions."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, |

| | | |
|---|---|---|
| | | 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions); *United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); |
| Declaration of James Austin, Ph.D. | Plaintiffs' Exhibit Q, pp. 169 - 172 | Improper expert opinion<br><br>Para. 6–19<br><br>FED. R. EVID. 701, 702; *see also San Diego Comic Convention v. Dan Farr Productions,* No. 14-cv-1865 AJB, 2017 WL 4227000, at \*7 (S.D. Cal. Sept. 22, 2017) (When an expert opinion "lacks an explanation as to what methodology he uses, why he chose to employ the factors he did," or whether the tests and principles employed have been used by others in the field, "the Court "has no way to judge [the expert's] reasoning or determine the dependability of his opinions."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions); *United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); |