# DEFENDANTS' EXHIBIT 1

*Ms. L. et al., v. U.S. Immigration and Customs Enforcement, et al.*
**DEFENDANTS' EXHIBIT 1: OBJECTIONS TO PLAINTIFFS' DECLARATION IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION[1]**

| DOCUMENT | EXHIBIT | OBJECTIONS |
|---|---|---|
| Supplemental Declaration of Christina E. Turner, Kids in Need of Defense | Plaintiffs' Exhibit B, pp. 51 - 59 | Inadmissible Hearsay<br><br>Para. 6, 7, 8, 14, 15, 16, 17, and 19<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 615 (C.D. Cal. 2005) (sustaining hearsay objection to declaration statement). |
|  |  | Lack of Foundation/Personal Knowledge<br><br>Para. 6, 7, 8, 14, 15, 17, 18, and 19<br><br>FED. R. EVID. 602; *see also X17 v. Lavandeira*, No. CV0607608-VBF, 2007 WL 790061, at *3 (C.D. Cal. Mar. 8, 2007) (on motion for preliminary injunction, declarations lacking personal knowledge are inadmissible). The result is a declaration flush with inadmissible hearsay (and in some cases hearsay within hearsay); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district |

---

[1] Defendants provide this exhibit pursuant to Fed. R. Evid. 1006.

| | | |
|---|---|---|
| | | court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| Declaration of Anthony Enriquez, Catholic Charities of the Archdiocese of New York | Plaintiffs' Exhibit C, pp. 60 - 73 | Inadmissible Hearsay<br><br>Para. 8, 9, 13, 17, 18, 19, 20, 21, 23<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 615 (C.D. Cal. 2005) (sustaining hearsay objection to declaration statement). |
| | | Lack of Foundation/Personal Knowledge<br><br>Para. 8–15, 17–24<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods*, Inc., 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th |

| | | |
|---|---|---|
| | | Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Improper Opinion Testimony<br><br>Para. 7, 25.<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
| Declaration of Nicolas Palazzo,<br>Las Americas Immigrant Advocacy Center | Plaintiffs' Exhibit D, pp. 74 - 78 | Inadmissible Hearsay<br><br>Para. 5, 9, 11, 12, 13<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Foundation/Personal Knowledge<br><br>Para. 6-11, 14-15<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods*, Inc., 627 F.2d 919, |

| | | |
|---|---|---|
| | | 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| Declaration of Jennifer Nagda, Young Center for Immigrant Children's Rights | Plaintiffs' Exhibit E, pp. 79 - 98 | Inadmissible Hearsay<br><br>Para. 37, 38-41, 49, 50<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Foundation/Personal Knowledge<br><br>Para. 37(a)-(e), 38(a)-(b), 39(a), 41(a)-(c), 42<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Improper legal conclusion |

| | | |
|---|---|---|
| | | Para. 35, 37, 47<br><br>FED. R. EVID. 701, 702; *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony is "not proper for issues of law."); *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed.Appx. 486 (9th Cir. Apr. 10, 2017) (disregarding declaration of international-law professor regarding the application of law to the case). |
| | | Improper Opinion<br><br>Para. 49, 50<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| Declaration of Michelle Lapointe, Southern Poverty Law Center | Plaintiffs' Exhibit G, pp. 104 - 108 | Inadmissible Hearsay<br><br>Para. 7, 8, 10, 11, 15<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |

| | | |
|---|---|---|
| | | Lack of Personal Knowledge<br><br>Para. 3, 4, 5, 8, 10, 11, 12, 14<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 3-5, 8-12, 14-17<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
| Declaration of Efren Olivares, Texas Civil Rights Project | Plaintiffs' Exhibit H, pp. 109 - 116 | Inadmissible Hearsay<br><br>Para. 9, 14, 17, 20, 22, 30<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion |

| | | |
|---|---|---|
| | | when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 7-23, 29-30<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 7-21, 22-23, 26, 28-30<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
| Declaration of Lisa Koop, National Immigrant Justice Center | Plaintiffs' Exhibit I, pp. 117 - 125 | Inadmissible Hearsay<br><br>Para. 5(a)-(d), 6(b) |

| | | |
|---|---|---|
| | | FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 5(a)-(d), 6(a)-(b), 7-11<br><br>Fed. R. Evid. 602; *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (even in the context of a hearsay statement, "the declarant must also have personal knowledge of what she describes."); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
| | | Lack of Foundation<br><br>Para. 5(a)-(d), 6(a)-(b), 9, 11<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |

| | | |
|---|---|---|
| Declaration of Camila Trefftz, Michigan Immigrant Rights Center | Plaintiffs' Exhibit J, pp. 126 - 133 | Inadmissible Hearsay<br><br>Para. 6–8, 10, 12–14, 16–20, 23<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 6–8, 9–10, 12–14, 16–20, 23<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Lack of Foundation<br><br>Para. 14–15, 16, 21<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by |

| | | |
|---|---|---|
| | | a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay). |
| Supplemental Declaration of Michelle Brané, Women's Refugee Commission | Plaintiffs' Exhibit K, pp. 134 - 138 | Lack of Foundation<br><br>Para. 6–12<br><br>Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Improper Opinion<br><br>Para. 7, 11–12<br><br>FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion |

