# DEFENDANTS' EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L,, et al.,<br><br>　　　Petitioners-Plaintiffs,<br><br>　vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>Hon. Dana M. Sabraw |

## **DECLARATION OF JALLYN SUALOG, DEPUTY DIRECTOR, OFFICE OF REFUGEE RESETTLEMENT**

I, Jallyn Sualog, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my testimony below is true and correct:

1. I am the Deputy Director of the Office of Refugee Resettlement ("ORR"). I was personally involved in the Department of Health and Human Services' ("HHS") efforts to reunify children with class members in compliance with the orders by the Court in this case. Currently, ORR has primary responsibility within HHS to help facilitate reunifications under the Court's orders, and I oversee ORR's efforts. The statements in this declaration are based on my personal knowledge, information acquired by me in the course of performing my official duties, information supplied to me by federal government employees, and government records.

2. I submit this declaration in support of the government's opposition to Plaintiffs' Motion to Enforce the Preliminary Injunction, ECF No. 439.

3. As previously reported to Plaintiffs, the Department of Homeland Security ("DHS") separated 955 children from their parents between June 27, 2018 and July 30, 2019, on the bases of criminal history, fitness concerns, dangerousness, questions of

parentage, criminal prosecution, or material witness custody. Upon separation, DHS referred these children to ORR custody.

4. As of September 4, 2019, ORR has discharged 778 of these 955 children from its care. Of the 778 discharged children, 125 were reunified with the separated parent, and 653 were discharged under other appropriate circumstances. The remaining 177 children are still in ORR care.

5. ORR has provided care and custody to separated children consistent with its child welfare mission and the Court's orders. Specifically, ORR has followed the processes and procedures described in the February 20, 2019 Joint Status Report. See ECF No. 360 at 14-17. Those processes describe bases for separation, interagency communication, and options for separated parents and children to obtain information and assess their options for reunification. For example, where either DHS or HHS becomes aware that the factual basis for a separation no longer exists (e.g., where parents recover from communicable diseases), the agencies notify each other and facilitate reunification consistent with the Court's orders.[1]

Executed on September 6, 2019.

_____
Jallyn Sualog

---

[1] In their Motion to Enforce, Plaintiffs referred to a case in which a mother was separated from her child because she required emergency surgery for a broken leg, but was not reunified post-surgery even though she was released into the community. See ECF No. 439-1 at 69-70 (Exh. C, Declaration of Anthony Enriquez, ¶ 20). This child was separated from her mother and referred to ORR custody in September 2018, and eventually discharged to her mother in December 2018. In this case, the ORR care provider case manager mistakenly informed the child's attorney that the parent had to undergo the TVPRA release process in order for reunification to occur. Instead, consistent with the Court's orders, and with the procedures for new separations later filed in February 2019, ORR should have reunified the child with her mother under the Ms. L. release procedures (which might have shortened the child's length of stay with ORR, but would not have precluded the stay altogether). ORR now has guidance and processes in place to prevent similar situations from occurring, including periodic trainings to its field staff to refresh their understanding of Ms. L. reunification protocols. Also, as part of the new interagency process, ORR keeps track of new separations that are based on potentially temporary reasons (e.g., hospitalizations), and regularly requests updated information regarding such parents from ICE, in order to effect reunifications where appropriate.