# DEFENDANTS' EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al., <br><br> Respondents/ Defendants | Case No. 18-cv-00428-DMS-MDD |

## DECLARATION OF CARRIE DAVISON

I, Carrie Davison, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows relating to the above-titled matter.

1. I am a Special Operations Supervisor (SOS) for the United States Border Patrol (USBP) Tucson Sector[1] (TCA), U.S. Customs and Border Protection (CBP), located in Tucson, Arizona. I have been employed in this capacity since August, 2014. I am currently acting in the role of Assistant Chief Patrol Agent (ACPA) for TCA. I have been acting in this capacity since June 16, 2019. I currently have oversight of the Prosecution Program, the Asset Forfeiture Program, Seized Property, Processing and Transportation.

2. I am familiar with the guidance issued by USBP concerning the apprehension, processing, and detention of family units and Unaccompanied Alien Children to include, but not limited to,

---

[1] Tucson Sector is comprised of the following Border Patrol Stations along the southern border of Arizona: Ajo, Brian A. Terry (located in Naco, Arizona), Casa Grande, Douglas, Nogales, Tucson, Three Points, Sonoita, and Willcox.

CBP's *National Standards on Transport, Escort, Detention, and Search*; and CBP's June 27, 2018 *Interim Guidance on Preliminary Injunction in* Ms. L v. ICE, *No. 18-428 (C.D. Cal. June 26, 2018) ("Interim Guidance")*. A family unit is a group of aliens that include only non-U.S. citizen child(ren) under the age of 18 accompanied by an alien parent(s) or legal guardian(s).

3. TCA determines child/parent and/or legal guardian relationships based on identity and/or guardianship documents presented by the alien(s), custodial interviews, and observation of the interaction between the adult and child. TCA coordinates with foreign consulates in an effort to validate the documents presented. When a claimed family unit is not in possession of identity or guardianship documents, the biographical data they provide will be run through the foreign country's civil registration and vital statistics systems whenever possible. Without evidence suggesting otherwise, the alien parent(s) and/or legal guardian(s) and accompanying alien child(ren) are treated as a family unit.

4. The decision to separate alien parents and/or legal guardians from their alien children in TCA, following the June 26, 2018 preliminary injunction in *Ms. L.*, and consistent with CBP's *Interim Guidance*, is made at the GS-14 Watch Commander position or higher. TCA Sector Management requires notification of all family unit separations by TCA Border Patrol stations. Notification must include the biographic information for the alien parents and/or legal guardians and accompanying alien children, any immigration or criminal history of the parent(s) and/or legal guardian(s), reason for separation, and any other information relevant to the separation.

5. In accordance with CBP's *Interim Guidance,* TCA may separate alien parents and/or legal guardians accompanying alien children when the parent or guardian has a prior conviction for a violent misdemeanor or felony. In cases where the alien parent and/or legal guardian has a

criminal history that does not rise to the level of violent misdemeanors or felonies, TCA maintains family unity, and while working with U.S. Immigration and Customs Enforcement (ICE) in an effort to place the alien parent and/or legal guardian into Alternatives to Detention (ATD) or a Family Residential Center (FRC) in lieu of releasing the family unit on their own recognizance.

6. TCA does not separate and refer alien parents and/or legal guardians accompanying alien children for prosecution for 8 U.S.C. § 1325(a)(1) unless there is another basis for separation.

7. Separation of an alien parent or legal guardian from an alien child may also occur when there is a need for an alien parent or legal guardian to be detained as a material witness in connection with a prosecution under 8 U.S.C. § 1324. In these situations, TCA will generally work with ORR to try to secure a local placement for the child, or, if a second parent or legal guardian is accompanying the child, the child will remain unified with the parent or legal guardian not being held as the material witness. TCA works with ICE to facilitate the release of the parent or legal guardian held as a material witness on their own recognizance upon release from U.S. Marshals (USMS) custody, so family reunification can be facilitated.

8. TCA has also separated an alien parent from his or her child where there were indicators that the parent presented a danger to his or her child. TCA will separate in cases where child abuse is suspected through physical evidence, claims by the child, and prior criminal history of the alien parent or legal guardian. For example, TCA apprehended an alien father with his 4 year old alien son. A U.S. Coast Guard (USCG) physician deployed to TCA, noticed signs of physical trauma (bruising) to the child's face and scars on the child's shoulder's that were consistent with "cigarette burns". The child further had sustained a cut below his left eye while in custody, although the father claimed the child fell while showering. The physician noted that the cut was not consistent with the father's claim. In another case, TCA

3

apprehended an alien father with his 15 year old alien daughter. The daughter claimed her father had been sexually abusing her and her siblings over the past 2 years, and the last instance of abuse had occurred 2 days prior to apprehension. TCA made the decision to separate in both of these cases due to concerns that the alien parent posed a danger to the child.

9. When a child is separated from an alien parent and/or legal guardian, absent another parent and/or legal guardian available to provide care and physical custody, the child is placed with ORR. TCA generally provides ORR the reason for the separation, the alien parent's and/or legal guardian's biographical information, alien registration number, and disposition (e.g. tuned over to ICE, USMS, etc.) to facilitate reunification, as determined appropriate by ORR.

10. TCA tracks processing of all family units in e3, USBP's system of record. If a separation occurs, it is memorialized in e3, as well as on the Form I-213, Record of Deportable/Inadmissible Alien for both the child and alien parent and/or legal guardian.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 5th day of September 2019, in Tucson, Arizona.

*Carrie Davison*
Carrie J. Davison
Acting Assistant Chief Patrol Agent
United States Border Patrol
Tucson, Arizona

4