# DEFENDANTS' EXHIBIT 9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>　　　　Petitioners-Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**DECLARATION OF DAWNISHA HELLAND OUTLINING ICE ROLE IN PROCESS OF IDENTIFYING THE BACKGROUND OF POSSIBLE NEW CLASS MEMBERS** |

## DECLARATION OF DAWNISHA HELLAND

I, Dawnisha Helland, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1.　I am a Deportation and Detention Officer acting as a National Juvenile Coordinator (NJC) in the Juvenile and Family Residential Management Unit (JFRMU), at the Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), in Washington, DC. I began my tenure with the Department of Homeland Security (DHS) in 2008, as a Border Patrol Agent with the United States Border Patrol in the El Centro sector. Currently, I am the lead NJC managing the family separation and reunification portfolio.

2.　My responsibilities include, but are not limited to, case reviews for

family separations and reunifications, data quality for family separation cases, and coordination for family reunifications.

3. On July 30, 2019, Plaintiffs filed a Motion to Enforce the Preliminary Injunction issued by the Court on June 26, 2018 (Motion). In the Motion, Plaintiffs specifically contest post-June 26, 2018, separations of children from parents based on the parents' criminal history. ICE is filing this declaration to explain how it compiles and evaluates criminal history in cases where the separation was based on the parents' criminal history.

4. On a weekly basis, U.S. Customs and Border Protection (CBP) sends ICE a list of new separations in a spreadsheet. ICE verifies the separation, adds a full criminal history and information regarding the initial basis for the separation, based on record checks, as specified on the next paragraph.

5. The criminal history is obtained from national law enforcement databases, case comments in DHS databases, foreign law enforcement sources and case narratives prepared by the officer who encountered the family unit added to the Form I-213 and/or internal databases.

6. This list containing the information from CBP and ICE is then sent to the Office of Refugee Resettlement (ORR) at the Department of Health and Human Services (HHS).

7.  HHS ORR also sends their own list of new separations to ICE weekly. The HHS ORR list documents the separations HHS ORR identified independently of CBP or ICE. ICE then verifies the separations documented in the HHS ORR list and conducts the same background checks detailed for the CBP list in paragraph 5 above. The information obtained through ICE's background checks is also added to the HHS ORR list.

8.  HHS and JFRMU then combine both the CBP/ICE and HHS ORR/ICE lists. This creates a single master list that is updated twice a week by HHS ORR and ICE with new information pertaining to the parents and children contained on the list, as it is received. ICE and ORR continually evaluate cases on the list for reunification throughout the information sharing process. ICE and HHS maintain the list.

9.  The list provided to Plaintiffs' counsel in this case is not the compiled master list the agencies update on a regular basis. The compiled master list, which is maintained by ICE and HHS, contains law enforcement sensitive information that ICE is legally prohibited from adding to any public documents, such as the Joint Status Report. Thus, ICE may, and often does, have additional relevant information it cannot provide to class counsel regarding a separated parent's criminal background that establishes the legitimate basis for separation.

Dated: September 5, 2019          _____

Dawnisha Helland

National Juvenile Coordinator

U.S. Immigration and Customs Enforcement