JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0473

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al., <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Respondents-Defendants. | Case No. 18cv428 DMS MDD <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS** |

## **TABLE OF CONTENTS**

I. INTRODUCTION..........................................................................................1

II. ARGUMENT.................................................................................................1

    A. Plaintiffs Have Not Met Their Burden to Establish that Plaintiffs' Exhibits B—E and G—L Are Admissible..........................1

        1. Plaintiffs' Motion to Enforce is Not an Application for Preliminary Injunction ........................................................1

        2. Plaintiffs' Declarations Submitted by Attorneys and Legal Service Providers are not Admissible.............................5

    B. Plaintiffs Have Not Met Their Burden to Establish that Their Purported Expert Declarations are Admissible or Should Be Given Any Weight...................................................................................7

        1. Exhibit N – Declaration of Jeanne Rikkers ..............................8

        2. Exhibit O – Declaration of Dr. Jack P. Shonkoff.....................8

        3. Exhibit P – Declaration of Dr. Dora B. Schriro .......................9

        4. Exhibit Q – Declaration of Dr. James Austin ..........................9

    C. Mr. Guggenheim's declaration amounts to inadmissible legal conclusions. .................................................................................... 10

III. CONCLUSION........................................................................................ 12

# TABLE OF AUTHORITIES

# CASES

*Adams v. United States*,
  No. CV-03-49EBLW, 2009 WL 1085481 (D. Idaho Apr. 20, 2009)..........................11

*Cabrera v. Cordis Corp.*,
  134 F.3d 1418 (9th Cir. 1998) ..............................................................................9, 10

*Daubert v. Merrell Dow Pharm., Inc.*,
  43 F.3d 1311 (9th Cir. 1995) ....................................................................................7, 9

*Flynt Distrib. Co., Inc. v. Harvey*,
  734 F.2d 1389 (9th Cir. 1984) ..................................................................................2, 3

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ..........................................................................................7

*Jinro America Inc. v. Secure Investments, Inc.*,
  266 F.3d 993 (9th Cir. 2001) ..........................................................................................7

*Kumho Tire Co Ltd v. Carmichael.*,
  526 U.S. 137 (1999)........................................................................................................8

*Los Angeles Times Communications LLC v. Dept. of the Army*,
  442 F. Supp. 2d 880 (C.D. Cal. 2006) ..........................................................................6

*McDevitt v. Guenther*,
  522 F. Supp. 2d 1272 (D. Haw. 2007).........................................................................10

*Miller v. Field*,
  35 F.3d 1088 (6th Cir. 1994) ..........................................................................................7

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
  No. 15cv02034, 2017 WL 10562991 (C.D. Cal. Sept. 18, 2017)................................. 5

*Orantes-Hernandez v. Smith*,
  541 F. Supp. 351 (C.D. Cal. 1982)................................................................................4

*Pinal Creek Grp. v. Newmont Mining Corp.*,
  352 F. Supp. 2d 1037 (D. Ariz. 2005) .........................................................................10

*Republic of the Philippines v. Marcos*,
  862 F.2d 1355 (9th Cir. 1988) ..................................................................................2, 4

*United States v. Hermanek*,
  289 F.3d 1076 (9th Cir. 2002) ........................................................................................9

*United States v. Pac. Gas & Elec. Co.*,
  2016 WL 3268994 (N.D. Cal. June 15, 2016) ............................................................11

# **RULES**

Fed. R. Evid. 602 ............................................................................................................5, 6

Fed. R. Evid. 702 ................................................................................................4, 8, 9, 10

Fed. R. Evid. 702(c) ..................................................................................................... 7, 10

Fed. R. Evid. 702 (d) ..................................................................................................... 7, 10

Fed. R. Evid. 801(d)(2) ........................................................................................................6

Fed. R. Evid. 101(a) ............................................................................................................3

Fed. R. Evid. 1101(b) ..........................................................................................................3

Fed. R. Evid. 1101(d) ..........................................................................................................3

## I. INTRODUCTION

Plaintiffs have provided no basis for this Court to find that their declarations should not be excluded. In their Opposition to Defendants' Motion to Exclude Plaintiffs' Declarations, ECF 466 ("Opposition"), Plaintiffs have admitted that their declarations do not satisfy the Federal Rules of Evidence. Rather Plaintiffs assert, without any legal justification, that there declarations are acceptable because: (1) the Federal Rules of Evidence are not strictly applied to their Motion to Enforce, and (2) their declarations meet some of the evidentiary requirements and have sufficiently established reliable principles and methods on which their experts rely. However, Plaintiffs' arguments have not cured the deficiencies in their declarations to render them admissible under the Federal Rules. Contrary to Plaintiffs' position, the relaxed preliminary injunction evidentiary standard is inapplicable to Plaintiffs' Motion to Enforce.

