# DEFENDANTS' EXHIBIT 6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ms. L., *et al.*, | ) | |
|     *Plaintiffs,* | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00428-DMS-MDD |
| | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, *et al.*, | ) | |
|     *Defendants.* | ) | |
| | ) | |

## DECLARATION OF CHRISTOPHER D. FOSTER

I, Christopher D. Foster, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows, relating to the above-captioned matter:

1. I am an Assistant Chief in the Enforcement Systems Division (ESD), Statistics and Data Integrity (SDI) Branch, U.S. Border Patrol (USBP), U.S. Customs and Border Protection (CBP). I have been assigned to the Enforcement Systems Division since July 2015. Previously, I was a Supervisory Border Patrol Agent in Hebbronville, Texas.

2. The Enforcement Systems Division works to ensure that CBP is aware of, and able to meet, the technical requirements, including information technology requirements, of U.S. Border Patrol agents in the field. Within the ESD, SDI is responsible for collecting, compiling, validating, and distributing USBP-related statistics. Specifically, SDI works to maintain data integrity, and ensures that all information collected and reported by USBP is consistent, accurate, and complete information. SDI regularly receives requests for statistics from both internal and external sources, including other offices within CBP, other components of the Department of Homeland Security, as well as other federal

agencies, Congress, and the White House.  SDI also manages all USBP data to ensure proper usage and data integrity.

3.  The primary USBP data source is a system of records known as e3.  E3, which is a suite of applications containing multiple modules, contains information that USBP collects and maintains to prevent the illegal entry of people, terrorists, terrorist weapons, and contraband from entering the United States between ports of entry.  This information includes, among other things, biographic, biometric, and other enforcement and detention data associated with encounters of individuals between the ports of entry.

4.  When an agent encounters an individual between the ports of entry, the relevant information regarding that encounter (including the location of the encounter, the individual's name and Alien File number, and a narrative summary of the encounter) is generally collected on a Form I-213, Record of Deportable/Inadmissible Alien.  The Form I-213 is stored in the e3 system, and can be retrieved out of that system.  I-213s stored in e3 are unsigned versions of the form.  The original, signed version of the Form I-213 is placed in the individual's Alien File.

5.  In relation to *Ms. L. v. ICE* case, I – or other agents assigned to the ESD – located and retrieved the I-213s attached here as Exhibit A-Exhibit K from e3.  These are true and accurate copies of the individuals' Form I-213 in the system as of the date it was pulled.

6.  I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of September, 2019.

Christopher D. Foster
Assistant Chief
Enforcement Systems Division, Systems & Data Integrity Branch
U.S. Border Patrol
U.S. Customs and Border Protection

# Exhibit A

**U.S. Department of Homeland Security**   Subject ID: ████   **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| V████, D████ | | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| EL SALVADOR | | CASE No. ████ | | 64 | 150 | LABORER |

| U S  Address | Scars and Marks |
|---|---|
| | NONE  INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number | ☒ Single |
|---|---|---|---|
| 03/02/2019, 1630, 1.76 mile(s) A of HID, PWAM BY RAFT | | ████ | ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| SAN MARCOS, SAN SALVADOR, EL SALVADOR | PB |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ████    Age:24 | | 03/05/2019 | RGV/MCS | HIDALGO, TX | 03/02/2019 1700 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| ILOPANGO, SAN SALVADOR, EL SALVADOR | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1 – ELSAL |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I7A1 |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS #: ████    I77 #: ████
Family Unit/Group #: ████    (separated)

ARREST COORDINATES:
-------------------
Latitude:   26.13504
Longitude: -98.31413

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FMUA

**CREDIBLE FEAR CLAIM**

████ rol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE<br>RGV/CPC<br>STATS | Officer: ████<br>on: March 05, 2019 at 0000 _____ (time)<br>Disposition: Expedited Removal with Credible Fear<br>Examining Officer: ████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                 **Continuation Page for Form** _____ I213 _____

| Alien's Name<br>V██████████, D██████ | File Number<br>██████████████<br>Event No:████████████ | Date<br>03/05/2019 |
|---|---|---|

FATHER NAME AND ADDRESS:
------------------------
UNKNOWN

SAN MARCOS, SAN SALVADOR, EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR  ████████████████████

SAN MARCOS, SAN SALVADOR, EL SALVADOR

RECORDS CHECKED:
----------------
ATS-P Negative
BVS Negative
CIS Negative
CLAIM Negative
ABIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
----------
NOTE:
FAMILY SEPARATION DUE TO MOTHER'S ACTIVE WARRANT (FOREIGN):
Mother D█████   V██████   A#██████████   is being separated from her daughter
A██████   G██████   A#██████████   Mother has an active warrant for UNLAWFUL
DRUG DISTRIBUTION (selling) in El Salvador.

Subject's daughter will be processed accordingly as a UAC.

ICE/ERO will not house or release anyone to the public with such criminal history.

Subject provided the following point of contact for her daughter:

████████████████████████
████████████████████████
████████████████████████

IMMIGRATION HISTORY: No prior immigration history
CRIMINAL HISTORY: No prior criminal history

| Signature<br>████████████ | Title<br>                Border Patrol Agent |
|---|---|

_____ 2 _____ of _____ 3 _____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | | File Number | Date |
|---|---|---|---|
| V███████████ | D█████████ | Event No: ██████████ | 03/05/2019 |

**ENCOUNTER:**
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol Sector. A Border Patrol Agent determined this subject had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. After determining that this subject was an alien whom illegally entered the United States, the subject was arrested and transported to the Rio Grande Valley Sector Centralized Processing Center for further processing.

**IMMIGRATION/CRIMINAL VIOLATION:**
At the Rio Grande Valley Sector Centralized Processing Center, the subject was asked to make a Sworn Statement as part of the Expedited Removal Proceedings. Service Form I-867 A/B was read and explained to the subject. The subject understood and was willing to answer questions and give a statement. The subject again admitted to being a citizen and national of El Salvador without the necessary legal documents to enter, pass through, or remain in the United States. The subject also admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry.

**CONSULAR NOTIFICATION:**
The subject was notified of the right to communicate with a consular officer from El Salvador as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right but declined to speak with anyone at this time. Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

**DISPOSITION:**
The subject is being processed for Expedited Removal With Credible Fear. The subject was apprehended within fourteen days of the subject's last entry into the United States and within 100 air miles from the United States/Mexico international boundary.

Subject was provided the modified Orantes Advisal. The subject did want an interview before an asylum officer and requested not to be returned to El Salvador.

The subject states that she is not pregnant and has no long term medical condition. The subject claims that she does speak fluent Spanish.

| Signature | Title |
|---|---|
| ██████████ | Border Patrol Agent |

_____3____ of ___3___ Pages

# Exhibit B

U.S. Department of Homeland Security          Subject ID: ████████          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| R████████, E████ | | | | M | BRO | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| GUATEMALA | | ████████ | | 60 | 125 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| **See Narrative** | **NONE INDICATED** |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number | ☒ Single |
|---|---|---|---|
| 12/16/2018, 1735, 0.85 mile(s) E of BOA, PWA AFOOT | | ████████ | ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| **See Narrative** | PB |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ████████  Age:21 | | 12/19/2018 | EPT/EPS | El Paso, TX | 12/16/2018 1735 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA | | | ████████ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1 GUATEMALA |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| **See Narrative** | **See Narrative** |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I6A |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended   Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative or criminal violation   Indicate means and route of travel to interior )

FINS #: ████████

█████████████████████████
█████████████████████████
█████████████████████████
█████████████████████████
█████████████████████████

ARREST COORDINATES:
-------------------
Latitude:  31.75828
Longitude: -106.44021

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

**212(f) PROCLAMATION**

| Alien has been advised of communication privileges | (Date/Initials) | ____ent (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| A File SECTOR PROSECUTION OFFICE Station Copy | Officer: ████████  on: December 19, 2018 at 1016 ( time )  Disposition: Warrant of Arrest/Notice to Appear  Examining Officer: ████████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| R⬛⬛⬛ E⬛ | Event No: ⬛⬛⬛ | 12/19/2018 |

Program:          PRO

US ADDRESS:

⬛⬛⬛⬛⬛⬛⬛

FOREIGN ADDRESS:
----------------
SIN NUMERO  SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA
SIN NUMERO  SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

FATHER NAME AND ADDRESS:
------------------------
Nationality:GUATEMALA  ⬛⬛⬛
SIN NUMERO
SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

MOTHER NAME AND ADDRESS:
------------------------
Nationality:GUATEMALA  ⬛⬛⬛
SIN NUMERO
SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

FUNDS IN POSSESSION:
--------------------
  .00

RECORDS CHECKED:
----------------
CIS Negative
CLAIM Negative
EARM Negative
IAFIS Negative
IBIS Negative
NCIC Negative
NGI Negative
WANTS/WARRANTS Negative

NARRATIVE:
----------
Family Unit #⬛⬛⬛
Family Member 1: E⬛ R⬛⬛⬛           Parent)
Family Member 2: J⬛ R⬛⬛           (Child)

| Signature | Title |
|---|---|
| ⬛⬛⬛ | Border Patrol Agent |

_____ 2 _ of _ 5 _____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____  I-213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████, E██ | Event No: ████████ | 12/19/2018 |

Subject illegally entered the United States on or after November 10, 2018 and is amenable to the terms of Presidential Proclamation Addressing Mass Migration through the Southwest Border of the United States.

E███ R███████ was asked if they were part of the migrant caravan during their travel ████████ e county prior to their illegal entry in to the United States. E███ R███████ stated they were not.

E███ R███████ was asked if they applied for asylum in Mexico. E███ R███████ stated they did not.

Travel Data:
E███ R███████ and child (J███ ████ R███████ left Guatemala on 12/11/2018 and illegally crossed in to Mexico on 12/11/2018 by bus. Subject claims they arrived in to Juarez, Chihuahua, Mexico on 12/16/2018 and illegally entered the United States on 12/16/2018.

ENTRY DATA:
E███ R███████ and child (J███ ████ R███████ illegally entered the United States on December 16, 2018, at approximately 1700 hours by crossing the Rio Grande River at a location approximately 0.85 miles east of the Bridge of the Americas Port of Entry in El Paso, Texas. At this location, the Rio Grande River is designated as the international boundary between Mexico and the United States. The area where E███ R███████ and child (J███████ R███████ illegally entered has not been designated as a Port of Entry by an Immigration Officer of the United States therefore; E███ R███████ and child (J███████ R███████ were not inspected, admitted or paroled into the United States by an Immigration Officer.

ARREST DATA:
On December 16, 2018 at approximately 1700 hours, Border Patrol Agent ████████ observed a group of subjects illegally entering the United States from the Rio Grande River in an area approximately 0.85 miles east of the Bridge of the Americas Port of Entry in El Paso, Texas. BPA ████████ approached the subjects, identified herself as a United States Border Patrol Agent and questioned them in regards to their citizenship and right to be in or remain in the United States. The subject later identified as E███ R███████ and child (J███████ R███████) admitted to being a citizens of Guatemala not in possession of any valid immigration documents that would allow them to be in or remain in the United States legally.

E███ R███████ and child (J███████ R███████) were placed under arrest at approximately 1735 hours and transported to the Paso Del Norte Processing Center for processing.

Processing Data: At PDT, E███ R███████ was enrolled into the e3/NGI/IDENT systems using his biographical and biometric information. IDENT returned with negative results for prior immigration history. NGI returned with negative results for prior criminal history.

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                  **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████, E███ | ████████ | 12/19/2018 |
| | Event No: ████████ | |

Record checks were run through El Paso Sector Communications which confirmed the negative criminal history and negative immigration history.

Addendum Created by BPA ████████ on December 19, 2018:

All information needed for each child's assigned A-file was provided by the child's accompanied parent. All forms will be served upon the accompanied parent.

ADMINISTRATIVE WARNINGS: E██ R████████ was advised of his Administrative Rights as per Service form I-826 in the Spanish language by BPA ████████ E███ R████████ acknowledged understanding of his rights with his signature.

IMMIGRATION DATA: E███ R████████ is a native and citizen of Guatemala by virtue of his birth in Guatemala on ████████. E███ R███ is illegally present in the United States with no documentation allowing him to be or remain in the United States legally. E███ R████████ is not in possession of any immigration documents nor has he or anyone else filed a petition on his behalf, has no close family ties and/or roots in this country and is likely to abscond.

IMMIGRATION HISTORY: E███ R████████ has no prior immigration history.

CRIMINAL HISTORY: None.

B███ R████████further stated his illegal entry was made in order to reside and seek employment in Immokalee, FL.

B███ R████████ stated he does not have fear of harm or persecution if returned to his native country of Guatemala.

B███ R████████ claims and appears to be in good health.

CONSULAR NOTIFICATION: B███ R████████ was notified of the right to communicate with a consular officer from his native country as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding this right and declined at this time.

PROPERTY:
E███ R████████ will be taking all property with him.

B███ R████████ identification card will be placed in the file.

DISPOSITION: E███ R████████ was processed as a WA/NTA. E███ R████████ will be in the company of his child the entire time.

U.S. POINT OF CONTACT:
████████████ (friend)
████████████

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____I213_____

| Alien's Name | | File Number | Date |
|---|---|---|---|
| R███████, E███ | | | 12/19/2018 |
| | | Event No:██████████ | |
| ██████████████ | | | |

The aforementioned address was verified on USPS.com.

Supervisory Border Patrol Agent ███████████was advised of the above information and approved E█████ R████████████ WA/NTA.

Addendum created on 12/26/18: The listed information was gathered through events which transpired during this family units detention at the El Paso Station Processing Center. Family Unit was separated and in concurrence with the Chain of Command, child was transferred to Clint Border Patrol Station pending placement.
Family Unit Separation was approved based on the grounds of neglect. El Paso Station Processing (ESTOP) personnel had to intervene and care for the child on numerous occasions to ensure the safety and wellbeing of the child.

Prosecution for R████████ was declined by AUSA ██████████

12/18/18: Child was taken to hospital for high fever, dehydration, microcytic anemia, and diaper rash (raw skin), child was subsequently released on 12/19/18 at 0030 hrs.

12/19/18: Child's fever spiked to 106 and was lethargic, was transported to the hospital via ambulance.

It is to be noted that the father, E███ R████████ appears detached and unsympathetic for the condition of his own child. He does not know when and how to change a diaper or basic hygiene. Medical Personnel have noted that the child appears neglected and underdeveloped.

Camp Space is being requested to ensure E█████ R███████████ is not in direct supervision of the child.

This addendum was created by E-42 SBPA ████████████

| Signature | Title |
|---|---|
| ████████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security        Subject ID: ████████        **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| R████ | J█████ | | | | F | BRO | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | CASE No: ████████ | | 20 | 24 | CHILD |

| U S Address | | Scars and Marks |
|---|---|---|
| | | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number |
|---|---|---|
| 12/16/2018, 1735, 0.85 mile(s) E of BOA, PWA AFOOT | | ☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| See Narrative | PB |

| Date of Birth | Age:1 | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ████████ | | 12/19/2018 | EPT/EPS | El Paso, TX | 12/16/2018 1735 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA | | | ████████ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | NONE |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | I6A |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended   Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

```
ARREST COORDINATES:
-------------------
Latitude:   31.75828
Longitude: -106.44021


CONSEQUENCE DELIVERY SYSTEM:
---------------------------
Classification: FIRA



FOREIGN ADDRESS:
----------------
SIN NUMERO  SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA
SIN NUMERO  SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

FATHER NAME AND ADDRESS:
------------------------
Nationality:GUATEMALA ████
```

BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| A File  SECTOR PROSECUTION OFFICE  Station Copy | Officer: ████████  on: December 19, 2018 at 1100 _____ ( time )  Disposition: Warrant of Arrest/Notice to Appear  Examining Officer: ████████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R████████ J████████ | ████████ | 12/19/2018 |
| | Event No: ████████ | |

SAME AS SUBJECT

MOTHER NAME AND ADDRESS:
------------------------
Nationality:GUATEMALA  ████████
SIN NUMERO
SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

UNACCOMPANIED JUVENILE:
----------------------
R████████, J████████

FUNDS IN POSSESSION:
-------------------
  .00

RECORDS CHECKED:
----------------
CIS Negative
CLAIM Negative
EARM Negative
IAFIS Negative
IBIS Negative
NCIC Negative
NGI Negative
WANTS/WARRANTS Negative

NARRATIVE:
----------
Family Unit #████████
Family Member 1: E███ R████████    ████████(Parent)
Family Member 2: J████████ R████████    ████████ (Parent)

The Parent was asked if they were part of the migrant caravan during their travel from
their home county prior to their illegal entry in to the United States. The Parent stated
they were not.

