

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

October 4, 2019

*By Electronic Mail*

The Honorable Dana M. Sabraw
James M. Carter and Judith N. Keep
United States Courthouse
333 West Broadway
San Diego, CA 92101

> RE:  *Ms. L v. ICE*, No. 3:18-cv-428-DMS and Plaintiffs' Motion to Enforce Preliminary Injunction, ECF No. 439

Dear Judge Sabraw:

Counsel for the settlement classes in *MMM v. Sessions*, 3:18-cv-1832-DMS (S.D. Cal.) and *Ms. L v. ICE*, No. 3:18-cv-428, including counsel in *Dora v. Sessions*, No. 18-cv-1938 (D.D.C.) (hereinafter "*MMM* and *Dora* counsel"), respectfully submit this letter to the Court pursuant to the Court's invitation during the September 20, 2019 status conference in *Ms. L v. ICE*, 3:18-cv-428.  As part of the September 20 status conference, the Court heard argument on the *Ms. L* Plaintiffs' Motion to Enforce Preliminary Injunction, ECF No. 439.  The Court inquired during argument about the Government's proposed process for handling parents subject to prosecution under 8 U.S.C. § 1326, as set forth in footnotes 6 and 7 of its Opposition to Plaintiffs' Motion to Enforce Preliminary Injunction, ECF No. 464.  In particular, the Court asked whether the Government's proposed process would be objectionable from the perspective of a child's asylum rights and invited *MMM* counsel to notify the Court if they wished to file a brief on the issue.  *See* 9/20/2019 Hearing Tr. at 67-69.

Having considered this issue, *MMM* and *Dora* counsel are concerned that the Government's proposal as set forth in footnotes 6 and 7 of its Opposition could lead to the same problems that gave rise to the claims in *MMM* and *Dora*, namely, preventing separated children and their parents from meaningfully exercising their rights to seek relief from removal.  *MMM* and *Dora* counsel therefore object to the Government's request that the Court approve its proposed process and/or modify the class-certification order.  In the event a parent and child are separated because of prosecution of the parent under 8 U.S.C. § 1326, *MMM* and *Dora* counsel believe that a process in which parents and children jointly decide on reunification, and have the option to reunify for a joint reasonable fear and credible fear screening, would avoid violating parents' and children's rights to seek relief from removal.

However, it appears that the central question raised by *Ms. L* Plaintiffs' Motion can be decided without ruling on the narrow question of process raised in footnotes 6 and 7 of the Government's opposition. Accordingly, *MMM* and *Dora* counsel respectfully suggest that the Court defer any ruling on the Government's proposed process until after it has decided *Ms. L* Plaintiffs' Motion. This would give the parties an opportunity to work out the details of an appropriate process – with the input of relevant stakeholders – in light of the Court's decision.

*MMM* and *Dora* counsel very much appreciate the opportunity express their views on this question. If the Court would like anything more, please let us know.

Sincerely,

/s/ *Zachary Best*
Zachary Best
Counsel for the Child Settlement Class

/s/ *Wilson Barmeyer*
Wilson Barmeyer
Counsel for the Parent Settlement Class

/s/ *Sirine Shebaya*
Sirine Shebaya
Counsel for the Parent Settlement Class

cc:	Scott Stewart
	Sarah Fabian
	Lee Gelernt
	Anand Balakrishnan
	Catherine Weiss
	Justin Bernick