JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

            Petitioners-Plaintiffs,

    vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

            Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report ("JSR") by 3:00 pm on October 16, 2019, in anticipation of the status conference scheduled at 1:00 pm on October 18, 2019. The parties submit this joint status report in accordance with the Court's instruction.

## I. DEFENDANTS' POSITIONS

### A. Update on Reunifications for the Original Class Period

As of October 9, 2019, Defendants have discharged 2,788 of 2,814 possible children of potential class members for the original class period. That is, Defendants have discharged 2,788 of the 2,814 possible children of potential class members who were in the care of the Office of Refugee Resettlement (ORR) as of June 26, 2018. See Table 1: Reunification Update. This is an increase of one discharge reported in

Table 1 since the JSR filed on September 11, 2019. See ECF No. 465. The discharged child was discharged from ORR care because he turned 18.

Currently, there is one child of a class member from the original class period who remains in ORR care and is proceeding towards reunification or other appropriate discharge. This child has a parent who departed from the United States, but the Steering Committee has advised that resolution of parental preference will be delayed. Defendants are supporting the efforts of the Steering Committee to obtain a statement of intent from the parent. Once Defendants receive notice from the Steering Committee, Defendants will either reunify the child or move him into the TVPRA sponsorship process, consistent with the intent of the parent.

The current reunification status for the 2,814 children ages 0 through 17 for the original class period, who have been the focus of Defendants' reporting to date, is further summarized in Table 1. The data in Table 1 reflects approximate numbers on these children maintained by ORR at least as of October 9, 2019. These numbers are dynamic and continue to change as more reunifications, determinations on class membership, or discharges occur.

18cv428 DMS MDD

**Table 1: Reunification Update**

| Description | Phase 1 (Under 5) | Phase 2 (5 and above) | Total |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2707 | 2814 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 107 | 2681 | 2788 |
| • Children discharged by being reunified with separated parent | 82 | 2086 | 2168 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 25 | 595 | 620 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification or is not available for discharge at this time: | 0 | 1 | 1 |
| • Parent presently outside the U.S. | 0 | 1 | 1 |
| o Steering Committee has advised that resolution will be delayed | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 0 | 0 |
| o Parent in other federal, state, or local custody | 0 | 0 | 0 |
| o Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 0 | 4 | 4 |
| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 8 | 8 |
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 11 | 11 |

3

| | | | |
|---|---|---|---|
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 1 | 1 |
| Children in care for whom the Steering Committee could not obtain parental preference | 0 | 1 | 1 |

**B. Update on Removed Class Members for the Original Class Period**

The current reunification status of removed class members for the original class period is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least October 9, 2019. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 13 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 13 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 13 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 13 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 13 | Defs. |
| **PROCESS 3: Determine** | Children for whom ACLU has communicated parental intent for minor: | 11 | Pls. |

4

| | | | |
|---|---|---|---|
| **Parental Intention for Minor** | • Children whose parents waived reunification | 11 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |
| | • Children proceeding outside the reunification plan | 0 | Pls. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 1 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive reunification documented by ORR | 0 | Defs. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children whose parents steering committee could not obtain parental preference | 1 | PIs |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | ○ Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

## C. Update Regarding Government's Implementation of Settlement Agreement

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| **Election Forms[1]** | Total number of executed election forms received by the Government | **423 (246Parents/177 Children)[2]** |
| | • Number who elect to receive settlement procedures | **263 (144 Parents/119 Children)** |
| | • Number who waive settlement procedures | **160 (102 Parents/58 Children)[3]** |
| **Interviews** | Total number of class members who received interviews | **156[4]** |
| | • Parents who received interviews | **81** |
| | • Children who received interviews | **75** |

[1] The number of election forms reported here is the number received by the Government as of October 3, 2019.

[2] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[3] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[4] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings. This number includes credible fear and reasonable fear interviews, as well as affirmative asylum interviews.

| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | 68[5] |
| --- | --- | --- |
| | • Number of parents determined to establish CF or RF upon review by USCIS | 67[6] |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | 1 |
| | Total number of CFI decisions issued for children by USCIS | 73[7] |
| | • Number of children determined to establish CF by USCIS | 73[8] |
| | • Number of children determined not to | 0 |

---

[5] This number is the aggregate of the number of parents whose negative CFI/RFI determinations were reconsidered, number of parents whose negative CFI/RFI determination was unchanged, and individuals who were referred to 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had an NTA from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[6] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[7] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[8] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

| | | |
|---|---|---|
| | establish CF by USCIS | |
| | Total number of affirmative asylum decisions by USCIS | **12** |
| | • Number of parents granted asylum by USCIS | **1** |
| | • Number of parents referred to immigration court | **2** |
| | • Number of children granted asylum by USCIS | **2**[9] |
| | • Number of children referred/returned to immigration court | **7**[10] |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **102 Parents**[11] |

---

[9] This number includes children granted asylum as a dependent on their parent's asylum application.

