JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0473
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**DEFENDANTS' RESPONSE TO *MMM* PLAINTIFFS' OCTOBER 4, 2019 LETTER TO THE COURT, ECF NO. 480** |

On September 10, 2019, Defendants filed their opposition to Plaintiffs' Motion to Enforce Preliminary Injunction, ECF No. 464. In that filing, Defendants articulated their position regarding parents who are separated based on a prosecution for, and convictions of, 8 U.S.C. § 1326. *See* ECF No. 464 at 18 n.6 and 19 n.7. At the September 20, 2019 hearing on Plaintiffs' motion, the Court inquired of *M.M.M.* counsel whether the government's position implicated any issues in their case, and *M.M.M.* counsel responded that they "would like to give that some thought." Sept. 20, 2019 Hearing Transcript at 69:16-17. The Court therefore gave *M.M.M.* counsel the option to brief the issue, and stated that if counsel wished to do so they should contact the Court. *Id.* at 69:21-25.

On October 4, 2019, *M.M.M.* counsel submitted a letter to the Court stating that counsel were "concerned that the Government's proposal as set forth in footnotes 6 and 7 of its Opposition could lead to the same problems that gave rise to the claims in *MMM* and *Dora*," and that counsel "believe that a process in which parents and children jointly decide on reunification, and have the option to reunify for a joint reasonable fear and credible fear screening, would avoid violating parents' and children's rights to seek relief from removal." Letter, ECF No. 480, at 1. *M.M.M.* counsel suggest that the Court defer ruling on the government's process as laid out in the footnotes until after it decided the *Ms. L* Plaintiffs' Motion to Enforce, to "give

the parties an opportunity to work out the details of an appropriate process – with the input of relevant stakeholders – in light of the Court's decision." *Id.* at 2.

The Court should rule on the pending Motion to Enforce, including any ruling related to the Government's footnotes 6 and 7 that may be necessary or appropriate, and reject *M.M.M.* counsel's suggestion to delay resolution of the issues briefed in that motion. As the government stated at the hearing, Defendants need full clarity on the issues briefed in the pending motion and their opposition. Defendants have laid out their views clearly, including on the issue of how to treat parents separated for a section 1326 prosecution. Counsel's letter improperly suggests that this Court should allow those referred for prosecution for, and convicted of, an offense under section 1326 to stay indefinitely in the United States (even though a violation of section 1326 is a serious felony and those who illegally re-enter and whose previous orders of removal are reinstated are barred from seeking asylum) (Letter at 1), simultaneously suggests that the Court should decline to rule fully on the pending motion (Letter at 2), and further maintains that *M.M.M.* counsel should be able to engage in a new round of negotiations about settlement relief (Letter at 2).  None of those requests is proper. Defendants have laid out their position with regard to this category of individuals in their brief, and counsel for *M.M.M.* have responded to the Court's invitation to submit briefing on this issue by submitting their letter to the Court. Counsel should not be permitted to decline the Court's invitation to brief the

issue and then seek a further opportunity to negotiate the issue only after they learn how the Court intends to rule with regard to the broader issues in the pending Motion. Defendants believe that this issue—along with other issues in the pending Motion—is ripe for decision by this Court, and that further delaying any decision on this issue is unnecessary.

DATED: October 16, 2019          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Senior Litigation Counsel
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-0473
(202) 616-8962 (facsimile)
Nicole.Murley@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 868, Ben Franklin Station, Washington, DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' RESPONSE TO MMM PLAINTIFFS' OCTOBER 4, 2019 LETTER TO THE COURT, ECF NO. 480** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 16, 2019            *s/ Nicole N. Murley*
                                   Nicole N. Murley