# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendants. | Case No. 3:18-cv-428-DMS MDD <br><br> **LEGAL SERVICE PROVIDERS' SUBMISSION TO JOINT STATUS REPORT** |

The Court ordered the parties to file a joint status report ("JSR") by 3:00 p.m. on November 6, 2019, in anticipation of the status conference scheduled at 2:00 p.m. on November 8, 2019. The Legal Service Providers, who originally appeared in this action as objectors to the settlement in *M.M.M. v. Sessions*, subsequently sought and received the agreement of the Court and the parties to participate in negotiations regarding information-sharing about family separations. *See* Transcript of Telephonic Status Conference of Feb. 8, 2019, at 11-12 (ECF 109). Nevertheless, Defendants object to including the Legal Service Providers' proposed submission in the Joint Status Report. The Legal Service Providers therefore file their submission separately here.

## LEGAL SERVICE PROVIDERS FOR CHILDREN—REPORT ON INFORMATION-SHARING[1]

### A. The Meet-and-Confer Process and Its Outcome

Working with Plaintiffs, the Legal Service Providers (LSPs) transmitted a proposal to the Government at the end of May 2019 seeking the Government's agreement to share a defined set of "Separation Information" with the lawyers for separated children and their appointed child advocates. The Separation Information requested included:

- the names and A#s of the separated parent and child;
- contact information for the child and parent;
- the date of the separation;
- an account of the basis for the separation detailed enough to allow the lawyer for the parent, if any, and the lawyer and advocate for the children, if any, to challenge that basis; and
- the name and contact information of any lawyer or qualified representative[2] who had made an appearance for the parent or child, as well as for the advocate appointed to the child's case, if any, to enable families to coordinate on critical decisions, including possible defenses to removal proceedings, possible reunification, or possible joint repatriation.

---

[1] This account addresses primarily the information-sharing requests of the Legal Service Providers for children and does not fully recount the parallel requests made on behalf of parent class members.

[2] The term "lawyer" as used in this section is meant also to include qualified representatives who make appearances for separated parents or children.

Plaintiffs and the LSPs requested that such Separation Information be made regularly available to lawyers and advocates for children and parents through an electronic portal or by other means.

The Government responded on July 11, 2019, declining to provide the information requested on several grounds and declining to transmit any information on a regular basis to lawyers and advocates for separated parents and children.

Negotiations followed over the intervening months. In August, the Government stated that it would provide spreadsheets, similar to those provided monthly to the ACLU, to the ORR federal field specialists who oversee the children's shelters. The Government represented that these spreadsheets would be updated weekly and would therefore be more current than those sent monthly to the ACLU. Further, the Government represented that ORR was drafting internal guidance regarding information-sharing with the LSPs and child advocates which would permit the federal field specialists to relay the basis for the separations, and other non-law-enforcement-sensitive information contained in the spreadsheets, to lawyers who had made appearances for the children and to their appointed child advocates. Plaintiffs and the LSPs asked to see this guidance. By email of September 4, 2019, the Government declined to share the ORR guidance. The Government also advised that if lawyers or child advocates had documentary information to contradict the stated basis for any particular separation, they could submit such information by email, together with their notice of appearance for the child or parent, to SeparationSupplementalInformation@ice.dhs.gov. The Government represented that ICE would respond once it had completed review of the submission.

At this time, therefore, the Government is sharing information with the LSPs and child advocates on their request through the federal field specialists and

caseworkers in the shelters, who have been the primary sources of information for the LSPs and child advocates from the onset of the child separation policy. The difference now, according to the Government, is that the federal field specialists and caseworkers have access to weekly spreadsheets and to guidance, which remains unavailable to the LSPs or child advocates, on how to share the information the spreadsheets contain. In addition, the LSPs and child advocates can use an email address to transmit to ICE documentary evidence that calls into question the Government's asserted basis for any given separation.

### B. Next Steps

The next step is to assess whether the system now in place is resulting in more certain and complete information-flow to the LSPs and child advocates. In an effort to evaluate the current information-sharing protocol, several LSPs and child advocates around the country have agreed to document their attempts to learn Separation Information from the federal field specialists and shelter caseworkers. This documentation will also capture the LSPs' and child advocates' attempts to communicate to the government information that they believe contradicts the stated basis for a separation, including how well the email system is working in those instances, insofar as they are occurring, when the LSPs or child advocates send documentary information to SeparationSupplementalInformation@ice.dhs.gov.

Counsel for the LSPs is developing an online system through which LSPs and child advocates can track (1) their efforts to learn Separation Information from federal field specialists and shelter caseworkers, (2) their ability to communicate effectively with the Government when they have information contradicting the stated basis for a separation, and (3) their efforts to learn in advance about reunification plans, if any. This online documentation system will not include

identifying information about any separated parent or child. The LSPs will report back to the Court on what the documentation effort reveals.

                                       Respectfully Submitted,

                                       */s/ Catherine Weiss*
Catherine Weiss
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ, 07068
T: (973) 597-2438
F: (973) 597-2439
*cweiss@lowenstein.com*

*\*Admitted Pro Hac Vice*