UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L., *et al.*,                    )
                                     )
    *Plaintiffs,*              )
                                     )
v.                                   )    CASE NO. 18cv428 DMS MDD
                                     )
U.S. IMMIGRATION AND CUSTOMS         )
ENFORCEMENT, *et al.*,               )
                                     )
    *Defendants.*             )
                                     )

**DECLARATION OF ROBERT J. COSTELLO**

    I, Robert J. Costello, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows, relating to the above-captioned matter:

1.    I am currently an Executive Director with the Office of Information Technology (OIT), Enterprise Service, U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). I am currently serving on detail to the Border Enforcement and Management Systems Directorate since March of 2017, and concurrently in the permanent role of the Executive Director of Enterprise Networks and Technology Support. I have served as an Executive Director of OIT since August of 2017. Prior to this, I was the Deputy Executive Director of Field Support within OIT. have over twenty-five years of information technology leadership experience as a senior information technology executive in federal government and private sector, including at the U.S Immigrations and Customs Enforcement (ICE) and the U.S Air Force.

2.      As Acting Border Enforcement and Management Systems' Executive Director, I am responsible for management and oversight of the programs assigned to my directorate which includes the Unified Immigration Portal (UIP).  I am familiar with the development of the UIP and meet daily with the program team as well as participate in bi-weekly briefs to the Assistant Commissioner of Office of Information and Technology (OIT) and agency leadership on the progress of the Unified Immigration Portal.

3.      I understand that, in following the July 10, 2020 status conference in this case, the Court issued an order requesting that the Assistant Commissioner of OIT, or other appropriate designee, provide a declaration regarding "the status of the development of the UIP) and estimated completion date,"  as well as "how the UIP will enable parents in criminal custody access to their childrens' [sic] location information and how the UIP will assist in reunification efforts when a parent is transferred from criminal custody to immigration custody."  I have prepared this declaration in accordance with the Court order because the AC determined that I was the appropriate designee to provide the requested information.

4.      As outlined in previous filings in this case, CBP OIT, working with its partners in ICE; U.S. Citizenship and Immigration Services; the U.S. Department of Justice (DOJ), Executive Office for Immigration Review; and the U.S. Department of Health and Human Services (HHS), is developing the UIP.  Congress has allocated funding for the UIP. Specifically, CBP was allocated $32 million in the Pub. L. No 116-26, *Emergency Supplemental Appropriations for Humanitarian Assistance and Security at the Southern Border Act, 2019*, for the development of the UIP.

5.      The UIP is intended to be a technological platform where authorized users within the U.S. government can access relevant immigration-related data from multiple agencies through

a single interface, to enable a more complete understanding of an individual's journey throughout the immigration system.  In other words, the UIP will serve as a centralized location for agencies to share certain information about individuals in the immigration process.  The relevant information shared across the UIP may include, for instance, biographical information, details of an individual's encounter by CBP or ICE (e.g., data from a Form I-213), and the current location of an individual (e.g., whether that individual is in CBP, ICE or HHS custody).  In compliance with its respective legal, privacy, and operational requirements, each agency will maintain its ownership of its own data and will be able to control what types of information it shares through the UIP.  Therefore, certain information is restricted from being shared outside of the respective agencies, and not all users of the UIP will have the same access to information.  For example, HHS is not a law enforcement entity and therefore does not have access to law enforcement sensitive information through the UIP.  However, authorized users will have real-time access to all relevant information to which they have access.

6.     Currently, the UIP development team is continuing its ongoing efforts to work with its federal partners to establish the UIP as expeditiously as possible.  The team has already completed several important steps, such as developing and setting user access controls and establishing connection capabilities to enable users to log into the UIP system.  CBP and HHS also continue to work to develop the UAC Coordination Dashboard, which provides HHS users with a way to view information about unaccompanied alien children (UACs) in CBP custody, in order to help facilitate the transfer of those UACs from CBP to HHS. Additionally, ICE also has access to data in the UIP concerning individuals in CBP's

3

custody, so that CBP and ICE can better coordinate regarding the transfer of an individual from CBP to ICE.

7.     The UIP development team is utilizing a flexible buildout to adapt to shifting business and operational needs, providing a fluid timeline, and thus the UIP is being implemented in phases.

8.     As previously discussed, the UIP will enable select information sharing between authorized users within the U.S. government.  The UIP is intended to be, and is designed to be, an internal U.S. government system that government users can utilize to obtain real-time access to relevant information about an individual's journey through the immigration system.  For instance, the UIP will permit HHS to view certain information, maintained in CBP databases, about the apprehension of a particular adult and child, including, in some cases, information about why that adult and child were separated.  The UIP will also permit HHS to view information maintained in CBP's electronic systems of records regarding the date on which a separation occurred.  The UIP will also permit both ICE and HHS to access relevant information about both an adult and child that may be helpful in determining whether reunification is appropriate.

9.     The UIP is an internal government system, and is not designed for or intended for use by individuals outside of the U.S. government.  Thus, individuals outside of the U.S. government will not be permitted to access the data in the UIP.  This requirement is critical to ensure that the system complies with all relevant legal, privacy, and operational requirements of the individual agencies that own the data in the system. In other words, aliens in DHS custody, or in criminal custody (including with U.S. Marshals Service (USMS) or the Federal Bureau of Prisons (BOP)) – including separated parents – will not

be able to access the UIP or the data within the system (nor are they provided access to any DHS databases).  Similarly, attorneys or advocates representing separated parents or children (or any alien) are not able to access the UIP (nor are they generally provided access to other DHS databases).

10.     The current iteration of the UIP is not designed to facilitate the sharing of information about aliens in criminal custody.  Specifically, the UIP does not currently contain information from the USMS or BOP.  However, if a parent and child were separated based on a parent's referral for prosecution, that information would be included in the UIP.

11.     As described above, the information contained with the UIP may be helpful in facilitating reunification efforts, if appropriate, once an alien is released from criminal custody to DHS custody.  The UIP will enable DHS and HHS to timely share information about a parent in DHS custody, including a parent who was transferred from criminal custody to DHS custody, which will help facilitate reunification efforts, when appropriate.

12.     I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.


Executed this 19th day of August, 2020.



Robert J. Costello
Executive Director
Office of Information Technology
Enterprise Services
U.S. Customs and Border Protection

5