Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN BOYNTON
Acting Assistant Attorney General

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

FIZZA BATOOL
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
 Fax: (202) 616-8962

*Attorneys for Federal Respondents-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L., et al.,                                    )
                                                   )
            Plaintiffs/Petitioners                 )   Case No.: 3:18-cv-00428-DMS
                                                   )
                       v.                          )
                                                   )
U.S. IMMIGRATION AND                               )
CUSTOMS ENFORCEMENT, et al.,                       )
                                                   )
            Respondents/Defendants.                )
_____              )

**STIPULATION AND [PROPOSED] REVISED PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**

I.      Plaintiffs and Defendants (collectively, the "Parties") in the above-caption action *Ms. L., et al., v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 3:18-cv-00428-DMS ("Litigation" or "Action") recognize that information pertaining to confirmed or potential class members (including members of any class agreed upon through settlement discussions), and their children, exchanged as part of settlement discussions or to facilitate compliance with the Court's preliminary injunction order, may include private information related to individuals who are or have been in the custody and care of the United States Government, and that such materials may reasonably, in good faith, be confidential and protected from disclosure to the public, or to one or more of the Parties, under Rule 26(c) of the Federal Rules of Civil Procedure.

II.     The Parties desire to enter into this stipulation to facilitate the exchange of documents and information while protecting against the unauthorized disclosure of confidential documents and information. Upon signature of the Court, this

stipulated Order will replace and supplement the Protective Order currently in place in this case, ECF No. 92.

III. The Parties believe good cause exists for approving the stipulation because it seeks to protect against injury caused by the dissemination of protected information. The information to be protected includes personally identifiable information, the disclosure of which could be prohibited by the Privacy Act or other law. However, the Privacy Act provides, as an exception, that such materials may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested information pursuant to the Privacy Act and Fed. R. Civ. P. 26(c). The parties also seek to protect other personal information regarding confirmed or potential class members, and their children.

### <u>Stipulation</u>

NOW, THEREFORE, the Parties stipulate and agree, through their undersigned counsel, to the following terms and conditions to govern the production of information that the producing party reasonably and in good faith deems confidential, and request that the Court enter a protective order (hereafter "Protective Order" or "Order") consistent with the terms of this stipulation.

1.    **Scope.**  The following terms govern with respect to class information—whether about putative, confirmed, or potential class members, or their children—exchanged by the Parties in the Litigation to facilitate compliance with the Court's preliminary injunction order or settlement discussions (collectively "Protected Material").

2.    **Protected Material.**  The categories of Protected Material include:

a.    Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq*., or information that would be covered by the

Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence.

      **b.**    Personally Identifying Information (PII), Protected Health Information (PHI), and any information that is protected or restricted from disclosure by statute or regulation.

      **c.**    All other protected documents, information, or tangible things not identified above that the parties agree in writing, or the Court orders, qualify for protection under Federal Rule of Civil Procedure 26(c).

      **d.**    The Parties do not waive their rights to assert additional privileges over the information, or redact information protected by statute or exemption. For example, the Parties may withhold or redact information protected by statute or exemption, including classified national security information, or information subject to a claim of privilege, including the Deliberative Process Privilege, Law Enforcement Privilege, Attorney-Client Privilege, or Attorney Work Product.

    **3.**    **Designations.**  It shall be the duty of the party producing the proposed Protected Material ("Producing Party") to give notice in the manner set forth in paragraphs 5, 8 and 11 below. Material, including material obtained from a Third Party, may be designated as "PROTECTED MATERIAL" if the Producing Party believes in good faith that such material is covered by this Protective Order.

    **4.**    **Duties.**  The duty of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material shall begin when the Party or Parties receiving the Protected Material ("Receiving Party") receive notice pursuant to this Order. Protected Material shall be designated by the Producing Party, subject to the provisions of this Order, with the designation of "PROTECTED MATERIAL." No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party as "PROTECTED MATERIAL," except as provided for in this Protective Order or as further ordered by the Court.

**5.    Method of Designation.**  Every page of proposed Protected Material must be labeled "PROTECTED MATERIAL," at the time the material, or a copy thereof, is provided to the Receiving Party. If material is produced via electronic media, the Producing Party shall label the media as "PROTECTED MATERIAL" or use best efforts to identify the enclosed material as Protected Material.

