BRIAN BOYNTON
Acting Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4824
Fax: (202) 616-8962

RANDY S. GROSSMAN
Acting United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel A. Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF
SAN DIEGO & IMPERIAL
COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. L, et al.,<br><br>  Petitioners-Plaintiffs,<br><br>  vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>  Respondents-Defendants. | Case No. 18cv428 DMS MDD<br><br>**JOINT STATUS REPORT** |

On July 6, 2021, the Court ordered the parties to file a Joint Status Report (JSR) by 3:00 pm on August 11, 2021, in anticipation of the status conference scheduled at 1:30 pm on August 13, 2021. ECF No. 603. In accordance with this order of the Court, the parties provide the below JSR.

///

///

///

I.      DEFENDANTS' POSITIONS

A. Update Regarding Government's Implementation of Settlement Agreement

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| **Election Forms**[1] | Total number of executed election forms received by the Government | **455 (266 Parents/189 Children)**[2] |
|  | • Number who elect to receive settlement procedures | **293 (163 Parents/130 Children)** |
|  | • Number who waive settlement procedures | **162 (103 Parents/59 Children)**[3] |
| **Interviews** | Total number of class members who received interviews | **180**[4] |
|  | • Parents who received interviews | **94** |
|  | • Children who received interviews | **86** |

---

[1] The number of election forms reported here is the number received by the Government as of August 2, 2021.

[2] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[3] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[4] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings. This number includes credible fear and reasonable fear interviews, as well as affirmative asylum interviews.

| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | **73**[5] |
|---|---|---|
| | • Number of parents determined to establish CF or RF upon review by USCIS | **71**[6] |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | 2 |
| | Total number of CFI decisions issued for children by USCIS | **73**[7] |
| | • Number of children determined to establish CF by USCIS | **73**[8] |
| | • Number of children determined not to establish CF by USCIS | 0 |
| | Total number of affirmative asylum decisions by USCIS | 27 |
| | • Number of parents granted asylum by USCIS | 3 |

---

[5] This number is the aggregate of the number of parents whose negative CFI/RFI determinations were reconsidered, number of parents whose negative CFI/RFI determination was unchanged, and individuals who were referred to 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had an NTA from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[6] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[7] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[8] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

|  |  |  |
|---|---|---|
|  | • Number of parents referred to immigration court | 6 |
|  | • Number of children granted asylum by USCIS | 5[9] |
|  | • Number of children referred/returned to immigration court | 13 |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **103 Parents**[10] |

### B. The President's February 2, 2021 "Executive Order on the Establishment of Interagency Task Force on the Reunification of Families"

As noted in the parties' March 10 filing, the parties have entered into settlement negotiations which remain ongoing, and the Family Reunification Task Force (FRTF) is continuing its work both in parallel and in conjunction with these settlement discussions. ECF No. 578. Since the creation of the FRTF, a total of 45 total separated children have been reunified with parents in the U.S and 59 people have been paroled as of August 10, 2021. The FRTF continues to focus on

---

[9] This number includes children granted asylum as a dependent on their parent's asylum application.

[10] This number is as of August 7, 2021.

establishing contact with all families and working to increase the rate of reunifications.

The parties also are discussing settlement issues among themselves on a regular basis, and the next formal Settlement Conference with Judge Dembin is scheduled on August 18, 2021. Issues previously reported on by Defendants in joint status reports are now being addressed by the parties as part of the ongoing settlement negotiations.

## II.    *MS. L.* PLAINTIFFS' POSITIONS

### A. Steering Committee Outreach to Sponsors and Parents of Children of Expanded Class Members

The government has provided eleven lists identifying 1,134 children of expanded class members. The government has also identified 64 "recategorized" deported parents from the original class, who the Steering Committee has sought to contact as part of its efforts to reach members of the expanded class.[11] The Steering Committee's recent efforts have been targeted at locating the parents of this group of 1,198 (1,134 plus 64) children.[12]

---

[11] In its portion of the December 12, 2018 Joint Status Report, the government disclosed the existence of what we call the "Recategorized Original Class", *i.e.*, members of the original class who were not identified as part of the government's initial disclosures in the summer of 2018. The government only provided contact information for this group in February 2019, after the Steering Committee's efforts to contact original class members had concluded – and so, as a logistical matter, the Steering Committee has conducted outreach to the 64 parents in this group who were deported following separation from their children, as part of the Steering Committee's efforts to contact *expanded* class members.

