| | |
|---|---|
| BRIAN BOYNTON<br>Principal Deputy Assistant Attorney General<br>CHRISTOPHER P. TENORIO<br>Deputy Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>FIZZA BATOOL<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>RANDY S. GROSSMAN<br>Acting United States Attorney<br>SAMUEL W. BETTWY<br>Assistant U.S. Attorney<br>California Bar No. 94918<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>619-546-7125<br>619-546-7751 (fax)<br><br>*Attorneys for Federal Respondents-Defendants* | Lee Gelernt*<br>Judy Rabinovitz*<br>Anand Balakrishnan*<br>Daniel A. Galindo (SBN 292854)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>F: (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br>*dgalindo@aclu.org*<br><br>Bardis Vakili (SBN 247783)<br>ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>T: (619) 398-4485<br>F: (619) 232-0036<br>*bvakili@aclusandiego.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T: (415) 343-1198<br>F: (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Petitioners-Plaintiffs*<br>*Admitted Pro Hac Vice* |

|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | SOUTHERN DISTRICT OF CALIFORNIA | |
| MS. L, et al., | | Case No. 18cv428 DMS MDD |
| Petitioners-Plaintiffs, | | |
| vs. | | **JOINT STATUS REPORT** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | | |
| Respondents-Defendants. | | |

On September 16, 2022, the Court ordered the parties to file a Joint Status Report (JSR) by October 25, 2022, in anticipation of the status conference scheduled for 11:30 am on October 27, 2022. ECF No. 656. In accordance with this order of the Court, the parties provide the below JSR.

I. **DEFENDANTS' POSITIONS**

A. 2018 Settlement Implementation[1]

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| **Election Forms**[2] | Total number of executed election forms received by the Government | **457 (267 Parents/190 Children)**[3] |

---

[1] Since the September 14, 2022 Joint Status Report, Defendants report that one additional parent and one additional child were interviewed pursuant to the 2018 Settlement Agreement, for a total of 104 parents and 88 children. No additional decisions were issued.

[2] The number of election forms reported here is the number received by the Government as of October 20, 2022.

[3] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

| | | |
|---|---|---|
| | • Number who elect to receive settlement procedures | **295 (164 Parents/131 Children)** |
| | • Number who waive settlement procedures | **162 (103 Parents/59 Children)[4]** |
| **Interviews** | Total number of class members who received interviews | **192[5]** |
| | • Parents who received interviews | **104** |
| | • Children who received interviews | **88** |
| **Decisions** | Total number of CFI/RFI decisions issued for parents by USCIS | **75[6]** |
| | • Number of parents determined to establish CF or RF upon review by USCIS | **74[7]** |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | **1** |
| | Total number of CFI decisions issued for children by USCIS | **72[8]** |
| | • Number of children determined to establish CF by USCIS | **72[9]** |

---

[4] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[5] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings. This number includes credible fear and reasonable fear interviews, as well as affirmative asylum interviews.

[6] This number is the aggregate of the number of parents who received positive CF/RF determinations, number of parents who received negative CF/RF determinations or whose negative CF/RF determination was unchanged, and individuals who were referred to Section 240 proceedings without interview because of a rare language. This number excludes 13 cases where a parent already had an NTA from ICE or was already ordered removed by an IJ (12 of which are included in the interview totals due to involvement in the child's credible fear interview).

[7] This number includes parents who received positive CF/RF determinations, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[8] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to 240 proceedings without interview because of a rare language.

[9] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a rare language.

| | | |
|---|---|---|
| | • Number of children determined not to establish CF by USCIS | 0 |
| | Total number of affirmative asylum decisions by USCIS | 33 |
| | • Number of parents granted asylum by USCIS | 5 |
| | • Number of parents referred to immigration court | 8 |
| | • Number of children granted asylum by USCIS | 6[10] |
| | • Number of children referred/returned to immigration court | 14 |
| Removals | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | 103 Parents[11] |

## B. The President's February 2, 2021 "Executive Order on the Establishment of Interagency Task Force on the Reunification of Families"

The parties have entered into settlement negotiations which remain ongoing. While settlement talks are ongoing, the Family Reunification Task Force (FRTF) continues its work to reunify families. Since the creation of the FRTF, a total of 533 separated children have been reunified with parents in the U.S and approximately 2,844 people have been paroled as of October 21, 2022. The FRTF continues to focus on establishing contact with all families and working to increase the rate of reunifications.

