Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., | Case No. 18-cv-00428-DMS-MDD |
| *Petitioners-Plaintiffs*, | |
| v. | |
| U.S. Immigration and Customs Enforcement ("ICE"), et al. | **ORDER MODIFYING CLASS DURING SETTLEMENT DISCUSSIONS** |
| *Respondents-Defendants*. | |

Upon consideration of the Plaintiffs' Motion to Modify the Class During Settlement Negotiations, and the record in this case, the Court hereby orders, adjudges, and decrees that Plaintiffs' Motion is GRANTED. The Court finds that:

a.      the modified Class is so numerous that joinder of all members is impracticable;

b.      the modified Class shares multiple questions of law or fact common to the existing class, including whether the Class Members' separation from their children violated the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act; whether Defendants separated Class Members from their children, or failed to reunite them, without a showing they were unfit or presented a danger to the child; and whether the Class Members are subject to the same allegedly unlawful government practice or policy of separating families, including for the purpose of deterring migration;

c.      the claims or defenses of the representative Plaintiffs are typical of the claims or defenses of the modified Class; and

d.      the representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the modified Class.

e.      that the modified Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act on grounds that apply generally to the modified Class as a whole, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the modified Class as a whole.

Accordingly, the Class is modified as follows, pending the parties' settlement discussions:

All adult parents who enter the United States at or between designated ports of entry on or after July 1, 2017, who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, or where the separated child

is a U.S. citizen and therefore was not sent to ORR custody, absent a determination that the parent is unfit or presents a danger to the child.

This modification is without prejudice to any party's request for further amendment or clarification of the Class definition.

**IT IS SO ORDERED.**

Dated:  April 19, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court