BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
(SBN 166022)
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

*Attorneys for Federal Defendants*

Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>*Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>*Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br>Date Filed: October 16, 2023<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND TO CERTIFY SETTLEMENT CLASS** |

## INTRODUCTION

The parties hereby jointly move under Federal Rule of Civil Procedure 23 for preliminary approval of a class action settlement in this case ("Settlement Agreement"), and to certify the proposed *Ms. L.* Settlement Class.[1]

After over two years of intensive, arms-length negotiations, the parties have agreed on the substantive terms of the relief that will be provided to *Ms. L.* Settlement Class members who were separated from their children. In addition, the parties have agreed on extensive procedures and criteria governing separations that will take place after the Effective Date of the Settlement Agreement, as well as processes and information-sharing systems between and among the various agencies involved in family separations. The settlement is limited to injunctive relief and does not include money damages.

The parties have also participated in discussions to clarify and modify the scope of the *Ms. L.* Settlement Class to include additional families and ensure that they are also provided relief. Among other issues, the class definition modifications clarify:

- the scope of exclusions on the basis of timeframe of separation, communicable disease, medical reasons, criminal history, or abuse allegations;
- the class definition with respect to families where the child was separated and kept in DHS, rather than ORR, custody.

The proposed modifications also incorporate several groups of families who were

---

[1] Plaintiffs are withdrawing Ms. L. as a named Plaintiff and will move forward with Ms. C. as the sole lead named Plaintiff. Plaintiffs will file a formal motion withdrawing Ms. L as a named Plaintiff should the Court wish. Although the caption of the case may therefore need to be amended, the parties agree it makes sense to continue to refer to the settlement agreement as the "Ms. L. Settlement." This is how the case is widely known, in the United States and abroad. Maintaining the same name will hopefully avoid any confusion among class members, attorneys, and other interested parties, related to a formal change in the caption name.

not previously part of the *Ms. L.* Class, including families separated where the adult was the child's legal guardian, rather than parent; and families separated where the child was a U.S. citizen.  Finally, the proposal includes a review process for any parents that may be excluded from the Class, whereby Defendants will review relevant information concerning Class membership, afford parents an opportunity to respond to any adverse allegations, and present any disputes to a neutral adjudicator.

The parties respectfully request that the Court grant preliminary approval of the Settlement Agreement and the proposed Settlement Class; approve the proposed Notice Plan; and set a schedule for a Fairness Hearing and final approval of the Settlement. The parties have proposed a schedule for further proceedings in the accompanying proposed order.

## BACKGROUND

The history of this case is set forth in numerous orders and filings in this case; The motion will therefore highlight only a few salient points.

On June 26, 2018, the Court issued the classwide preliminary injunction prohibiting Defendants from separating class members absent a determination that the parent is unfit or presents a danger to the child, and taking into account issues of criminality and communicable disease.  *See* ECF No. 82 at 17; Dkt. 456; *Ms. L v. ICE*, 403 F. Supp. 3d 853, 856 (S.D. Cal. 2019).

The parties subsequently engaged in extensive work to identify, locate, and contact separated families (including those parents deported to their home countries without their children).  *See, e.g.*, Dkts. 597, 598, 631, 632.  A number of those families were reunified based on prior orders of the Court.

In February 2021, President Biden established the Family Reunification Task Force, comprised of representatives from various federal agencies, including the Defendants in this case. *See* Executive Order on the Establishment of the Interagency Task Force on the Reunification of Families (Feb. 2, 2021) ("Executive Order").

Plaintiffs and Defendants have done extensive work to reunify families consistent with this Executive Order and more recent orders entered by the Court at the request of the parties, but some families unfortunately still remain separated. Accordingly, the reunification work remains ongoing.

In March 2021, the parties notified the Court that they had begun settlement negotiations for the purpose of resolving all pending issues in the case, including any potential modifications to the scope of the class definition. Dkt. 579.

Since that time, the parties have engaged in extensive, wide-ranging, and arms-length negotiations to settle this case. The negotiations have involved multiple government agencies. Additionally, the parties have consulted with numerous stakeholders and advocates who work with separated families and children. The parties have also had ongoing settlement conferences before the Magistrate Judges assigned to this case.

