# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> U.S Immigration and Customs Enforcement ("ICE"); et al., <br><br> Respondents-Defendants. | Case No.: 18cv0428 DMS (AHG) <br><br> **ORDER RE: STATUS CONFERENCE** |

This case is scheduled for status conference on October 20, 2023.  In anticipation of the conference and discussion of the parties' Joint Motion for Preliminary Approval of Class Action Settlement, and to Certify Settlement Class, the Court requests that counsel be prepared to address the following questions:

1.      In the Joint Motion, the parties request that the Court certify a Settlement Class, but it is unclear how that Class is defined.  Is the Settlement Class defined in Section II of the Settlement Agreement?  If not, how is that Class defined?

2.      In the Joint Motion, the parties also request to withdraw Ms. L. as a named Plaintiff, which leaves Ms. C. as the only representative of the Settlement Class.  How does this proposed change affect the Court's analysis of whether the Settlement Class should be certified?

3. Turning to the Settlement Agreement, does the procedure for determining membership in the Settlement Class affect the class certification analysis? (*See* Settlement Agreement at 7-9.)

4. The Settlement Agreement states "CBP has final authority to grant parole at the port of entry." (*Id.* at 15.) It also states "The Immigration Court (or, in some instances, the BIA) has sole discretion whether to grant or deny [certain motions in immigration proceedings]." (*Id.* at 21.) How do these provisions factor into the fairness and reasonableness of the Settlement?

5. Does the immigration relief provided for in the Settlement Agreement apply to *M.M.M.* class members?

6. The Settlement Agreement provides for a "one pager explanation for CBP to provide to the separated parent or Legal Guardian and separated child at the time of separation." (*Id.* at 29.) How will this provision be implemented in the case of infants and toddlers?

7. The Settlement Agreement requires the USMS and ORR to "enter into a Memorandum of Understanding (MOU) to establish an internal tracking system and procedures between the agencies to facilitate communication and reunification between a separated parent or Legal Guardian in USMS custody and their child(ren) who are in ORR custody." (*Id.* at 33.) Are similar MOUs in place between ORR and ICE? ORR and CBP? ORR and DHS?

8. The Settlement Agreement sets out certain procedures following initial separation of families. (*See id.* at 32-37.) For families separated due to the parent's transfer to criminal custody of for other reasons, how is reunification effected if the child is released from ORR custody? (*Compare* Settlement Agreement § V.K.3.e.ii, V.K.3.g (no discussion of children released from ORR custody) *with* § V.K.3.f (discussing reunification of children released from ORR custody)).

9. What is the parties' proposed deadline for filing objections to the Settlement and any responses thereto?

10. Must the Notice of Settlement include some information about the attorneys' fee provision, including the amount of the fee request, so interested parties may object?

Dated: October 19, 2023

                                               Hon. Dana M. Sabraw, Chief Judge
                                               United States District Court