BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
(SBN 166022)
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

*Attorneys for Federal Defendants*

Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>    *Petitioners-Plaintiffs*,<br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>    *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br>Date Filed: October 16, 2023<br><br>**PARTIES' SUPPLEMENTAL STATEMENT RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND TO CERTIFY SETTLEMENT CLASS** |

The parties submit this statement with supplemental authority concerning Question 10 in this Court's order of October 19, 2023, which asked: "Must the Notice of Settlement include some information about the attorneys' fee provision, including the amount of the fee request, so interested parties may object?" Dkt. 714.

In light of the Court's inquiry, the parties have revised the Notice (attached as Exhibit A) to include the following language:

> The Settlement also provides that Defendants will pay Class Counsel reasonable attorneys' fees, which they will negotiate after this Settlement is approved. The amount of the fee award will be submitted to the Court for approval, and the Court will provide later notice to the Class of the amount and an opportunity for any objections.
>
> This lawsuit does not address any requests for money damages a Class member may have against the government based on family separation, and leaves those requests to be addressed in other cases.

Although the Notice does not provide the amount of fees, the parties do not believe that is required at this juncture. Indeed, it is typical in large class actions of this nature for fees to be negotiated and submitted to the court at a later date.

Federal Rule of Civil Procedure 23(h) sets out the approval process for attorneys' fees in a class action case. The Ninth Circuit has held that "Rule 23(h) does not require that class counsel's fee motion be filed before the deadline for class members to object to, or opt out of, the substantive *settlement*." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597, 615 (9th Cir. 2018) (emphasis in original). "Rather, the rule demands that class members be able to 'object to *the motion*'—that is, the motion that class counsel must file to make a claim for fees under Rule 23. Fed. R. Civ. P. 23(h)(1)–(2)." *Id.* (emphasis in original). Accordingly, "approving a settlement before class counsel has filed a fee motion does not violate Rule 23(h)," and "[w]hat matters is that class members have a chance to object to the

1

fee motion when it is filed." *Id.*

Consistent with this holding, federal courts often preliminarily and finally approve a class settlement's substantive terms, while deferring the question of fees for a later date. *See, e.g.*, *Morgan v. United States Soccer Fed'n*, No. 219-cv-01717-RGK-AGR, 2023 WL 2558417, at *1 (C.D. Cal. Jan. 4, 2023) (noting that the court had overruled an objection based on bifurcation of substantive class settlement and fees, citing *In re Volkswagen*); *J.L. v. Cuccinelli*, No. 18-cv-04914-NC, 2019 WL 8810349, at *3 (N.D. Cal. Oct. 30, 2019) (granting preliminary approval of 23(b)(2) class settlement that "leaves open a process for Plaintiffs' counsel to seek fees and costs"); *Duling v. Gristede's Operating Corp.*, No. 06-cv-10197-LTS-HB, 2014 WL 2567442, at *1 (S.D.N.Y. June 6, 2014) (observing that court had "reserved the issue of Class Counsel's attorneys' fees and costs for a separate negotiation" after final approval); *In re Oil Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 126 (E.D. La. 2013) (granting final approval of class settlement's substantive terms, which provided that "Class Counsel will file a fee petition that class members will be free to contest under Rule 23(h)").

The parties acknowledge that the Court must approve any fee request (whether settled or litigated) under Rule 23(h), and that generally, class members should be given an opportunity to object to the request. However, the above case law makes clear that this Court can approve the substantive settlement terms now, and direct notice to the Class concerning fees at a later stage.

That approach is especially warranted here, where the parties engaged in extensive, arms-length negotiations; Plaintiffs' fees will not come out of a common fund or otherwise implicate the Class's entitlement, if any, to money damages in separate lawsuits; and the substantive settlement terms are fair, reasonable, and provide significant benefits to the Class. To ensure that Class Members will be aware that fees will be addressed by the parties and Court at a later stage, the parties have revised the

Class Notice to make that clear.

For these reasons, the parties respectfully request that the Court grant preliminary approval of the proposed Settlement Agreement, direct notice to the Class, and set a schedule for final approval.

DATED: October 23, 2023                  Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
Daniel A. Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*
Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B/ Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-4824 (phone)
(202) 305-7000 (facsimile)
Email: Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Sarah B. Fabian
SARAH B. FABIAN