| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>CHRISTOPHER P. TENORIO<br>Deputy Assistant Attorney General<br>(SBN 166022)<br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>FIZZA BATOOL<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br><br>*Attorneys for Federal Defendants* | Lee Gelernt*<br>Daniel A. Galindo (SBN 292854)<br>Anand Balakrishnan*<br>Judy Rabinovitz*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T:  (212) 549-2660<br>F:  (212) 549-2654<br>*lgelernt@aclu.org*<br>*jrabinovitz@aclu.org*<br>*abalakrishnan@aclu.org*<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>39 Drumm Street<br>San Francisco, CA 94111<br>T:  (415) 343-1198<br>F:  (415) 395-0950<br>*skang@aclu.org*<br>*samdur@aclu.org*<br><br>*Attorneys for Plaintiffs*<br>**Admitted Pro Hac Vice* |

```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
 9
10   Ms. L., et al.,                      Case No. 18-cv-00428-DMS-AHG
11
                    Petitioners-Plaintiffs,
12   v.
                                          Date Filed: December 1, 2023
13   U.S. Immigration and Customs Enforcement
     ("ICE"), et al.
14                                        **JOINT MOTION FOR FINAL
                                          APPROVAL OF CLASS ACTION
15                  Respondents-Defendants. SETTLEMENT, AND TO
                                          CERTIFY SETTLEMENT CLASS**
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# INTRODUCTION

The parties hereby jointly move under Federal Rule of Civil Procedure 23 for final approval of the class action settlement in this case, and to certify the proposed *Ms. L.* Settlement Class.  *See* Dkt. 711-1 ("Settlement Agreement").

As the parties previously described, the parties have agreed on the substantive terms of the relief that will be provided to *Ms. L.* Settlement Class members who were separated from their children.  In addition, the parties have agreed on extensive procedures and criteria to limit separations in the future, as well as processes and information-sharing systems.  The parties have also participated in discussions to clarify and modify the scope of the *Ms. L.* Settlement Class to include additional families and ensure that they are also provided relief.

The Settlement is limited to injunctive relief and does not address or waive any claims the Class members may have for money damages.

Since the date of this Court's order preliminarily approving the Settlement, the parties have provided notice to the Class according to their proposed notice plan, as well as in a variety of other ways.  No Class Member has objected to the Settlement.

As the parties explained during a brief status conference with the Court on Thursday, November 30, 2023, the parties have made a set of amendments to the Settlement Agreement since the Court granted preliminary approval.  The parties seek Court approval of the amended Settlement.  The amendments extend the deadlines for certain Ms. L. Settlement Class members to seek asylum from one year to two years, to ensure that such Ms. L. Settlement Class members will have the benefit of the legal assistance provided in the Settlement Agreement.  This amendment benefits Ms. L. Settlement Class members, and Defendants do not object to the amendment.  The parties have attached the amended Settlement Agreement to this Motion, and will post the amended Settlement Agreement on the parties' web pages.

Accordingly, the parties respectfully request that the Court grant final approval of the Settlement Agreement and the proposed *Ms. L.* Settlement Class.

## BACKGROUND

The history of this case is set forth in numerous orders and filings in this case, including in the briefs filed in connection with the parties' request for preliminary approval of the Settlement. *See* Dkt. 711, 715. The motion will therefore focus on updates that have taken place since the Court's preliminary approval order.

Since October 24, 2023 (the date of this Court's approval order), the parties have complied with the proposed notice plan and undertaken efforts that go beyond the plan's requirements. Among other things:

- The parties promptly posted the English and Spanish versions of the Class Notice on the websites of the ACLU, as well as those of Defendant agencies, in prominent and easily accessible locations;

- Plaintiffs have disseminated information concerning the Settlement Agreement to a confidential listserv of hundreds of nonprofit immigration legal services providers, pro bono lawyers, private immigration lawyers, and other advocates who represent Class Members and separated families;

- Plaintiffs have distributed information concerning the Settlement to nonprofit organizations that represent or work with separated families, some of whom work with hundreds of Class Members. A nonexhaustive list of the organizations Plaintiffs have contacted include the following: Al Otro Lado, Asylum Seeker Advocacy Project (ASAP), CLINIC, Immigrant Defenders Law Center, the Florence Immigrant and Refugee Rights Project, Justice in Motion, Kids in Need of Defense (KIND), Lowenstein Sandler LLP, National Immigrant Justice Center (NIJC), National Immigration Project of the National Lawyers Guild (NIPNLG),

RAICES, Texas Civil Rights Project, Together & Free, and the Young Center;

- Plaintiffs have circulated information concerning the Settlement Agreement, and the Class Notices, via multiple listservs that focus on working with migrant children and families;
- Plaintiffs have communicated with numerous individual lawyers and advocates who represent Class Members, to explain the Settlement's terms.

