BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
(SBN 166022)
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
U.S. Department of Justice
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

*Attorneys for Federal Defendants*

Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

| | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |
| | 16 |
| | 17 |
| | 18 |
| | 19 |
| | 20 |
| | 21 |
| | 22 |
| | 23 |
| | 24 |
| | 25 |
| | 26 |
| | 27 |
| | 28 |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

Ms. L, et al.,

              Plaintiff,

v.

U.S. Immigration and Customs Enforcement, et al.,

              Defendant.

Case No. 3:18-cv-428-DMS (AHG)

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND CERTIFYING THE SETTLEMENT CLASSES**

Upon consideration of the Parties' Joint Motion for Approval of Proposed Settlement and Certification of Settlement Class, as well as any argument by the parties at the fairness hearing held on December 8, 2023, at 1:00 PM in Courtroom 13A, 13th Floor, Suite 1310, 333 West Broadway, San Diego, CA 92101,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED,** the Settlement Agreement is **APPROVED**, the *Ms. L.* Settlement Class is **CERTIFIED** and Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**, subject to the terms of the Settlement Agreement and with retention of jurisdiction as set forth in this Order.

2. The Court finds that the Settlement Agreement is a compromise reached by the parties as a result of arms-length negotiations. The Settlement Agreement benefits the *Ms. L.* Settlement Class and was not the result of collusion between the parties. The *Ms. L.* Settlement Class has received notice of the terms of the Settlement Agreement that complied with the requirements of Federal Rule of Civil Procedure 23(e)(1), and no *Ms. L.* Settlement Class member has objected to the Settlement Agreement.

3. The Court therefore finds that approval is appropriate and hereby grants approval of the Settlement Agreement, as amended. Pursuant to Paragraph VII.A of the Settlement Agreement, the Settlement Agreement is hereby incorporated into the terms of this Order. This Order constitutes the final judgment of the Court with regard to this Action, and Plaintiffs' claims are hereby dismissed with prejudice, except that the Court retains jurisdiction for specified purposes subject to the terms of the Settlement Agreement, including retaining jurisdiction to enforce the Settlement Agreement's terms and to review any future modifications to the Settlement Agreement that the parties might enter into upon mutual agreement.

4. Notwithstanding the terms of Paragraph 3, the Court's May 19, 2023 Order, ECF No. 689, shall remain in place for 90 days following issuance of this Order.

5. This Order and all obligations of the parties under the Settlement Agreement will terminate on the Termination Date of the Settlement Agreement, except that:

    a. Defendants' obligations under Section V (Future Separations) will terminate on the Termination Date – Future Separations; and

    b. Defendants will continue to provide Behavioral Health Services as described in Section IV.B.2.a. above for one year following the Termination Date.

6. From the Effective Date until the Termination Date, the Court will retain jurisdiction over the Action only for the purpose of enforcing the terms of the Settlement Agreement, except that the Court shall retain jurisdiction over Section V (Future Separations) until the "Termination Date – Future Separations," and shall retain jurisdiction to resolve disputes regarding the provision of Behavioral Health Services as described in Section IV.B.2.a. for one year following the Termination Date; and shall retain jurisdiction to resolve disputes concerning any applications for relief filed pursuant to this Settlement Agreement that remain pending as of the Termination Date.

7. For purposes of the Settlement Agreement, the Court further finds that the requirements for a class action are met, and hereby defines the *Ms. L.* Settlement Class set forth in the parties' Settlement Agreement. Specifically:

   a. The Court finds that certification is warranted under the requirements of Federal Rule of Civil Procedure 23(a) because: (1) the members of the proposed *Ms. L.* Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the proposed *Ms. L.* Settlement Class; (3) the claims of the named Plaintiffs are typical of the claims of the *Ms. L.* Settlement Class members; and (4) the proposed Class Counsel will fairly and adequately represent the interests of the *Ms. L.* Settlement Class members.

   b. The Court also finds that certification of the *Ms. L.* Settlement Class is warranted under the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act on grounds that apply generally to the proposed *Ms. L.* Settlement Class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the *Ms. L.* Settlement Class as a whole.

8. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby confirms the appointment of the ACLU Immigrants' Rights Project as counsel for the *Ms. L.* Settlement Class.

**IT IS SO ORDERED**.

Dated: December 11, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court