Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
skang@aclu.org
samdur@aclu.org

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*
*Counsel for* Dora *Plaintiffs on signature page*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>        *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>        *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: September 24, 2024<br><br>**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS** |

51552865.2

# NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move the Court for preliminary approval of a settlement resolving Plaintiffs' claims for attorneys' fees under the Equal Access to Justice Act ("EAJA") and any other applicable sources of law. This motion is made pursuant to 28 U.S.C. §§ 2412(a)(1), (b), and (d)(1)(A) and Federal Rules of Civil Procedure 23 and 54(d).

Plaintiffs respectfully request that the Court award attorneys' fees[1] as follows:

- For the Ms. L. Plaintiffs, a total award of $6,109,934.14, with $4,000,000 to go to the ACLU and $2,109,934.14 to go to the Steering Committee organizations;
- For the Dora Plaintiffs, a total award of $301,729.93.

This Motion is based on this Notice of Motion, the attached brief, the concurrently filed declarations, and all other pleadings and papers on file in this action and such other argument or evidence that the Court may consider. Defendants have stated that they do not oppose Plaintiffs' motion for attorneys' fees.

## INTRODUCTION

Plaintiffs respectfully seek approval of their settlement with Defendants concerning fees and costs. This Motion addresses the fees and expenses award for both the *Ms. L.* Plaintiffs, including the Steering Committee, as well as the *Dora* Plaintiffs, whose case was filed separately but later incorporated into this case.

Defendants have agreed to pay, and Plaintiffs have agreed to accept, subject to the Court's approval, the following amounts in satisfaction of Plaintiffs' claims for

---

[1] Plaintiffs understand that absent an applicable exception, the fee award here is subject to being offset by debts owed by named Plaintiffs to any state or federal agency. Plaintiffs are aware of at least one debt owed by a class representative and understand that the fee award will be offset by the amount of that debt before the fee award is paid to class counsel.

costs, attorneys' fees, and litigation expenses:

- For the Ms. L. Plaintiffs, a total award of $6,109,934.14, with $4,000,000 to go to the ACLU and $2,109,934.14 to go to the Steering Committee organizations;
- For the Dora Plaintiffs, a total award of $301,729.93.

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for the Court's approval of this settlement regarding fees and costs (the "Fees Settlement Agreement"). *See* Exhibit A.

## BACKGROUND

The history of this case is set forth in numerous orders and filings in this case, including in the briefs filed in connection with the parties' request for preliminary and final approval of the *Ms. L.* Settlement Agreement, which this Motion will hereinafter refer to as "the Merits Settlement." *See, e.g.*, Dkt. 711, 715, 716, 721. This description will focus on updates concerning the parties' fees negotiations.

The Merits Settlement provides that Defendants will pay Plaintiffs "reasonable fees and other expenses . . . in accordance with the Equal Justice to Access Act." Merits Settlement, Section VIII. Defendants "reserve[d] their right to raise defenses related to the reasonableness" of fees and expenses, "but otherwise waive[d] their available defenses" under EAJA.

This Court also enlisted the aid of Magistrate Judge Goddard in facilitating the parties' settlement discussions. On March 13, 2024, Judge Goddard held a status conference concerning the parties' negotiations, and issued various deadlines for the parties to engage in and complete their negotiations. *See, e.g.,* Dkt. 740.

The *Ms. L* Plaintiffs served their fee demand on Defendants on April 10, 2024, after receiving extensions from this Court. *See* Dkt. 735. On April 29, 2024, the ACLU and Steering Committee provided their billing and costs records and reports. *See* Dkt. 742. Thereafter, the parties engaged in negotiations concerning Plaintiffs' fee

demand, and reached agreement in principle on July 1, 2024.

In February 2024, the *Dora* Plaintiffs submitted a fee proposal to Defendants based on the documented hours worked, after review for billing judgment. The *Dora* Plaintiffs also provided detailed records for Defendants' review. After negotiations, the *Dora* Plaintiffs and Defendants reached agreement in principle on June 6, 2024.

The parties are now filing this Motion, after receiving extensions to finalize the Agreement. *See* Dkts. 747, 749.

## ARGUMENT

### I. The Court Should Grant Preliminary Approval of the Proposed Settlement for Attorneys' Fees and Costs.

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Because the parties have agreed to an attorneys' fee and costs award, the Court's task is to determine whether the agreed-upon amount is reasonable, using the fees potentially awardable under the relevant fee-shifting statute or statutes as a benchmark. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). The *Ms. L* and *Dora* Plaintiffs are eligible for attorneys' fees and expenses pursuant to the EAJA as a prevailing party.  28 U.S.C. § 2412.

