# EXHIBIT A

# SETTLEMENT AGREEMENT OF PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES AND COSTS, AND RELEASE OF CLAIMS IN *MS. L V. U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.*, SOUTHERN DISTRICT OF CALIFORNIA NO. 3:18-cv-00428-DMS-AHG

This Settlement Agreement and Release ("Fees Settlement Agreement") is entered into by and between Plaintiff, Ms. C, a noncitizen parent in the above-captioned matter, on behalf of herself and all Class Members, and *Dora* Plaintiffs ("Plaintiffs"), and Defendants[1] Merrick Garland, Attorney General of the United States; U.S. Department of Homeland Security ("DHS"); U.S. Immigration and Customs Enforcement ("ICE"); U.S. Customs and Border Protection ("CBP"); U.S. Department of Health and Human Services ("HHS"); Office of Refugee Resettlement ("ORR"); Patrick J. Lechleitner, Deputy Director and Senior Official Performing the Duties of the Director of ICE; Alejandro Mayorkas, Secretary of Homeland Security; Troy A. Miller, Senior Official Performing the Duties of the Commissioner of CBP; Xavier Becerra, Secretary of the Department of Health and Human Services; Robin Dunn Marcos, Director of the Office of Refugee Resettlement (collectively, the "Parties"), by and through their attorneys, in which Defendants have agreed to pay, and Plaintiff has agreed to accept, subject to the Court's approval, six million four hundred eleven thousand six hundred and sixty-four dollars and seven cents ($6,411,664.07) in full and complete satisfaction of any claims by Plaintiff for costs, attorneys' fees, and litigation expenses in connection with this Motion. The settlement amount is divided as follows: $6,109,934.14 for the *Ms. L.* Plaintiffs (further subdivided as $4,000,000 for the American Civil Liberties Union Foundation as Class Counsel and $2,109,934.14 for the Plaintiffs' Steering Committee) and $301,729.93 for the *Dora* Plaintiffs. This Fees Settlement

---

[1] The names of the successors for the originally named Defendants who were sued in their official capacities have been automatically substituted here pursuant to the operation of Fed. R. Civ. P. 25(d).

1

Agreement is effective as of the date it is executed by all Parties and upon final approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, as set forth below.

## RECITALS

On June 26, 2018, the Court certified a class of parents, excluding certain parents with criminal history and those with a communicable disease. The Court then issued the classwide preliminary injunction prohibiting Defendants from detaining such class members separately from their minor child absent a determination that the parent is unfit or presents a danger to the child. *See* ECF Nos. 82 at 17; 456; *Ms. L. v. ICE*, 403 F. Supp. 3d 853, 856 (S.D. Cal. 2019). In March 2021, the Parties notified the Court that they had begun settlement negotiations for the purpose of resolving all pending issues in the case, including any potential modifications to the scope of the class definition. ECF No. 579. Subsequently, the Parties filed joint motions for preliminary and final approval of the *Ms. L.* Settlement Agreement. *See, e.g.*, ECF No. 711, 715, 716, 721. In pertinent part, the *Ms. L.* Settlement Agreement provides that Defendants agree to pay reasonable fees and other expenses incurred by Class Counsel in the litigation of this class action through the Effective Date of the *Ms. L.* Settlement Agreement, in accordance with the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 721-1 at 43. Further, Defendants agree to waive legal defenses to an EAJA motion other than to challenge the reasonableness of the amount of the Class Counsel's request for fees and expenses. *Id.*

On April 10, 2024, the *Ms. L.* Plaintiffs served their fee demand on Defendants. *See* ECF No. 735. On April 29, 2024, the *Ms. L.* Plaintiffs provided their underlying billing and costs records and reports (for both the ACLU and the Steering Committee). *See* ECF No. 742. In February 2024, the *Dora* Plaintiffs submitted a fee demand to Defendants and also provided detailed records for Defendants' review. The Parties vigorously negotiated at arm's length to resolve Plaintiffs' claims for attorneys' fees and costs pursuant to the EAJA, 28 U.S.C. § 2412, resulting in a settlement in

2

principle on June 6, 2024, for *Dora* Plaintiffs and July 1, 2024 for *Ms. L.* Plaintiffs.

The Parties have concluded that further litigation regarding Plaintiffs' fees and costs would be protracted and expensive for all Parties. After considering these factors, as well as the risks of further litigation, the Parties agree to settle in the manner and upon the terms set forth in this Agreement.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to the final approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

1. The parties do hereby agree to settle and compromise all claims related to attorneys' fees, litigation costs, and related expenses under the EAJA, 28 U.S.C. § 2412(d), pursuant to the Unopposed Motion for Preliminary Approval of Settlement Regarding Plaintiffs' Claims for Attorneys' Fees (the "Motion") filed in the United States District Court for the Southern District of California (the "Court"), including any such claims not already before the Court, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion, under the terms and conditions set forth in this Fees Settlement Agreement.

2. This Fees Settlement Agreement is not, is in no way intended to be, and shall not be construed as an admission of liability or fault on the part of Defendants, their agents, officers, or employees, and it is specifically denied that they are liable to Plaintiffs. All parties enter into this Fees Settlement Agreement for the purpose of settling Plaintiffs' claims under the EAJA for fees and costs relating to or arising from the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion and avoiding the expenses and risks of further litigation. Further, none of the terms of this Fees Settlement Agreement may be offered or received into evidence or in any way

3

referred to in any civil, criminal, or administrative action or proceeding, other than proceedings that may be necessary to consummate or enforce the terms of this Fees Settlement Agreement against Plaintiffs, the United States, or any agency or instrumentality of the United States.

