| | |
|---|---|
| Lee Gelernt* <br> Dan Galindo (SBN 292854) <br> Judy Rabinovitz* <br> Anand Balakrishnan* <br> AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION <br> IMMIGRANTS' RIGHTS PROJECT <br> 125 Broad St., 18th Floor <br> New York, NY 10004 <br> T: (212) 549-2660 <br> *lgelernt@aclu.org* <br> *dgalindo@aclu.org* <br> *jrabinovitz@aclu.org* <br> *abalakrishnan@aclu.org* | Stephen Kang (SBN 292280) <br> Spencer E. Amdur (SBN 320069) <br> AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION <br> IMMIGRANTS' RIGHTS PROJECT <br> 425 California Street, 7th Floor <br> San Francisco, CA 94104 <br> T: (415) 343-0783 <br> *skang@aclu.org* <br> *samdur@aclu.org* |

*Attorneys for Petitioners-Plaintiffs*

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L. et al., <br> *Petitioners-Plaintiffs*, <br> v. <br> U.S. Immigration and Customs Enforcement ("ICE"); et al, <br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD <br><br> Date Filed: September 24, 2024 <br><br> **DECLARATION OF STEPHEN B. KANG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Class Action |

1. I am an attorney duly licensed to practice law in the State of California and a member of the Bar of this Court. I am a Senior Staff Attorney at the ACLU Foundation Immigrants' Rights Project ("ACLU IRP"), and am counsel for the Plaintiff Class in this action. The following is based on my personal knowledge.

2. This declaration will describe both the effort and expenses ACLU IRP and the Steering Committee devoted to this case, as well as the qualifications of ACLU IRP's attorneys in support of our request for enhanced EAJA rates.

3. ACLU IRP conservatively calculates that the lodestar fees and expenses figure for both ACLU IRP and the Steering Committee is as follows:

|  | Fees | Expenses | Total |
|---|---|---|---|
| ACLU IRP | $4,745,900 | $361,951.20 | |
| Steering Committee | $3,027,951.39 | $595,958.45 | |
| TOTAL | $7,773,851.39 | $957,909.65 | $8,731,761.04 |

4. ACLU IRP and the Steering Committee's requested award of fees and costs in this case is a total of $6,109,934.14, which is less than 70% of the above lodestar. Both ACLU IRP and the Steering Committee accepted this reduced figure in the interest of compromise.

**DESCRIPTION OF ACLU IRP'S COMPENSABLE TIME AND COSTS**

5. This litigation involved an extraordinary amount of activity from early 2018 through the final approval of the Merits Settlement. I provide a brief, nonexhaustive summary of ACLU IRP's activity below, in rough chronological order.

- <u>Early 2018 Through June 25, 2018</u>: Case investigation of family separation policies and practices; legal research and factual development; identification and filing complaint for Ms. L as initial named Plaintiff; emergency litigation of Ms. L's individual request for reunification; filing class complaint adding Ms. C and seeking classwide preliminary injunction, including rounds of

1

emergency briefing and multiple hearings; litigating Defendants' motion to dismiss.

- June 26, 2018 Through End of 2018: Engaging in enforcement of preliminary injunction; attending numerous status conferences and meet and confers with Defendants concerning identification of class members, reunification process and enforcement of preliminary injunction; litigating emergency motion to block removals of Class Members; litigation concerning criminal exclusions from Class; participating in negotiation of *M.M.M./Dora* settlement; providing information to public and to Class Members concerning developments in the case and reunification rights.

- January 2019 Through End of 2020: Litigating motion to expand the Class to include parents separated during earlier phases of the prior Administration; intensive efforts (in conjunction with the Steering Committee) and meet and confers to identify expanded Class Members; litigating motion to return unlawfully deported Class Members; litigating exclusions from the Class based on criminal history, parentage, and other reasons.

- Early 2021 Through Final Approval of Merits Settlement: Engaging in complex settlement negotiations with Defendants to bring relief to Class Members, involving numerous government and NGO stakeholders; participating in implementation of Family Reunification Task Force parole processes; providing information to numerous Class Members and their advocates/lawyers regarding their reunification rights and status of Settlement; seeking final approval of Merits Settlement.

6. For purposes of negotiation with Defendants and this request for fees, ACLU IRP is only seeking fees for time spent through December 11, 2023. ACLU IRP is also not seeking time for various junior attorneys and certain paralegals who contributed to this case at different points prior to December 11, 2023.

