Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

Attorneys for Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice
Counsel for* Dora *Plaintiffs on signature page*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>   *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>   *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: October 31, 2024<br><br>**UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS** |

51552865.2

# NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move the Court for final approval of a settlement resolving Plaintiffs' claims for attorneys' fees under the Equal Access to Justice Act ("EAJA") and any other applicable sources of law. This motion is made pursuant to 28 U.S.C. §§ 2412(a)(1), (b), and (d)(1)(A) and Federal Rules of Civil Procedure 23 and 54(d).

Plaintiffs respectfully request that the Court award attorneys' fees[1] as follows:

- For the *Ms. L.* Plaintiffs, a total award of $6,109,934.14, with $4,000,000 to go to the ACLU and $2,109,934.14 to go to the Steering Committee organizations;
- For the *Dora* Plaintiffs, a total award of $301,729.93.

This Motion is based on this Notice of Motion, the brief below, the concurrently filed declarations, and all other pleadings and papers on file in this action and such other argument or evidence that the Court may consider. The hearing on this motion is currently set for November 5, 2024.

Defendants have stated that they do not oppose Plaintiffs' motion for final approval.

## INTRODUCTION

Plaintiffs respectfully seek final approval of their settlement with Defendants concerning fees and costs ("Fees Settlement," filed at Dkt. 752-1, Ex. A). This Motion addresses the fees and expenses award for both the *Ms. L.* Plaintiffs, including the Steering Committee, as well as the *Dora* Plaintiffs, whose case was filed separately

---

[1] As explained in the motion for preliminary approval, Plaintiffs understand that absent an applicable exception, the fee award here is subject to being offset by certain debts owed by named Plaintiffs to state or federal agencies. Plaintiffs are aware of at least one debt owed by a class representative and understand that the fee award will be offset by the amount of that debt before the fee award is paid to class counsel.

but later incorporated into this case.

Defendants have agreed to pay, and Plaintiffs have agreed to accept, subject to the Court's approval, the following amounts in satisfaction of Plaintiffs' claims for costs, attorneys' fees, and litigation expenses:

- For the *Ms. L.* Plaintiffs, a total award of $6,109,934.14, with $4,000,000 to go to the ACLU and $2,109,934.14 to go to the Steering Committee organizations;
- For the *Dora* Plaintiffs, a total award of $301,729.93.

On September 25, 2024, this Court granted preliminary approval of the Fees Settlement, directed the parties to give notice to the Class, and set a deadline for objections for October 25, 2024. Dkt. 753. No objections have been filed on the docket, and as of the date of this filing, the parties have not received any objections. In light of the lack of objections, and the reasonableness and fairness of the Fees Settlement, Plaintiffs respectfully move for the Court's final approval of the Fees Settlement pursuant to Rule 23.

## BACKGROUND

On December 11, 2023, this Court granted final approval of the settlement that resolved the merits claims in this case, which provided numerous benefits and rights to the Class ("the Merits Settlement"). The Merits Settlement provides that Defendants will pay Plaintiffs "reasonable fees and other expenses . . . in accordance with the Equal Justice to Access Act." Merits Settlement, Section VIII. Defendants "reserve[d] their right to raise defenses related to the reasonableness" of fees and expenses, "but otherwise waive[d] their available defenses" under EAJA.

This Court also enlisted the aid of Magistrate Judge Goddard in facilitating the parties' settlement discussions. On March 13, 2024, Judge Goddard held a status conference concerning the parties' negotiations, and issued various deadlines for the parties to engage in and complete their negotiations. *See, e.g.,* Dkt. 740.

The *Ms. L.* Plaintiffs served their fee demand on Defendants on April 10, 2024, after receiving extensions from this Court. *See* Dkt. 735. On April 29, 2024, the ACLU and Steering Committee provided their billing and costs records and reports. *See* Dkt. 742. Thereafter, the parties engaged in negotiations concerning Plaintiffs' fee demand, and reached agreement in principle on July 1, 2024.

In February 2024, the *Dora* Plaintiffs submitted a fee proposal to Defendants based on the documented hours worked, after review for billing judgment. The *Dora* Plaintiffs also provided detailed records for Defendants' review. After negotiations, the *Dora* Plaintiffs and Defendants reached agreement in principle on June 6, 2024.

