Lee Gelernt*
Dan Galindo (SBN 292854)
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org

Stephen Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94111
T: (415) 343-0783
skang@aclu.org
samdur@aclu.org

*Attorneys for Petitioners-Plaintiffs*

*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L. et al., *Petitioners-Plaintiffs*, v. U.S. Immigration and Customs Enforcement ("ICE"); et al, *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: April 23, 2025<br><br>**DECLARATION OF SARA VAN HOFWEGEN**<br><br>Class Action |

1. My name is Sara Van Hofwegen, and I am the Managing Director at Acacia Center for Justice (Acacia), a non-profit, non-governmental organization that administers programs that provide legal access and representation services to immigrants facing removal through a national network of legal service providers.

2. As part of my role at Acacia, I oversee the Legal Access Program for Reunified Families (LASRF), along with other legal orientation programs funded by the Department of Justice (DOJ).

3. In September 2022, DOJ awarded Acacia a single-award Indefinite Delivery, Indefinite Quantity (IDIQ) Contract to administer a suite of legal services programs. The IDIQ runs through August 2027.

4. In April 2024, DOJ issued a new task order under the IDIQ, creating LASRF. The task order period is May 1, 2024 to April 30, 2025. The LASRF task order was issued with one unexercised option year (Option Year 1) for the period May 1, 2025 – April 30, 2026. A copy of this Statement of Work is attached as Exhibit A to this Declaration.

5. On April 11, 2025 the DOJ Contracting Officer for the IDIQ informed Acacia that DOJ does not intend to exercise Option Year 1. A copy of the intent not to exercise Option Year 1 is attached as Exhibit B to this Declaration.

6. Under the Statement of Work issued for the LASRF program, Acacia subcontracted with nine regional service providers and a national pro bono provider to provide legal services to *Ms. L.* Class Members and their Qualifying Additional Family Members (QAFM), including individual counseling and consultations, legal advice, pro se workshops, Friend of the Court Services, and pro bono placement and mentoring and assistance with parole applications and renewals, applications and renewals or employment authorization documents (EADs), or hearing preparation from the LASRF Program.

7. As a result of DOJ's decision, the LASRF program will end on April 30, 2025. As of May 1, 2025, Acacia and its subcontractors will no longer provide legal

services to *Ms. L* Class Members or their Qualifying Additional Family Members. Class members will no longer receive any legal services through the LASRF Program after April 30, 2025.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of April, 2025, in Los Angeles, California.

                                          /s/ Sara Van Hofwegen

                                          Sara Van Hofwegen
                                          Acacia Center for Justice
                                          svanhofwegen@acaciajustice.org

# Exhibit A

# EOIR Legal Access Programs
# Legal Access Services for Reunified Families (LASRF)
# FY23/FY24 Statement of Work

The U.S. Department of Justice, Executive Office for Immigration Review (EOIR), will create the Legal Access Services for Reunified Families Program (LASRF) pursuant to the Settlement Agreement in *Ms. L., et al. v. U.S. Immigration and Customs Enforcement, et al.*, 18-cv-00428-DMS-AHG (S.D. Cal. Oct. 16, 2023) ("Settlement Agreement").

I. **PERIOD OF PERFORMANCE**

The period of performance is May 1, 2024 - April 30, 2025.

II. **DEFINITIONS**

    a. "Class Members" – Individuals the Family Reunification Task Force determines are eligible for services under the Settlement Agreement.

    b. "Session" – An individualized consultation or counseling, document preparation assistance, or Friend of the Court service.

III. **START SERVICE DATE**

The Contractor, in consultation with the Government, will start implementing this Statement of Work (SOW) under this task order on 5/1/2024. The Contractor will have 90 calendar days from 5/1/24 to implement this SOW. The implementation period will consist of work and activities that are required for the Contractor to perform the services described in this SOW, such as class member communications, establishing data and recordkeeping processes that provide separate coding for services under this SOW, and implementing information sharing processes as required in this SOW and under the Indefinite Delivery Indefinity Quantity Contract (IDIQ).

IV. **SERVICE LOCATIONS**

The Contractor shall provide, on a firm fixed price basis, the services described in Section V of this SOW from nine regional offices and a pro bono provider the Government determines in consultation with the Contractor, based in part on the geographic location of program participants and the availability of existing EOIR Immigration Court Helpdesk Programs (ICH). *See* Appendix A. The Contractor will also provide these services via remote technology to participants who are unable to receive in-person services at any of the regional offices. If needed, the Government will determine additional LASRF sites in consultation with the Contractor. Not greater than 90 days from the Government's identification of any new service site, the Contractor will start service. Not greater than 30 days after the Government's identification of a new service site, the Contractor must inform the Government of any concerns regarding starting service at that site. Upon the Contractor's request, and with evidence of meaningful attempts to begin services (including remote options), the COR may extend the timeline one time by 30 days, for a total of 60 days from date of the Government's identification of a new service site. After 30 days, or 60 with Government agreement, the Government may pursue a separate contract to start service. In such a scenario, the

1

Contractor will work with any additional contractor or service provider to deliver services.

