YAAKOV M. ROTH
Acting Assistant Attorney General
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 307-4693
william.silvis@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Defendants*. | Case No. 18-cv-00428-DMS-MDD <br><br> Date Filed: April 25, 2025 <br><br> **OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING PROVISION OF LEGAL SERVICES** |

The Court should deny Plaintiffs' motion to enforce (Dkt. 762) because Defendants are entitled to change the method of providing the legal services provided without breaching the Settlement (Dkt. 721-1). The premise of Plaintiffs' motion is the

Defendants' non-renewal of a contract with the Acacia Center for Justice to administer the Executive Office for Immigration Review's ("EOIR") Legal Access Services for Reunified Families ("LASRF") Program is a breach of the Settlement. *See* Dkt. 762 at 5 ("Termination, even for a short period of time, of legal services, would be a clear breach of the terms of the Settlement Agreement, as would any decrease in the level of services"). Not so. Dkt. 721-1, Settlement, Section IV. B.2.c. ("Immigration Legal Services") of the Settlement describes the "legal access and orientation" services that Defendants are required to provide to class members. *Id.* at 10-12. Defendants can provide these services through EOIR's Immigration Court Helpdesk, "or a separate similar program." Dkt. 721-1. The Settlement does not require Defendants to contract with a third party to provide legal services. Additionally, the Settlement does not require Defendants to provide legal services through the same method for the term of the agreement. In the first year of the settlement, from May 1, 2023 through April 30, 2025, Defendants, through EOIR, met this requirement by creating the LASRF Program and contracting with Acacia to provide legal services. *See* Gorman Decl. ¶ 3 (Attached hereto as "Exhibit 1"). Beginning May 1, 2025, however, EOIR decided to administer the LASRF Program services directly "to maximize efficiency in the delivery of the program services." *Id.* Plaintiffs cannot point to any provision in the Settlement that requires Defendants to maintain a contract with Acacia, or with any third-party legal services provider. Nor can they point to any provision in the Settlement that requires Defendants to provide Plaintiffs advance notice

of changes in the how Defendants will provide the legal services. Because Defendants are entitled to make these changes without breaching the Settlement, the Court should deny the motion to enforce.

The Court should also deny Plaintiffs' motion to enforce because Defendants have not breached the Settlement. Notably absent from Plaintiffs' motion is any evidence that Defendants have denied class members the required legal services. Moreover, Plaintiffs do not articulate what relief they want from the Court; presumably, they want the Court to require Defendants to renew the option on the contract for the LASRF Program with Acacia. But the agreement between the parties provided Defendants with flexibility on how to provide the required legal services, *see* Dkt. 721-1, Settlement, Section IV.B.2.c.i.(a), including the option of providing the services directly. Here, beginning on May 1, 2025, Defendants have opted to provide the required legal services through EOIR, which will directly administer the LASRF Program. Gorman Decl. ¶ 3. EOIR's LASRF Program will satisfy the legal access and orientation services that Defendants obligated EOIR to provide to *Ms. L.* Settlement Class members and Qualifying Additional Family members ("QAFMs") under the Settlement Agreement. *Id.* ¶ 4.

Specifically, EOIR's LASRF Program will prioritize remote services using virtual communication platforms based on experience from the first settlement year that participants preferred these services, while maintaining at least eight regional offices for in-person services. *Id.* ¶ 5. Additionally, to help the greatest number of class members to

3

meet their filing deadlines and to reduce waiting times, the program will focus on group services. *Id.* EOIR has also taken steps to centralize communication for case referrals, and will utilize those referrals to conduct outreach and schedule services for class members and QAFMs. *Id.* ¶ 6. EOIR will advertise and provide instructions to class members and QAFMs on how to utilize LASRF Program services. *Id.* Finally, EOIR will work with other government agencies and their contractors to connect class members and QAFMs to legal services, and it will leverage its existing public outreach efforts to facilitate pro bono representation. *Id.* Accordingly, because EOIR will provide the legal access and orientation services that Defendants obligated EOIR to provide to class members and QAFMs under the Settlement Agreement, the Court should deny the motion to enforce.

Finally, the Court should deny Plaintiffs' motion to enforce Plaintiff did not follow the dispute resolution procedures required by the Settlement. The parties agreed to a specific dispute resolution process that they would follow "before seeking enforcement with the Court." *See* Dkt. 721-1, Settlement, Section VII. That procedure includes notice by the complaining party, an opportunity to respond by the receiving party, and the opportunity to resolve the dispute through a meet and confer, or a mediator, before seeking relief from the Court. *Id.* Plaintiffs excuse themselves from this requirement by arguing that "Defendant's nonrenewal of the legal services contract occurred . . . less than 30 days

before the provided services would end." Dkt. 762 at 8.[1] But as set forth above, the non-renewal of the contract with Acacia is not a breach of the Settlement. Accordingly, the Court should deny Plaintiffs' motion to enforce the Settlement based on Plaintiffs' failure to follow the agreed procedure for resolving disputes.

## Conclusion

For these reasons and others, the Court should deny Plaintiffs' motion to enforce.

---

[1] Plaintiffs also attempt to justify non-compliance with the Settlement by citing correspondence between counsel when Plaintiffs first learned that the contract with Acacia would not be renewed. Mot. at 5. Defendants attach the entirety of the email correspondences Class Counsel reference in their motion to provide complete context for the portions Class Counsel quoted (Attached hereto as "Exhibit 2"). Defendants note in particular that, contrary to Class Counsel's assertion, Dkt. 762 at 1 n.1, 6, their email on April 15 did not clearly raise a possible breach as it (equivocally) equated a lapse in the contract with a lapse in services—which is not the case. Notably, as explained here, the agreement does not expressly provide that Defendants must contract with a third-party contractor to provide the required legal services.

DATED: April 25, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

*/s/ William C. Silvis*
WILLIAM C. SILVIS
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 307-4693
william.silvis@usdoj.gov

Attorneys for Defendants

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is Box 878, Ben Franklin Station, Washington, DC 20044. I am not a party to the above-entitled action. I have caused service of the accompanying **OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING PROVISION OF LEGAL SERVICES** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 25, 2025                           *s/ William C. Silvis*
                                                William C. Silvis