Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br><br> Date Filed: April 28, 2025 <br><br> **REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING PROVISION OF LEGAL SERVICES** |

Defendants did not alert Class Counsel of any intent to change the method of providing services until *after* they issued the decision not to renew the Acacia contract. It was only after Plaintiffs independently learned of this decision that Defendants announced their intent to make a complete change in how legal services will be provided.

Now, with only two days left on the current contract, Defendants have not communicated with Acacia as to how services or information about beneficiaries can be transitioned. Supp. Van Hofwegen Decl. ¶ 4. And Defendants' proposed plan for meeting their obligations under the Agreement – which consists of three paragraphs in a single declaration – provides *no* concrete information about basic functions, staffing, resources, timeline, and actual programmatic content. More importantly, Defendants' plan is *per se* unacceptable at the outset because the government cannot be the entity that provides legal advice when it is the government itself that will have rule on the cases of class members.

Fundamentally, Defendants' plan to provide the legal services through the Executive Office of Immigration Review is flawed. As set out in the attached declarations, EOIR staff cannot provide class members with the legal advice required by the Agreement. *See* Section IV.B.2.c.i.(a); Supp. Chadwick Decl. ¶¶ 2-5 (detailing ethical and regulatory bars to EOIR's provision of legal advice); Lakhani Decl. ¶¶ 5-8; Supp. Van Hofwegen Decl. ¶ 3.

Moreover, even if it were not *per se* unacceptable to have a government agency provide legal advice, Defendants' plan does not at all explain how services will be provided as a practical matter. There is no indication Defendants have developed adequate systems to fulfill the requirements of the Agreement, including but not limited to: the basic need to effectively reach out to and communicate with class members, to provide the necessary logistical support in submitting applications, to provide the required mentorship to pro bono attorneys, and to develop a system to

intake and prioritize referrals. Supp. Chadwick Decl. ¶¶ 6-11; Lakhani Decl. ¶¶ 9-12; Fritz Decl. ¶ 8-12, 15-17 (describing the process of communicating with and assisting class members). Nor is there any indication Defendants can develop and resource these systems in time to ensure class members meet impending deadlines for crucial relief such as parole, employment authorization, and asylum applications. Supp. Chadwick Decl. ¶ 12; Lakhani Decl. ¶¶ 12-13; Supp. Van Hofwegen Decl. ¶ 9. Plaintiffs do not disagree that the Defendants may implement the legal services provisions of the Settlement Agreement through a structure other than the existing contract. But Defendants must actually implement these services and do so effectively, again even assuming that a *government* agency can be the entity providing legal advice.

The proper course for Defendants to effectuate a transition of services, consistent with the Settlement Agreement, was to communicate that intent sufficiently in advance of the end of a complex services system and to allow for a full airing of the sufficiency and design of the substitute. That was not done. Instead, the decision was made abruptly, without any external input, and without any apparent consideration of the requirements of the Agreement. Supp. Van Hofwegen Decl. ¶ 5.

The Court should reject the government's new legal services plan and order a continuation of the current contract to provide legal services without interruption. Should the government wish to pursue alternatives, the Court should order that any plan, with operational details, be submitted sufficiently in advance of the end of the contract date to allow Plaintiffs to assess and, if needed, contest its sufficiency. But under no circumstances can the plan be for the *government* to provide legal advice on cases that it will adjudicate.

## CONCLUSION

For these reasons, the Court should grant the Motion to Enforce.

| | | |
|---|---|---|
| 1 | DATED: April 28, 2025 | Respectfully submitted, |

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 28, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

                                        /s/ Lee Gelernt
                                        Lee Gelernt