**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>*Defendants*. | Case No. 18-cv-00428-DMS-MDD<br><br>Date Filed: April 30, 2025 |

**<u>SUPPLEMENTAL DECLARATION OF STEPHANIE E. GORMAN</u>**

I, Stephanie E. Gorman, declare as follows:

1. I am the Acting Assistant Director of Policy for the Executive Office for Immigration Review (EOIR), which is an agency within the U.S. Department of Justice (DOJ). EOIR's mission is to adjudicate immigration cases by fairly, expeditiously, and uniformly interpreting and administering the Nation's immigration laws. Under delegated authority from the Attorney General, EOIR conducts immigration court proceedings, appellate reviews, and administrative hearings. I was appointed as EOIR's Acting

1

Assistant Director of Policy in February 2025. Prior to assuming this position, I served as an Assistant Chief Immigration Judge from January 2025 to February 2025, an Appellate Immigration Judge from 2019 to 2025, and an Immigration Judge from 2017 to 2019. I submit this declaration to supplement my prior declaration dated April 25, 2025, and filed with this Court on April 25, 2025 (Document 765-1).

2. This declaration is based on my personal knowledge and information made available to me in the course of my official duties.

3. Following class counsel's filing of the "Reply in Support of Motion to Enforce Settlement Agreement Provision of Legal Services" and additional declarations attached thereto, this supplemental declaration is provided for further clarification and explanation of services pertaining to the transfer of the management and operation of the Legal Access Services for Reunified Families (LASRF) Program, from a contractor to EOIR.

4. Beginning on May 1, 2025, EOIR will administer LASRF Program services directly under a federalized program to maximize efficiency in the delivery of these program services. *See* Document 765-1. More specifically, EOIR will coordinate with the Department of Homeland Security (DHS) and the Department of Health and Human Services (HHS), as well as their contractors currently providing services to class members, to deliver these services through EOIR under a federalized program. EOIR met with DHS on Wednesday, April 30, 2025, to coordinate logistics for this transition. EOIR will begin

accepting referrals and information on class members and QAFMs beginning May 1, 2025, from DHS and HHS and their contractors (including International Organization for Migration and Seneca Family of Agencies). To begin the transition, on April 29, 2025, EOIR through the Justice Management Division (JMD) requested that Acacia provide the current waitlist information as well as the materials that have been created under the contract. Additionally, EOIR requested that Acacia provide other program deliverables to include a Quarterly Report, April Conference Call Notes, April Monthly Report, Final Surge Pricing Lists for Regional Services and National Pro Bono Services, and the April invoice.

5. Beginning on May 1, 2025, EOIR will begin to contact class members on the current LASRF services' waitlist, along with any new referrals received, to inform such class members about the availability and scheduling of Program services.

6. By May 15, 2025, EOIR personnel will begin providing regularly scheduled group sessions and self-help workshops on a rotating set of topics to class members and Qualifying Additional Family Members (QAFMs) to equip them with the knowledge and information to successfully navigate their immigration proceedings. Topics may include, but are not limited to, class member rights and obligations, informational sessions covering various forms of relief from removal (including asylum and similarly related relief), how to complete immigration forms and collect supporting documentation (including applications for parole and employment authorization), how to properly submit

forms and applications to USCIS and the Immigration Court, how to prepare for Immigration Court Hearings and USCIS interviews, and how to respond to requests for evidence and notices of intent to deny.

7. If there are any material changes in the law or to the settlement implementation that impact *Ms. L.* class members and QAFMs, EOIR will offer additional group sessions to specifically address such changes.

8. These sessions will be offered in person on a rotating basis in at least eight regional locations based on interest and location availability. Sessions will additionally be provided virtually, which will allow the maximum number of *Ms. L.* class members and QAFMs to participate. Information on the time and method of delivery will be provided to class members and QAFMs by telephone or email. To increase awareness of the availability of these services, this information will be shared with DHS and HHS and their contractors who have contact with class members and QAFMs.

9. Currently, the International Organization for Migration (IOM), a contractor for DHS, operates the "Help Desk" required by Section VI(A)(2)(c)(iv) of the settlement agreement. On or before May 1, 2025, EOIR will provide DHS and HHS with talking points to share with their contractors, which will include up-to-date information to share with settlement class members concerning obtaining legal services under EOIR's federalized program.

10. Information on the availability of sessions and how to request more information will also be included on the webpage that EOIR will launch on May 1, 2025. This information will be updated in real time to reflect the current session offerings. By May 15, 2025, this webpage will also include information and resources specific to class members and QAFMs.

11. In addition, EOIR will leverage its existing pro bono network, including those listed on the EOIR Pro Bono List,[1] to connect interested class members with available pro bono representatives to provide representation. EOIR will refer all interested class members for pro bono representation. EOIR maintains a policy of encouraging pro bono representation by all of its adjudicatory components and facilitates pro bono representation in multiple ways. *See* Policy Memorandum 21-08, Pro Bono Legal Services (Dec. 10, 2020).

12. Pro bono representation can provide greater legal support and continuity of services for class members. Rather than EOIR providing legal services directly, pro bono representatives can more appropriately provide legal advice and individualized support by assisting class members through their immigration proceedings before USCIS and EOIR. As required by the settlement, EOIR will provide a library of resources for pro bono attorneys with specific resources related to representation of *Ms. L.* Settlement Class

---

[1] The List of Pro Bono Legal Service Providers is currently found at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers.

members. EOIR will also further develop and provide additional Model Hearing Program[2] materials to assist with pro bono representation. *See Model Hearing Program, Immigration Court Online Resource* found at https://icor.eoir.justice.gov/en/model-hearing-program.

13. At the time that the Court approved this settlement agreement, EOIR allowed Friend of the Court services. *See* Director's Memorandum 22-06, Friend of the Court (May 5, 2022) (rescinded and cancelled). On February 4, 2025, Acting Director Sirce Owen rescinded and cancelled Director's Memorandum 22-06 and reinstated Policy Memorandum 20-05, Legal Advocacy by Non-Representatives in Immigration Court. *See* Policy Memorandum 25-18, Cancellation of Director's Memorandum 22-06 and Reinstatement of Policy Memorandum 20-05 (Feb. 4, 2025). Given that Friend of the Court Services are no longer permitted at EOIR, and the settlement states that such services may be provided "where allowed by the immigration court," ECF No. 721-1, Section IV.B.2.c.i(a), at 11, EOIR will not manage the provision of such services and instead will conduct pro bono referrals as described above.

This declaration is made pursuant to 28 U.S.C. § 1746. I declare under the penalty of perjury that the foregoing is true and correct.

---

[2] The Model Hearing Program is an educational program by EOIR designed to provide Government attorneys, private attorneys, and potential or newly accredited representatives with information about practices and procedures related to advocacy in Immigration Court. The program provides substantive and practical Immigration Court training.

Executed on this 30th day of April 2025.

STEPHANIE GORMAN
Digitally signed by STEPHANIE GORMAN
Date: 2025.04.30 14:12:48 -04'00'

_____
Stephanie E. Gorman
Acting Assistant Director, Office of Policy
Executive Office for Immigration Review