Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>   *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>   *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: June 30, 2025<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING THE PROVISION OF SERVICES** |

# INTRODUCTION

The background facts are set forth in detail in Plaintiffs' opposition to the Defendants' Rule 60 motion regarding Seneca, and will not be fully repeated here

Plaintiffs respectfully move to enforce Sections IV.B.1.a., b., and d. of the Settlement Agreement, ECF No. 721-1. As Defendants concede in their Rule 60(b) Motion, Defendants' recent decision not to renew the contract with Seneca Family of Agencies ("Seneca") to provide case management, behavioral health, class-member outreach, and other services under the Settlement Agreement has and will continue to result in Defendants' breach of the Settlement provisions requiring that they make such services available to the class members. Settlement §§ IV.B.1.a., b., and d.; *see also* Gov't's Rule 60(b) Mot. at 4, ECF No. 792.[1] Since Defendants chose not to renew Seneca's contract on June 9, 2025, Defendants have completely failed to provide class members with access to these critical services. *See* Decl. of Leticia Galyean Sturtevant ¶ 18 (June 30, 2025), ECF No. 805-1; Second Suppl. Decl. of Kelly Kribs ¶ 23 (June 30, 2025), ECF No. 805-2.

# JURISDICTION AND LEGAL STANDARDS

The Settlement provides that the Court has exclusive jurisdiction to enforce its provisions. *Ms. L. v. U.S Immig. and Cust. Enf't*, No. 18-cv-0428, 2025 WL 1657597, at *4 (S.D. Cal. June 10, 2025) (citing Settlement § VII.D.); *see also* Settlement § VII.B. When resolving a motion to enforce a settlement, this Court looks California state contract principles and applies a preponderance of the evidence standard. *Id.* (citing *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004); *Buss v. Superior Ct.*, 16 Cal. 4th 35, 54 (1997)). No showing of irreparable

---

[1] Defendants have moved for temporary relief from these provisions of the Settlement while they re-solicit bids for a new service provider contract. Defs.' Rule 60(b) Mot., ECF No. 782. Plaintiffs have separately opposed this motion. *See* Pls.' Opp'n to Defs.' Rule 60(b) Mot., ECF No. 805.

harm is required. *See Flores v. Sessions*, 394 F. Supp. 3d 1041, 1049 (C.D. Cal. 2017).

## ARGUMENT

**I. DEFENDANTS HAVE BREACHED THE SETTLEMENT BY NOT FAILING TO PROVIDE CLASS MEMBERS WITH ACCESS TO SUPPORT AND SERVICES.**

The Settlement provides in Section IV.B.1 that "[t]he government will provide support and services to *Ms. L.* Settlement Class members already in the United States, or who have returned to the United States," including:

- "mak[ing] behavioral health services available,"
- "making assistance available in paying [certain medical] copayments,"[2]
- "providing legal access and orientation," and
- "mak[ing] housing assistance available."[3]

*Id.* § IV.B.1.a.–d.

As this Court recognized in its recent Order finding Defendants in breach of separate Settlement sections requiring the provision of legal services, the family separation policy that led to this Settlement "caused lasting, excruciating harm to these [separated] families, and gratuitously tore the sacred bond that existed between these parents and their children." *Ms. L.*, 2025 WL 1657597, at *1. "The parties agree that the support and services" available under the Settlement "are *necessary* to facilitate successful reunifications and/or to prevent any ongoing harm caused by the

---

[2] The provision of medical cost assistance requires Defendants to "make assistance available in paying the copayments incurred by *Ms. L.* Settlement Class members when receiving medical services at Federally Qualified Health Centers during a 12-month eligibility period." Settlement § IV.B.2.b.

[3] Section IV.B.2.d provides that "Defendants will make housing assistance available to *Ms. L.* Settlement Class members in meeting housing needs, as determined necessary by a benefits administration contractor or grantee during a 12 month eligibility period." Settlement § IV.B.2.d.

initial separation." Settlement § IV.B.1 (emphasis added). To provide these services, Defendants contracted with Seneca to provide class members with access to nearly every benefit under the Settlement, including behavioral health care, medical co-payment assistance, and housing assistance. *See* Pls.' Rule 60(b) Opp'n at 5–6 (citing Galyean Sturtevant Decl. ¶¶ 3–5; Second Suppl. Kribs Decl. ¶¶ 10–15, 22–23; Suppl. Decl. of Sara Van Hofwegen ¶ 9 (Apr. 28, 2025), ECF No. 766-2).[4] But on June 9, 2025, with two option years left on its contract with Seneca, Defendants allowed the contract to expire without renewal and without any other provider in place to connect class members with these services. Pls.' Rule 60(b) Opp'n at 6. Defendants did so despite Seneca repeatedly inquiring about whether the contract would be renewed and informing the Government that all of its services would be terminated on June 10, 2025, if the contract was not renewed. *See id.* at 6–7.

By deciding not to renew Seneca's contract and by failing to timely rebid the contract to avoid any gap in sevices, Defendants have breached their obligations under the Settlement, which requires that Defendants "will provide support and services" to the class, including making housing assistance, mental health services, and assistance with medical co-payments available to class members. Settlement § IV.B.1, IV.B.1.a, b., and d. Defendants concede this in their Rule 60(b) Motion for relief from these provisions; in his declaration, Brian Goodger, the Head of Contracting for the Health Resources & Services Administration ("HRSA") at the U.S. Department of Health and Human Services ("HHS"), attests that "[w]hile HHS engages in the re-solicitation process, Defendants will be unable to comply with sections IV.B.2.a, IV.B.2.b, and IV.B.2.d of the *Ms. L.* Settlement Agreement." Decl. of Brian Goodger ¶ 16, ECF No. 792-2; *see also* Gov't's 60(b) Mot. at 4 (citing the Goodger Declaration).

---

[4] The facts relating to Seneca Family of Agencies are set forth in full in Plaintiffs' Opposition to Defendants' Rule 60(b) Motion. *See* Pls.' Rule 60(b) Opp'n.

Defendants "cannot just simply disregard" the obligations it made to separated families under the Settlement. *Ms. L.*, 2025 WL 1657597, at *6 (citing *Chula Vista Police Officers' Ass'n v. Cole*, 107 Cal. App. 3d 242, 247–48, 165 Cal. Rptr. 598 (1980) ("Why negotiate an agreement if either party can disregard its provisions? . . . . What integrity would be left in government if government itself could attack the integrity of its own agreement?") (citation omitted)). By ending the Seneca contract, that is precisely what they have done.

## II.   REMEDIES

Plaintiffs seek the following remedies:

1.   An order finding Defendants in breach of Section IVB.2.a., b., and d.

2.   An order requiring Defendants to take all reasonable steps to expeditiously re-contract with Seneca for at least a one-year term to provide services under Section IV.B.2.a., b., and d., to *Ms. L.* class members, through a sole source contract if necessary to effectuate prompt restoration of Settlement services.[5] If Defendants wish to pursue a contract bidding process while the services through Seneca have been restored, the Seneca contract shall continue unless and until Defendants award and are able to begin such a new contract that meets the terms of the Settlement Agreement with a separate services provider; and

3.   All other just and equitable relief the Court deems proper, including the extension of various Settlement deadlines as further briefed by the parties.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion.

DATED: June 30, 2025                              Respectfully submitted,

---

[5] *See* Galyean Sturtevant Decl. ¶ 21 (explaining importance of a contract of sufficient duration); *see also* Pls.' Rule 60(b) Opp'n at 8–9.

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

                                  /s/ Lee Gelernt
                                  Lee Gelernt