Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br><br> Date Filed: June 30, 2025 <br><br> Hearing Date: July 18, 2025 <br><br> **MOTION TO ENFORCE SETTLEMENT AGREEMENT PROVISIONS REGARDING THE INDEPENDENT ADJUDICATOR AND TRAVEL-RELATED ASSISTANCE** |

# INTRODUCTION

Plaintiffs respectfully move to enforce the Settlement Agreement as to Sections III and IV.A., ECF No. 711-1, and the Court's Order Appointing an Independent Adjudicator, ECF No. 729. The Court's intervention is necessary because Defendants have breached and continue to breach their obligations to separated families under the Settlement and Court's Orders in two substantial ways.

First, Defendants have refused to pay the Independent Adjudicator for his work adjudicating disputes over class membership. Because Defendants have not paid invoices for work already performed and have given no indication they would pay for future adjudications, all work by the Independent Adjudicator has stopped. This means families whose eligibility for the Settlement is disputed by Defendants are stuck, unable to have their claim to class membership adjudicated.

Second, Defendants have stopped funding the International Organization for Migration ("IOM") to cover travel and logistical expenditures for class members abroad who are granted humanitarian parole and are seeking to reunify in the United States. In so doing, Defendants have breached Section IV.A of the Settlement, which requires that Defendants to return class and certain family members to the United States at Defendants' expense, including the cost of travel and related support. Class Members and family members approved to be brought to the United States and reunited are thus also stuck, and unable to travel.

The parties met and conferred on June 24, 2025. Counsel for Defendants did not have information at that time regarding funding for IOM and have not provided a response to the alleged breach since that meeting. Defendants have not disputed that they have failed to pay the Independent Adjudicator.

## JURISDICTION AND LEGAL STANDARDS

The Settlement provides that the Court has exclusive jurisdiction to enforce its provisions. *Ms. L. v. U.S Immig. and Cust. Enf't*, No. 18-cv-0428, 2025 WL

1657597, at *4 (S.D. Cal. June 10, 2025) (citing Settlement Agreement § VII.D.); *see also* Settlement § VII.B. When resolving a motion to enforce a settlement, this Court looks California state contract principles and applies a preponderance of the evidence standard. *Id.* (citing *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004); *Buss v. Superior Ct.*, 16 Cal. 4th 35, 54 (1997)). No showing of irreparable harm is required. *See Flores v. Sessions*, 394 F. Supp. 3d 1041, 1049 (C.D. Cal. 2017).

## ARGUMENT

### I. DEFENDANTS HAVE BREACHED THE SETTLEMENT AND THE COURT'S ORDER APPOINTING AN INDEPENDENT ADJUDICATOR BY FAILING TO PAY THE ADJUDICATOR'S INVOICES.

The Government has breached Section III of the Settlement and the Court's Order Appointing an Independent Adjudicator by refusing to pay the Independent Adjudicator. As a result, the Independent Adjudicator has stopped hearing these appeals and any families whose membership in the Class is disputed by Defendants are stuck without a resolution of whether they are in fact in the Class and entitled to the Settlement's benefits.

    1.    <u>The Settlement's Procedure to Determine Class Membership</u>

Section III of the Settlement establishes a multi-step procedure to "resolve all issues regarding" whether a family is included in the Ms. L Settlement Class. As relevant here, after an individual seeking to be included in the class registers on a website, the Family Reunification Task Force Research Committee ("FRTF"), makes an initial determination of whether they qualify. That initial determination can be challenged to the FRTF by class counsel. And after that challenge, if the FRTF continues to maintain that the person is not eligible for class membership, class counsel may appeal to the Independent Adjudicator, who "will . . . determine de novo whether the preponderance of evidence supports the determination." *Id.* On December 11, 2023,

the Court appointed an Independent Adjudicator, negotiated and jointly requested by the parties, for a term of three and a half years—or until June 11, 2027. Appointment Order ¶ 3 (Dec. 11, 2023), ECF No. 729; *see also* ECF No. 725.

