BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
CARA E. ALSTERBERG
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, et al <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD <br><br> Date Filed: July 8, 2025 <br> Hearing Date: July 17, 2025 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING THE PROVISION OF CERTAIN SERVICES** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

3:18-cv-00428

## INTRODUCTION

Defendants already have acknowledged that they must engage a contractor to fulfill certain obligations under sections IV.B.2.a and IV.B.2.b of the *Ms. L.* Settlement Agreement. Consequently, Defendants have sought temporary and suitably-tailored relief from those obligations while they undertake the re-solicitation process. *See* ECF No. 792. In their motion to enforce, ECF No. 806, Plaintiffs raise no new facts and have not shown that class members will not receive the full benefits contemplated under the Settlement Agreement. Instead Plaintiffs retread previously conceded ground. Nor do Plaintiffs show that they will not receive the benefits to which they are entitled under the terms of the *Ms. L.* Settlement Agreement. In short, Plaintiffs' motion is unnecessary and should be denied.

## BACKGROUND

Under the *Ms. L.* Settlement Agreement, Defendants agreed to provide class members with the following services: behavioral health services for three years, ECF No. 721-1 § IV.B.2.a; assistance with certain medical copays for one year during the duration of the Settlement Agreement, *id*. § IV.B.2.b; and housing support, § IV.B.2.d. As class counsel are well aware, to provide the first two (behavioral health and medical copays), Defendants modified an existing contract with Seneca Family of Agencies (Seneca) for the purpose of meeting their commitments. Since March 2024, Defendants, through Seneca, provided these services to thousands of class members without a quibble from class counsel.

According to Seneca's President and Chief Executive Officer—whose declaration Plaintiffs submitted—Seneca, through its contract with Defendants, has reached out to 5,739 families, provided behavioral health services for 1,433 individuals, and administered medical co-payments benefits, including 566 co-payments at Federally

1 Qualified Health Centers (FQHCs), ECF No. 805-1 ¶¶ 4, 5, to meet Defendants' commitments under sections IV.B.2.a and IV.B.2.b of the *Ms. L.* Settlement Agreement.

On January 20, 2025, the President issued Executive Order 14151, Ending Radical and Wasteful Government DEI Programs and Preferencing, 90 Fed. Reg. 8339 (Jan. 20, 2025), requiring each federal agency to terminate, to the maximum extent by law, all DEI performance requirements for contractors. Defendant U.S. Department of Homeland Security (DHS), which had $26.7 billion in total obligations and 65,000 actions in FY2024 alone,[1] could not reasonably be expected to review each contractor holding contracts funded by DHS within a short period of time.

On June 9, 2025, less than 5 months after President Trump signed the Executive Order, DHS referred Seneca to the Department of Labor's Office of Federal Contract Compliance Programs for investigation based on statements on Seneca's website that raised concerns about potential violations of federal anti-discrimination laws. ECF No. 792 at 5; ECF No. 792-1; ECF No. 792-2 ¶ 14. On June 10, 2025—the very next day—DHS referred the matter to the Equal Employment Opportunity Commission (EEOC). ECF No. 811-1. On that day, Defendants also asked the Court for temporary, suitably-tailored relief from their obligations under sections IV.B.2.a and IV.B.2.b of the *Ms. L.* Settlement, to allow Defendants time to complete the required processes for solicitation of a new contract. *See* ECF No. 792. The factual and procedural history supporting Defendants' motion for relief are set forth in that motion. *Id*.

---

[1] FY2024 Office of the Chief Procurement Officer Annual Report, available at https://www.dhs.gov/sites/default/files/2025-02/25_0203_cpo_annualReport2024.pdf (viewed July 8, 2025), at 12.

## STANDARD OF REVIEW

Jurisdiction to decide claims of breach of the *Ms. L.* Settlement is in this Court. ECF No. 721-1 § VII.B. This Court looks to principles of local law which apply to interpretation of contracts generally. ECF No. 795 at 7 (citing *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) (internal citations and quotation marks omitted)). The Court applies California law, where the preponderance of the evidence standard applies to motions to enforce settlement agreements. *Id.* (citing *Buss v. Superior Court*, 16 Cal. 4th 35, 54 (1997) (holding preponderance of the evidence standard applies to "contractual causes of action").

## ARGUMENT

Despite Defendants' pending motion for temporary, suitably-tailored relief from specific obligations in the *Ms. L.* Settlement Agreement, Plaintiffs filed the instant motion, arguing that Defendants are in breach. Defendants sought temporary relief so that they may complete the resoliciting process and enter into a new contract to provide certain services Defendants agreed to provide under the *Ms. L.* Settlement Agreement. Plaintiffs ask the Court to order Defendants to enter into a sole-source contract with Seneca or "continue" with Seneca—even though Defendants' contract with Seneca has expired, pursuant to that contract's own terms. ECF No. 80 at 5. The Court should deny this motion, for several reasons.

First, Defendants already have conceded, in the motion that they filed—on the day after the Seneca contract expired—that they will not be able to meet their obligations under sections IV.B.2.a and IV.B.2.b of the *Ms. L.* Settlement Agreement. Decl. of Brian Goodger, ECF No. 792-2 ¶ 16 (attesting that while the U.S. Department of Health and Human Services (HHS) engages in the re-solicitation process, Defendants will be unable

to comply with sections IV.B.2.a and IV.B.2.b of the *Ms. L.* Settlement Agreement); *see* ECF No. 792 at 4 (citing the ECF No. 792-2).

Second, any effect on class members associated with the expiration of the Seneca contract is mitigated by several factors. While the provision of taxpayer-funded behavioral health services is temporarily unavailable, the requirement to provide such services will not expire, by operation of the terms of the *Ms. L.* Settlement, until December 10, 2030. *See* ECF No. 721-1 § IV.B.2.a (providing that Defendants will make behavioral health services available from the Effective Date until one year after the Termination Date); *id*. § I.Q (defining the Termination Date as six years after the Effective Date); *id*. § I.D (defining the Effective Date as the date on which the Court enters final approval of the Settlement Agreement, which was December 11, 2023); ECF No. 727 (order approving settlement). Considering that each class member is entitled to behavioral health services for only three years, *id*. § IV.B.2.a (providing that any individual members will be eligible to receive up to three years of such services), each class member will have the opportunity to receive the full duration of behavioral health care services that Defendants agreed to provide access to. In fact, each class member will still have the opportunity for a full three years of behavioral health services, even if they do not start receiving behavioral health services in the next couple of years.

As to the temporary lapse in Defendants' obligation to provide assistance in paying copayments incurred by class members when receiving medical services at FQHCs, *see id*. § IV.B.2.b, Defendants are required to provide such assistance for 12 months, and, regardless of whether Defendants provide assistance in payment copayments, class members do continue to receive *health care* at FQHCs. As to that obligation, Defendants

currently are not assisting with copayments.[2] *Id*. Given that the Termination Date of the Settlement Agreement is not until December 2029, class members still have ample opportunity to avail themselves of assistance in paying certain medical copayments for 12 months as specified in section IV.B.2.b.

Third, Plaintiffs have not shown actual breach of the *Ms. L.* Settlement in their motion. ECF No. 806. Plaintiffs have not submitted a single declaration from a class member attesting that he or she sought and was denied a service under the *Ms. L.* Settlement Agreement.

Fourth, Plaintiffs argue that Defendants "cannot simply disregard" their obligations under the *Ms. L.* Settlement, ECF No. 806 at 5, but Plaintiffs have not alleged *any* facts or provided documentation to support their claims of "disregard." To the contrary, the record in this case is devoid of any allegations of failure to meet any obligations under section IV.B.2.a or IV.B.2.b since the Effective Date. Plaintiffs have submitted a declaration from Seneca's president and chief executive officer attesting to Defendants' fulfillment—at considerable taxpayer expense—of their obligations. *See* ECF No. 805-1 ¶¶ 4, 5.

Plaintiffs raise allegations that are not relevant to whether Defendants breached any terms in sections IV.B.2.a or IV.B.2.b of the *Ms. L.* Settlement. Plaintiffs argue that Defendants "allowed" the contract with Seneca to expire without renewal. ECF No. 806 at 4. Plaintiffs, however, cite no support for the proposition that federal government agencies bear the burden of auditing or investigating each contractor for possible

---

[2]    HHS informs undersigned counsel that the housing program, *see* ECF No. 721-1 § IV.B.2.d. was not implemented through the Seneca contract, but by separate grants to three Resettlement Agencies and that this service was not affected by the expiration of the Seneca contract. Any class member who needs housing assistance, therefore, can request such assistance.

5

discriminatory practices, or providing advance warning of a possible referral to the appropriate agencies for handling claims of discriminatory practices. Plaintiffs, therefore, have not met their burden to establish that Defendants breached any obligations under the *Ms. L*. Settlement Agreement. Plaintiffs' motion, moreover, is unnecessary.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to enforce.

Dated: July 8, 2025.    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

CARA E. ALSTERBERG
Senior Litigation Counsel

*/s/ Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

Attorneys for Defendants