Lee Gelernt*  
Daniel A. Galindo (SBN 292854)  
Anand Balakrishnan*  
Judy Rabinovitz*  
AMERICAN CIVIL LIBERTIES  
UNION FOUNDATION  
125 Broad St., 18th Floor  
New York, NY 10004  
T: (212) 549-2660  
*lgelernt@aclu.org*  
*dgalindo@aclu.org*  
*jrabinovitz@aclu.org*  
*abalakrishnan@aclu.org*  

Stephen B. Kang (SBN 292280)  
Spencer E. Amdur (SBN 320069)  
AMERICAN CIVIL LIBERTIES  
UNION FOUNDATION  
425 California Street, 7th Floor  
San Francisco, CA 94104  
T: (415) 343-0783  
*skang@aclu.org*  
*samdur@aclu.org*  

*Attorneys for* Ms. L. *Plaintiffs*  
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br><br> Date Filed: July 9, 2025 <br><br> No Hearing Date Set <br><br> **NOTICE OF REMOVAL OF CLASS MEMBER AFTER COURT'S JUNE 27 ORDER ENJOINING SUCH REMOVALS AND MOTION FOR AN ORDER** |

Plaintiffs provide the following update and respectfully request a Court order for Defendants to provide necessary information as to recent removals of Class Members and qualifying additional family members.

On June 26, Defendants notified Plaintiffs of two class members taken into ICE custody; one was an individual class member, referred to here as A.M.R.F., the other was a class member, M.A.J., taken into custody along with his family.[1] Plaintiffs requested on the morning of June 27 that Defendants not remove either class member or any family taken into custody and that Defendants provide the basis for detaining the class members.

On June 27, Defendants informed Plaintiffs that M.A.J., a 13 year-old boy,[2] and three other family members had all been removed.

Later that day, June 27, the Court ordered that "[p]ending resolution of Defendants' anticipated Rule 60(b) motion seeking relief from the Court's June 10, 2025 Order, Defendants shall not remove any additional Class members or QAFMs defined in the Settlement Agreement." ECF No. 803 at 2.

On Monday, June 30, Plaintiffs' counsel e-mailed Defendants to raise that A.M.R.F. had been removed on Sunday, June 29, and to request further information as to why M.A.J. and his family members were removed.

Defendants e-mailed a substantive response on July 2, stating as follows:

> ICE informs us that [A.M.R.F.] was removed at approximately 12:20 AM, on June 29, 2025, and that his current whereabouts are unknown.

---

[1] Plaintiffs use acronyms to identify each class member. The class members' identities are known to all parties.

[2] M.A.J.'s age had been the subject of discussion at the June 27 hearing. Plaintiffs' counsel followed up with Defendants after that hearing to resolve any uncertainty as to M.A.J.'s age; Defendants have since confirmed he is 13.

1

18cv00428

It appears not all relevant ICE personnel had received the Court's Order until June 30. However, ICE informs DOJ that, as of June 30, ICE has taken steps to immediately implement the Order.

Regarding [M.A.J.] and his family, ICE informs us that ICE's systems show that his mother reported to ICE in April 2024 that she would like to return to Guatemala and agreed with ICE's plans to facilitate a removal flight.

That same day, Plaintiffs' counsel re-raised their request that Defendants answer why A.M.R.F. was taken into custody and the basis for his removal. On July 7, having received no response, Plaintiffs' counsel made that same request and notified Defendants that they would ask the Court to order a response if none had been received by 9 a.m. PT July 8.

In light of the above, and as Plaintiffs further investigate both removals, Plaintiffs request that the Court order the following:

**As to M.A.J.**
- Order that Defendants identify whether any *Ms. L* QAFMs were removed with M.A.J., aside from M.A.J.'s mother. Plaintiffs first raised on June 27 whether there were undisclosed QAFMs detained with M.A.J. and have not received an answer as to two other family members that Defendants have said were removed.
- Order that Defendants explain in full their reason for removing M.A.J. and his family, including by requiring Defendants to file any and all documentation and notes explaining the family's recent detention and removal. Defendants' explanation to Plaintiffs' counsel references only

information from April 2024 and does not explain why removal occurred more than a year later.

**As to A.M.R.F.**

- Order that Defendants provide a detailed explanation in a sworn declaration why A.M.R.F. was taken into custody and why he was removed.

**Additional Order**

- Order that Defendants' counsel provide sworn declarations explaining the following
    o When ICE was told of the Court's June 27 Order;
    o Identifying what steps Defendants have since taken to "immediately implement the Order," and explaining if any of those steps had not been taken prior to A.M.R.F.'s removal and, if so, why not.

Plaintiffs' respectfully request that such responses be ordered to be filed by 5 p.m. PT on July 11, 2025.

DATED: July 9th, 2025                    Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

<sup>1</sup>

|    |
|----|
| 1  |
| 2  |
| 3  |
| 4  |
| 5  |
| 6  |
| 7  |
| 8  |
| 9  |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9th, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

                                          /s/ Lee Gelernt
                                            Lee Gelernt