BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement (ICE), et al. <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD <br><br> Date Filed: July 11, 2025 <br> Hearing Date: July 17, 2025 <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING THE INDEPENDENT ADJUDICATOR AND TRAVEL-RELATED ASSISTANCE** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

## INTRODUCTION

This Court entered an Order on December 11, 2023, granting final approval of the Settlement Agreement. *See* ECF 727 (Order); ECF 721-1 (Settlement Agreement). That same day, this Court also entered an Order Appointing Independent Adjudicator. *See* ECF 729 (IA Order). Since that date, Defendants have worked to assure compliance with the terms of the *Ms. L.* Settlement Agreement.

Plaintiffs now argue that Defendants are in breach of the Settlement Agreement's Sections III & IV.A and in violation of the IA Order, because some Independent Adjudicator payments (since March 2025) and advance travel-related payments (since May 2025) have not been disbursed. Defendants respectfully submit that the actions described below do not run afoul of the Settlement Agreement and the Court's IA Order.

## BACKGROUND

### I. Independent Adjudicator

In Section II of the *Ms. L.* Settlement Agreement, the parties agreed to a definition of the class, *see* ECF No. 721-1 at 3-7, and processes for determining settlement class membership of individuals presumed to be excluded from the class, *id*. at 7. In Section III, the parties agreed to a procedure to resolve all other issues regarding an individuals' inclusion in the class definition, including a process for people to identify themselves as settlement class members, by registering on the public websites together.gov or juntos.gov. *Id*. at 8. The parties also agreed to a process whereby, if an individual is not included in the Settlement Class, the Family Reunification Task Force (FRTF) Research Committee will conduct a case-by-case review, and notify class counsel of its determination. *Id*. If the FRTF Research Committee determines that the individual is not a class member, then class counsel may appeal that decision to the IA, within 30 days of

1  the FRTF Research Committee's determination. *Id*. Class counsel may seek one 30-day
2  extension of that appeal due date, upon a showing of good cause, and at the discretion of
3  the IA. *Id*. The IA reviews the relevant materials and determines de novo whether the
4  preponderance of the evidence supports the determination. *Id*. The IA issues an order as
5  to who pays for the cost of the adjudication, which generally will be paid by the losing
6  party, unless the IA determines that the appeal, though unsuccessful, was reasonable and
7  based on non-frivolous claims of error. *Id*. at 7-8.

8  Of the 22 appeals brought since the Effective Date of the *Ms. L.* Settlement
9  Agreement, all have resulted in costs to be paid by Defendants, even though Defendants
10 have won at least 5 appeals. *See* ECF No. 807 at 4; Decl. of Daniel Galindo (June 30,
11 2025), ECF No. 807-1 ¶¶ 7, 8. Defendants have timely paid each invoice except that they
12 have not paid the IA for two invoices, one the IA issued on January 31, 2025, and the other
13 the IA issued on March 5, 2025. *See* ECF No. 807 at 4; ECF No. 807-1 ¶¶ 9-11; *id*. at 20-
14 21, 23-24 (invoices).

## II. Travel Costs

In Section IV.A of the *Ms. L.* Settlement Agreement, the parties agreed that:

> Defendants will establish processes to provide the opportunity for all Ms. L. Settlement Class members to be able to reunify with their separated parent, Legal Guardian, or child. Defendants will also provide a process by which Qualifying Additional Family Members [(QAFMs)] can similarly be provided an opportunity to live with the reunified parent or Legal Guardian and child in the United States. Defendants will return to the United States Ms. L. Settlement Class members and certain Qualifying Additional Family Members that the FRTF Research Committee determines are necessary for reunification at the government's expense, including the costs of travel and related support, to include travel support that is necessary to facilitate return and reunification. These processes are set forth in Section IV.C.1. of the Settlement Agreement.

ECF No. 721-1 at 9. In August 2021, DHS entered into a contract with International Organization for Migration (IOM) in which IOM agreed to assist with filing the I-131 parole forms, travel, and other tasks required for reunification of class members' families. Plaintiffs cite to a declaration, submitted on May 23, 2025, attesting that an officer from Together & Free, a subcontractor to IOM, had not received funding necessary to cover the cost of a family's travel to the United States. *See* ECF No. 807 at 6; Fourth Supp. Decl. of Anilu Chadwick, ECF No. 807-3 ¶¶ 2, 3 (citing Third Supp. Decl. of Anilu Chadwick, ECF No. 783-6). Plaintiffs attach email correspondence, including an email from IOM, dated May 15, 2025, stating:

> IOM reports that our office has not yet received the full funding necessary to cover the family's international flight costs or domestic travel to the airport of departure. At this time, due to the absence of available funds from our donor, IOM is compelled to halt all operations and direct assistance activities that require financial expenditure. Unfortunately, we are no longer in a position to incur costs on behalf of the separated child or her 2 QAMFs until funds are received.

ECF No. 783-6 at 11. Plaintiffs have not alleged that they sought and were denied travel costs or domestic travel as to other class members.

## ARGUMENT

Since the entry into office of the newly elected President in January 2025, the President issued a number of Executive Orders (EOs), including EO 14222, *Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative*. EO14222 directs federal agencies to "review all existing covered contracts and grants and, where appropriate and consistent with applicable law, terminate or modify (including through renegotiation) such covered contracts and grants to reduce overall Federal spending or reallocate spending to promote efficiency and advance the policies of [the]

Administration." Accordingly, as mandated by EO 14222, DHS temporarily paused certain funding, to the extent permissible by law, pending a review to ensure compliance with all of the President's EOs. That is precisely what DHS and other subordinate agencies are legally required to do pursuant to the President's EOs. *See Sherley v. Sebelius*, 689 F.3d 776, 784 (D.C. Cir. 2012) ("[A]s an agency under the direction of the executive branch, it must implement the President's policy directives to the extent permitted by law.") (citing *Bldg. & Const. Trades Dept. v. Allbaugh*, 295 F.3d 28, 32–33 (D.C. Cir. 2002)).

The temporary pause in funding—or the fact that some payments may be taking longer than normal—is not inconsistent with the Settlement Agreement or Court's IA Order. Further, DHS which had $26.7 billion in total obligations and 65,000 actions in FY2024 alone, cannot reasonably be expected to review each and every one of its contracts within a short period of time.[1] Indeed, the Settlement Agreement does not impose a time limit for payments. And while the Court's IA Order requires good faith efforts to pay timely invoices within 60 days of receipt, reasonable delays in payments stemming from review processes—that is, delays stemming from administrative and operational reasons regarding lawful agency functions (the processes related to the underlying review operation and the time it takes to review for compliance with all of the EOs and to ensure that such funding aligns with the new Administration's priorities)—do not run afoul of the Court's Order.

---

[1] FY2024 Office of the Chief Procurement Officer Annual Report, available at https://www.dhs.gov/sites/default/files/2025-02/25_0203_cpo_annual Report2024.pdf (viewed July 8, 2025), at 12.

# CONCLUSION

Defendants respectfully submit that the actions described above are required by Executive Order but also consistent with the Settlement Agreement and Court's IA Order. Defendants ask that the Court deny Plaintiffs' Motion to Enforce.

Dated: July 11, 2025.	Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

*Attorneys for Defendants*