BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>*Plaintiffs*,<br>v.<br><br>U.S. Immigration and Customs Enforcement (ICE), et al.<br><br>*Defendants*. | Case No. 3:18-cv-00428-DMS-MDD<br><br>Date Filed: July 15, 2025<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION UNDER RULE 60(b) FOR TEMPORARY RELIEF FROM COURT ORDER REQUIRING REINSTATEMENT OF ACACIA TASK ORDER**<br><br>Hearing Date: July 17, 2025<br><br>Hon. Dana M. Sabraw<br>Courtroom: 13A |

## INTRODUCTION

Defendants request temporary relief from the Court's Order of June 10, 2025, Dkt. 795 at 18, directing Defendants to reinstate the expired Task Order with the Acacia Center for Justice (Acacia), so Defendants may locate one or multiple affordable third-party contractors to provide the legal services required under the *Ms. L.* Settlement Agreement. Defendants make this reasonable request because, upon subsequent review of the services provided and the costs thereof, as well as the recent change in Administration, the Government now has concerns regarding the propriety of the previously negotiated price. Therefore, the Court should grant Defendants relief to ensure strong management of the People's money.

## ARGUMENT

Federal Rule of Civil Procedure 60(b)(5) allows a court to modify an order if "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation modified). Courts must apply a "flexible approach" when the government seeks relief from "institutional-reform" decrees. *Id.* at 448–49 (quoting *Frew v. Hawkins*, 540 U.S. 431, 441 (2004)).

Defendants have met their burden for relief under Rule 60(b), as they have demonstrated "a significant change" in "factual conditions" that has rendered contracting with Acacia potentially harmful to the government coffers and, therefore, the public interest. *Id.* at 447. Indeed, upon recent review of the costs of the services, following the recent change in administration and implementation of new policy directives, the

Government now has concerns regarding the propriety of the previously negotiated price.[1] The Court should grant relief from its Order so not to constrain the ability of current democratically elected officials to "fulfill their dut[y]" to protect the fisc by entering into contracts that are fair and reasonable to provide the required services. *Horne*, 557 U.S. at 449. Indeed, although the Government and Acacia previously negotiated the cost of services and entered into an Indefinite Delivery Indefinite Quantity (IDIQ) contract, the Government did not commit to exercising the option year or to pay any specific amount to Acacia beyond the now-expired Task Order, and the IDIQ contract should not be construed in any way to bind the Government to continue to issue Task Orders to Acacia—even temporarily. Instead, the Government should be permitted to proceed to re-solicit the contract to ensure fiscal responsibility.

The Government does not ask for relief for the purposes of delay, and Plaintiffs appear to concede that the issuance of Task Orders requires time.[2] In fact, the Government has made progress in seeking out new vendors. *See* First Supplemental Declaration of Sirce E. Owen, Ex. A at ¶¶ 3-4. On July 14, 2025, the Executive Office for Immigration Review (EOIR) began gathering information about potential new vendors by issuing a

---

[1] Plaintiffs suggest that Defendants' motion seeking relief from the Court's June 10 Order is untimely, but Defendants filed their motion on July 3, 2025—less than one month after the Court issued the Order. In the interim, EOIR has continued to operate its Federalized program in which it provides group orientations on how to apply for re-parole and employment authorization renewal, receives requests for pro bono representations through a dedicated phone line, and matches class members with pro bono representatives. *See* Dkt. 768-1, 774-1, 788, and 796.

[2] Plaintiffs note that it took "about three months" for Acacia and the Government to negotiate rates for services when the Government solicited proposals from contractors. Dkt. 818 at 3 (citing Fifth Suppl. Van Hofwegen Decl. ¶ 3); *see also id.* at 5 (claiming Acacia has received issued Task Orders "in less than 30 days.").

Request for Information (RFI), which includes a draft Statement of Work and a list of questions that EOIR would like potential vendors to address as part of its research. *See* SAM.gov, *Legal Access Services for Reunified Families* Program (LASRF), *available at* https://sam.gov/opp/ 4880e694d95446e0a87c5ead913820c3/view (last visited July 15, 2025). The RFI is set to close on Wednesday, July 23, 2025, at 11:59 p.m. EDT.

The relief Defendants request is suitably tailored to resolve problems created by the changed circumstances, namely, the Court's directive to reinstate a task order with Acacia, essentially ordering EOIR to enter into an exclusive contract with a contractor whose expired contract EOIR already declined the option to renew. Defendants do not seek relief from the Court's Order in its entirety, including the determination that an independent contractor must provide said services, but rather only seek relief in order to enter into a contract that is fair and reasonably priced. *Rufo*, 502 U.S. at 383.

**CONCLUSION**

For these reasons and others, the Court should grant Defendants relief from the Court's June 10 Order and order the narrowly tailored relief that Defendants request.

Dated: July 15, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*_/s/ Daniel Schutrum-Boward_*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants