Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>    *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>    *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: July 15, 2025<br><br>Hearing Date: July 17, 2025<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT REGARDING THE INDEPENDENT ADJUDICATOR AND TRAVEL-RELATED ASSISTANCE** |

1  Defendants do not contest that they have failed to pay the Independent
2  Adjudicator for any adjudications since January 2025. Defs.' Opp'n at 2 ("Opp'n), ECF
3  No. 816 ("Defendants have timely paid each invoice except that they have not paid the
4  [Independent Adjudicator] for two invoices . . . .").

5  They also do not contest that they have not funded the International Organization
6  for Migration ("IOM") to cover travel expenditures and necessary support to bring
7  separated families back to the United States, as the Settlement requires. Pls.' Mot.
8  Enforce Settlement at 4 ("Mot."), ECF No. 807; *see also* Opp'n at 4 ("DHS temporarily
9  paused certain funding . . . .").

10  In response, Defendants claim only that their actions violating the Settlement are
11  justified because they are simply following an Executive Order that directs agency
12  heads to "review" certain contracts, "and, where appropriate and consistent with
13  applicable law, terminate or modify (including through renegotiation) such covered
14  contracts and grants . . . ." Opp'n at 3 (quoting Exec. Order No. 14222, Implementing
15  the President's "Department of Government Efficiency" Cost Efficiency Initiative, 90
16  Fed. Reg. 11095 (Feb. 26, 2025)) ("Executive Order"). This argument fails for at least
17  three principal reasons.

18  First, nothing in the Executive Order's directive fits what Defendants are doing:
19  they do not claim to be terminating or modifying or renegotiating any contract. They
20  simply have stopped paying for functions that the Settlement requires them to perform.
21  Mot. at 4.[1] Second, even by its own terms, if the Executive Order somehow directed a
22  stop to binding Settlement commitments, it has a carve out: any actions may be taken
23  only "where appropriate and consistent with applicable law." Here there is a binding,
24  judicially-enforceable Settlement Agreement, which is precisely the sort of "applicable

---

[1] Defendants never explain why any of the contracts at issue are "covered contracts" or "grants" under the Executive Order. See Opp'n at 2–4.

1

law" that the Executive Order exempted from its directives. *See Flores v. Sessions*, No. 85-cv-4544, 2018 WL 4945000, at *4 & n.5 (C.D. Cal. July 9, 2018) (finding that executive order did not warrant relief from settlement obligations and recognizing that the phrase "to the extent permitted by law" in an executive order included consent decree). And third, the Executive Order directs that agency "review" "shall" be completed within thirty days—if Defendants' nonpayment was somehow directed by the Executive Order, it follows that such nonpayment could not last for longer than the review is permitted to take. Exec. Order 12444 § 3(b), 90 Fed. Reg. 11095.

The implication of Defendants' argument is that an executive order directing a "review" is all that is needed to invalidate the promises of a carefully negotiated, mutually agreed, binding and enforceable settlement. Defendants cite no case in support of that proposition, and the Court should reject it here.[2] *See, e.g.*, *Flores v. Rosen*, 984 F.3d 720, 741 (9th Cir. 2020) ("We reject the notion that the executive branch of the government can unilaterally create the change in law that it then offers as the reason it should be excused from compliance with a consent decree."); *Nehmer v. U.S. Dep't of Veterans Aff.*, 494 F.3d 846, 860 (9th Cir. 2007) (rejecting an agency's attempt to avoid complying with a consent decree by issuing a regulation reinterpreting the decree). As to the Independent Adjudicator, Defendants' response confirms that they have made no effort to comply with the Settlement and Court's Appointment Order, ECF No. 729. The Court's Appointment Order sets out "60-day remittance of costs deadline," *see* ECF No. 729, ¶¶10–11, requires that costs "will be paid" as ordered by the Adjudicator under the Settlement, *id.* ¶ 5, and requires "all good faith efforts to pay" those costs, *id.* ¶ 10.

---

[2] Defendants cite *Sherley v. Sebelius*, 689 F.3d 776, 778 (D.C. Cir. 2012) (quoting *Bldg. & Const. Trades Dep't, AFL-CIO v. Allbaugh*, 295 F.3d 28, 32 (D.C. Cir. 2002). Opp'n at 4. *Sherley* addressed an agency not responding to comments during rulemaking. 689 F.3d at 784–85. *Building Trades* evaluated constitutional authority to even issue an Executive Order. 295 F.3d at 32. Neither concern is relevant to whether Defendants may ignore a Settlement provision here.

The Appointment Order further provides procedures for any party to dispute an invoice from the Independent Adjudicator, and to submit any unresolved dispute to the Court. *Id.* ¶ 11. Defendants admit they have made no payments for the two invoices, nor do they contest that they have not disputed any invoices. Opp'n at 2.

Defendants say even less about their failure to fund IOM to provide travel expenditures and necessary services to return families. They claim only one family is affected, *see id.* at 2–3, but overlook two additional families in the same situation. Decl. of Nan Schivone, Exs. 1–2 (June 25, 2025). And since February 2025, Defendants have stopped providing reporting that would help class counsel to track and identify any other families that are affected by this issue. *See* Suppl. Decl. of Daniel A. Galindo, ¶¶ 2–4 (July 15, 2025).

More to the point, Defendants do not contest IOM's representation that it "is compelled to halt *all* operations and direct assistance activities that require financial expenditure," Opp'n at 3 (quoting ECF No. 783-6, ¶ 11). Because Defendants do not contest IOM's representations about funding, they are in violation of their obligation to return qualifying families to the United States. Mot. at 4–6.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion to Enforce as to the Independent Adjudicator and IOM travel-related assistance. In addition to finding Defendants in breach of the Settlement, Mot. at 7, Plaintiffs respectfully request that the Court order Defendants to pay both overdue invoices to the Independent Adjudicator and to pay all pending IOM invoices and fully fund the expenditures and services that IOM provides to reunite families under Defendants' contract with IOM.

Plaintiffs further respectfully request that the Court order Defendants to resume providing Together.gov reports, as described in the Supplemental Galindo Declaration, in the same manner and with the same information as they had provided until February 2025.

DATED: July 15, 2025

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt