Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>   *Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>   *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: July 23, 2025<br><br>**PLAINTIFFS' MOTION FOR IMMEDIATE INTERIM RELIEF AND NOTICE OF ADDITIONAL PROPOSED ORDERS** |

**PLAINTIFFS' MOTION FOR IMMEDIATE INTERIM RELIEF AND NOTICE OF ADDITIONAL PROPOSED ORDERS**

Plaintiffs respectfully move the Court for limited interim relief to ensure the speedy reinstatement of the Acacia services contract, should the Court deny Defendants' pending Rule 60(b) Motion.

Plaintiffs also lodge with the Court a list of Proposed Orders regarding additional remedial measures necessary to address Defendants' breaches. Plaintiffs provided Defendants with the same list the night of July 21, 2025; on July 22, 2025, Defendants stated that they required until "at least next Tuesday" to respond.

At this time, Plaintiffs request only that the Court enter the requested order regarding Acacia's Indefinite Delivery / Indefinite Quantity (IDIQ) contract. Plaintiffs intend to notify the Court as to which of the additional Proposed Orders Plaintiffs still seek after the parties are able to meet and confer, or if Defendants do not provide Plaintiffs with a definitive answer by next week on what if anything they are willing to agree to.

### I. Plaintiffs' Requested Immediate Interim Relief Regarding Acacia's IDIQ Contract

Background: The Court has held that Defendants' April 30, 2025 termination of Acacia's legal services contract without adequate replacement is a breach of the Settlement Agreement. ECF No. 795 (June 10, 2025, Order). The Court further ordered Defendants to reinstate that legal services contract until such time as an adequate alternative was in place. The Court is currently considering a fully briefed and argued Motion in which Defendants seek relief from the Court's June 10 Order.

During this time, Defendants have made no meaningful steps to comply with the Court's order enforcing the Agreement. The Class has been without legal services for almost three months and Defendants in breach for as long.

Requested interim relief: Plaintiffs request the Court enter the following order:

> Defendants may not cancel or terminate Acacia's IDIQ contract until the Court decides the pending Rule 60(b) motion, ECF No. 809, and should the Court deny the 60(b) motion, until such time as a new task order is negotiated and finalized with Acacia to fully satisfy the provisions of the legal services required under Sections IV.B.c.i. and IV.B.C.ii. of the Agreement.

<u>Need for interim order</u>: The requested relief is designed to ensure that should the Court deny Defendants' 60(b) Motion, ECF No. 809, Defendants comply expeditiously with the Court's enforcement order. As the Court is aware, the legal services for separated families contract was implemented pursuant to an umbrella IDIQ between Defendants and Acacia. Reinstatement and compliance with the Court's enforcement order can occur via finalization of a task force order under the same IDIQ, so long as the IDIQ is active. The requested order simply preserves the IDIQ during the dispute period to ensure Defendants comply with the Court's orders.

<u>Defendants' position</u>: Plaintiffs informed Defendants of their intent to request this immediate relief today, July 23. Defendants have not responded with a position as of the time of filing.

## II.    Additional Proposed Remedial Orders

Plaintiffs attach to this Motion and Notice a copy of other proposed remedial orders provided to the Defendants as an exhibit. Defendants have stated that they need until "at least next Tuesday" to respond. Plaintiffs are willing to wait until Defendants respond (provided it is next week) but given the duration of the breaches and need for continued progress lodge the proposals with the Court.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their motion for interim relief and enter the following order:

> Defendants may not cancel or terminate Acacia's IDIQ contract until the Court decides the pending Rule 60(b) motion, ECF No. 809, and

should the Court deny the 60(b) motion until such time as a new task order is negotiated and finalized with Acacia to fully satisfy the provisions of the legal services required under Sections IV.B.c.i. and IV.B.C.ii. of the Agreement.

DATED: July 23, 2025                    Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt
Lee Gelernt