BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

      U.S. Department of Justice, Civil Division
      Office of Immigration Litigation
      General Litigation and Appeals Section
      P.O. Box 878, Ben Franklin Station
      Washington, DC 20044
      (202) 919-1670
      Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>               *Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement (ICE), et al.<br><br>               *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD<br><br>Date Filed: July 29, 2025<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY THE COURT'S JULY 24, 2025 ORDER**<br><br>Hon. Dana M. Sabraw<br>Courtroom: 13A |

3:18-cv-00428

Pursuant to the Court's Order of July 25, 2025, ECF No. 833, Defendants respond to Plaintiffs' Motion to Clarify Court's July 24, 2025 Order, in which Plaintiffs request that "the Court clarify that its June 27, 2025 Order barring Defendants from removing settlement class members or [Qualifying Additional Family Members (QAFMs)] remains in force until further Order of the Court." ECF No. 832. Under 8 U.S.C. § 1252(f)(1), the Court lacks jurisdiction to enjoin or restrain Defendants from removing class members or QAFMs. Consequently, Defendants request that the Court deny Plaintiffs' motion.

## BACKGROUND

On December 1, 2023, the parties submitted the *Ms. L.* Settlement Agreement for final approval by the Court, pursuant to Federal Rule of Civil Procedure 23. ECF No. 721. On December 11, 2023, the Court approved the Settlement Agreement and certified a class for settlement purposes between Plaintiffs and Defendants. ECF No. 727. In its Order, the Court dismissed Plaintiffs' claims with prejudice but retained jurisdiction to enforce the terms of the Settlement Agreement. The Settlement Agreement requires Defendants to provide *Ms. L.* Class members in the United States with certain benefits, including legal assistance, housing support, and behavioral health services. *See id.* at 2; *Ms. L.* Settlement Agreement, ECF No. 721-1, § VII.D, at 43 ("The Court shall have the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement."). On December 11, 2023, the Court entered judgment and closed the case. ECF No. 730.

More recently, Defendants moved under Federal Rule of Civil Procedure 60(b) for relief from the Court's order of June 10, 2025, which related to the provision of legal services. *See* ECF Nos. 795, 809. On June 27, 2025, the Court issued a briefing schedule and ordered that, "[p]ending resolution" of Defendants' "Rule 60(b) motion seeking relief

1

from the Court's June 10, 2025 Order, Defendants shall not remove any additional Class members or QAFMs defined in the Settlement Agreement." ECF No. 803 at 2.

On July 24, 2025, the Court denied Defendants' Rule 60(b) motion and did not extend its injunction against removal of *Ms. L.* Settlement Class members and QAFMs. ECF No. 831. The Court did, however, continue its requirement that the Government "inform Plaintiffs' counsel within 24 hours if it detains a member of the Ms. L. Class or other QAFMs defined in the Settlement Agreement." ECF No. 831 at 12.

On July 24, Plaintiffs asked the Court to clarify that its injunction against removal of class members and QAFMs "remains in force until further Order of the Court." ECF No. 832. Defendants request that the Court deny Plaintiffs' Motion as no clarification is necessary. To the extent it is unclear whether the Court's class-wide injunction against removal is no longer in force, Defendants request an Order to that effect. Defendants further request that the Court dissolve its 24-hour reporting requirement as it impedes federal immigration enforcement operations. Additionally, the Settlement Agreement does not limit or hinder DHS's ability detain or remove Settlement Class members or QAFMs. Therefore, the Court's order would extend beyond what the parties agreed to in Settlement Agreement.

## ARGUMENT

The Court need not clarify its July 24 Order. In its June 27 Order, the Court stated that "*[p]ending resolution*" of Defendants' Rule 60(b) motion seeking relief from the Court's June 10 Order, "Defendants shall not remove any additional Class members or QAFMs." ECF No. 803 at 2 (emphasis added). The condition precedent has been satisfied—the Court has resolved Defendants Rule 60(b) motion. Accordingly, the injunction against removal of *Ms. L.* Class members and QAFMs is no longer in effect.

3:18-cv-00428

Plaintiffs argue that the Court should continue its class-wide injunction because "Defendants have not yet resolved their breach of the legal services portions" and, thus, the "rationale for the June 27 stay order remains operative." ECF No. 832. However, the Court should decline this interpretation of its Order. Pursuant to 8 U.S.C. § 1252(f)(1), the Court does not have the authority to enjoin or restrain removals on a class-wide basis. A break in the provision of legal services does not override congressional mandates.

Under 8 U.S.C. § 1252(f)(1), "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of [subchapter II]," except regarding the "application of such provisions to an individual alien"—"[r]egardless of the nature of the action or claim or of the identity of the party or parties bringing the action." Interpreting this statute, the Supreme Court has explained that section 1252(f)(1) prohibits lower courts from entering class-wide injunctions that "order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" the provisions in part IV of subchapter II. *See Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022).

Certain provisions in part IV of subchapter II govern removal, including 8 U.S.C. § 1225 (expedited removal of certain inadmissible applicants for admission), § 1228 (expedited removal of certain aliens convicted of committing aggravated felonies), and § 1231 (detention and removal of aliens ordered removed). Section 1252(f)(1) therefore prohibits the Court from enjoining the removal of *Ms. L.* Class members and QAFMs, *i.e.*, enjoining removal on a non-individualized, class-wide basis.

The fact that this issue arises in the context of a settlement agreement does not override the unambiguous language of the statute. Indeed, Congress divested the Court of jurisdiction to order class-wide relief against removal "[r]*egardless of the nature of the*

3:18-cv-00428

*action or claim.*" 8 U.S.C. § 1252(f)(1) (emphasis added). Congress did not except the enforcement of settlement agreements through class-wide relief from this jurisdictional bar. Such class-wide injunctions are "barred even if a court determines that the Government's 'operation' of a covered provision is unlawful or incorrect." *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, 138 F.4th 1102, 1125 (9th Cir. 2025) (citing *Aleman Gonzalez*, 596 U.S. at 552-54). Accordingly, under 8 U.S.C. § 1252(f)(1), the Court lacks the authority to stay removal for *Ms. L.* Settlement Class members and QAFMs on a class-wide basis.

Additionally, in the *Ms. L.* Settlement Agreement, the parties expressly agreed that "[o]ther than as set forth herein, this Settlement Agreement *shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against* Ms. L. *Settlement Class members*, consistent with the Constitution and laws of the United States, and applicable regulations." ECF No. 721-1 § IX.C (emphasis added).[1] The *Ms. L.* Settlement cannot reasonably be interpreted as authorizing the Court to restrict Defendants' lawful statutory authority to remove aliens.

Finally, the Court should dissolve the requirement that Defendants report arrests of all *Ms. L.* Class members and QAFMs within 24 hours to Class counsel as this requirement does not cure any breach. *Parson v. Ryan*, 912 F.3d 486, 499-500 (9th Cir. 2018) is

---

[1] Although the parties agreed that the Court has the "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," ECF No. 721-1 § VII.D, the Court may not contravene Congress. Moreover, to the extent that constitutional questions could serve as an exception to the bar on class-wide injunctive relief at 8 U.S.C. § 1252(f)(1), the issues presently before the Court are contractual, not constitutional. *See* Order Granting Motion to Enforce (Legal Services), ECF No. 795 at 7 (applying principles of contract law to breach of *Ms. L.* Settlement Agreement).

3:18-cv-00428

instructive. There, the Ninth Circuit found the district court did not abuse its discretion in ordering defendants to take action not required by the settlement agreement where the court allowed defendants to submit a remediation plan, granted them substantial time to comply, and only then ordered "a remedy to address Defendants' non-compliance." *Id.* at 500. Those defendants, state correctional officials, failed to meet performance measures requiring inmates to receive medical services within prescribed time frames, so the court ordered that they use outside providers if they could not otherwise timely treat inmates. *See id.* at 499–500. Here, however, the 24-hour reporting requirement effectively expands the Settlement Agreement to include a new requirement, and that requirement is not closely related to Defendants' noncompliance. Requiring reporting upon detainment will not increase Defendants' compliance with providing any of the services available under the *Ms. L.* Settlement Agreement.

Moreover, the 24-hour reporting requirement unduly burdens Defendants' immigration enforcement operations. *See* ECF No. 831 at 12. In addition to their customary law enforcement responsibilities, ICE officers have been directed to manually review each newly arrested alien to determine *Ms. L.* Class member or QAFM status. *See* First Supplemental Declaration of Byoung Park, Ex. A ¶ 3.

ICE itself was never "tasked with determining QAFM parole requests under the *Ms. L.* Settlement Agreement," *id.* ¶ 6, and its field officers do not have access to the Class member and QAFM list—a "live" document that is "constantly being updated." *Id.* ¶ 4. There is thus no "immediate or readily available" way for ICE field officers to verify a *Ms. L.* Class member's status or, in particular, a QAFM's status, with the Class member and QAFM list. *Id.* ¶ 6. Instead, if an ICE officer "arrests an alien who is or appears to be a *Ms. L.* Settlement Class member or QAFM . . . then the ICE field officer is to

3:18-cv-00428

immediately notify JFMD for guidance." *Id.* ¶ 3.

JFMD then "manually checks ICE systems and the Research Committee's *Ms. L.* Settlement Class member and QAFM list to confirm status for each individual." *Id.* ¶ 4. There is currently "one primary and one back-up National Juvenile Coordinator (NJC) with JFMD assigned to review and report on all new ICE arrests of *Ms. L.* Settlement Class members and QAFMs nationwide," in addition to their everyday responsibilities. *Id.* ¶ 7. Thus, for some aliens, "it can take ICE more than 24 hours to further investigate and confirm QAFM status." *Id.* ¶ 4.

**CONCLUSION**

For these reasons and others, the Court should deny Plaintiffs' motion for clarification.

6

Dated: July 29, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

3:18-cv-00428