# EXHIBIT

# A

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
CARA E. ALSTERBERG
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement, et al<br><br>*Defendants*. | Case No. 3:18-cv-00428-DMS-MDD<br><br>**FIRST SUPPLEMENTAL DECLARATION OF BYOUNG PARK**<br><br>Hon. Dana M. Sabraw<br>Courtroom: 13A |

I, Byoung Park, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.    I am the Chief of the Juvenile and Family Management Division, (JFMD) Enforcement and Removal Operations (ERO), U.S. Immigration and Customs

Enforcement (ICE), Department of Homeland Security (DHS). JFMD oversees issues confronting unaccompanied alien children (UAC) and alien family units who come into ERO custody. JFMD develops policies sensitive to the various vulnerabilities and needs of these populations. JFMD trains, monitors, and advises Field Office Juvenile Coordinators (FOJCs) who serve as subject matter experts for these issues at ERO field office locations around the country. JFMD oversees and monitors the implementation of nationwide policies, court orders, laws, and regulations that impact UAC and alien family units.

2.     I am aware of the above-captioned lawsuit. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other Department of Homeland Security (DHS) employees, and information portals maintained and relied upon by DHS in the regular course of business.

3.     Following the Court's order to provide notice of detention of a *Ms. L.* Settlement Class member or qualifying additional family member (QAFM) within 24 hours of detention, in addition to their standing duties and responsibilities, ICE officers in the field have been directed to manually review each newly arrested alien with ICE systems to determine if the alien is a *Ms. L.* Settlement Class member or QAFM. If an ICE field officer arrests an alien who is or appears to be a *Ms. L.* Settlement Class member or QAFM based on, among other things, information in ICE's system of

3:18-cv-00428

records or statements from the alien, then the ICE field officer is to immediately notify JFMD for guidance.

4.    Once an ICE field officer notifies JFMD, JFMD then manually checks ICE systems and the Research Committee's *Ms. L.* Settlement Class member and QAFM list to confirm status for each individual. ICE officers in the field do not have access to the *Ms. L.* Settlement Class member and QAFM list, which is a "live" document that is constantly being updated. For previously identified *Ms. L.* Settlement Class members, ICE systems typically reflect this information already. For QAFMs not previously identified, that information is not always readily apparent or available in ICE systems as discussed below. Thus, for some aliens, it can take ICE more than 24 hours to further investigate and confirm QAFM status.

5.    Since ICE was never tasked with determining QAFM (or parole) status under the *Ms. L.* Settlement Agreement, it has relied on and continues to rely primarily on the Research Committee's *Ms. L.* Settlement Class member and QAFM list for this information, which reflects U.S. Citizenship and Immigration Services' QAFM determinations.

6.    QAFMs, in particular, may not have entries in the ICE system of records that can be utilized by field officers to verify their QAFM status. Since ICE was never tasked with determining QAFM parole requests under the *Ms. L.* Settlement Agreement, there is no immediate or readily available access to this information for ICE field

3:18-cv-00428

officers. Per the *Ms. L.* Settlement Agreement, a QAFM could be a new common law spouse, new stepparent, newly born half-sibling, a family member who does not reside in the same home (or even the same country), or a non-biologically related primary caregiver of a *Ms. L.* Settlement Class member. Moreover, QAFMs may not even have entries in the ICE system of record because they were never previously encountered by immigration enforcement authorities. Information necessary to confirm potential QAFM eligibility, such as an alien's familial relationship with a *Ms. L.* Settlement Class member, is not easily identifiable in the ICE system of record unlike, for example, an alien's nationality or date of entry. Thus, ICE is not able to immediately identify QAFMs.

7.      There is currently one primary and one back-up National Juvenile Coordinator (NJC) with JFMD assigned to review and report on all new ICE arrests of *Ms. L.* Settlement Class members and QAFMs nationwide, in addition to their everyday duties and responsibilities. Therefore, given the resource constraints and time needed for ICE to complete multiple layers of manual reviews to determine if someone is a *Ms. L.* Settlement class member or QAFM, ICE often needs more than 24 hours to provide notice.

I declare under penalty of perjury that the foregoing is true and correct.

3:18-cv-00428

Executed this 29th day of July 2025.

BYOUNG C PARK
Digitally signed by BYOUNG C PARK
Date: 2025.07.29 16:17:22 -04'00'

_____

Byoung C. Park
Unit Chief
Juvenile and Family Management
Non-Detained Management Division
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

3:18-cv-00428