Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
skang@aclu.org
samdur@aclu.org

Attorneys for Ms. L. Plaintiffs
*Admitted Pro Hac Vice

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>Respondents-Defendants. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: July 31, 2025<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CLARIFY COURT'S JUNE 24, 2025 ORDER** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CLARIFY THE COURT'S JULY 24 ORDER**

The Court's stay of removal was designed as a stopgap measure to prevent the injury caused by Defendants' multiple breaches of the Settlement Agreement that illegally deprived class and family members of the assistance necessary to apply for and receive benefits designed to prevent their removal from the United States. *See* ECF No. 803; Stat. Conf. Tr. at 13–14 (June 27, 2025).

The stay is still necessary for the same reasons that the Court ordered it in the first instance. The Court initially entered the stay "[p]ending resolution" of Defendants' Rule 60(b) motion. ECF No. 803 at 2. Defendants argue that "[t]he condition precedent has been satisfied" because the Court has denied their Rule 60(b) Motion, ECF No. 834 at 2, but Defendants remain in breach. Services are not yet available to allow class members to apply for settlement benefits. While the 60(b) Motion has itself been ruled on, the underlying breaches have not been resolved, and the relief thus remains necessary.

The Court has authority to continue the limited class-wide stay of removal. Defendants cite 8 U.S.C. § 1252(f)(1), but a stay of removal is not injunctive relief, and is thus not proscribed by Section 1252(f)(1). *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (distinguishing between stays of removal and injunctions and holding that reference to "enjoin" in Section 1252(f)(2) refers only to the latter); *Immigrant Defs. L. Ctr. v. Noem*, No. 25-2581, --- F.4th ---, 2025 WL 2080742, at *10 (9th Cir. July 18, 2025) (Section 1252(f)(1) does not apply to judicial stay).

Section 1252(f)(1) is "nothing more or less than a limit on injunctive relief." *Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481 (1999). It "generally prohibits lower courts from entering [certain] *injunctions*." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022) (emphasis added). It therefore does not restrict courts' authority to stay removals. The Supreme Court has "distinguished stays from

1

18cv00428

injunctive relief." *Immigrant Defs. L. Ctr. v. Noem*, 2025 WL 2080742, at *10. "A stay . . . temporarily suspend[s] the source of authority to act"; unlike an injunction, it does not "direct[] an actor's conduct." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 428–29 (2009)). Therefore, a stay is a "less drastic remedy" than an injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Unlike injunctions, stays do not "'order federal officials to take or to refrain from taking actions to . . . carry out the specified statutory provisions'" covered by § 1252(f)(1). *Immigrant Defs. L. Ctr.*, 2025 WL 2080742, at *10 (quoting *Aleman Gonzalez*, 596 U.S. at 550). Indeed, this Court has issued class-wide stays of removals in this case. *See Ms. L. v. U.S. Immig. & Cust. Enf't*, No. 18-cv-00428 (S.D. Cal. July 16, 2018), ECF No. 116 (staying removals of parents until one week after they have been reunited with their children pending ruling on motion to stay such removals); *M.M.M. on Behalf of J.M.A. v. Sessions*, 347 F. Supp. 3d 526, 538 (S.D. Cal. 2018) (staying removals separating parents from children pending resolution of preliminary injunction motion).

Here, the stay is designed to maintain the status quo as it existed before the Government breached the Settlement. *See Nken*, 556 U.S. at 430. Because Defendants have breached the Settlement's legal services provisions, class and family members have been unable to access a fundamental promise of the Settlement—the opportunity to remain living with their reunified family members in the United States—and instead face possible removal and re-separation. Settlement §§ IV.A, C, ECF No. 721-1. Until the breaches are, in fact, resolved through effective reimplementation of the legal services provisions, the need and authority for the stay remains.

Moreover, the parties have already agreed that the Court has jurisdiction and authority to enforce the Agreement and, specifically, maintains the "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," *Id.* § VII.D. Defendants argue that this broad authority is tempered by the proviso that the Agreement "shall not be construed to waive, reduce,

2

18cv00428

or otherwise diminish the authority of the Defendants to enforce the laws of the United States against Ms. L. Settlement Class members, consistent with the Constitution and laws of the United States, and applicable regulations." *Id.* § IX.C.  But the Agreement is itself a legally binding contract, that Defendants must follow, and the relief is designed to enforce the terms of that contract: Defendants maintain the authority to enforce all laws against class members but must do so consistent with the Agreement. Indeed, to adopt Defendant's reading of the Agreement would risk eliminating the Court's remedial authority to issue class-wide enforcement measures.  If, for example, Defendants refused to comply with provisions directing Defendants to take certain actions or consider certain factors in asylum and removal proceedings,[1] Defendants' position, if accepted, would eliminate the Court's ability to enter "necessary relief" directing compliance because it "reduce[d]" the authority of Defendants to enforce the laws.

In order to enforce the Settlement's most fundamental promises, this Court has the power to maintain its stay on removals of class and family members until Defendants are no longer in breach.[2]  At the very least, Plaintiffs request that the Court order that Defendants must provide Plaintiffs with notice at least seven (7) business days before it removes any class member or QAFMs who have been paroled or reunified under the Settlement, so that Plaintiffs have time to seek further relief from this Court as to those particular individuals.

---

[1] *See, e.g.*, Settlement at 20 (requiring Defendants to reopen and adjudicate asylum applications at class members' request); *id.* at 24 (requiring Defendants to consider whether to join a motion to dismiss removal proceedings, or not to oppose such a motion, and to consider certain factors in making their determination).

[2] As discussed further *infra*, Plaintiffs request that the Court maintain its stay of removal only as to QAFMs who have "received parole and/or [have] been returned to the United States under the reunification processes of the Settlement Agreement." ECF No. 830-1 ¶ 2.

3

18cv00428

Defendants also ask the Court to "dissolve" its July 24, 2025 order requiring Defendants to report arrests of class members and QAFMs within 24 hours because this order "unduly burdens" Defendants. ECF No. 834 at 4. But "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing Fed. R. Civ. P. 59(e)).[3] Defendants have not established the basis for a motion to reconsider and cannot avoid this standard by raising their request in opposition papers on a separate motion.

Instead, Defendants reiterate the same arguments they raised in the Court's July 17, 2025 hearing that this reporting requirement is "operationally challenging." Hr'g Tr. at 38–41 (July 17, 2025) (arguing that the government does not have a system set up to "rapidly identify individuals who are QAFMS if they have not applied for parole."). The Court considered these arguments and ruled against Defendants in its Order. *See id.*; ECF No. 831 at 12. Even if Defendants had raised new evidence not previously available, the fact that an order issued to remedy Defendants' breach of their legal obligations "burdens" Defendants in some way is not a sufficient basis to dissolve that order. *See Parsons v. Ryan*, 912 F.3d 486, 501 (9th Cir. 2018) (rejecting defendants' argument that the Court's remedial order to address defendants' breach was

---

[3] While a motion for reconsideration may also be brought under Rule 60 of the Federal Rules of Civil Procedure, courts construe a motion to reconsider as a Rule 59(e) motion "where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Johnson v. Gains*, No. 09-cv-2868, 2010 WL 618371, at *1 (S.D. Cal. Feb. 17, 2010) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). Even under Rule 60, Defendants have failed to establish a basis for relief such as mistake, newly discovered evidence, fraud, that the judgment is void or has been satisfied, that applying the judgment prospectively would no longer be equitable based on a change in factual or legal circumstances, or that extraordinary circumstances that justify relief. *See* Fed. R. Civ. P. 60(b); ECF No. 831 at 4.

4

18cv00428

"burdensome"). Regardless, Plaintiffs have proposed a narrowed order that would mitigate Defendants' concerns about being able to quickly identify QAFMs. In the proposed orders Plaintiffs have lodged with the Court, the Court's 24-hour notification order would only apply QAFMs "who ha[ve] received parole and/or ha[ve] been returned to the United States under the reunification processes of the Settlement Agreement." ECF No. 830-1 ¶ 1.

Defendants also argue that the notice requirement is not closely related to Defendants' breach and will not increase their compliance with the Settlement. ECF No. 834 at 4–5. But this requirement, like the stay of removals, is a remedy designed to bring class and family members as close as possible to the position they would have been without Defendants' breach. With the notice requirement, class counsel can advocate to prevent individuals from being removed because they have been unable to achieve immigration relief under the Settlement due to Defendants' breach in providing legal services. Since May 16, when the Court required notice to class counsel when Defendants detain class members and QAFMs, class counsel is aware of at least thirteen such detentions; in at least nine cases the class member or QAFM was detained despite holding valid parole status. *See* Second Suppl. Decl. of Daniel Galindo (July 31, 2025). Notice of their detention allowed Plaintiffs to obtain evidence of their parole and advocate for release and non-removal. *See id.* Without notice from Defendants, class counsel will not know which class and family members have been detained and may be soon removed.[4]

---

[4] Nor is this relief inconsistent with *Parsons*, 912 F.3d at 499–50, merely because the Settlement contains no reporting requirement. Indeed, in *Parsons*, the Ninth Circuit also held that the district court could have ordered the government to develop and implement a plan to increase prison staffing in order to remedy the government's non-compliance with the parties' settlement's health care performance measures, even though the settlement did not have a specific staffing requirement. 912 F.3d at 498–99.

18cv00428

DATED: July 31, 2025                    Respectfully submitted,


                                        /s/ Lee Gelernt
                                        Lee Gelernt*
                                        Daniel A. Galindo (SBN 292854)
                                        Anand Balakrishnan*
                                        Judy Rabinovitz*
                                        AMERICAN CIVIL LIBERTIES UNION
                                        FOUNDATION
                                        125 Broad St., 18th Floor
                                        New York, NY 10004
                                        T:  (212) 549-2660
                                        *lgelernt@aclu.org*
                                        *dgalindo@aclu.org*
                                        *abalakrishnan@aclu.org*
                                        *jrabinovitz@aclu.org*

                                        Stephen B. Kang (SBN 292280)
                                        Spencer E. Amdur (SBN 320069)
                                        AMERICAN CIVIL LIBERTIES UNION
                                        FOUNDATION
                                        425 California Street, 7th Floor
                                        San Francisco, CA 94104
                                        T:  (415) 343-0783
                                        *skang@aclu.org*
                                        *samdur@aclu.org*

                                        *Attorneys for Ms. L Petitioners-Plaintiffs*
                                        *\*Admitted Pro Hac Vice*

6

18cv00428

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt