# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al.,<br><br>                Petitioners-Plaintiffs,<br><br>v.<br><br>U.S Immigration and Customs Enforcement ("ICE"); et al.,<br><br>                Respondents-Defendants. | Case No.: 18cv0428 DMS (AHG)<br><br>**ORDER FOLLOWING STATUS CONFERENCE** |

This case came on for status conference on August 1, 2025. Lee Gelernt, Daniel Galindo, and Anand Balakrishnan appeared for Plaintiffs, and Daniel Schutrum-Boward and Cristina Parascandola appeared for Defendants. After hearing from counsel and being advised as to the status, IT IS HEREBY ORDERED:

1. Consistent with the Court's prior orders, and given the Court's "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement[,]" (Settlement Agreement at 43, ECF No. 721-2), the Court continues its order requiring the Government to inform Plaintiffs' counsel within 24 hours if it detains a member of the Ms. L. Class or other QAFMs defined in the Settlement Agreement. The information provided to Plaintiffs' counsel shall include, but is not limited to, the identity of the detained person, his or her A-file number, and place of detention.

2. The Court also reimposes its stay on removal of Class Members or QAFMs defined in the Settlement Agreement pending reissuance of Acacia's task order.

Defendants argue this stay is prohibited by 8 U.S.C. § 1252(f)(1), which states:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1). However, the Supreme Court has stated this subsection "says nothing about stays, but is instead titled, 'Limit on injunctive relief,' and refers to the authority of courts to 'enjoin the removal of any alien.'" *Nken v. Holder*, 556 U.S. 418, 430 (2009) (quoting 8 U.S.C. § 1252(f)(2)). Although Defendants characterize this Court's order as an injunction rather than a stay, their characterization of the Court's action is not controlling. Rather, the stay being imposed is simply a temporary suspension of any removal orders against Class Members and QAFMs while Defendants cure their breach of the legal provisions of the parties' Settlement Agreement.

3. Within ten (10) days of this Order being filed, Defendants shall produce to Plaintiffs' counsel: (1) A list of the names, A numbers, and location of all Class Members and QAFMs currently in ICE custody, and (2) A list of the names, A numbers, and most current contact information for all class members and QAFMs required to report to ICE for check-ins.

4. Until the Independent Adjudicator rules on membership in the class for all outstanding applicants, Defendants shall not take immigration enforcement actions against these applicants. Plaintiffs shall identify the pending applicants to Defendants upon entry of this Order.

5. Counsel shall meet and confer on the reporting requirements set out in Section VI.B. of the Settlement Agreement.

6. On the issue of (1) the suspension/extension of parole and work authorizations and (2) whether the Court can and should extend the various deadlines set out in the Settlement Agreement, Plaintiffs shall file their opening brief on these issues on or before **August 7,**

**2025**, Defendants shall file their response on or before **August 11, 2025**, and Plaintiffs shall file their reply on or before **August 13, 2025**.

7. The Court will hear argument on these issues at the next status conference, which shall be held on **August 15, 2025**, at **1:30 p.m.** Counsel shall submit a Joint Status Report to the Court on or before **5:00 p.m.** on **August 13, 2025**. The dial-in number for any counsel who wish to listen in only and members of the news media is as follows:

    a. Dial the toll-free number: **571-353-2301**;

    b. Enter the Access Code: **151416184** (Participants will be put on hold until the Court activates the conference call).

Members of the general public may attend in person. All persons dialing in to the conference are reminded that Civil Local Rule 83.7(c) prohibits any recording of court proceedings.

**IT IS SO ORDERED**.

Dated: August 4, 2025

Hon. Dana M. Sabraw
United States District Judge