BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
DEAN P. DE LAS ALAS
Trial Attorney

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (771) 202-1393
    Dean.Delasalas@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement (ICE), et al. <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD <br><br> Date Filed: August 13, 2025 <br><br> **DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S AUGUST 4, 2025 ORDER** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

Pursuant to Local Civil Rule 7(i), Defendants move for reconsideration of the second part of Paragraph 3 of the Court's Order of August 4, 2025, Dkt. 840, directing Defendants to produce to Plaintiffs' counsel "within ten (10) days of this Order being filed . . . [a] list of the names, A numbers, and most recent contact information for all class members and QAFMs required to report to ICE for check-ins."

## BACKGROUND

On December 1, 2023, the parties jointly submitted the *Ms. L.* Settlement Agreement to this Court for final approval, pursuant to Federal Rule of Civil Procedure 23. Dkt. 721. On December 11, 2023, the Court approved the Settlement Agreement and certified a class for settlement purposes between Plaintiffs and Defendants, including the U.S. Department of Homeland Security (DHS), U.S. Department of Justice (DOJ), and U.S. Department of Health and Human Services (HHS). Dkt. 727. In its Order, the Court dismissed Plaintiffs' claims with prejudice, subject to the terms of the Settlement Agreement, and retained jurisdiction for specified purposes, including enforcement of the Settlement Agreement's terms. *Id*. at 2; *Ms. L.* Settlement Agreement, Dkt. 721-1, § VII.D, at 43 ("The Court shall have the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement."). On the same day, the Court entered judgment and closed the case. Dkt. 730.

More recently, on July 23, 2025, Plaintiffs filed a Motion for Immediate Relief and Additional Proposed Orders. *See* Dkt. 830. One of the additional proposed orders was for two lists: (1) "a list of the names, A numbers, and contact information of all [Ms. L Settlement C]lass members and [Qualifying Additional Family Members] QAFMs in [U.S. Immigration and Customs Enforcement] ICE custody"; and, (2) "a list of the names, A numbers, and contact information of all class members and QAFMs who are required

to report to ICE for check-ins." *See id.* at 2 ¶ 3. Plaintiffs proposed that Defendants produce those lists "within ten (10) days of this Order being filed." *See id.* The second list is the subject of the instant Motion.

In support of their request for additional proposed orders, Plaintiffs stated:

> Plaintiffs attach to this Motion and Notice a copy of other proposed remedial orders provided to the Defendants as an exhibit. Defendants have stated that they need until "at least next Tuesday" to respond. Plaintiffs are willing to wait until Defendants respond (provided it is next week) but given the duration of the breaches and need for continued progress lodge the proposals with the Court.

*See* Dkt. 830 at 2.

On August 1, 2025, the parties appeared for a status conference. Defendants objected to both lists due to the "operational[] challeng[es]" that production of the lists would entail. *See* Tr. Aug. 1, 2025, Status Conf. at 10 ¶¶ 18-21, 11 ¶¶ 1-2. The Court noted that it "ha[d] in mind" a declaration provided by Defendants that detail some of those challenges. *See id.* at 10 ¶¶ 22-23. On August 4, 2025, the Court issued its Order granting, *inter alia*, Plaintiffs' request that it order Defendants to produce the second list within ten days of the issuance of the Order. *See* Dkt. 840 ¶ 3.

As set forth in this motion, and supported by the attached declaration, Defendants likely will be unable to comply with part 2 of Paragraph 3 of the Court's August 4, 2025, Order. Thus, for the following reasons, Defendants request reconsideration of that Paragraph. The government already provided the first list to class counsel on August 12, 2025.

I. **Legal Standard.**

Under Local Rule 7(i)(1), a party may move for reconsideration "[w]henever any motion or any application or petition for any order or any other relief has been made to

any judge and has been refused in whole or in part . . . ." *See Am. Ironworkers & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Reconsideration is warranted when the Court: (1) is presented with newly discovered evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II. Reconsideration of Part 2 of Paragraph 3 Is Warranted to Correct a Clear Error and a Manifest Injustice.

Granting relief to Defendants from part 2 of Paragraph 3 of the Order requiring production by August 14, 2025, of a list of all *Ms. L.* class members and QAFMs required to report to ICE for check-ins because the granting of that request was clear error and manifestly unjust. It was clear error to impose that deadline, selected and proposed by the movant, without any meaningful justification for such a truncated timeline for production. *See* Tr. Aug. 1, 2025, Status Conf. at 11 ¶¶ 5-8 (Plaintiffs arguing "that the mere fact that the Government thinks [producing the lists] may be burdensome is not a sufficient reason given the stakes of the individuals [who may be on the lists]," and that they have "nothing" to state "beyond what we've already said.").

The Court granted Plaintiffs' ten-day deadline for production of the list despite the lack of justification from Plaintiffs as to that specific deadline. Plaintiffs do not explain why they desire this particular deadline in their Motion for Additional Proposed Orders. *See* Dkt. 830. They do not even cite any authority for the Court to grant these additional proposed orders. Nor did Plaintiffs provide any such explanation during the August 1, 2025, Status Conference when the Court inquired about their proposed order to requiring production of the list by that imminent deadline. *See* Tr. Aug. 1, 2025, Status Conf. at 11

¶¶ 3-4. Indeed, when questioned by the Court about the proposed deadline, Plaintiffs impermissibly sought to shift the burden to Defendants to explain why the Court should *not* impose this deadline and then dismissed the real logistical challenges of compliance with the rapid timeframe. *See* Tr. Aug. 1, 2025, Status Conf. at 11 ¶¶ 5-8.

Furthermore, Plaintiffs did not address any of Defendants' record evidence as to the logistical challenges. For instance, Plaintiffs did not address the reality that ICE field officers do not have a readily available list of *Ms. L.* class members or QAFMs; that instead they must perform a "manual[] review" of a list of such people; that, to perform the manual review, they need to coordinate with another part of ICE ERO—the Juvenile Management and Family Division—to access that list; and, that, for some aliens, manual review—especially if that alien may be a previously unknown QAFM—may take "over 24 hours." *See* Dkt. 834-1, Decl. Byoung Park ¶¶ 3-4.

Additionally, it bears noting that Plaintiffs did not address the fact that Paragraph 3 of the Order, which they wanted, does not differentiate between confirmed and unconfirmed QAFMs. That lack of differentiation is particularly burdensome to Defendants when, under the Settlement, putative QAFMs have the burden to demonstrate that they are QAFMs. *See, e.g.*, Dkt. 721-1 at 14 (reflecting that a putative QAFM has to demonstrate his QAFM status to seek parole as a QAFM). Moreover, as ICE notes, the definition of QAFM under the Settlement is in practice so broad that a QAFM may be a person who must check in with ICE but whom ICE does not know, prior to manual review, may be a QAFM. *See* Dkt. 834-1, Decl. Byoung Park ¶ 6 ("Per the *Ms. L.* Settlement Agreement, a QAFM could be a new common law spouse, new stepparent, newly born half-sibling, a family member who does not reside in the same home (or even the same country), or a non-biologically related primary caregiver of a *Ms. L.* Settlement Class

member"). Thus, in requesting this ten-day deadline, Plaintiffs did not account for the added challenge of Defendants having to go beyond their Settlement obligations to account for all possible people on the list by the deadline.

Subsequent evidence from Defendants demonstrates that the granting of Plaintiffs' arbitrarily condensed timeline for producing the list was a manifest injustice. To satisfy part 2 of Paragraph 3 of the Court's Order, ICE must manually review a list of "over 8,000" people by August 14, 2025. *See* Second Supplemental Decl. Byoung Park ¶ 5 (Aug. 12, 2025). Although the Settlement permits class counsel to provide "a list of identified *Ms. L* Settlement Class members" to Defendants so that Defendants can provide updated contact information *see* Dkt. 721-1 at 40, there was never an obligation under the Settlement for Defendants to maintain a list of *Ms. L.* Settlement Class members and QAFMs who are required to report to ICE for check-ins. Moreover, the 8,000 figure cited above consists of only "*confirmed Ms. L.* Settlement class members and QAFMs on the Research Committee's Ms. L. Settlement Class Members and QAFM list." *See id.* (emphasis on "confirmed" added). As noted above, the identification of unconfirmed QAFMs poses an impossible task for Defendants. Moreover, to identify all the people who should be included on the list, ICE must not only perform a "manual review" of all individuals listed on the Research Committee's list, but also try to identify those who are not. *See id.*

Based on its understanding of its internal procedures and operational capabilities at this time, ICE estimates that production of the list would take "at least five (5) months." *See* Second Supplemental Decl. Byoung Park ¶ 2, 5. Ten days is not a realistic deadline, given the logistical challenges that Plaintiffs failed to account for when they proposed it.

Plaintiffs have a legal burden to justify their requests to this Court, but failed to do so. In requesting that Defendants produce a list of *Ms. L* Settlement Class members and QAFMs who are required to check-in with ICE, Plaintiffs have not articulated how such a list is tied to the Settlement Agreement, what benefit the list will provide to them, or how it will ensure compliance with the Settlement Agreement. Additionally, given the reality of ICE's operational capabilities, it is impossible for Defendants meet the ten-day deadline that Plaintiffs requested and the Court granted. Consequently, the Court should reconsider part 2 of Paragraph 3 of its August 4, 2025, Order, and relieve Defendants of the burden of producing this list.

**CONCLUSION**

For these reasons and others, the Court should grant this Motion.

Dated: August 13, 2025.  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

DANIEL SCHUTRUM-BOWARD
DEAN P. DE LAS ALAS
Trial Attorneys

*/s/ Dean P. De Las Alas*
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(771) 202-1393
Dean.Delasalas@usdoj.gov

Attorneys for Defendants