BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DANIEL SCHUTRUM-BOWARD
Trial Attorney

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 919-1670
    Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement (ICE), et al. <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD <br><br> Date Filed: August 18, 2025 <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND SETTLEMENT DEADLINES** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

Pursuant to the Court's Order of August 9, 2025, ECF No. 844, Defendants respond to Plaintiffs' Motion to Extend Deadlines in the *Ms. L.* Settlement Agreement, ECF No. 847. The Court should deny the motion because it requests relief that is unwarranted, premature, and precluded by law.

## BACKGROUND

On December 1, 2023, the parties submitted the *Ms. L.* Settlement Agreement for final approval by the Court, pursuant to Federal Rule of Civil Procedure 23. ECF No. 721. On December 11, 2023, the Court approved the Settlement Agreement and certified a class for settlement purposes between Plaintiffs and Defendants. ECF No. 727. In its Order, the Court dismissed Plaintiffs' claims with prejudice but retained jurisdiction to enforce the terms of the Settlement Agreement, which require Defendants to provide *Ms. L.* Class members and QAFMs in the United States with certain benefits, including legal assistance, housing support, and behavioral health services. *See id.* at 2; *Ms. L.* Settlement Agreement, ECF No. 721-1, § VII.D, at 43 ("The Court shall have the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement."). On December 11, 2023, the Court entered judgment and closed the case. ECF No. 730.

More recently, Plaintiffs moved to extend certain deadlines set forth in the Settlement Agreement, citing the provision granting the Court "the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," *Ms. L.* Settlement Agreement, ECF No. 721-1, § VII.D, at 4, as well as Federal Rule of Civil Procedure 60(b), *see* ECF No. 847. Plaintiffs request blanket, one-year extensions of the Final Registration Date, the Final Services Date, the

Termination Date, and the deadline to seek certain immigration relief,[1] as well as six-month extensions of "all eligibility periods in Settlement § IV.B." (*i.e.*, behavioral health services, certain medical cost assistance, legal services, and housing assistance). *See* ECF No. 847 at 9-11. Further, Plaintiffs ask the Court to "suspend the expiration of parole and work authorization for class members and QAFMs who have received parole until six months after the new task order with Acacia is entered" and "reinstitute such parole and work authorization (until six months after legal services are implemented) that have expired since April 30, 2025." *Id.* at 11-13. The Court should deny Plaintiffs' motion because it is unsupported, premature, and requests relief that would conflict with the relevant statute and precedent.

## ARGUMENT

The Court should reject Plaintiffs' requests for blanket, one-year or six-month extensions, *see* ECF No. 847 at 9-11, as they are premature, and Plaintiffs fail to show that extending the duration of the terms of the Settlement Agreement by such lengthy amounts of time would be suitably tailored to cure any harm that could have resulted from the partial breach of certain provisions of the Settlement Agreement. The Court should likewise reject Plaintiffs' request that it reinstate or extend parole and work authorization, *id.* at 11-13, as the relevant governing statutes do not allow courts to grant or otherwise alter parole or employment authorization conferred by DHS, and the requested relief

---

[1] Specifically, Plaintiffs request one-year extensions of deadlines for "[a]ny request for relief relating to INA § 240 removal proceedings, [ECF No. 721-1] § IV.C.3.a."; "[a]ny request for relief relating to an expedited removal or reinstatement proceedings, *id.* § IV.C.3.a."; "[a]ny request that USCIS reopen a class member's prior asylum application, *id.* § IV.C.3.b.iii."; and "[f]iling a complete asylum application with USCIS, *id.* § IV.C.3.b.iv." ECF No. 847 at 9.

exceeds DHS's statutory authority. Courts cannot disregard statutory requirements, even when exercising equitable authority to enforce the terms of a settlement agreement.

### I. Plaintiffs Fail to Show Any Deadline Extension Is Warranted or Ripe.

A court may extend the terms of a settlement agreement if the party requesting the extension demonstrates that the other party has not "substantially complied" with the terms. *See Lab./Community Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.* ("*Lab.*"), 564 F.3d 1115, 1123 (9th Cir. 2009) (affirming decision declining to extend consent decree given defendant's substantial compliance). Courts have determined that, when such a showing is made, extensions suitably tailored to align with the duration of the breach are appropriate. *See Kelly v. Wengler*, 822 F.3d 1085, 1098 (9th Cir. 2016) (affirming two-year extension where settlement agreement required party to provide "certain number of security personnel . . . for two years" but party failed to do so "during that two-year period"); *Dept. of Fair Empl. & Hous. v. L. Sch. Admis. Council Inc.*, No. 12-cv-01830, 2018 WL 1156605, at *25–26 (N.D. Cal. Mar. 5, 2018) (extending consent decree by two years where defendant failed to comply with consent decree for two years).

Defendants are in substantial compliance with the *Ms. L.* Settlement Agreement. While the Court has determined that Defendants are in breach of certain provisions, the Court has ordered remedial measures, and Defendants are in the process of implementing those measures. Issues regarding funding the work of the International Organization for Migration (IOM) and the Independent Adjudicator have been resolved. *See* ECF No. 835 at 3-4. Moreover, Defendant U.S. Department of Health and Human Services (HHS) and the Executive Office for Immigration Review have begun the process to negotiate new agreements with Seneca Family of Agencies (Seneca) and Acacia Center for Justice (Acacia), respectively, so Seneca and Acacia may resume their work in implementing the

Settlement Agreement. *See id.* at 2-3. Therefore, because efforts to enter into new agreements with Seneca and Acacia are ongoing, it is premature to determine whether extensions of any deadlines are warranted.

Moreover, extending the deadlines would constitute an unsubstantiated expansion of the terms negotiated by the parties and approved by the Court. *See* ECF No. 727. Crucially, the parties did not include any terms to specify a remedy for a late start or "ramp-up" period or for a temporary pause in services in the Settlement Agreement, nor did they agree to extensions or tolling of any of the settlement terms in the event of such a delay or pause. However, the parties did agree to terms that give class members a multi-year window of opportunity to receive services provided by the Settlement Agreement. Indeed, the Final Services Date, *i.e.*, "[t]he latest date that a . . . Class member may *begin* receiving services under the Settlement," is "*four years* after the Effective Date" of December 11, 2023. ECF No. 721-1 § I.H (emphasis added). Therefore, class members have until the end of 2027 to even *begin* to receive services. The mere months-long pause in services does not justify extending the Final Services Date or the eligibility periods in § IV.B., even when coupled with the roughly estimated amount of time needed to resume services after execution of new agreements with Acacia and Seneca. *See, e.g.*, ECF No. 847 at 4 (stating Acacia anticipates it will take "up to" ninety days "to reach its previous capacity") (citation omitted); *id.* at 5 (stating Seneca will not reach "full capacity" in case management services for "at least six to eight weeks") (citation omitted).

For the same reasons, it would be unnecessary to extend the Final Registration Date—which is "*three years* after the Effective Date," ECF No. 721-1 § I.G. (emphasis added)—the Termination Date—which is "*six years* after the Effective Date," *id.* § I.O (emphasis added)—or the deadlines by which class members must seek certain

immigration relief—which are each within *two years* of a class member's registration, *id.* §§ IV.C.3.a., IV.C.3.b.iii., IV.C.3.b.iv.[2] There remains much time on those lengthy and generous clocks, and any extension would be extraneous.

Overall, the pause in services will ultimately be limited in time such that, despite the pause, Defendants nonetheless show "substantial compliance" with the Settlement Agreement—which will "serve its purpose" by providing sufficient opportunity for class members and QAFMs to access the benefits of the Settlement Agreement prior to its termination in December 2029. *Lab.*, 564 F.3d at 1121. The Court should reject the request to extend deadlines as an inappropriate modification to the *Ms. L.* Settlement Agreement.

Additionally, even if extensions were warranted, Plaintiffs have not shown why the durations of their requested one-year or six-month extensions are suitably tailored or otherwise reasonable. Courts typically base the length of an extension on the length of the breach. *Kelly*, 822 F.3d at 1098; *Dept. of Fair Empl. & Hous.*, 2018 WL 1156605, at *25–26. Plaintiffs, however, provide rough estimates, based not on facts but upon their expectations of the duration of the relevant breaches.

Plaintiffs requested relief, even if appropriate, is also premature. Indeed, as their motion suggests, it is too soon to determine when precisely services will fully resume, ECF No. 847 at 5-6 (estimating timeframes of "six to eight weeks," "at least two to three weeks," and "at least two to three months").[3] The Court has ordered Defendants to "re-

---

[2]   Class members also have an *additional two years* to file an asylum application with USCIS, or request that USCIS reopen a prior asylum application, after EOIR or DHS take certain actions under the Settlement Agreement. ECF No. 721-1 § IV.C.3.b.i-ii.

[3]   The Court has ordered Defendants to enter into new agreements with Seneca and Acacia by August 25, 2025. ECF No. 831 at 12. "EOIR expects to issue a Task Order to

"contract" with Acacia and Seneca by August 25, but considering that Acacia and Seneca are neither government entities nor parties to this action, whether Defendants meet the time limit is not entirely within Defendants' control. If extensions were appropriate, the time to calculate them would not be now.

Accordingly, the Court should not grant any extension of any deadline or term set forth in the *Ms. L.* Settlement Agreement.

### II. The Court Cannot Extend or Reinstitute Parole or Employment Authorization.

Pursuant to 8 U.S.C. § 1182(d)(5)(A), "[t]he Secretary of Homeland Security may . . . in [her] discretion parole into the United States temporarily under such conditions as [she] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." An alien applies for parole under the Settlement Agreement by filing Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records with USCIS.[4] The alien has the burden to demonstrate eligibility for parole. *See* 8 C.F.R. § 103.2(b)(1) ("An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication"); ECF No. 721-1 § IV.C.1., at 46 ("Certain *Ms. L.* Settlement Class

---

Acacia by the deadline of August 25, 2025," ECF No. 835 at 2, and "HHS expects to be able to issue a contract modification to Seneca" by the deadline. *Id.* at 3. However, entering into a contract modification or Task Order "requires both parties . . . to negotiate reasonably and in good faith." *Id.* at 2-3.

[4]   *See* USCIS, Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records, *available at* https://www.uscis.gov/i-131 (last visited Aug. 14, 2025).

members and [QAFMs], . . . will have the opportunity to *apply* for parole") (emphasis added). Pursuant to the *Ms. L.* Settlement Agreement (and the statute), "[p]arole applications will be adjudicated on a case-by-case basis and approval of the request for parole is not guaranteed based on th[e] Settlement Agreement." ECF No. 721-1 § IV.C.1., at 46. "DHS retains its existing discretion to grant or deny applications for parole, as well as its existing discretion to grant or deny parole at the time of inspection at a port of entry." *Id.* Furthermore, DHS cannot grant parole for indefinite or unspecified periods, as the statute requires that parole must be temporary. 8 U.S.C. § 1182(d)(5)(A).

The Court should reject Plaintiffs' request that it suspend the expiration of, or reinstitute, parole for class members and QAFMs. The Settlement Agreement does not permit judicial action that would contravene any statute. For good reason. Allowing such action would place Defendants in a compliance quagmire in which they must decide to comply with either the Court's requirements or statutory law.

DHS is required to consider eligibility for parole on a "case-by-case basis" and may only grant parole if it decides to favorably exercise its "discretion." 8 U.S.C. § 1182(d)(5)(A). Plaintiffs effectively ask the Court to compel DHS to elongate, or revive expired, parole without any case-by-case consideration. It is within DHS's province, however, to grant or extend parole, and courts may not compel agency action that is committed by statute to the agency's discretion. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) ("The limitation to required agency action rules out judicial direction of even discrete agency action that is not demanded by law"); *see also Patel v. Garland*, 596 U.S. 328 (2022) (holding discretionary agency action unreviewable).

Moreover, the alien bears the burden to demonstrate eligibility for parole. 8 C.F.R. § 103.2(b)(1). Also, DHS is required to review each case individually to determine if the

alien met their burden. 8 U.S.C. § 1182(5)(A). Thus, not only do courts lack the authority to compel DHS to grant parole, they lack the authority to divine that any alien is eligible for parole and to extend or grant parole to an alien, much less to any class or group of aliens.

The Court also may not compel DHS to extend employment authorization. Crucially, new law changes the permissible length of employment authorization for parolees. *See An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14*, 119th Cong., Pub. Law No. 119-21 (2025).[5] Sections 100003(b)(1) and 100010(a) of the new law impose a specific validity period on parole-based employment authorization of one (1) year or the duration of the alien's parole, whichever is shorter. Extending said authorization beyond one year would not be permitted under the new law.

Additionally, DHS determines eligibility for employment authorization by receiving and reviewing the Form I-765, Application for Employment Authorization, filed by the alien. *See* Form I-765, Ex. A.[6] Indeed, 8 C.F.R. § 274a.12(c) mandates that aliens "must apply for work authorization." DHS, "*in its discretion*," may "establish a specific validity period for an employment authorization document." 8 C.F.R. § 274a.12(c) (emphasis added). DHS cannot be compelled to extend employment authorization for a year, as determination of duration is dedicated to its discretion. *See Norton*, 542 U.S. at 65.

Courts may not usurp the authority accorded to DHS, even in the interest of

---

[5] Defendants' briefing on the impact of recent statutory developments is forthcoming.

[6] *See* USCIS, Form I-765, Application for Employment Authorization, *available at* https://www.uscis.gov/sites/default/files/document/forms/i-765.pdf. (last visited Aug. 14, 2025).

enforcing a settlement agreement. The Court, therefore, should deny Plaintiffs' request to extend or reinstate parole and employment authorization.

## CONCLUSION

For these reasons and others, the Court should deny Plaintiffs' motion in its entirety.

Dated: August 18, 2025.        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants