Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br> *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br><br> Date Filed: August 20, 2025 <br><br> Hearing Date: August 22, 2025 <br><br> **OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF COURT'S AUGUST 4, 2025 ORDER** |

**INTRODUCTION**

A list of class members and Qualified Additional Family Members ("QAFMs") who are subject to check-ins with U.S. Immigration and Customs Enforcement ("ICE") is among the most basic protections necessary to ensure lawful implementation of the Settlement Agreement. Already, numerous class and family members have been detained at check-ins, and some have even been removed in violation of the Settlement. Knowing who is attending check-ins and *cannot* legally be detained or removed is in Defendants' own interest: They should seek to comply with their obligations and avoid breaches and illegal removal. Providing that information to class counsel ahead of check-ins furthers this purpose, as it will permit class counsel and advocates to alert Defendants to prevent illegal detentions and removals, as well as to ensure that those who face potential detention are provided with services provided by the Settlement.

Defendants' primary objection is burden. But Plaintiffs are amenable, as they were with the stay of removal, to the order being limited to QAFMs who have been granted parole and/or reunified under the Settlement. And Defendants' conclusory claim that they will require five months to perform the necessary review is extreme. Even assuming the accuracy of the time necessary to review files, Defendants nowhere state they cannot temporarily surge manpower necessary to speed the process, nor do they claim they lack the budget to do so.

**ARGUMENT**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999) (brackets omitted). "A motion for reconsideration 'may *not* be used to raise arguments

18cv00428

or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)).

### A. Check in Information is Necessary

Plaintiffs' request for information comes during a time of an unprecedented surge of arrests and detention of noncitizens that has resulted in Defendants' detention and removal of class members and QAFMs, including those with valid parole or in the process of applying for parole. Seventh Suppl. Decl. of Anilú Chadwick ¶¶ 5–6 (Aug. 20, 2025). In recent months, Defendants have detained and removed families at check-ins where individuals are directed to report periodically to an ICE field office. *See id.*; *see also, e.g.*, Decl. of I.O.Y.D. (Aug. 20, 2025); Decl. of J.J.A. (Aug. 20, 2025); Third Suppl. Decl. of Kayleen Hartman (Aug. 20, 2025).

The information that Plaintiffs are requesting is necessary to ensure lawful implementation of the Settlement. The purpose of the Settlement was to provide families the legal status necessary to stay in the United States and reunify. *See* Settlement § IV.A, C, ECF No. 721-1. A list of those who are reporting for check-ins and contact information will ensure that class counsel and legal services providers can alert Defendants before the check-ins of class status as well as any active parole or pending parole application. Legal service providers can, as they have recently, contact and provide those attending check-ins with letters to share with ICE officers to confirm class and parole status. Seventh Suppl. Chadwick Decl. ¶¶ 11–15. This information will also allow for legal services providers to prioritize services across the class by, for example, identifying who of those subject to check-ins need immediate assistance in filing for re-parole.

The information will also provide needed contact information that legal services providers, as well as Seneca, need to conduct outreach. The government's check-in information will be the most current or only contact information for some class

members whom Plaintiffs and service organizations cannot otherwise reach to advise about eligibility for settlement benefits. *See, e.g.*, Third Suppl. Hartman Decl. ¶ 7. This information is crucial to ensure access to services and benefits. *See id.*; Seventh Suppl. Chadwick Decl. ¶¶ 11–15

### B. Burden cannot outweigh the need for the information

Defendants claim it is too burdensome for them to collate files to generate the requested information. But Defendants themselves would benefit from the creation of these records. The government has an interest in complying with legal obligations and ensuring ICE officers are aware of the status of those attending check-ins so as to avoid wrongful detentions and removals. In any case, Defendants certainly cannot claim that they lack the funding to allocate the necessary resources to speed up the process, and the gravity of the stakes outweighs whatever burden they face. And Plaintiffs are amenable to modification of the production to require information only about confirmed QAFMS—who have received parole and/or have been returned to the United States under the reunification processes of the Settlement Agreement. *Cf.* ECF No. 836.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider should be denied.

DATED: August 20, 2025                    Respectfully submitted,

<u>/s/ Lee Gelernt</u>
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*

|   |   |
|---|---|
| 1 | *dgalindo@aclu.org* |
| 2 | *abalakrishnan@aclu.org* |
|   | *jrabinovitz@aclu.org* |
| 3 |   |
| 4 | Stephen B. Kang (SBN 292280) |
|   | Spencer E. Amdur (SBN 320069) |
| 5 | AMERICAN CIVIL LIBERTIES UNION |
| 6 | FOUNDATION |
|   | 425 California Street, 7th Floor |
| 7 | San Francisco, CA 94104 |
| 8 | T: (415) 343-0783 |
|   | *skang@aclu.org* |
| 9 | *samdur@aclu.org* |

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt