| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br>GLENN M. GIRDHARRY<br>Acting Deputy Director<br>WILLIAM C. SILVIS<br>Assistant Director<br>CHRISTINA PARASCANDOLA<br>Senior Litigation Counsel<br>DANIEL SCHUTRUM-BOWARD<br>Trial Attorney<br><br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>(202) 919-1670<br>Daniel.R.Schutrum-Boward@usdoj.gov<br><br>Attorneys for Defendants | Lee Gelernt*<br>Daniel A. Galindo (SBN 292854)<br>Anand Balakrishnan*<br>Judy Rabinovitz*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St., 18th Floor New York, NY 10004<br>T: (212) 549-2660<br>lgelernt@aclu.org<br>dgalindo@aclu.org<br>jrabinovitz@aclu.org<br>abalakrishnan@aclu.org<br><br>Stephen B. Kang (SBN 292280)<br>Spencer E. Amdur (SBN 320069)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>425 California Street, 7th Floor San Francisco, CA 94104<br>T: (415) 343-0783<br>skang@aclu.org<br>samdur@aclu.org<br><br>Attorneys for Ms. L. Plaintiffs<br><br>*Admitted Pro Hac Vice |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement (ICE), et al.<br><br>    *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD<br><br>Date Filed: August 20, 2025<br>Hearing Date: August 22, 2025<br><br>**JOINT STATUS REPORT**<br><br>Hon. Dana M. Sabraw<br>Courtroom: 13A |

Pursuant to the Court's Order of August 4, 2025, ECF No. 840, the parties submit this joint status report in advance of the hearing scheduled for August 22, 2025 hearing.

### **Defendants' Updates**

The U.S. Department of Homeland Security (DHS) informs undersigned counsel of the following.

- On August 12, 2025, Defendants produced to Plaintiffs' counsel "[a] list of the names, A numbers, and location of all Class Members and [Qualifying Additional Family Members (QAFMs)] currently in ICE custody." *See* ECF No. 840 ¶ 3 (ordering Defendants to produce such information to Plaintiffs' counsel by August 14, 2025).

- The Court also ordered Defendants to provide "[a] list of the names, A numbers, and most current contact information for all class members and QAFMs required to report to [U.S. Immigration and Customs Enforcement] for check-ins." *Id.* Defendants have moved for partial reconsideration of the Court's order, limited to the production of this list. *See* ECF No. 848. Defendants' motion is pending.

- The Court ordered the parties to "meet and confer on the reporting requirements set out in Section VI.B. of the Settlement Agreement." ECF No. 840 ¶ 5. The parties' counsel met and conferred on August 13, 2025. On August 14, 2025, Defendants provided the required reporting from together.gov to Plaintiffs' counsel.

- On August 18, 2025, Plaintiffs' counsel alleged that the International Organization for Migration's (IOM's) contract with DHS expired on August 12, 2025. DHS informs the undersigned that funding processing was slightly delayed, but that the IOM contract was extended on August 20, 2025.

The U.S. Executive Office for Immigration Review (EOIR) informs undersigned counsel of the following.

- EOIR understands the Settlement Agreement and the Court's orders finding breach of the legal services provision, and ordering remedy, to not require that a third-party contractor refer *Ms. L.* Class members or Qualifying Additional Family Members to the independent contractor (such as the Acacia Center for Justice) that provides individualized services such as "individualized

1

3:18-cv-00428

consultations" for pro bono placement (ECF Nos. 721-1 § IV.B.2c.ii.b). EOIR will accept referrals from third parties and direct inquiries it receives from individuals from Class members and Qualifying Additional Family Members seeking immigration legal services and will guide those individuals to the resources—including group orientations and group workshops—that EOIR provides. Any confirmed Class member or Qualifying Additional Family Member who subsequently requests individualized assistance will be referred to a third-party contractor that will conduct affirmative outreach using contact information that EOIR provides, screen them for services, and refer them to the appropriate regional office for individualized assistance, such as those the court ordered to be performed by an independent contractor (ECF No. 795 at 11). This allows Class members and Qualifying Additional Family Members to immediately benefit from EOIR's group services while also having the option to receive individualized assistance from third parties, as needed, upon request. EOIR thus intends to continue conducting referrals itself.

Defendant U.S. Department of Health and Human Services (HHS) informs undersigned counsel of the following.

- HHS informs the undersigned that, since the parties filed their prior joint status report on July 30, 2025, ECF No. 835, there have been no changes with regard to HHS's intent to issue a contract modification to Seneca Family of Agencies.

## Plaintiffs' Updates

A. <u>Defendants' Compliance with the Court's Acacia Orders (ECF Nos. 795 & 831)</u>

1. Plaintiffs raise a **time sensitive issue** regarding the contract negotiations between Acacia and Defendants. Plaintiffs raised this issue with Defendants' counsel on August 17, but have not received any response as of the time of filing. **The deadline for Acacia to enter a new contract with Defendants is August 25**.

Plaintiffs understand that Defendants intend to impose new limitations on Acacia's provision of legal services that are inconsistent with the Settlement Agreement. Under its previous contract, Acacia accepted referrals for legal services of pro bono screenings from any source: Seneca, the International Organization for Migration ("IOM"), private

2

3:18-cv-00428

lawyers, and, of course, individual queries from class and family members. The new contract, however, requires that Acacia accept new referrals *only* from the Executive Office for Immigration Review ("EOIR").

Under Defendants' new system, an individual class or family member that has not been served by Acacia apparently must first contact EOIR. Then EOIR will only refer class members for individualized legal services or pro bono screenings with Acacia where the class member *explicitly requests* such a referral. To Plaintiffs' knowledge, Defendants have not articulated what standards or additional screening process EOIR will use to determine which of these class members who request further services will be referred to Acacia, nor what timeline EOIR will hold itself to when responding to individual inquiries or making referrals.

This issue has already been resolved. This referral structure maintains many of the issues with EOIR's proposed federalized legal services program that this Court found violated the Settlement's requirements. ECF No. 795. Plaintiffs have already demonstrated that the requirement that class members seek assistance only from EOIR dissuades class members from seeking legal help because, as this Court has recognized, class members have been "afraid" of reaching out to EOIR for legal services because of concerns of retribution through detention by ICE or adverse consequences in their immigration cases. ECF No. 795, at 6 n.5. Class members and their families do not know that free individualized legal help is theoretically available from EOIR and thus do not know to ask. *See* ECF No. 787, at 8. Indeed, the record demonstrates EOIR did not inform class members and their families that such individualized legal assistance is available. *See* Suppl. Decl. of Kelly Albinak Kribs ¶ 14 (May 22, 2025), ECF No. 783-4; Fourth Suppl. Decl. of Anilú Chadwick ¶¶ 2–7 (May 30, 2025). The EOIR system causes delays that have and will continue to result in class members missing critical deadlines. *See, e.g.*, Fifth Suppl. Anilú Chadwick Decl. (June 4, 2025), ECF No. 789-1 (79 of 80 individuals referred to EOIR since May 8 had not received any communication as of June 3, despite

many families' repeated attempts to contact EOIR). Even at its best, the structure Defendants seek to impose will place wholly unnecessary barriers between class and family members and the legal services to which they are entitled. The record of Defendants' "federalized" system reinforces it will deter and delay access to legal services.

Plaintiffs emailed Defendants that this referral structure violated the Settlement Agreement on August 17. Given that Defendants must enter their contract by August 25, Plaintiffs respectfully request that the Court immediately issue an order requiring that Defendants' task order with Acacia permit Acacia to receive referrals from organizations other than EOIR. Otherwise, Plaintiffs ask to be heard on this issue at or before the hearing on August 22.

2. Additionally, Plaintiffs expect that the budget Defendants are allocating to legal services will be insufficient to meet the needs of the class, particularly in light of the backlog that has been created during the time of breach. Plaintiffs will subsequently file a declaration explaining these concerns and request that Plaintiffs be heard on this issue at or before the August 22 hearing as well.

B. Defendants' Contract with IOM

On August 12, 2025, Plaintiffs understand that Defendants let their contract with IOM expire without renewal and without any warning. Despite the prior litigation over IOM funding and Plaintiffs specifically asking Defendants about the IOM contract's upcoming expiration date, Defendants never informed Plaintiffs that they did not intend to renew IOM's contract. On August 17, Plaintiffs emailed Defendants about this breach of the Settlement and asked whether they intended to renew their IOM contract and if so, when. Defendants never responded to this email and unless the contract is reinstated, Plaintiffs will file a motion to enforce.

| | |
|---|---|
| Dated: August 20, 2025. | Respectfully submitted, |

/s/ *Lee Gelernt*
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
abalakrishnan@aclu.org
jrabinovitz@aclu.org

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
skang@aclu.org
samdur@aclu.org

Attorneys for Ms. L Petitioners-Plaintiffs

*Admitted Pro Hac Vice

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

3:18-cv-00428