| | |
|---|---|
| Lee Gelernt* | Stephen B. Kang (SBN 292280) |
| Daniel A. Galindo (SBN 292854) | Spencer E. Amdur (SBN 320069) |
| Anand Balakrishnan* | AMERICAN CIVIL LIBERTIES |
| Judy Rabinovitz* | UNION FOUNDATION |
| AMERICAN CIVIL LIBERTIES | 425 California Street, 7th Floor |
| UNION FOUNDATION | San Francisco, CA 94104 |
| 125 Broad St., 18th Floor | T: (415) 343-0783 |
| New York, NY 10004 | *skang@aclu.org* |
| T: (212) 549-2660 | *samdur@aclu.org* |
| *lgelernt@aclu.org* | |
| *dgalindo@aclu.org* | *Attorneys for* Ms. L. *Plaintiffs* |
| *jrabinovitz@aclu.org* | *Admitted Pro Hac Vice |
| *abalakrishnan@aclu.org* | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., | Case No. 18-cv-00428-DMS-AHG |
| *Petitioners-Plaintiffs*, | |
| v. | Date Filed: August 20, 2025 |
| U.S. Immigration and Customs Enforcement ("ICE"), et al. | Hearing Date: August 22, 2025 |
| *Respondents-Defendants*. | **EIGHTH SUPPLEMENTAL DECLARATION OF ANILÚ CHADWICK** |

I, Anilú Chadwick, pursuant to 28 U.S.C. § 1746, declare that the following is true and correct:

1. I am the Pro Bono Director at Together & Free, a nonprofit organization that provides legal and logistical support to families affected by the government's family separation policy. I submit this Eighth Supplemental Declaration to explain our concern that the proposed contract for the renewed Acacia Services will not meet the needs of the class to access benefits under the Settlement Agreement.

2. In August 2025, Together & Free was approached by Acacia to be a proposed subcontractor on the new proposed EOIR contract. In that capacity, Acacia informed us about both the terms of its prior contract and the structure of the new proposed contract.

3. Under the prior contract, Acacia was funded for approximately 15 full-time equivalent attorneys and legal staff (FTEs) under a firm-fixed price contract that allowed for "surge" flexibility. That meant that when the number of class members and qualifying additional family members (QAFMs) exceeded the base funding level, Acacia was allowed to direct additional cases to subcontractors and the government provided funding to cover the increased participant numbers.

4. By contrast, the current year's proposed contract is a time-and-materials contract capped at approximately 18 FTEs. Although this adds three FTEs, the new proposed contract prohibits surge pricing or flexibility beyond the budget cap. Once the

1

18cv00428

cap is reached, Acacia and its subcontractors are prohibited from conducting additional work on the LASRF program even in emergency situations such as imminent deportation or for newly certified class members.

5. The change from a firm-fixed price contract with surge capability—which allowed for increased participant numbers in response to demand—to a time-and-materials contract with no surge capacity, will significantly reduce Acacia and its subcontractors' ability to provide critical services to the class unless the FTE hours are increased.

6. With the 15 FTEs plus surge capacity under the prior contract, Acacia served approximately 1,200 class members during that year. Based on information provided by Acacia through the list the government gave them, there are at least 8,000 class members and QAFMs who could qualify for services. Importantly, many of the 1,200 class members and QAFMs who have already received some services continue to require ongoing legal support, meaning demand from existing participants will continue. Under the current or even extended deadlines proposed by Plaintiffs, it is my opinion that serving 1,200 new people (or less) each year will not meet the needs of class members.

7. The addition of three FTEs under the new proposed contract will not cover current waitlists or address the unmet needs of thousands of class members and QAFMs. Without either the ability to expand capacity through surge funding, or the addition of

FTEs, the gap between needs and available legal services will only grow, at a time when the need for prompt legal services is heightened because of a dramatic increase in ICE enforcement actions.

8. Based on the information provided to Together & Free as a proposed subcontractor, and my experience coordinating pro bono services for *Ms. L.* class members to date, I believe the EOIR contract, as currently proposed, cannot adequately meet the legal services needs of the class to access the relief provided by the Settlement Agreement.

\*   \*   \*   \*   \*   \*   \*   \*   \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of August, 2025, in Toronto, Ontario, Canada.

Date: August 20, 2025        /s/
                             Anilú Chadwick