UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al.,<br><br>                Petitioners-Plaintiffs,<br><br>v.<br><br>U.S Immigration and Customs Enforcement ("ICE"); et al.,<br><br>                Respondents-Defendants. | Case No.: 18cv0428 DMS (AHG)<br><br>**ORDER GRANTING MOTION TO EXTEND SETTLEMENT DEADLINES** |

      This case comes before the Court on Plaintiffs' motion to extend certain of the settlement deadlines. Defendants filed an opposition to the motion, and Plaintiffs filed a reply. The motion came on for hearing on August 22, 2025. Lee Gelernt and Anand Balakrishnan appeared for Plaintiffs, and Daniel Schutrum-Boward, Dean De Las Alas, and William Silvis appeared for Defendants.

      The parties' Settlement Agreement sets out deadlines for Class Members to take certain action and for the Government to provide certain services. Plaintiffs move to extend certain of those deadlines in light of Defendants' breaches of the Settlement Agreement. Plaintiffs' specific requests are as follows:

      (1) A one-year extension of the following deadlines:

           (a) Final Registration Deadline (from December 11, 2026, to December 11, 2027),

           (b) Final Services Date (from December 11, 2027, to December 11, 2028),

    (c) Termination Date (December 11, 2029, to December 11, 2030),

   (d) Requests for relief relating to

     (i) INA § 240 removal proceedings,

     (ii) expedited removal or reinstatement proceedings,

     (iii) reopening Class Members' prior asylum applications, and

     (iv) filing complete asylum applications with USCIS;

  (2) A six-month extension to provide:

   (a) behavioral health services;

   (b) assistance with medical costs,

   (c) legal services, and

   (d) housing assistance.

Plaintiffs also request that the Court extend parole and work authorization grants currently in place for an additional six months after the Government's new contracts with Acacia and Seneca take effect, and reinstate parole and work authorization grants for the same period.

  Defendants argue Plaintiffs' requests for extension are premature and not suitably tailored to Defendants' breaches. Defendants also assert the Court lacks statutory authority "to grant or otherwise alter parole or employment authorization conferred by DHS, and the requested relief exceeds DHS's statutory authority." (Opp'n at 2-3, ECF No. 852.)

  Starting with Plaintiffs' request for a six-month extension of the deadlines set out in Section IV.B. of the Settlement Agreement, the Court grants that request. Those deadlines relate to the provision of services that were being provided or facilitated primarily or exclusively through Acacia and Seneca, and they are directly related to Defendants' breaches. Those breaches have been ongoing for four months (Acacia) and three months (Seneca), and the evidence reflects those agencies will need time to get back up to capacity before they can resume providing services. (*See* Sixth Supp. Decl. of Sara Van Hofwegen in Supp. of Mot., ECF No. 847-1; Third Supp. Decl. of Leticia Galyean Sturtevant in Supp.

of Mot., ECF No. 847-2.) Accordingly, the Court grants Plaintiffs' request for a six-month extension of these deadlines.

Turning to Plaintiffs' request for a one-year extension of other deadlines, the Court grants that request also. Although many of these deadlines are not directly related to Defendants' breaches, they follow on from the services set out in Section IV.B.2.c., which have been delayed due to Defendants' breaches. Given the time it will take to get those preliminary services back up and running, and the downstream delays that are likely to result, the Court grants Plaintiffs' request for a one-year extension of these deadlines.

The final two requests concern the extension and reinstatement of parole and work authorization grants. Specifically, Plaintiffs request the Court (1) extend parole and work authorization grants currently in place for six months following the effective date of the Government's new contracts with Acacia and Seneca, and (2) reinstate parole and work authorization grants that lapsed during Defendants' breaches for the same period. Defendants argue a court order to that effect would usurp DHS's responsibility under statute and the Settlement Agreement to make case-by-case determinations on parole and work authorizations.

The relief Plaintiffs seek, however, does not appear to remove DHS's ability to exercise its discretion on parole and work authorizations. Rather, DHS has already exercised that discretion and granted that relief to those specific Class Members. And for those Class Members subject to reinstatement of parole and work authorization, Plaintiffs make clear DHS retains its discretion to grant or deny those requests if during the period of lapse the Class Member "has committed a crime or there is evidence that parole is not warranted in any individual case." (Reply at 3, ECF No. 855.) Contrary to Defendants' argument, the Court would not be making those determinations. It would simply be extending the periods of parole and work authorization to account for the time Defendants have been in breach. With those understandings, the Court grants Plaintiffs' request to extend these deadlines, as well.

1    For all the reasons set out above, Plaintiffs' motion to extend settlement deadlines is granted.

**IT IS SO ORDERED**.

Dated:  August 25, 2025

Hon. Dana M. Sabraw
United States District Judge