# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> U.S Immigration and Customs Enforcement ("ICE"); et al., <br><br> Respondents-Defendants. | Case No.: 18cv0428 DMS (AHG) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION** |

This case comes before the Court on Defendants' motion for partial reconsideration of the Court's August 4, 2025 Order. Specifically, Defendants ask the Court to reconsider its directive that Defendants produce to Plaintiffs' counsel a list of the names, A numbers, and most current contact information for all Class Members and QAFMs required to report to ICE for check-ins. (ECF No. 840 at 2.) Plaintiffs filed an opposition to the motion, and the Court heard argument from counsel during the August 22, 2025 hearing. Lee Gelernt and Anand Balakrishnan appeared for Plaintiffs, and Daniel Schutrum-Boward, Dean De Las Alas, and William Silvis appeared for Defendants.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah*

1

*County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Defendants argue reconsideration is appropriate to correct clear error and prevent manifest injustice.

According to Defendants, the Court committed clear error when it imposed a ten-day deadline for Defendants to provide the requested information, and it would be manifestly unjust to require Defendants to comply with that deadline. Defendants request that the Court relieve them from the burden of having to comply with the order in its entirety.

In support of this request, Defendants filed a declaration from Byoung Park, Chief of the Juvenile and Family Management Division, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Department of Homeland Security. (*See* Second Supp. Decl. of Byoung Park, ECF No. 848-1.) Mr. Park states there is no data field in ICE's systems that would allow it to run a search through its database of Class Members and QAFMs subject to ICE check-ins, and that a manual review of the records would take at least five months to complete. (*Id.* ¶¶ 4-5.) Notably, Defendants did not submit this evidence in response to Plaintiffs' request for this information. Indeed, although Mr. Park previously submitted a declaration on other issues after Plaintiffs requested the relief at issue here, (*see* First Supp. Decl. of Byoung Park, ECF No. 834-1), that declaration is silent on the issue of ICE check-ins. Having failed to submit this evidence in response to Plaintiffs' request, Defendants are not entitled to reconsideration of the Court's order. *See Garcia v. Biter*, 195 F.Supp.3d 1131, 1133 (E.D. Cal. 2016) (stating reconsideration "is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier[.]")

Even if the Court were to consider the evidence, however, the alleged burden on Defendants would not outweigh the need to produce the information to Plaintiffs' counsel. As parties to the Settlement Agreement, Defendants have an equal responsibility to ensure that Class Members receive the relief to which they are entitled, and to ensure that Class Members and QAFMs are neither wrongfully detained nor removed. It behooves

Defendants, as well as Plaintiffs, to have this information at the ready so that other Class Members and QAFMs are not reseparated from their families.

For all of these reasons, Defendants' motion for reconsideration is denied. Defendants shall produce to Plaintiffs' counsel the information set out above on or before **September 29, 2025**. Pending production of this information, the Court continues its stay on removal of Class Members or QAFMs defined in the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: August 26, 2025

Hon. Dana M. Sabraw
United States District Judge