BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
DEAN P. DE LAS ALAS
DANIEL SCHUTRUM-BOWARD
Trial Attorneys

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 919-1670
    Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement (ICE), et al. <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS-MDD <br><br> Date Filed: September 2, 2025 <br><br> **DEFENDANTS' NOTICE OF IMPLEMENTATION OF NEW STATUTE AND RULE 60(b) MOTION FOR PARTIAL RELIEF FROM SECTION IV.C.1 OF THE *MS. L.* SETTLEMENT AGREEMENT** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

Congress has passed the One Big Beautiful Bill Act (Act), which the President signed into law on July 4, 2025. *An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14*, 119th Cong., Pub. Law No. 119-21 (2025).[1] The Act contains provisions that conflict with § IV.C.1 of the *Ms. L.* Settlement Agreement and impose new fees that apply to all aliens paroled into the United States, with limited exceptions, and all applicants for parole-based employment authorization, including applications for renewal of the same, which will impact *Ms. L.* Settlement Class members and Qualifying Additional Family Members (QAFMs). Specifically, §§ 100003(b)(1) and 100010(a) of the Act impose new time limitations on parole-based employment authorization, as well as new associated fees for initial and renewal applications for parole-based employment authorization, respectively, and § 100004(a) imposes a new fee on aliens paroled into the United States. Additionally, § 100002 imposes a new filing fee for asylum applications, and § 100009 requires collection of an annual fee associated with pending asylum applications. As such, Defendant U.S. Department of Homeland Security (DHS) informs the Court that it must comply with the requirements of the Act and seeks relief from the Court's Order approving the Settlement, ECF No. 727, with regard to enforcement of § IV.C.1 of the Settlement, insofar as it conflicts with DHS's new statutory obligations.

## ARGUMENT

Under Federal Rule of Civil Procedure 60(b)(5), a court "may relieve a party . . . from a final judgment, order, or proceeding" when, *inter alia*, "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) allows a court to modify an order or consent decree if "a significant change either in factual conditions or in law

---

[1] The technical name of the Act is *An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14*.

renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Where the government seeks relief from an "institutional-reform" decree, courts must apply a "flexible approach" to "ensure that responsibility for discharging the [government's] obligations is returned promptly to the [government] and its officials when the circumstances warrant." *Id.* at 448–50 (internal quotation marks and citation omitted). Crucially, "[a] consent decree *must of course* be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992) (emphasis added); *Miller v. French*, 530 U.S. 327, 347 (2000) ("[W]hen Congress changes the law underlying a judgment awarding prospective relief, that relief is no longer enforceable to the extent it is inconsistent with the new law."); *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, (1961) ("The parties have no power to require of the court continuing enforcement of rights the statute no longer gives."); *Keith v. Volpe*, 118 F.3d 1386, 1393 (9th Cir. 1997) (explaining parties to consent decree cannot "agree to terms which would exceed their authority and supplant state law.").

The obligation that, if the Government grants employment authorization to a parolee under the *Ms. L.* Settlement Agreement, it will be valid for the complete duration of the individuals' period of parole or re-parole—up to thirty-six (36) months—has become impermissible under federal law through passage of the Act. Section IV.C.1 of the Settlement Agreement states that "[a]n initial Form I-765, Application for Employment Authorization (EAD application), will be accepted . . . and, if approved, *the time frame for employment authorization will align with the duration of parole*." ECF No. 721-1 § IV.C.1 (emphasis added). The duration of parole

and re-parole available to *Ms. L.* Settlement Class members and QAFMs is thirty-six (36) months. *Id.* However, §§ 100003(b)(1) and 100010(a) of the Act impose a specific validity period on parole-based employment authorization of one (1) year or the duration of the alien's parole, whichever is shorter. Pub. Law No. 119-21 §§ 100003(b)(1), 100010(a). Therefore, DHS is not authorized under governing statutory law to grant employment authorization for thirty-six months (36), such that it "align[s] with the duration of parole" or re-parole, ECF No. 721-1 § IV.C.1, and is instead legally bound to grant periods of no more than one (1) year of employment authorization. Pub. Law No. 119-21 §§ 100003(b)(1), 100010(a).

Furthermore, the Act requires that DHS collect certain new fees relating to parole, applications for parole-based employment authorization, and applications for asylum that, though they may not directly conflict the Settlement Agreement, were not in existence and thus not contemplated at the time the parties engaged in negotiations. Specifically, § 100003 mandates that "the Secretary of Homeland Security shall require the payment of a fee . . . by any alien paroled into the United States for any initial application for employment authorization at the time such initial application is filed, and said fee "shall not be waived or reduced." Pub. Law No. 119-21 § 10003(b)(1), (b)(5). Similarly, § 100010 directs that "the Secretary of Homeland Security shall require the payment of a fee . . . for any parolee who seeks a renewal or extension of employment authorization based on a grant of parole," and that said fees also "shall not be waived or reduced." *Id.* § 100010(a), (d). Section 100004 of the Act created a fee for individuals paroled into the United States: "The Secretary of Homeland Security shall require the payment of a fee . . . by any alien who is paroled into the United States." *Id.*

3

§ 100004(a).[2] Finally, § 100002 "require[s] the payment of a fee . . . by any alien who files an application for asylum" under 8 U.S.C. § 1158, and § 100009 imposes a fee "for each calendar year that an alien's application for asylum remains pending."

Section IV.C.1 of the Settlement Agreement provides that USCIS will exempt the filing fee for Form I-131, Application for Travel Document,[3] for all *Ms. L.* Settlement Class members' and Qualifying Additional Family Members' parole requests, as well as for an initial and one renewal Form I-765, Application for Employment Authorization, based on parole granted under the Settlement Agreement. These Settlement Agreement provisions referred to USCIS's authority to establish and collect fees under INA section 286(m), 8 U.S.C. § 1356(m), as that was the only relevant fee at the time. *Ms. L.* Settlement Class members and QAFMs remain exempt from paying those section 1356(m) filing fees. However, USCIS has no authority to waive or exempt the new statutory fees, unless the *Ms. L.* Settlement Class member or QAFM individually meets one of the limited exceptions for the parole fee.

DHS is statutorily required to collect the new fees against individuals who are paroled into the United States and who are applying for parole-based employment

---

[2] Section 100004(f) states that "[e]xcept as provided in subsection (b), fees required to be paid under this section shall not be waived or reduced," and subsection (b) allows for the fee to be waived on a "case-by-case basis" based on specific enumerated circumstances. Pub. Law No. 119-21 § 100004(b), (f). Therefore, DHS is not authorized to categorically waive this fee—through a settlement or otherwise—, and applicants must apply for the waiver individually and establish that they meet one of the enumerated circumstances.

[3] Form I-131 has since been renamed, "Application for Travel Documents, Parole Documents, and Arrival/Departure Records." *See* USCIS, Form I-131, *Application for Travel Documents, Parole Documents, and Arrival/Departure Records*, available at https://www.uscis.gov/i-131 (last visited Aug. 28, 2025).

4

authorization and asylum, and to comply with the Act's limitation on the duration of parole-based employment authorization and to comply with the Act's limitation on the duration of parole-based employment authorization. Therefore, the Settlement Agreement "must of course be modified" because, as "it [has] later turn[ed] out, one or more of the obligations placed upon the parties has become impermissible under federal law," specifically the provision in § IV.C.1 requiring parole-based employment authorization to be valid for the full duration of parole—up to thirty-six months under the Settlement Agreement—given the new statutory validity period. *Rufo*, 502 U.S. at 388.

## CONCLUSION

For the above reasons, Defendants respectfully inform the Court of DHS's new statutory duties and requests relief from the Court's Order approving the Settlement, ECF No. 727, with regard to enforcement of § IV.C.1 of the Settlement, to comport with DHS's new statutory obligations.

Dated: September 2, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

DEAN P. DE LAS ALAS
DANIEL SCHUTRUM-BOWARD
Trial Attorneys

*/s/ Daniel Schutrum-Boward*
Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants