Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA  94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., <br><br>     *Petitioners-Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br><br>     *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br><br> Date Filed: January 27, 2026 <br><br> Hearing Date: January 29, 2026 <br><br> **NOTICE REGARDING PENDING MOTIONS AND SUPPLEMENTAL REQUEST FOR RELIEF** |

Plaintiffs submit this notice in advance of the January 29, 2025 hearing on Plaintiffs' Motion to Return Class Members and Qualifying Additional Family Members ("QAFMs") ("Motion to Return"), ECF No. 906; Plaintiffs' Motion for the Provision of Information regarding Detained Class Members and QAFMs ("Motion for Information"), ECF No. 910; and Defendants' Rule 60(b) Motion Regarding Statutory Changes, ECF No. 880. Plaintiffs file this Notice and accompanying declarations to inform the court of factual developments since the three motions at issue were briefed. In particular:

1. Regarding Plaintiffs' Motion to Return:

   • Two additional people have been removed in violation of the Settlement and this Court's stay of removals;

   • Those who have been removed face danger.

2. Regarding Plaintiffs' Motion for Information:

   • Eighteen (18) additional people have been detained without Defendants explaining their basis for detention.

3. Regarding Defendants' 60(b) Motion:

   • Defendants have begun imposing parole fees on class members and QAFMs; class members and QAFMs have been unable to obtain parole because they cannot pay these fees.

## I.    Removed Class Members and QAFMs

Since Plaintiffs filed their Motion to Return, the class and family members Defendants removed in violation of the Settlement remain separated from their families and in some cases have experienced threats of violence in the countries they had fled for safety. *See* Second Suppl. Decl. of S.M.B.C. (Jan. 27, 2026).

Defendants have also removed one additional class member and one additional QAFM without a valid basis. For the reasons set forth in the Motion to Return and in Plaintiffs' Reply in Support of the Motion to Return, ECF No. 920, these two removals

18cv00428

violated the Settlement and this Court's August 26, 2025 stay of removals, ECF No. 869.  Like the families in Plaintiffs' Motion, Defendants knew, or should have known, that each of these two people they deported was either a class member or QAFM:

**1) G.R.S.Y.** Defendants removed G.R.S.Y., a QAFM with valid parole, on December 11 to Guatemala, in violation of the Settlement and the Court's stay of removals.  Decl. of G.R.S.Y. (Jan. 27, 2026).  Defendants should have been aware of G.R.S.Y.'s status as a QAFM because he applied for and received parole under the Ms. L. Settlement.  *See id.* ¶ 2.  Plaintiffs have asked Defendants whether they would be willing to return G.R.S.Y., and if so, whether they would do so at the government's expense.  As of the time of this filing, Plaintiffs have not received Defendants' position.  For the reasons set forth in Plaintiffs' Motion to Return, the Court should order that G.R.S.Y. be returned at Defendants' expense.

**2) F.S.G.Y.** Defendants removed class member F.S.G.A. on November 19, 2025.  *See* Defs.' Not. of Inadvertent Removal of Class Member, ECF No. 925; Decl. of Byoung Park (Dec. 30, 2025), ECF No. 925-1.  Defendants did not check F.S.G.Y.'s class membership status when he entered ICE detention, *see* Park Decl. ¶ 8, and their declaration does not address multiple reasons ICE should have known he was a class member and not subject to removal.  Defendants identified F.S.G.Y. as a class member in the course of the litigation. *See* Settlement § II.A, at 3, ECF No. 721-1. Thus, he appears on multiple lists of confirmed class members, including the list of identified and undisputed class members provided to Plaintiffs prior to Settlement approval, under Section II.A. of the Settlement.[1]  ECF No. 721-1 at 3; Fourth Suppl. Decl. of Daniel A. Galindo (Jan. 27, 2026) ¶ 8.  Separately, the day before F.S.G.Y. was removed, on December 18 at 1:29 PM, class counsel emailed Defendants to notify them that F.S.G.Y. was a class member and should not be removed under the Court's August 26 Order, and

---

[1] This list is at times referred to as the Legacy list of class members, or the "Gold List" of class members whose status as class members the government did not dispute.

18cv00428

counsel for Defendants informed Plaintiffs that this email was "promptly relayed" to Defendants.  Fourth Suppl. Galindo Decl. ¶ 9 & Ex. A.

To help ensure further unlawful removals do not occur, Plaintiffs respectfully request that the Court order Defendants to provide an affidavit explaining:

1) Whether Defendants reviewed the list of identified Class Members provided to Plaintiffs prior to Settlement approval, *see* Section II.A. of the Settlement, to determine whether F.S.G.Y. was a class member, and if they did not do so, why not; and

2) Why Defendants removed F.S.G.Y. even after receiving Plaintiffs' December 18 email notifying Defendants that F.S.G.Y. was a class member.

## II.    Detained Class Members and QAFMs

Since Plaintiffs filed their Motion for Information on October 23, Defendants have detained at least eighteen additional class members and QAFMs in ICE custody. *See* Fourth Suppl. Galindo Decl. ¶ 2; *see, e.g.*, Decl. of M.R.L. (Jan. 26, 2026). Plaintiffs have repeatedly asked Defendants for the basis of detention for these individuals.  Defendants have provided no substantive responses to those requests.  The basis for detention is vital for advocates to understand whether Defendants have violated the Settlement.  *See, e.g.*, Decl. of Molly Kammien (Jan. 27, 2026) ¶¶ 10, 13 (describing the difficulties of advocating for M.R.L.'s release without knowing the government's basis for detention).

Plaintiffs also note that on December 5, 2025, U.S. Citizenship and Immigration Services changed its policies to generally not take biometrics of anyone in detention, despite those biometrics being a general requirement for immigration benefits administered by that agency.[2]  Under this new policy, a class member or QAFM in

---

[2] U.S. Citizenship and Immigration Services, Policy Alert, Biometrics Collection for Aliens in Custody (Dec. 5, 2025),

18cv00428

detention may be unable to apply for parole under the Settlement, because USCIS would not take their biometrics, which is a requirement for the parole application.[3]  Thus there is a real risk that detention cuts those who could benefit from the Settlement off from benefits.

## III.    Parole and Employment Authorization Extensions

Plaintiffs have continued to ask Defendants about their implementation of the Court's August 25, 2025 Order extending parole and employment authorization ("EAD") for class members and QAFMs, ECF No. 869, including raising two examples of class members who lost their jobs because they did not receive EAD and parole extensions or notices of those extensions until December.  Fourth Suppl. Galindo Decl. ¶ 11.  On January 15, 2026, Defendants responded to Plaintiffs' inquiries by stating that they had finished providing parole and EAD extensions to 1,169 affected individuals. Plaintiffs expect to further meet and confer as to these matters. *Id.* ¶ 12.

## IV.    HR-1 Statutory Fees

Since Defendants filed their Rule 60(b) Motion regarding new immigration fees imposed by Public Law 119-21, 139 Stat. 72 ("HR-1"), Defendants have begun imposing parole fees based on 8 U.S.C. § 1804(a).  *See* Immig. Parole Fee Required by HR-1 Reconciliation Bill, 90 FR 48317 (Oct. 16, 2025); *see also* Second Suppl Decl. of Marien Velez Alcaide (Jan. 27, 2026).  Class and family members have since been denied both parole renewals and humanitarian parole because they have been unable to pay this parole fee.  *See* Second Suppl. Alcaide Decl. ¶¶ 3–5.  Some class members abroad have had parole applications conditionally approved, but because they are

---

https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251205-BiometricsCollection.pdf.

[3] *See* USCIS Filing Guide for Completing a Form I-131 to Request Initial Parole in Place under the Family Reunification Task Force (FRTF) Process at 6, https://www.dhs.gov/sites/default/files/2024-11/24_1119_sec-attachment-6a-parole-in-place-guide-for-completing-form-i-131-english.pdf (last visited Jan. 27, 2026).

18cv00428

unable to pay the new $1,000 parole fee USCIS enforces upon entry, they have been unable to travel to the United States to reunify with the family members. *Id.* ¶ 4.

## V.  Family Instructed to Self-Deport

In Plaintiffs' Motion for Information, Plaintiffs raised a family that Defendants had directed to self-deport.  ECF No. 910 at 3 (Y.M.M.C. and her family).  That issue as to Y.M.M.C. and her family is resolved, as Defendants have confirmed that they have withdrawn the order to the family to self-deport.  *See* Fourth Suppl. Galindo Decl. ¶ 10.

## CONCLUSION

In light of the above, and in addition to the relief sought in Plaintiffs' pending Motions, Plaintiffs request that, pursuant to its "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," Settlement § VII.D, ECF No. 121-1, the Court order Defendants to:

1) Submit an affidavit explaining whether Defendants reviewed the list of identified Class Members provided to Plaintiffs prior to Settlement approval, *see* Section II.A. of the Settlement,  to determine whether F.S.G.Y. was a class member, and if they did not do so, why not; and why Defendants removed F.S.G.Y. even after receiving Plaintiffs' December 18 email notifying Defendants that F.S.G.Y. was a class member.

2) Order Defendants to return G.R.S.Y. at Defendants' expense.


DATED: January 27, 2026                          Respectfully submitted,


                                                 /s/ Lee Gelernt
                                                 Lee Gelernt*
                                                 Daniel A. Galindo (SBN 292854)
                                                 Anand Balakrishnan*
                                                 Judy Rabinovitz*
                                                 Natalie Behr**
                                                 AMERICAN CIVIL LIBERTIES UNION

18cv00428

FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

7

18cv00428

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt