

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA  94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*\*Admitted Pro Hac Vice*

Lee Gelernt\*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan\*
Judy Rabinovitz\*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., | Case No. 18-cv-00428-DMS-AHG |
| *Petitioners-Plaintiffs*, | |
| v. | |
| U.S. Immigration and Customs Enforcement ("ICE"), et al. | Hearing Date: January 29, 2026 |
| *Respondents-Defendants*. | **SECOND SUPPLEMENTAL DECLARATION OF MARIEN VELEZ ALCAIDE** |

I, Marien Velez Alcaide, pursuant to 28 U.S.C. § 1746, declare that the following is true and correct:

1.    I am a Managing Attorney for the Family Reunification Program at Al Otro Lado ("AOL"), a binational non-profit organization providing free legal services to indigent immigrants and advocating for their rights. Except as the context clearly indicates otherwise, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.    In my prior declaration, dated September 24, 2025,  I explained that families would not be able to afford the fees imposed under H.R. 1. I can now confirm that to be the case.  Thus far, my organization has assisted a total of 19 class members and family members who cannot pay the parole fee.

3.    Since the fees became operative, fourteen (14) class members assisted by AOL in renewing their parole received conditional approvals.  However, their parole was denied due to their inability to pay the required parole fee. We submitted requests for administrative closure for all of them as we await the court's decision regarding the application of H.R.1—Public Law 119-21, 139 Stat. 72 ("HR-1") fees to class members of the Ms. L Settlement Agreement. Despite our efforts, their parole was ultimately denied.

4.    In addition, we assisted five (5) individuals from Guatemala in their Humanitarian Parole applications so they can reunite with their families in the United

18cv0428

States.    Their applications were conditionally approved, and they completed the screening process. However, they are unable to travel to the U.S. because they cannot afford the $1,000 parole fee, which will be enforced at the port of entry. We received the following notification from the USCIS office in Guatemala:

> *"This notice serves to inform you that on July 4, 2025, the President signed into law the One Big Beautiful Bill Act, Pub. L. 119-21, 139 Stat. 72 (HR-1), which established several new immigration-related fees. On October 16, 2025, the Department of Homeland Security issued a Federal Register notice (90 FR 48317) announcing the imposition and collection of the new Immigration Parole Fee of $1,000 for FY 2025 pursuant to 8 U.S.C. 1804. The fee must be paid by "any alien who is paroled into the United States," effective immediately, unless a statutory exception applies.*

> *Immigration Parole Fee Required: A U.S. Customs and Border Protection (CBP)  Officer will collect the Immigration Parole Fee required by 8 U.S.C. 1804 upon  the beneficiary's arrival at a U.S. port of entry (POE) unless an exception applies.  If the beneficiary is unable to pay the Immigration Parole Fee at the POE, the beneficiary will be denied parole into the United States and may be subject to removal. This Immigration Parole Fee is required each time parole is granted and where an exception does not apply. See Appendix B of the USCIS Fee Schedule, www.uscis.gov/g-1055, for the current Immigration Parole Fee.  Apart from the limited statutory exceptions, there is no exemption or waiver of the Immigration Parole Fee. A CBP officer at the POE will make the final determination on whether an exception to the Immigration Parole Fee applies. If the beneficiary believes he or she qualifies for one of the exceptions to the Immigration Parole Fee, then he or she should bring evidence of the specific exception he or she qualifies for to the POE. See 8 U.S.C. 1804(b) for the full list of exceptions. If you requested parole on behalf of the beneficiary named above, you are responsible for communicating this information to the beneficiary."*

5.    The HR-1 fees have thus become a significant barrier to family reunification and are hindering class members from accessing benefits under the Ms. L Settlement Agreement. Each family member must pay a $1,000 parole fee in order to

reunite with their families or remain together if they are already in the U.S. Additionally, there is a fee for their Employment Authorization Document (EAD), which many families cannot afford. As a result, numerous class members have lost their jobs due to these financial constraints.

6.    AOL is currently working to assist additional people with the re-parole/EAD applications and we expect over fifty (50) additional class members and family members will be negatively affected because they don't have the financial means to pay the fees although they are eligible for renewal of previously granted terms of parole.

*    *    *    *    *    *    *    *    *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of January 2026, in  San Antonio, Texas.

Date: January 27, 2026.

_____
Marien Velez Alcaide

18cv0428