Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA  94104
T:  (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for* Ms. L. *Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al.,<br><br>　　　　　*Petitioners-Plaintiffs*,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement ("ICE"), et al.<br><br>　　　　　*Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG<br><br>Date Filed: April 1, 2026<br><br>**MOTION TO RELEASE CLASS MEMBERS AND QUALIFYING ADDITIONAL FAMILY MEMBERS** |

## INTRODUCTION

This Motion concerns seven Ms. L. class members and qualifying additional family members that Defendants are detaining in violation of the Settlement Agreement. They have been detained for periods ranging from a week to more than eight months, with the majority detained for three or more months.

For six of these seven individuals, the government has provided its basis for detention (after the Court ordered it to do so, ECF No. 937 at 8). In four of these cases, the government describes the mere fact that a law enforcement agency encountered the individual; and states only that the government has initiated immigration proceedings against the individual or that the individual has a prior removal order. *See*, *e.g.*, *infra* Section I.1–4. But the Settlement recognizes that class and family members may have previous final orders of removal and specifically provides them with the opportunity to request rescission of old removal orders, and to reopen their cases in order to apply for asylum. *See* Settlement § IV.C.2.d., at 23–24, § IV.C.2.b., at 20–21, ECF No. 121-1. In only two cases does the government state that a criminal arrest and/or conviction led to the individual's detention. But in neither case is the offense serious enough to preclude the individual from class membership under the Settlement and accordingly cannot justify detention and re-separation. *See* Settlement § II.J., at 6–7.

And for the seventh individual, the government has not provided any basis for his detention at all, despite this Court's order and multiple requests from Plaintiffs. *See* ECF No. 937 at 8.

The Settlement prohibits detention of these class and family members here because such detention thwarts the Settlement's goals. Just as removal "render[s] the benefits of the Settlement Agreement illusory," Order to Return Families, ECF No. 937 at 7, so too does detention. The Court has the power to order necessary relief. Release of all seven individuals is warranted.

18cv0428

On February 24, Plaintiffs requested release of four of these individuals. On March 26, Plaintiffs requested release of two other individuals. Plaintiffs also requested the basis of detention for the most recently-detained class member on March 23 and 26, indicating that if Plaintiffs did not receive a basis for his detention by March 31, Plaintiffs would seek relief from the Court.

Defendants requested Plaintiffs' position on why these detentions violate the Settlement, which Plaintiffs provided on February 27 and again on March 30. Defendants have not released these individuals nor responded in substance to these requests.

## FACTS

### I.    The Unlawfully Detained Class and Family Members

1. O.E.M. is a class member parent who was separated from his then-five-year-old daughter in 2017. Decl. of Daniel Galindo ¶ 7 (April 1, 2025).

O.E.M. has been detained for over five months. *Id.* ¶ 8. The government's stated basis for his detention is: "Subject was taken into ICE custody following a traffic stop by Florida Highway Patrol. Subject has a prior removal order." *Id.*

2. R.B.H. is a class member parent who was separated from her then-15-year-old daughter in 2018. *Id.* ¶ 9.

R.B.H. has been detained for nearly three months. *Id.* ¶ 10. The government's basis for her detention is: "Subject was taken into custody on 1/05/2026 by ERO after Cart Kiosk check in proceedings were terminated. Subject was served with an NTA." *Id.*

3. E.B.C. is a class member parent who was separated from his then 14-year-old child in 2018. *Id.* ¶ 11.

E.B.C. has been detained since January 31, 2026. *Id.* ¶ 12. The government's basis for his detention is: "Subject was taken into ICE custody by Philadelphia ERO. Subject has a prior removal order." *Id.*

2

18cv00428

4.  Y.M.M. is a qualifying additional family member ("QAFM"). *Id.* ¶ 13. His father was separated from his younger brother, who was seven years old at the time, in 2018. *Id.*

Y.M.M. has been detained for more than five months. *Id.* ¶ 14. The government's basis for his detention is: "Subject was taken into ICE custody following an encounter with Louisiana Wildlife and Fisheries. Subject was served with an NTA." *Id.*

5. A.R.A. is a QAFM. *Id.* ¶ 15. His niece is a class member that was separated from her father. *Id.*

A.R.A. has been detained for over eight months. *Id.* ¶ 16. The government's basis for his detention is: "Subject was taken into ICE custody following a conviction for Driving While Intoxicated / Open Alcohol Container. Subject was served with an NTA." *Id.*

6. F.A.M. is a class member. *Id.* ¶ 17. He was separated from his son in 2018, when his son was 6 years old. *Id.*

F.A.M. has been in custody for nearly six months. *Id.* ¶ 18. The government's basis for his detention is "Subject was taken into ICE custody following an arrest by local law enforcement for Driving While Impaired, No Operator's License, and Possession of an Open Container. Subject was served with an NTA." *Id.*

7. N.P.L. is a class member child who was separated from his father in 2017, when he was 16 years old. *Id.* ¶ 19. On March 23, the government notified Plaintiffs that N.P.L. was taken into ICE custody but did not provide the basis for his detention. *Id.* ¶ 4. Plaintiffs requested the basis for his detention on March 23 and again on March 26, noting that if Plaintiffs did not receive a substantive response by March 31, Plaintiffs would move for relief, including his release from detention. *Id.* ¶ 4, 20.

## II.    Procedural History

On February 17, after an order by this Court, Defendants provided their bases for detention for class members and QAFMs in ICE custody at the time, including six class

18cv00428

and family members at issue in this motion (O.E.M., R.B.H., E.B.C., Y.M.M., A.R.M., and F.A.M.). *Id.* ¶ 2; ECF No. 937 at 8. Plaintiffs have requested release of these individuals. *Id.* ¶¶ 3, 5. While Defendants asked Plaintiffs to explain their position on why these detentions violate the Settlement, to which Plaintiffs responded on February 27 and on March 30, Defendants have not otherwise responded in substance to Plaintiffs' request.

On March 23, Defendants notified Plaintiffs that ICE had taken another class member (N.P.L.) into custody. *Id.* ¶ 4. Plaintiffs have twice requested the basis for his detention and told Defendants that if Plaintiffs did not receive a basis for his detention by March 31, Plaintiffs would seek relief from the Court. *Id.* To date, Defendants have not responded in substance to this request.

## ARGUMENT

The identified class and family members have been detained in violation of the Settlement. The Court should order their immediate release.

The Court has authority to enter this relief pursuant to its "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," Settlement § VII.D, ECF No. 121-1; *see e.g.*, Order to Return Families, ECF No. 937. The initial decision to detain these individuals, as well as their continued detention, is in violation of the Settlement, and the Court has the authority to enforce the Settlement and restore the status quo.

The Settlement was designed to rectify the harm of unlawful separation by ensuring reunification in the United States through a combination of Settlement-specific benefits and processes. This Court has found that Defendants' removal of class and family members "rendered the benefits of the Settlement Agreement illusory for these families"; the same is true for the detention of these class and family members, who have been *reseparated* from their families with no justifiable basis for their detention, such as an intervening crime where the crime is sufficiently serious that it could justify

18cv00428

initial exclusion from the class. Order to Return Families at 7; *see also id.* (finding that the removal of class and family members "clearly violated the spirit of the Agreement, which was to effect and support reunification in the United States of families that had been separated pursuant to the family separation policy").

Defendants state that O.E.M. and E.B.C. each has a "prior removal order," but the existence of an old removal order—orders that Defendants have known about for years—does not provide a basis to detain class members or QAFMs. The Settlement recognizes that some class members have previous final orders of removal, sometimes as a direct result of Defendants' illegal separation policy, and specifically provides them with the opportunity to request rescission of old removal orders, and to reopen their cases in order to apply for asylum anew. *See* Settlement § IV.C.2.d., at 23–24 (procedures for class members with expedited or reinstated removal orders); § IV.C.2.b., at 20–21 (procedures for class members and QAFMs to reopen and dismiss removal proceedings under 8 U.S.C. § 240). Defendants cannot detain an individual for having a final removal order and *reseparate* families under the Settlement.

A criminal conviction or arrest for an offense that would not otherwise preclude a class member from the class similarly cannot be the basis for ICE to detain class or family members. Settlement § II.J., at 6–7 (listing criminal convictions that would presumptively preclude class membership). Such a rule would further nullify the Settlement by precluding individuals who the government agreed would be part of the Settlement class from the opportunity to obtain the benefits of the Settlement. Here the

18cv00428

arrests and convictions (DUIs) that Defendants have specified as the basis for detention in two cases plainly do not preclude class membership. *See* Settlement § II.J., at 6–7.[1]

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court order Defendants to release the seven individuals. Plaintiffs further request that the Court enter an expedited briefing schedule given the length of time these individuals have been in detention.

DATED: April 1, 2026                  Respectfully submitted,

                                      /s/ Lee Gelernt
                                      Lee Gelernt*
                                      Daniel A. Galindo (SBN 292854)
                                      Anand Balakrishnan*
                                      Judy Rabinovitz*
                                      AMERICAN CIVIL LIBERTIES UNION
                                      FOUNDATION
                                      125 Broad St., 18th Floor

---

[1] Additionally, although the Court need not reach these arguments here, Defendants do not claim to have given notice or an opportunity for class members to be heard, which the Due Process Clause requires. *Beigi v. LaRose*, No. 25-CV-03193-DMS-MMP, 2025 WL 3295333, at *3 (S.D. Cal. Nov. 26, 2025); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1077 (S.D. Cal. 2025). Nor have Defendants claimed that they revoked any class or family members' parole upon written notice and "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the [authorized] officials . . . , neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States," as required by the INA and implementing regulations. *See* Mot. Return Family Members at 6–7 n.4, ECF No. 906 (citing 8 C.F.R. § 212.5(e)(2)(i) and collecting cases); *see also Araujo v. LaRose*, No. 25CV2942-BTM-MMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025).

18cv00428

New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt