BRETT A. SHUMATE
Assistant Attorney General
Civil Division
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
CAMILA YORI
DANIEL SCHUTRUM-BOWARD
Trial Attorneys

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 919-1670
    Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement (ICE), et al. <br><br> *Defendants*. | Case No. 3:18-cv-00428-DMS <br><br> Date Filed: April 9, 2026 <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO RELEASE CLASS MEMBERS AND QUALIFYING ADDITIONAL FAMILY MEMBERS** <br><br> Hon. Dana M. Sabraw <br> Courtroom: 13A |

**INTRODUCTION**

Pursuant to the Court's order of April 2, 2016, ECF No. 945, Defendants submit this response to Plaintiffs' motion to release class members and Qualifying Additional Family Members (QAFMs), ECF No. 943. Plaintiffs challenge the validity of government's detention, under the Immigration and Nationality Act (INA), of seven individuals who are *Ms. L.* class members and QAFMs.[1] To be clear, the Settlement Agreement does not wholesale preclude the detention of any class member or QAFM. There exists, instead, a well-established procedure to challenge an individual's detention—a petition for writ of habeas corpus filed by the detained individual, in the district where the individual is detained. The Court should therefore deny Plaintiffs' motion.

**BACKGROUND**

On December 11, 2023, the Court in this case approved a Settlement Agreement, certified a class for settlement purposes, and dismissed Plaintiffs' claims with prejudice, but retained jurisdiction to enforce the Settlement Agreement's terms. *See* ECF No. 727. In the Settlement Agreement, the parties agreed that the Court "shall have the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement." ECF No. 721-1 § VII.D, at 43. The parties agreed that the Settlement Agreement "shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against *Ms. L.* Settlement Class members, consistent with the Constitution and laws of the United States, and applicable regulations." *Id.* § IX.C, at 46. The parties did not agree that the government will limit its discretion to detain aliens or remove aliens from the United

---

[1] N.P.L. and O.E.M. have been released.

1

3:18-cv-00428

States.

On April 1, 2026, and notwithstanding the absence of any limits on the government's authority to detain under the INA, Plaintiffs filed this motion to release seven specific class members and QAFMs from detention under the INA. *See* ECF No. 943.

## ARGUMENT

Claims for relief that "necessarily imply the invalidity of [an alien's] confinement" sound in the "core" of habeas and must be brought through habeas petitions. *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (internal quotation marks omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79–82 (2005) (same). Plaintiffs assert that the class members and QAFMs at issue are unlawfully detained in violation of the Settlement Agreement, or in violation of its "goals." *See* ECF No. 943 at 2; *see also id.* at 3 (referring to the individuals at issue in motion as "[u]nlawfully [d]etained"); *id.* at 5 ("The initial decision to detain these individuals, as well as their continued detention, is in violation of the Settlement."). Plaintiffs' claims thus challenges the validity of the detentions at issue and, accordingly, "fall within the 'core' of the writ of habeas corpus." *J.G.G.*, 604 U.S. at 672.

Because Plaintiffs raise core habeas claims, *see id.* at 673, the Court's authority is constrained by two fundamental jurisdictional limits. First, "jurisdiction lies in only one district: the district of confinement."[2] *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see*

---

[2] The term "jurisdiction" in this context refers to "the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1103 (E.D. Cal. 2025) (quoting *Padilla*, 542 U.S. at 434 n.7); *id.* (citing *Padilla*, 542 U.S. at 453 (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."); *Ozturk v. Hyde*, 136 F.4th 382, 393-94 (2d Cir. 2025)).

2

3:18-cv-00428

*also J.G.G.*, 604 U.S. at 672; *Beigi v. LaRose*, No. 25-CV-03193-DMS-MMP, 2025 WL 3295333, at *1 (S.D. Cal. Nov. 26, 2025) (Sabraw, J.) ("'Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions.'") (quoting 28 U.S.C. § 2241(a)); *Arevalo v. Trump*, 785 F. Supp. 3d 644, 671 (C.D. Cal. 2025) (limiting scope of order granting relief to "noncitizens in custody in the Central District of California," *i.e.*, district in which court is situated). Second, a habeas petitioner must name the petitioner's immediate custodian—*i.e.*, the official who has custody over the petitioner and can produce the "corpus." *Padilla*, 542 U.S. at 435. Failure to name a petitioner's custodian as a respondent deprives federal courts of personal jurisdiction needed to issue relief. *See id.* at 444–46.

For a court to order release from detention, the detained individuals must file habeas petitions that they have signed and verified, *see* 28 U.S.C. § 2242, in the appropriate district courts, within the districts where the individuals are confined, *see* 28 U.S.C. § 2241(a), and name the appropriate custodians, 28 U.S.C. § 2243. None of the class members or QAFMs at issue here are confined within the Southern District of California, nor do they name any custodian. As such, Plaintiffs improperly challenge the validity of their confinement. *See J.G.G.*, 604 U.S. at 672; *see also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) (considering core habeas claim and explaining "[t]he *Padilla* district of confinement and immediate custodian rules are firmly entrenched in the law of this and other circuits.") (citing *Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–54 (7th Cir. 2006); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444–45 (3d Cir. 2021)); *see also Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002) (evaluating next-friend standing in context of habeas petitions) (citing 28 U.S.C. § 2242).

3

Notably, Plaintiffs do not point to any authority, including any provision in the Settlement Agreement, that restricts Defendants' statutory detention authority or otherwise provides class members and QAFMs with an avenue to challenge their detention before this Court. No such authority exists. *Cf.* Class Settlement Agreement, *Hamama v. Aducci*, 2:17-cv-11910-MAG-DRG, ECF No. 717-2 at 27 (E.D. Mich. May 13, 2024) (agreeing that class members "may file an individual petition for a writ of habeas corpus . . . [i]n the Eastern District of Michigan," and that "ICE agrees not to contest jurisdiction and venue in this Court," or they may file "[i]n any other Court where jurisdiction and venue are proper, including the jurisdiction where ICE is detaining the Class Member.").

Plaintiffs are also silent regarding the conflict between the request in their motion and habeas precedent. But Plaintiffs do provide an instructive footnote. Indeed, they cite habeas petitions in which courts, including within this District, granted habeas relief upon finding constitutional violations. ECF No. 943 at 7 n.6 (citing *Beigi v. LaRose*, No. 25-CV-03193-DMS-MMP, 2025 WL 3295333, at *3 (S.D. Cal. Nov. 26, 2025) (Sabraw, J.); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1077 (S.D. Cal. 2025) (Sabraw, J.); *Araujo v. LaRose*, No. 25CV2942-BTMMMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025)).

Again, while Plaintiffs allege that they are unlawfully detained, they do not point to any provisions of the Settlement Agreement that preclude their detention. Plaintiffs are, in fact, unable to do so, as the Settlement Agreement does not prohibit the detention of class members and QAFMs. Instead, Plaintiffs assert that, because the Court found that removals thwart the goals of the Settlement Agreement, the Court necessarily should find detentions do, too, and order release, as the parties agreed that it has "power to award such relief and issue such judgments as [it] deems necessary." ECF No. 934 at 2 (citing ECF No. 937); ECF No. 721-1 § VII.D, at 43. Such power is not limitless, particularly in the

4

absence of any violation of the Settlement Agreement, or Orders of the Court; indeed, the Court's findings in the Order requiring return were specific to the removals of three family units, none of whom are at issue here. *See, e.g.*, ECF No. 937 at 7 ("Each of the removals was unlawful, and absent the removals, *these families* would still be in the United States . . . Defendants' decision to remove *these families* rendered the benefits of the Settlement Agreement illusory for *these families*.") (emphasis added). And courts should not set aside a doctrine "firmly entrenched in the law" of their circuit, *Doe*, 109 F.4th at 1192, in order to enforce the spirit of a settlement, especially when an alternative, proper procedure to seek relief exists, *i.e.*, petitioning the correct court to review the validity of confinement.

Plaintiffs also have not alleged that the individuals at issue desire to remain class members or QAFMs or to seek benefits under the Settlement Agreement.[3] While the parties agreed that class members and QAFMs receive certain opportunities, within agreed-upon timeframes, which the Court later extended, *see* ECF No. 869, the Settlement Agreement is not a shield against enforcement of immigration laws. *See* ECF No. 721-1 § IX.C, at 46. ("The Settlement Agreement shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against *Ms. L.* Settlement Class members, consistent with the Constitution and laws of the United States, and applicable regulations.").

Finally, Plaintiffs' requested relief exceeds statutory restrictions placed by Congress at 8 U.S.C. § 1252(f)(1), which provides:

Regardless of the nature of the action or claim or of the identity of the party

---

[3] For QAFMs, only certain benefits under the Settlement Agreement are available to them, while many of the benefits are not (*e.g.*, behavioral health services, medical cost assistance, most legal services, and housing support, which are generally not available to QAFMs).

5

3:18-cv-00428

or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter [§§1221-1231] . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

An order requiring the government to allow a class of aliens to challenge their detention "restrain[s] the operation" of several covered statutory provisions—specifically, 8 U.S.C. §§ 1225(b)(2)(A), 1226, and 1231(a)(6). Those provisions authorize DHS to enforce detention of aliens. Restraining their operation as to not only the class, but also QAFMs, would far exceed the Court's authority to remedy the unlawful "application" of the relevant statutes to "an individual alien." *See Garland v. Aleman Gonzalez*, 596 U.S. 543, 550–51 (2022). Rather, as discussed above, individual aliens may challenge detention through habeas proceedings in their district of confinement.

Further, to the extent that the specified class members and QAFMs have colorable claims to relief, they can challenge their arrests before the immigration court in immigration proceedings and through a petition for review if they receive a final removal order. *See* 8 U.S.C.§ 1252(a)(5). "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provision, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final [removal] order." 8 U.S.C. § 1252(b)(9). Each identified class member and QAFM is in removal proceedings, and detention is one step toward resolving those pending proceedings.

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' motion.

6

3:18-cv-00428

Dated: April 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
CAMILA YORI
Trial Attorneys
Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

Attorneys for Defendants

3:18-cv-00428