Lee Gelernt*
Dan Galindo (SBN 292854)
Judy Rabinovitz*
Anand Balakrishnan*
Natalie Behr**
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
jrabinovitz@aclu.org
abalakrishnan@aclu.org
IRP  nbehr@aclu.org

Attorneys for Petitioners-Plaintiffs

Stephen Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94111
T: (415) 343-0783
skang@aclu.org
samdur@aclu.org

*Admitted Pro Hac Vice
** Pro Hac Vice Motion Pending

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Ms. L., et al.,<br>　　　　　*Plaintiffs,*<br>v.<br><br>U.S. Immigration and Customs Enforcement, et al.,<br>　　　　　*Defendants.* | Case No. 3:18-cv-428-DMS<br>Honorable Dana M. Sabraw<br><br>CLASS ACTION<br><br>Date Filed: April 13, 2026<br><br>**DECLARATION OF A.R.A.** |

I, A.R.A., pursuant to 28 U.S.C. § 1746, declare as follows:

1.    My name is A.R.A.  I was born in 1987 in Mexico.  I have been living in the United States since approximately 2003 when I was about 15-years old.  I migrated to the United States with a friend to flee gang violence.  I have three U.S. citizen children aged 17, 13 and 12, from a prior relationship.  I also have a 9-month-old baby, who is also a U.S. citizen, with my current partner.  I was able to attend his birth and care for him for about one month before I was detained.  I have not seen him since.

2.    In March 2019, my partner's brother-in-law came to the United States with his daughter.  My brother-in-law and niece were separated at the border by the U.S. government upon their arrival.  My brother-in-law was deported right away to Honduras.  While he was in Honduras, my niece lived with me, my partner, and my partner's child.  I was honored that my niece allowed me to serve as a father figure to her while she was struggling with being a child alone in a new country, and I took my role as her protector very seriously.  That role included practical things like enrolling her in school, buying her clothes, and taking her to medical appointments and school events.  But more importantly, I tried very hard to act like a surrogate father by making sure she felt loved and cared for even though she was separated from her biological family.  My goal was always to make sure she felt like she was part of our family.

3.    As my niece got older her needs changed.  She later had a daughter of her own.  She needed help as a single mother and I was more than happy to continue serving as a father figure to help guide her through the challenges of becoming a parent, especially while her parents were not present.  Becoming a parent after suffering the harms of family separation as a child brings its own unique challenges which I was able to identify and handle with the empathy and understanding I believe she needs.  I also provided financial assistance with things like diapers, baby clothes, baby formula, and other necessities for my niece and her new child.  I did this until the day I was detained.

-1-
Case No. 3:18-cv-428-DMS
DECLARATION OF A.R.A.

4. I have been detained since July 2025. This separation from my family has been extremely difficult for me and for them, both financially and mentally. I was the primary breadwinner for my family and I took pride in serving that role. My eldest son had been suffering from depression which has intensified since our separation. We try to speak with each other as often as possible, but those calls cost money so we try to balance the length of those calls with the family's basic needs. I know that he struggles with wanting more time to talk, feeling like his needs take away from others in our family. He primarily lives with his mother but I have always provided financial and emotional support to him throughout his entire life. In addition, I was only able to bond with my nine-month-old son for one month before being separated. Caring for a newborn alone has been very difficult for my partner.

5. My niece was finally reunited with her father, mother and brother around the end of 2024 or the beginning of 2025, when they came to the United States because of this lawsuit. Even though her biological parents are now with her, I continue to provide financial support to my niece and her young baby. For example, she lives with her parents some of the time, but spends at least half of the time living with my family because we are so close. My detention has caused additional trauma to my niece, forcing her to have to relive the separation from her father that initially brought her to my family. Since my detention, my family has been selling things like my car, jewelry, electronics and tools to support themselves, and some of that money has gone to supporting my niece. My boss, who we also consider family and who was aware of my niece's history of being separated from her father, has also been trying to help us all financially since my detention.

6. I would and will do anything to remain with and support my family, which includes my niece and her new family. I have recently connected with a pro bono attorney who is working with Kids in Need of Defense (KIND) and will seek any benefits to which I may be entitled with their help. I had previously received a letter from the government that said my parole would be denied based on a DUI

-2-

Case No. 3:18-cv-428-DMS

DECLARATION OF A.R.A.

conviction.  I understand my new pro bono attorney will look into my ability to file another parole application.  Many people rely on me and I want nothing more than to return to supporting them.

***

I declare under penalty of perjury that the foregoing is true and correct.

April 13, 2026                          /s/ A.R.A.
                                        A.R.A.