# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. L.; et al., | Case No.:  18cv0428 DMS (AHG) |
| Petitioners-Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR RELEASE OF CLASS MEMBERS AND QUALIFYING ADDITIONAL FAMILY MEMBERS** |
| U.S Immigration and Customs Enforcement ("ICE"); et al., | |
| Respondents-Defendants. | |

This case comes before the Court on Plaintiffs' motion for release of class members and Qualifying Additional Family Members ("QAFMs" or "family members") under the parties' December 1, 2023 Settlement Agreement.  Defendants filed an opposition to the motion, and Plaintiffs filed a reply.  The matter is submitted on the briefs.

Plaintiffs initially brought this motion to release five class members and two QAFMs they contend Defendants wrongfully detained under the Settlement Agreement.  Since the filing of the motion, Defendants have released two of these individuals—O.E.M. and N.P.L.—with no explanation,[1] which Plaintiffs argue confirms their position that these

---

[1] In their opposition to Plaintiffs' motion, Defendants note: "N.P.L. and O.E.M. have been released." (Opp'n at 1, n.1.)  O.E.M. is a class member parent who was separated from his then-5-year-old daughter

detentions are not warranted and violate the Settlement Agreement. Defendants advance a jurisdictional and statutory argument in support of detention of the remaining five individuals, and one misguided factual argument. For the reasons set forth below, Plaintiffs' motion is granted.

First, Defendants contend they are free to detain class and family members under the Immigration and Nationality Act ("INA"), and the Settlement Agreement "does not wholesale preclude the detention of any class member or QAFM." (Opp'n at 1.) Rather, according to Defendants, where class and family members contend they are wrongfully detained, they must challenge their detention through a petition for habeas corpus under 28 U.S.C. § 2241 in the district where they are detained. *Id.* However, Defendants misapprehend the fundamental nature of the subject motion, which is to enforce the parties' Settlement Agreement. As such, the present motion calls for interpretation of the Settlement Agreement and whether under the circumstances it forbids Defendants from detaining these class and family members—having previously violated class members' constitutional rights by separating migrant parents from their minor children at the U.S./Mexico border in 2017 and 2018. If the answer is yes, then the Court has authority under the Settlement Agreement "to issue proper relief, which in this context would be release." (Reply Br., at 7.) (*See* Settlement Agreement § VII.D, at 43 ("The Court shall have the power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement.")) Further, the Settlement Agreement provides that "any action or proceeding to enforce the terms of this Agreement shall be brought *exclusively* to the Court in the *Ms. L.* case[,]" which is this Court. *Id.* (emphasis added). Accordingly, Plaintiffs correctly argue that "rules of venue and personal jurisdiction specific to habeas corpus are not at issue … and Defendants' reliance on traditional habeas cases is … misplaced." (Reply Br. at 6-7.)

---

on October 8, 2017. (Galindo Decl. ¶ 7.) N.P.L. is a class member child who was separated from his father in August 2017, when he was 16 years old. (*Id.* ¶ 19.)

18cv0428 DMS (AHG)

Plaintiffs' position finds support in *Flores v. Garland*, 3 F.4th 1145, 1147 (9th Cir. 2021), where the Ninth Circuit interpreted a landmark settlement agreement entered into by the United States in 1997 with a class of migrant minors subject to detention by U.S. immigration authorities (the "Flores Agreement"), and affirmed the district court's order enjoining the Department of Homeland Security ("DHS") from detaining for more than three days minors protected by the Flores Agreement who were housed in "twenty five hotels across three states[.]" *Id.* at 1148.  There, the United States did not advance the habeas argument presently argued by Defendants here, and the Ninth Circuit did not require such an approach, *i.e.*, a habeas action, let alone a habeas action in each district in which class members were detained.  So, too, here.

In an historic settlement, Defendants here agreed to robust relief for *Ms. L.* class members to address Defendants' prior unconstitutional conduct and the harm caused by their family separation practices.  The Settlement Agreement includes "processes to provide the opportunity for all … [c]lass members to be able to reunify with their separated parent, Legal Guardian, or child[,]" (*see* Settlement Agreement §§ IV.A., at 9 ("Opportunity to Reunify"), and provisions for "support and services" to class and family members, including behavioral health services, medical assistance, immigration legal services, housing support, and immigration relief to include *inter alia* extended parole and work authorization, rescission of old removal orders, and reopening of asylum applications. (*See id.* §§ IV.B.1.-2., at 9-13 ("Support"), C.2.1.-3., at 14-26 ("Immigration Processing")). Further, the parties agreed that disputes concerning enforcement of the settlement, as here, would be addressed exclusively by this Court.  Defendants' habeas argument therefore fails.

Relatedly, Defendants argue Plaintiffs' requested injunctive relief exceeds statutory restrictions placed by Congress at 8 U.S.C. § 1252(f)(1), which bars class wide injunctions for removal and detention.  But Plaintiffs do not request class wide relief.  *See Castañon-Nava v. U.S. Department of Homeland Security*, 161 F.4th 1048, 1056 (7th Cir. 2025) (stating § 1252(f)(1) "only constrains the ability of a federal court (other than the Supreme

Court) to grant [such] injunctive relief on a class wide basis.")  Rather, Plaintiffs request injunctive relief as to only five individual class and family members, not class wide relief. Moreover, even if the statutory framework under § 1252(f)(1) applied, Defendants likely waived it by entering the settlement.  *See id.* (stating settlement likely waived § 1252(f)(1) objections).  Accordingly, § 1252(f)(1) is no bar to the relief requested here.

Finally, Defendants assert Plaintiffs have failed to allege the individuals at issue "desire to remain class members or QAFMs or to seek benefits under the Settlement Agreement." (*Id.* at 5.)  This argument is factually inaccurate.  Plaintiffs point out that each of these individuals applied for parole, and two of them were in fact on parole before being detained.  (Reply at 2.)  This course of action refutes Defendants' suggestion that these individuals no longer wish to be part of the class or to take advantage of the Settlement Agreement's benefits.

Specifically, as to R.B.H., the circumstances surrounding her detention are that "Cart Kiosk check in proceedings were terminated" and she was served with a Notice to Appear.[2] (Galindo Decl. ¶ 10.)  However, she was on parole when she was re-detained and re-separated from her family, and her parole period does not expire until December of 2026. (Decl. of Natalie Behr in Supp. of Reply ("Behr Decl.") ¶ 3.)  As for E.B.C., he was detained apparently because he had a prior removal order, (Galindo Decl. ¶ 12), but there is no further information about when that removal order was issued or whether he had requested rescission of the removal order, as he was entitled to do under the Settlement Agreement.[3]  And notably, O.E.M., like E.B.C., was detained because he had a prior removal order, yet O.E.M. was released without explanation upon the filing of the subject motion.  Regarding Y.M.M., he like R.B.H., had been granted parole under the Settlement

---

[2] R.B.H. is a class member parent.  She was separated on June 5, 2018, from her then-15-year-old daughter. (Galindo Decl. ¶ 9.)

[3] E.B.C. is a class member parent who was separated from his then-14-year-old son on May 14, 2018. (Galindo Decl. ¶ 11.)  It is unclear whether E.B.C. is still detained by Defendants or has been removed. On April 11, 2026, Plaintiffs received information that E.B.C. was "no longer housed" at the detention facility and he does not appear "on the ICE detainee locator[.]"  (Behr Decl. ¶ 7.)

18cv0428 DMS (AHG)

Agreement, and his parole period is not set to expire until June 2028. (*Id.* ¶ 8.)  However, he was detained "following an encounter with Louisiana Wildlife and Fisheries." (Galindo Decl. ¶ 14.)  No specific information about that encounter has been provided.[4]  Finally, A.R.A. and F.A.M. were both taken into ICE custody apparently for misdemeanor (not felony) driving while impaired, and while those circumstances give pause there is no evidence before the Court that they result in exclusion from receiving benefits of the Settlement Agreement.[5]

As discussed, the Settlement Agreement provides that class and family members will have the opportunity to apply for parole and employment authorization, and may request rescission of an old removal order and re-reopening of a previously denied or referred asylum application.  (*See* Settlement Agreement § IV.C.1., at 14-18 (stating class and family members "will have the opportunity to apply for parole" … and "additional parole periods (i.e. re-parole)" and "employment authorization … to align with the period of re-parole"); § IV.C.2.d., at 23-24 (stating class and family members "may request the DHS component that issued the charging document or removal order to exercise its prosecutorial discretion to cancel the pending proceeding or rescind the removal order"); § IV.C.2.b., at 20-21 (providing class and family members may "request[] that USCIS reopen a previously denied or referred asylum application")).  The Settlement Agreement also provides for exclusion from class membership for certain criminal offenses, but neither of the two cases at issue here appears to justify that consequence.  (*See id.* § II.J.1.-3., at 6-7 ("Exclusions for Criminal History" identifying categories including "one or more felony criminal

---

[4] Y.M.M. is a QAFM.  (Galindo Decl. ¶ 13.)  On May 6, 2018, Y.M.M.'s father was separated from Y.M.M.'s younger brother, who was seven years old at the time.  (*Id.*)  Y.M.M. received parole through the *Ms. L.* process on June 2, 2025, and as noted his parole will not expire until June 2028.  (*Id.*)

[5] A.R.A. is a QAFM.  (Galindo Decl. ¶ 15.)  His niece is a class member who was separated from her father.  (*Id.*)  On July 28, 2025, A.R.A. was taken into ICE custody following a conviction for driving while intoxicated/open alcohol container.  (*Id.* ¶ 16.)  F.A.M. is a class member parent who was separated from his then-six-year-old son in 2018.  (*Id.* ¶ 17.)  F.A.M. was taken into ICE custody on October 2, 2025, following an arrest for driving while impaired, no operator's license, and possession of an open container.  (*Id.* ¶ 18.)

18cv0428 DMS (AHG)

conviction(s)," a "crime involving prohibited sexual conduct," a "crime of domestic violence, stalking, and child abuse," and persons with a "felony criminal conviction(s) in a foreign country[.]")).

None of the individual circumstances set out above appear to be sufficient to revoke status as either a class member or QAFM under the Settlement Agreement. Absent circumstances warranting revocation of that status, the Court finds Defendants' detention of these individuals thwarts the Settlement Agreement's goals and has impeded, is impeding, or will impede these individuals' ability to obtain the benefits of the Settlement Agreement. The detentions at issue are a further misstep by Defendants—wrongful re-detention and re-separation of class members, and detention of QAFMs—in violation of the Settlement Agreement. Accordingly, Plaintiffs' motion to release these five class members and QAFMs is granted. Defendants shall release these individuals forthwith.[6]

**IT IS SO ORDERED**.

Dated: June 22, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[6] On June 12, 2026, Defendants filed a motion for clarification of Order granting motion for provision of information, (ECF No. 958), in which the Court previously granted in part Plaintiffs' motion to order Defendants to provide the basis for detention of certain other class members and QAFMs. (ECF No. 937.) Defendants seek clarification whether that Order "applies only to the class members and QAFMs identified in Plaintiffs' motion" or "impos[es] an ongoing obligation on DHS to provide the basis of detention for every detained class member or QAFM[.]" (ECF No. 958 at 3.) As the Court noted in its prior Order: "[A]lthough it may be theoretically possible for Plaintiffs' counsel to obtain information about the reason for their client's detention form sources other than Defendants, efforts to obtain that information from those sources is time-consuming and often unsuccessful. … As a matter of common courtesy and cooperation, and to ensure Class Members and QAFMs have full access [to] the benefits of the Settlement Agreement, the Court orders Defendants to provide Plaintiffs' Counsel with the requested information." (ECF No. 937 at 8.) For the reasons set forth above, Defendants should not be detaining class and family members except for reasons justified under the Settlement Agreement. Where Defendants elect to detain class and family members, they must articulate those reasons to Plaintiffs' Counsel as promptly as reasonably possible so counsel can expeditiously determine whether to seek relief from the Court under the Settlement Agreement.

18cv0428 DMS (AHG)