| | | |
|---|---|---|
| | | testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Inadmissible Hearsay<br><br>Para. 3, 10<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| | | Lack of Personal Knowledge<br><br>Para. 6–12<br><br>Fed. R. Evid. 602; *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (even in the context of a hearsay statement, "the declarant must also have personal knowledge of what she describes."); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony). |
| Declaration of Derek Loh, Immigrant Defenders Law Center | Plaintiffs' Exhibit L, pp. 139 - 142 | Lack of Oath or Affirmation to Testify Truthfully<br><br>Mr. Loh did not swear under the penalty of perjury that his statements were true and correct. Thus, his entire declaration must be stricken. |

| | | | |
|---|---|---|---|
| | | | Fed. R. Evid. 603; *Howard v. AMCO Ins. Co.*, No. SACV0800175DMGMLGX, 2010 WL 11595719, at *2–3 (C.D. Cal. Oct. 19, 2010) (Gee, J.) (quoting 28 U.S.C. § 1746). |
| | | | Lack of Foundation

Para. 4–5, 11–12

Fed. R. Evid. 602 (proponent of evidence must lay evidentiary foundation that the witness had personal knowledge of the matter); *Bemis v. Edwards*, 45 F.3d 1369, 1373–74 (9th Cir. 1995) (upholding district court's decision to refuse to admit a declaration based on "lack of foundation" because the evidence proponent did not establish "personal perception" by a preponderance of evidence; rather, the record gave an "articulable basis to suspect" that the witness learned the information through hearsay); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | | Improper Opinion Due to Speculation

Para. 12

FED. R. EVID. 602, 701; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to |

| | | |
|---|---|---|
| | | strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge). |
| | | Inadmissible Hearsay<br><br>Para. 7–11<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| Supplemental Declaration of Prof. Martin Guggenheim | Plaintiffs' Exhibit M, pp. 143 - 148 | Improper legal conclusion<br><br>Para. 2–9, 11–14<br><br>FED. R. EVID. 701, 702; *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony is "not proper for issues of law."); *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013), *aff'd*, No. 15-56311, 686 Fed.Appx. 486 (9th Cir. Apr. 10, 2017) (disregarding declaration of international-law professor regarding the application of law to the case). |
| | | Improper Expert Opinion<br><br>Para. 2–9, 11–14<br><br>FED. R. EVID. 701, 702; *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (Holding that a therapist's lay witness testimony about whether sex abuse victims |

| | | |
|---|---|---|
| | | generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert). |
| | | Inadmissible Hearsay<br><br>Para. 10<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay). |
| Declaration of Jeanne Rikkers | Plaintiffs' Exhibit N, pp. 149 - 153 | Improper expert opinion<br><br>Para. 4–9<br><br>FED. R. EVID. 701, 702; *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (Holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); Fed. R. Evid. 702, Advisory Committee Note (2000 Amendments) (When a proposed expert relies solely or primarily on experience to demonstrate reliability, he or she "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions). |

| | | |
|---|---|---|
| Declaration of Dr. Jack P. Shonkoff | Plaintiffs' Exhibit O, pp. 154 - 162 | Improper expert opinion<br><br>Para. 5–25<br><br>FED. R. EVID. 701, 702; *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions); *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002); *see also United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert). |
| | | Improper legal conclusion<br><br>Para. 8<br><br>FED. R. EVID. 602, 701, 702; *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (expert testimony calling for conclusions of law is improper because experts are supposed to analyze the facts of the case to help the jury determine the issues; legal conclusions are for the Court). |
| Declaration of Dr. Dora Schriro | Plaintiffs' Exhibit P, pp. 163 - 168 | Improper expert opinion<br><br>Para. 7–11<br><br>FED. R. EVID. 701, 702; *see also San Diego Comic Convention v. Dan Farr Productions,* No. 14-cv-1865 AJB, 2017 WL 4227000, at *7 (S.D. Cal. Sept. 22, 2017) (When an expert opinion "lacks an explanation as to what methodology he uses, why he chose to employ the factors he did," or whether the tests and principles employed have been used by others in the field, "the Court "has no way to judge [the expert's] reasoning or determine the dependability of his opinions."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, |

| | | |
|---|---|---|
| | | 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions); *United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); |
| Declaration of James Austin, Ph.D. | Plaintiffs' Exhibit Q, pp. 169 - 172 | Improper expert opinion<br><br>Para. 6–19<br><br>FED. R. EVID. 701, 702; *see also San Diego Comic Convention v. Dan Farr Productions,* No. 14-cv-1865 AJB, 2017 WL 4227000, at *7 (S.D. Cal. Sept. 22, 2017) (When an expert opinion "lacks an explanation as to what methodology he uses, why he chose to employ the factors he did," or whether the tests and principles employed have been used by others in the field, "the Court "has no way to judge [the expert's] reasoning or determine the dependability of his opinions."); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (finding that the expert doctor's opinion was not reliable because he did not point to any specific, objective sources and failed to explain how he followed a scientific method in coming to his conclusions); *United States v. Preston*, 873 F.3d 829, 837 (9th Cir. 2017) (holding that a therapist's lay witness testimony about whether sex abuse victims generally tell the truth was improper opinion testimony because evidence proponent never noticed therapist as expert); |