The Federal Rules of Evidence exist to ensure that proceedings are administered fairly, the truth ascertained, and just determinations rendered—Plaintiffs provide this Court no basis to conclude that these Rules should be disregarded in its evaluation of their Motion. Plaintiffs do not provide any basis why the Court should excuse their failure to obtain admissible, reliable evidence of the allegations on which their Motion to Enforce is based. A party seeking admission of a piece of evidence bears the burden of demonstrating its admissibility, which Plaintiffs have failed to do. Under these circumstances, the Court should not permit Plaintiffs to rely on inadmissible evidence.

## II. ARGUMENT

### A. Plaintiffs Have Not Met Their Burden to Establish that Plaintiffs' Exhibits B–E and G–L Are Admissible

*1. Plaintiffs' Motion to Enforce is Not An Application for Preliminary Injunction*

Notably, in seeking to oppose Defendants' Motion to Exclude, Plaintiffs, for the most part, do not assert that the declarations submitted in support of their Motion to Enforce contain otherwise admissible evidence. Rather, Plaintiffs argue that this Court should not

1

strictly apply the Federal Rules of Evidence to their Motion, but instead should apply more relaxed evidentiary standards that courts sometimes apply in the preliminary injunction context where tight timeframes and imminent harm concerns require such relaxed standards. Plaintiffs' reliance on preliminary injunction evidentiary standards is misplaced. Plaintiffs are not seeking a preliminary injunction, because a preliminary injunction was granted one year ago, on June 26, 2018. *See* ECF 83. Instead, they are seeking to amend the certified class and alter the preliminary injunction following a year of ongoing discussions between the parties and the Court regarding compliance with the preliminary injunction, and months of discussion between the parties about the very issues addressed in Plaintiffs' Motion.

The circumstances that allow for relaxed evidentiary standards when seeking a preliminary injunction are not present here. Plaintiffs accurately note that district courts have discretion to consider otherwise inadmissible evidence in ruling on the merits of an application for temporary restraining order or preliminary injunction. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction"). As the Ninth Circuit explained, "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). However, here, Plaintiffs cannot establish that there is a need to relax the Federal Rules of Evidence based on the same urgency to prevent irreparable harm, because the preliminary injunction has been in place for over a year, and the issues raised in Plaintiffs' Motion have been discussed by the parties and even litigated previously before this Court for months prior to the filing of Plaintiffs' motion.

2

The procedural history of this case contradicts Plaintiffs' claims that the expedited nature of these proceedings permits them to rely on hearsay and other inadmissible evidence in support of their Motion to Enforce. Plaintiffs filed their Motion to Enforce on July 30, 2019 – over one-year after the Court granted Plaintiffs' application for preliminary injunction. In their Motion, Plaintiffs once again ask this Court to look behind the government's exercises of discretion in making separation decisions following the preliminary injunction. ECF 439. These issues – first raised by Plaintiffs in September 2018 (ECF 221)—have been previously briefed and decided by this Court. ECF 236. Thus, the issues regarding separations following the preliminary injunction are not new and do not present the utmost urgency. The circumstances of Plaintiffs' Motion are distinct from the scenario where the urgency of seeking a preliminary injunction makes it difficult to "obtain affidavits from persons who would be competent to testify at trial." *Flynt*, 734 F.2d at 1394. Here, Plaintiffs come to the Court asserting that certain factual situations exist that require the Court to revisit its orders certifying a class and issuing a preliminary injunction that were issued over one year ago. And in seeking to establish these factual situations exists, Plaintiffs rely almost entirely on inadmissible evidence. Plaintiffs should not be permitted to ask this Court to alter its longstanding orders without being required to bring to the Court admissible evidence on which the Court can reasonably rely. Plaintiffs' request for such extraordinary relief should be supported by evidence that complies with the Federal Rules of Evidence.

The relaxed preliminary injunction evidentiary standards are a rare exception to the Federal Rules of Evidence and not the standard for evidence submitted with motions prior to filing a motion for summary judgement. By definition, the Federal Rules of Evidence "apply to proceedings in United States Courts" (Fed. R. Evid. 101(a)), "including civil cases and proceedings" (Fed. R. Evid. 1101(b)). Section 1101(d) of the Federal Rules of Evidence lists the scenarios in which the federal rules do not apply—evidence submitted

in support of a motion to enforce is not one of them.[1] Therefore, despite Plaintiffs' contrary claims, an affidavit or sworn statement must set forth facts that conform to the Federal Rules of Evidence. Here, Plaintiffs submitted 17 declarations in support of their motion. In 15 of the 17 declarations, the declarants lacked personal knowledge of the facts alleged in the declaration, relied on multiple levels of inadmissible hearsay, and/or failed to satisfy the expert-testimony-foundation requirements of Rule 702 of the Federal Rules of Evidence. The Court, therefore, should carefully consider the reliability of the evidence submitted, as Plaintiffs' entire Motion is based on individual statements that were made by declarants who are not before the Court and are not class members, and provide no foundation upon which the individuals are making a significant portion of their statements.

Furthermore, even in the preliminary injunction context, the standard is not that a district court *must* consider hearsay or otherwise inadmissible evidence in deciding to issue the preliminary injunction, but rather, a district court *may*, in its discretion, accept hearsay and otherwise inadmissible evidence when considering whether to issue a preliminary injunction. *See*, *e.g.*, *Marcos*, 862 F.2d at 1363 ("It was within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction"). Ultimately, the issue is what weight the Court should afford to the otherwise inadmissible evidence. *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 356 n.4 (C.D. Cal. 1982) ("The weight to be accorded such evidence is a matter for the Court's discretion."). Thus, even if the Court were to decide that the relaxed preliminary injunction evidentiary standard is applicable here, the Court should still give Plaintiffs' evidence little or no weight, because the declarations are significantly lacking in any foundational support on which the Court could find that Plaintiffs are entitled to the requested relief. In other contexts, such as the recent motion seeking the return of removed class members, Plaintiffs

---

[1] Regardless of the parties' interpretation of Local Rule 7, Plaintiffs have not identified any support for their claim that the Federal Rules of Evidence do not apply to the evidence submitted in support of their Motion to Enforce. Plaintiffs are essentially asking this Court to ignore the federal rules and rule on their Motion which relies on inadmissible factual assertions as the basis for their claims.

have obtained and provided to the Court declarations of class members to support their factual assertions about those class members' cases. Plaintiffs should be required to do the same here.

### 2. Plaintiffs' Declarations Submitted by Attorneys and Legal Service Providers are not Admissible

As set forth more fully in Defendants' Motion to Exclude, Defendants object to the testimony contained in the Declarations in Plaintiffs' Exhibits B–E, and G–L, filed in support of Plaintiffs' Motion to Enforce. *See* ECF 439-1, at 51–142. Defendants move to exclude these declarations because the declarants fail to lay a proper foundation as to the source of their knowledge, fail to demonstrate they have personal knowledge of the statements in the declarations, and thus rely almost entirely on inadmissible hearsay. *See* Fed. R. Evid. 602. Plaintiffs argue that these declarations are "plainly admissible and entitled to significant weight" because of the relaxed evidentiary standards for preliminary injunctions, and are reliable and relevant evidence of Defendants' practices. *See* ECF 466, at 11. Plaintiffs are wrong. First, as explained above, the relaxed preliminary injunction evidentiary standard is inapplicable to Plaintiffs' Motion to Enforce. And second, because the declarations fail to lay a foundation as to the source of knowledge and do not rely on personal knowledge but, instead, on hearsay or other inadmissible evidence, the statements contained therein are inherently unreliable. *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 15cv02034, 2017 WL 10562991, at *11 (C.D. Cal. Sept. 18, 2017) (such statements are multiple hearsay, which are inherently unreliable evidence).

Plaintiffs also challenge Defendants' contention that the declarants are providing testimony that lacks a personal knowledge foundation. Plaintiffs claim their "declarants are testifying concerning matters well within their knowledge and competence, either because of their direct work on separation cases, or supervising other advocates and attorneys." *See* ECF 466 at 12. But this argument simply does not provide any basis on which to conclude that the Plaintiffs' declarations contain admissible evidence. Testimony about how a

5

declarant's organization functions and what its work entails, or regarding incidents about which the declarant was personally involved in and witnessed, is based on personal knowledge and therefore admissible. But testimony on behalf of an organization without any indication that the declarant perceived the retold events "through one of the five senses," or testimony that is, on its face, based on information allegedly learned from other members of their organization (about what third parties told those organization members) or from their clients or other third-parties, lacks personal-knowledge foundation and must be excluded or disregarded. *Los Angeles Times Communications LLC v. Dept. of the Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006). There is no supervisor exception to the personal knowledge requirement of Rule 602, and Plaintiffs do not give any reason to find that one exists. Plaintiffs provide no basis on which to conclude that a declarant has personal knowledge of facts where those facts were told to him or her by others in the organization or by clients or other third-parties. The lack of personal knowledge in the declarations in Plaintiffs' Exhibits B-E and G–L makes them inherently unreliable. Consequently, that testimony should be stricken in whole or, at a minimum, should be afforded little to no evidentiary weight.

Plaintiffs also mistakenly assert that there are "special reasons" to find the declarations reliable. ECF 466 at 12. Specifically, Plaintiffs claim that their declarations are reliable because their declarants work with parents and children and are the individuals who are best positioned to testify regarding the issues presented in Plaintiffs' Motion. *Id* at 15. But this assertion, even if it were true, does not establish any actual exemption or exception to the hearsay rule. Plaintiffs do not assert, much less demonstrate, that any of these statements fit within recognized exceptions to the hearsay rule, and thus fail to provide any basis on which they should be admitted and considered by this Court.[2] *In re*

---

[2] Plaintiffs also assert that some statements contained in the Enriquez and Koop Declarations are not hearsay because they are statements of a party opponent. *See* ECF 466, at 11; *see also* FRE 801(d)(2) (applies to statements made by a party). However, Plaintiffs fail to address the multiple levels of hearsay contained within the paragraphs cited. Even if these were statements by party opponents, they are still

6

*Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir.2010) (party seeking admission of a piece of evidence bears the burden of demonstrating its admissibility).[3]

### B. Plaintiffs Have Not Met Their Burden to Establish that Their Purported Expert Declarations are Admissible or Should Be Given Any Weight

None of Plaintiffs' proffered experts has sufficiently established any reliable principles and methods upon which they rely for their testimony in their declarations at Exhibits N-Q as required by Rule 702(c)-(d) of the Federal Rules of Evidence. In their Opposition, Plaintiffs attempt to establish their declarants' *bona fides* to give opinion testimony by attaching curricula vitae (CVs) for each of their proffered experts. *See* ECF 466, Exs. 1-5. While the CVs may lay a foundation to find that the declarants could give testimony as experts as a general matter in some circumstances, the inquiry into the admissibility of their testimony as experts does not end there. For expert testimony to be admissible or given any weight by the Court, it must be both reliable and relevant, and reliability turns on the soundness of the proposed expert's methodology. *See Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1005 (9th Cir. 2001); *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). Here, the submission of CVs alone does not cure the deficiency that these declarations of each proffered expert fail to demonstrate a reliable basis for their opinion. Specifically, the proffered experts fail to state what reliable principles and methods they used and applied to arrive at their conclusions as

---

statements that were told to someone other than the declarant and then retold by the declarant. In double hearsay situations, each statement must qualify under some exception or exemption to the hearsay rules. *Miller v. Field*, 35 F. 3d 1088, 1090 (6th Cir. 1994). Moreover, to the extent that the declarants do not specifically identify the individuals who made the statements that are referenced, it is not possible to confirm whether those individuals are in fact parties, or are actually non-federal grantee facilities staff or other non-party employees.

[3] Plaintiffs also claim that any issues with reliability are assuaged by the fact that Defendants have had ample opportunity to investigate the cases described in their declarations. Yet the declarations themselves, in many cases, do not even provide sufficient information to allow Defendants to identify the individuals being discussed by the declarant. Defendants requested that Plaintiffs send them identifying information regarding the individuals discussed in the declarations, and Plaintiffs did so for some, but not all of the individuals, while maintaining that they were not obligated to provide that information to Defendants. The limited information provided about the individuals in the declarations simply does not establish any level of reliability for the declarants' statements.

required by Fed. R. Evid. 702(c)-(d). Thus, Plaintiffs have not met their burden to demonstrate that Exhibits N-Q contain admissible expert testimony.

### 1. Exhibit N – Declaration of Jeanne Rikkers

Plaintiffs contend that Jeanne Rikkers demonstrates her experience as a researcher focusing on criminal justice and gangs and that, in her declaration, she "states the principles she applies." ECF 466 at 19. Plaintiffs then go on to quote portions of Ms. Rikkers' declaration where she describes the events she has witnessed in El Salvador. *Id.* at 19-20. But this repetition of Ms. Rikkers' statements in her declaration does not show that Ms. Rikkers demonstrated a recognized or reliable basis for her conclusions about criminal justice and gang affiliation. As noted in Defendants' Motion to Exclude, she did not state whether personal observation "[a]t the community level" is a reliable method for conducting her area of research or whether other researchers in her field would rely solely on those experiences to arrive at their conclusions. ECF 439-1 at 152, ¶ 6. Plaintiffs insist that Defendants "cannot credibly claim they do not know how she reached her conclusion." ECF 466 at 20. But that is exactly what Defendants claim, because so long as Ms. Rikkers does not state how her "experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts," then neither Defendants nor the Court can determine whether Ms. Rikkers' conclusions are sufficiently reliable and therefore admissible as expert opinion. Fed. R. Evid. 702, Advisory Committee Note (2000 Amendments); *see also Kumho Tire Co Ltd v. Carmichael*, 526 U.S. 137, 151 (1999). Thus, this Court should strike her declaration in its entirety.

### 2. Exhibit O – Declaration of Dr. Jack P. Shonkoff

Plaintiffs contend that the scientific fields of study and the publications listed in Dr. Shonkoff's CV sufficiently demonstrate the methods and principles he relied on in coming to his conclusion. ECF 466 at 18-19. However, simply stating that Dr. Shonkoff relied on "pediatrics and disciplines in the field of medicine, behavioral and social sciences, [and]

8

biology" does not provide anything more than a vague explanation of the broad scientific disciplines that may have governed portions of his research. *Id.* at 18. Throughout his declaration, Dr. Shonkoff refers to "countless studies," "thousands of studies," "extensive evidence," and "extensive research" without providing a single source or description of any of those studies or evidence. Ex. O, Shonkoff Decl., ECF 439-1 at 157, ¶¶ 5, 6, 9, 17, 18. Such "vague and generalized" language explaining the basis for his conclusions does not demonstrate that his testimony is sufficiently reliable expert testimony admissible under Federal Rule of Evidence 702. *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998). Thus, this Court should strike his declaration in its entirety.

### 3. Exhibit P – Declaration of Dr. Dora B. Schriro

Dr. Schriro also fails to specify the research she relied upon for her opinions in her declaration. ECF 439-1 at 165-68. In addition, she did not explain whether others in her field use similar risk assessments and classification systems for detained individuals. *Daubert,* 43 F.3d at 1316-17. Thus, she should not be permitted to give expert testimony. Plaintiffs contend that Dr. Schriro has demonstrated that her methodology is sufficiently reliable as expert testimony, and they contend that even if Defendants' objections to her declaration were correct, then that would go to weight and not to the declaration's admissibility. But Plaintiffs statements that Dr. Schriro's methodology is sufficiently reliable does not make it so. And even if Plaintiffs are correct, because Dr. Schriro does not explain the basis of her methods or research concerning risk assessment procedures and tools, her testimony is unreliable and should be accorded little to no weight. Fed. R. Evid. 702.

### 4. Exhibit Q – Declaration of Dr. James Austin

Plaintiffs have not demonstrated that Dr. Austin's research in detention-classification systems is in any way relevant to his testimony concerning risk assessments in immigration detention. Specifically, Dr. Austin has not demonstrated that his experience

9

"observing local jail detention and ICE detention centers" is sufficient to qualify him as an expert who can make conclusions about family detention in the immigration context. Ex. Q, Austin Decl., ECF 439-1, at 172, ¶ 17. Dr. Austin fails to demonstrate how his experience "leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts," and here, he has not done so. Fed. R. Evid. 702, Advisory Committee Note (2000 Amendments). Because Dr. Austin does not explain how his experience qualifies him to opine about risk assessments for family detention, nor does he cite any objective, specific authorities in opining about the standards in family-immigration-detention facilities, his opinion testimony is unreliable. Fed. R. Evid. 702(c)-(d); *Cabrera*, 134 F.3d at 1423.

### C. Mr. Guggenheim's declaration amounts to inadmissible legal conclusions.

Mr. Guggenheim's declaration—filled with case law citations and application of law to fact—undoubtedly contains impermissible legal conclusions. Plaintiffs' claims to the contrary are without merit. When an expert witness "cites to case law to support his conclusions" and "interprets the meaning and applicability of [state] statutes," their testimony amounts to inadmissible legal conclusions. *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007) (finding that large portions of expert report was inadmissible because the expert made "legal conclusions, comments on the applicable law, and applie[d] the law to the facts"). Indeed, when an expert report "reads like a legal brief" discussing court decisions, it "invades the province of the trial court to determine the law." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044–45 (D. Ariz. 2005) (excluding law professor's detailed discussion of case law and its application to the facts before the Court because it was an inadmissible legal opinion). Mr. Guggenheim's brief not only cites to case law to support his conclusions about state-child-welfare law, but it reads like a legal brief given its legal conclusions and citations. *See, e.g.*, ECF 439-1, 146 ¶ 8–9 (citing to NY case law to conclude that certain criminal conduct does not justify emergency separation); *see also id.* ¶ 11 (concluding the percentage of cases listed

10

in the spreadsheet would result in limiting parental rights "under state child welfare law or established constitutional principles."). Because such legal conclusions and comments of constitutional law—along with its application to the facts of this case—pervade Mr. Guggenheim's declaration, it should be stricken. *McDevitt*, 522 F. Supp. 2d at 1294.

The two cases to which Plaintiffs cite are distinguishable. First, in *Pacific Gas*, the expert witness was a "senior engineer" at the Pipeline and Hazardous Materials Safety Administration—not an attorney. *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3268994, at *1 (N.D. Cal. June 15, 2016). The engineering expert was testifying about his experience working with the Pipeline regulations; it did not involve case law analysis or application of law to fact. *Id.* Additionally, because this was a jury trial rather than a bench trial, the Court found that the "jury…lacks the benefit of daily interaction with this [regulatory] framework to guide its understanding"; thus, expert testimony "to help the jury digest this complex regulatory framework" was appropriate. *Id.* Nonetheless, the court still held that the expert "may not, however, offer any opinions about whether [Defendants] violated the Pipeline Safety Act"—the core legal issue in that case. *Id.* at *2.

Similarly, the court in *Adams* involved a complex regulatory issue about pesticide standards that the parties were going to try before a jury, so the court limited the expert testimony to the "general roles" of the EPA and parties, the "general regulatory framework" regarding pesticides, and industry standards. *Adams v. United States*, No. CV-03-49EBLW, 2009 WL 1085481, at *3 (D. Idaho Apr. 20, 2009). However, the court stopped short of permitting the attorney expert to make legal conclusions by excluding any testimony about whether the defendant violated the regulation. *See id.* ("The opinion that [defendant] violated FIFRA invades the province of the jury by telling them what their verdict should be..."). Thus, neither of the cases cite by Plaintiffs stand for the broad proposition that attorney witnesses may testify about the law and apply it to the facts of the case as Guggenheim does—especially when the finder of fact is a judge, not a jury.

11

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude from the record Plaintiffs' Exhibits B–E and G–Q submitted in support of Plaintiffs' July 30, 2019 Motion to Enforce. Alternatively, if the Court is disinclined to exclude Plaintiffs' Exhibits B–E and G–Q in their entirety, Defendants request that this Court strike the inadmissible portions of the declarations as outlined in Defendants' Exhibit 1.

DATED: September 18, 2019        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Senior Litigation Counsel
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-0473
(202) 616-8962 (facsimile)
Nicole.Murley@usdoj.gov


ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY

Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

13

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington, D.C. 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' DECLARATIONS** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 18, 2019      *s/ Nicole N. Murley*
                                Nicole N. Murley