The Parent was asked if they applied for asylum in Mexico. The Parent stated they did not.

Travel Data:
E███ R████████ and child (J████████ R████████ left Guatemala on 12/11/2018
and illegally crossed in to Mexico on 12/11/2018 by bus. Subject claims they arrived in to
Juarez, Chihuahua, Mexico on 12/16/2018 and illegally entered the United States on
12/16/2018.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R████████, J████ | ████████ | 12/19/2018 |
| | Event No: ████████ | |

**ENTRY DATA:**
E████████ and child (J████ R████████) illegally entered the United States on December 16, 2018, at approximately 1700 hours by crossing the Rio Grande River at a location approximately 0.85 miles east of the Bridge of the Americas Port of Entry in El Paso, Texas. At this location, the Rio Grande River is designated as the international boundary between Mexico and the United States. The area where E███ R████ and child (J████████ R████████ illegally entered has not been designated as a Port of Entry by an Immigration Officer of the United States therefore; E████ R████ and child (J████ R████████ were not inspected, admitted or paroled into the United States by an Immigration Officer.

**ARREST DATA:**
On December 16, 2018 at approximately 1700 hours, Border Patrol Agent ████████ observed a group of subjects illegally entering the United States from the Rio Grande River in an area approximately 0.85 miles east of the Bridge of the Americas Port of Entry in El Paso, Texas. BPA ████ approached the subjects, identified herself as a United States Border Patrol Agent and questioned them in regards to their citizenship and right to be in or remain in the United States. The subject later identified as E████ R████ and child (J████████ R████ admitted to being a citizens of Guatemala not in possession of any valid immigration documents that would allow them to be in or remain in the United States legally.

E███ R████████ and child (J████████ R████████ were placed under arrest at a███ximately 1735 hours and transported to the Paso Del Norte Processing Center for processing.

Addendum Created by BPA ████████ on December 19, 2018:

J████████ R████ was enrolled into the e3 system using only biographical information due to the child's age.

**ADMINISTRATIVE WARNINGS:** The parent was advised of the child's Administrative Rights as per Service form I-770 in the Spanish language by BPA ████████. The parent acknowledged the understanding of the child's rights with his signature.

**IMMIGRATION DATA:** The child is a native and citizen of Guatemala by virtue of her birth in Guatemala on ████████. The child is an alien illegally present in the United States, has no immigration documents in their possession nor has the parent or anyone else filed a petition on the child's behalf. The parent has no close family ties and roots in this country and is likely to abscond.

**IMMIGRATION HISTORY:**
The child has no prior immigration history.

**CRIMINAL HISTORY:**
The child has no prior criminal history.

**BOOKING:** The child was not booked due to age.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R▇▇▇▇▇▇▇▇, J▇▇▇▇▇▇ | Event No:▇▇▇▇▇▇▇▇ | 12/19/2018 |

CONSULAR NOTIFICATION:
The parent was notified of the right to communicate with a consular officer from his native country as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The parent acknowledged understanding this right and declined at this time.

The parent further stated the child's illegal entry was made in order to reside and continue education in Immokalee, FL.

The parent claims that he and the minor child are in good health and are fluent in the Spanish language.

The parent was asked and responded that they do not have fear of harm should they be returned to their native country.

PROPERTY:
The parent will keep all of their possessions with them.

The child's identification documents will be placed in the file.


U.S. POINT OF CONTACT:
▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (friend)
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇s was verified on USPS.com.

Acting Supervisory Border Patrol Agent ▇▇▇▇▇▇▇▇▇▇ was advised of the above information and the child's WA/NTA.

Addendum created December 27, 2018

December 25, 2018, El Paso Station made a request for separation from the father that was approved based on observations from medical personnel stating the child appeared neglected and underdeveloped, as well as the father being detached, unsympathetic, and not knowing how or when to change the child's diaper.

Addendum created on January 1, 2018 by Border Patrol Agent ▇▇▇▇▇▇▇▇▇▇

On December 25, 2018 original request to separate was approved by (A)ACPA ▇▇▇▇▇▇
▇▇▇▇▇▇▇   On December 26, 2018 USBP HQ reached out to the Office of Chief Counsel  (OCC) regarding separation request based on neglect.  On December 27, 2018, OCC also agreed that separation was justified.

Guatemala Consulate was notified of separation.

On December 25, 2018 R▇▇▇▇▇▇▇▇ was separated from alleged father and processed as a

| Signature | Title |
|---|---|
| ▇▇▇▇▇▇▇▇ | BORDER PATROL AGENT |

____ of ____ Pages
    4       5

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| R████████ , J█████████ | ████████████ | Date 12/19/2018 |

WA/NTA.

On December 25, 2018 R████████ was transported to the Clint Border Patrol Station.

On December 25,2018 R████████ was evaluated and referred to Las Palmas Medical Center for treatment.  R████████ was treated for H1N1 virus.

On January 1, 2019 R████████ was released from Las Palmas Medical Center and transported to the El Paso International Airport by Border Patrol Agent ████████████. Agent ████████ turned over custody of R████████ to MVM/ICE for travel to SWK Combes (ORR approved shelter) in Harlingen, Texas.

| Signature ████████████ | Title BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit C

**U.S. Department of Homeland Security**          Subject ID: ▮▮▮▮          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| C▮▮▮▮ J▮ | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | ▮▮▮▮ | 62 | 110 | LABORER |

| US Address | Scars and Marks |
|---|---|
| IN DHS CUSTODY | NONE VISIBLE |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | FBI Number | |
|---|---|---|---|
| 02/16/2019, 0845, 3.5 mile(s) E of CAL, PWAM AFOOT | | ▮▮▮▮ | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| SAN PEDRO CARCHA COBAN, ALTA VERAPAZ, GUATEMALA | PB |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▮▮▮▮ Age:31 | | 02/20/2019 | ELC/CAX | CALEXICO, CA | 02/16/2019 0853 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| COBAN, ALTA VERAPAZ, GUATEMALA | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in US |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 4/GUATEMALA |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property US Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | I7A1 |

| Name and Address of (Last)(Current) US Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative or criminal violation. Indicate means and route of travel to interior.)

FINS #: ▮▮▮▮          I77 #: ▮▮▮▮

▮▮▮▮

ARREST COORDINATES:
-------------------
Latitude:  32.6696
Longitude: -115.43542

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

▮▮▮▮
Border Patrol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO A FILE<br>ELC<br>ELS | Officer: ▮▮▮▮<br>on: February 20, 2019 at 0917 (time)<br>Disposition: Expedited Removal (I-860)<br>Examining Officer: ▮▮▮▮ |

Form I-213 (Rev 08/01/07) Y

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| C████, J██ | Event No: | 02/20/2019 |

**FATHER NAME AND ADDRESS:**
----------------------
Nationality:GUATEMALA █████
SAN PEDRO CARCHA
COBAN, ALTA VERAPAZ, GUATEMALA

**MOTHER NAME AND ADDRESS:**
----------------------
Nationality:GUATEMALA █████
SAN PEDRO CARCHA
COBAN, ALTA VERAPAZ, GUATEMALA

**FUNDS IN POSSESSION:**
--------------------
  .00

**RECORDS CHECKED:**
----------------
CIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

**NARRATIVE:**
----------
**ENCOUNTER:**
Border Patrol Agent ████████ encountered J██ C████ in the El Centro Sector's area
of responsibility. Border Patrol Agent ████████ determined the subject had unlawfully
entered the United States from Mexico, at a time and place other than as designated by the
Secretary of the Department of Homeland Security of the United States. J██ C████
admitted that he was in the United States illegally.  After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the El Centro Sector Processing Center for further processing using the
E3/IDENT and IAFIS Systems.

**IMMIGRATION/CRIMINAL VIOLATION:**
At the El Centro Sector Processing Center, the subject was asked if he wanted to make a
Sworn Statement as part of the Removal Proceedings.  Service Form I-867A was read and
explained to the subject.  C████ stated that he understood and was willing to answer
questions and give a statement without the presence of an attorney. The subject stated that
he is a citizen and national of Guatemala without the necessary legal documents to enter,
pass through, or remain in the United States. The subject also stated that he illegally
crossed the international boundary without being inspected by an Immigration Officer at a

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| C████, J████ | Event No: ████████ | 02/20/2019 |

designated Port of Entry.

**CONSULAR NOTIFICATION:**
C████ was notified of his right to communicate with a consular officer from Guatemala as per Article 36(a)(b) of the Vienna Convention of Consular Relations. C████ acknowledged understanding the right but declined to speak with anyone at this time. C████ further stated that he does not fear persecution or torture if returned to his country of citizenship.

**TRAVEL:**
The Subject stated that he left his hometown in Guatemala approximately on 02/15/2019. The Subject was living with his partner and children in Guatemala before he came to the United States. The Subject stated he traveled by bus to the Mexican border, crossing into Chiapas, Mexico. The Subject stated he continued to travel north along the Mexican states by bus until arriving to Mexicali, Baja California, Mexico. The Subject stated upon arriving to the bus depot he took a bus to the US/MEXICO International Boundary. On 02/16/2019 the Subject crossed illegally into the United States and shortly was apprehended by United States Border Patrol Agents.

**DISPOSITION:**
The subject is being processed for an Expedited Removal. The subject was apprehended within 14 days of entering the United States and within 100 air miles of the United States / Mexico international boundary. C████ claims and appears to be in good health.

**IMMIGRATION HISTORY:** ████████

**CRIMINAL HISTORY:** Subject does not have any criminal history. (FBI# ████████

**\*\*\*\*\*\*\*\*\*ASID INTERVIEW\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

On February 20, 2019, J███ C████ was interviewed regarding his illegal entry into the United States. More specifically, the validity of his claim of being a Family Unit. C███ was arrested in Zone ████ the Calexico Border Patrol Station Area of responsibility with 11 other people. C███ is a citizen and national of Guatemala and claimed he entered the United States with h███ x year old son, Y███ C████ (DOB: ████████).

Subsequent to his arrest, C████ presented processing agents with two valid RENAP documents. An ID card with his personal information on it and a birth certificate for his alleged son. The birth certificate provided for the son, alleged he was born in 2012 which would make the child approximately seven years old. The child (C███) appeared to be approximately two or three years old. Initially, when processers asked the child how old he was he held up three fingers, indicating he was three years old. Additionally, the child appeared to be consistent (mentally and physically) with a child in that age range. He responded to questions and interacted appropriately for that age range.

In recent months, El Centro Sector has seen an influx of Fraudulent Family Units presenting themselves for asylum, under false pretenses, in order to defraud the asylum process in

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____   I213

| Alien's Name | File Number | Date |
|---|---|---|
| C████, J██ | | 02/20/2019 |
| | Event No: ██████████ | |

hopes to be released as an NTA.  After release, it is not uncommon for the subjects to cut off their ankle bracelets and disappear.  Often these individuals use legitimate documents with someone else's information.  This makes finding the person later increasingly more difficult.  Additionally, the true identity of the person is unknown because of the false documentation they were processed under.  We have also discovered cases of fraud regarding minors where the adult claims to be a parent or guardian but was in fact a different relative or neighbor.

Therefore, these observations were brought to the attention of the El Centro Sector (ELS) Alien Smuggler Identification and Deterrence (ASID) Unit for further scrutiny.  During the interview, Border Patrol Agent (BPA) ████████ and Border Patrol Agent-Intelligence (BPAI) ████████ asked C████ a series of questions regarding him and his son's relationship and the validity of their Family Unit status.

Throughout the interview, C████ gave conflicting answers.  It should be noted, the child was separate during the interviews and asked similar questions.  Agents noticed the child refused to answer questions any louder than a whisper.  Most times he would only shake his head yes or no.  Before he answered any questions, he looked toward the door (in the direction of C████) as if to see if C████ was looking at him.  The child seemed worried.
-C████ said he had four children.  The child indicated he had no brothers or sisters.
-C████ said the child was seven but corrected himself several times and said he was six.  After two days in a cell with C████, when asked about his age the child held up six fingers.
-Agents also asked the child if C████ was his father, several times.  He indicated he was not but when asked again he indicated he was.
-Agents also asked the child if C████ was his uncle.  He also shook his head yes.

Since agents were unable to truly verify the validity of this Family unit with certainty, BPA ████ contacted C████'s United States sponsor with the information he provided.  The sponsor, ████████████████, said he was C████'s nephew.  He provided a United States Address of ██████████████████ in ██████████.  ██ told BPA ██████ he was waiting for C████ and his brother.  He added both subjects were in Border Patrol Custody.  He also said C████ brother had the same name as him.

BPA ████ found C████'s brother to verify this claim.  He was in Border Patrol Custody.  He w████ so asked whether or not the child belonged to C████.  The brother admitted the child did not belong to C████.  He said the child belonged to his other brother that was still in Guatemala.  He admitted all three of them (the brothers) have the same names (identical on their IDs).  The child belonged to their oldest brother ██████████ ("#1") and C████ (the subject in our custody was the uncle not the father).

BPA ████ talked to C████'s nephew (██████████████ who also said the child in question did not belong to C████.  He said the child's name was actually J███, not Y██████ and said he was two years old.  Because the child does not belong to C████ he is being processed as an unaccompanied minor and C████ is being processed for removal.

| Signature | Title |
|---|---|
| ████████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | Subject ID: ▮▮▮▮ | Record of Deportable/Inadmissible Alien |
|---|---|---|

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| C▮▮▮▮, J | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| GUATEMALA | | ▮▮▮▮ | | 42 | 40 | STUDENT |

| U S  Address | | Scars and Marks |
|---|---|---|
| IN DHS CUSTODY | | NONE VISIBLE |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I  Number | ☒ Single |
|---|---|---|---|
| 02/16/2019, 0845, 3.5 mile(s) E of CAL, PWAM AFOOT | | | ☐ Divorced  ☐ Married |
| | | | ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| SAN PEDRO CARCHA  COBAN, ALTA VERAPAZ, GUATEMALA | PB |

| Date of Birth | Age:3 | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▮▮▮▮ | | 02/20/2019 | ELC/CAX | CALEXICO, CA | 02/16/2019 0853 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| COBAN, ALTA VERAPAZ, GUATEMALA | | | ▮▮▮▮ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | NONE |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | |

| Monies Due/Property in U S  Not in Immediate Possession | Fingerprinted? ☒ Yes  ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | I6A |

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior)

I77 #:▮▮▮▮

```
ARREST COORDINATES:
-------------------
Latitude:   32.6696
Longitude: -115.43542

CONSEQUENCE DELIVERY SYSTEM:
---------------------------
Classification: FIRA



FATHER NAME AND ADDRESS:
-----------------------
Nationality:GUATEMALA  ▮▮▮▮
SAN PEDRO CARCHA
COBAN, ALTA VERAPAZ, GUATEMALA

MOTHER NAME AND ADDRESS:
-----------------------
```

Border Patrol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received:  (Subject and Documents)  (Report of Interview) |
|---|---|
| | Officer: ▮▮▮▮ |
| TO A FILE | on: February 20, 2019 at 0917 ( time ) |
| ELC | Disposition: Warrant of Arrest/Notice to Appear |
| ELS | Examining  Officer: ▮▮▮▮ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security          **Continuation Page for Form** _____ I213

| Alien's Name<br>C_____, J | File Number _____<br>Event No: ██████ | Date<br>02/20/2019 |
|---|---|---|

```
Nationality:GUATEMALA  ████████
SAN PEDRO CARCHA
COBAN, ALTA VERAPAZ, GUATEMALA


UNACCOMPANIED JUVENILE:
-------------------------
C██████, J███


FUNDS IN POSSESSION:
---------------------
  .00


RECORDS CHECKED:
-----------------
CIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative


NARRATIVE:
----------
POINT OF CONTACT IN THE UNITED STATES:
███████████  (Uncle)
██████████████████████████
```

Contact was made with ██████████ at approximately 10:29 AM on 2/20/2019 by Border Patrol Agent ██████████ verifying address and phone number.

Subject provided a Guatemala birth certificate with the name of Y███████████████ C██ ███. The subject was encountered with J███ C█████ claiming to be his father.  ASID interview determined that Y████████████████ C████████ is an imposter and his real name is J███ C█████ and J███ C█████ is his uncle.

The subject will be processed as an unaccompanied child.  No papers will be signed due to child being too young.

J███ C█████ will be answering all questions for his nephew J███ C█████.

ASID interview:

On February 20, 2019, J███ C█████ was interviewed regarding his illegal entry into the United States.  More specifically, the validity of his claim of being a Family Unit.  C███ was arrested in Zone 14 of the Calexico Border Patrol Station Area of responsibility

| Signature<br>████████████ | Title<br>       Border Patrol Agent |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| C▮▮▮▮▮, J▮ | ▮▮▮▮▮▮ | 02/20/2019 |
| | Event No: ▮▮▮▮▮▮▮▮ | |

with 11 other people.  C▮▮▮ is a citizen and national of Guatemala and claimed he entered the United States with his six year old son, Y▮▮▮▮▮▮▮▮▮▮ C▮▮▮▮▮ (DOB: ▮▮▮▮▮▮ .

Subsequent to his arrest, C▮▮▮ presented processing agents with two valid RENAP documents.  An ID card with his personal information on it and a birth certificate for his alleged son.  The birth certificate provided for the son, alleged he was born in 2012 which would make the child approximately seven years old.  The child (C▮▮▮▮▮) appeared to be approximately two or three years old.  Initially, when processers asked the child how old he was he held up three fingers, indicating he was three years old.  Additionally, the child appeared to be consistent (mentally and physically) with a child in that age range. He responded to questions and interacted appropriately for that age range.

In recent months, El Centro Sector has seen an influx of Fraudulent Family Units presenting themselves for asylum, under false pretenses, in order to defraud the asylum process in hopes to be released as an NTA.  After release, it is not uncommon for the subjects to cut off their ankle bracelets and disappear.  Often these individuals use legitimate documents with someone else's information.  This makes finding the person later increasingly more difficult. Additionally, the true identity of the person is unknown because of the false documentation they were processed under.  We have also discovered cases of fraud regarding minors where the adult claims to be a parent or guardian but was in fact a different relative or neighbor.

Therefore, these observations were brought to the attention of the El Centro Sector (ELS) Alien Smuggler Identification and Deterrence (ASID) Unit for further scrutiny.  During the interview, Border Patrol Agent (BPA) ▮▮▮▮▮ and Border Patrol Agent-Intelligence (BPAI) ▮▮▮▮▮ asked C▮▮▮ a series of questions regarding him and his son's relationship and the validity of their Family Unit status.

Throughout the interview, C▮▮▮ gave conflicting answers.  It should be noted, the child was separate during the interviews and asked similar questions.  Agents noticed the child refused to answer questions any louder than a whisper.  Most times he would only shake his head yes or no.  Before he answered any questions, he looked toward the door (in the direction of C▮▮▮) as if to see if C▮▮▮ was looking at him.  The child seemed worried.

-C▮▮▮ said he had four children.  The child indicated he had no brothers or sisters.

-C▮▮▮ said the child was seven but corrected himself several times and said he was six. After two days in a cell with C▮▮▮, when asked about his age the child held up six fingers.

-Agents also asked the child if C▮▮▮ was his father, several times.  He indicated he was not but when asked again he indicated he was.

-Agents also asked the child if C▮▮▮ was his uncle.  He also shook his head yes.

Since agents were unable to truly verify the validity of this Family unit with certainty, BPA ▮▮▮▮ contacted C▮▮▮'s United States sponsor with the information he provided.  The sponsor, ▮▮▮▮▮▮▮▮▮▮, said he was C▮▮▮'s nephew.  He provided a United

| Signature | Title |
|---|---|
| ▮▮▮▮▮▮▮ | Border Patrol Agent |

_____ 3 of ___ 5 ____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| C████, J█ | ████ | 02/20/2019 |
| | Event No: ████ | |

States Address of ████████ in ██████████. ████ told BPA ████ he was waiting for C████ and his brother. He added both subjects were in Border Patrol Custody. He also said C████' brother had the same name as him.

BPA ████ found C████'s brother to verify this claim. He was in Border Patrol Custody. He was also asked whether or not the child belonged to C████. The brother admitted the child did not belong to C████. He said the child belonged to his other brother that was still in Guatemala. He admitted all three of them (the brothers) have the same names (identical on their IDs). The child belonged to their oldest brother ████████ ("#1") and C████ (the subject in our custody was the uncle not the father).

BPA ████ talked to C████'s nephew (████████████ who also said the child in question did not belong to C████. He said the child's name was actually J███, not Y████ and said he was two years old. Because the child does not belong to C████ he is being processed as an unaccompanied minor and C████ is being processed for removal.

ENCOUNTER:
Border Patrol Agent ████████ encountered J██ C████ in the El Centro Sector's area of responsibility, and determined the subject had unlawfully entered the United States of America from Mexico, at a time and place other than as designated by immigration officers of the United States of America.
After determining that C████ was an alien who illegally entered the United States, the subject was arrested and transported to the El Centro Sector Processing Center for further processing using the E3/IDENT/IAFIS systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the El Centro Border Patrol Station, C████ was advised of his administrative rights in removal proceedings via Service Form I-770. The subject acknowledged understanding these rights. C████ stated that he is a citizen and national of Guatemala without the necessary legal documents to enter, pass through, or remain in the United States. The subject also stated he illegally crossed the international boundary without being inspected by an Immigration Officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
J██ C████ was notified of his right to communicate with a consular officer from Guatemala as per Article 36(a)(b) of the Vienna Convention of Consular Relations. C████ acknowledged understanding the right but declined to speak with anyone at this time. C████ further stated that he does not fear persecution or torture if returned to his country of citizenship.

TRAVEL:
J██ C████ is an unaccompanied juvenile, answering all questions regarding traveling from his native country to the United Sates.

The Subject's uncle stated that he left his hometown in Guatemala approximately on 02/15/2019. The Subject's uncle stated he traveled by bus to the Mexican border, crossing into Chiapas, Mexico. The Subject's uncle stated he continued to travel north along the

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| C███████, J███ | ████████████ | 02/20/2019 |
| | Event No: ███████████ | |

Mexican states by bus until arriving to Mexicali ██████rnia, Mexico.  The Subject's uncle stated upon arriving to the bus depot he took another bus to the US/MEXICO International Boundary.  On 02/16/2019 he crossed illegally into the United States and shortly was apprehended by United States Border Patrol Agents.

 DISPOSITION:
J██ C███████ was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act. ██████ C██████ was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

C██████ claiming to be citizen of Guatemala.

C██████ claims and appears to be in good health.

C██████ will be turned over to ICE-ERO as a WA/NTA.

IMMIGRATION HISTORY: ████████████

CRIMINAL HISTORY: Subject does not have any criminal history.

| Signature | Title |
|---|---|
| ████████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit D

**U.S. Department of Homeland Security**    Subject ID: ███████    **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS)     First     Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|
| S███████ D███ | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | | CASE No: ███████ | 68 | 160 | LABORER |

| U S  Address | Scars and Marks |
|---|---|
| See Narrative | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number | ☐ Single ☐ Divorced ☒ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 02/12/2019, 2220, 3 mile(s) W of ROM, PWAM(RAFT) | | ███████ | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| HONDURAS | PB |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| ███████  Age:55 | 02/14/2019 | RGV/RGC | ROMA, TX | 02/12/2019 2230 |

| City, Province (State) and Country of Birth | AR ☒  Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| FLORIDA, COPAN, HONDURAS | | ███████ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| See Narrative | CLAIM 9 HONDURAS CHILDS |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I9A2 |

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS #: ███████        I77 #: ███████
                        (separated)

ARREST COORDINATES:
-------------------
Latitude:  26.40221
Longitude: -99.01678

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FMUA

BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ███████ on: February 14, 2019 at 0000 _____ (time)  Disposition: Reinstatement of Deportation Reasonable  Examining Officer: ███████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| S█████████, D█████ | Event No: ███████████ | 02/14/2019 |

```
Program:        GPI/HPI


OTHER ALIASES KNOWN BY:
-----------------------
████████████████████████


US ADDRESS:
-----------
PIDC (PORT ISABEL DETENTION CENTER) 27991 BUENA VISTA BLVD.
LOS FRESNOS, TEXAS, 78566


SPOUSE NAME AND ADDRESS:
-----------------------
Nationality:HONDURAS TORREZ, ███████████
ALDEA SAN LORENZO TECHIN
FLORIDA, COPAN, HONDURAS

FATHER NAME AND ADDRESS:
-----------------------
Nationality:HONDURAS ████████████████████
ALDEA SAN LORENZO TECHIN
FLORIDA, COPAN, HONDURAS

MOTHER NAME AND ADDRESS:
-----------------------
Nationality:HONDURAS ████████████████
ALDEA SAN LORENZO TECHIN
FLORIDA, COPAN, HONDURAS

FUNDS IN POSSESSION:
--------------------
United States Dollar 400.00

NARRATIVE:
----------
ENCOUNTER DATA:
Subject D████ S██████████████ (A#███████████) was encountered by Rio Grande City, Texas
Border Patrol Agent ████████████████ on February 12, 2019 near Roma, Texas. Upon questioning
subject about his immigration status, the subject readily admitted to being a citizen of
Honduras and to not being in possession of any immigration documents allowing him to be or
remain in the United States.  Subject was placed under arrest and transported to the
Centralized Processing Center in McAllen, Texas.
```

| Signature | Title |
|---|---|
| ████████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I-213

| Alien's Name | | Date |
|---|---|---|
| S███████████, D███████ | ██████████ Event No:████████████ | 02/14/2019 |

**MIRANDA WARNING:**
At the Rio Grande Valley Centralized Processing Center in McAllen, Texas, subject was advised of his rights as per I-214, (Miranda Warning), in the Spanish language by BPA ██ ███████████ and witnessed by BPA ██████.  Subject also read the form in the Spanish language. The subject signed that he understood his rights and that he was willing to answer any questions asked of him.

**ENTRY DATA:**
Subject claims and records show that he last entered the United States illegally by rafting across the Rio Grande River from Mexico into the U.S., approximately 3 mile west of the Roma, Texas Port of Entry on February 12, 2019 at approximately 2220 hours.  Therefore, subject entered the United States at a place not designated as a port of entry by the Attorney General of the United States and or the Secretary of Homeland Security, the successor, thus he was not admitted, inspected, or paroled into the United States by a U.S. Immigration Official.

**IMMIGRATION DATA:**
Subject does not possess any valid U.S. Immigration Documents allowing him to enter or remain in the United States legally. Subject stated and records show that he has never applied, nor has anyone applied on his behalf, for any valid U.S. Immigration Documents allowing him to enter or remain in the United States legally.

**IMMIGRATION HISTORY:**

1.) ORDERED REMOVED: 05/24/2015 E/R, McAllen, Texas
DATE DEPARTED: 05/28/2015
DEPARTED AT: Harlingen, Texas

**RECORDS CHECKS:**
Revealed the following (A#██████████), (FBI#████████)

**CRIMINAL HISTORY:**

1.) ARREST DATE: 02/02/2003
AGENCY: Montgomery CNTY PD
CHARGE: Mal Dest Prop/Valu - $500.00
DISPOSITION DATE: 03/04/2003
DISPOSITION: 60 Days Confinement, 60 Days Suspended, 6 Months Probation


***Court Comment 09/08/2006 FAILURE TO APPEAR ISSUED***
Subject have a outstanding warrant  ( FAILURE TO APPEART)
Date of Warrant: 09/11/2006

NOTE: Subject has one active warrants out of Montgomery, CO (Issued: 09/11/2006 by Montgomery CO PD Gaithersburg). Warrant issuing agency replied that they are not willing to extradite. The subject stated that the warrant is because he fail to appear.

| Signature | Title |
|---|---|
| ███████████ | BORDER PATROL AGENT |

_____ 3 ___ of ___ 4 ___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| S███████, D████ | ████████ Event No:████████ | 02/14/2019 |

Subject stated that he left his home country of Honduras on 02/04/2019 and traveled by bus to the U.S. Mexican Border near Camargo, Mexico about two days ago. Subject stated that he waited near Camargo, Mexico for a short while before being rafted across the Rio Grande River near Roma, Texas.

MOTIVATION:
Subject states that he entered the United States in order to reside and return to his wife in Charlotte, North Carolina and seek employment there.

CONSULATE RIGHTS/NOTIFICATION:
Subject was notified of his right, as a non-US citizen, to have a consular representative of his country notified of his arrest. I asked the subject if he wanted his consulate notified at this time. The subject stated he did want his consulate notified.

CREDIBLE FEAR STATEMENT:
Subject was asked whether he feared being returned to his country of citizenship. Subject stated that he has fear of being harmed if returned to Honduras.

TERRORIST LINKS:
Subject was interviewed and record checks completed. No Links to terrorism or travel to countries linked to terrorism or gang affiliation could be established.

MEDICAL/HEALTH:
Subject stated he is in good health and does not need medical attention at this time.

DISPOSITION:
Subject is being processed for 8 USC 1229A, and 8 USC 1325A1 (Entry without Inspection) and will appear before the Magistrate Court Judge for his immigration and criminal history. Subject will be held at the Rio Grande Valley Centralized Processing Center in McAllen, Texas pending his appearance before a Magistrate.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

_____ 4 _____ of _____ 4 _____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**     Subject ID: ███████        **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| S███████, B███████ | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number |
|---|---|---|
| HONDURAS | | ███████ |

| | Height | Weight | Occupation |
|---|---|---|---|
| | 64 | 120 | STUDENT |

| U S Address | | Scars and Marks |
|---|---|---|
| ███████ | | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 02/12/2019, 2220, 3 mile(s) W of ROM, PWAM (RAFT) | |

| F B I Number | |
|---|---|
| ███████ | ☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence |
|---|
| ALDEA SAN LORENZO TECHIN  FLORIDA, COPAN, HONDURAS |

Method of Location/Apprehension
PB

| Date of Birth | Age:17 | Date of Action | Location Code |
|---|---|---|---|
| ███████ | | 02/13/2019 | RGV/RGC |

| At/Near | Date/Hour |
|---|---|
| ROMA, TX | 02/12/2019 2230 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| FLORIDA, COPAN, HONDURAS | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name |
|---|---|
| | |

| Status at Entry | Status When Found |
|---|---|
| PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number |
|---|---|
| | |

| Length of Time Illegally in U S |
|---|
| AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | NONE |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I6A |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS #: ███████        I77 #: ███████
                ███████: (separated)

███████

ARREST COORDINATES:
-------------------
Latitude:  26.40221
Longitude: -99.01678

**CREDIBLE FEAR CLAIM**

CONSEQUENCE DELIVERY SYSTEM:
-----------------------------
Classification: FMUA

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|
| | | |

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE | Officer: ███████ |
| RGV/CPC | on: February 13, 2019 at 1810 _____ (time) |
| STATS | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: ███████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| S████████  B████████ | ████████<br>**Event No:** ████████ | 02/14/2019 |

**FATHER NAME AND ADDRESS:**
------------------------
Nationality:HONDURAS S████████████
PIDC (PORT ISABEL DETENTION CENTER) 27991 BUENA VISTA BLVD.
LOS FRESNOS, TEXAS, 78566, UNITED STATES
PIDC (PORT ISABEL DETENTION CENTER) 27991 BUENA VISTA BLVD.
LOS FRESNOS, TEXAS, 78566, UNITED STATESUNITED STATES

**MOTHER NAME AND ADDRESS:**
------------------------
Nationality:HONDURAS ████████████
ALDEA SAN LORENZO TECHIN
FLORIDA, COPAN, HONDURAS

**UNACCOMPANIED JUVENILE:**
------------------------
S████████, B████████

**FUNDS IN POSSESSION:**
--------------------
 .00

**NARRATIVE:**
----------
***The subject was traveling with her father D████ S████████ (A#████████). The
subject will be separated from her father because of her father's criminal record***


**IMMIGRATION HISTORY:** No Immigration History

**CRIMINAL HISTORY:** No Criminal History

**ENCOUNTER:**
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States.  After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas
for further processing using the E3/IDENT and IAFIS Systems.

**IMMIGRATION/CRIMINAL VIOLATION:**
At the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas, the
subject was advised of the administrative rights in removal proceedings.  The subject

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| S███████, E█████ | ████████ | 02/14/2019 |
| | Event No: ████████ | |

acknowledged understanding these rights.  The su████████ to be a citizen and national of Honduras without the necessary legal documents to enter, pass through, or to remain in the United States.  The subject also admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from Honduras as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The subject acknowledged understanding the right and agreed to speak with anyone at this time.  Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with forms I-200. I-862, I-286 and the List of Free Legal Service Provider.


ADDITIONAL INFORMATION
1. Location of immediate family:
        Immediate family of UAC is located in Charlotte, NC.

2. Name, address, phone numbers and relationship of any relatives or friends in the United States or contiguous territory;
        Name: ████████████████

        Relationship: Mother

        Phone #: ████████████

        Address: ████████████████████████

3. Type of locale in country where juvenile was raised (suburban, rural, urban, etc.);
        The UAC was raised in a suburban locale called Municipio de Florida, Departamento de Copan, Honduras.
4. Whom the juvenile lived with before leaving home;
        Before leaving her home, juvenile was living with her father.

5. Length of time in transit from home to the United States was 8 days.

6. Route of travel (e.g., countries, length of time spent in each, status in each, date of arrival at border, etc.)
        Juvenile spent approximately 2 days to cross the border of Guatemala and Mexico. The UAC stated that she traveled with her brother. The UAC traveled in a bus for an additional 6 days to Reynosa, Mexico. Later, she was taken to the river and crossed nearby Hidalgo, Texas.

7. Destination in the United States;

| Signature | Title |
|---|---|
| ████████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____I213_____

| Alien's Name | File Number | Date |
|---|---|---|
| S█████████, B███████ | | 02/14/2019 |
| | Event No:█████████ | |

The juvenile's destination was Charlotte, NC.

8. Person whom juvenile was to contact in the United States and phone number (indicate if contact has been established and who was contacted);
        The UAC made contact with family member in the United States on 02/13/2019.

9. Present funds and anticipated method of support;
        Juvenile stated that she didn't have money and/or any method of support.

10. If smuggled, the arrangement made;
        Juvenile does not know any details about her travel arrangement.

11. The health of the juvenile: are there any health problems admitted?
        Juvenile stated that she is in good overall health conditions.

12. Juvenile's language skill;
        The UAC primary language is Spanish.
Note: The UAC is in possession of a birth certificate to verify her age.

| Signature | Title |
|---|---|
| █████████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit E

**U.S. Department of Homeland Security**   Subject ID: ▮▮▮▮        **Record of Deportable/Inadmissible Alien**

| Family name | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| B▮▮▮▮▮, J▮ | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | ▮ | | 60 | 150 | LABORER |

| US Address | Scars and Marks |
|---|---|
| PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566 | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number | ☒ Single |
|---|---|---|---|
| 05/30/2019, 1500, 8.96 mile(s) W of HID, PWAM RAFT | | | ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| See Narrative | PB |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▮▮▮▮  Age:29 | | 05/31/2019 | RGV/MCS | GRANJENO, TX | 05/30/2019 1630 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | See Narrative |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I9A2 |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS # ▮▮▮▮▮▮

ARREST COORDINATES:
-------------------
Latitude:   26.13495
Longitude: -98.31412

**CREDIBLE FEAR CLAIM**

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: CRMA

Border Patrol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| To File<br>MCA/MCS<br>Stats | Officer: ▮▮▮▮<br>on: May 31, 2019 at 1900                    (time)<br>Disposition:  Reinstatement of Deportation Reasonable<br>Examining Officer: ▮▮▮▮ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security          Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| B_____, J__ | _____<br>Event No: _____ | 05/31/2019 |

```
Program:        STR_PROS


OTHER ALIASES KNOWN BY:

████████████████████████████


FOREIGN ADDRESS:
----------------
   SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA
   SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA


FATHER NAME AND ADDRESS:
-----------------------
Nationality:GUATEMALA ████████████████

SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA


MOTHER NAME AND ADDRESS:
-----------------------
Nationality:GUATEMALA ██████████████

SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA


FUNDS IN POSSESSION:
--------------------
  .00


RECORDS CHECKED:
----------------
ATS-P Positive
CIS Positive
CLAIM Negative
ABIS Negative
EARM Positive
IAFIS Positive
NCIC Positive
TECS Positive


NARRATIVE:
----------
ARREST DATA:
```
B_____, J___, A# _____ was encountered near Granjeno, Texas, by McAllen
Patrol Agent _____ while conducting line watch operations.  The Border Patrol Agent
approached the subject and identified himself as a Border Patrol Agent and proceeded to
question the subject as to the subject's citizenship and immigration status.  The subject

| Signature | Title |
|---|---|
| ████████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name B█████████ J██ | File Number █████████  Event No:█████████ | Date 05/31/2019 |

willfully and freely admitted to being a citizen and national of Guatemala by birth and without any immigration documents to be or remain in the United States legally.  The subject was placed under arrest and transported to the McAllen Border Patrol Station in McAllen, Texas for processing.

RECORD CHECKS DATA:
The subject was enrolled into: IAFIS, ENFORCE and IDENT systems.  The IAFIS system indicated the subject did have a criminal history.  The IDENT system indicated that the subject had prior immigration removals. Subject is a previously removed alien.  RGV CPC Personnel ran the subject's name and biographical data through wants and warrants with positive results.  The subject's name and biographical data were run through IAFIS, CIS, EARMS, TECS, and NCIC with positive results. The subject's name and biographical data were run through CLAIMS with negative results.  The subject was assigned FBI# █████████  A# ████████ █████████, SIDS# █████████, and FINS# █████████.

RIGHTS DATA:
BPA █████████, read the subject his rights as per Service forms I-214 and I-215, in the Spanish language, and witnessed by BPA█████████  The subject understood and acknowledged by signing the subject's name on the forms.

ENTRY DATA:
Subject admits being a citizen and national of Guatemala by virtue of birth.  Subject admits last entering the United States illegally, by rafting across the Rio Grande River 8.96 miles west of the Hidalgo, Texas Port-of-Entry on 05/30/2019.  Subject stated not possessing any Immigration documents allowing the subject to stay in the United States. The subject entered the United States at a place not designated as a port of entry by the Attorney General of the United States or the Secretary of Homeland Security, the successor, thus the subject was not admitted, inspected, or paroled into the United States by a U.S. Immigration Official.

TRAVEL DATA:
Subject departed Reynosa, Tamaulipas, Mexico on 05/30/2019.  The subject then proceeded to make the subject's illegal entry into the United States.

The subject did not travel through any special interest countries set forth by DHS.

IMMIGRATION DATA: A# █████████, FINS# █████████

The subject has prior immigration removals.

Administrative Final Order Date: 04/27/2010
Date Departed: 05/06/2010
Port Departed: Miami, Florida

CRIMINAL DATA / ACTIVE WARRANT:

Subject has an Active Warrant out of Miami, Florida Dade Police Department for Probation Violation, NCIC# █████████

| Signature ████████ | Title        Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| B████████ , J███ | Event No: ████████ | 05/31/2019 |

The subject has prior criminal convictions.

Arrest Date: 09/30/2008
Agency: Miami, Florida Dade County Sheriff's Office
Charge: Sexual Battery on Minor
Disposition Date: 11/14/2008
Disposition: 3 years probation

MOTIVATION DATA:
The subject has stated purpose for entering the United States was to reside and seek employment in Nebraska.

CONSULAR RIGHTS:
The subject was advised of the right to speak with a Consulate Officer of Guatemala.
The subject does want to speak to a consulate officer at this time.
The subject does fear being returned to the native country of Guatemala.

HEALTH:
Subject claims to be in good health and not taking any medications.

GANG AFFILIATION:
The subject claims to have no gang affiliation.

DISPOSITION DATA:
Subject is being processed as a Reinstatement of Prior Order Removal (8 USC 1229) and prosecuted for Illegal Entry (8 USC 1325) under guidelines of Standard Prosecution.  The subject will be detained at the McAllen Border Patrol Station in McAllen, Texas pending his initial appearance in front of the U.S. Magistrate.

FAMU SEPARATION:
Father is traveling with minor daughter J████████ B████████ , A# ████████

Father will be separated from child and prosecuted 8 USC 1325, due to his criminal history.

POC:
NAME: ████████
RELATIONSHIP: SISTER
ADDRESS: ████████
PHONE NUMBER: ████████

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security       Subject ID ██████████          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| B████████ J████████ | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | | 36 | 36 | CHILD |

U S  Address

Scars and Marks
**NONE INDICATED**

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 05/30/2019, 1500, 8.96 mile(s) W of HID, PWAM BY RAFT | |

F B I Number    ☒ Single   ☐ Divorced   ☐ Married   ☐ Widower   ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence

Method of Location/Apprehension
**PB**

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| 09/03/2015    Age:3 | | 06/02/2019 | RGV/MCS | HIDALGO, TX | 05/30/2019 1630 |

| City, Province (State) and Country of Birth | AR ☒ Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S  Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I6A |

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior)

```
                        I77 #:██████████



    ARREST COORDINATES:
    -------------------
    Latitude:   26.13495
    Longitude: -98.31412


    CONSEQUENCE DELIVERY SYSTEM:
    ----------------------------
    Classification: FIRA
```

## CREDIBLE FEAR CLAIM

```
    FATHER NAME AND ADDRESS:
    -----------------------
    Nationality:GUATEMALA ████

    SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

    MOTHER NAME AND ADDRESS:
    -----------------------
```

████████████████
**BORDER PATROL AGENT**

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE<br>RGV/CPC<br>STATS | Officer: ████████████<br>on: **June 02, 2019 at 0828** ( time )<br>Disposition: **Warrant of Arrest/Notice to Appear**<br>Examining Officer: ████████████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                 **Continuation Page for Form** _____ I213 _____

| Alien's Name <br> B████████ , J████████ | File Number ████████ <br> Event No:████████ | Date <br> 06/03/2019 |
|---|---|---|

Nationality:GUATEMALA ████████

SAN JUAN IXCOY, HUEHUETENANGO, GUATEMALA

UNACCOMPANIED JUVENILE:
-----------------------
B████████ , J████████

NARRATIVE:
----------
Due to subject being of tender age all information was obtained from the child's aunt ████████ at Phone #: ████████.

IMMIGRATION HISTORY: (No prior immigration history)

CRIMINAL HISTORY: (No prior criminal history)

POINT OF CONTACT IN THE UNITED STATES:
Name: ████████
Relationship: AUNT
Phone #: ████████
Address: ████████

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol Sector. A Border Patrol Agent determined this subject had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. After determining that the subject was an alien whom illegally entered the United States, the subject was arrested and transported to the Rio Grande Valley Centralized Processing Center in McAllen, Texas for further processing using the E3/IDENT and IAFIS Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Centralized Processing Center, the subject was advised of the administrative rights in removal proceedings. The subject acknowledged understanding these rights. The subject claimed to be a citizen and national of Guatemala without the necessary legal documents to enter, pass through, or to remain in the United States. The subject also admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from Guatemala as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right but declined to speak with anyone at this time. Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

| Signature ████████ | Title <br>     BORDER PATROL AGENT |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| B███████, J███████ | Event No: ████████ | 06/03/2019 |

(FOR SALVADORANS): The subject was provided the Modified Orantes Forms I848 and I848A.  The subject did want an interview with an asylum officer and did not request to be returned to El Salvador.

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

SUBJECT MADE CONTACT WITH Name: ██████████, Relationship: AUNT, Phone #: ██████████
       Address: MIAMI, FLORIDA

Note:
Subject is an unaccompanied juvenile and was asked the following questions:

1. Location of immediate family?
Name: ██████████, Relationship: AUNT, Phone #: ██████████, Address: MIAMI, FLORIDA

2. Location and phone number of any relatives or friends in the United States or contiguous territory?
Name: ██████████, Relationship: AUNT, Phone #: ██████████, Address: MIAMI, FLORIDA

3. Type of locale in country where juvenile was raised?
The child claims to be raised in a rural area.

4. Whom the juvenile lived with before leaving home?
The child claims to be living with a relative in Guatemala.

5. Length of time in transit from home to the United States?
The child claims to have spent approximately 23 days traveling from Guatemala to the United States.

6. Route of travel?
Subject states to have traveled through Guatemala then into Mexico by bus.  Subject states then to have traveled through Mexico stopping at several unknown cities until arriving at the border city of Reynosa, Tamaulipas.  Subject states staying at an undisclosed home in Reynosa until making an illegal entry.

7. Destination in the United States?
Subject states the purpose of entry was to reunite with the relative in Miami, Florida.

8. Person whom juvenile was to contact in the United States and phone number?
Name: ██████████ Relationship: AUNT, Phone #: ██████████, Address: MIAMI, FLORIDA

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| B█████████, J███████ | █████████ | 06/03/2019 |
| | Event No: ████████ | |

9. Present funds and anticipated method of support?
Subject states to not have any money and that the relative would support the child.

10. If smuggled, the arrangements made?
Subject stated that the relative made all arrangements and child is unsure of what they arranged.

11. The health of the juvenile; are there any health problems admitted?
Subject claims to be in good health condition.

12. Juvenile's language skills?
Subject claims to be able to read and write in Spanish.

| Signature | Title |
|---|---|
| ██████████ | BORDER PATROL AGENT |

_____4_____ of ___4___ Pages

Exhibit F

**U.S. Department of Homeland Security**

Subject ID ▮

**Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | Sex M | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|---|---|
| F▮  , J▮ | | | | | | |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height 64 | Weight 150 | Occupation LABORER |
|---|---|---|---|---|---|
| EL SALVADOR | | CASE No: ▮ | | | |

| US Address |
|---|
| See Narrative |

Scars and Marks
NONE INDICATED

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | FBI Number |
|---|---|---|
| 02/12/2019, 0015, 5 mile(s) W of ROM, PWAM BY RAFT | | |

☒ Single
☐ Divorced ☐ Married
☐ Widower ☐ Separated

| Number, Street, City, Province (State) and Country of Permanent Residence |
|---|
| ILOBASCO, CABANAS, EL SALVADOR |

Method of Location/Apprehension
PB

| Date of Birth | Age:52 | Date of Action 02/12/2019 | Location Code RGV/RGC | At/Near ROMA, TX | Date/Hour 02/12/2019 0030 |
|---|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| ILOBASCO, CABANAS, EL SALVADOR | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found TRAVEL/SEEKING |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in US AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children NONE |
|---|---|

| Father's Name, Nationality, and Address, if Known See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in US Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) I7A1 |
|---|---|---|---|

| Name and Address of (Last)(Current) US Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative or criminal violation  Indicate means and route of travel to interior )

FINS #: ▮          I77 #: ▮

ARREST COORDINATES:
-------------------
Latitude:   26.41994
Longitude: -99.06213

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ▮ |
| | on: February 12, 2019 at 2339 (time) |
| | Disposition: Expedited Removal (I-860) |
| | Examining Officer: ▮ |

Form I-213 (Rev 08/01/07) Y

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| F███████████, J██████ | A███████████ | 02/13/2019 |
| | Event No: ███████ | |

```
Program:        STR_PROS


US ADDRESS:
-----------
PIDC 27991 BUENA VISTA BLVD
LOS FRESNOS, TEXAS, 78566


FATHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR ███████

ILOBASCO, CABANAS, EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR ███████

ILOBASCO, CABANAS, EL SALVADOR

FUNDS IN POSSESSION:
--------------------
United States Dollar 69.00

RECORDS CHECKED:
----------------
ATS-P Negative
CIS Negative
CLAIM Negative
ABIS Negative
EARM Negative
IAFIS Negative
NCIC Negative

NARRATIVE:
----------
ENCOUNTER/ARREST:
```
F███████████, J██████████ (A# ███████████) was encountered near Roma, Texas by Border Patrol Agent ██████████ on 02/12/2019. BPA ██████ identified himself as a Border Patrol Agent and proceeded to question the subject as to his citizenship and Immigration status. The subject willfully and freely admitted to being a citizen and national of El Salvador by birth and without any Immigration documents to be or remain in the U.S. legally. The subject was placed under arrest and transported to Rio Grande Valley Centralized Processing Center in McAllen, Texas for processing.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

_____2_____ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**

**Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| F████████, J███████ | | 02/13/2019 |
| | Event No ████████ | |

**ENTRY DATA:**
Subject freely admitted to last entering the United States on February 12, 2019, by using a raft to cross the Rio Grande River approximately 5 miles west of the Roma, Texas, Port of Entry.

A███████████RAN
F█████████, J███████ was read his rights as per Form I-214 in the Spanish l██████████tnessed by BPA ████████  The Subject understood and acknowledged but refused to sign any forms.

F█████████, J███████ was read the Statement of Rights and Consequences as per Form I-867 A/B by BPA ████████ and witnessed by BPA ████████ in the Spanish language, which the subject acknowledged that he understood. Subject agreed to answer questions and give a sworn statement.

**IMMIGRATION DATA:**
Subject does not possess any Immigration or Travel documents, which allow him to be in or remain in the United States legally.  Subject has no petitions filed nor has anyone filed on his behalf.

Pursuant to Section 235 (b)(1) of the Immigration and Nationality Act, the Department of Homeland Security has determined that the subject is inadmissible to the United States under section 212 (a)(7)(A)(i)(I) of the Act, as amended, and therefore is subject to removal in that:

The subject is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border-crossing card, or other valid entry document required by the INA.

**IMMIGRATION HISTORY:**
No prior immigration history.

**CRIMINAL HISTORY:**
No prior criminal history.

**MOTIVATION:**
Subject stated that the motivation for coming to the U.S. was to seek employment and reside in Maryland.

**CREDIBLE FEAR STATEMENT:**
Subject was questioned using Form I-867A (Statement of Rights and Consequences) regarding fear of being returned to subject's country of origin.  The subject does not claim fear of persecution or torture if returned to his country of citizenship.

**CONSULATE NOTIFICATION:**
The subject was notified of the right to communicate with a consular officer from their country as per Article 36(a) (b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right but declined to speak with anyone at this time.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

_____ 3 _____ of _____ 4 _____ Pages

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213____

| Alien's Name<br>F████████, J████████ | File Number<br>████████<br>**Event No** ████████ | Date<br>02/13/2019 |
|---|---|---|

Subject was provided the modified Orantes Advisal.  The subject did not request an interview before an asylum officer and did not request to be returned to El Salvador.

HEALTH SCREEN:
Subject appears to be in good health with no discernible injuries or illnesses or displays of behavior indicating mental defect or illness.  Subject claims to be in good health and is not taking any medication.

TERRORIST OR GANG/ORGANIZED CRIME AFFILIATIONS:
Subject was interviewed and record checks were completed on subject.  No links to terrorism, terrorist groups, gang or organized crime could be established; nor travel through countries linked to terrorism.

DISPOSITION:
F████████, J████████ is being processed as an Expedited Removal (8 USC 1182) and will be prosecuted for 8 USC 1325 as per RGV Sector Prosecutions office Zero Tolerance directive.  The subject will be detained at the Rio Grande Valley Centralized Processing Center pending his arraignment before a U.S Magistrate.

FORMS EXECUTED:
The following forms were served in the Spanish language by Border Patrol Agent ████████:
I-296, I-860, I-867A/B, and I-214.

NOTE:
On February 12, 2019, agents assigned to the RGV SIU ASID Unit agents interviewed the following individuals in Event ████████.  The adult male, later identified as J████ F████████ (DOB: ████████ (52); COB: El Salvador) was interviewed regarding his purported claim of being the father of a child named D████████ F████████ (DOB: ████████ (12); COB: El Salvador).  After a few minutes of the interview J████ F████████ was claiming the underage female was his daughter.  D████ ████████ F████████ presented a Documento de Identidad showing J████ ████████ F████████ as her father. The document presented appeared to be fraudulent and interview continued and after a few minutes she freely admitted she was traveling with her uncle and not her father.  D████████ F████████ also stated that her mother was the one that bought the fraudulent Documento de Identidad in El Salvador.  She stated that his father is ████████████████ and stayed in El Salvador.  She stated that her mother and sister had crossed into the United States two weeks ago and had already been released of immigration custody.  The information provided was able to be verified.  D████ ████████ F████████ stated that the smugglers told her to lie to immigration officials so they could also be released from immigration custody as a FMUA into the United States.  She also stated her uncle is single and has never been married or has any children.

| Signature<br>████████ | Title<br>**BORDER PATROL AGENT** |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | Subject ID: ██████ | Record of Deportable/Inadmissible Alien |
|---|---|---|

| Family Name (CAPS) | First | Middle | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| F████████ D████████ | | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| EL SALVADOR | | CASE No: ██████ | | 60 | 80 | STUDENT |

**U S  Address**
See Narrative

Scars and Marks
**NONE INDICATED**

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number |
|---|---|---|
| 02/12/2019, 0015, 3 mile(s) W of ROM, PWAM BY RAFT | | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| EL SALVADOR | PB |

| Date of Birth ██████ | Age:12 | Date of Action 02/13/2019 | Location Code RGV/RGC | At/Near ROMA, TX | Date/Hour 02/12/2019 0030 |
|---|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR ☒ Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By ██████ |
|---|---|---|
| ILOBASCO, CABANAS, EL SALVADOR | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found IN TRAVEL |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|

| Father's Name, Nationality, and Address, if Known See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in U S  Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) I6A |
|---|---|---|---|

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )


        ARREST COORDINATES:
        -------------------
        Latitude:   26.4012
        Longitude: -99.0581

        CONSEQUENCE DELIVERY SYSTEM:
        ----------------------------
        Classification: FIRA

                        **CREDIBLE FEAR CLAIM**

        US ADDRESS:

        ██████████████

        FATHER NAME AND ADDRESS:
        ------------------------


                                        BORDER PATROL AGENT

| Alien has been advised of communication privileges | _____ (Date)(Initials) | _____ (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ██████ on: **February 13, 2019 at 0730** ( time ) Disposition: **Warrant of Arrest/Notice to Appear** Examining  Officer: ██████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| F▮▮▮▮▮▮▮ D▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮ <br> Event No: ▮▮▮▮▮▮▮▮ | 02/13/2019 |

Nationality:EL SALVADOR ▮▮▮▮

SAN SALVADOR, SAN SALVADOR, EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR ▮▮▮▮▮

SAN SALVADOR, SAN SALVADOR, EL SALVADOR

UNACCOMPANIED JUVENILE:
----------------------
F▮▮▮▮▮▮, D▮▮▮▮▮

NARRATIVE:
----------
Due to subject being of tender age all information was obtained from the child's aunt ▮▮▮▮▮▮▮▮ at Phone #: ▮▮▮▮▮▮▮▮

IMMIGRATION HISTORY: (No prior immigration history)

CRIMINAL HISTORY: (No prior criminal history)

POINT OF CONTACT IN THE UNITED STATES:
Name: ▮▮▮▮▮▮▮
Relationship: AUNT
Phone #: ▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮▮▮▮▮

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States.  After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Centralized Processing Center in McAllen, Texas for
further processing using the E3/IDENT and IAFIS Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Centralized Processing Center, the subject was advised of the
administrative rights in removal proceedings.  The subject acknowledged understanding these
rights.  The subject claimed to be a citizen and national of El Salvador without the
necessary legal documents to enter, pass through, or to remain in the United States.  The
subject also admitted to illegally crossing the international boundary without being
inspected by an immigration officer at a designated Port of Entry.

| Signature | Title |
|---|---|
| ▮▮▮▮▮▮ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | Continuation Page for Form | I213 |

| Alien's Name | | Date |
| F█████████, D██████ | █████████ | 02/13/2019 |
| | Event No:█████████ | |

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from El Salvador as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The subject acknowledged understanding the right but declined to speak with anyone at this time.  Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

(FOR SALVADORANS): The subject was provided the Modified Orantes Forms I848 and I848A.  The subject did want an interview with an asylum officer and did not request to be returned to El Salvador.

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

SUBJECT MADE CONTACT WITH Name: █████████  Relationship: AUNT, Phone #: █████████
Address: █████████████████████

Note:
Subject is an unaccompanied juvenile and was asked the following questions:

1. Location of immediate family?
Name: █████████  Relationship: AUNT, Phone #: █████████, Address: █████████
█████████

2. Location and phone number of any relatives or friends in the United States or contiguous territory?
Name: █████████, Relationship: AUNT, Phone #: █████████, Address: █████████

3. Type of locale in country where juvenile was raised?
The child claims to be raised in a rural area.

4. Whom the juvenile lived with before leaving home?
The child claims to be living with a relative in El Salvador.

5. Length of time in transit from home to the United States?
The child claims to have spent approximately 23 days traveling from El Salvador to the United States.

6. Route of travel?
Subject states to have traveled through El Salvador then into Mexico by bus.  Subject states then to have traveled through Mexico stopping at several unknown cities until arriving at the border city of Reynosa, Tamaulipas.  Subject states staying at an undisclosed home in Reynosa until making an illegal entry.

7. Destination in the United States?

| Signature | Title |
| █████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | | File Number | Date |
|---|---|---|---|
| F████████  D██████████ | | ████████ | 02/13/2019 |
| | | Event No: ██████████ | |

Subject states the purpose of entry was to reunite with the relative in Silver Spring, Maryland.

8. Person whom juvenile was to contact in the United States and phone number?
Name: ██████████, Relationship: AUNT, Phone #: ██████████, Address: ██████████
██████████

9. Present funds and anticipated method of support?
Subject states to not have any money and that the relative would support the child.

10. If smuggled, the arrangements made?
Subject stated that the relative made all arrangements and child is unsure of what they arranged.

11. The health of the juvenile; are there any health problems admitted?
Subject claims to be in good health condition.

12. Juvenile's language skills?
Subject claims to be able to read and write in Spanish.

| Signature | Title |
|---|---|
| ██████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

Exhibit G

| U.S. Department of Homeland Security | Subject ID: ████████ | | Record of Deportable/Inadmissible Alien | | | |
|---|---|---|---|---|---|---|

| Family Name (CAPS)  R██████████  J█ | First | Middle | Sex M | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|---|---|

| Country of Citizenship  HONDURAS | Passport Number and Country of Issue | File Number | Height 68 | Weight 170 | Occupation LABORER | |
|---|---|---|---|---|---|---|

| US Address  See Narrative | | Scars and Marks  NONE INDICATED |
|---|---|---|

| Date, Place, Time, and Manner of Last Entry  10/18/2018, 1400, 5 mile(s) W of ROM, PWAM BY RAFT | Passenger Boarded at | FBI Number  ████████ | ☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |
|---|---|---|---|

| Number, Street, City, State (Province) and Country of Permanent Residence  CULMI, OLANCHO, HONDURAS | Method of Location/Apprehension  PB |
|---|---|

| Date of Birth  ████████        Age:39 | Date of Action  10/20/2018 | Location Code  RGV/RGC | At/Near  ROMA, TX | Date/Hour  10/18/2018 1515 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth  CULMI, OLANCHO, HONDURAS | AR ☒  Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By  ████████ |
|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry  PWA Mexico | Status When Found  TRAVEL/SEEKING |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in US  AT ENTRY |
|---|---|---|

| Immigration Record  POSITIVE - See Narrative | Criminal Record  See Narrative |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children  1 HONDURAS |
|---|---|

| Father's Name, Nationality, and Address, if Known  See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|

| Monies Due/Property in US Not in Immediate Possession  None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks  See Narrative | Charge Code Words(s)  I9A2 |
|---|---|---|---|

| Name and Address of (Last)(Current) US Employer | Type of Employment | Salary  Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

```
FINS #: ████████     #: ████████          I77 #: ████████

████████████████████
████████████████████
████████████████████
████████████████████


ARREST COORDINATES:
-------------------
Latitude:   26.40684
Longitude: -99.05937

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: CRMA
```

BORDER PATROL AGENT
████████
(Signature and Title of Immigration Officer)

| Alien has been advised of communication privileges | (Date/Initials) | |
|---|---|---|

| Distribution:  TO FILE  RGV/CPC  STATS | Received: (Subject and Documents) (Report of Interview)  Officer: ████████  on: October 20, 2018 at 0007 _____ (time)  Disposition: REINSTATEMENT OF DEPORT ORDER I-871  Examining Officer: ████████ |
|---|---|

Form I-213 (Rev 08/01/07) Y

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____  I213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████████, J█████ | Event No: ██████████ | 10/20/2018 |

Program:          STR_PROS

OTHER ALIASES KNOWN BY:

███████████████████████████

US ADDRESS:
-----------
PIDC 27991 BUENA VISTA BLVD
LOS FRESNOS, TEXAS, 78566

FATHER NAME AND ADDRESS:
------------------------
Nationality:HONDURAS ██████

CORTES, CORTES, HONDURAS

MOTHER NAME AND ADDRESS:
----------------------
Nationality:HONDURAS ██████

CORTES, CORTES, HONDURAS

FUNDS IN POSSESSION:
--------------------
  .00

RECORDS CHECKED:
----------------
ATS-P Positive
CIS Positive
CLAIM Negative
ABIS Negative
EARM Positive
IAFIS Positive
NCIC Positive
TECS Positive

NARRATIVE:
----------
ENCOUNTER/ARREST:
Border Patrol Agent ██████████ encountered the subject, identified as R█████████,
J█████, A# ███████████ on October 18, 2018 near Roma, Texas.  Upon questioning, subject

| Signature | Title |
|---|---|
| ██████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213 _____

| Alien's Name | | Date |
|---|---|---|
| R███████ , J██████ | ██████████ Event No: ████████ | 10/20/2018 |

readily admitted to being a citizen and national ████████ and to not being in possession of any immigration documents that would allow the subject to be or remain in the United States.  Subject was placed under arrest and transported to the Rio Grande Valley Centralized Processing Center for processing.

**ENTRY DATA:**
Subject freely admitted to last entering the United States on October 18, 2018, by using a raft to cross the Rio Grande River approximately 5 miles west of the Roma, Texas, Port of Entry.

**ADVISEMENT OF MIRANDA WARNING:**
R████████ , J██████ was read his rights as per Form I-214 in the Spanish language by BPA ████████ and witnessed by BPA ████████ The Subject understood and acknowledged but refused ████████ any forms.

BPA ████████ advised R████████ , J██████ of his rights as per form I-215B in the Spanish language on October 20, 2018. The subject understood the I-215B form and stated that he was not willing to answer any questions without a lawyer present to advise him. BPA ████████ witnessed that the subject was read his rights as per Form I-215B.

**INADMISSIBILITY:**
Subject is a native and citizen of Honduras and freely admitted having entered the United States illegally by rafting across the Rio Grande River at a place not designated as a port of entry by the Attorney General of the United States, and or the Secretary of Homeland Security, the successor, and thus was not admitted, inspected, or paroled into the United States by a U.S. immigration officer.

Subject is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border-crossing card, or other valid entry document required by the Immigration and Nationality Act.  Subject has no pending applications with the Bureau of Citizenship and Immigration Service and no petitions on file.

**IMMIGRATION/CRIMINAL HISTORY:**
Subject's fingerprints were submitted to the IDENT/IAFIS fingerprint databases.
IDENT/IAFIS records show that the subject was previously removed under A# ████████ .

1. Date: 06/02/1999
   Decision: Order Removed in absentia by IJ in Houston, Texas
   Port Removed: Phoenix, AZ
   Date Departed: 04/11/2007

**CRIMINAL HISTORY:**
Subject's fingerprints submitted to the IDENT/IAFIS fingerprint databases discovered prior criminal histories recorded under FBI# ████████ and SID# ████████ .  Criminal history checks conducted discovered the following convictions.

   Arrest Date: 10/07/2001
   Agency: Aurora Police Department

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | Continuation Page for Form | I-213 |
|---|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| R███████████, J███ | | 10/20/2018 |
| | Event No: ███████████ | |

     Charge 1: Carrying A Concealed Weapon - Knife
     Charge 2: Dangerous Drugs - Controlled Sub- Poss Sch 4 W/Int/Del
     Disposition: Guilty 11/08/2001, Sentence: 1Y

**MOTIVATION:**
Subject stated that the motivation for coming to the U.S. was to seek employment and reside in Philadelphia, PA.

**CREDIBLE FEAR STATEMENT:**
Subject made a statement claiming no fear of being returned to his country of origin.

**CONSULATE RIGHTS/NOTIFICATION:**
Subject was also notified of the right to call a representative from the consulate but declined to do so at this time.

**HEALTH SCREEN:**
Subject appears to be in good health with no discernible injuries or illnesses or displays of behavior indicating mental defect or illness.  Subject claims to be in good health and is not taking any medication.

**TERRORIST OR GANG/ORGANIZED CRIME AFFILIATIONS:**
Subject was interviewed and record checks were completed on subject.  No links to terrorism, terrorist groups, gang or organized crime could be established; nor travel through countries linked to terrorism.

**DISPOSITION:**
Subject was processed for 8 USC 1229 Reinstatement of Removal and charged with 8 USC 1325, Illegal Entry due to his immigration and criminal history.  Subject will be held pending an appearance before the U.S. Magistrate for prosecution.

**FORMS EXECUTED:**
The following forms were served in the Spanish language by Border Patrol Agent ███████
I-871, I-205, I-294, I-214, and I-215.

**NOTE:**
Subject was traveling with his juvenile son, R███████████, K███████████ A███████████,
however, due to father's criminal history and according to CBP/Border Patrol guidelines family unit was separated.  Subject was referred to the RGV Sector Prosecutions office and the Juvenile was processed as a UAC/WA-NTA.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security | Subject ID:362771416 | **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| R████████, K██████ | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | CASE No ████ | | 45 | 56 | CHILD |

| U S  Address | Scars and Marks |
|---|---|
| | NONE VISIBLE |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number |
|---|---|---|
| 10/18/2018, 1400, 5 mile(s)  of ROM, PWAM-RAFT | | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| CORTES, CORTES, HONDURAS | PB |

| Date of Birth                    Age:5 | Date of Action 10/19/2018 | Location Code RGV/RGC | At/Near ROMA, TX | Date/Hour 10/18/2018 1515 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| CORTES, CORTES, HONDURAS | | | ████████ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found IN TRAVEL |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children NONE |
|---|---|

| Father's Name, Nationality, and Address, if Known See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in U S  Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) I6A |
|---|---|---|---|

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary        Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

**Family Unit/Group #:**████████

**ARREST COORDINATES:**
------------------
Latitude:   26.40684
Longitude: -99.05937

**CONSEQUENCE DELIVERY SYSTEM:**
----------------------------
Classification: FMUA

## CREDIBLE FEAR CLAIM

**OTHER ALIASES KNOWN BY:**

████████████████

**FATHER NAME AND ADDRESS:**
-----------------------
SAME AS SUBJECT

**MOTHER NAME AND ADDRESS:**
-----------------------
████████████   NT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received:  (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ████████ on: October 19, 2018 at 1952 ( time ) Disposition: Warrant of Arrest/Notice to Appear Examining  Officer: ████████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| R⬛⬛⬛⬛, K⬛⬛⬛⬛ | ⬛⬛⬛⬛⬛ Event No: ⬛⬛⬛⬛ | 02/13/2019 |

```
Nationality:HONDURAS X

CORTES, CORTES, HONDURAS

UNACCOMPANIED JUVENILE:
----------------------
R⬛⬛⬛⬛, K⬛⬛⬛⬛

FUNDS IN POSSESSION:
--------------------
 .00


NARRATIVE:
----------
IMMIGRATION HISTORY: (No prior immigration history)

CRIMINAL HISTORY: (No prior criminal history)

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States.  After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the RIO GRANDE VALLEY BORDER PATROL SECTOR HEADQUATERS, CENTRALIZED
PROCESSING CENTER, MCALLEN, TEXAS for further processing using the E3/IDENT and IAFIS
Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the RIO GRANDE VALLEY BORDER PATROL SECTOR HEADQUATERS, CENTRALIZED PROCESSING CENTER,
MCALLEN, TEXAS, the subject was advised of the administrative rights in removal
proceedings.  The subject acknowledged understanding these rights.  The subject claimed to
be a citizen and national of HONDURAS without the necessary legal documents to enter, pass
through, or to remain in the United States.  The subject also admitted to illegally
crossing the international boundary without being inspected by an immigration officer at a
designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from HONDURAS
as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The subject
acknowledged understanding the right and agreed  to speak with anyone at this time.
Furthermore, the subject does  claim to fear persecution or torture if returned to the
subject's country of citizenship.

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section
```

| Signature | Title |
|---|---|
| ⬛⬛⬛⬛⬛ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████, K██████ | | 02/13/2019 |
| | Event No: ██████ | |

212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with
Forms I-200, I-862, I-286, and the List of Free Legal Service Providers. [or] All forms are
to be served on conservator.


ADDITIONAL INFORMATION
1.  Location of immediate family:

███████████

Relationship: Friend
Address: ████████████████
Contact Made
2.  Name, address, phone numbers and relationship of any relatives or friends in the United
States or contiguous territory;

███████████

Relationship: Friend
Address: ████████████
Contact Made
3.  Type of locale in country where juvenile was raised (suburban, rural, urban, etc.);
Rural

5.  Length of time in transit, from home to the United States:
25 days

6.  Route of travel (e.g., countries, length of time spent in each, status in each, date of
arrival at border, etc.)
Juvenile came across with his father R███████████, J██████ A#████████

7.  Destination in the United States;
  Address: ███████████████
8.  Person whom juvenile was to contact in the United States and phone number (indicate if
contact has been established and who was contacted);

███████████

Relationship: Friend
Address: ████████████
Contact Made
9.  Present funds and anticipated method of support;

███████████

Relationship: Friend
10.  If smuggled, the arrangement made;

███████████

Relationship: Friend

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**          **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| R█████████, K████████ | | 02/13/2019 |
| | Event No ████████ | |

11.  The health of the juvenile:  are there any          s admitted?
Juvenile stated that he is in good health.

12.  Juvenile's language skill;
Subject is fluent in Spanish language.


Note: Due to father's criminal history and according to CBP/Border Patrol guidelines family
unit was separated and Juvenile was processed as a UAC/WA-NTA.
UAC Father Name: R███████████, J███████ A#████████

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

_____ 4 _____ of _____ 4 _____ Pages

# Exhibit H

**U.S. Department of Homeland Security** — Subject ID ███████ — **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| R████████ A██████ | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | | 58 | 125 | LABORER |

| U S Address | | Scars and Marks |
|---|---|---|
| PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566 | | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number |
|---|---|---|
| 10/30/2018, 2320, 13.89 mile(s) W of HID, PWAM BY RAFT | | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| See Narrative | PB |

| Date of Birth | Age:48 | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ███████ | | 11/01/2018 | RGV/MCS | HIDALGO, TX | 10/30/2018 2350 |

| City, Province (State) and Country of Birth | AR ☒ Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| PECATAN, HUEHUETENANGO, GUATEMALA | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1 GUATEMALAN |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | I6A |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS #:███████            I77 #:███████

███████ #:███████████        (separated)

ARREST COORDINATES:
-------------------
Latitude:  26.13422
Longitude: -98.31333

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

## CREDIBLE FEAR CLAIM

BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ███████ <br> on: November 01, 2018 at 1739 ( time ) <br> Disposition: Warrant of Arrest/Notice to Appear <br> Examining Officer: ███████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                     Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████, A██████ | Event No: ███████████ | 11/05/2018 |

```
FOREIGN ADDRESS:
----------------
ALDEA CONOCIDA  PECATAN, HUEHUETENANGO, GUATEMALA
   PECATAN, HUEHUETENANGO, GUATEMALA

FATHER NAME AND ADDRESS:
------------------------
████████
ALDEA CONOCIDA
PECATAN, HUEHUETENANGO, GUATEMALA

MOTHER NAME AND ADDRESS:
------------------------
████████
ALDEA CONOCIDA
PECATAN, HUEHUETENANGO, GUATEMALA

RECORDS CHECKED:
----------------
ATS-P Negative
CIS Negative
CLAIM Negative
ABIS Negative
EARM Negative
IAFIS Negative
IBIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
----------
IMMIGRATION HISTORY: No Immigration History

CRIMINAL HISTORY: No Criminal History

POINT OF CONTACT IN THE UNITED STATES:
```

████████████████████

```
ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
```

| Signature | Title |
|---|---|
| ████████████ | BORDER PATROL AGENT |

_____ 2 of __3__ Pages

U.S. Department of Homeland Security        **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| R████████████, A████ | ████████████ | 11/05/2018 |
| | Event No: ████████████ | |

Department of Homeland Security of the United States.  After determining that the subject was an alien whom illegally entered the United States, the subject was arrested and transported to the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas for further processing using the E3/IDENT and IAFIS Systems.

**IMMIGRATION/CRIMINAL VIOLATION:**
At the Rio Grande Valley Sector Centralized Processing Center, the subject was advised of the administrative rights in Removal Proceedings. The subject acknowledged understanding these rights. The subject claimed to be a citizen and national of Guatemala without the necessary legal documents to enter, pass through, or to remain in the United States.  The subject also admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry.

**CONSULAR NOTIFICATION:**
The subject was notified of the right to communicate with a consular officer from Guatemala as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The subject acknowledged understanding the right but declined to speak with anyone at this time. Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

**DISPOSITION:**
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

**Note:**
While in custody at the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas subject began to exhibit odd behavior which prompted a medical evaluation. Medical staff at the RGV CPC performed a mental evaluation and deemed the subject to be mentally unstable. Due to the subject traveling with his minor son (R████████████, L████, A#████ ████████  he was also deemed to be a potential risk for the child and himself. Medical staff recommends further mental evaluation. Subject and child will be separated and processed accordingly.

| Signature | Title |
|---|---|
| ████████ | **BORDER PATROL AGENT** |

_____3_____ of _____3_____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**  Subject ID: ▓▓▓▓    **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| R▓▓▓▓, L▓ | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| GUATEMALA | | ▓▓▓▓ | | 53 | 90 | STUDENT |

| US Address | Scars and Marks |
|---|---|
| BCFS SNA TFC 4406 Piedras Drive West San Antonio, TEXAS, 78228 | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 10/30/2018, 2320, 13.89 mile(s) W of HID, PWAM | | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| ALDEA CONOCIDA  PECATAN, HUEHUETENANGO, GUATEMALA | PB |

| Date of Birth | | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|---|
| | Age:12 | | 11/01/2018 | RGV/MCS | HIDALGO, TX | 10/30/2018 2350 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| PECATAN, HUEHUETENANGO, GUATEMALA | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I6A |

| Name and Address of (Last)(Current) U S Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

Family Unit/Group #:▓▓▓▓▓▓▓▓▓▓(separated)


ARREST COORDINATES:
--------------------
Latitude:  26.13422
Longitude: -98.31333

FATHER NAME AND ADDRESS:
------------------------
Nationality:GUATEMALA R▓▓▓▓, A▓▓▓▓        **CREDIBLE FEAR CLAIM**
ALDEA CONOCIDA
PECATAN, HUEHUETENANGO, GUATEMALA
ALDEA CONOCIDA
PECATAN, HUEHUETENANGO, GUATEMALA
PECATAN, HUEHUETENANGO, GUATEMALA
PIDC 27991 BUENA VISTA BLVD
LOS FRESNOS, TEXAS, 78566, UNITED STATES
PIDC 27991 BUENA VISTA BLVD. TEXAS, 78566, UNITED STATES

MOTHER NAME AND ADDRESS:
------------------------

▓▓▓▓▓▓▓▓▓▓▓▓
Border Patrol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ▓▓▓▓ on: November 01, 2018 at 0000 _____ (time) Disposition: Warrant of Arrest/Notice to Appear Examining Officer: ▓▓▓▓ |

Form I-213 (Rev 08/01/07) Y

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| R█████████, L██ | ██████████ | 11/01/2018 |
| | Event No:███████ | |

███████

ALDEA CONOCIDA
PECATAN, HUEHUETENANGO, GUATEMALA

UNACCOMPANIED JUVENILE:
------------------------
R████████████, I██

NARRATIVE:
----------
IMMIGRATION HISTORY: No prior immigration history.

CRIMINAL HISTORY: No prior criminal history.

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States.  After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Centralized Processing Center for further processing
using the E3/IDENT and IAFIS Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Centralized Processing Center, the subject was advised of the
administrative rights in removal proceedings.  The subject acknowledged understanding these
rights.  The subject claimed to be a citizen and national of Guatemala without the
necessary legal documents to enter, pass through, or to remain in the United States.  The
subject also admitted to illegally crossing the international boundary without being
inspected by an immigration officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from Guatemala
as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The subject
acknowledged understanding the right but declined to speak with anyone at this time.
Furthermore, the subject does claim to fear persecution or torture if returned to the
subject's country of citizenship.

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section
212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with
Forms I-200, I-862, I-286, I-770 and the List of Free Legal Service Providers.

ADDITIONAL INFORMATION
1.  Location of immediate family: Childs mother resides in Guatemala and is currently
traveling with father.

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

_____ 2 of 3 _____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| R███████████, L███ | ███████████ <br> **Event No** ███████████ | 11/01/2018 |

2.   Name, address, phone numbers and relationship of any relatives or friends in the United States or contiguous territory:
Name: ███████████████
Relation: Uncle
Phone: ███████████████
███████████  declined to provide an address.

3.   Type of locale in country where juvenile was raised (suburban, rural, urban, etc.):
     The subject lived in a rural community.

4.   Length of time in transit, from home to the United States:
     About 10 days.

5.   Route of travel (e.g., countries, length of time spent in each, status in each, date of arrival at border, etc.): Subject traveled by bus to the Guatemala-Mexico border then into Mexico to Reynosa, Tamaulipas.

6.   Destination in the United States:  New York.

7.   Person whom juvenile was to contact in the United States and phone number (indicate if contact has been established and who was contacted):  Subject was able to contact his uncle, ███████████████    Phone: ███████████.

8.   Present funds and anticipated method of support: The juvenile has no funds in possession. Subject was travelling with his father.

9.   If smuggled, the arrangement made:  Subject's father made arrangements with an unknown smuggler.

10.  The health of the juvenile and any admitted health problems: Subject claims and appears to be in good health.

11.  Juvenile's language skill: Subject is able to read, write and speak in the Spanish Language.

Note:
Childs father (R███████████, A████, A# ███████████) was evaluated by RGV CPC staff and was determined to be mentally unstable. Subject was deemed by medical staff to not be mentally stable to travel and care for his son. Due to fathers mental incapability's ICE ERO will not accept or release subject in his current state. Child will be separated from his father and processed as an Unaccompanied Juvenile WA/NTA.

| Signature | Title |
|---|---|
| ███████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit I

U.S. Department of Homeland Security     Subject ID: ███████     **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS)    | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| P███████ M███ | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| GUATEMALA | | CASE No ███████ | | 65 | 130 | LABORER |

| U S   Address | | Scars and Marks |
|---|---|---|
| PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566 | | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F B I Number |  |
|---|---|---|---|
| 07/05/2018, 1330, 8.96 mile(s) W of HID, PWAM (BY RAFT) | | ███████ | ☒ Single  ☐ Divorced ☐ Married  ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | | Method of Location/Apprehension |
|---|---|---|
| See Narrative | | PB |

| Date of Birth     Age:24 | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| ███████ | 07/06/2018 | RGV/MCS | MISSION, TX | 07/05/2018 1345 |

| City, Province (State) and Country of Birth | AR ☒  Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| COLOTENANGO, HUEHUETENANGO, GUATEMALA | | ███████ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1-GUATEMALA |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U S  Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I7A1 |

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

FINS # ███████         I77 # ███████

███████

**ARREST COORDINATES:**
-------------------
Latitude:   26.11988
Longitude: -98.30993

**CONSEQUENCE DELIVERY SYSTEM:**
----------------------------
Classification: FIRA

## CREDIBLE FEAR CLAIM

███████
**Border Patrol Agent**

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received:  (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ███████  on: July 06, 2018 at 0000 _____ ( time ) <br> Disposition: Expedited Removal with Credible Fear <br> Examining  Officer: ███████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| P████████, M████ | ████████ Event No: ████████ | 07/06/2018 |

**Program:**       STR_PROS

**FOREIGN ADDRESS:**
----------------
ALDEA TOJLATE  COLOTENANGO, HUEHUETENANGO, GUATEMALA
ALDEA TOJLATE  COLOTENANGO, HUEHUETENANGO, GUATEMALA

**FATHER NAME AND ADDRESS:**
-----------------------
Nationality:GUATEMALA ████████████
ALDEA TOJLATE
COLOTENANGO, HUEHUETENANGO, GUATEMALA

**MOTHER NAME AND ADDRESS:**
----------------------
Nationality:GUATEMALA ████████████
ALDEA TOJLATE
COLOTENANGO, HUEHUETENANGO, GUATEMALA

**NARRATIVE:**
----------
*****ADDENDUM*******

As per ORR and HQ concent has been given to reunite subject w/ his 2 year old daughter.
Case has been reporcessed from an ER/CF to an NTA as per SDDO. Subejct will be release to
the Catholic Charities in San Juan Texas.


**ENCOUNTER/ALIENAGE:**
Subject P████████, M████ (A#████████) was encountered by McAllen Border Patrol Agent
████████ on July 5, 2018 near Mission, Texas. When questioned about his legal
status in the United States, the subject stated to be a citizen and national of Guatemala
without any U.S. immigration document that would allow him to be or remain in the United
States legally. The subject was transported to Rio Grande Valley/Centralized Processing
Center, McAllen, Texas for processing.

**MIRADA WARNING:**
At the Rio Grande Valley/Centralized Processing Center, McAllen, Texas, subjec   advised
of his rights as per I-214, (Miranda Warning), in the Spanish language by BPA ████
████████ and witnessed by BPA ████████. Subject also read the form in t   anish
language. The subject signed that he understood his rights and that he was willing to
answer any questions asked of him.


**ADVISEMENT OF I-867A/B:**

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form _____   I213

| Alien's Name | File Number | Date |
|---|---|---|
| P███████, M█████ | ███████ **Event No:** ███████ | 07/06/2018 |

At the Rio Grande Valley/Centralized Processing Center, McAllen, Texas the subject was advised of his rights as per Official CBP form I-867A/B in the Spanish language.  The subject also read the form in the Spanish language. The subject signed that he understood his rights and that he was willing to answer any questions asked of him.

Subject was apprehended within 14 days of entry and within 100 air miles of the border.

ENTRY/INADMISSIBILITY:
Subject freely admitted that on July 5, 2018 at about 1330 hours.  He illegally entered the United States by raft across the Rio Grande River 8.96 mile west of the Hidalgo, Texas Port of Entry, and was not inspected by an Immigration Official, and was not admitted legally by the Attorney General of the United States or the Commissioner of the Department of Homeland Security.

Subject is inadmissible pursuant to section 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act as amended, therefore he is subject to removal and will be processed for an Expedited Removal under the provision of section 235 (b)(1) of the Immigration and Nationality Act.

Subject is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border-crossing card, or other valid entry document required by the Immigration and Nationality Act.  Forms I-860 and I-296 were prepared and served on the subject.

MOTIVATION:
Subject states he was traveling to the United States to reside and seek employment in Atlanta, Georgia.

IMMIGRATION HISTORY:
As per the IDENT Database, the subject has no immigration history.

RECORDS CHECKS:
Subject has no prior criminal history.

HEALTH CONDITION:
Subject claims to be in good health and is not taking medication.  Subject did not request any medical attention.

TRAVEL DATA:
Subject left his home country of Guatemala on June 25, 2018.  Subject traveled via bus through Guatemala and Mexico arriving in Reynosa, Tamaulipas, Mexico.  Subject stayed at a location unknown to him for several days until he decided to illegally cross into the United States.

TERRORIST LINKS:
The subject was interviewed and record checks completed. No links to terrorism or travel to countries linked to terrorism or gang affiliation could be established.

CREDIBLE FEAR STATEMENT:

| Signature | Title |
|---|---|
| ███████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| P▮▮▮▮▮▮▮ , M▮▮▮▮ | Event No:▮▮▮▮▮▮▮ | 07/06/2018 |

Subject was questioned using CBP form I-867B (Record of Sworn Statement) as to his fear of being returned to his country.  Subject made a statement that he did fear his return to his country.

CONSULATE RIGHTS/NOTIFICATION:
Subject was notified of his rights, as a non-US citizen to have a consular representative of his county notified of his arrest.  I asked the subject if he wanted his consulate notified at this time.  Subject told me he did not want his consulate notified and indicated this on the Consular Notification form.  The signed consular notification form was placed in A-File to document subject's response.

DISPOSITION:
Subject was processed for 8 USC 1182 (Expedited Removal with Credible Fear) and 8 USC 1325A1 (Entry Without Inspection) and will appear before the Magistrate Court Judge for his Illegal Entry. Subject was advised that he may not return to the United States for a period of 5 years, and if he does, he will be subject to a Re-instatement of a Prior Order of Removal. Subject will be held at the Rio Grande Valley/Centralized Processing Center, McAllen, Texas pending his appearance before a Magistrate.

NOTE:  Subject initially claimed to be traveling with his juvenile daughter (A# P▮▮▮▮▮▮ , O▮▮▮▮▮▮▮▮▮ ) and claimed to be a family unit.  Subject admitted to BPA ▮▮▮▮▮▮▮▮ that the child was his niece and her birth certificate was fake document from a smuggler in Guatemala to help him reach his destination.

| Signature | Title |
|---|---|
| ▮▮▮▮▮▮ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form**     I213

| Alien's Name | File Number | Date |
|---|---|---|
| P████████, M████ | Event No: ████████ | 07/06/2018 |

**Addendum:**
Subject was read his Miranda Rights as per Service Form I-214.  Subject willingly provided a sworn statement in regards to his relationship to minor child, O████████ P████ (DOB: 09/27/████ as per father. On birth certificate says 09/09/████.  P████ stated the minor is his biological daughter who was born in Guat████a.  Subject was unable to identify any birthmarks or scars on the child.  Subject claimed the mother of the child stayed behind due to a breakup in the marital relationship.  P████████ also stated he was willing to take a DNA exam to prove that he is indeed the father of the minor.

**Addendum:**
On July 23, 2018 United States Border Patrol Agent ████████ from the Weslaco Border Patrol Station in Weslaco, Tex███ acted Language Line Services via telephone to interpret for P██████. ████████  Identification number 301741 translated questions for P████████. P████████ asked if he gave consent on taking a DNA sample from O████ P███████. P████████ freely stated yes and gave consent.  P████ ████ was also asked if he agreed and consented to take a DNA test which he also stated

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

_____5__ of __5___ Pages

Exhibit J

**U.S. Department of Homeland Security**      Subject ID: ▉▉▉▉▉      **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| A▉▉▉, M▉▉▉ | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | | CASE No ▉▉▉ | 66 | 170 | LABORER |

| US Address |
|---|
| PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566 |

**Scars and Marks**
NONE INDICATED

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 03/04/2019, 1500, 5 mile(s) W of ROM, PWAM BY RAFT | |

FBI Number ▉▉▉

☒ Single   ☐ Divorced   ☐ Married   ☐ Widower   ☐ Separated

| Number, Street, City, Province (State) and Country of Permanent Residence |
|---|
| CALLE S/N  LA LIBERTAD, COMAYAGUA, HONDURAS |

**Method of Location/Apprehension**
PB

| Date of Birth | Age: 30 | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▉▉▉ | | 03/05/2019 | RGV/RGC | ROMA, TX | 03/04/2019 1505 |

| City, Province (State) and Country of Birth | | | | By |
|---|---|---|---|---|
| LA LIBERTAD, COMAYAGUA, HONDURAS | AR ☒ | Form: (Type and No) | Lifted ☐ Not Lifted ☐ | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in US |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | "CLAIMS" 2 MINOR HONDURAN |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in US Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | 17A1 |

| Name and Address of (Last)(Current) US Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

**Narrative** (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ▉▉▉          I77 #: ▉▉▉

ARREST COORDINATES:
-------------------
Latitude:   26.40078
Longitude: -99.05935

CONSEQUENCE DELIVERY SYSTEM:
-----------------------------
Classification: FIRA

**CREDIBLE FEAR CLAIM**

Border Patrol Agent

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE | Officer: ▉▉▉ |
| RGV/CPC | on: March 05, 2019 at 1243 _____ (time) |
| STATS | Disposition: Expedited Removal with Credible Fear |
| | Examining Officer: ▉▉▉ |

Form I-213 (Rev 08/01/07) Y

U.S. Department of Homeland Security | Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| A▓▓▓▓▓, M▓▓ | | 03/09/2019 |
| | Event No | |

**FATHER NAME AND ADDRESS:**
------------------------
Nationality:HONDURAS ████████████
CALLE S/N
LA LIBERTAD, COMAYAGUA, HONDURAS

**MOTHER NAME AND ADDRESS:**
------------------------
Nationality:HONDURAS ████████████
CALLE S/N
LA LIBERTAD, COMAYAGUA, HONDURAS

**FUNDS IN POSSESSION:**
--------------------
  .00

**RECORDS CHECKED:**
----------------
CIS Negative
CLAIM Negative
ABIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

**NARRATIVE:**
----------
IMMIGRATION HISTORY: No prior immigration history
CRIMINAL HISTORY: No prior criminal history

**ENCOUNTER:**
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States.  After determining that this subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Sector Centralized Processing Center for further
processing.

**IMMIGRATION/CRIMINAL VIOLATION:**
At the Rio Grande Valley Sector Centralized Processing Center, the subject was asked to
make a Sworn Statement as part of the Expedited Removal Proceedings.  Service Form I-867
A/B was read and explained to the subject.  The subject understood and was willing to

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

_____2___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| A█████████, M████ | ██████████ | 03/09/2019 |
| | **Event No:** ███████████ | |

answer questions and give a statement. The subj█████████tted to being a citizen and national of Honduras without the necessary legal documents to enter, pass through, or remain in the United States. The subject also admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from Honduras as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right but declined to speak with anyone at this time. Furthermore, the subject does claim to fear persecution or torture if returned to the subject's country of citizenship.

DISPOSITION:
The subject is being processed for Expedited Removal With Credible Fear. The subject was apprehended within fourteen days of the subject's last entry into the United States and within 100 air miles from the United States/Mexico international boundary.

NOTE: Subject traveled here with two juvenile subjects:
M█████████, M███ (A#██████) - 3 Years of Age
A█████████, G███ (A#██████) - 10 Years of Age

Subject was in possession of a notarized document (by a lawyer in Honduras) stating that the mother of the child (█████████████) had given the subject custody of the juvenile.

After a verification with the consulate of Honduras, no familial relationship could be established between any of the children and the subject in the RNP system. However, the consulate was able to verify that the children were related. Therefore, the subject will be processed as an Expedited Removal. Both children were processed as UACs.

NOTE: Subject was taken to McAllen Medical Center for anxiety and generalized weakness, headache, and panic attacks. Subject was cleared for detention and travel on 3/6/2019.

| Signature | Title |
|---|---|
| █████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit K

**U.S. Department of Homeland Security**          Subject ID: ███████          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | | First | | Middle | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|---|---|
| A████ C████ | | | | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| EL SALVADOR | | | 69 | 170 | LABORER |

**US Address**
PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566

Scars and Marks
NONE INDICATED

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | FBI Number | |
|---|---|---|---|
| 11/02/2018, 1930, 26.13 mile(s) W of HID, PWAM BY RAFT | | | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

Number, Street, City, Province (State) and Country of Permanent Residence
SOY APANGO, SAN SALVADOR, SAN SALVADOR, EL SALVADOR

Method of Location/Apprehension
PB

| Date of Birth ████ | Age:35 | Date of Action 11/04/2018 | Location Code RGV/MCS | At/Near ABRAM, TX | Date/Hour 11/02/2018 2020 |
|---|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| SAN SALVADOR, SAN SALVADOR, EL SALVADOR | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found TRAVEL/SEEKING |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in US AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|

| Father's Name, Nationality, and Address, if Known See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in US Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) I7A1 |
|---|---|---|---|

| Name and Address of (Last)(Current) US Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ███████          I77 #: ███████

ARREST COORDINATES:
-------------------
Latitude:   26.21892
Longitude: -98.42795

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

**CREDIBLE FEAR CLAIM**

BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE RGV/CPC STATS | Officer: ███████ on: November 04, 2018 at 0824 (time) Disposition: Expedited Removal with Credible Fear Examining Officer: ███████ |

Form I-213 (Rev 08/01/07) Y

U.S. Department of Homeland Security                    Continuation Page for Form _____ I213

| Alien's Name<br>A███████, C███████ | File Number ███████<br>Event No: ███████ | Date<br>11/04/2018 |
|---|---|---|

```
Program:         STR_PROS


FATHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR  ████

SOY APANGO, SAN SALVADOR, EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
Nationality:EL SALVADOR  ████

SOY APANGO, SAN SALVADOR, EL SALVADOR

SUSPECTED GANG AFFILIATION:
--------------------------
M.S.13

FUNDS IN POSSESSION:
--------------------
United States Dollar 45.00
Mexican Peso 250.00

RECORDS CHECKED:
----------------
CIS Negative
CLAIM Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
----------
ENCOUNTER/ALIENAGE:
Subject was encountered by U.S. Border Patrol Agent █████████  Upon initial
questioning as to his citizenship, subject stated that he was a citizen and national of El
Salvador. When asked if he had any valid U.S. Immigration documents to enter or remain in
the U.S. legally, subject stated that he did not have any Immigration Documents.  Subject
was taken into custody and transported to the Rio Grande Valley Centralized Processing
Center in McAllen, Texas for processing.

MIRANDA RIGHTS:
At the Rio Grande Valley Centralized Processing Center subject was advised of his rights as
per I-214, (Miranda Warning), in the Spanish. Subject also read the form in the Spanish
```

| Signature ███████ | Title<br>            BORDER PATROL AGENT |
|---|---|

_____ 2 of _____ 4 _____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | | Continuation Page for Form | I-213 |
| --- | --- | --- | --- |

| Alien's Name | File Number | Date |
| --- | --- | --- |
| A████████, C████████ | Event No ████████ | 11/04/2018 |

Language. Subject stated that he understood his rights and was willing to answer any questions asked of him without the presence of an attorney but would not sign any documents.

ADVISEMENT OF I-867A:
At the Rio Grande Valley Centralized Processing Center, subject was advised of his rights as per the Official CBP form I-867A, Record of Sworn Statement, in his native Spanish Language. Subject stated that he understood his rights and that he was willing to answer any questions asked of him.

INADMISSIBILITY:
Subject illegally entered the United States. Subject entered aboard a raft, across the Rio Grande River, 26.13 miles west of the Hidalgo, Texas Port of Entry on November 2, 2018. Subject entered the United States at a place not designated as a port of entry by the Attorney General of the United States and or the Secretary of Homeland Security, the successor, thus he was not admitted, inspected or paroled by a U.S. Immigration Official.

Subject is inadmissible pursuant to section 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act as amended, therefore he is subject to removal and will be processed for an Expedited Removal under the provision of section 235 (b)(1) of the Immigration and Nationality Act. Subject was apprehended within 14 days of entry and 100 air miles of the United States/Mexico border.

Subject is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border-crossing card, or other valid entry document required by the Immigration and Nationality Act.  Forms I-860 and I-296 were prepared and served on the subject.

IMMIGRATION HISTORY:
Subject's records show no formal removals/deportations.

CRIMINAL HISTORY:
Subject does not have any criminal history in the United States

HEALTH:
Subject claims and appears to be in good health.

CREDIBLE FEAR STATEMENT:
Subject was questioned using CBP form I-867B (Record of Sworn Statement) as to his fear of being returned to his country.  Subject made a statement that he did fear his return to his country.

(FOR SALVADORANS): The subject was provided the Modified Orantes Forms I848 and I848A.  The subject did want an interview with an asylum officer and did not request to be returned to El Salvador.

CONSULATE RIGHTS/NOTIFICATION:
Subject was notified of his right, as a non-US citizen, to have a consular representative of his country notified of his arrest.  I asked the subject if he wanted his consulate

| Signature | Title |
| --- | --- |
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | | File Number | Date |
|---|---|---|---|
| A███████ C███████ | | ████████ | 11/04/2018 |
| | | Event No: ██████████ | |

notified at this time.  The subject told me he did not want his consulate notified.

**TERRORIST LINKS:**
Subject was interviewed and record checks completed.  No links to terrorism or travel to countries linked to terrorism or gang affiliation could be established.

**DISPOSITION:**
Subject was processed for 8 USC 1182 (Expedited Removal) and 8 USC 1325 (Entry Without Inspection), due to having met Rio Grande Valley Sector Prosecution guidelines.  Subject was advised that he may not return to the United States for a period of 5 years, and if he does, he will be subject to a Re-instatement of a Prior Order of Removal. Subject will be held at the Rio Grande Valley Centralized Processing Center pending his appearance before an U.S. Magistrate.

| Signature | Title |
|---|---|
| ████████ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**  Subject ID: ███████       **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) A█████, C█████ | First | Middle | Sex M | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|---|---|

| Country of Citizenship EL SALVADOR | Passport Number and Country of Issue | File Number | Height 50 | Weight 55 | Occupation STUDENT |
|---|---|---|---|---|---|

| U S  Address | Scars and Marks NONE VISIBLE |
|---|---|

| Date, Place, Time, and Manner of Last Entry 11/02/2018, 1930, 26.13 mile(s) W of HID, BY RAFT | Passenger Boarded at | F B I Number |
|---|---|---|

☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated

| Number, Street, City, Province (State) and Country of Permanent Residence See Narrative | Method of Location/Apprehension PB |
|---|---|

| Date of Birth ██████  Age:7 | Date of Action 11/04/2018 | Location Code RGV/MCS | At/Near HIDALGO, TX | Date/Hour 11/02/2018 2020 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth SAN SALVADOR, SAN SALVADOR, EL SALVADOR | AR ☒ | Form : (Type and No ) Lifted ☐ Not Lifted ☐ | By ███████ |
|---|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found IN TRAVEL |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in U S Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) I6A |
|---|---|---|---|

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

**Family Unit/Group #:** ███████

```
ARREST COORDINATES:
------------------
Latitude:   26.21892
Longitude: -98.42795

CONSEQUENCE DELIVERY SYSTEM:
---------------------------
Classification: FIRA



FOREIGN ADDRESS:
----------------
   SOY APANGO, SAN SALVADOR, EL SALVADOR
   SOY APANGO, SAN SALVADOR, EL SALVADOR

MOTHER NAME AND ADDRESS:
-----------------------
Nationality:EL SALVADOR MEDRANO-MARTINEZ, LISSETH DEL CARMEN
```

**Border Patrol Agent**

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: TO FILE RGV/CPC STATS | Received: (Subject and Documents) (Report of Interview) Officer: ███████ on: **November 04, 2018 at 0703** ( time ) Disposition: **Warrant of Arrest/Notice to Appear** Examining  Officer: ███████ |
|---|---|

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security                        **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| A███████ C███████ | Event No: █████████ | 11/04/2018 |

SOY APANGO, SAN SALVADOR, EL SALVADOR

DECLINED/REFUSED REFERRAL(S:
----------------------------
CBP - BORDER PATROL (CBPBP)

UNACCOMPANIED JUVENILE:
----------------------
A█████████, C██████████

FUNDS IN POSSESSION:
-------------------
United States Dollar .00

NARRATIVE:
----------
IMMIGRATION HISTORY: No Prior Immigration History

CRIMINAL HISTORY: No Prior Criminal History

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States. After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Centralized Processing Center in McAllen, Texas Border
Patrol Station for further processing using the E3/IDENT and IAFIS Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Centralized Processing Center in McAllen,  Texas Border Patrol
Station, the subject was advised of the administrative rights in removal proceedings. The
subject acknowledged understanding these rights. The subject claimed to be a citizen and
national of El Salvador, without the necessary legal documents to enter, pass through, or
to remain in the United States. The subject also admitted to illegally crossing the
international boundary without being inspected by an immigration officer at a designated
Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from their
country as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The
subject acknowledged understanding the right but declined to speak with a consular officer
at this time.  Furthermore, the subject does claim to fear persecution or torture if
returned to the subject's country of citizenship.

| Signature | Title |
|---|---|
| ███████████ | Border Patrol Agent |

_____2_____ of _____4_____ Pages

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| A███████, C███████ | ███████████ | 11/04/2018 |
| | Event No: ███████████ | |

DISPOSITION:
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act. The subject was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

ELSAL ORANTES: Subject was provided with and read the attached Forms I-848 and I-848A. The subject did want an interview before an asylum officer and did not request to be returned to El Salvador.

ADDITIONAL INFORMATION
1.  Location of immediate family:
Kirkland, Washington

2.  Name, address, phone numbers and relationship of any relatives or friends in the United States or contiguous territory;
███████████████ - Friend
███████████████████

3.  Type of locale in country where juvenile was raised (suburban, rural, urban, etc.);
The subject lived in an urban community.

4.  Length of time in transit, from home to the United States:
14 days

5.  Route of travel
Subject traveled by bus from El Salvador to Guatemala-Mexico border then into Mexico to Reynosa, Tamaulipas.

6.  Destination in the United States;
Kirkland, Washington

7.  Person whom juvenile was to contact in the United States and phone number (indicate if contact has been established and who was contacted);
Subject was able to contact his Friend, ██████████████ in Kirkland, Washington, at phone number ██████████ Subject was able to speak with his Friend

8.  Present funds and anticipated method of support;
The juvenile has no funds in possession. Subject stated that his Mother was going to send the funds needed to get there.

9.  If smuggled, the arrangement made;
Subject's Mother made arrangements with an unknown smuggler.

10.  The health of the juvenile:  are there any health problems admitted?
Subject claims and appears to be in good health.

| Signature | Title |
|---|---|
| ███████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| A███████████, C██████████ | Event No:███████████ | 11/04/2018 |

11.   Juvenile's language skill;
Subject is able to read, write and speak in the Spanish Language.


NOTE: Subject is traveling with his sister A████████ A██████████ A#███████ and
f   C███████████        A#████████. Subject was separated from his father
C███ H████ A███ ████████ due to the subject's father being an active gang member of
M█ 1███ or a █████ucha. ███████████ Approved the family separation.

| Signature | Title |
|---|---|
| ████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security          Subject ID: ███████████          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | Sex F | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|---|---|
| A███████  A███████ | | | | | | |

| Country of Citizenship EL SALVADOR | Passport Number and Country of Issue | File Number CASE No: ████████ | Height 58 | Weight 65 | Occupation STUDENT |
|---|---|---|---|---|---|

| U S  Address | Scars and Marks NONE VISIBLE |
|---|---|

| Date, Place, Time, and Manner of Last Entry  11/02/2018, 1930, 26.13 mile(s) W of HID, BY RAFT | Passenger Boarded at | F B I Number  ☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated |
|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence  See Narrative | Method of Location/Apprehension  PB |
|---|---|

| Date of Birth  ████████          Age:11 | Date of Action 11/04/2018 | Location Code RGV/MCS | At/Near HIDALGO, TX | Date/Hour 11/02/2018 2020 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth  SOY APANGO, SAN SALVADOR, EL SALVADOR | AR ☒  Form : (Type and No )  Lifted ☐  Not Lifted ☐ | By  ████████████ |
|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found IN TRAVEL |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U S  AT ENTRY |
|---|---|---|

| Immigration Record  NEGATIVE | Criminal Record  None Known |
|---|---|

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children  NONE |
|---|---|

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known  See Narrative |
|---|---|

| Monies Due/Property in U S  Not in Immediate Possession  None Claimed | Fingerprinted? ☒ Yes  ☐ No | Systems Checks | Charge Code Words(s)  I6A |
|---|---|---|---|

| Name and Address of (Last)(Current) U S  Employer | Type of Employment | Salary        Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation  Indicate means and route of travel to interior )

                                        I77 #: ████████
**Family Unit/Group #:** ████████████


**ARREST COORDINATES:**
------------------
**Latitude:   26.21892**
**Longitude: -98.42795**

**CONSEQUENCE DELIVERY SYSTEM:**
----------------------------
**Classification: FIRA**

# CREDIBLE FEAR CLAIM

**FOREIGN ADDRESS:**
----------------
   **SOY APANGO, SAN SALVADOR, EL SALVADOR**
   **SOY APANGO, SAN SALVADOR, EL SALVADOR**

**MOTHER NAME AND ADDRESS:**
------------------------
**Nationality:EL SALVADOR** ████████████████████

                                        ███████████
                                        **Border Patrol Agent**

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution:  TO FILE RGV/CPC STATS | Received: (Subject and Documents) (Report of Interview) |
|---|---|
|  | Officer: ████████████ |
|  | on: **November 04, 2018 at 0638**          ( time ) |
|  | Disposition: **Warrant of Arrest/Notice to Appear** |
|  | Examining  Officer: ████████████ |

Form I-213 (Rev  08/01/07) Y

U.S. Department of Homeland Security | Continuation Page for Form _____ I213

| Alien's Name<br>A_____, A_____ | File Number<br>_____<br>Event No:_____ | Date<br>11/04/2018 |

SOY APANGO, SAN SALVADOR, EL SALVADOR

DECLINED/REFUSED REFERRAL(S:
-----------------------------
CBP - BORDER PATROL (CBPBP)

UNACCOMPANIED JUVENILE:
-----------------------
A_____, A_____

FUNDS IN POSSESSION:
--------------------
United States Dollar .00

NARRATIVE:
----------
IMMIGRATION HISTORY: No Prior Immigration History

CRIMINAL HISTORY: No Prior Criminal History

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United
States from Mexico, at a time and place other than as designated by the Secretary of the
Department of Homeland Security of the United States. After determining that the subject
was an alien whom illegally entered the United States, the subject was arrested and
transported to the Rio Grande Valley Centralized Processing Center in McAllen, Texas Border
Patrol Station for further processing using the E3/IDENT and IAFIS Systems.

IMMIGRATION/CRIMINAL VIOLATION:
At the Rio Grande Valley Centralized Processing Center in McAllen,  Texas Border Patrol
Station, the subject was advised of the administrative rights in removal proceedings. The
subject acknowledged understanding these rights. The subject claimed to be a citizen and
national of El Salvador, without the necessary legal documents to enter, pass through, or
to remain in the United States. The subject also admitted to illegally crossing the
international boundary without being inspected by an immigration officer at a designated
Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from their
country as per Article 36(a)(b) of the Vienna Convention of Consular Relations.  The
subject acknowledged understanding the right but declined to speak with a consular officer
at this time.  Furthermore, the subject does claim to fear persecution or torture if
returned to the subject's country of citizenship.

| Signature | Title<br>Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| A███████████ A██████████ | ███████████<br>**Event No** ████████████ | 11/04/2018 |

**DISPOSITION:**
The subject was processed for Warrant of Arrest/Notice to Appear as per section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act.  The subject was served with Forms I-200, I-862, I-286, and the List of Free Legal Service Providers.

**ELSAL ORANTES:** Subject was provided with and read the attached Forms I-848 and I-848A. The subject did want an interview before an asylum officer and did not request to be returned to El Salvador.

**ADDITIONAL INFORMATION**
1.  Location of immediate family:
Kirkland, Washington

2.  Name, address, phone numbers and relationship of any relatives or friends in the United States or contiguous territory;
████████████████  Friend
████████████████████████

3.  Type of locale in country where juvenile was raised (suburban, rural, urban, etc.);
The subject lived in an urban community.

4.  Length of time in transit, from home to the United States:
14 days

5.  Route of travel
Subject traveled by bus from El Salvador to Guatemala-Mexico border then into Mexico to Reynosa, Tamaulipas.

6.  Destination in the United States;
Kirkland, Washington

7.  Person whom juvenile was to contact in the United States and phone number (indicate if contact has been established and who was contacted);
Subject was able to contact her Friend, ████████████████ in Kirkland, Washington, at phone number ████████████. Subject                    er Friend

8.  Present funds and anticipated method of support;
The juvenile has no funds in possession. Subject stated that her Mother was going to send the funds needed to get there.

9.  If smuggled, the arrangement made;
Subject's Mother made arrangements with an unknown smuggler.

10.  The health of the juvenile:  are there any health problems admitted?
Subject claims and appears to be in good health.

| Signature | Title |
|---|---|
| ████████████ | Border Patrol Agent |

_____ 3 ___ of ___ 4 ___ Pages

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name | File Number | Date |
|---|---|---|
| A███████████, A███████████ | ███████████  **Event No:** ███████████ | 11/04/2018 |

11.  Juvenile's language skill;
Subject is able to read, write and speak in the Spanish Language.

NOTE: Subject is traveling with her brother C███████████ A███████████ A#███████████ and
f  ███████████   ███████████ A#███████████ Subject was separated from her father
C███████████ A███████████ due to the subject's father being an active gang member of
M███████ or ███ucha. ███████████ Approved the family separation.

| Signature | Title |
|---|---|
| ███████████ | Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)