[10] This number includes children referred/returned to immigration court as the principal asylum applicant or as a dependent on their parent's asylum application.

[11] This number is as of October 9, 2019.

**D. Parents Who ICE Records Reflect Have Absconded After Being Released**

| Absconders | Number of Parents who absconded from enrollment in ATD (Alternatives To Detention) | 180[12] |
|---|---|---|

**E. Update Regarding Identification of Expanded Class Members**

On April 25, 2019, the Court approved Defendants' Plan for identifying members of the expanded class. Defendants have now produced Batches 1 through 9 to Plaintiffs. Defendants anticipate producing the final two batches, Batches 10 and 11, on or before the Court's October 25, 2019 deadline.

**F. *MMM* Settlement Forms – Discrepancies**

In accordance with a request by *MMM* counsel, Defendants conducted a comparison of their own lists of settlement forms received to the lists provided by *MMM* counsel to determine why there were discrepancies in the parties' reporting. Defendants sent the results of that comparison to *MMM* counsel on September 19, 2019. *MMM* counsel sent an email on October 11, 2019, stating that they believed that Defendants' review had resolved the discrepancies, but posing some additional

---

[12] There are 2,611 possible class members in the legacy class. Of those 2,611, 970 were enrolled by DHS in the ATD program at some point between June 26, 2018 and October 4, 2019. Of those 970 that were enrolled, 180 absconded.  Absconder is defined as an alien who has been ordered deported or removed whose whereabouts are unknown to DHS. This number is current as of October 4, 2019.

questions. Defendants are in the process of reviewing and responding to these inquiries.

### G. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.

#### 1. *Data Requested by Plaintiffs*

Defendants are providing Plaintiffs updated reports containing information regarding parents and children separated since the Court's June 26, 2018 preliminary-injunction order on the Friday following the filing of each JSR. The parties have discussed amending this schedule so that Defendants will produce these updated reports on a monthly basis. Defendants are working to implement monthly reporting on a regular schedule and expect to be able to do so beginning next month.

#### 2. *Processes and Procedures*

Defendants provided a summary outline to the Court and to Plaintiffs memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018.  The outline also included an overview of the options for separated parents and children to obtain information about reunification options.

On March 4, 2019, Plaintiffs and lawyers for the children's legal service providers sent comments and questions in response to the government's proposals. Defendants reviewed those comments and questions, and the parties met and conferred on April 15, 2019, regarding those inquiries.  On May 28, 2019, Plaintiffs

sent additional comments related to Defendants' proposals.  Since receiving those comments, Defendants have held several internal telephonic meetings, and have spoken with representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in discussions regarding these processes and procedures. On July 11, 2019, Defendants provided a comprehensive response to Plaintiffs' comments, and requested that the parties schedule a follow-up meet and confer on these issues once Plaintiffs have reviewed Defendants' response.

On July 18, 2019, the parties met and conferred regarding Defendants' responses. Plaintiffs sent a list of follow up questions, to which Defendants responded on July 26, 2019. Plaintiffs then sent follow-up questions to Defendants' responses on August 6, to which Defendants responded on August 12. Defendants provided some additional information to Plaintiffs on September 4, 2019, and requested that Plaintiffs clarify what information they were seeking with regard to other of their inquiries. Plaintiffs have never responded to that request for information, nor have they raised any additional concerns regarding Defendants' processes since the last JSR and status conference.

In addition to the procedures described in previous filings, Defendants have now implemented the use of a tear sheet for parents and children who are separated that provides information about the separation to the separated parent, and have provided to Plaintiffs' counsel and other interested counsel an email address that

18cv428 DMS MDD

allows separated parents to challenge a separation decision by providing information to DHS that they wish to have considered. Defendants stand ready to continue to meet and confer on this issue if Plaintiffs have any additional concerns they would like to bring to Defendants' attention.

## II.    *MS. L.* PLAINTIFFS' POSITION

### A.    Steering Committee Outreach to Sponsors and Parents of Children of Expanded Class Members

As of the date of this report, the government has provided nine lists identifying 1,290 children of potential expanded class members. Plaintiffs have focused on reaching children whose membership in the class is not contested, and for whom the government has provided at least one phone number for a sponsor or for the child's parent. There are 868 children that meet that description.[13]

The Steering Committee begins by calling the provided phone numbers. Where the phone number is for a sponsor and not a separated parent, the Steering Committee attempts to reach the sponsor, then obtain contact information for the parent, and then finally reach the parent.

As of October 16, the Steering Committee has made over 4,200 phone calls to the families of 830 of these 868 children. Of the 830 families to whom the Steering Committee has attempted outreach, the Steering Committee has successfully reached 436 sponsors or their attorneys, and 225 parents or their attorneys.

There are currently 362 families in this group that the Steering Committee has been unable to reach by telephone despite multiple attempts, either because the

---

[13] The nine lists identify a total of 1,290 unique children, but denote only 1,003 of them as being children of potential expanded class members, while the remainder are categorized as "exclusions." For 868 of the 1,003 children, the government has provided at least one phone number for a sponsor or a parent. The Steering Committee intends to reach individuals the government has categorized as excluded from the class, and Plaintiffs reserve the right to contest those exclusions.

phone numbers for sponsors provided by the government do not work or are not answered, or because a sponsor is unable or unwilling to provide the Steering Committee with contact information for the parent class member.  The Steering Committee has commenced extensive efforts to locate these families in their respective countries of origin, and is currently actively engaged in on-the-ground searches for parents in Guatemala and Honduras.  As of October 16, Steering Committee members had successfully tracked down and established contact with 23 of these families.

**B.**    **Additional Lists of Children of Expanded Class Members**

Since the last Joint Status Report, the government has provided two more lists that disclose 19 previously unreported children of potential class members. There remain two lists that the government has not provided.  Those lists potentially contain more than 1,900 children, according to the government's representations to the Court.

**C.**    **Relief for Deported Parents**

On September 4, 2019, the Court granted in part the Plaintiffs' Motion seeking relief for deported parents, so as to provide relief for eleven separated parents.  Plaintiffs have written to Defendants to ascertain (1) what process the agencies will make available to the parents to travel to the United States (at their own expense) and (2) what process the agencies will provide upon the parents' return.

Plaintiffs have designated a person of contact from among the lawyers for the parents seeking return, in response to Defendants' request.  Plaintiffs continue to wait for the government to provide further details on the protocol for parents to return to the United States pursuant to the Court's Order.

**D.   Implementation of Tear Sheets**

The government has provided sample templates and guidance on the "tear sheets" it intends to provide to parents of separated children. Plaintiffs will meet and confer with the government on this issue.

**E.   Steering Committee Progress for June 26 Initial Class**

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications. On September 18, the government reported that 14 children with removed parents remained in ORR custody. The Steering Committee has advised the government that no preference will be forthcoming for one of those parents due to complex and individualized family circumstances, leaving 13 children with removed parents in the operative group. The Steering Committee has delivered preferences for 12 parents of those children.  The parent of the remaining child sought and was granted the opportunity to return to the United States pursuant to the Court's September 4 Order, and after returning to the United States looks forward to commencing the process to be reunified with her son.

**F.   Children Whose Parents Have Submitted Preferences and Are Still Detained**

The Steering Committee continues to meet and confer with the government about children who are still in ORR after the Steering Committee has submitted a final reunification election.

14

### III.   *MMM-Dora* **Plaintiffs' Report Regarding Settlement Implementation**

The parties continue to work together to implement the settlement agreement approved on November 15, 2018. Class counsel are providing the Government with signed waiver forms as they are received from class members, and class counsel are continuing to work on outreach efforts to class members who may qualify for relief under the settlement. The parties continue to meet and confer on issues related to settlement implementation as they arise.

With respect to the discrepancy in the statistics of settlement implementation raised in the prior status report, the Government has provided information that explains the cause of the discrepancy. In particular, there were several settlement forms reflected in class counsel's records that were not included in the Government's reporting for one of four reasons. The parties are discussing whether any of the excluded forms should nevertheless be included in the reporting going forward, and the parties do not require Court intervention at this time.

18cv428 DMS MDD

DATED: October 16, 2019                    Respectfully submitted,

                                           /s/ Lee Gelernt
                                           Lee Gelernt*
                                           Judy Rabinovitz*
                                           Anand Balakrishnan*
                                           AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION
                                           125 Broad St., 18th Floor
                                           New York, NY 10004
                                           T:  (212) 549-2660
                                           F:  (212) 549-2654
                                           *lgelernt@aclu.org*
                                           *jrabinovitz@aclu.org*
                                           *abalakrishnan@aclu.org*

                                           Bardis Vakili (SBN 247783)
                                           ACLU FOUNDATION OF SAN DIEGO
                                           & IMPERIAL COUNTIES
                                           P.O. Box 87131
                                           San Diego, CA 92138-7131
                                           T: (619) 398-4485
                                           F: (619) 232-0036
                                           *bvakili@aclusandiego.org*

                                           Stephen B. Kang (SBN 292280)
                                           Spencer E. Amdur (SBN 320069)
                                           AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION
                                           39 Drumm Street
                                           San Francisco, CA 94111
                                           T:  (415) 343-1198
                                           F:  (415) 395-0950
                                           *skang@aclu.org*
                                           *samdur@aclu.org*

                                           *Attorneys for Petitioners-Plaintiffs*
                                                *Admitted Pro Hac Vice*

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Senior Litigation Counsel
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-0473
(202) 616-8962 (facsimile)
Nicole.Murley@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*