**6.    Access to Protected Material.** Only the following persons shall have access to, or may retain, material designated as PROTECTED MATERIAL pursuant to this Order:

   **a.**    The Court and its official personnel;

   **b.**    Counsel for any Party. For the purposes of this Protective Order, "Counsel" means the attorneys representing the Parties for this Action, including paralegals, office clerks, secretaries, and other support staff assisting those attorneys, working on the Action, as well as any of Defendants' operational or other agency personnel with whom Counsel for Defendants determines it is necessary to share such information for the purpose of this litigation;

   **c.**    Existing or potential class members, and their respective individual counsel or prospective individual counsel, shall only be provided PROTECTED MATERIAL relating to them or their child(ren), and not information pertaining to other existing or potential class members. Prospective counsel must execute Exhibit A, the Acknowledgment Regarding the Order before receiving this limited PROTECTED MATERIAL;

   **d.**    Outside experts, consultants retained by the Receiving Party's Counsel to assist in this Litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials);

   **e.**    Court reporters and translators;

   **f.**    Outside litigation support personnel retained by Counsel to assist in the preparation or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

-5-

**g.**     Any person not otherwise covered by subparagraph (a), (b), (c), or (d) who was involved in the preparation of such material, who received or reviewed such material for purposes other than this Action, or who has been alleged to have received or reviewed such material for purposes other than this Action;

**h.**     Witnesses at depositions not otherwise covered by subparagraphs (a), (b), (c) or (d);

**i.**     Persons whom the Producing Party agrees in writing or on the record at a deposition may be shown PROTECTED MATERIAL.

**j.**     Any individuals or persons who Class Counsel designates for the purpose of facilitating the reunification of class members, or potential class members, and their children, including (but not limited to) nonprofit organizations, lawyers, faith-based groups, shelters, or any other organization or individuals who may be able to assist in the reunification process. Information that may be shared to facilitate the reunification of class members, or potential class members, and their children includes, but not limited to, their respective names; Alien Number(s); and detention location(s) or other location information The individuals or persons described in this paragraph may receive any additional PROTECTED MATERIAL necessary to assist in reunification efforts.

7.     **Agreement By Persons Accessing Protected Materials.**  All persons identified in paragraph 6 (d), (e), (f), (g), (h) (i), and (j) who receive Protected Material shall read this Protective Order and agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A, that is annexed to this Protective Order.  All such acknowledgments shall be maintained in the files of the counsel allowing access by such person to the Protected Material.

8.     **Treatment of Protected Material During Inspection of Documents.** It is contemplated that a Party might make files available for inspection by other Parties that contain protected material, and that, following such inspection, the inspecting party will designate documents to be copied and produced. All such

documents shall be treated as PROTECTED MATERIAL until the Party allowing inspection has had a reasonable opportunity, not to exceed 21 calendar days absent an agreement by the parties, to designate and mark particular documents as PROTECTED MATERIAL.

9.     **Copies, Summarizations, Extracts Protected.**  Protected Material designated under this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information. The Parties agree that information regarding the aggregated numbers for any category of individuals included in the Class or potential Class (and their children), such as information contained in joint status reports or other public reporting, may be excluded from this paragraph. Any reporting of aggregate numbers will omit any PII concerning any individual.  Moreover, a Party may make a request to the producing Party that certain material contained in such copies, extracts, and complete or partial summaries not be treated as PROTECTED MATERIAL. The Parties will meet and confer in good faith within five days of any such request to resolve the request.

10.     **Pleadings And Briefs Containing Protected Material.**  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents designated as Protected Material are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal, unless the Parties agree that the documents can be redacted to remove the Protected Material. The receiving party shall meet and confer with the producing party regarding any proposed redactions before seeking leave from the Court, and the producing party

shall not unreasonably withhold its consent to the filing of a redacted copy of the Protected Material.

11. **Court Hearings and Other Proceedings.** Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material before the Court. Before doing so, however, the Party intending to use Protected Material shall inform the Court and the Producing Party, so that any Party or Third Party may request the Court to appropriately protect the material, outside the presence of persons not entitled to receive Protected Material pursuant to paragraph 6.

12. **Testimony at Pretrial Court Hearings and Other Proceedings.** All testimony elicited during proceedings that counsel for a Party or Third Party indicates on the record may be subject to the protections of this Order shall be deemed PROTECTED MATERIAL until 21 calendar days after delivery of a transcript of the proceedings to the requesting Party. Thereafter, any Party may move to seal the transcript under LRCiv 79-5, designating all or any portion of the testimony as PROTECTED MATERIAL. Upon receiving notice that any portion of a transcript has been designated as PROTECTED MATERIAL, each Party must immediately mark the designated pages of every copy of the transcript in their custody, possession or control. Such designations must remain until the Court rules on the motion to seal.

13. **This Order Only Applies to the Exchange of Information about Putative or, Confirmed or Potential Class Members, and Their Children, for the Purpose of Facilitating Compliance with the Court's Preliminary Injunction Order or Engaging in Settlement Discussions.** Nothing contained in this Order shall restrict or limit any Party's right to present Protected Material to the Court during a trial in the Action. The use of Protected Material at trial shall be governed by the pretrial order.

14. **This Order Does Not Apply to Non-Private Information.** The restrictions set forth in this Protective Order shall not apply to documents, things, or

information that: (a) have been publicly disclosed by either Party; or (b) have been independently obtained by the Receiving Party through lawful means. If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within categories of non-private information referenced in this provision. This paragraph does not waive or limit any protection that exists under law, including the Privacy Act, 5 U.S.C. § 552a, *et seq.*

15. **Challenge to Designations.**  If a Party objects to a designation of the materials as Protected Material, the Party objecting must notify all counsel for the other Party of the materials and grounds for objection via email, and courier no later than the following business day. The objecting Party shall request to meet and confer with the other Party prior to submitting the dispute to the Court for a ruling. If parties do not resolve the dispute within 10 business days after receipt of notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Protected Material until the Court has ruled on the objection or the matter has been otherwise resolved.

16. **No Waiver by Failure to Challenge Designation.** For purposes of the Action, or any other action, no Party concedes that any material designated as PROTECTED MATERIAL contains or reflects Protected Material.  A Party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.

17. **Inadvertent Disclosure of Protected Material.** The failure by a Producing Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall retrieve disseminated copies and restore the confidentiality of the inadvertently disclosed information, and shall thereafter take reasonable steps to ensure that the Protected

Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

18.      **Disclosure to Producing Party's Personnel.** Nothing in this Protective Order shall affect the right of the Producing Party to disclose to its client agency personnel, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material pursuant to this Order; such disclosure shall not waive the protection of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

19.      **Disclosure to Unauthorized Persons.**  If information subject to this Protective Order is disclosed to any unauthorized person through inadvertence, mistake, without authorization by the Producing Party, or in a manner other than authorized by this Protective Order, the person responsible for the disclosure shall immediately: (a) inform the Producing Party of all pertinent facts relating to such disclosure, including the name, address, and telephone number of all recipients and their respective employer(s); (b) use best efforts to retrieve the disclosed information and all copies thereof; (c) advise all recipients of the disclosed information, in writing, of the terms of this Protective Order; (d) make best efforts to have all recipients execute an agreement to be bound by the terms of this Protective Order with the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure.

20.      **Admissibility of Protected Material.** This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility of any Protected Material into evidence.

21.      **All Objections Preserved.** This Protective Order is intended to provide a mechanism for handling the disclosure and production of Protected Material to which there is no objection, other than confidentiality. The protection afforded by

this Order shall not affect a Producing Party's right to withhold or redact documents as privileged under the attorney-client or other privilege, protected by the work-product doctrine, or otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers highly sensitive, or otherwise exempt from disclosure, (b) object to the designation of any document or information as PROTECTED MATERIAL, or (c) seek modification of any provision of this Protective Order by properly noticed motion with notice to all Parties and their respective counsel.

22. **Advice to Client.** Nothing in this Protective Order shall prevent or restrict counsel from rendering legal advice to clients in this Litigation or as part of settlement discussions, or relying on the examination of designated Protected Material if counsel does not disclose the contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

23. **Inadvertent Disclosure of Privileged Information.**

a. The inadvertent disclosure of Material covered by the attorney-client privilege, the work-product doctrine, or other recognized privilege shall be governed by Federal Rule of Evidence 502, applicable federal law, and this Protective Order.

b. If, in connection with the pending Litigation, a Producing Party inadvertently discloses information subject to a claim of a privilege or protection described in paragraph 26(a) ("Inadvertently Disclosed Information"), such disclosure shall not be deemed a waiver of any privilege pertaining to the Inadvertently Disclosed Information.

c. If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed

Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

      **d.**    Within 21 calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

      **e.**    Nothing in this Protective Order shall limit the right of any Party to petition the Court for an order compelling production of such Inadvertently Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

    **24.**    **Good Faith Designations.** Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith, not to impose burden or delay on an opposing Party, and not for tactical or other advantage in litigation. Further, each Party agrees to make best efforts to minimize inclusion of Protected Material in court pleadings in order to minimize sealing and designating such documents as Protected Material.

    **25.**    **Use of Information Subject to Protective Order.** The Receiving Party's use of any information or documents obtained from the Producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable Rules of Evidence and confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement for any purpose outside of this Litigation, including other litigation or proceedings between the Parties, except as otherwise provided in this Order.

    **26.**    **Meet and Confer.** Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other

Party(ies) in writing, and meet and confer in good faith, all in an attempt to resolve their dispute(s).

27. **Injunctive Relief.** If anyone violates, or threatens to violate, any terms of this Protective Order, the aggrieved party may, subject to the "meet and confer" requirement set forth above, apply for injunctive relief against the aggrieving party. In such event, the responding person shall not claim the aggrieved party possesses an adequate remedy at law. The Parties and Third Parties waive all requirements for a bond or undertaking to support any injunctive enforcement of this Protective Order.

28. **Other Actions.** If any Party is: (a) subpoenaed in another action; (b) served with a demand in another action to which it is a Party; or (c) served with any legal process by someone other than a party to this Litigation, and the action seeks material produced or designated as Protected Material by someone other than that Party, the Party shall give written notice within ten calendar days to those who produced the Protected Material prior to producing the requested material in order to allow the Producing Party to seek any necessary remedy from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party, or anyone else covered by this Protective Order, to challenge any order requiring production of material covered by this Protective Order, or to subject itself to penalties for noncompliance with any legal process, or to seek any relief from this Court.

29. **Survival and Final Disposition of Designated Material.** Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.

a. All Protected Material, and copies thereof, shall be delivered by counsel of record for the Receiving Party to counsel of record for the Producing Party of such material, or destroyed with confirmation of destruction in writing, within 60 days of any final judgment, unless otherwise agreed in writing by all Parties.

b. Any Protected Material filed or lodged with, or retained by, the Court shall not be subject to the provisions of this paragraph.

-13-

**c.** Notwithstanding the foregoing, counsel may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney-work product that contains or constitutes Protected Material. Further, counsel are not required to delete information on their firm's electronic back-up systems that are over-written in the normal course of business. Archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

**30.** **Amendment or Termination of Protective Order.** No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party, or by an Order of this Court.  The terms of this Protective Order shall survive termination of the Action.

**31.** **Jurisdiction for Enforcement.** The Court retains jurisdiction after any final judgment over all persons to whom disclosure of Protected Information is made to enforce continued compliance with this Protective Order.

**32.** **Limitations**. Nothing in this Order shall restrict any Party to use its own documents or materials.  Nothing in this Protective Order shall be construed as prohibiting a non-party from seeking additional protections of records or information in its possession or control.

Dated:       July __, 2021          AMERICAN CIVIL LIBERTIES UNION
                                    FOUNDATION
                                    IMMIGRANTS' RIGHTS PROJECT

                                    /s/ Lee Gelernt
                                    LEE GELERNT
                                    Email: LGELERNT@aclu.org

                                    Counsel for Plaintiffs

-14-

Dated:        July __, 2021               UNITED STATED DEPARTMENT OF
                                          JUSTICE, OFFICE OF IMMIGRATION
                                          LITIGATION

                                          */S/ Sarah B. Fabian*
                                          SARAH B. FABIAN
                                          Email: Sarah.B.Fabian@usdoj.gov

                                          Counsel for Defendants

**[CONTINUED ON THE NEXT PAGE]**

-15-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Ms. L, et al., v. U.S. Immigration and Customs Enforcement et al.*, 3:18-cv-00428 (S.D. Cal.) shall be provided subject to the conditions set forth in the foregoing Stipulated Revised Protective Order.  This order shall be construed as a lawful order pursuant to the Privacy Act permitting release consistent with the terms of this Order.

**IT IS SO ORDERED**

Date:_____          _____
                                HON. DANA M. SABRAW
                                United States District Judge

-16-

**STIPULATION EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING
PROTECTED INFORMATION**

    **1.**    My name is _____ (first, middle initial, last).

    **2.**    I live at _____ (street address), _____ (city), _____ (state) _____ (zip code).

    **3.**    I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code).  Its telephone number is _____.
I have read the attached Stipulated Protective Order entered in the action of *Ms. L, et al. v. U.S. Immigration and Customs Enforcement et al.*, pending in the Southern District of California and bearing Case No. 3:18-cv-00428, and a copy of the Stipulated Protective Order has been given to me.

    **4.**    I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Material, within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation or as otherwise authorized by the Stipulated Protective Order.

    **5.**    I agree that I will not disclose or discuss Protected Material so designated with anyone other than the persons described in paragraph 6 of the Stipulated Protective Order.

**6.**     I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.

**7.**     I agree to be subject *in personam* to the jurisdiction of the Southern District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
          (date)                             (signature)