[12] Because some of the parents of these children entered with more than one child, there are 1,082 parents in this combined group.

Of these 1,198 children, for 861 the Steering Committee has reached the parents (or their attorneys), or otherwise resolved the cases.  This represents an increase of 31 children's parents since our last status report.  We describe below the status of our continuing efforts to reach the parents of the remaining 337 children, down from 368 in the last status report.

The parents of 337 children fall into three groups; in all three, searches are ongoing.  First, there are approximately 250 children whose parents are believed to have been removed from the United States following separation from their children.  Second, there is a group of approximately 75 children whose parents are believed to be in the United States.  Third, there is a group of 12 children for whom the government has not provided a phone number for the parent, child, sponsor or attorney.  There is one fewer child in this group since our last status report.

Steering Committee Efforts to Locate Parents

First, as previously reported, the Steering Committee attempts to reach all parents, sponsors and attorneys by telephone.  The Steering Committee has renewed these efforts and had been engaged in an effort to reach parents, where possible, by using the additional contact information provided by the government in late 2020 from databases of the Executive Office for Immigration Review and U.S. Customs and Immigration Enforcement.  This information includes phone numbers that had not previously been disclosed for children and parents, as well as contact information for a number of attorneys.

Where those efforts are not successful, the Steering Committee has engaged in time-consuming and arduous on-the-ground searches for parents.  These on-the-ground searches have been focused abroad in the countries of origin of parents who were removed from the United States following separation from their children.  These searches are ongoing by members of the Steering Committee, and we have recently devoted additional resources to these efforts.  As previously reported, on-

the-ground searches for separated parents are ongoing when it is safe to do so, but are limited and in some cases cannot take place due to risks associated with the COVID-19 pandemic.

Also, as previously reported, the Steering Committee has established toll-free telephone numbers in the United States, Guatemala, Honduras, Mexico and El Salvador to receive inbound phone calls from potential members of the expanded class. The Steering Committee has distributed this number both by email and U.S. Mail to a number of non-governmental organizations and other community organizations in the United States, who may be able to help us locate parents because they work in the communities these parents are likely to have contact with. In addition, the Steering Committee sent letters in Spanish and English to approximately 1,600 addresses provided by the government for the potential class members that the Steering Committee has not yet reached. These letters explain our role in this action and invite parents to contact the Steering Committee to call these toll-free numbers. The Steering Committee continues to monitor voicemail boxes reachable via these toll-free numbers, and plans to renew its mailing effort with the new address information received for children and their attorneys from the government.

Additionally, as previously reported, the Steering Committee has undertaken broad-based media outreach efforts to publicize the toll-free phone numbers created by the Steering Committee in Spanish language media. The Steering Committee has also arranged for advertisements on Spanish language radio in Central America. Those advertisements have begun airing. The Steering Committee continues to work to identify opportunities to broadly disseminate the toll-free numbers through various media to maximize visibility to potential *Ms. L.* class members, including seeking to collaborate on such media outreach initiatives with other non-profit organizations.

The Steering Committee also receives additional contact information for a limited number of families from third parties, including a number of non-governmental organizations. The Steering Committee uses that information to re-attempt telephonic communication with all families for whom new contact information has become available, in addition to the efforts underway using new information provided by the government as described above.

### III. *MMM-Dora* Plaintiffs' Report Regarding Settlement Implementation

The parties continue to work together to implement the Settlement Agreement approved on November 15, 2018. Class counsel are providing the Government with signed waiver forms as they are received from class members, and class counsel are continuing to work on outreach efforts to class members who may qualify for relief under the settlement. The parties continue to meet and confer on issues related to settlement implementation as they arise.

| | |
|---|---|
| 1  DATED: August 11, 2021 | Respectfully submitted, |

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel A. Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN BOYNTON
Acting Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
Sarah.B.Fabian@usdoj.gov

*Attorneys for Respondents-Defendants*