With regard to ongoing settlement talks, the next formal Settlement Conference with Magistrate Judge Dembin is scheduled for December 12, 2022. Issues previously reported by Defendants in joint status reports are now being addressed by the parties as part of the ongoing settlement negotiations.

---

[10] This number includes children granted asylum as a dependent on their parent's asylum application.

[11] This number is as of October 20, 2022.

## II. *MS. L.* PLAINTIFFS' POSITIONS

### A. Steering Committee Outreach to Sponsors and Parents of Children

The Steering Committee's recent efforts have focused on finding the parents of 1,198 children.[12] For 1,064 out of the 1,198, the Steering Committee has reached the parents (or their attorneys), or otherwise resolved the cases. This is an increase of 17 children's parents since our last status report. We continue to try to reach the parents of the remaining 134 children. Most children's parents in this group of 134 —96—are believed to have been removed from the United States following separation from their children; 38 children's parents are believed to be in the United States. For two of the children whose parents are believed to have been removed from the United States, the government has not provided a phone number for the parent, child, sponsor or attorney.

*Steering Committee Efforts to Locate Parents*

Previous JSRs have reported at length the Steering Committee's ongoing efforts to find parents: Since the last JSR those efforts continue, including a new mailing of letters to try to find families, using new addresses received for children and their attorneys from the government.

## III. *MMM-Dora* Plaintiffs' Report Regarding Settlement Implementation

The parties continue to work together to implement the Settlement Agreement approved on November 15, 2018. Class counsel will continue to provide the Government with any additional waiver forms received from class members. The parties will meet and confer if any issues related to settlement implementation arise.

---

[12] Past JSRs have explained at greater length that this group included expanded class members and some original class members. Because some of the parents of these children entered with more than one child, there are 1,082 parents in this combined group.

| | | |
|---|---|---|
| 1 | DATED: October 25, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Lee Gelernt |
| | | Lee Gelernt* |
| 4 | | Judy Rabinovitz* |
| 5 | | Anand Balakrishnan* |
| | | Daniel A. Galindo (SBN 292854) |
| 6 | | AMERICAN CIVIL LIBERTIES UNION |
| 7 | | FOUNDATION |
| | | 125 Broad St., 18th Floor |
| 8 | | New York, NY 10004 |
| 9 | | T: (212) 549-2660 |
| | | F: (212) 549-2654 |
| 10 | | *lgelernt@aclu.org* |
| 11 | | *jrabinovitz@aclu.org* |
| | | *abalakrishnan@aclu.org* |
| 12 | | *dgalindo@aclu.org* |
| 13 | | |
| | | Bardis Vakili (SBN 247783) |
| 14 | | ACLU FOUNDATION OF SAN DIEGO |
| 15 | | & IMPERIAL COUNTIES |
| | | P.O. Box 87131 |
| 16 | | San Diego, CA 92138-7131 |
| 17 | | T: (619) 398-4485 |
| | | F: (619) 232-0036 |
| 18 | | *bvakili@aclusandiego.org* |
| 19 | | Stephen B. Kang (SBN 292280) |
| 20 | | Spencer E. Amdur (SBN 320069) |
| | | AMERICAN CIVIL LIBERTIES UNION |
| 21 | | FOUNDATION |
| 22 | | 39 Drumm Street |
| | | San Francisco, CA 94111 |
| 23 | | T: (415) 343-1198 |
| 24 | | F: (415) 395-0950 |
| | | *skang@aclu.org* |
| 25 | | *samdur@aclu.org* |
| 26 | | |
| | | *Attorneys for Petitioners-Plaintiffs* |
| 27 | | *\*Admitted Pro Hac Vice* |
| 28 | | |

| | |
|---|---|
| 1 | BRIAN BOYNTON |
| 2 | Principal Deputy Assistant Attorney General |
| 3 | CHRISTOPHER P. TENORIO |
| 4 | Deputy Assistant Attorney General |
| 5 | WILLIAM C. PEACHEY |
| 6 | Director |
| 7 | WILLIAM C. SILVIS |
| 8 | Assistant Director |

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
Sarah.B.Fabian@usdoj.gov

*Attorneys for Respondents-Defendants*