The parties have now concluded those negotiations, and reached what they agree are fair settlement terms that will provide significant relief to separated families. Among other things, the settlement will provide:

- Relief designed to reunify separated families and help them reestablish themselves after reunification, including housing and medical assistance, parole, work authorization, and (in some cases) travel assistance from abroad;
- The facilitation of Settlement Class members' asylum applications, which (among other things) will include USCIS guidance concerning the asylum claims of separated families and a review process for their applications involving specially-trained asylum officers;
- Programs intended to facilitate legal help for class members, in addition to outreach programs to contact those who may not be aware of their rights and or reunification options.

As noted above, the Settlement also includes certain categories of separated families

that were previously excluded under this Court's class certification orders, but who were separated under similar circumstances to those of existing class members.

In addition to providing meaningful remedies for *Ms. L.* Settlement Class members who were previously separated, the Settlement would establish detailed criteria and procedures governing the future separation and reunification of families apprehended at the border. Among other elements, the Settlement includes provisions (1) setting forth the limited permissible circumstances under which families may be separated, (2) requiring communication between separated parents and children; (3) establishing information-sharing systems and protocols among agencies; and (4) ensuring that Defendants provide separated parents with information sufficient to understand the reasons for their separations.

Numerous sections of the Settlement reflect and adopt the Court's past holdings and findings. *See*, e.g., V.K.3.g (referring to "streamlined reunification procedures"); V.K.3.d (requirements before any separation based on doubts that an adult is a child's parent).

## ARGUMENT

### I. The Court Should Grant Preliminary Approval of the Proposed Settlement.

The Court should preliminarily approve the Agreement. When reviewing a settlement for preliminary approval, the Court may consider the same factors that it will balance at that Fairness Hearing, *see, e.g., Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1124-26 (E.D. Cal. 2009), which include:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the . . . stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)

The Court should presume the fairness of arms-length settlements reached by

experienced counsel. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). "That the agreement was entered following litigation and negotiations facilitated by such counsel provides further support for approval." *Chan v. Sutter Health Sacramento Sierra Region*, No. LACV1502004JAKAGRX, 2017 WL 819903, at *5 (C.D. Cal. Feb. 14, 2017). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

### A. The Agreement Provides the Class with Substantial Benefits and Avoids the Risk and Expense of Further Litigation.

As set forth above, and as the Settlement Agreement itself demonstrates on its face, the Settlement provides numerous significant benefits to *Ms. L.* Settlement Class members. The Settlement would afford *Ms. L.* Settlement Class members a range of remedies, all designed to reunify separated families in the United States, as well as employment authorization, housing, and medical benefits. *See, e.g.*, Dkts. 597, 631. The Settlement also provides certain facilitation of *Ms. L.* Settlement Class members' asylum claims, to ensure that Defendants account for separation in the evaluation of their legal claims.

The Settlement Agreement also establishes detailed procedures governing the separation and reunification of families apprehended at the border. Section V has substantive standards, *see, e.g.*, V.C., V.K.3.d, and procedural protections including requirements for informing the parent of the reason for separation, with facts specific to the separated individual to explain the separation, V.K.1.b.i, provisions for promptly sharing the fact a child was separated with Legal Service providers for the child's shelter, V.K.2.c., and to quickly put the child and parent in regular contact, V.K.4.a.vii. Defendants also agree to ongoing reporting about any separations for three years after the Settlement's approval. The Settlement also will avoid significant and needless

expense. The parties have vigorously litigated this matter since early 2018, including multiple rounds of enforcement proceedings, various expansions of the class definition, and numerous appearances before this Court at status conferences to discuss the parties' efforts to identify separated families and facilitate their reunification. The parties believe that further litigation in this case is unwarranted, especially given that the government has established the Family Reunification Task Force to reunify separated families.

Finally, the parties agree that the Class would not benefit from any further delay. The parties have proposed a notice plan to ensure that *Ms. L.* Settlement Class members are informed of their rights under this Settlement, which will build on the wide-ranging outreach and notice efforts that the parties have already engaged in with respect to the existing class. Plaintiffs' counsel is already in regular contact with numerous nonprofit organizations, advocacy groups, and lawyers representing separated families, which will significantly reduce the burden and time of providing notice in this case.[2]

### B.      The Agreement Is the Product of Extended Arms-Length Negotiations Between Well-Informed and Experienced Counsel.

The Settlement is the product of extensive negotiation between Counsel for both parties. Prior to those negotiations, the parties vigorously contested this case for several years, litigating a motion for a preliminary injunction, multiple rounds of enforcement proceedings, and various disputes concerning the scope of the Class. The Parties have also negotiated over and engaged in wide-ranging efforts to find and reunify separated families.

The parties negotiated the Agreement over the course of two-and-a-half years since the spring of 2021, including countless settlement conferences and informal meetings between the parties, and involving numerous stakeholders inside and outside

---

[2] The proposed Settlement provides for separate negotiation and resolution of Plaintiffs' attorneys' fees, which the parties hope to resolve via settlement.

the government.  The parties' substantial litigation and negotiations over these issues further supports preliminary approval of the Agreement.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims").

Counsel for both parties also have deep experience with similar actions, which further supports preliminary approval.  Plaintiffs' counsel has substantial experience with complex immigration litigation, class actions, and civil rights actions, and has unique expertise in litigation on behalf of this Class in particular.  And of course, Defendants' lawyers are tasked specifically with defending lawsuits raising constitutional and statutory claims related to noncitizens in government custody.  *See* 28 C.F.R. § 0.45(k).  The parties agree that the proposed Settlement is fair, just, and reasonable, and the opinion of the parties' experienced counsel "should be afforded substantial consideration" in reviewing this Agreement.  *Chan*, 2017 WL 819903, at *5.

For all these reasons, the Court should grant preliminary approval of this Settlement.

**II.     The Court Should Grant Certification of the Settlement Class.**

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).  Rule 23 gives courts "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *United Steel v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir.2010) (internal quotation marks omitted).  "In considering the appropriateness of [modification or] decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met." *Ms. L. v. ICE*, 330 F.R.D. 284, 287 (S.D. Cal. 2019) (citations and quotation marks omitted).

**A.     Numerosity.**

As this Court has already recognized, and as extensive evidence in this case and other investigations has shown, thousands of families were separated under practices that this Court has found unlawful, and the proposed settlement would expand both the time period and covered individuals in the class. *See, e.g.*, *Ms. L.*, 331 F.R.D. at 536. Numerosity is satisfied here because this Court has previously found the existing Class sufficiently numerous, and the proposed *Ms. L.* Settlement Class will be even larger.

### B. Commonality.

To satisfy commonality, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff "need not show . . . that every question in the case, or even a preponderance of questions, is capable of class wide resolution." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (quotation marks omitted). One shared legal issue can be sufficient. *See, e.g.*, *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) ("Commonality does not require that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single significant question of law or fact.'") (citation and quotation marks omitted); *Walters*, 145 F.3d at 1046 ("What makes the plaintiffs' claims suitable for a class action is the common allegation that the INS's procedures provide insufficient notice.").

Even "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (quotation marks omitted); *see also Walters*, 145 F.3d at 1046 ("Differences among the class members with respect to the merits of their actual document fraud cases, however, are simply insufficient to defeat the propriety of class certification."). The commonality standard is even more liberal in a civil rights suit like this one, in which "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).

This Court has already expanded the *Ms. L.* Class after finding that the expansion

satisfied Rule 23's commonality requirements. *See* 330 F.R.D. at 289; Dkt. 684. Likewise, this Court should find that the proposed *Ms. L.* Settlement Class satisfies commonality, notwithstanding any minor variations in the Class Members' individual factual circumstances. *See, e.g.*, *Inland Empire-Immigrant Youth Collective v. Nielsen*, No. EDCV172048PSGSHKX, 2018 WL 1061408, at *9 (C.D. Cal. Feb. 26, 2018) (rejecting contention that differences in class of DACA recipients precluded class certification, despite "[w]hatever factual dissimilarities that may exist among the proposed class members"); *Lyon v. United States Immigr. & Customs Enf't*, 300 F.R.D. 628, 642 (N.D. Cal. 2014) ("The fact that the precise practices among the three facilities may vary does not negate the application of a constitutional floor equally applicable to all facilities.").

### C. Typicality.

For the same reasons, the modified Class also satisfies typicality. Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The purpose of this requirement is to "assure that the interest of the named representative aligns with the interests of the class" as a whole. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of the absent class members." *Parsons*, 754 F.3d at 685 (quoting *Hanlon*, 150 F.3d at 1020). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (citation omitted).

Plaintiffs' claims are typical of the claims of the proposed *Ms. L.* Settlement Class. Each parent or child in the proposed *Ms. L.* Settlement Class was separated by federal officials and alleges the same government practices, affecting the same constitutional and statutory rights. As the Ninth Circuit has explained, "[i]t does not

matter that the named plaintiffs may have in the past suffered varying injuries or that they may currently have different health care needs; Rule 23(a)(3) requires only that their claims be 'typical' of the class, not that they be identically positioned to each other or to every class member." *Parsons*, 754 F.3d at 686.

With respect to separated families, this Court has observed, "[b]y definition, each member of the proposed class will have been subject to this same practice." *Ms. L.*, 331 F.R.D. at 539. The same is true of the proposed *Ms. L.* Settlement Class. Therefore, typicality is satisfied here.

### D. Adequacy.

The adequacy inquiry focuses on whether the named Plaintiffs and Class Counsel would protect the interests of absent Class members, and "a sharing of interests between representatives and absentees." *Walters*, 145 F.3d at 1046. Where there is such a sharing of interests, any purported differences between the existing Class representatives and members of the Class "have no bearing on the class representatives' abilities to pursue the class claims vigorously and represent the interests of the absentee class members." *Id*.

The named Plaintiffs and the proposed Class members all allege family separation by federal officials, and assert the same legal claims that they were unlawfully separated under the Constitution and other laws. Moreover, this Court has already twice found that any minor factual variations among the Class do not undermine class certification. *See Ms. L.*, 330 F.R.D. at 290. The same considerations support a finding of adequacy here. *See also* Dkt. 684. Similarly, Class Counsel in this case has spent over six years overseeing both heavy litigation as well as extensive and complex settlement negotiations in this case. And for over two years, Class Counsel has led extensive, arms-length negotiations with Defendants to reach a global resolution of this matter. Thus, there is good reason to conclude that Class Counsel will continue to vigorously pursue the interests of the Class.

### E. Rule 23(b)(2).

Again, this Court has already found that the existing Class satisfies Rule 23(b)(2), for reasons that apply just as much to the proposed *Ms. L.* Settlement Class. *See Ms. L.*, 330 F.R.D. at 291; *Ms. L.*, 331 F.R.D. at 541. As the Ninth Circuit has repeatedly emphasized, "the primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions," as is the case here. *Parsons*, 754 F.3d at 686-87.

As is common in other civil rights actions, the substantive settlement terms will eventually provide remedies "generally applicable to the class as a whole." *Id.* at 688.

Thus, the proposed *Ms. L.* Settlement Class members here "seek uniform injunctive or declaratory relief from policies or practices generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688 (quoting Fed. R. Civ. P. 23(b)(2)). Such an inquiry "does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries." *Id.*

## III. The Court Should Approve the Parties' Notice Plan.

Under Federal Rule of Civil Procedure 23(e)(1), the Court should "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard." *Churchill Vill.*, 361 F.3d at 575. The Notice Plan here easily fulfills these requirements.

Among other things, the Class Notice will be distributed by posting on the websites of Defendants and the ACLU; distribution via a broad network of nonprofit organizations and advocacy groups who work with numerous clients or members who have experienced family separation; and distribution to Plaintiffs' extensive list of lawyers who represent separated families.

The Notice will include summary information regarding the various provisions of the Settlement Agreement, as well as links to websites containing the full Agreement terms. "Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) ("when individual notice by mail is 'not possible, courts may use alternative means such as notice through third parties.'" (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)).

Upon final approval of the Settlement Agreement, the parties will work to ensure that the *Ms. L.* Settlement Class members receive notice of their rights, including via a third-party-managed outreach campaign to contact *Ms. L.* Settlement Class members both in the United States and abroad, *see* Settlement Agreement, Section VI.A.2.c.iv.

## CONCLUSION

For all these reasons, the Court should grant the Parties' joint motion to preliminarily approve the settlement and certify the *Ms. L.* Settlement Class.

DATED: October 16, 2023        Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel A. Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
lgelernt@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org

*dgalindo@aclu.org*
Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B/ Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-4824 (phone)
(202) 305-7000 (facsimile)
Email: Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt, Esq.