The proposed Settlement has also received extensive media coverage, which has further helped publicize its terms.

As of the date of this filing, Plaintiffs have received no objections to the Settlement. *See* Dkt. 719. Should Plaintiffs receive any mailed objections, they will provide them promptly to the Court.

In addition to this Motion, the parties anticipate filing additional joint motions in the next week to implement the Settlement's terms, including a motion for a revised protective order and a motion for appointment of the independent adjudicator who will resolve any disputes concerning *Ms. L.* Settlement Class membership. And as the parties previously explained, the parties will enter fee negotiations after the Settlement is finally approved and anticipate submitting a motion for attorneys' fees to this Court for approval at a later date.

## ARGUMENT

**I.   The Court Should Grant Final Approval of the Proposed Settlement.**

The Court should approve the Agreement. A court may approve a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court considers several factors, which include:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the . . . stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

The Court should presume the fairness of arms-length settlements reached by experienced counsel. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). "That the agreement was entered following litigation and negotiations facilitated by such counsel provides further support for approval." *Chan v. Sutter Health Sacramento Sierra Region*, No. LACV1502004JAKAGRX, 2017 WL 819903, at *5 (C.D. Cal. Feb. 14, 2017). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

**A. The Agreement Provides the Class with Substantial Benefits and Avoids the Risk and Expense of Further Litigation.**

As the parties have explained, the Settlement provides numerous significant benefits to *Ms. L.* Settlement Class members. The Settlement would afford Class members a range of remedies, all designed to reunify separated families in the United States, as well as employment authorization, housing, and medical benefits. The Settlement also provides facilitation of *Ms. L.* Settlement Class members' asylum claims, to ensure that Defendants account for separation in the evaluation of the Class's asylum claims. As the parties have explained, although the Settlement Agreement preserves discretion on the part of immigration judges and officers to render the Agreement compatible with certain statutory and regulatory provisions, the

parties expect that Defendants will not abuse that discretion. The Court will also maintain the ability to monitor good faith compliance with the Agreement.

The Settlement Agreement also establishes detailed procedures governing the separation and reunification of families apprehended at the border. Section V contains substantive standards, *see, e.g.*, V.B., V.K.3.d, and procedures requiring Defendants to inform the parent of the reason for and facts supporting separation, to share the fact that a child was separated with Legal Service providers for the child's shelter, and to quickly put the child and parent in regular contact. Defendants also agree to ongoing reporting about any separations for three years after the Settlement's approval.

The Settlement also will avoid significant and needless expense. The parties have vigorously litigated this case since early 2018, including multiple rounds of enforcement proceedings, various expansions and clarifications of the Class definition, and numerous status conferences to discuss the parties' efforts to identify separated families and facilitate their reunification. The parties believe that further litigation in this case is unwarranted, especially given that the government has established the Family Reunification Task Force. And in Plaintiffs' view, the Class would not benefit from any further delay and prompt resolution of this case would be greatly beneficial to the Class.

Upon final approval of the Settlement Agreement, the parties will ensure that the *Ms. L.* Settlement Class members receive notice of their rights, including via a third-party-managed outreach campaign to contact Class members both in the United States and abroad, *see* Settlement Agreement, Section VI.A.2.c.iv.

**B. The Agreement Is the Product of Extended Arms-Length Negotiations Between Well-Informed and Experienced Counsel.**

The Settlement is the product of extensive negotiation between counsel for both parties. Prior to those negotiations, the parties vigorously contested this case for several years, litigating a motion for a preliminary injunction, multiple rounds of

enforcement proceedings, and various disputes concerning the scope of the Class.  The Parties have also negotiated over and engaged in wide-ranging efforts to find and reunify separated families.

The parties negotiated the Agreement over the course of two-and-a-half years, including multiple settlement conferences and meetings between the parties.  The negotiations have involved numerous stakeholders inside and outside the government.  The parties' substantial litigation and negotiations over these issues further supports approval of the Agreement.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims").

Counsel for both parties also have deep experience with similar actions, which further supports preliminary approval.  Plaintiffs' counsel has substantial experience with complex immigration litigation, class actions, and civil rights actions, and has unique expertise in working with Class members in particular.  For their part, Defendants' lawyers are tasked specifically with defending lawsuits raising constitutional and statutory claims related to noncitizens in government custody.  *See* 28 C.F.R. § 0.45(k).  The parties agree that the proposed Settlement is fair, just, and reasonable, and the opinion of the parties' experienced counsel "should be afforded substantial consideration" in reviewing this Agreement.  *Chan*, 2017 WL 819903, at *5.

For all these reasons, the Court should grant approval of this Settlement.  Under Paragraph VII.A of the Settlement Agreement, the Settlement Agreement should be incorporated into the terms of the Court's Order approving the Settlement Agreement, which will constitute the final judgment of the Court with regard to this Action.  Plaintiffs' claims should be dismissed with prejudice, with the Court retaining jurisdiction for specified purposes subject to the terms of the Settlement Agreement,

including retaining jurisdiction to enforce the terms of the Settlement Agreement and review any future modifications to the Settlement Agreement that the parties might enter into upon mutual agreement.[1]

## II.   The Court Should Grant Certification of the Settlement Class.

As the parties have previously explained, the proposed Settlement Class meets all the requirements of Rule 23(a) and (b)(2).  Section II of the Agreement describes the "backward-looking" Settlement Class, which focuses on the families separated by the prior Administration.  Section III is procedural and describes the process to resolve disputes concerning membership in the "backward-looking" Class.  Finally, Section V.A describes the "forward-looking" Class, focusing on those families that Defendants may separate in the future.

The Settlement Class is so numerous that joinder is impracticable; there are common questions of law and fact; the Named Plaintiffs' claims are typical; the Named Plaintiffs can adequately protect the interest of the Settlement Class; and the Class is ascertainable.  Id. at 18-19 (citing Fed. R. Civ. P. 23(a)).  Additionally, the Settlement Class meets the requirements of Rule 23(b)(2): Defendants maintain generally applicable policies and practices such that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

---

[1] The Settlement Agreement provides for behavioral health services to be made available to *Ms. L.* Settlement Class members. Those services are currently available to existing class members pursuant to a May 19, 2023 Order from this Court, ECF No. 689. To ensure that class members currently receiving services have time to register as *Ms. L.* Settlement Class members under the terms of the Settlement Agreement and have no gap in their available behavioral health services, the parties stipulate that the Court's Order authorizing those services, ECF No. 689, should remain in effect for 90 days following the Court's final approval of the Settlement Agreement, notwithstanding that the final approval order will otherwise terminate this litigation.

# CONCLUSION

For all these reasons, the Court should grant the Parties' joint motion to finally approve the settlement and certify the *Ms. L.* Settlement Class. Under Paragraph VII.A of the Settlement Agreement, the Settlement Agreement should be incorporated into the terms of the Court's Order approving the Settlement Agreement, which will constitute the final judgment of the Court with regard to this Action. Plaintiffs' claims should be dismissed with prejudice, with the Court retaining jurisdiction for specified purposes subject to the terms of the Settlement Agreement, including retaining jurisdiction to enforce the Settlement Agreement and review any future modifications to the Settlement Agreement that the parties might enter into upon mutual agreement.

DATED: December 1, 2023          Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198

F:  (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B/ Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-4824 (phone)
(202) 305-7000 (facsimile)
Email: Sarah.B.Fabian@usdoj.gov

*Attorneys for Respondents-Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

                                               /s/ *Sarah B. Fabian*
                                               Sarah B. Fabian