**A. The Ms. L Plaintiffs and Steering Committee**

The *Ms. L.* Plaintiffs seek a total award of $6,109,934.14, with $4,000,000 for the ACLU and $2,109,934.14 for the Steering Committee organizations.

**1. Plaintiffs' Requested Fee Award is Reasonable.**

Here, the agreed upon amounts in fees and expenses is reasonable when compared to a lodestar. "The lodestar method is most appropriate where the relief sought is primarily injunctive in nature, and a fee-shifting statute authorizes the award

of fees to ensure compensation for counsel undertaking socially beneficial litigation." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 924 (9th Cir. 2014), *vacated on other grounds*, 772 F.3d 608 (9th Cir. 2014) (citation and quotation marks omitted). A lodestar figure is "presumptively reasonable." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (citation omitted). Under the Supreme Court's decision in *Hensley v. Eckerhart*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983). The district court may adjust that amount based on other factors, "including the important factor of the results obtained." *Id.* at 434 (quotation marks omitted).

Here, the settlement amount is a fraction of the fees and costs actually incurred, which, under conservative calculations, Plaintiffs and the Steering Committee estimate to be approximately $8.7 million. The Ms. L Plaintiffs and Steering Committee have agreed to accept less than 70% of this lodestar as part of Settlement.

This figure is reasonable in light of the complexity of this litigation, the novelty of the issues presented, the results obtained, and the skill and experience of the attorneys. As the Court knows, this litigation was unusually intense, as it involved one of the prior Administration's most controversial immigration policies, which dominated national news for lengthy periods of time. Starting from the case's filing in February 2018, the parties engaged in fast-paced and complex litigation concerning Ms. L's individual request for relief, *see, e.g.*, Dkt. 21, Plaintiffs' motions for classwide preliminary injunction, and Defendants' motion to dismiss. *See, e.g.*, Dkts. 35, 48, 56, 78, 81. *See* Declaration of Stephen B. Kang ("Kang Decl."), ¶5.

After this Court issued a classwide preliminary injunction in late June 2018, the parties began intense litigation concerning the enforcement of the injunction. The Court held multiple status conferences and hearings for months, accompanied by numerous status reports. These reports addressed a broad spectrum of issues,

including the identification and reunification of separated parents, identifying and tracking Class Members' locations, and the procedures governing the release of children to Class Members. *See, e.g.*, Dkts. 98, 99, 104, 146, 171, 189.

This pace continued through 2018 and much of 2019. Among other things, Plaintiffs filed an emergency classwide motion for a temporary restraining order enjoining the removal of Class Members, *see, e.g.*, Dkt. 116, litigated issues concerning excluded class members, see, e.g., Dkt. 221, and conferred numerous times concerning identification and outreach to the Class. Plaintiffs also moved to expand the Class to include parents separated during earlier phases of the prior Administration, which resulted in intensive efforts to identify expanded Class members. *See, e.g.*, Dkts. 344, 386, 397. The parties also engaged in motion practice concerning, inter alia, returning parents who were unlawfully deported to the United States, *e.g.*, Dkt. 418, and exclusions from the Class based on criminal history, parentage, and other reasons, e.g., Dkt. 439.

Concurrently, in August 2018 Plaintiffs formed (with the Court's endorsement) the Steering Committee, comprised of the law firm of Paul Weiss Rifkind Garrison LLP, Justice in Motion, Kids in Need of Defense, and the Women's Refugee Commission. *See* Dkt. 175 at 2; Dkt. 181 at 7-8; Kang Decl., ¶¶7-10. The Steering Committee began identifying, locating, and reaching out to Class Members to inform them of, and help them exercise, their reunification rights. This work was extraordinarily difficult, as numerous Class Members were deported to various countries with no effort to reunify them with their families or maintain accurate information. The Steering Committee sent human rights defenders to numerous and remote locations in Central America and other countries to find separated family members; reviewed voluminous and complex government records to find usable contact information; employed investigation tools to locate parents; and counseled family members. These efforts continued from August 2018 through December 2023,

when the Court granted final approval of the Merits Settlement.

Starting in early 2021, the parties engaged in complex settlement negotiations for almost three years, which involved numerous government agencies and stakeholder organizations, and addressed many contested issues and difficult areas of law. *See* Dkt. 579. Those negotiations resulted in a comprehensive Merits Settlement that provided a diverse array of significant benefits to the Class. In 2021, Defendants also established the Family Reunification Task Force, *see* Dkt. 573, which began efforts to reunify separated class members in the United States pursuant to humanitarian parole processes. The implementation of that process became part of the parties' settlement negotiations in this case, and Plaintiffs and the Steering Committee played key roles in ensuring the effectiveness of these parole processes.

The ACLU's attorneys are all entitled to enhanced rates under EAJA. Because ACLU IRP's lawyers have unique expertise in handling complex federal litigation involving immigration issues, particularly involving children and families, they are entitled to enhanced rates under EAJA. *See Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009); Kang Decl., ¶¶11-50.

Finally, the amount of the Ms. L Plaintiffs' lodestar excluded multiple areas of work. For example, Plaintiffs did not request fees for work contributed by certain junior attorneys and paralegals at various points. For its part, the Steering Committee is not seeking enhanced rates, and is not seeking compensation for periods of time in 2021-22 when they conducted outreach efforts pursuant to certain government contracts. Kang Decl., ¶¶6, 10.

**2. Plaintiff's Costs Are Reasonable**

Nontaxable costs may also be awarded to class counsel under Rule 23(h). *See* Fed. R. Civ. P. 23(h). Plaintiffs' demand included a total of $957,909.65, which includes both the ACLU and the Steering Committee's costs. That amount is fair and reasonable. The large majority of this figure was spent on outreach and identifying

Class Members, such as funding human rights defenders and other searches in Central America to look for hundreds of families (often in remote locations), transportation and travel costs for defenders and families, and interpretation and translation services. The remaining costs were comprised of routine litigation expenditures, such as court fees and travel expenses for the numerous court appearances in this case, particularly during the litigation-heavy 2018-19 period. Kang Decl., ¶3. Like the fees discussed above, this amount only includes costs spent through December 11, 2023.

### 3. The Fees Agreement Is the Product of Extended Arms-Length Negotiations Between Well-Informed and Experienced Counsel.

The Settlement is the product of extensive negotiation between counsel for both parties. The parties exchanged of offers and counteroffers over a period of months, and also appeared at a status conference before Magistrate Judge Goddard. Further, the award of fees and costs will not affect the relief the Merits Settlement affords an individual class member.

Counsel for the parties also have deep experience with similar actions, which further supports preliminary approval of the Fees Settlement. *Ms. L* Plaintiffs' counsel has substantial experience with complex immigration litigation and class/civil rights actions, and has unique expertise in working with this Class in particular. Defendants' lawyers are tasked specifically with defending lawsuits raising constitutional and statutory claims related to noncitizens in government custody. *See* 28 C.F.R. § 0.45(k). The opinion of the parties' experienced counsel regarding the Fees Settlement's fairness "provides further support for approval" of this Agreement. *Chan v. Sutter Health Sacramento*, LA CV15-02004 JAK (AGRx), 2017 WL 819903, at *5 (C.D. Cal. Feb. 14, 2017).

Moreover, the Ninth Circuit has "made clear that 'since the proper amount of fees is often open to dispute and the parties are compromising precisely to avoid litigation, the court need not inquire into the reasonableness of the fees at even the

51552865.2

high end with precisely the same level of scrutiny as when the fee amount is litigated.'" *Laguna*, 753 F.3d at 922 (citation and quotation omitted).

### B. The *Dora* Plaintiffs.

For the reasons set forth below, the *Dora* Plaintiffs request and are entitled under the EAJA to reasonable attorneys' fees and expenses for a total of $301,729.93.

### 1. The *Dora* Plaintiffs' Requested Award is Reasonable.

The requested attorney fees of $299,032.02 are reasonable. "[R]easonable attorney fees" are available to eligible parties under the EAJA. 28 U.S.C. § 2412(d)(2)(A). Fee-shifting statutes like the EAJA compensate for time that is "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433. The attached Declaration supports the total amount of reasonable time counsel spent working on the case at the applicable rates. *See* Declaration of Wilson G. Barmeyer. The fee request includes work performed from the initiation of the *Dora* litigation in 2018 through the global *Ms. L* settlement in late 2023.

Although *Dora* counsel were representing a number of families in administrative proceedings before August 2018, which led directly to the *Dora* litigation, *Dora* counsel are not requesting EAJA fees for that work and are instead seeking fees beginning with work performed in connection with filing the litigation in 2018. *Dora* counsel's request includes fees for litigating the case through class action settlement in 2018, the subsequent filing of an amended complaint in the Ms. L case (adding *Dora* claims as part of *Ms. L*), the process for seeking approval of the 2018 class action settlement, and time worked on implementation of the Dora settlement, which included motion practice to enforce the settlement.

For rates, *Dora* counsel is requesting fees under the EAJA statutory rates pursuant to 28 U.S.C. § 2412 (d)(2)(A), calculated according to the formula set out in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), which makes the fee request much lower than a lodestar rate. An award of attorneys' fees is typically

determined by the lodestar method, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). This may be adjusted based upon other factors, including the "results obtained." *See Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar amount represents a reasonable fee. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). *Dora* counsel is limiting its request to the EAJA rates of approximately $200/hour notwithstanding the complexity of the work performed in this case. Using the EAJA rates results in a very substantial reduction from the fees that could be sought under any other rate scale. Given the significant and complex legal and factual issues and the number of parties and class members, with litigation spanning five years and multiple jurisdiction, and the results obtained in the litigation, the attorney's fees and expenses requested in this settlement are reasonable as compared to the potential lodestar. The request of $299,032.02 in fees is less than 1/3 of the lodestar, if the fee request were based on market rates.

*Dora* counsel have also exercised billing judgment to review the time entries and remove hours that counsel believed were unsupported, i.e., under the EAJA counsel should exclude hours that are "excessive, redundant, or otherwise unnecessary," or were occurrences of block billing and vague time entries. *Hensley*, 461 U.S. at 434. *Dora* counsel exercised billing judgment at several stages, including through a review and reduction of certain time entries and by agreeing to further such reductions in discussions with Defendants. Accordingly, the request for attorney's fees from 2018–2023 for 1627.5 hours at $299,032.02 is reasonable.

*Dora* plaintiffs also incurred reasonable expenses in the amount of $2,697.91 and are entitled to these expenses under the EAJA. The expenses cover filing fees, travel to a court hearing, and costs of printing for communications to class members.

## II. The Court Should Approve the Parties' Proposed Notice Plan and Set a Hearing for Final Approval of the Fees Settlement.

Under Rule 23(e)(1), the Court should "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard." *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citation and quotation marks omitted).

The Notice Plan here easily fulfills these requirements. The Fees Notice (attached here as Exhibit B) will be distributed by posting on the websites of Defendants and the ACLU within ten days of the Court's preliminary approval order; distribution via a broad network of nonprofit organizations and advocacy groups who each work with dozens (if not hundreds) of Class Members; and distribution to Plaintiffs' extensive list of lawyers who represent Class Members. The Fees Notice will be translated to and distributed in Spanish, as well as English.

The Fees Notice will include summary information regarding the Fees Agreement, as well as links to websites containing the Fee Agreement's full terms. "Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017).

The parties also propose that the Court set the following deadlines for approval of the Fees Agreement:

- Deadline for objections/responses to Fees Agreement: 30 days after Court grants preliminary approval
- Deadline for the parties to submit any replies in support of approval of the Fees Agreement and for parties to file motion for final approval: 35 days after Court grants preliminary approval
- Hearing on final approval of Fees Agreement: Earliest practicable date after briefing is complete

# CONCLUSION

For these reasons, the Court should grant this motion.

DATED: September 24, 2024    Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

/s/ Stephen B. Kang
Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Wilson G. Barmeyer
Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700

11

18cv00428

51552865.2

|     |     |
| --- | --- |
| 1   | Washington, DC 20001 |
|     | (202) 383-0100 |
| 2   | (202) 637-3593 (facsimile) |
| 3   | wilsonbarmeyer@eversheds-sutherland.com |
|     | carolmcclarnon@eversheds-sutherland.com |
| 4   | johnfleming@eversheds-sutherland.com |
| 5   |     |
| 6   | Sirine Shebaya* |
|     | National Immigration Project |
| 7   | 1200 18th Street NW Suite 700 |
|     | Washington, DC 20036 |
| 8   | (202) 656-4788 |
| 9   | sirine@nipnlg.org |
| 10  |     |
|     | *Attorneys for Dora Petitioners-Plaintiffs* |
| 11  | **Admitted Pro Hac Vice* |

12

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Stephen B. Kang
Stephen B. Kang, Esq.

51552865.2