3. By entering into this Fees Settlement Agreement, Plaintiffs acknowledge and agree that they are waiving any additional claims, known or unknown, that may arise with respect to seeking any fees or costs from any Defendant for any claims arising from the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion.

4. In accordance with the Motion, and to comply with Federal Rule of Civil Procedure 23(h), Defendants will assist Plaintiffs in providing class notice. Within ten (10) days of the Court's approval of the proposed class notice and form of providing notice in the Motion, Defendants will post the notice on their websites and the parties will follow the process ordered by the Court. Following completion of the notice period, Plaintiffs will inform the Court if any objections were received, and Plaintiffs will file a motion for final approval of the Fees Settlement Agreement.

5. In full settlement and satisfaction of any and all claims, demands, rights, or causes of action for attorneys' fees and other expenses, and taxable costs pursuant to the Motion of whatsoever kind and nature, arising out of or in connection with the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion, filed in the Court:

   a. Defendants agree to pay Plaintiffs six million four hundred eleven thousand six hundred and sixty-four dollars and seven cents ($6,411,664.07) in settlement of Plaintiffs' claims and any potential claims for attorneys' fees, litigation costs, and related expenses at issue in the Motion. The settlement amount is divided as follows: $6,109,934.14 for the *Ms. L.* Plaintiffs (further subdivided as $4,000,000

4

for the American Civil Liberties Union Foundation as Class Counsel and $2,109,934.14 for the Plaintiffs' Steering Committee) and $301,729.93 for the *Dora* Plaintiffs. Plaintiffs agree that this is a reasonable resolution of Plaintiffs' claims pursuant to the Motion.

b. Defendants' payment, as identified in Paragraph 4(a) above, shall be accomplished by electronic funds transfer to Plaintiffs' counsel's account on behalf of Plaintiff. Within ten (10) business days of the execution of this Fees Settlement Agreement by all Parties, Plaintiffs' counsel shall provide Defendants with the banking information necessary for Defendants to effectuate payment. This banking information includes the following: Payee's name; Payee's address; Payee's SSN or Tax ID #; Payee's Bank Name and Identification of the Type of Bank Account; Payee's Bank Address; Routing Number; Account Number; and Payee's SAM.gov unique entity identifier (UEI) and commercial and government entity (CAGE) codes.

c. Defendants will use all good faith efforts to pay the settlement amount within 90 days of the Court's final approval of the Fees Settlement Agreement.

d. This Fees Settlement Agreement does not waive Plaintiffs' or their attorneys' tax liability or any other liability owed to the United States government.

e. Neither Plaintiffs nor their counsel may pursue additional claims for attorneys' fees, litigation costs, or other monies arising from the Motion other than for work in any proceedings that may be necessary to enforce the terms of this Fees Settlement Agreement.

f. Named Plaintiffs represent that their claim for attorneys' fees, litigation costs, and other expenses will be assigned to their counsel subject to compliance with the

       Treasury Offset Program, and Defendants accept the assignment and waive any applicable provisions of the Anti-Assignment Act, 31 U.S.C. § 3727.

    g. Plaintiffs agree to waive their right to payment to them of attorneys' fees and costs pursuant to the Motion, so that Defendants may pay Plaintiffs' counsel as described above.

6. This Fees Settlement Agreement contains the entire agreement between the parties hereto. Plaintiffs acknowledge and agree that no promise or representation not contained in this Fees Settlement Agreement has been made to them, and acknowledge and represent that this Fees Settlement Agreement contains the entire understanding between the parties to this Fees Settlement Agreement and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No oral or written statement, remark, agreement, or understanding that is not contained herein shall be recognized or enforced, nor does this Fees Settlement Agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation concerning the Motion without the time and expense of further litigation.

7. This Fees Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties to this Fees Settlement Agreement, nor shall any provision hereof be waived other than by a written waiver signed by the parties to this Fees Settlement Agreement.

8. This Fees Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs and Defendants and their respective assignees and representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto or having an interest herein. The individuals signing this Fees Settlement Agreement represent that they have the authority to bind the parties on

whose behalf they sign this Fees Settlement Agreement.

9. This document constitutes the complete integration of the Fees Settlement Agreement between the parties and supersedes any and all prior oral or written representation, understandings,or agreements among or between the parties.

10. This Fees Settlement Agreement may be signed in counterparts. Facsimile or electronic transmissions of the original or electronic signatures to this agreement shall have the same effect as the original signatures.

11. This Fees Settlement Agreement is deemed executed on the date that the Fees Settlement Agreement is signed by all of the individuals listed in the signature block below.

Dated: September 24, 2024

*/s/Lee Gelernt*
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

Dated: September 24, 2024

*/s/Wilson G. Barmeyer*
Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
(202) 637-3593 (facsimile)

Sirine Shebaya*
National Immigration Project
1200 18th Street NW Suite 700
Washington, DC 20036
(202) 656-4788

*Attorneys for Dora Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CHRISTOPHER P. TENORIO
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

Dated:  September 24, 2024

/s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 514-3097 (phone)
(202) 305-7000 (facsimile)

Attorneys for Respondents-Defendants