**DESCRIPTION OF STEERING COMMITTEE'S COMPENSABLE TIME AND COSTS**

7. The Steering Committee was comprised of the law firm of Paul Weiss Rifkind Garrison LLP, along with Justice in Motion, Kids in Need of Defense, and the Women's Refugee Commission. *See* Dkt. 175 at 2; Dkt. 181 at 7-8 (explaining functions of Steering Committee).

8. Immediately after its formation in August 2018, the Steering Committee began intensive work to identify and reach out to Class Members to inform them of their rights under the Court's orders, as well as help them exercise their reunification options. The Steering Committee sent human rights defenders to numerous and often remote locations in Central America and other countries to find separated families; reviewed voluminous, complicated, and incomplete government records to find usable contact information; conducted records searches and employed other investigation tools to locate parents; and counseled numerous Class Members and family members on their reunification rights under the Court's orders.

9. The large majority of the Steering Committee's costs and expenses, as well as those of ACLU IRP, were devoted to funding these outreach efforts. Those efforts frequently required substantial logistical resources to identify and locate Class Members, many of whom lived in remote locations or were otherwise very difficult to find.

10. Like ACLU IRP, the Steering Committee is only seeking fees for time spent through December 11, 2023. For purposes of this motion, the Steering Committee's attorneys are also not seeking enhanced/market rates for their work on this case, and their lodestar is based on the Ninth Circuit's EAJA statutory rates.[1] Certain Steering Committee organizations have also excluded any time they spent on family

---

[1] Statutory Maximum Rates under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 24, 2024).

3

separation outreach efforts during certain periods of time in 2021-22 when they received some government funding to conduct outreach to separated families.

**QUALIFICATIONS AND RATES OF ACLU IRP COUNSEL**

11. ACLU IRP is seeking time for the following seven attorney timekeepers and two Reunification Specialists/paralegals. The seven attorneys are:

| Name | Role | Grad Year |
|---|---|---|
| Lee Gelernt | Deputy Director | 1988 |
| Judy Rabinovitz | Senior Counsel | 1985 |
| Anand Balakrishnan | Senior Staff Attorney | 2009 |
| Carmen Iguina González | Senior Staff Attorney (former) | 2010 |
| Stephen Kang | Senior Staff Attorney | 2011 |
| Daniel Galindo | Senior Staff Attorney | 2012 |
| Spencer Amdur | Senior Staff Attorney | 2013 |

12. ACLU IRP's lodestar is based on enhanced/market rates for the seven attorney timekeepers. All seven attorneys are entitled to enhanced rates under EAJA. *See infra*. Plaintiffs' claimed rates for Anand Balakrishnan, Carmen Iguina González, Stephen Kang, Daniel Galindo, and Spencer Amdur range from $425/hour to $650/hour depending on their graduation year and the year in which they performed work. Those rates are consistent with San Diego market rates for attorneys of their seniority and level of expertise.

13. Plaintiffs' claimed rates for Lee Gelernt and Judy Rabinovitz is $900/hour, based on their each having over 30 years of experience litigating major civil rights and immigration cases, and being recognized national leaders in the field. These rates are consistent with (and even lower than) San Diego market rates for attorneys who have comparable levels of expertise and seniority.

14. ACLU IRP's billing rates for the two paralegal timekeepers is $125/hour.

4

15. This case required extensive knowledge of complicated immigration and constitutional issues that required unique expertise in federal jurisdictional statutes, substantive immigration law and regulations, and numerous technical aspects of the immigration and removal system. This case was even more complicated because it involved the custody rights of families and unaccompanied children in immigration custody, an issue that lies at the intersection of multiple overlapping legal regimes. ACLU IRP's attorneys have such expertise, having litigated numerous complex immigration cases in federal court. Accordingly, all of ACLU IRP's lawyers are entitled to enhanced/market rates. I describe below the attorneys' expertise.

**Lee Gelernt**

16. Lee Gelernt is a Deputy Director of ACLU IRP, where he has litigated constitutional and civil rights cases since 1992. He is widely recognized as one of the country's leading public interest lawyers and has argued dozens of major civil rights cases during his career, including in the U.S. Supreme Court, virtually every federal court of appeals in the country, and district courts throughout the country. He has also testified as a legal expert before both the U.S. House and Senate. In addition to his work at the ACLU. Mr. Gelernt is an adjunct professor at Columbia Law School, and previously was an adjunct at Yale Law School.

17. Apart from this case, he has served as lead counsel, or argued in, many important immigration cases, including recent systemic cases challenging the federal government's efforts to restrict noncitizens from accessing asylum, or the federal courts. *See, e.g.*, *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 722 (D.C. Cir. 2022) (upholding in part order enjoining policy of banning asylum seekers from United States based on COVID-19; injunction later vacated after government end of policy); *East Bay Sanctuary Covenant II v. Barr*, 994 F.3d 962 (9th Cir. 2020) (amended Apr. 8, 2021) (addressing bar on asylum for individuals who transit through third country); *Capital Area Immigrants' Rights Coal. v. Trump*, No. 19-CV-2117-TJK, 2020 WL 3542481 (D.D.C. June 30, 2020) (vacating same bar);

5

*East Bay Sanctuary Covenant I v. Trump*, 950 F.3d 1242 (9th Cir. 2020) (affirming injunction of ban of asylum for noncitizens entering between ports of entry); *DHS v. Thuraissigiam*, 591 U.S. 103 (2020) (challenge to restrictions on habeas corpus for asylum seekers).

18. Over Mr. Gelernt's career, he has litigated and argued dozens of other notable civil rights cases. In the aftermath of the September 11 attacks, he litigated several high-profile national security cases and served as one of only a few human rights observers at Guantanamo Bay for the first military trial conducted by the U.S. since World War II. One of these cases became *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011), in the U.S. Supreme Court, involving the government's post 9-11 policy of using the federal material witness statute to investigate and preventively detain terrorism suspects in cases where was no probable cause to justify a criminal arrest. He also successfully argued one the very first major September 11 cases to reach the federal courts of appeals, *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002), where he represented the media in their lawsuit seeking to prevent the government from holding secret deportation hearings after September 11.

19. Mr. Gelernt has won numerous awards for his work and has been recognized as one of the 500 leading lawyers in the country in any field. He is regularly asked to give keynote addresses around the country and frequently appears in the national and international media.

20. Mr. Gelernt graduated from Columbia Law School, where he was a Notes & Comments editor of the Law Review and clerked for the late Judge Frank Coffin of the First Circuit Court of Appeals.

**Judy Rabinovitz**

21. Judy Rabinovitz is Senior Counsel at ACLU IRP, where she previously served as Deputy Director. She has worked at ACLU IRP since 1988. The Ninth Circuit has previously awarded market rates for Ms. Rabinovitz's work in the immigration detention context. *See Nadarajah v. Holder*, 569 F.3d 906, 914 (9th

Cir. 2009) (recognizing Ms. Rabinovitz's unique expertise in, inter alia, "historical material concerning immigration detention, detailed treatment of new and relatively obscure statutory provisions governing [mandatory immigration detention]").

22. Ms. Rabinovitz is admitted to practice in New York and practice before numerous federal courts. She graduated from New York University School of Law in 1985, where she has also served as adjunct faculty since 1997.

23. Ms. Rabinovitz is one of the nation's leading civil rights attorneys working in the area of immigration detention. She argued before the U.S. Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003) (challenge to mandatory detention statute), and played key roles in the litigation culminating in *Zadvydas v. Davis*, 533 U.S. 678 (2001) (striking down indefinite detention of postfinal order deportees who could not be removed), and *Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* applies to noncitizens apprehended at the border).

24. Ms. Rabinovitz has also served as lead counsel, co-counsel, or counsel for plaintiffs or amici curiae in numerous landmark immigration cases in the federal courts of appeals. Examples: *Innovation L. Lab v. Wolf*, 951 F.3d 986 (9th Cir. 2020) (granting in part and denying in part stay of preliminary injunction against government immigration policy known as "Migration Protection Protocols"), *vacated as moot by* 5 F.4th 1099 (9th Cir. 2021); *Gayle v. Warden, Monmouth Cty. Correctional Institution*, 838 F.3d 297 (3d Cir. 2016) (class action challenging the mandatory detention of individuals with substantial challenges to removal in New Jersey); *Leslie v. Attorney General*, 678 F.3d 265 (3d Cir. 2012) (argued as amicus counsel in pro se case) (holding that detainees cannot be penalized for the time required to pursue bona fide challenges to removal in assessing reasonableness of their prolonged detention); *Alli v. Decker*, 650 F.3d 1007 (3d Cir. 2011) (holding that immigration detainees are not barred from challenging their detention in a class action); *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) (amicus counsel) (requiring that the government justify continued prolonged immigration detention by clear and

7

convincing evidence); *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) (holding that asylum seeker could not be subject to prolonged and indefinite immigration detention as national security threat); *Rosales-Garcia v. Holland*, 322 F.3d 386 (6th Cir. 2003) (en banc) (argued) (striking down indefinite detention of excludable noncitizens).

25. Ms. Rabinovitz has also served as lead counsel or co-counsel in class cases concerning the rights of noncitizens facing removal. *See, e.g.*, *R.I.L.R. v. Johnson*, 80 F. Supp. 3d 164 (D.D.C 2015) (granting classwide preliminary injunction prohibiting government from detaining women and children seeking asylum based on desire to deter others from migrating).

26. Ms. Rabinovitz serves as a resource for nonprofit, pro bono, and private attorneys litigating immigration detention cases throughout the country. She has provided advice and editorial assistance to dozens of attorneys in that capacity. Ms. Rabinovitz has also taught continuing legal education workshops on immigration detention litigation.

**Anand Venkata Balakrishnan**

27. Anand Balakrishnan is a Senior Staff Attorney at the ACLU Immigrants' Rights Project. His experience includes immigrants' rights litigation in the federal courts, criminal and capital defense in state and federal courts, and direct representation of noncitizens in immigration court and appeals.

28. Mr. Balakrishnan is a 2009 graduate of the Yale Law School. He is a member of the Connecticut bar, and is admitted to practice in the U.S. Courts of Appeals for the First, Second, Third, Fifth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits, and the U.S. District Courts for the Eastern District of Michigan and Connecticut.

29. Mr. Balakrishnan has briefed and argued immigrants' rights cases, as lead counsel, as amicus, and as part of a larger team, in the U.S. Courts of Appeals for the First, Second, Third, Seventh, Ninth, and Tenth, and D.C. Circuits, and in numerous district courts around the country. Examples: *Inestroza-Tosta v. Att'y*

*Gen.*, 105 F.4th 499, 505 (3d Cir. 2024) (jurisdiction over torture and persecution claims); *Las Americas v. McCraw*, 2024 WL 861526 (W.D. Tex. Feb. 29, 2024) (legality of Texas law criminalizing entry and reentry of noncitizens), *Make the Road v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020) (legality of expansion of expedited removal); *R.I.L.R. v. Johnson*, 80 F. Supp. 3d 164 (D.D.C 2015) (parole of noncitizens); *Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wash. 2015) (authority of ICE to release noncitizens on conditional parole)

30. Mr. Balakrishnan has been appointed as class counsel in a number of cases, including: *Hamama v. Adducci*, 2:17-cv-11910 (E.D. Mich), *Malam v. Adducci,* 5:20-cv-10829 (E.D Mich.); *Padilla v. ICE*, 2:18-cv-00928-MJP (W.D. Wash.); *R.I.L.R. v. Johnson*, 80 F. Supp. 3d 164 (D.D.C); and *Rivera v. Holder*.

**Carmen Iguina González (former ACLU IRP attorney)**

31. Carmen Iguina González was formerly a Senior Staff Attorney at ACLU IRP. As of the time of her work on this case, her experience included litigation of complex civil matters as well as important immigrants' rights and criminal justice cases, and direct representation before the immigration courts and federal courts.

32. Among her cases, Ms. Iguina González was counsel in the first case that established a right to appointed legal representation for any group of immigrants facing deportation, *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG DTBX, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013), which required the federal government to provide legal representation to immigrants with mental disabilities. The *Franco-Gonzalez* team received the 2014 Jack Wasserman Memorial Award from the American Immigration Lawyers Association.

33. Ms. Iguina González was also counsel in *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016), a nationwide class action lawsuit seeking to require the government to provide children with legal representation in their deportation hearings, and *Alfaro Garcia v. Holder*, 14-cv-017753 (N.D. Cal.), a class action lawsuit filed on

9

behalf of thousands of immigrants fleeing persecution who had faced months of detention while awaiting reasonable fear determinations.

34. In 2017, Ms. Iguina González was also counsel in *Youth Justice Coalition v. City of Los Angeles*, No. LA CV 16-07932-VBF, 2017 WL 396141, at *1 (C.D. Cal. Jan. 27, 2017), a class action lawsuit filed on behalf of Angelenos whom police and prosecutors have unfairly subjected to restrictive "gang injunctions" without due process.

35. Ms. Iguina González previously held clerkships with Justice Sonia Sotomayor of the U.S. Supreme Court, Judge Kiyo A. Matsumoto on the United States Court District Court for the Eastern District of New York, and Judge Stephen R. Reinhardt on the United States Court of Appeals for the Ninth Circuit.

36. Ms. Iguina González graduated magna cum laude from Harvard University and New York University School of Law, where she was a Root-Tilden-Kern Scholar, and was an Equal Justice Works Fellow. She is a member of the California and D.C. bars and is admitted to practice before numerous federal courts.

**Stephen B. Kang**

37. I graduated magna cum laude and Order of the Coif from the New York University School of Law in 2011, and clerked for Judge Kermit V. Lipez of the U.S. Court of Appeals for the First Circuit, and Judge Margaret M. Morrow (ret.) of the U.S. District Court for the Central District of California. I have been an attorney at ACLU IRP since 2013, where I currently serve as a Senior Staff Attorney.

38. I have served as counsel for plaintiffs in numerous systemic cases involving the rights of children in immigration custody. Apart from this case, my cases in this area are: *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (affirming preliminary injunction against unlawful arrest and detention of noncitizens based on flawed or unfounded gang allegations); *Duchitanga v. Lloyd*, 1:18-cv-10332 (S.D.N.Y. filed Nov. 6, 2018) (challenging widespread and severe delays in release of children in government custody due to fingerprinting backlogs); *R.I.L–R. v.*

*Johnson*, 80 F.Supp.3d 164 (D.D.C. 2015) (see supra). I have also represented amici on matters related to the custody of noncitizen children. *See Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017) (amicus counsel) (upholding rights of detained immigrant children to custody hearings).

39. I have also served as counsel in a number of other cases concerning the procedural rights of noncitizens—in particular, children—in the removal process. These cases include: *Hernandez-Galand v. Garland*, 996 F.3d 1030 (9th Cir. 2021) (argued) (reversing in absentia removal orders of mother and child); *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 721 (D.C. Cir. 2022) (see supra); *C.J.L.G. v. Barr*, 880 F.3d 1122 (9th Cir. 2018) (en banc) (reversing removal order of unrepresented child for failure to advise of relief eligibility); *Damus v. Nielsen*, 313 F. Supp. 3d 317, 329 (D.D.C. 2018) (granting preliminary injunction against categorical detention of asylum seekers); *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG DTBX, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014) (see supra).

40. I have served as class counsel in *Saravia v. Sessions*, *Damus v. Nielsen*, and *R.I.L.R. v. Johnson*, among others.

41. I have unique expertise at the intersection of immigration law, the rights of children, and federal civil rights litigation. I am consistently called upon to provide technical assistance other lawyers and advocates concerning the due process rights of people facing removal, particularly those who are litigating federal court actions.

42. I have given CLE and other public presentations to attorneys concerning the rights of detained noncitizens and immigrant children. I also regularly speak to nonlegal audiences and the media regarding immigration and asylum policy.

**Daniel Antonio Galindo**

43. Daniel A. Galindo is a Senior Staff Attorney at the ACLU Immigrants' Rights Project. His experience includes immigrants' rights litigation in federal and state courts, and criminal defense in state courts.

11

44. Mr. Galindo is a 2012 graduate of Stanford Law School and clerked for Judge Kermit V. Lipez of the U.S. Court of Appeals for the First Circuit, and Judge David O. Carter of the U.S. District Court for the Central District of California. He is a member of the New York and California bars and is admitted to practice at the Supreme Court, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. District Courts for the Southern District of Texas, the Southern and Northern Districts of California, and the District of Columbia. He has been an attorney at ACLU IRP since 2018, and previously was a public defender at the Neighborhood Defender Service of Harlem.

45. Mr. Galindo has served as counsel in immigrants' rights cases before the Supreme Court, the U.S. Courts of Appeals for the Ninth, and D.C. Circuits, and in numerous district courts around the country, as well as state courts. Examples include: *Dep't of State v. Munoz*, 144 S. Ct. 1812 (2024) (amicus counsel of record) (addressing constitutional interests of a U.S. citizen the denial of a visa to her spouse); *Ramon v. Short*, 2020 MT 69, 399 Mont. 254, 460 P.3d 867 (argued) (no authority under state law for state officers to hold people on ICE immigration detainers); *Innovation L. Lab v. Wolf*, 951 F.3d 986, 987 (9th Cir. 2020) (see supra, re: "Migration Protection Protocols"); *A.I.I.L. v. Sessions*, 19-cv-00481-JAS (D. Az. filed Oct. 3, 2019) (damages action on behalf of separated immigrant families). Cases as class counsel include *P.J.E.S. by & through Escobar Francisco v. Wolf*, F. Supp. 3d 492 (D.D.C. 2020) (granting preliminary injunction against policy blocking unaccompanied minors' access to asylum, injunction later stayed and vacated as moot after government withdrawal of policy) and *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 721 (D.C. Cir. 2022) (see supra).

**Spencer Amdur**

46. Spencer Amdur graduated from Yale Law School in 2013 and clerked for the Honorable Judith W. Rogers of the United States Court of Appeals for the D.C. Circuit. He served multiple roles in the U.S. Department of Justice, both at the

Office of Legal Counsel and the Federal Programs Branch. He has litigated dozens of cases across the country and at every level of the judiciary involving the rights of noncitizens, immigration enforcement, and the asylum system.

47. Mr. Amdur is admitted to the bars of California and Pennsylvania, as well as the Second, Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits, the Southern, Eastern, and Northern Districts of California, the Southern District of Ohio, and the Western District of Texas. He has been an attorney at ACLU IRP since 2017.

48. Apart from this case, Mr. Amdur has litigated numerous cases challenging large-scale federal policies toward refugees and asylum seekers. These include *East Bay Sanctuary Covenant v. Biden*, No. 23-16032 (9th. Cir.) (argued) (challenge to Circumvention of Lawful Pathways asylum rule); *Trump v. East Bay Sanctuary Covenant*, 139 S. Ct. 782 (2018) (challenge to entry ban asylum rule); *East Bay Sanctuary Covenant II v. Barr*, 994 F.3d 962 (9th Cir. 2020) (amended Apr. 8, 2021) (see supra, re asylum transit bar); *International Refugee Assistance Program v. Trump*, 883 F.3d 233 (4th Cir. 2018) (challenge to Muslim and refugee travel ban), *vacated by* 138 S.Ct. 2710 (2018).

49. In addition, Mr. Amdur has litigated dozens of cases asserting the rights of noncitizens in the United States, including *Travis County v. Texas*, 910 F.3d 809 (5th Cir. 2018) (argued) (challenge to Texas immigration enforcement law); *El Cenizo v. Texas*, 890 F.3d 164 (5th Cir. 2018) (same); *New York v. U.S. Dep't of Justice*, 951 F.3d 84 (2d Cir. 2020) (argued as amicus) (challenge to federal policy requiring state officers to participate in immigration enforcement); *Gonzalez v. ICE*, 975 F.3d 788 (9th Cir. 2020) (class action challenge to certain ICE detainer practices); *P.K. v. Tillerson*, 302 F. Supp. 3d 1 (D.D.C. 2017) (class action challenge to diversity visa lottery policy); *Farmworker Ass'n of Fla. v. Moody*, __ F. Supp. 3d ___, 2024 WL 2310150 (S.D. Fla. May 22, 2024) (argued) (challenge to state law barring migrant transport); *Las Americas Immigrant Advocacy v. McCraw*, No. 23A815 (U.S.) (challenge to state law regulating entry in the United

States); *United States v. Iowa*, 2024 WL 3035430 (S.D. Iowa 2024) (similar); *United States v. Oklahoma*, 2024 WL 3449197 (W.D. Okl. 2024) (similar); *United States v. Texas*, 586 F. Supp. 3d 574 (2022) (challenge to migrant transport law).

50. Mr. Amdur regularly advises litigators around the country about litigation involving immigration matters, especially systemic challenges to immigration policies. He is frequently asked by reporters to explain immigration policy and litigation to non-legal audiences. He has also published academic articles about immigration law and litigation, including Spencer Amdur & David Hausman, *National Injunctions and Nationwide Harm*, 131 Harv. L. Rev. F. 49 (2017); Spencer Amdur, *The Right of Refusal: Immigration Enforcement and the New Cooperative Federalism*, 35 Yale Law & Pol'y Rev. 87 (2016).

I declare under penalty of perjury that to the best of my knowledge the above facts are true and correct. Executed on September 24, 2024, in San Francisco, California.

/s/ Stephen B. Kang
STEPHEN B. KANG