On September 24, 2024, the parties filed a motion for preliminary approval of the Fees Agreement, which the Court granted the next day. Dkts. 752, 753. The Court set a deadline for objections of "30 days after the date of [its] order," which was October 25, 2024. Dkt. 753, ¶6.

Consistent with the parties' proposed notice plan, Plaintiffs posted the Fees Settlement and Class Notices on the ACLU website by September 27, 2024, and that same day began distributing the Class Notices, in English and Spanish, to email lists and listservs of practitioners, legal providers and advocates who work with separated families, immigrant children, and other noncitizens. Defendants posted the Class Notices on Together.gov as of October 4, 2024. As of this date, Plaintiffs are not aware of any objections that have been filed or received by the Court or the parties.[2]

## ARGUMENT

**I.      The Court Should Grant Final Approval of the Proposed Settlement for Attorneys' Fees and Costs.**

---

[2] The Court also set a deadline for the parties to respond to any objections for the same day as the filing of the final approval motion. Dkt. 753, ¶7. The parties are not currently aware of any objections to the Fees Settlement, rendering any response unnecessary. Should the parties receive any late-arriving objections via mail or other methods, the parties will notify the Court timely.

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Because the parties have agreed to an attorneys' fee and costs award, the Court's task is to determine whether the agreed-upon amount is reasonable, using the fees potentially awardable under the relevant fee-shifting statute or statutes as a benchmark. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). The *Ms. L.* and *Dora* Plaintiffs are eligible for attorneys' fees and expenses pursuant to the EAJA as a prevailing party. 28 U.S.C. § 2412.

### A. The *Ms. L.* Plaintiffs and Steering Committee

The *Ms. L.* Plaintiffs seek a total award of $6,109,934.14, with $4,000,000 for the ACLU and $2,109,934.14 for the Steering Committee organizations. For the reasons below, the Court should grant the *Ms. L.* Plaintiffs' request for fees pursuant to the Fees Settlement.

### 1. Plaintiffs' Requested Fee Award and Costs are Reasonable.

Here, the agreed upon amounts in fees and expenses is reasonable when compared to a lodestar. "The lodestar method is most appropriate where the relief sought is primarily injunctive in nature, and a fee-shifting statute authorizes the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 924 (9th Cir. 2014), *vacated on other grounds*, 772 F.3d 608 (9th Cir. 2014) (citation and quotation marks omitted). A lodestar figure is "presumptively reasonable." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (citation omitted).

As Plaintiffs' motion for preliminary approval explains, the settlement amount is a fraction of the fees and costs actually incurred, which, under conservative calculations, Plaintiffs and the Steering Committee estimate to be approximately $8.7

51552865.2

million. The *Ms. L.* Plaintiffs and Steering Committee have agreed to accept less than 70% of this lodestar as part of Settlement. *See* Dkt. 752 at 4.

This figure is reasonable in light of the complexity of this litigation, the novelty of the issues presented, the results obtained, and the skill and experience of the attorneys. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (describing method of calculating lodestar amount, and explaining that district court may adjust that amount based on other factors, "including the important factor of the results obtained"). The parties' filings in support of the motion for preliminary approval describe the unusually intense and fast pace of this case, the intricacy of enforcing this Court's preliminary injunction; the extensiveness of Plaintiffs' and the Steering Committee's efforts to find separated families; the lengthy process of negotiating the Merits Settlement; and the numerous difficult legal issues that arose in the litigation. *See, e.g.*, Dkts. 35, 48, 56, 78, 81; *see also* Dkt. 752-3 (Declaration of Stephen B. Kang), ¶5. Plaintiffs' filings also discuss the wide-ranging efforts of the Steering Committee, which conducted extensive outreach for years, and devoted ample resources to, e.g., sending human rights defenders and searchers to remote locations to find separated families. Dkt. 752-3, ¶¶7-10. The ACLU attorneys are also all entitled to enhanced rates under EAJA due to their unique expertise. *See Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009); Dkt. 752-3, ¶¶11-50.

Plaintiffs' demand included a costs and expense total of $957,909.65, which includes both the ACLU and the Steering Committee's costs expended through December 11, 2023. These funds were largely spent on outreach efforts to the Class, including sending defenders and searchers to various locations to find separated families, as well as ordinary litigation costs and travel expenses. That amount is reasonable, for the reasons described in Plaintiffs' motion for preliminary approval. *See* Dkt. 752 at 6-7.

## 2. The Fees Agreement Is the Product of Extended Arms-Length Negotiations Between Well-Informed and Experienced Counsel.

As the preliminary approval motion explains, the Fees Settlement is the product of extensive negotiation between counsel for both parties, and also involved the participation of Magistrate Judge Goddard. Further, the award of fees and costs will not affect the relief the Merits Settlement affords an individual class member. The deep experience of both *Ms. L.* Plaintiffs' counsel and counsel for Defendants "provides further support for approval" of this Agreement. *Chan v. Sutter Health Sacramento*, LA CV15-02004 JAK (AGRx), 2017 WL 819903, at *5 (C.D. Cal. Feb. 14, 2017).

## 3. The Absence of Objections Further Supports Approval of the Fees Settlement.

The parties are not aware of any Class Member who has raised objections to the Fees Settlement. "The lack of objections to . . . Class Counsel's request for fees provides a compelling argument that the results obtained are meaningful to the Class and that Class members appreciate the Class Counsel's work achieving them." *Gutierrez v. Amplify Energy Corp.*, No. 821CV01628DOCJDEX, 2023 WL 3071198, at *4 (C.D. Cal. Apr. 24, 2023); *Harrison v. Bank of Am. Corp.*, No. 19-CV-00316-LB, 2021 WL 5507175, at *9 (N.D. Cal. Nov. 24, 2021) (approving class fee award due to, inter alia, "the lack of objections to the settlement"); *Ceron de Orozco v. Flagship Facility Servs., Inc.*, No. 18-CV-2397 JLS (JLB), 2020 WL 7426139, at *6 (S.D. Cal. Dec. 18, 2020) (approving class fee award in light of "the lack of objection from Defendant or the Settlement Class").

### B. The *Dora* Plaintiffs.

For similar reasons, the Court should award the *Dora* Plaintiffs reasonable attorneys' fees and expenses for a total of $301,729.93, pursuant to the Fees Settlement.

The requested attorney fees of $299,032.02 are reasonable, in light of the substantial work performed by *Dora* counsel from the initiation of the *Dora* litigation in 2018 through the Merits Settlement in late 2023. *See* Dkt. 752-4 (Declaration of Wilson G. Barmeyer) (describing exercises of billing judgment, including limiting claimed hourly rates). As counsel have explained, the *Dora* request of $299,032.02 in fees is less than 1/3 of the lodestar, if the fee request were based on market rates. *Id.* *Dora* Plaintiffs also incurred reasonable expenses in the amount of $2,697.91 to cover ordinary litigation costs, such as fees, travel expenses, and costs of communications to the Class.

As noted above, the *Dora* portion of the Fees Settlement is also the result of arms-length negotiations between experienced counsel. The parties have not received any objections to the Fees Settlement generally, which further supports final approval of the Fees Settlement. *See, e.g.*, *Gutierrez*, 2023 WL 3071198, at *4.

## CONCLUSION

For these reasons, the Court should grant final approval of the Fees Settlement.

DATED: October 31, 2024   Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
abalakrishnan@aclu.org
jrabinovitz@aclu.org

/s/ Stephen B. Kang
Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Wilson G. Barmeyer
Wilson G. Barmeyer*
Carol T. McClarnon*
John H. Fleming*
700 Sixth Street NW, Suite 700
Washington, DC 20001
(202) 383-0100
(202) 637-3593 (facsimile)
wilsonbarmeyer@eversheds-sutherland.com
carolmcclarnon@eversheds-sutherland.com
johnfleming@eversheds-sutherland.com

Sirine Shebaya*
National Immigration Project
1200 18th Street NW Suite 700
Washington, DC 20036
(202) 656-4788
sirine@nipnlg.org

*Attorneys for Dora Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Stephen B. Kang
Stephen B. Kang, Esq.

51552865.2