Local travel, defined as travel within 50 miles of the primary place of performance (i.e., the applicable regional office where the Contractor operates LASRF services), that is necessary to perform the services described in Section V below will not be reimbursed under this SOW. Long-distance travel, defined as travel outside of the 50 mile radius of the applicable primary place of performance, requires written approval from the Contract Officer's Representative (COR) before the Contractor incurs any travel expenses. Travel requests may be sent to the COR on a quarterly basis, or as needed. The COR will approve or deny long distance travel requests within five business days of the request. The Contractor is responsible for all logistical travel arrangements and shall endeavor to minimize expense to the Government in making arrangements to accomplish the contracted services.

## V. SERVICE PREPARATION AND LAUNCH

(1) The Contractor shall create a Program Operation Plan (POP), in consultation with the COR, within 30 calendar days from 5/1/24. The POP must include:

   a. Structure and schedule of sessions
      i. Individual Consultations and Counseling;
      ii. Pro Se Workshops;
   b. Plan for pro bono training and mentoring;
   c. Plan for Friend of the Court services; and
   d. Anticipated service start dates, not greater than 90 calendar days from the date of 5/1/2024.

(2) The Contractor shall coordinate with the COR, EOIR Headquarters staff, and on-site representatives to implement the LASRF Program at each regional office. "On-site representatives" may include officials from EOIR, DHS, and other individuals that the Contractor and COR deem necessary to satisfy performance under this SOW.

(3) The Contractor shall arrange suitable space to provide the LASRF services described in this SOW at each designated service site. Suitable space may include a private office, the EOIR Immigration Court Pro Bono Room, or other space that is appropriate for private discussions and workshops. In addition, the Contractor may provide the services listed in this SOW via telephone, video-conferencing, or other multi-way remote communication from such private spaces as necessary to provide remote services to class members. Nothing in this SOW restricts the Contractor from leveraging space already used for programs for which EOIR pays the Contractor to perform services under this SOW.

(4) The Contractor will conduct affirmative outreach to class members to identify and screen people and refer them to services. To the extent permissible under law and subject to rules concerning distribution of personally identifiable information (PII), the Government shall provide the Contractor with contact information for certified settlement class members who are eligible for LASRF services.

(5) Subject to applicable privacy and confidentiality laws and consistent with any necessary clearances, the Contractor shall review available information, such as lists of or other information from the Government concerning class members and Qualifying Additional Family Members, as defined under the Settlement Agreement, to prepare for services.

## VI. SERVICES TO PROVIDE

To perform its obligations under this SOW, the Contractor shall:

(1) Provide legal assistance, not including legal representation as defined under Title 8 section 1001.1(m) of the Code of Federal Regulations, to unrepresented class members, including:

   a. <u>Legal Advice.</u> The Contractor shall provide legal advice, such as individualized consultations and counseling about forms of relief for which class members may be eligible and the steps necessary to apply for such relief. These individualized consultations and counseling sessions must also assist class members in preparing for EOIR court hearings; and in preparing for USCIS interviews, including review of necessary documentation for the interview, assistance with document preparation for submission to DHS (including any documents for USCIS), and provision of resources to assist with preparation. During the individualized consultations and counseling sessions, the Contractor shall respond to specific concerns/questions regarding matters of immigration law and procedure and provide legal advice based on the person's immigration circumstances. The Contractor must enter a notice of entry of limited appearance (i.e., Form EOIR-61) as required by regulation when assisting a class member respondent in document preparation for submission to EOIR. Prior to the start of each service, the Contractor shall verbally notify the class members that any such assistance or limited appearance is not representation. Legal services providers will be bound by ethical obligations and privileges when providing legal advice as required by state bar and EOIR ethics rules.

   b. <u>Pro Se Workshops.</u> The Contractor shall help class members prepare immigration-related legal documents, appeals, and applications to submit to DHS and/or EOIR, consistent with DHS and EOIR regulations and as authorized by law. This may include limited appearance assistance, as defined under 8 C.F.R. § 1003.17(b). Services include assisting class members and Qualifying Additional Family Members, as defined in the Settlement Agreement, with the necessary parole and employment authorization applications.

   c. <u>Friend of the Court Services.</u> The Contractor shall provide Friend of the Court services to class members, when deemed necessary by the Contractor and where permitted by the immigration court, to facilitate the flow of information in the courtroom, including informing class members about their rights and obligations

and calling attention to law or facts that may help the immigration court. These services may include facilitation of remote access for such services when the location of the participating family and legal services provider is more than 50 miles from the closest immigration court as traveled on commonly traveled routes.

d. <u>Pro Bono Referrals</u>. The Contractor will provide the Government with summaries of cases for pro bono placement for those class members and Qualifying Additional Family Members who consent to inclusion of their information in the Government's online pro bono platform to match them with pro bono practitioners. Summaries shall include an anonymized case identifier for the class member (and Qualifying Additional Family Members); country of origin; best language; and the individual's planned claim(s) for relief or protection, or lack thereof. Once the case is placed with a pro bono provider, EOIR will inform Contractor of the placement using the identifier. Within five business days, the Contractor will provide the pro bono provider with the name and A-Number of the individual(s) to be represented. The Contractor should exercise care to emphasize that referrals do not guarantee representation. The Contractor may also choose to match cases with pro bono practitioners and shall provide case summaries to the Government if the Contractor does not have successful placement within 60 days of intake. Placement will be determined to be successful when the pro bono practitioner has filed a Notice of Entry of Appearance (EOIR-28) with the immigration court or Board of Immigration Appeals or an Entry of Appearance (G-28) with the Department of Homeland Security.

The Contractor shall provide mentorship to support pro bono attorneys on cases that the Contractor matches, through provision of advice and consultation, for class members. The Contractor shall inform all pro bono attorneys about the library of written and recorded training materials prepared by the legal services providers doing the mentorship that EOIR will maintain to help pro bono attorneys assist class members. This library will include resources on substantive and procedural immigration law issues, education on working with vulnerable populations, trauma-informed care, child protection, and immigration-related topics to help with effective representation. All materials produced under this Task Order for provision to class members or pro bono practitioners must be approved by the COR prior to use or release, except related to legal strategy.

VII. **ACCESS TO SERVICES**

To ensure all class members have reasonable and meaningful access to LASRF services, regardless of language or geographic constraints, the Contractor shall:

(1) Communicate and conduct outreach to class members to inform them about the services that are available under the LASRF Program. The Government, under the Protective Order,

    shall ensure the Contractor receives the contact information for eligible class members.

  (2) Coordinate with Class Counsel and any designated provider organizations to ensure class members and Qualifying Additional Family Members are aware of legal services, to maintain continuity of services, and to assist where necessary to ensure reunification.

  (3) Provide class members with transportation stipends for program in-person legal services and/or court appearances when remote services are inappropriate given a class member's language needs or disability. To issue a travel stipend for a class member based on a disability, the Contractor or its subcontractor must receive documentation such as a doctor's note, stating that a disability exists and that disability will prevent meaningful participation in remote services. To issue a travel stipend for a class member based on their language needs, the Contractor must certify that the class member's best language is not one of the top ten languages that is used in EOIR immigration proceedings based on EOIR's Fiscal Year 2023 data. Additional considerations may be accommodated on a case-by-case basis after consultation with the COR and approval by the Government. Records of the disability or language access need must be maintained consistent with Government records schedules and be submitted as a group of files to the Government quarterly. If the Contractor determines that remote services are ineffective for an individual class member who does not have documented need for in-person services (i.e., speaks one of EOIR's top 10 languages or does not have a documented disability), the Contractor must provide such information to the Government for evaluation and determination within three business days as to whether travel costs are approved. If the Government does not make a determination within three business days, the Contractor may proceed with issuing a travel stipend.

  (4) Conduct LASRF services in the language most appropriate for the participating class member. If the individual does not understand the language in which the LASRF services are conducted, the Contractor shall provide trauma-informed interpretation and/or written or recorded materials in a language the individual understands.

## VIII. INVOICING, DATA COLLECTION, AND REPORTING REQUIREMENTS

  (1) Except for the reporting requirements in Section VIII(5), the Contractor shall be in complete compliance with the reporting requirements set forth under this SOW no later than 90 calendar days after 5/1/24, provided the Government has issued the necessary security clearance to the Contractor's staff who will be managing data reporting under the contract. If the Government has not provided the necessary clearance to the Contractor's staff, the Contractor will provide raw collected data to the Government and be granted until 30 days after the security clearances are granted to be in compliance with the reporting requirements to include past due reporting.

  (2) The Contractor shall submit a status report to the Government together with the monthly invoice by the 25th calendar day of the following month, provided that if the 25th calendar day falls on a weekend or holiday, the Contractor shall submit the report on the following business day. The report shall include the names and A-numbers of the class members

served, the unique number of class members served by region and number and type of services provided.

(3) The Contractor shall also submit a monthly outreach report documenting their efforts to offer LASRF services to class members. These outreach reports should include, at a minimum, the name of each class member that the Contractor attempted to contact, the date and time the outreach took place, the manner the outreach occurred (e.g., phone call, text message, email, etc.), the total number of outreach attempts made to each class member, and brief individual explanations for why any class members did not receive services. Monthly outreach reports will be due on the 25th day of the month (or next business day immediately following the 25th if the 25th calendar day falls on a weekend or holiday) of the month following the reporting period.

(4) The Contractor shall submit, based on the fiscal year, a quarterly program management progress report to the COR listing the following services conducted pursuant to this SOW over the past quarter and cumulatively since the beginning of the task order year, including (i) the number of Individual Consultations and Counseling Sessions provided to class members; (ii) the number of Pro Se Workshops provided to class members; (iii) the number of class members provided Friend of the Court services; (iv) the number of class members served through the limited appearance regulation; (v) the total number of unique class members served; (vi) the number of referrals to non-legal resources made; (vii) the number of class members who received assistance with parole applications; (vii) the number of class members who received assistance with employment authorization; and (ix) other data the COR deems necessary. Quarterly reports will be due 45 days after the end of the quarterly reporting period, provided that if the 45th day falls on a weekend or holiday, the Contractor shall submit the report on the following business day.

(5) The Contractor shall provide the Government monthly reports including the names and A numbers of class members and their Qualifying Additional Family Members whom the contractor has assisted with parole applications. Monthly reports regarding outreach and assistance regarding parole applications will be due on the 25th day of the month (or next business day immediately following the 25th if the 25th calendar day falls on a weekend or holiday) of the month following the reporting period.

(6) The Contractor shall be able to meet Department DOJ requirements for the security, privacy, and management of DOJ and EOIR information, records, and systems, as described in the off of which any Task Orders are issued based on this Statement of Work.

(7) Information Release;

   a. The Government shall have full access to data collected for the performance of the task order, not subject to any privilege or otherwise protected from disclosure under the law, and the Contractor shall provide such data to the Government. Information the Contractor collects in the performance of services under this SOW is considered EOIR information and is part of an official EOIR record and

      can be provided to the Government without consent from the class member including, but not limited to, for furthering efforts toward pro bono placement.

    b. For the Contractor to release information and/or documents collected during the performance of services under this SOW to third parties (i.e., not the Contractor, the Government, a subcontractor immediately and directly associated with the class member, or the class member) the Contractor must obtain written consent from the individual to whom the information pertains.

    c. In all instances of information release under this section, written consent must be obtained from each unrepresented adult for themselves and their children individually. A parent or guardian can provide consent for children under 14, and individuals 14 and older can consent for themselves. Individual class member information collected as part of provision of fact-specific legal advice is considered a collection as part of an established attorney-client relationship is not releasable to any third-party without written consent. The Contractor must obtain written consent (e.g., signed Form EOIR-59) from the class member to release to a third-party information and/or documents about the class member collected by the Contractor during the performance of services under this SOW.  Electronic signatures are permitted for written consent. The Contractor must maintain consent records according to applicable Government records retention schedules.

    d. If the Contractor is unable to obtain consent from the class member, or has cause to release the information beyond a signed consent, written authorization from the COR, in consultation with EOIR's Office of the General Counsel, must occur before any such release of information. Without class member consent, the Contractor shall not release information without prior written authorization from the COR, in consultation with EOIR's Office of the General Counsel.

(8) The Contractor shall explain to all individuals receiving LASRF services that the service provider is affiliated with the Contractor/Subcontractor organization, under contract with the Department of Justice, and that the presenter is not the participant's attorney or representative. For all individualized consultations and counseling, Pro Se Workshops, and Friend of the Court Services, the presenter shall also obtain written acknowledgment from each participant stating, in effect, that they (a) understand the presenter is not their attorney or representative in legal proceedings, (b) voluntarily provided their personal information, (c) understand that the program cannot guarantee pro bono representation in their case, and (d) are not represented by an attorney or DOJ Accredited Representative at the time of LASRF services. Written acknowledgment can include electronic signatures. The COR may grant exceptions to the written acknowledgement requirement on a case-by-case basis. Written acknowledgments are considered an official EOIR record and must be maintained by the Contractor as such, according to the record-keeping requirements identified in the off of which any Task Orders are issued for this Statement of Work.

## IX. ADDITIONAL RESPONSIBILITIES

In performing the obligations under the LASRF Program, the Contractor shall:

(1) Report to the COR any problems that arise related to the performance of the specific tasks in this SOW and consult with the COR to resolve such problems.

(2) Coordinate with the COR to conduct visits to monitor performance and provide feedback regarding observed performance to each site that the COR designates. Such visits will be done via remote mechanism absent consultation with and concurrence of the COR. In-person visits will be granted in justified circumstances but will be the exception rather than the typical operation.

(3) Conduct conference calls with all LASRF provider sites and EOIR to discuss program operations and performance, to occur monthly and at any time when either party believes it is necessary. The Contractor shall record written notes memorializing the attendees, announcements, main points, and other relevant information shared in the monthly conference calls. The Contractor shall provide the written transcript to the Government within 3 calendar days from the call and written notes within 21 calendar days from the call.

(4) Ensure that all LASRF service providers, including presenters and consultants, are attorneys, Department of Justice (DOJ) Accredited Representatives with full accreditation, or other Contractor staff working under the direct supervision of an attorney or DOJ Accredited Representative with full accreditation, with reasonable exceptions to be approved by the COR. Direct supervision means that an attorney or DOJ Accredited Representative with full accreditation is present at the site on the day of services to consult with LASRF staff or, in the event of emergent circumstances preventing on-site presence at the location, is reachable by telephone to consult with LASRF staff prior to the completion of LASRF services on the day the guidance is requested. However, if the Contractor is providing services via remote technology, direct supervision means that an attorney or DOJ Accredited Representative with full accreditation is available to the LASRF staff by phone within five minutes of LASRF staff sending notice of a need for contact.

X.  **TERMINATION AND NONCOMPLIANCE**

(1) Contract funds are specifically restricted to the services outlined within this SOW and may not be used to provide "representation" within the meaning of 8 C.F.R. §1001.1(m), including practice and preparation as defined in 8 C.F.R. § 1001.1(j) and (k), and as restricted by section 292 of the Immigration and Nationality Act, 8 U.S.C. § 1362.

(2) In the event the CO or COR finds that the Contractor has failed to comply with the purpose of the LASRF or any provision of this SOW, the Contractor's representative shall be promptly notified in writing of the nature and scope of the deficiency. Upon such notice, the Contractor will have 30 days to respond and/or remedy the deficiency before any further action related to the deficiency is taken by the CO or COR. The CO or COR will

notify the Contractor, within 7 days of any response or attempt to remedy the deficiency, as to whether the Contractor remains out of compliance with this SOW.

(3) The Government may cancel this task order or the provision of LASRF services at a particular site covered by this task order for cause or for the Government's convenience by providing advance written notice to the Contractor.

(4) Services related to this SOW must be performed under this SOW and records of all work performed under this SOW must be maintained separately from any other contract vehicle entered into between the Contractor and the Department of Justice or between any subcontractor and the Department of Justice. Such records must be available to EOIR at EOIR's request and must be maintained according to the record-keeping requirements identified in in the IDIQ.

**\*\*\*\*\*END OF STATEMENT OF WORK\*\*\*\*\***

**Appendix A: Legal Access Services for Reunified Families (LASRF) Statement of Work**

Per the Statement of Work, the Government requires the below-named cities to serve as covered regional office locations for the LASRF Program. With due consideration of the Contractor's assessment of viability of programming at an existing or potential new covered site—to include remote services as necessary—this list is subject to additions and deletions.

1. Annandale/Sterling, Virginia
2. Charlotte, North Carolina
3. Chicago, Illinois
4. Houston, Texas
5. Los Angeles, California
6. Miami, Florida
7. New Orleans, Louisiana
8. Newark, New Jersey
9. San Francisco, California
10. National Pro Bono Provider

# Exhibit B



**U.S. Department of Justice**
Justice Management Division
*Procurement Services Staff*
*Washington, D.C. 20530*

Acacia Center for Justice
Attn: Leah Prestamo
1025 Connecticut Ave. Suite 701
Washington, DC 20036-5417

Date: April 11, 2025

Dear Ms. Prestamo,

SUBJECT:  NOTICE OF INTENT

1. You are hereby given notice that the Government does not intend to exercise Option Period 1 under Task Order # 15JPSS24F00000418, Legal Access Services for Reunified Families.

2. Should you have any questions, please contact me at (202) 532-3256.

*Christina Y. Murray*

Christina Murray
Contracting Officer