The Settlement provides that the "[t]he independent adjudicator will issue an order as to who pays the cost for any adjudication brought to him or her." *Id.* The Court's Appointment Order echoes this requirement. Appointment Order ¶ 2, ECF No. 729; *see also* ECF No. 725. Through 22 appeals, all have resulted in costs to be paid by Defendants—in 18 cases because the person applying for class membership prevailed and was added to the class, and in four cases because "the appeal, though unsuccessful, was reasonable and based on non-frivolous claims of error." Appointment Order ¶ 2; *see* Decl. of Daniel Galindo ¶¶ 7–8 (June 30, 2025).

The Appointment Order also requires that the party ordered to pay "will use all good faith efforts to pay the costs within 60 days of receipt of the Independent Adjudicator's [monthly] invoice." Appointment Order ¶¶ 8, 10. "If either party disputes a bill from the Independent Adjudicator," the Order provides that party "10 days" to "submit objections to" or "request additional documentation from" the Independent Adjudicator. *Id.* ¶ 11. "If any dispute over the . . . bill is not resolved within 15 days, the objecting party will submit the dispute to the Court for resolution," which suspends the 60-day payment deadline until the Court issues a final order. *Id.*

2. <u>The Government's Failure to Pay the Independent Adjudicator's Invoices Constitutes a Breach of the Settlement and Appointment Order.</u>

Defendants have failed to pay the Independent Adjudicator's invoices for any adjudications since January 1, 2025. *See* Galindo Decl. ¶¶ 10–12. To date, Defendants has refused to pay invoices for nine adjudications in January and February of 2025, totaling $29,142.50. *Id.* While the Appointment Order sets forth procedures to contest an invoice, it appears that the Government has not even attempted to comply with these provisions; it does not appear to have submitted any objections to the Independent

Adjudicator regarding any invoice, it does not appear it has requested any additional documentation from him for any of these invoices, and it has not filed any objection to any of these bills with the Court. *See id.* ¶ 12. Defendants have simply refused to pay the invoices, without providing any justification at all.

Solely because Defendants have refused to pay for work performed, the Independent Adjudicator has stopped adjudicating over any appeals since March 18, 2025. *Id.* ¶ 4. Three appeals are fully briefed; ten more are eligible for appeal. *Id.* ¶ 13.

## II. DEFENDANTS' HAVE BREACHED THE SETTLEMENT BY FAILING TO PROVIDE IOM FUNDS FOR TRAVEL COSTS FOR CLASS MEMBERS ABROAD.

Defendants have breached Section IV.A. of the Settlement by failing to provide sufficient funds to IOM to cover travel expenditures and related support that is necessary to facilitate class and qualifying family members' return to and reunification in the United States.

### 1. Settlement Provisions – Section IV.A

Section IV.A. of the Settlement provides that "Defendants will establish processes to provide the opportunity for all Ms. L. Settlement Class members to be able to reunify with their separated parent, Legal Guardian, or child" and "will also provide a process by which" certain qualifying family members "can similarly be provided an opportunity to live with the reunified parent or Legal Guardian and child in the United States." Settlement § IV.A. The Section further provides that:

> Defendants **will** return to the United States Ms. L. Settlement Class members and certain Qualifying Additional Family Members that the FRTF Research Committee determines are necessary for reunification **at the government's expense, including the costs of travel and related support, to include travel support that is necessary to facilitate return and reunification.**

*Id.* (emphasis added). The Settlement sets out these processes in Section IV.C.1. Under this Section, certain class and family members, including those who are not currently in

4

the United States, "will have the opportunity to apply" with the U.S. Citizenship and Immigration Services ("USCIS") for humanitarian parole for a period of 36 months under section 212(d)(5) of the Immigration and Nationality Act. *Id.* § IV.C.1.

  2. <u>International Organization for Migration</u>

  Since 2021, IOM has contracted with Defendants to support the reunification of *Ms. L.* class members abroad. Third Suppl. Decl. of Anilú Chadwick ¶ 2 (May 23, 2025), ECF No. 783-6. As part of this contract, IOM has provided critical financial and logistical assistance to class members traveling back to the United States such as passport applications, exit fees, in-country transportation and lodging, assistance at airports, and international travel to the United States, among other assistance. *See id.* ¶ 5 & Ex. B. Without this support, many separated families who have been granted humanitarian parole would not have the ability to travel back to the United Stated to reunify with their parents or children.

  But since at least mid-May of 2025, Defendants have not provided sufficient funding to IOM to cover these necessary expenditures. On May 15, 2025, IOM informed a partnering organization, Together & Free,[1] that a family—a separated child, her partner, and their toddler—had all been conditionally approved for humanitarian parole, but that IOM had "not yet received the full funding necessary to cover the family's international flight costs or domestic travel to the airport of departure," could not "offer direct assistance at the airports of departure or arrival in the United States," and was "no longer in a position to incur costs on behalf of the [family] until funds are received." Fourth Suppl Decl. of Anilú Chadwick ¶ 2 & Ex. A (June 30, 2025). IOM explained that "[a]t this time, due to the absence of available funds from our donor,

---

[1] Together & Free is "a nonprofit organization that provides direct legal and logistical support to families affected by the government's family separation policy." Third Suppl. Decl. of Anilú Chadwick ¶ 1, ECF No. 783-6. Together & Free has coordinated closely with IOM since 2021 to facilitate family reunifications. *Id.* ¶ 2.

IOM is compelled to halt all operations and direct assistance activities that require financial expenditure" and that their support "will be limited to non-monetary activities, such as providing information." *Id.* ¶ 2 & Ex. A. IOM noted that "this forced decision made by IOM has been communicated to DHS." *Id.*

On May 30, 2025, IOM informed Justice in Motion about two additional families IOM did not have funds to assist. Decl. of Nan Schivone Exs. 1–2 (June 25, 2025). Both families are currently in Guatemala and have been conditionally approved for parole but, as IOM informed Justice in Motion in both cases, IOM is not "in a position to incur costs on behalf of the separated child" or his family members "until funds are received." *Id.* Exs. 1–2. On June 25, 2025, Together & Free inquired whether IOM had received the necessary funding to support reunifying families' travel expenses. Fourth Suppl. Chadwick Decl. ¶ 2 & Ex. 2. IOM responded that, the "status of the project remains the same" in that "IOM assistance to Ms. L cases is currently limited to non-monetary activities," and "[a]ll activities that represent monetary expenditures are paused until further notice." *Id.* ¶ 2 & Ex. 2.

Defendants failure to provide sufficient funds to cover travel expenditures such as airfare, other transportation costs, assistance at the airport, and smaller but necessary costs such as fingerprinting fees is a direct violation of its obligations under Section IV.A: that Defendants "will return" class and certain family members "at the government's expense, including the costs of travel and related support, to include travel support that is necessary to facilitate return and reunification." Settlement § IV.A. As Anilu Chadwick, Pro Bono Director at Together & Free, explains in her declaration, "[t]he cessation of IOM's financial support has effectively barred reunification for families who, after nearly seven years of separation and full compliance with procedural requirements, are now unable to travel solely due to a lack of funding." Third Suppl. Chadwick Decl. ¶ 7.

## III. REMEDY

Plaintiffs request that the Court find Defendants in breach of the Settlement for failure to pay the Independent Adjudicator and failure to properly fund IOM to return families at Defendants' expense. Plaintiffs further request that the Court enjoin Defendants from removing anyone who is eligible to appeal a FRTF determination that they are not a class member.

## CONCLUSION

Plaintiffs respectfully request that the Court enforce Sections III and IV.A. of the Settlement Agreement, ECF No. 711-1, and the Court's Order Appointing an Independent Adjudicator, ECF No. 729.

DATED: June 30, 2025                    Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt